**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
                                                :
             In the Matter                :     Chapter 7
                                           :     Case No. 21-10699 (DSJ)
                   -of-                      :
                                       :
             KOSSOFF PLLC,        :
                                       :
                                Debtor.  :
                                       :
------------------------------------------------------------- X

**ORDER AUTHORIZING TRUSTEE TO ISSUE**
**SUBPOENAS AND OBTAIN TESTIMONY AND FOR INJUNCTIVE RELIEF**

Upon the Trustee's *ex parte* application for relief (the "Motion")[1] by Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor"), by his proposed attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), and the accompanying Declaration of Neil Berger, Esq., dated May 21, 2021 (the "Berger Declaration"); and upon consideration of the Motion and the Berger Declaration; and, after due deliberation, the Court having concluded that sufficient cause for the relief sought exists; and it appearing that the emergency relief sought in the Motion is necessary and proper, including specific facts set forth in the Berger Declaration showing that immediate and irreparable injury, loss or damage may result absent the relief sought; and it appearing that no further notice of this Order need be given; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee is now authorized to issue subpoenas for the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

production of all books, records, and documents, including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs (the "Books and Records"), and the Trustee is permitted to obtain such items and to obtain deposition testimony consistent with Bankruptcy Rule 9016, concerning any asset, liability, duty, obligation, contract, transaction, transfer, or other issue related in any way to the Debtor and its financial affairs; and it is further

**ORDERED**, that the production and examination required pursuant to this Order are subject to any applicable privilege and nothing contained herein constitutes a finding that the attorney-client privilege attaches to any particular document, communication, or other form of information contained in the Books and Records; provided, however, and for cause shown in the Motion, the Trustee, in his sole discretion, may waive any privilege in favor of the Debtor in connection with the turnover of any Books and Records to the Trustee; and it is further

**ORDERED**, that the Trustee shall serve a copy of the Order with any subpoena that he serves pursuant to the Order; and it is further

**ORDERED**, that subpoenas authorized by this Order may be served by the Trustee by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed parties; and it is further

**ORDERED,** that sufficient reason having been shown therefore, pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Bankruptcy Rule 7065, effective immediately and pending entry of further Order by this Court, any recipient of this Order (and a subpoena issued pursuant to this Order) be, and they hereby are, enjoined and restrained from: (a) concealing, deleting, destroying, removing from the Premises or any

other place where they may be located absent prior Order of this Court or prior written permission by the Trustee, or otherwise altering any Books and Records, whether physical or electronic, related to the Debtor or its property and such recipient shall preserve all such Books and Records subject only to such turnover obligations pursuant to a subpoena or a further order of this Court (the "Provisional Relief");  and it is further

**ORDERED**, that on or before the response deadline provided in the Trustee's subpoena **or such other date to which the Trustee agrees or the Court may set for cause shown**, the responding party shall provide:  (i) written responses to each of the requests contained in the subpoena;  and (ii) a written declaration pursuant to 28 U.S.C. § 1746, attesting under the penalty of perjury that:  (a) none of the Books and Records have been altered, modified, deleted, or otherwise destroyed;  and (b) the responding party has made a diligent search and effort to locate and produce the documents and information requested by the subpoena and that the written response as to each individual request contained in the subpoena is true and complete to the best of the responding party's knowledge and belief;  [DSJ 5/24/2021] and it is further

**ORDERED**, if any entity or person who receives a subpoena for the production of documents pursuant to this Order withholds any item on the basis of an asserted privilege, that entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to the Togut Firm, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.:  Neil Berger, Esq. (neilberger@teamtogut.com) and Brian F. Shaughnessy, Esq. (bshaughnessy@teamtogut.com), so as to be received with the information production required by the subpoena, or at such time as mutually agreed to by the Trustee and the subpoenaed entity or person;  and it is further

3

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least seven business days' notice to the recipient to provide the recipient an opportunity to object to the subpoena or to file any motion with the Court;  and it is further

**ORDERED**, that all disputes concerning any subpoena issued pursuant to this Order, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced, and the other party shall file a responsive letter brief within three business days thereafter, which shall not exceed five pages, single spaced;  and copies of such letter briefs shall also be sent to the Court's Chambers by email to jones.chambers@nysb.uscourts.gov;  and it is further

**ORDERED**, that the telephonic hearing to consider the continuance of the Provisional Relief sought in the Motion (the "Preliminary Injunction Hearing") shall be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, on **May 27, 2021 at 2:00 p.m.** (Prevailing Eastern Time), or as soon thereafter as counsel may be heard; [DSJ 5/24/2021] and it is further

**ORDERED**, that any party that wishes to attend the Preliminary Injunction Hearing must comply with General Order M-543 (Morris, C.J.) (as may be amended) of this Court, a copy of which is attached hereto;  and it is further

**ORDERED**, Kossoff and Tenantracers are directed to appear before the Court at the telephonic Preliminary Injunction Hearing and show cause why the Provisional Relief should not be continued;  and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Motion and its exhibits and this Order on the Notice Parties by

4

electronic mail to the extent email addresses are available, or by overnight mail or commercial delivery service, or hand delivery;  and it is further

**ORDERED,** that objections, if any, to the Motion must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of this Court, shall set forth the name of the objector and the legal and factual grounds for the objection, and shall be filed with the Bankruptcy Court, with a courtesy copy delivered to Judge Jones's Chambers by email to jones.chambers@nysb.uscourts.gov and served upon:  (i) the Togut Firm, proposed counsel for the Trustee, One Penn Plaza, New York, New York 10119, Attn:  Neil Berger, Esq. (neilberger@teamtogut.com) and Brian Shaughnessy, Esq. (bshaughnessy@teamtogut.com);  (ii) Kossoff;  (iii) the Landlord;  (iv) Tenantracers;  (v) all parties that have filed a notice of appearance in this case;  and (vi) the United States Trustee for the Southern District of New York, Attn: Andrew Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov) so as to be actually received by no later than **5:00 p.m.** (Prevailing Eastern Time) on **May 26, 2021** (the "Objection Deadline"); [DSJ 05/24/2021]  and it is further

**ORDERED**, that objections, if any, to the Motion which are not filed and served on or before the Objection Deadline shall be barred and forever waived;  and it is further

**ORDERED,** that at the hearing to consider the preliminary injunction, the Court shall schedule a hearing for the entry of a permanent injunction consistent with the Provisional Relief;  and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 7065, the security provisions of Civil Rule 65(c) are waived pending further order of the Court;  and it is further

5

**ORDERED**, that entry of this Order is without prejudice to the rights of the Trustee or any other party to apply for any other or further relief, including but not limited to further relief under Bankruptcy Rule 2004;  and it is further

**ORDERED**, that the Court retains exclusive jurisdiction to hear and determine any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  New York, New York
       May 24, 2021

                                          *s/ David S. Jones*
                                      HONORABLE DAVID S. JONES
                                      UNITED STATES BANKRUPTCY JUDGE

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                         :
                                                               :
CORONAVIRUS/COVID-19 PANDEMIC,                                 :
COURT OPERATIONS UNDER THE EXIGENT                             :    General Order M-543
CIRCUMSTANCES CREATED BY COVID-19                              :
                                                               :
---------------------------------------------------------------X
```

In order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") hereby issues the following order:

IT IS HEREBY ORDERED, effective immediately and until further notice, that:

1. **Hearings and Conferences**.  All hearings and conferences scheduled to be held in courthouses comprising the Manhattan Division, White Plains Division, and Poughkeepsie Division of the Bankruptcy Court will be conducted **telephonically** pending further Order of the Bankruptcy Judge assigned to the matter ("Bankruptcy Judge").  Any party wishing to appear in person at a hearing or conference shall file or submit an appropriate motion or request, which will be considered by the Bankruptcy Judge.  Any party may request an adjournment of a hearing or conference by filing or submitting an appropriate motion or request setting forth the basis for the adjournment in conformity with the Bankruptcy Judge's procedures for requesting adjournments.  All attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances and make arrangements with **Court Solutions LLC**.  Pro se parties, Chapter 7 Trustees and Ch 13 Trustee may participate telephonically in hearings free of charge using Court Solutions. The instructions for registering with Court Solutions are attached hereto.

2. **Evidentiary Hearings and Trials**.  Parties should contact the Bankruptcy Judge's courtroom deputy or law clerk assigned to the case to inquire about whether an upcoming evidentiary hearing or trial will proceed as scheduled and be prepared to discuss procedures and technology for conducting the evidentiary hearing remotely.

3. **Official Record**.  In order to assist the Bankruptcy Court in creating and maintaining the official record of proceedings before it, and to facilitate the availability of official transcripts of the proceedings, Bankruptcy Court personnel are permitted to utilize tools made available through Court Solutions to record telephonic hearings, conferences and trials. Such recordings shall be the official record. Transcripts can be ordered and corrected in the same way as before the issuance of this Order.

4. **Clerk's Office and *Pro Se* Filings**. Until further notice, the three Divisions of the Bankruptcy Court will remain open for all other business. Clerk's Office personnel are available by telephone, mail will be received, and the intake desks will remain open to receive *pro se* filings. *Pro se* filers can also continue to utilize the drop boxes located in the lobbies of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 or the Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 for delivery of documents after 5:00 pm. Any documents submitted for filing in a drop box must be time-stamped, sealed in an envelope addressed to the Clerk of Court of the Bankruptcy Court, and must include the filer's contact information.

Dated: March 20, 2020
New York, New York

/s/ Cecelia G. Morris
Cecelia G. Morris
United States Bankruptcy Chief Judge

Instructions to register for CourtSolutions.

1. Create a CourtSolutions account online.
Logon to https://www.court-solutions.com/ to "Signup" for an account and to register a telephonic appointment for an upcoming hearing. Registration for a hearing must occur no later than 12:00 noon on the business day prior to the hearing date.

2. Register for a hearing with CourtSolutions.
After creating and signing into their CourtSolutions account at https://www.court-solutions.com/, a party must register for a hearing.
a. Enter the last name of the Judge to appear before and then select the appropriate name from the list.
b. Enter the time and date of the hearing.
c. Select participation status: Live or Listen Only.
d. Enter the case name, case number, and, if applicable, the name of client.
e. There is a box to click to agree to terms/conditions, and then press "Register".
f. CourtSolutions will send an email confirmation of the participation request.
g. The court staff will first confirm that a granted motion to appear telephonically is on the docket. If there exists a granted motion, the court staff will approve the reservation.
h. CourtSolutions will then send another email confirmation.
Note that the reservation received for a registered hearing may NOT be transferred to another person. If someone dials in with someone else's registration information, the caller information presented to the court will not match the correct person.

3. Charges.
For lawyers and participants, registration and reservations are free.
Once a party dials into a call, the cost is a flat fee of $70, per reservation, per judge, per day. If the hearing is adjourned for a break and the party rejoins the call later that day, there is no additional charge to rejoin the call. If the hearing is continued to another day, lawyers and participants will need to re-register and the flat fee will apply again when dialing in.
If a party does not timely join a call, no fee is charged. The Judge will have the party listed as having made a reservation, but the party is not charged. However, the hearing may proceed in their absence, and they may face sanctions from the Court.
Additionally, a party may notice that there is a charge on their card after making a reservation. When making a reservation, CourtSolutions places an authorization hold on the card. If the party does not join the call, the pending hold will be removed automatically several days later, and there will be no charge.
Any issues with billing shall be directed to the vendor. The Court is not responsible for the billing or collection of the fees incurred with CourtSolutions.

4. Order of Proceeding.
CourtSolutions does not place a call to counsel on the day of the hearing. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing. Logging into the CourtSolutions website for the hearing is not required but is helpful to unmute your line if the Court mutes it or to raise your hand to be recognized during the hearing.

Upon connecting to the call and at the time of the hearing, a party may hear the activity in the courtroom. Unless a joining party mutes their line, he/she joins the call as an active participant and can be heard. Failure to act appropriately on the line may result with the party being disconnected by Court. When the judge is ready to hear the case, appearances will be called. Each time a telephonic party speaks, he/she should identify them self for the record. The court's teleconferencing system allows more than one speaker to be heard, so the judge can interrupt a speaker to ask a question or redirect the discussion. When the judge informs the participants that the hearing is completed, the telephonic participant may disconnect, and the next case will be called.

5. Failure to appear.
If a party does not timely call and connect to the scheduled hearing, the hearing may proceed in their absence, and they may face sanctions from the Court for their failure to appear.

6. Other/Miscellaneous.
Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include denying the matter for failure to prosecute, continuing the hearing, proceeding in the absence of a party who fails to appear, or a monetary sanction.