UNITED STATES BANKRUPTCY COURT
SOUTTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

|  |  |  |
|---|---|---|
| In the Matter | : | Chapter 7<br>Case No. 21-10699 (DSJ) |
| -of- | : |  |
| KOSSOFF PLLC, | : |  |
| Debtor. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPPOSITION TO INTERIM TRUSTEE'S EX PARTE APPLICATION
FOR AN ORDER DIRECTING THE PRESERVATION OF
DOCUMENTS AND RECORDED INFORMATION AND AUTHORIZING THE
ISSUANCE OF SUBPOENAS FOR THE PRODUCTION OF
DOCUMENTS AND DEPOSITION TESTIMONY PURSUANT TO
RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Walter Mack, Esq.
Doar Rieck Kaley & Mack
Suite 707
217 Broadway
New York, NY 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)

## PRELIMINARY STATEMENT

The accompanying affirmation of Walter Mack, dated May 26, 2021, is hereby incorporated by reference.

## ARGUMENT

### THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION PROTECTS MR. KOSOFF FROM THE REQUESTED RELIEF SOUGHT BY THE TRUSTEE

With the ratification of the Fifth Amendment, the concept that individuals should not be compelled to act as witnesses in their own criminal cases "became clothed in this country with the impregnability of a constitutional enactment." *United States v. Morton*, 993 F.3d 198, 203 (3rd Cir. 2021) *quoting Brown v. Walker*, 161 U.S. 591, 597, (1896). The Fifth Amendment's protections include more than just "evidence which may lead to criminal conviction," extending to "information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." *Maness v. Meyers*, 419 U.S. 449, 461 (1975) (*citing Hoffman v. United States*, 341 U.S. 479, 486 (1951)).

The Fifth Amendment privilege against self-incrimination extends to bankruptcy cases *(see In re McCormick*, 49 F.3d 1524, 1526 (11th Cir. 1995) ("absent a grant of immunity, the debtor is free to invoke his Fifth Amendment privilege and still receive a discharge from his debts"); *see also, Citizens Bank of Mass. v. Marrama (In re Marrama),* 331 B.R. 10, 16 (Bankr. D. Mass 2005), *aff'd*, 445 F.3d 518 (1st Cir. 2006)).

Mr. Kosoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him.

Section 344 of the Bankruptcy Code and 18 U.S.C. Section 6002 governs immunity for persons required to submit for examination, testimony, or to provide information in a bankruptcy case. In

Chapter 7 liquidation cases, absent a grant of immunity, the debtor can still invoke the Fifth Amendment privilege and receive a discharge (§ 727(a)(6)(B), Bankruptcy Code; and *see In re McCormick*, 49 F.3d at 1526).

With respect to the request to preserve and produce documents, Mr. Kossoff not only does not have access to the most relevant documents that have been seized by and remain in the custody of the Manhattan District Attorney's Office, but Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee.

Mr. Kossoff would, of course, be prepared to cooperate fully with the Bankruptcy Court and its Trustee pursuant to a grant of immunity under Section 344 of the Bankruptcy Code.

## CONCLUSION

Wherefore, Kossoff PLLC, Mr. Mitch Kossoff and Tenanttracers respectfully lodge their objection to the requests contained in said Trustee's *ex parte* application ("Motion") and request the Bankruptcy Court's preliminary injunction be modified to acknowledge the entities/persons Kossoff PLLC, Mr. Mitch Kossoff and Tenanttracers intend to assert and will invoke their Fifth Amendment privileges not to incriminate themselves at all subpoenaed appearances but stand prepared to fully cooperate with the Court and its Trustee should immunity be granted to them.

Dated May 26, 2021                                                                 Respectfully submitted,

_____
Walter Mack, Esq.
Doar Rieck Kaley & Mack
Suite 707
217 Broadway
New York, N.Y. 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)