**EMMET, MARVIN & MARTIN, LLP**
Thomas A. Pitta, Esq.
Paul T. Weinstein, Esq.
120 Broadway, 32nd Floor
New York, New York 10271
Telephone: (212) 238-3148

*Counsel to Columbus Properties, Inc. and*
*Colonnade Management Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
*In re*                                             :        **Chapter 7**
                                                    :
**KOSSOFF PLLC,**                                    :        **Case No. 20-10699 (dsj)**
                                                    :
            **Debtor.**                               :
                                                    :
------------------------------------------------------- x

**LIMITED OBJECTION OF COLUMBUS PROPERTIES, INC. AND**
**COLONNADE MANAGEMENT COMPANY TO THE CHAPTER 7**
**INTERIM TRUSTEE'S EX PARTE APPLICATION FOR AN ORDER**
**(I) DIRECTING THE PRESERVATION OF DOCUMENTS AND**
**RECORDED INFORMATION AND (II) AUTHORIZING THE ISSUANCE**
**OF SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS**
**AND DEPOSITION TESTIMONY PURSUANT TO RULE 2004**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Columbus Properties, Inc. ("**Columbus**") and Colonnade Management, Corp.

("**Colonnade**" and, together with Columbus, the "**Landlord**"), hereby submit this Limited

Objection to the motion (the "**Discovery Motion**")[1] [Dkt. No. 26] filed by the Chapter 7 Interim

Trustee (the "**Trustee**") in the above-captioned chapter 7 case, seeking a final order (the "**Final**

**Order**") (i) directing the preservation of documents and recorded information and (ii) authorizing

---

[1]    Capitalized terms not otherwise defined herein shall retain the meanings ascribed thereto in the Discovery
       Motion.

the issuance of subpoenas for the production of documents and deposition testimony pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and in support of the Limited Objection, respectfully represent as follows:

## BACKGROUND

### A.  **The Debtor's Lease**

1.      Columbus is the owner of, and Colonnade is the management company managing the Premises at 217 Broadway, New York, New York.

2.      Pursuant to a lease with Columbus (the "**Debtor's Lease**"), currently in effect and extending to November 30, 2026, Mitchell H. Kossoff, Esq. ("**Kossoff**") and the Debtor (together with Kossoff, the "**Tenants**") comprise the sole tenant of the entire fourth floor of the Premises (the "**Fourth Floor**").

3.      As of the Petition Date, the Tenants were substantially behind in the rent due under the Debtor's Lease and the Landlord faces a large financial loss due to the Tenants' failure to pay the rent due.

### B.  **The Non-Debtor Tenancies**

4.      As stated by the Trustee in the Discovery Motion, Kossoff and certain non-debtor entities under his control are tenants for certain spaces in the Premises other than the Fourth Floor (the "**Non-Debtor Spaces**"). The Debtor is not a tenant under the leases (the "**Non-Debtor Leases**") governing the Non-Debtor Spaces (though in certain instances the Debtor is a guarantor under such Non-Debtor Leases).

5.      The tenants under the Non-Debtor Leases are also substantially behind in their rent payments. As a result, Landlord anticipates taking prompt action to terminate such Non-Debtor Leases, either via eviction proceedings or voluntary termination of the Non-Debtor Leases.

C.  **The Discovery Motion**

6.      The Trustee suggests in the Discovery Motion that "the Debtor's Books and Records, as well as the Debtor's computers, may be managed by an entity (or entities) … controlled by Kossoff" and refers to advise received from the Landlord that "Kossoff has requested that he … be permitted to remove such Books and Records from the fifth floor offices at the Premises."

7.      Pursuant to the Discovery Motion, the Trustee seeks entry of a final order restraining parties from "concealing, deleting, destroying, or otherwise altering any Books and Records … related to the Debtor" and ordering any such parties to "preserve all such Books and Records subject only to such turnover obligations pursuant to a subpoena or a further order of this Court."

## LIMITED OBJECTION TO DISCOVERY MOTION

8.      The Landlord does not object to the relief sough in the Discovery Motion. However, the Final Order should make clear that (a) it does not impose any obligation upon the Landlord to maintain or preserve the Books and Records and (b) the Trustee is required to recover any such Books and Records from the Non-Debtor Spaces and vacate such Non-Debtor Spaces promptly to permit the Landlord to terminate the Non-Debtor Leases and relet the Non-Debtor Spaces.

9.      The Debtor is not a tenant under the Non-Debtor Leases. While the Landlord appreciates the Trustee's need to recover the Books and Records in order to maximize the value of the estate, such effort should not come at the expense of the Landlord, particularly where neither the Discovery Motion nor any other information available to the Landlord indicates

that the Trustee can or will pay the rent for the Non-Debtor Spaces while he recovers whatever Books and Records may be located there.[2]

10.     To prevent the Landlord from incurring further losses as a result of the non-payment of rent under the Non-Debtor Leases, the Trustee should be compelled to retrieve any Books and Records in the Non-Debtor Spaces within 15 days of entry of the Final Order, after which no further obligation would exist for the Landlord to provide access to the Non-Debtor Spaces.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that, to the extent the Court grants the Discovery Motion, it include provisions in the Final Order stating that (a) such Final Order does not impose any obligation upon the Landlord to maintain or preserve the Books and Records and (b) the Trustee is required to retrieve any Books and Records in the Non-Debtor Spaces not later than 15 days following entry of the Final Order, and grant such other and further relief as is just and proper.

---

[2]     Additionally, the Trustee has indicated that he does not currently have cash sufficient to pay the rent as it comes due under the Debtor's Lease on June 1, 2021 in accordance with section 365(d)(3). The Landlord reserves all rights with respect thereto.

4

Dated: New York, New York
        May 26, 2021

**EMMET, MARVIN & MARTIN, LLP**

*/s/      Thomas A. Pitta*
Thomas A. Pitta
Paul T. Weinstein
120 Broadway, 32nd Floor
New York, NY 10271
Tel: 212-238-3148
Email: tpitta@emmetmarvin.com

*Counsel to Columbus Properties, Inc. and Colonnade*
*Management Company*