**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
                                                        :
            In the Matter                  :          Chapter 7
                                                        :          Case No. 21-10699 (DSJ)
            -of-                                   :
                                                        :
KOSSOFF PLLC,                             :
                                                        :
                         Debtor.         :
                                                        :
-------------------------------------------------------------- X

## ORDER SCHEDULING FINAL HEARING TO CONSIDER INJUNCTIVE RELIEF

Upon the *ex parte* application, dated May 21, 2021 (the "Motion")[1] [Docket No. 26] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") in the above-captioned case, by his proposed attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for an order:  (i) authorizing him to issue subpoenas for the production of all books, records, and documents, including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs (the "Books and Records"), and the examination of various persons and entities, to obtain information concerning acts, conduct, property, and liabilities of the Debtor, and other matters relating to the extent and nature of the Debtor's estate, and directing that all persons who receive notice of an order granting this Motion and any subpoena issued by the Trustee to preserve, and not destroy, all Books and Records, concerning the Debtor and its estate;  and (ii) scheduling a final hearing to consider the injunctive relief sought by the Trustee concerning the Books and Records;  and upon the accompanying Declaration of Neil Berger,

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

Esq., [Docket No. 26-4];  and the Court having considered the Motion;  and upon the record of

the May 27, 2021 hearing held to consider the Motion;  and Columbus Properties, Inc. and

Colonnade Management Company, together the landlord of the Premises (the "Landlord"),

having filed a Limited Objection to any indefinite and ongoing obligation to have the Premises

used to store documents and records on an unpaid basis [Docket No. 31];  and it appearing that

good and sufficient notice of the Motion having been given in accordance with this Court's May

24, 2021 Order [Docket No. 27], and that no further notice need to be given;  and good and

sufficient cause for the relief sought in the Motion exists, it is hereby:

ORDERED, that the Motion is granted to the extent provided for herein;  and it is

further

ORDERED, that the final hearing to consider the injunctive relief sought by the

Trustee will be held telephonically on **June 10, 2021 at 10:00 a.m**. (Prevailing Eastern Time)

(the "Final Hearing"), at which time the Court will consider any objections to the relief sought;

[DSJ 5/28/2021]  and it is further

ORDERED, that any objections to the Court granting the Provisional Relief on a

final basis must be (A) filed no later than **June 7, 2021 at 5:00 p.m.**, with a courtesy copy

delivered to Judge Jones's Chambers by email to jones.chambers@nysb.uscourts.gov, and

(B) served upon:  (i) the Togut Firm, proposed counsel for the Trustee, One Penn Plaza, New

York, New York 10119, Attn:  Neil Berger, Esq. (neilberger@teamtogut.com) and Brian F.

Shaughnessy, Esq. (bshaughnessy@teamtogut.com);  (ii) Kossoff;  (iii) the Landlord;

(iv) Tenantracers;  (v) all parties that have filed a notice of appearance in this case;  and (vi) the

United States Trustee for the Southern District of New York, Attn: and Andrew Velez-Rivera,

Esq. (and Andy.Velez-Rivera@usdoj.gov);  so as to be actually received by no later than **5:00**

**p.m.** (Prevailing Eastern Time) on **June 7th** (the "Objection Deadline");  [DSJ 5/28/2021] and it

is further

ORDERED, that any party that wishes to attend the Final Hearing must comply

with General Order M-543 (Morris, C.J.) (as may be amended) of this Court, a copy of which is

attached hereto;  and it is further

ORDERED, that objections, if any, to grant of the injunctive relief on a final

basis which are not filed and served on or before the Objection Deadline shall be banned and

forever waived;  and it is further

ORDERED, that the entry of this Order is without prejudice to rights of the

Landlord to seek further relief;  and it is further

ORDERED, that the Court retains exclusive jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.


Dated:  New York, New York
        May 28, 2021

                                        *s/ David S. Jones*
                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                 :
                                                                       :
CORONAVIRUS/COVID-19 PANDEMIC,           :
COURT OPERATIONS UNDER THE EXIGENT   :        General Order M-543
CIRCUMSTANCES CREATED BY COVID-19        :
                                                                       :
----------------------------------------------------------------X

       In order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") hereby issues the following order:

       IT IS HEREBY ORDERED, effective immediately and until further notice, that:

1. **Hearings and Conferences**.  All hearings and conferences scheduled to be held in courthouses comprising the Manhattan Division, White Plains Division, and Poughkeepsie Division of the Bankruptcy Court will be conducted **telephonically** pending further Order of the Bankruptcy Judge assigned to the matter ("Bankruptcy Judge").  Any party wishing to appear in person at a hearing or conference shall file <u>or</u> submit an appropriate motion or request, which will be considered by the Bankruptcy Judge.  Any party may request an adjournment of a hearing or conference by filing or submitting an appropriate motion or request setting forth the basis for the adjournment in conformity with the Bankruptcy Judge's procedures for requesting adjournments.  All attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances and make arrangements with **Court Solutions LLC**.  Pro se parties, Chapter 7 Trustees and Ch 13 Trustee may participate telephonically in hearings free of charge using Court Solutions. The instructions for registering with Court Solutions are attached hereto.

2. **Evidentiary Hearings and Trials**.  Parties should contact the Bankruptcy Judge's courtroom deputy or law clerk assigned to the case to inquire about whether an upcoming evidentiary hearing or trial will proceed as scheduled and be prepared to discuss procedures and technology for conducting the evidentiary hearing remotely.

3. **Official Record**.  In order to assist the Bankruptcy Court in creating and maintaining the official record of proceedings before it, and to facilitate the availability of official transcripts of the proceedings, Bankruptcy Court personnel are permitted to utilize tools made available through Court Solutions to record telephonic hearings, conferences and trials. Such recordings shall be the official record. Transcripts can be ordered and corrected in the same way as before the issuance of this Order.

4.  **Clerk's Office and *Pro Se* Filings**.  Until further notice, the three Divisions of the Bankruptcy Court will remain open for all other business.  Clerk's Office personnel are available by telephone, mail will be received, and the intake desks will remain open to receive *pro se* filings.  *Pro se* filers can also continue to utilize the drop boxes located in the lobbies of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 or the Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 for delivery of documents after 5:00 pm.  Any documents submitted for filing in a drop box must be time-stamped, sealed in an envelope addressed to the Clerk of Court of the Bankruptcy Court, and must include the filer's contact information.

Dated: March 20, 2020
       New York, New York


                                        /s/ Cecelia G. Morris
                                        Cecelia G. Morris
                                        United States Bankruptcy Chief Judge

Instructions to register for CourtSolutions.

1. Create a CourtSolutions account online.
Logon to https://www.court-solutions.com/ to "Signup" for an account and to register a
telephonic appointment for an upcoming hearing. Registration for a hearing must occur no
later than 12:00 noon on the business day prior to the hearing date.

2. Register for a hearing with CourtSolutions.
After creating and signing into their CourtSolutions account at
https://www.court-solutions.com/, a party must register for a hearing.
a. Enter the last name of the Judge to appear before and then select the appropriate name
from the list.
b. Enter the time and date of the hearing.
c. Select participation status: Live or Listen Only.
d. Enter the case name, case number, and, if applicable, the name of client.
e. There is a box to click to agree to terms/conditions, and then press "Register".
f. CourtSolutions will send an email confirmation of the participation request.
g. The court staff will first confirm that a granted motion to appear telephonically is on the
docket. If there exists a granted motion, the court staff will approve the reservation.
h. CourtSolutions will then send another email confirmation.
Note that the reservation received for a registered hearing may NOT be transferred to another
person. If someone dials in with someone else's registration information, the caller
information presented to the court will not match the correct person.

3. Charges.
For lawyers and participants, registration and reservations are free.
Once a party dials into a call, the cost is a flat fee of $70, per reservation, per judge, per day. If
the hearing is adjourned for a break and the party rejoins the call later that day, there is no
additional charge to rejoin the call. If the hearing is continued to another day, lawyers and
participants will need to re-register and the flat fee will apply again when dialing in.
If a party does not timely join a call, no fee is charged. The Judge will have the party listed as
having made a reservation, but the party is not charged. However, the hearing may proceed in
their absence, and they may face sanctions from the Court.
Additionally, a party may notice that there is a charge on their card after making a reservation.
When making a reservation, CourtSolutions places an authorization hold on the card. If the
party does not join the call, the pending hold will be removed automatically several days later,
and there will be no charge.
Any issues with billing shall be directed to the vendor. The Court is not responsible for the
billing or collection of the fees incurred with CourtSolutions.

4. Order of Proceeding.
CourtSolutions does not place a call to counsel on the day of the hearing. It is counsel's
responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing.
Logging into the CourtSolutions website for the hearing is not required but is helpful to
unmute your line if the Court mutes it or to raise your hand to be recognized during the
hearing.

Upon connecting to the call and at the time of the hearing, a party may hear the activity in the courtroom. Unless a joining party mutes their line, he/she joins the call as an active participant and can be heard. Failure to act appropriately on the line may result with the party being disconnected by Court. When the judge is ready to hear the case, appearances will be called. Each time a telephonic party speaks, he/she should identify them self for the record. The court's teleconferencing system allows more than one speaker to be heard, so the judge can interrupt a speaker to ask a question or redirect the discussion. When the judge informs the participants that the hearing is completed, the telephonic participant may disconnect, and the next case will be called.

5. Failure to appear.
If a party does not timely call and connect to the scheduled hearing, the hearing may proceed in their absence, and they may face sanctions from the Court for their failure to appear.

6. Other/Miscellaneous.
Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include denying the matter for failure to prosecute, continuing the hearing, proceeding in the absence of a party who fails to appear, or a monetary sanction.