Presentment Date and Time: June 17, 2021 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: June 17, 2021 at 11:00 a.m. (Prevailing Eastern Time)

DOAR RIECK KALEY & MACK
217 Broadway, Suite 707
New York, New York 10007
Walter S. Mack

*Attorneys for Kossoff PLLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In the Matter | : | Chapter 7 |
| | | Case No. 21-10699 (DSJ) |
| -of- | : | |
| KOSSOFF PLLC, | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION TO BANKRUPTCY TRUSTEE'S APPLICATION FOR AN ORDER
(A) DESIGNATING MITCHELL H. KOSSOFF AS THE RESPONSIBLE OFFICER
OF THE DEBTOR AND (B) COMPELLING HIM TO (1) PRODUCE
INFORMATION REQUESTED BY THE CHAPTER 7 TRUSTEE; (2) APPEAR
FOR EXAMINATION UNDER OATH AT THE BANKRUPTCY CODE
SECTION 341 MEETING OF CREDITORS; AND (3) OTHERWISE
COOPERATE WITH THE CHAPTER 7 TRUSTEE AND
MOTION TO QUASH ALL SUBPOENAS COMPELLING
TESTIMONY OR DOCUMENT PRODUCTION FROM HIM,
HIS FIDUCIARIES OR HIS DEFENSE TEAM**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE

Mitchell H. Kossoff, sole member and sole proprietor of Debtor Kossoff PLLC,

member of TenantTracers, submits on behalf of himself and his fiduciaries/defense team

members, objection to the Togut firm's Application to strip Mr. Kossoff of his Fifth Amendment,

attorney-client and work-product privileges. He also moves to quash all subpoenas demanding

production of testimony, information and documents by his accountants and other persons or

entities who have served as his fiduciaries or who will serve as members of his criminal defense

team.

### Preliminary Statement

Mitchell H. Kossoff is under criminal investigation by both the Manhattan District

Attorney's Office and the United States Attorney's Office for the Eastern District of New York.

His law offices styled as Kossoff PLLC were searched and records and computers seized under

Court order over two months ago without any of the materials seized either specifically described

or returned to him. He is under Grand Jury subpoena by the investigating prosecutors to produce

materials, and his law firm offices are denied him by action of the Trustee. His bank accounts

have been frozen. He does not have the resources to retain experienced bankruptcy counsel, and

he and his fiduciaries are under legal assault by the Togut team comprised of, at least, four

experienced bankruptcy lawyers plus further legal staff at billing rates from $800 to $1270 per

hour, approximately.

The Trustee seeks by his Application to this Court to strip Mr. Kossoff of his

rights to assert his constitutional privileges not to self-incriminate himself and his due process

rights protected by attorney-client and work-product privileges and to defend himself against

criminal allegations made about him.

Mr. Kossoff, from the very first contact by his criminal counsel with the Trustee

and the Togut Team on May 14, 2021, indicated he would cooperate with the Trustee as long as

his Fifth Amendment rights were not compromised. He asked for immunity so he could

cooperate with Trustee Togut but indicated from Day One that without immunity he would take

no step that would permit the Trustee to argue that Mr. Kossoff or the Debtor Kossoff PLLC had

waived his constitutional rights.

We ask this Court to honor Mr. Kossoff's constitutional privileges and quash all

subpoenas designed to extinguish them.

### Jurisdictional and Background

For the most part, we do not take issue with Team Togut's presentation in these

sections of the Trustee's application herein except so far as expressed in the following:

1. On April 15, 2021 the office of Kossoff PLLC were searched by investigators

from the Manhattan District Attorney's Office pursuant to Court-ordered search warrant. The

materials taken and, at this writing, not returned to Mr. Kossoff were focused on the allegations

made in the Involuntary Petition in this matter and contained documents, records and computers.

On April 16, 2021 executed receipts of the seized materials were provided to Mr. Kossoff's

criminal counsel but these search warrant returns provided no detailed description of the specific

materials taken. Furthermore, on April 16th a Grand Jury Subpoena Duces Tecum was served

upon the Debtor Custodian of Records for the computer assigned to said custodian. We were

further requested not to disclose the existence of the subpoena. Said computer(s) were produced

to the District Attorney as required.

2. On April 9, 2021 Kossoff PLLC, Mr. Kossoff and the Custodian of Records

had been served with Grand Jury subpoenas from the United States Attorney's Office for the

Eastern District of New York requiring testimony and complete business records pertaining to

Kossoff PLLC, Mr. Kossoff, Burton Packaging, Inc. and TenantTracers LLC for the period

January 1, 2010 to the present. Again, we were requested not to disclose the existence or

contents of these subpoenas. However, current circumstances in my view have necessitated our current disclosures if only to demonstrate to this Court the legal position of Mr. Kossoff and entities and persons associated with him, and the criminal jeopardy/risks he and associated persons and entities currently face.

3. On May 14, 2021 the Togut law firm furnished the Bankruptcy Schedule Forms for my review. I quickly determined that under no circumstances could Mr. Kossoff fill out the schedules and act consistently with this Fifth Amendment invocation unless he was granted immunity for doing so. I made that position abundantly clear to Mr. Togut on May 14, 2021. My messaging to that effect is available to this Court should Team Togut undertake to challenge our assertions herein.

4. As to the Trustee's assertions in paragraph 12 of his Application, we ask that he specify his assertions so we can refute them. If he is accusing Mr. Kossoff of obstruction of justice or violations of state and/or federal criminal law as well as this Court's injunction as to preservation of records, we stand ready to meet those allegations and request that this Court direct its Trustee to specify his implied accusations.

5. With respect to Section C of the Trustee's Application, we do not challenge the facts of legions of ongoing civil proceedings against Mr. Kossoff and related entities, the freezing of his bank accounts or the seriousness of the civil allegations against him. He has refused to provide information or testimony related to possible records and computers sought by the Trustee without the use of the immunity provisions of 28 U.S.C. § 6002 because the documents and information would provide a potential link in the chain of evidence a prosecutor could use in

fashioning criminal charges against him, his business entities, and defeat his work-product or attorney-client privileges of his fiduciaries or defense legal team.

6. Furthermore, Mr. Kossoff, Kossoff PLLC and TenantTracers lack possession, custody and control of the documents and records that the Trustee insists we provide because of the prosecutors' actions previously described. Singularly lacking in the Trustee's Application is his report of his interactions with the state and federal prosecutors' offices whom I am certain from past experience have expressed their views on the Bankruptcy Court's proceedings as they conduct their criminal investigations.

7. If this Court wished Mr. Kossoff to appear and assert his privilege invocation before the Trustee's inquiries, we acknowledge that all courts do not agree with the appropriateness of a blanket invocation under all circumstances and we would appear to invoke notwithstanding the excessive financial and emotional costs occasioned by such a proceeding. Mr. Kossoff will follow the Court's direction and the Trustees's refrain of harping on Mr. Kossoff's blanket assertion is nothing but a designed stratagem to unfairly characterize Mr. Kossoff's position as unreasonable under the circumstances.

8. The Trustee's arguments that Mr. Kossoff has admitted that the documents Team Togut seeks are currently in his possession is nowhere in the record that we can discern and is denied at this time. Even if they were in his possession, said documents would have to speak for themselves since the Trustee would have no authority under act of production law to inquire of Mr. Kossoff into information surrounding the documents' creation, provenance or underlying circumstances surrounding the documents or materials. As stated, Mr. Kossoff does not possess, have custody over or control the materials the Trustee can legally demand.

-5-

Relief Requested

We respectfully request that Mr. Kossoff's assertion of his constitutional privilege

against self-incrimination and due process privileges and rights be affirmed by this Court, that all

subpoenas issued by Team Togut to Mr. Kossoff, Kossoff PLLC, TenantTracers and accounting

fiduciaries be quashed and the that Trustee be denied any order from this Court that requires Mr.

Kossoff to be compelled to testify about his control and conduct of this financial matters or those

of Kossoff PLLC or any company in which Mr. Kossoff had a managerial role.

Dated:  June 16, 2021
        New York, New York

Respectfully submitted,

Walter Mack
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730