HEARING DATE: June 24, 2021 at 10:00 a.m.


TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually
But Solely in His Capacity as Chapter 7 Interim Trustee*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
: 
In the Matter                    :            Chapter 7
:            Case No. 21-10699 (DSJ)
-of-                       :
:
KOSSOFF PLLC,                :
:
:
:
Debtor.                 :
:
----------------------------------------------------------- X

**CHAPTER 7 TRUSTEE'S REPLY TO OBECTION TO
BANKRUPTCY TRUSTEE'S APPLICATION FOR AN ORDER
(A) DESIGNATING MITCHELL H. KOSSOFF AS THE RESPONSIBLE
OFFICER OF THE DEBTOR AND (B) COMPELLING HIM TO (1) PRODUCE
INFORMATION REQUESTED BY CHAPTER 7 TRUSTEE;  (2) APPEAR
FOR EXAMINATION UNDER OATH AT THE BANKRUPTCY CODE
SECTION 341 MEETING OF CREDITORS;  AND (3) OTHERWISE
COOPERATE WITH THE CHAPTER 7 TRUSTEE AND MOTION TO
QUASH ALL SUBPOENAS COMPELLING TESTIMONY OR DOCUMENT
PRODUCTION FROM HIM, HIS FIDUCIARIES OR HIS DEFENSE TEAM**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

REPLY..........................................................................................................................................3

    A.  Kossoff Has Not Satisfied His Burden of Demonstrating Why Performing the
Debtor's Duties Would Violate His Fifth Amendment Privilege..............................3

    B.  Kossoff's Statements Do Not Foreclose That Necessary Documents Remain
Within His Control ....................................................................................................6

    C.  The Trustee is Not Currently Seeking Kossoff's Attorney-Client Privileged
Communications or Work Product............................................................................8

    D.  The "Collective Entity" Doctrine Is Applicable .........................................................9

    E.  Kossoff Lacks Standing to Seek Relief Regarding Subpoenas Issued to Others ...10

CONCLUSION...........................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Bear Stearns & Co., Inc. v. Wyler,*
  182 F. Supp. 2d 679 (N.D. Ill. 2002) ...............................................................4, 5

*Bellis v. United States,*
  417 U.S. 85 (1974) ...............................................................................................10

*Couch v. United States,*
  409 U.S. 322 (1973) ...........................................................................................8, 11

*Henry v. Sneiders,*
  490 F.2d 315 (9th Cir. 1974)...............................................................................7, 9

*Hoffman v. U.S.,*
  341 U.S. 479 (1951) ...............................................................................................4

*In re DG Acquisition Corp.,*
  208 B.R. 323 (Bankr. S.D.N.Y. 1997).....................................................................5

*In re Grand Jury Proceedings (The John Doe Co., Inc.),*
  838 F.2d 624 (1st Cir. 1988) ...............................................................................8, 10

*In re Hyde,*
  235 B.R. 539 (S.D.N.Y. 1999) ............................................................................4, 11

*In re Kroh,*
  80 B.R. 488 (W.D. Miss. 1987)............................................................................8, 11

*In re Schick,*
  215 B.R. 4 (Bankr. S.D.N.Y 1997)........................................................................3, 4, 5

*In the Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991,*
  959 F.2d 1158 (2d Cir. 1992)................................................................................6, 8

*Matter of Astor,*
  62 A.D.3d 867 N.Y.S.2d 560 (2d Dept. 2009) .......................................................3

*S.E.C. v. Forster,*
  147 F. Supp. 3d 223 (S.D.N.Y. 2015) .....................................................................5

*US Bank Nat'l Ass'n v. PHL Variable Ins. Co.,*

No. 12 Civ. 6811, 2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012) ...............................10

**Statutes**

11 U.S.C. § 521 .......................................................................................................10

**Rules**

Fed. R. Bankr. P. 9001(5) ..........................................................................................9, 10

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 2450 (3d ed. 2017).............................................10

**TO THE HONORABLE DAVID S. JONES,**
**UNITED STATES BANKRUPTCY JUDGE:**

Albert Togut, not individually but solely in his capacity as the Chapter 7

Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor"), by his attorneys, Togut,

Segal & Segal LLP, hereby respectfully submits this reply (the "Reply") to the *Objection*

*to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the*

*Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested*

*by the Chapter 7 Trustee;  (2) Appear for Examination Under Oath at the Bankruptcy Code*

*Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee and*

*Motion to Quash All Subpoenas Compelling Testimony or Document Production from Him, His*

*Fiduciaries or His Defense Team* [Docket No. 80] and the memorandum of law in support

of the Objection [Docket No. 80-1] (together, the "Objection").[1]  In further support of

this Reply, the Trustee respectfully states:

**PRELIMINARY STATEMENT**

The Trustee is trying to investigate the Debtor's financial affairs, but his

efforts are being impeded because Mitchell H. Kossoff ("Kossoff"), the Debtor's sole

managing member and, by his own account, the person most knowledgeable of the

Debtor's Books and Records, has not in any way cooperated with the Trustee's requests

for help.  At each turn, Kossoff has used the cloak of a blanket Fifth Amendment

privilege and a demand for a grant of immunity to resist even the most basic requests of

---

[1]   Capitalized terms used but not defined herein shall have the meanings given to them in the Trustee's
*Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B)
Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;  (2) Appear for Examinations
Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the
Chapter 7 Trustee* [Docket No. 36 (the "Designation Motion").

1

the Trustee.  In doing so, Kossoff and his counsel seek to substitute their judgments about applicable law for that of the Court.

Contrary to Kossoff's statements, the Trustee does not seek to "strip" Kossoff of his privileges.  The Bankruptcy Code, this Court's Rule 2004 Order and applicable case law identify Kossoff's obligations and the manner in which he may preserve rights and privileges while at the same time performing his duties.  Precedent in this jurisdiction establishes that the Court, not Kossoff, has the authority to decide the applicability of the Fifth Amendment privilege and what Kossoff is required to do.

Most recently, Kossoff's Objection asserts objections to the Designation Motion on behalf of himself and unnamed "fiduciaries/defense team members" premised upon a blanket invocation of a Fifth Amendment privilege and other vaguely identified privileges.  *See* Objection at 1.  Going even further, the Objection seeks to quash subpoenas issued to Kossoff, Tenantracers, LLC ("Tenantracers"), and unnamed third parties, namely Kossoff's "accountants and other persons or entities who have served as his fiduciaries or who will serve as members of his criminal defense team." *Id.* at 2, 6.  Kossoff has no standing to seek to quash subpoenas issued to third-parties, and his request to quash them appears inconsistent with his assertion that following government seizures, no responsive documents remain in his control.  Kossoff's Objection offers nothing more than continued generalizations of the Fifth Amendment privilege and other unsupported and conclusory assertions, which the Trustee addresses below.

Law enforcement agencies have refused to voluntarily provide the Trustee with access to what they are reported to have seized, and subpoena productions by third-parties will provide disjointed and incomplete information concerning the

2

Debtor's affairs.  The Trustee needs Kossoff's assistance, and Kossoff can perform the

Debtor's duties without waiving his Fifth Amendment and other privileges.

## REPLY

### A. Kossoff Has Not Satisfied His Burden of Demonstrating Why Performing the Debtor's Duties Would Violate His Fifth Amendment Privilege

1.      The Designation Motion seeks an order compelling Kossoff to

perform the Debtor's duties by:  complying with the Order for Relief (preparing and

filing the Schedules);  producing Books and Records of the Debtor;  and otherwise

cooperating with the Trustee.  *See* Docket No. 36.

2.      Kossoff asks that the Court conclude that the preparation of the

Schedules and the production of the Books and Records would be incriminating, but he

fails to articulate or demonstrate how doing so would violate his Fifth Amendment

privilege.  As the party invoking the Fifth Amendment, Kossoff bears this burden.  *See,*

*e.g., In re Schick,* 215 B.R. 4, 9 (Bankr. S.D.N.Y 1997).  To satisfy this burden, he "must

provide enough information to enable the Court to conduct a factual inquiry to

determine the incriminating potential of the documents sought and the act of

production against the privilege asserted."  *Schick,* 215 B.R. at 9 (citation and internal

quotation marks omitted).[2]  In other words, the party must submit a "particularized

objection to each discovery request," preferably along with the documents for an *in*

*camera* review by the court.  *See Matter of Astor,* 62 A.D.3d 867, 869-70 N.Y.S.2d 560 (2d

Dept. 2009).

---

[2]   A party invoking the Fifth Amendment privilege must provide sufficient information to support the court's inquiry even where the contents of where the contents of the documents themselves are not disclosed.  *See Schick,* 215 B.R. at 9.

3.       However, Kossoff offers little or no support for his position and simply argues, through his counsel's statements, that the Court is "required to take at face value" his assertion that the act of producing the documents and complying with the Order for Relief on behalf of the Debtor would be incriminating, because they would implicitly authenticate the documents and provide a link in the chain of incrimination.  *See* Mem. of Law at 4.

4.       Kossoff's argument that this Court must accept his conclusory assertions is plainly false:  Courts in this jurisdiction have made clear that the party invoking the Fifth Amendment "does not discharge the burden simply by asserting that he will incriminate himself by producing documents."  *See, e.g., Schick,* 215 B.R. at 9-10 ("Persons under criminal investigation may still possess innocuous documents;  but if they do not, they must prove it to the satisfaction of the court, and more is required besides their 'say so.'");  *see also Bear Stearns & Co., Inc. v. Wyler,* 182 F. Supp. 2d 679, 684 (N.D. Ill. 2002) ("A witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself;  his assertion does not of itself establish the hazard of incrimination.").  Here, as in *Schick,* a party invoking the Fifth Amendment fails "to explain how acknowledging the existence, location or authenticity of documents relating to property of the estate establishes a link in the chain of incrimination" and – in failing to articulate that information to the court – cannot discharge this burden.  *See Schick,* 215 B.R. at 10.

5.       While cases cited by Kossoff, *see* Mem. of Law at 4, recognize that the act of production may be incriminating in certain circumstances and that the contents of certain documents are not to be examined by the court, none of them contradict the requirement of more than a collective entity custodian's simple "say-so" on the matter.  *See Hoffman v. U.S.,* 341 U.S. 479, 487 (1951) ("The witness is not

4

exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not itself establish the hazard of incrimination. It is for the court to say whether his silence is justified….”); *In re Hyde,* 235 B.R. 539, 546 (S.D.N.Y. 1999) (recognizing an incriminating aspect of the act of production under relevant circumstances, but noting that "invocation of the act of production privilege does not automatically mean that it applies"); *In re DG Acquisition Corp.,* 208 B.R. 323, 330 (Bankr. S.D.N.Y. 1997) ("Mere assertion of the act of production privilege is insufficient. The Dabah Wives must demonstrate that the potential for self-incrimination is real and substantial."). The remaining case cited by Kossoff on this point, *S.E.C. v. Forster,* 147 F. Supp. 3d 223 (S.D.N.Y. 2015), is distinguishable as it involved a subpoena served on an individual in his personal capacity, rather than as a custodian for the listed companies, which the court found to be a "significant" distinction. *Id.* at 231 ("A corporate custodian acting in his representative rather than his personal capacity may not refuse production on Fifth Amendment grounds.").

6.      Under circumstances such as those here, courts routinely conclude that the production of required records, bank statements, or documents that the party has admitted are in his possession or control (i.e., items that are among the Requested Information) is not incriminating, even where doing so would tacitly concede the existence, location, or authenticity of those records. *See, e.g., Bear Stearns & Co., Inc. v. Wyler,* 182 F. Supp. 2d 679 (N.D. Ill. 2002) (rejecting claim of Fifth Amendment privilege as to investment firm records, wire transfer records, and phone records, because it was not a crime to make a wire transfer, use a phone, or possess corporate records); *Schick,* 215 B.R. at 10 ("[E]ven if the surrender of the Computer tacitly conceded its existence, location and authenticity . . . Schick has failed to demonstrate that this testimony would be incriminating. It is not a crime to possess a laptop computer . . . . Schick is not

5

charged with stealing a computer [or] possessing a computer. . . . The existence [and possession] of the Computer . . . are irrelevant to the charges of bank and wire fraud.").

7.      Moreover, consistent with the "collective entity" doctrine, which applies here, "the custodian of corporate records is not entitled to refuse to produce those records on the ground that it may incriminate him personally, because they are not his personal records, and hence any incrimination would not be self-incrimination." *In the Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1, 1991*, 959 F.2d 1158, 1163 (2d Cir. 1992).

8.      For these reasons, Kossoff has failed to demonstrate why entry of an order requiring him to perform the Debtor's duties by preparing the Schedules and producing Books and Records would violate his Fifth Amendment privilege.

### B.      Kossoff's Statements Do Not Foreclose That Necessary Documents Remain Within His Control

9.      While the Objection appears to concede that the Trustee is entitled to the requested documents and information, *see* Mem. of Law at 1, Kossoff seems to take the position that documents sought by the Trustee are entirely outside of Kossoff's custody or control as a result of seizures by law enforcement.[3]  Kossoff also incorrectly asserts that he has been denied access to the Debtor's premises, now in the control of the Trustee;  however, neither Kossoff nor his attorney have ever requested the Trustee to provide them with access to such premises.

10.      Moreover, neither Kossoff nor Tenantracers has complied with the requirements of the Rule 2004 Order, including the requirement of a written declaration under penalty of perjury that "the responding party has made a diligent search and

---

[3]    Specifically, the Objection makes reference to Grand Jury subpoenas served upon the Debtor, Kossoff, and the unnamed "Custodian of Records."  Objection at ¶ 3.

effort to locate and produce the documents and information requested by the

subpoena" and that the required written responses provided are "true and correct to

the best of the responding party's knowledge and belief."  Docket No. 27 at 3.

Certainly, Kossoff is capable of doing so.  He has informed this Court that he "alone

would be the only person to properly identify, collect, describe and submit documents

to the Bankruptcy Court or its Trustee."  Docket No. 30 at 3.  Despite having that

particular knowledge, Kossoff's objection is vague as to whether Kossoff remains in

custody or control of any of the Books and Records, and he can certainly identify which

of the Debtor's professionals are in possession of them.  In addition, Kossoff understood

which records he maintained in his capacity as the Debtor's sole managing member,

and he should be presumed to be aware of which documents were seized by law

enforcement.  His professed ignorance to the contrary rings hollow.

11.     In truth, Kossoff concedes that he is in possession of at least one

category of responsive documents requested by the Trustee that he has not yet turned

over:  seizure inventories provided by law enforcement.[4]  *Compare* Docket No. 36 ¶

18(i), *with* Docket No. 30.  Certainly, the Fifth Amendment privilege would not attach to

a document prepared by law enforcement.  *See Henry v. Sneiders*, 490 F.2d 315, 317 (9th

Cir. 1974) (rejecting claim of Fifth Amendment protection for defendant's records

already in the hands of prosecuting authorities).

12.     Moreover, Kossoff's attorney has represented to this Court that

Kossoff's obligations to law enforcement agencies are continuing, *see* June 10, 2021 Hr'g

Tr. at 18-19, thus undermining any assertion that all potentially relevant documents

have been taken from his custody and control.  *See, e.g., Henry*, 490 F.2d at 317.  For the

---

[4]   Law enforcement agencies will not voluntarily provide those inventories to the Trustee.

same reasons, to the extent that Kossoff possesses duplicate copies of responsive
documents that have been seized by law enforcement agencies, or has knowledge of the
location of copies, those documents would not be within the scope of the Fifth
Amendment protection.

13.     Here, again, Kossoff should be required to comply with the
requirements of the Rule 2004 Order to enable the Court and the Trustee to evaluate the
assertion of any privilege or inability.  Kossoff and his counsel should not be permitted
to usurp this Court's authority to conduct that analysis.

**C.     The Trustee is Not Currently Seeking Kossoff's
Attorney-Client Privileged Communications or Work Product**

14.     Kossoff's contention in the Objection concerning attorney-client
privilege is misplaced.  Kossoff's suggestion that the Trustee seeks documents which
may be protected by attorney-client or work product privilege, is incorrect.[5]

15.     The attorney-client privilege may apply to documents that have
been transferred to an attorney in anticipation of the provision of legal advice, if the
documents would have been protected by the Fifth Amendment privilege while in the
client's custody.  *See In the Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, and Nov. 1,
1991*, 959 F.2d 1158, 1163 (2d Cir. 1992).  However, Kossoff has failed to establish a basis
to invoke his Fifth Amendment privilege as to the Schedules and the Books and
Records.  *See generally* Docket No. 36; *see also In re Grand Jury Proceedings (The John Doe
Co., Inc.)*, 838 F.2d 624, 625 (1st Cir. 1988) (explaining that the Fifth Amendment
privilege does not apply to required records or corporate documents).  Indeed, he has

---

[5]     Fiduciary status alone, even if it was demonstrated in the Objection, does not create a privilege.  The
Supreme Court has expressly disapproved application of an accountant-client privilege in federal
cases.  *See Couch v. United States,* 409 U.S. 322, 335 (1973); *see also In re Kroh,* 80 B.R. 488, 490 (W.D.
Miss. 1987).

repeatedly asserted that the documents sought by the Trustee are already in the hands

of law enforcement, *see* Docket Nos. 30, 48, and they are therefore outside the scope of

the Fifth Amendment privilege. *See Henry*, 490 F.2d at 317.

16.     Even if the Trustee sought documents subject to an attorney-client

or work product privileges, the Rule 2004 Order[6] affords subpoena recipients a

mechanism by which to assert those privileges. The subpoena recipient may withhold

documents on the basis of privilege by providing a privilege log to the Trustee. To the

extent that discovery disputes cannot be resolved, the Rule 2004 Order establishes a

procedure for the Court to consider such matters. Yet, neither Kossoff nor Tenantracers

has complied with their subpoena obligations or provided a privilege log. As a result,

neither the Court nor the Trustee can ascertain at this stage whether the Trustee may

eventually assert entitlement to documents that either party claims to be covered by the

attorney-client privilege or other protection.

17.     For these reasons, attorney-client privilege or other protections

cannot operate as bases for denying the Trustee the relief requested in the Designation

Motion or deprive him of the discovery sought from the subpoenas.

**D.     The "Collective Entity" Doctrine Is Applicable**

18.     To avoid designation pursuant to Bankruptcy Rule 9001(5), Kossoff

seeks to evade application of the "collective entity" doctrine on the new ground that he

might be considered a former employee of the Debtor because the Debtor is being

dissolved. *See* Mem. of Law at 4, n.3.

19.     To the best of the Trustee's knowledge, Kossoff has not resigned

from the Debtor. However, even if he had resigned, "[t]he dissolution of the

---

6     The Trustee served a subpoena to Kossoff for production of the Books and Records.

organization does not afford any greater claim to the privilege than [a custodian] would have if the firm were still active . . . ." *See Bellis v. United States,* 417 U.S. 85, 101 (1974) (determining that former managing partner of dissolved law firm could not assert privilege over partnership's records still in his possession during grand jury proceeding).

20.     Consequently, the "collective entity" doctrine precludes Kossoff's newest efforts to evade performing the Debtor's duties pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 9001(5) . *See John Doe Co., Inc.,* 838 F.2d at 625.

### E.    Kossoff Lacks Standing to Seek Relief Regarding Subpoenas Issued to Others

21.     Kossoff's request to quash unspecified subpoenas issued by the Trustee should be rejected as inappropriate and ineffective.[7]

22.     "A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.,* No. 12 Civ. 6811, 2012 WL 5395249, at \*2 (S.D.N.Y. Nov. 5, 2012).  Indeed, ordinarily, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."  9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2450 (3d ed. 2017).

23.     Under the circumstances here, Kossoff can neither assert nor claim any such privilege or protection regarding documents in the possession of third-parties who have been subpoenaed by the Trustee.  Even where a party may be privileged from

---

[7]    The Trustee has issued more than thirty subpoenas.  The Objection does not identify which subpoenas Kossoff deems objectionable.

producing the evidence himself, "there is no privilege preventing its production by another entity." *Kroh,* 80 B.R. at 490.

24.     For example, an accountant's production pursuant to a subpoena does not violate a client's Fifth Amendment privilege. *See Couch,* 409 U.S. at 335 (reasoning that the element of personal compulsion was not present because the IRS summons was directed at accountant); *see also Kroh,* 80 B.R. at 490 (overruling debtor's objection that subpoena to accountant violated his Fifth Amendment protection).

25.     Even if the Trustee had issued a subpoena directed to counsel for Kossoff and Tenantracers (which he has not), no such privilege attaches to those documents for the same reasons that have been set forth in the Designation Motion, and certainly not without first producing a privilege log. *See generally* Docket No. 36.  As set forth above, any attorney who receives a subpoena could assert any applicable privilege or other protection pursuant to the mechanisms contained in the Rule 2004 Order.  To date, no party has produced a privilege log in response to a subpoena issued by the Trustee.

26.     The Objection's reliance on *In re Hyde,* 235 B.R. 539 (S.D.N.Y. 1999), is misplaced.  *Hyde* supports the proposition that the content of specific documents cannot be considered in determining the applicability of the "act of production privilege," since the contents cannot be disclosed without defeating the purpose of the privilege.  *Id.* at 544.  However, *Hyde* explains that the "act of production privilege" does not apply where there are other means for authentication or where authentication is not incriminating – *e.g.,* tax documents prepared by an accountant or documents previously produced to the SEC.  *Id.* at 546.  Moreover, *Hyde* makes clear that the Fifth Amendment does not protect the contents of voluntarily created documents, either business or personal.  *See id.* at 543.

27.     Accordingly, Kossoff cannot challenge the subpoenas issued by the

Trustee to others.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests entry of an order,

substantially in the form of the Proposed Order, annexed as Exhibit "A" to the

Designation Motion, granting the Designation Motion and denying Kossoff's request to

quash;  and granting such other and further relief as this Court deems just and proper.

DATED:  New York, New York
       June 22, 2021

                             Respectfully submitted,

                             ALBERT TOGUT,
                             Not individually but solely in his capacity as
                             Chapter 7 Interim Trustee of Kossoff PLLC
                             By His Counsel,
                             TOGUT, SEGAL & SEGAL LLP
                             By:

                             */s/ Neil Berger*
                             NEIL BERGER
                             MINTA J. NESTER
                             BRIAN F. SHAUGHNESSY
                             One Penn Plaza, Suite 3335
                             New York, New York 10119
                             (212) 594-5000