PRESENTMENT DATE: July 14, 2021 at 12:00 p.m. (Eastern Time)
OBJECTION DEADLINE: July 14, 2021 at 11:00 a.m. (Eastern time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Minta J. Nester

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :
In re:                                          :   Chapter 7
                                                :
KOSSOFF PLLC,                                   :   Case No. 21-10699 (DSJ)
                                                :
                Debtor.                         :
                                                :
------------------------------------------------------------------x

## APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE CHAPTER 7 INTERIM TRUSTEE TO RETAIN VERDOLINO & LOWEY, P.C. AS HIS FORENSIC AND TAX ACCOUNTANTS

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

ALBERT TOGUT, not individually, but solely in his capacity as the Chapter 7 Interim trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor") in the above-captioned case (the "Chapter 7 Case"), by his attorneys, Togut, Segal & Segal LLP, makes this application (the "Application") for entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Trustee to retain and employ Verdolino & Lowey,

P.C. ("V&L") as his accountants to perform forensic and tax accounting services. In support of the Application, the Trustee submits the declaration of Craig R. Jalbert annexed hereto as **Exhibit B** (the "Jalbert Declaration"), and respectfully states:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the "Amended Standing Order of Reference" for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought herein is based upon sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3. Prior to the Petition Date, the Debtor operated as a law firm with offices located at 217 Broadway, New York, New York 10007 (the "Premises").

4. On April 13, 2021 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the of the Bankruptcy Code against the Debtor in this Court.

5. On May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Docket No. 14] (the "Order for Relief"). The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Bankruptcy Rules and Local Bankruptcy Rules (the "Schedules") no later than May 25, 2021.

6.  On May 12, 2021 (the "Appointment Date"), the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor (*see* Docket No. 15), accepted his appointment, and duly qualified.

7.  The Debtor has not yet filed any of the Schedules. Mitchell Kossoff, the Debtor's only known managing member, is reportedly the subject of criminal investigations being conducted by the Manhattan District Attorney and the United States Attorney for the Eastern District of New York, and he has asserted a blanket Fifth Amendment privilege as a basis for his refusal to prepare the Schedules or otherwise cooperate with the Trustee absent a grant of immunity.[1]

8.  Kossoff's criminal counsel has advised this Court and the Trustee that those law enforcement agencies seized books and records of the Debtor prior to the Appointment Date.

9.  However, the Trustee understands that transfers may have been made by the Debtor prior to the Petition Date that may be avoidable and recoverable, and that other claims may exist in favor of the Debtor's estate. Indeed, former clients of the Debtor have asserted that the Debtor and Kossoff have failed to account for client escrow funds totaling approximately $17 million.

10. On May 24, 2021, the Court entered the *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order"). Among other things, the Rule 2004 Order authorizes the Trustee to issue subpoenas and obtain information in connection with his investigation of the Debtor's affairs. As of the date hereof, the Trustee has issued approximately 30 subpoenas

---

[1] On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Dkt No. 93].

3

pursuant to the Rule 2004 Order as part of his attempts to investigate the Debtor's affairs, without any cooperation from the Debtor or Kossoff.

11. As a result of the foregoing, the Trustee requires the assistance of professionals who can help with his investigation:[2] a financial advisor; forensic accountants; and an investigative firm. By this Application, the Trustee seeks authorization to retain V&L as his accountants to perform forensic and tax accounting services.

## RELIEF REQUESTED

12. The Trustee seeks entry of the Proposed Order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing him to retain and employ V&L as his accountants to perform forensic and tax accounting services requested by the Trustee during this Chapter 7 Case.

## SERVICES TO BE RENDERED

13. The services that V&L will render will include (collectively, the "Services"):

   a. preparing inventories of the files and documents located at the Premises, found on electronic devices and elsewhere;

   b. analyzing the financial history of the Debtor prior to the Petition Date and during the pendency of the Chapter 7 Case;

   c. analyzing transactions with insiders, related and/or affiliated parties, and identify potential preferential transfers, fraudulent conveyances, and/or other potential causes of action;

   d. identifying and preparing an analysis of all assets and liabilities of the Debtor's estate;

---

[2] On June 15, 2021, the Court entered an order authorizing the Trustee's retention of the Togut Firm [Dkt. No. 72].

4

  e. attending meetings and conferring with representatives of the Trustee and his counsel;

  f. providing supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and presenting findings in Court, under oath, if necessary;

  g. preparing federal, state and local tax returns on behalf of the Trustee, if necessary; and

  h. performing such other services as accountants to the Trustee, as necessary.

14. V&L will work with the Trustee and his other professionals, including, but not limited to, Gray & Company, LLC ("G&CO"), the Trustee's proposed financial advisor in a manner that is coordinated with the services to be provided by the Trustee's other professionals.

### V&L'S QUALIFICATIONS

15. As detailed in the Jalbert Declaration, V&L has extensive experience working in bankruptcy and distressed business situations. V&L is a certified public accounting ("CPA") firm that routinely provides forensic and tax accounting related professional services to clients in and out of bankruptcy, including, among others, trustees and debtors.

16. V&L's personnel staffed on this engagement are professionals who have varied backgrounds and credentials, and decades of forensic accounting, general accounting, litigation support, and tax planning and compliance experience. V&L has a substantial and wide-ranging forensic and tax accounting practice, including personnel who are CPAs, CPAs with Masters in Taxation, and CPA-Attorneys whose expertise will be employed in this Chapter 7 Case, as needed.

17. The Trustee seeks to retain and employ V&L because of, among other reasons: (i) V&L's diverse experience and extensive knowledge in the fields of

5

bankruptcy, forensic accounting, and taxation; and (ii) the firm's extensive experience working with G&CO, which is, subject to approval by the Court, being retained as the Trustee's financial advisor.  Accordingly, the Trustee expects to receive efficient, cooperative, and non-duplicative services from V&L, and his other retained professionals.

## DISINTERESTEDNESS

18. To the best of the Trustee's knowledge, and based upon the Jalbert Declaration: (a) V&L's connections, if any with the Debtor, its known creditors, any other parties-in-interest, or their respective attorneys are disclosed in the Jalbert Declaration; and (b) the V&L professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge for the Southern District of New York.

19. To the best of the Trustee's knowledge, and based upon the Jalbert Declaration, V&L does not hold or represent any interest adverse to the Debtor's estate with respect to the matters in which V&L will be employed, in accordance with section 327 of the Bankruptcy Code.

20. To the best of the Trustee's knowledge, and based upon the Jalbert Declaration, V&L is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

21. Except as may be set forth in the Jalbert Declaration, V&L has not provided, and will not provide, any professional services to the Debtor, its creditors, other parties-in-interest, or their respective attorneys or accountants with regard to any matter related to this Chapter 7 Case.

**PROFESSIONAL COMPENSATION**

22.     Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may retain V&L on any reasonable terms and conditions. The Trustee respectfully submits that the most reasonable terms and conditions are the hourly rates charged by V&L in the ordinary course to the Trustee and other clients on a daily basis in a competitive market for accounting and tax compliance services. Therefore, the Trustee and V&L have agreed that V&L will be paid its customary hourly rates for services rendered that are in effect from time to time, and that it will be reimbursed according to V&L's customary reimbursement policies.

23.     Pursuant to section 330(a)(1)(A) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with this Chapter 7 Case. V&L's current hourly rates (as set forth below) and reimbursement policies are what the general marketplace pays V&L for accounting and tax compliance services in other matters, and thus are reasonable.

| Title | Rate |
|---|---|
| Principals | $495 |
| Manager | $275 - $425 |
| Staff | $225 - 395 |
| Bookkeepers | $225 - 245 |
| Clerical | $95 |

24.     The Trustee has agreed that out-of-pocket expenses (including photocopying, travel expenses, long distance telephone calls, postage, express mail and messenger charges, computerized research services, expenses for "working meals" and telecopier charges, etc.) incurred by V&L in providing services will be billed at the actual amounts incurred except for telecopier charges, consistent with the Local Rules.

25. The Trustee understands that V&L intends to apply to the Court in this Chapter 7 Case for the allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any interim compensation procedures order approved by the Court in this Chapter 7 Case. V&L has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

## AVOIDANCE OF DUPLICATION OF SERVICES

26. As noted above, V&L's services will be limited to assisting the Trustee and his professionals in providing forensic and tax accounting and compliance services (as well as the other Services described above) and those services will not be duplicative of any services that are being provided by any of the Trustee's other retained professionals, including G&CO. The Trustee and V&L will work with the Trustee's other professionals to ensure a clear delineation of their respective roles to prevent duplication of services and ensure this Chapter 7 Case is administered in the most efficient fashion as is possible.

## NUNC PRO TUNC RELIEF

27. The Trustee asked V&L to perform services to assist in the investigation of the Debtor's affairs beginning on the Appointment Date. Consequently, the Trustee respectfully requests that the retention of V&L be effective *nunc pro tunc* to the Appointment Date, when V&L began to provide services for the Trustee.

## NOTICE

28. Notice of this Application has been given to: (i) the United States Trustee; (ii) the Debtor; (iii) V&L; (iv) the Manhattan District Attorney; (v) the United States Attorney for the Eastern District of New York; and (vi) all parties who have filed a Notice of Appearance in this Chapter 7 Case. The Trustee submits that under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

29. No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an Order authorizing the Trustee to retain and employ V&L as his forensic and tax accountants, together with such other and further relief as the Court deems is just and proper.

DATED: New York, New York
June 30, 2021

> ALBERT TOGUT
> Not Individually But Solely in His
> Capacity as Chapter 11 Trustee
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> */s/ Neil Berger*
> NEIL BERGER
> BRIAN F. SHAUGHNESSY
> MINTA J. NESTER
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000