**PRESENTMENT DATE:** July 14, 2021 at 12:00 p.m. (Eastern Time)
**OBJECTION DEADLINE:** July 14, 2021 at 11:00 a.m. (Eastern time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Minta J. Nester

*Attorneys for Albert Togut,*
*Not Individually But Solely in His Capacity*
*as Chapter 7 Interim Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 7
: 
KOSSOFF PLLC, : Case No. 21-10699 (DSJ)
: 
Debtor. : 
: 
---------------------------------------------------------------x

**APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE CHAPTER 7 INTERIM TRUSTEE TO**
**RETAIN MINTZ GROUP LLC AS HIS PRIVATE INVESTIGATORS**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

ALBERT TOGUT, not individually, but solely in his capacity as the Chapter 7 Interim trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor") in the above-captioned case (the "Chapter 7 Case"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), makes this application (the "Application") for entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(c) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Trustee to retain and employ Mintz Group LLC ("MG") as his private investigators. In support of the Application, the

Trustee respectfully submits the declaration of Jim Mintz, the founding member of MG, annexed hereto as **Exhibit B** (the "Mintz Declaration"), and respectfully states:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the "Amended Standing Order of Reference" for the Southern District of New York, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The relief sought herein is based upon sections 327(c) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3.  Prior to the Petition Date, the Debtor operated as a law firm with offices located at 217 Broadway, New York, New York 10007.

4.  On April 13, 2021, certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the of the Bankruptcy Code against the Debtor in this Court (the "Chapter 7 Case").

5.  On May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Docket No. 14] (the "Order for Relief"). The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Bankruptcy Rules and Local Bankruptcy Rules (the "Schedules") no later than May 25, 2021.

6.  On May 12, 2021 (the "Appointment Date"), the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor (*see* Docket No. 15), accepted his appointment, and duly qualified.

7. The Debtor has not yet filed any of the Schedules. Mitchell Kossoff ("Kossoff"), the Debtor's only known managing member, is reportedly the subject of criminal investigations being conducted by the Manhattan District Attorney and the United States Attorney for the Eastern District of New York, and Kossoff has asserted a blanket Fifth Amendment privilege as a basis for his refusal to prepare the Schedules or otherwise cooperate with the Trustee absent a grant of immunity.[1]

8. Kossoff's criminal counsel has advised this Court and the Trustee that those law enforcement agencies seized books and records of the Debtor prior to the Appointment Date.

9. However, the Trustee understands that transfers may have been made by the Debtor prior to the Petition Date that may be avoidable and recoverable, and that other claims may exist in favor of the Debtor's estate. Indeed, former clients of the Debtor have asserted that the Debtor and Kossoff have failed to account for client escrow funds totaling approximately $17 million.

10. On May 24, 2021, the Court entered the *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order"). Among other things, the Rule 2004 Order authorizes the Trustee to issue subpoenas and obtain information in connection with his investigation of the Debtor's affairs. As of the date hereof, the Trustee has issued approximately 30 subpoenas pursuant to the Rule 2004 Order as part of his attempts to investigate the Debtor's affairs, without any cooperation from the Debtor or Kossoff.

---

[1] On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Dkt No. 93].

11. As a result of the foregoing, the Trustee requires the assistance of professionals who can help with his investigation:[2] a financial advisor; forensic accountants; and an investigative firm. A copy of the engagement letter dated June 10, 2021, entered into between the Trustee and MG is attached hereto as **Exhibit C**. By this Application, the Trustee seeks authorization to retain MG as his private investigators to assist in his investigation of the Debtor's financial affairs, assets, and liabilities.

### RELIEF REQUESTED

12. The Trustee seeks entry of the Proposed Order pursuant to sections 327(c) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing him to retain and employ MG to perform private investigatory services requested by the Trustee in this Chapter 7 Case.

### SERVICES TO BE RENDERED

13. MG will work with the Trustee and his other professionals, including, but not limited to, Gray & Company, LLC ("G&CO"), the Trustee's proposed financial advisor, and Verdolino & Lowey, P.C. ("V&L"), the Trustee's proposed forensic and tax accountants, in a manner that is coordinated with the services to be provided by the Trustee's other professionals.

### MG'S QUALIFICATIONS

14. As described in the Mintz Declaration, MG has extensive experience conducting asset tracing and providing litigation support in situations involving alleged professional misconduct. MG routinely provides private investigatory services to clients in and out of bankruptcy.

---

[2] On June 15, 2021, the Court entered an order authorizing the Trustee's retention of the Togut Firm [Dkt. No. 72].

4

15. Numerous currently undisclosed persons may be in possession of documents and information or have knowledge of the location of such documents and information that is needed for the Trustee's investigation of the Debtor's affairs. MG has the experience, expertise and means to identify documents and sources of information (the "Investigation Services") using methods that are likely to be more effective and efficient than the discovery tools that may be available to the Trustee and his other professionals.

16. The Trustee seeks to retain and employ MG as his private investigators because of, among other reasons: (i) MG's diverse experience and extensive knowledge in the fields of asset tracing and alleged professional misconduct investigation services; and (ii) MG's ability to complement (without duplicating) the services that will be provided by the Trustee's other professionals. Accordingly, the Trustee expects to receive efficient, cooperative, and non-duplicative services from MG and his other retained professionals.

### DISINTERESTEDNESS

17. The Debtor has not yet prepared or filed the Schedules. However, to the best of the Trustee's knowledge, and based upon the Mintz Declaration: (a) MG does not have any connections with the Debtor, its known creditors, any other parties-in-interest, or their respective attorneys that would constitute a conflict of interest; and (b) neither Mintz, nor any employee of MG, is a relative of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge for the Southern District of New York.

18. Prior to the Petition Date, MG was retained by Gran Sabana Corporation N.V. ("Gran Sabana"), one of the petitioning creditors in this Chapter 7 Case, to assist Gran Sabana in its claims against Kossoff in an action in the United States

5

District Court for the Southern District of New York, styled: *Gran Sabana Construction N.V. v. Mitchell H. Kossoff*, Case No. 21-CV-03154-RA (the "District Court Action"). To the best of the Trustee's knowledge, and as set forth in the Mintz Declaration, the interests pursued in the District Court Action and the services to be performed by MG in the Chapter 7 Case are aligned because both seek the identification and recovery of funds that were in the possession and control of the Debtor prior to the Petition Date, but are now missing.

19. Consequently, to the best of the Trustee's knowledge, and based upon the Mintz Declaration, MG does not hold or represent any interest adverse to the Debtor's estate with respect to the matters in which MG will be employed, in accordance with section 327(c) of the Bankruptcy Code.

20. To the best of the Trustee's knowledge, and based upon the Mintz Declaration, MG is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

21. Except as set forth herein and in the Mintz Declaration, MG has not provided, and will not provide, any professional services to the Debtor, its known creditors, other parties-in-interest, or their respective attorneys or accountants with regard to any matter related to this Chapter 7 Case.

22. Based upon the foregoing, MG may be retained pursuant to Bankruptcy Code section 327(c), which provides, in pertinent part that "[i]n a case under chapter 7, 11, or 12 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor . . ." 11 U.S.C. § 327(c).

6

## PROFESSIONAL COMPENSATION

23.     Pursuant to section 328(a) of the Bankruptcy Code, the Trustee may retain MG on any reasonable terms and conditions.  The Trustee respectfully submits that the most reasonable terms and conditions are the hourly rates charged by MG in the ordinary course to its other clients on a daily basis in a competitive market for financial advisory services.  MG's hourly rates range from $175 to $850.  MG anticipates the following professionals will be leading this engagement:

| Professional | Rate |
| --- | --- |
| Jim Mintz | $850 per hour |
| Jan Cherner | $575 per hour |
| Saranya Kapur | $350 per hour |
| Harrison Grad | $275 per hour |

24.     Therefore, the Trustee and MG have agreed that MG will be reimbursed according to its customary reimbursement policies.

25.     Pursuant to section 330(a)(1)(A) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services rendered in connection with this Chapter 7 Case.  The Trustee has concluded that the hourly rate charged by MG's professionals and its reimbursement policies are what the general marketplace pays MG for private investigation services in other matters, and thus are reasonable.

26.     To the extent that MG is not performing any of the Services while traveling, the Trustee has agreed that travel time by MG's professionals shall be billed at one-half of the applicable hourly rate.

27. The Trustee has also agreed that out-of-pocket expenses (including photocopying, travel expenses, long distance telephone calls, postage, express mail and messenger charges, computerized research services, expenses for "working meals" and telecopier charges, etc.) incurred by MG in providing services will be billed at the actual amounts incurred except for telecopier charges, consistent with the Local Bankruptcy Rules.

28. The Trustee understands that MG intends to apply to the Court in this Chapter 7 Case for the allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any interim compensation procedures order approved by the Court in this Chapter 7 Case. MG has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

## AVOIDANCE OF DUPLICATION OF SERVICES

29. MG's Services will be limited to assisting the Trustee and his professionals in providing private investigation services and they will not be duplicative of any services that are being provided by any of the Trustee's other retained professionals. The Trustee and MG will work with the Trustee's other professionals to ensure clear delineations of their respective roles to prevent duplication of services and to ensure this Chapter 7 Case is administered in the most efficient fashion as is possible.

## NOTICE

30. Notice of this Application has been given to: (i) the United States Trustee; (ii) the Debtor; (iii) MG; (iv) the Manhattan District Attorney; (v) the

United States Attorney for the Eastern District of New York; and (vi) all parties who have filed a Notice of Appearance in this Chapter 7 Case. The Trustee submits that under the circumstances, no other or further notice need be given.

## NO PRIOR REQUEST

31. No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of an Order authorizing the Trustee to retain and employ MG as his private investigators, together with such other and further relief as the Court deems is just and proper.

DATED:  New York, New York
         June 30, 2021

                              ALBERT TOGUT
                              Not Individually But Solely in His
                              Capacity as Chapter 11 Trustee
                              By His Attorneys,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              */s/ Neil Berger*
                              NEIL BERGER
                              BRIAN F. SHAUGHNESSY
                              MINTA J. NESTER
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000