## Exhibit 1

**(Trustee's Letter)**

TOGUT, SEGAL & SEGAL LLP
ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

(212) 594-5000

neilberger@teamtogut.com

July 1, 2021

**BY ELECTRONIC FILING AND EMAIL**

The Honorable David S. Jones
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

Re:    In re Kossoff PLLC, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.)

Dear Judge Jones:

As counsel to Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee of the above-referenced Debtor's estate, we write to you concerning the meet and confer discussions with counsel for Mitchell H. Kossoff ("Kossoff") and to request entry of a scheduling order, substantially in the form attached hereto as Exhibit "A," establishing a timeline for supplemental submissions on remaining disputes between the parties.

A copy of this letter has been shared with Mr. Mack prior to filing and submission to Chambers.

**Background**

On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 36] (the "Designation Motion"), which was opposed by Kossoff. The Court held a hearing to consider the Designation Motion on June 24, 2021 (the "Hearing").[1]

---

[1]    Capitalized terms used but not defined herein shall have the meanings given to them in the Designation Motion.

On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Docket No. 93] (the "Designation Order").  Among other things, the Designation Order provides:

> [C]ounsel for the Trustee and Kossoff shall promptly meet and confer in good faith concerning Kossoff's duties and the identity of documents Kossoff will produce to the Trustee, including the Requested Information and any and all copies and/or electronic back-up materials of same, and describe which items he will not produce to the Trustee, or, if Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right against self-incrimination, Kossoff shall so state, with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue.

The Designation Order further provides that "no later than July 1, 2021, counsel for the Trustee shall file on the docket for the Chapter 7 Case and submit to Chambers a letter (a) reporting the outcome of the parties' meet and confer discussions and (b) proposing a schedule for supplemental submissions to the Court to address any remaining disputes regarding Kossoff's duties and document production obligations."

## Report on Status of Meet and Confer Discussions

On June 25, 2021 and June 30, 2021, counsel for the Trustee and Mr. Mack met and conferred concerning Kossoff's duties and the identity of documents that Kossoff is willing and able to produce to the Trustee.  The parties also exchanged information via email.

To date, Kossoff's criminal counsel has produced only three categories of Requested Information, including:

- List of Debtor's bank accounts with account numbers, though certain account numbers appear to be incomplete;
- Inventories of records seized by law enforcement;  and
- Certain organizational documents of the Debtor, including the articles of organization and operating agreement.[2]

In addition, Mr. Kossoff has agreed to allow the Trustee access to the offices located on the fifth floor of the Premises in order to collect responsive documentation.

Kossoff has declined to prepare the Schedules, or to produce a list of accounts receivable and amounts, absent assurances from the Trustee that doing so would not

---

[2]    Mr. Mack has also indicated that he will be willing to provide the Debtor's and Kossoff's tax returns to the extent that they have not been produced to the Trustee by third-parties.

2

constitute a waiver of Kossoff's Fifth Amendment privilege.[3]   The Trustee respectfully submits that Kossoff's position concerning the Schedules constitutes a blanket invocation of the Fifth Amendment privilege.  As this Court observed at the Hearing, the applicable law provides that "a debtor may not simply refuse to file required schedules on the basis of a blanket assertion of privilege," and "rather privileges need to be asserted on an item-by-item basis as to schedules or as to questions posed."  *See* June 24, 2021 Hr'g Tr. at 24:10-15.  Additionally, the Trustee believes that what he has asked for from Kossoff does not impair his Fifth Amendment privilege or rights and thus, Kossoff's continued refusal to make certain productions or complete the Schedules is unwarranted.  The Trustee is prepared to state for the record that complying with the Trustee's requests for cooperation, Kossoff is not waiving the Fifth Amendment privilege and the Trustee has no objection to an order of this Court that so states.

Notwithstanding the parties' meet and confer discussions, the following categories of information (collectively, the "Additional Disputed Records") also remain subject to dispute between the parties:

- Bank records;
- Cash receipt journals;
- Credit card records;  and
- Records required pursuant to N.Y. Code of Professional Responsibility D.R. 9-102.

Without conceding the existence or possession, custody, or control of the Additional Disputed Records, Kossoff refuses to produce such documents absent an adjudication by the Court.

The Trustee respectfully submits that Kossoff has not established that the Disputed Records are beyond his possession, custody, and control.  The Trustee further believes that, to the extent such documents exist, the Disputed Records should be produced.  Among other things, the Disputed Records constitute required records for which there is no act of production privilege.  *See Doe v. United States (In re Doe),* 711 F.2d 1187, 1191 (2d Cir. 1983) ("Under [the required records] exception, a person whose records are required to be kept by law has no Fifth Amendment protection against self-incrimination when these records are directed to be produced.") (citation omitted).

Supporting the Trustee's position are two state court decisions that were issued this week that held that that the Debtor's financial records "cannot be withheld by [Mr. Kossoff] on Fifth Amendment grounds."  *See* Decision and Order on Motion, *537 Realty Associates LLC v. Kossoff, PLLC, et al.,* Index No. 652289/2021 [NYSCEF Doc. No. 44];  Decision and Order on Motion, *SSM Realty Group II LLC v. Kossoff PLLC, et al.,* Index No. 652305/2021 [NYSCEF Doc. No. 129].  Copies of these decisions are enclosed as Exhibit "B" and Exhibit "C."  The decisions speak for themselves.

---

[3]    While the Trustee has been advised that no comprehensive client list is within Kossoff's possession, custody, or control, Kossoff has declined to attempt to construct such a list based on his recollection or available documentation absent the assurances described here.

**Proposed Briefing Schedule**

Because disputes remain concerning Kossoff's obligations pursuant to the subpoena and orders of this Court, the Trustee respectfully requests entry of a scheduling order, substantially in the form attached hereto as Exhibit "A," providing for supplemental submissions on the remaining disputes regarding Kossoff's duties and document production obligations in connection with the Withheld Materials.

Respectfully yours,

TOGUT, SEGAL & SEGAL LLP
By:
/s/ Neil Berger

Neil Berger

Enclosures

4