UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: | ) | Chapter 7 |
| | ) | Case No. 21-10699 (DSJ) |
| KOSSOFF PLLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**STIPULATION REGARDING REJECTION OF
EXECUTORY CONTRACTS BETWEEN (A) THE DEBTOR AND
OXFORD HEALTH INSURANCE, INC. AND (B) THE DEBTOR AND
UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK**

This Stipulation (the "Stipulation") is entered into among Oxford Health Insurance, Inc.

("OHI") and UnitedHealthcare Insurance Company of New York ("UHIC", and together with

OHI, "United"), creditors of the bankruptcy estate (the "Estate") of Kossoff PLLC (the "Debtor"),

and Albert Togut, solely in his capacity as the as Chapter 7 Interim Trustee of the Debtor's Estate

(the "Trustee", and together with United, the "Parties"):

**RECITALS**

1.      Upon information and belief, the Debtor is a New York domestic professional

service limited liability company that, until April 13, 2021 (the "Petition Date"), operated a law

firm.

2.      United, *inter alia*, provides employers with various health insurance-related

services, including group health insurance coverage.

3.      The Debtor and United are parties to the following group insurances policies:

(i) a group health policy between OHI and the Debtor under Group No.

KP12091*CSP03 (the "Health Policy"), with an effective date of January 1, 2020,

which renewed for an annual term on January 1, 2021, whereby OHI provides group

1

health insurance coverage to employees of the Debtor and their eligible dependents and (ii) a group vision policy between UHIC and the Debtor under Group No. GA8L7416IM (the "<u>Vision Policy</u>", and together with the Health Policy, the "<u>Policies</u>"), with an effective date of January 1, 2021, whereby UHIC provides group vision insurance coverage to employees of the Debtor and their eligible dependents.

4.      Under the Health Policy, a monthly premium is due in advance on the first of each month, but no later than a thirty (30) day grace period after that date (the "<u>Health Grace Period</u>"). If the monthly premium is not paid within the Health Grace Period, the Health Policy terminates automatically on the last day for which premium was paid.

5.      Under the Vision Policy, a monthly premium is due in advance on the first of each month, but no later than a thirty-one (31) day grace period (the "<u>Vision Grace Period</u>").  If the monthly premium is not paid within the Vision Grace Period, the Vision Policy terminates automatically on the last day of the Vision Grace Period.

6.      Post-petition premiums have not been paid under the Policies.

7.      The Debtor is no longer operating and does not have any employees.  Accordingly, the continuation of the Policies is unnecessary and will cause the Estate to incur additional fees.

8.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Trustee of the Debtor and the Estate.

9.      United asserts that for a terminated employee to obtain replacement health insurance, United may be required to provide a COC to the terminated employee. The COC establishes that the terminated employee's insurance has ended.

10.     The Parties acknowledge and agree that:  (1) that the Policies are executory contracts under Section 365 of the Bankruptcy Code, and they should be rejected and terminated as of the Termination Dates (defined below);  and (2) United is authorized, but not obligated, to issue Certificates of Coverage ("COCs") to the Debtor's Terminated Employees (as defined herein).

**NOW THEREFORE, IT IS AGREED AS FOLLOWS:**

1.     This Stipulation shall become effective upon the date that it is "So Ordered" by the Court (the "Effective Date").

2.     Following the execution of this Stipulation by all of the Parties hereto, United shall promptly seek approval of this Stipulation by the Court.  During the period between the execution by Parties and the date that this Stipulation is "So Ordered" by the Court, the Parties agree that this Stipulation shall constitute a binding agreement and that they shall do nothing contrary to the terms set forth herein.

3.     The Policies are executory contracts under Bankruptcy Code § 365.

4.     The Health Policy is rejected and terminated as of the Petition Date (the "Health Policy Termination Date").

5.     The Vision Policy is rejected and terminated as of April 1, 2021(the "Vision Policy Termination Date", and together with the Health Policy Termination Date, the "Termination Dates").

6.     United shall not assert an administrative expense claim in this case for any post-petition amounts owed under the Policies.

7.     United is authorized, but not obligated, to issue COCs to the Debtor's terminated employees.  Any COCs already issued by United are ratified and approved.

3

8.      Except as otherwise expressly provided in this Stipulation, the Parties reserve all of their rights, claims, and defenses as to all matters.  This Stipulation is without prejudice to the rights of the Parties to make any other applications for relief.

9.      This Stipulation is immediately effective on the Effective Date pursuant to F.R.B.P. 6004(h).

10.     This Stipulation may not be modified or terminated, nor any of its provisions waived, except by a written agreement of the Parties that is approved by the Court.

11.     This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

12.     Each person signing this Stipulation represents and warrants that s/he has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

13.     The Parties represent and acknowledge that, in executing this Stipulation, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

14.     No Party shall be deemed to be the drafter of this Stipulation for any purpose. Accordingly, this Stipulation shall be interpreted and construed in a neutral manner in accordance with the plain meaning of the language contained herein and shall not be presumptively construed against any Party.

15.     This Court shall retain exclusive jurisdiction to interpret, enforce, and resolve any

disputes under this Stipulation.

Dated: June 8, 2021

Agreed to by:

**ALBERT TOGUT**                                           **SHIPMAN & GOODWIN LLP**

By His Attorneys                                           */s/ Latonia C. Williams*
TOGUT SEGAL & SEGAL, LLP                                   Latonia C. Williams, Esq.
                                                           One Constitution Plaza
*/s/ Neil Berger*                                          Hartford, Connecticut 06103-1919
                                                           Telephone:    (860) 251-5000
Neil Berger                                                Facsimile:    (860) 251-5218
A Member of the Firm                                       Email:        lwilliams@goodwin.com
One Penn Plaza – Suite 3335
New York, New York 10119
(212) 594-5000                                             *Counsel to Oxford Health Insurance, Inc. and*
                                                           *UnitedHeatlthcare Insurance Company of New*
                                                           *York*
*Not Individually But Solely in His Capacity as*
*Chapter 7 Trustee*

**SO ORDERED**

this 8th day of July, 2021
in New York, New York

_____
        *s/ David S. Jones*
        HONORABLE DAVID S. JONES
        UNITED STATES BANKRUPTCY JUDGE