UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

        In the Matter      :      Chapter 7
                                        Case No. 21-10699 (DSJ)
            -of-               :

KOSSOFF, PLLC,              :

            Debtor.      :

------------------------------X

**KOSSOFF SUPPLEMENTAL SUBMISSION IN OPPOSITION TO THE
REQUEST FOR THE PRODUCTION OF CERTAIN DOCUMENTS
ON THE GROUND THAT THE ACT OF PRODUCTION
WOULD VIOLATE MITCHELL KOSSOFF'S
FIFTH AMENDMENT PRIVILEGE AND MOVING TO QUASH ALL
SUBPOENAS CALLING FOR THE PRODUCTION OF
DOCUMENTS REFLECTING HIS PRIVILEGED COMMUNICATIONS**

Walter Mack, Esq.
Doar Rieck Kaley & Mack
Suite 707
217 Broadway
New York, NY 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

    The Meet-and-Confer Sessions and Mr. Kossoff's Production of
    Certain Documents.................................................................................................................1

    The Debtor PLLC's Operation as a Sole Proprietorship .......................................................2

    The Trustee's Failure to Invoke the Automatic Stay Provisions
    in Ongoing Parallel State and Federal Court Collection Proceedings ...................................3

ARGUMENT .................................................................................................................................4

    I.    THE FIFTH AMENDMENT PRIVILEGE AGAINST
        SELF-INCRIMINATION PROTECTS MR. KOSSOFF FROM
        PREPARING SCHEDULES FOR THE TRUSTEE AND FROM
        THE ACT OF PRODUCING CERTAIN REQUESTED
        DOCUMENT..................................................................................................................4

        A.  Schedules to Be Prepared by Mr. Kossoff are Testimonial in Nature ................6

        B.  Credit Card Records...............................................................................................7

        C.  Bank Records and Cash Receipts Journals .........................................................8

        D.  Documents under DR 9-102 of the
            Rules of Professional Responsibility ...................................................................8

    II.   THE OVERLY BROAD SUBPOENAS SEEKING PRIVILEGED
        COMUNICATIONS WITH MR. KOSSOFF SHOULD BE QUASHED    ……...9

CONCLUSION ........................................................................................................................ 11

## PRELIMINARY STATEMENT

Mitchell H. Kossoff, sole member and sole proprietor of Kossoff, PLLC, makes this submission in accordance with the Order Setting Supplemental Submissions Schedule and Hearing Concerning Kossoff's Production Obligations, dated July 2, 2021 (Doc. No. 108), and in opposition to the request by Albert Togut, not individually but in his capacity as the Chapter 7 Interim trustee ("the Trustee") of the estate of Kossoff, PLLC ("the Debtor"), by his proposed attorneys, Togut, Segal & Segal LLP ("the Togut Firm") to require the production of certain documents and information allegedly possessed by Mitchell Kossoff. Without acknowledging the existence of, or his control over, any responsive documents, Mr. Kossoff again asserts his Fifth Amendment and other Due Process privileges.

**The Meet-and-Confer Sessions and**
**Mr. Kossoff's Production of Certain Documents**

Under order by this Court, on June 25, 2021 and June 30, 2021, counsel for Mr. Kossoff met and conferred with the Trustee and, as a result, Mr. Kossoff, while invoking and preserving his Fifth Amendment rights, produced a number of requested documents, including (i) a list of bank accounts with account numbers, (ii) inventories of the records seized by law enforcement, and (iii) organizational documents of Kossoff, PLLC, including the articles of organization and operating agreement. In addition, Mr. Kossoff agreed to allow the Trustees access to the offices located on the 5th floor at 217 Broadway, New York, New York. Despite the efforts by Mr. Kossoff to cooperate with the Trustee--while also preserving his Fifth Amendment rights against self-incrimination--the Trustee now seeks to compel Mr. Kossoff to prepare schedules and produce other broad categories of documents, *i.e.*, bank records, cash receipts journals, credit card records, and any records required to be maintained pursuant to N.Y. Code of Professional

1

Responsibility D.R. 9-102. The Trustee argues that he "believes what he has asked for from Kossoff does not impair his Fifth Amendment privilege or rights" and that "the Trustee has no objection to an order of this Court that so states." (July 1, 2021 Letter by Trustee at p. 3). The Trustee, however, can provide no assurance that Mr. Kossoff's act of production will not be used against him by a prosecutor or by a criminal jury in determining his fate. The reality is that anything short of immunity as set forth in Section 344 of the Bankruptcy Code and 18 U.S.C. Section 6002, subjects Mr. Kossoff to criminal jeopardy and violates his Constitutional right against self-incrimination. There is no assurance the Court could fashion any order, short of immunity, that would protect his Fifth Amendment privilege and allow Kossoff, PLLC in the person of Mitchell Kossoff to disclose materials or provide testimony that would be self-incriminating

## The Debtor PLLC's Operation as a Sole Proprietorship

The articles of incorporation and operating agreement of the Debtor have been produced by Mr. Kossoff to the Trustee. *See* the accompanying Affirmation of Walter Mack, dated July 9, 2021 ("Mack Aff."), Exhibit 3. These documents reflect that the name of the professional limited liability company Debtor is "Kossoff, PLLC" and the sole member of the company is Mitchell Kossoff. The agreement was executed by "Mitchell Kossoff, Sole Member" and the agreement describes him as holding a 100% membership interest. In other words, the company was essentially operated as a sole proprietorship by Mr. Kossoff. Indeed, Kossoff, PLLC did not file independent tax returns; rather, the company's tax liabilities were included as Schedule C, part of Mr. Kossoff's personal tax returns. And his business cards are addressed to "Mitchell H. Kossoff, Attorney at Law" with "Kossoff, PLLC, 217 Broadway, 4th Floor, New York, N.Y. 1007" as his office address.

2

**The Trustee's Failure to Invoke the Automatic Stay Provisions
in Ongoing Parallel State and Federal Court Collection Proceedings**

Section 362(a)(1) stays commencement or continuation of an action against the debtor that was or could have been commenced before the bankruptcy, or to recover a pre-petition claim. 11 U.S.C. § 362(a)(1). The automatic stay is extremely broad in scope, staying all collection actions, foreclosures, and almost all judicial proceedings against the debtor and the debtor's property, depriving courts of the power to adjudicate default judgment motions. *Id.; see also Maolin Li v. Prodigy Network LLC*, 2021 WL 2037803, *2 (S.D.N.Y May 21, 2021) ("No default judgment can be entered in violation of an automatic stay in bankruptcy… Plaintiff's remedy … can only be had in Bankruptcy Court").

For reasons that remain unclear, the Trustee has not sought to stay these ongoing civil proceedings despite Kossoff, PLLC being, for all intents and purposes, the same as its sole shareholder Mitch Kossoff. Instead, the Trustee, while aware of these collection proceedings, has stood by silently and allowed certain creditors to obtain default judgments, even citing dicta from one of these state court decisions in support of its argument that Mr. Kossoff cannot resist the production of certain documents. *537 Realty Associates LLC v. Kossoff, PLLC, Mitchell Kossoff, Lisa Breier Urban*, Index No. 652289/2021 (Supr. Ct., N.Y County June 28, 2021). The issue before that court was not whether any particular documents needed to be produced by Mr. Kossoff, but rather whether the action should be stayed. Without addressing the bankruptcy court's automatic stay provision, the court denied the motion to stay. And in *SSM Realty Group II LLC v. Kossoff PLLC, Mitchel Kossoff, et al*, Index No. 652305/2021 (Supr. Ct., N.Y. County July 6, 2021), the court recently entered a default judgment. No request for relief from the stay has been sought from this Court. In any event, these issues relating to document production are squarely before this Court, not any parallel collection proceedings.

3

## ARGUMENT

### I.

### THE FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION PROTECTS MR. KOSOFF FROM PREPARING SCHEDULES FOR THE TRUSTEE AND FROM THE ACT OF PRODUCING CERTAIN REQUESTED DOCUMENTS

The Supreme Court has cautioned that the Fifth Amendment should be given "a liberal construction" (*Ullman v. United States*, 350 U.S. 422, 427 (1956)) and that the Self-Incrimination Clause is designed to ensure the government does not compel an accused to use "the contents of his own mind" to secure his own conviction. *Curcio v. United States*, 354 U.S. 118, 128 (1957). Yet that is precisely what is transpiring in this proceeding. The Trustee is demanding that Mr. Kosoff prepare certain schedules and create documents that are inherently testimonial in nature. Likewise, the Trustee seeks to compel Mr. Kossoff to admit that certain broad categories of sought-after documents (i) exist, (ii) are in his possession or control, (ii) are authentic and (iv) match the subpoena's description. The existence, custody and authenticity of certain documents, of course, is often all a prosecutor needs to "furnish a link in the chain of evidence to prosecute." *United States v. Hubbell*, 520 U.S. 27, 37-38 (2000) (*quoting Hoffman v. United States*, 341 U.S. 479, 486 (1951)).

In *Hubbell*, the government issued a vague, broadly worded subpoena duces tecum seeking eleven categories of documents related to an Arkansas corporation. *Hubbell, supra*, 530 U.S. at 31. The individual resisted the subpoena on Fifth Amendment grounds. After the prosecution obtained an order to compel production of the sought-after documents, the individual was forced to produce 13,120 pages of documents that eventually were used to secure his indictment. On appeal, the Supreme Court held that the Self-Incrimination Clause protects a

4

witness from being compelled to disclose the existence of incriminating documents that the Government is unable to describe with "reasonable particularity." *Id.* at 33-34. The Court found the prosecution used a vague and overly broad subpoena to compel his cooperation, which essentially amounted to "a series of interrogatories asking a witness to disclose the existence and location of particular documents fitting certain broad descriptions." *Id.* "[I]t [was] undeniable," the Court continued, "that providing a catalog of existing documents fitting within any of the ... broadly worded subpoena categories could provide a prosecutor with a 'lead to incriminating evidence,' or 'a link in the chain of evidence needed to prosecute.'"*Id.* at 41-42. The Court concluded that this sort of "fishing expedition" is barred by the Fifth Amendment when complying with the subpoena would lead to testimonial self-incrimination.[1] The same holds true here. Mr. Kossoff is being compelled to identify, catalog and produce documents responsive to broad categories of documents sought by subpoena as discussed in more detail below.

The Trustee has argued previously that even though the Debtor was a professional limited liability company operated essentially as a sole proprietorship by Mr. Kossoff, the Fifth Amendment privilege does not apply because the debtor is a "collective entity" rather than an individual, *citing Braswell v. United States*, 487 U.S. 99, 108-114 (1988).[2] In *Braswell*, the Supreme Court noted that the defendant was not prejudiced "because the jury is not told that the defendant produced the records." *Id.* at 118. However, as the Court itself acknowledged,

---

[1] Indeed, the Trustee has acknowledged that he is exercising broad "fishing expedition"-type powers conveyed to him by the Bankruptcy Code

[2] Under New York law, shareholders and officers of professional limited liability companies are *not* shielded from liability for wrongful or negligent acts while rendering professional services. Professional Service Limited Liability Companies, N.Y. Limit Liab. Co. § 1205(a)-(b), *McKinney's Consol. Laws of New York Annotated*. This renders such PLLCs very similar to sole proprietorships, which retain their Fifth Amendment rights against self-incrimination. *United States v. Doe*, 465 U.S. 605, 612-14 (1984);

5

denying the Fifth Amendment rights of a custodian acting as the agent of a single-member business can be problematic. The Court noted:

> We leave open the question whether the agency rationale supports compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records.

*Id.* at 118, n.11.

Such is the case here. Apart from being a company operated as a sole proprietorship and owned by a sole shareholder, the very *name* of the debtor, "Kossoff, PLLC" would lead any reasonable juror to conclude that the act of production is attributable to Mr. Kossoff. And it is the act of producing incriminating documents—many of which the Trustee either has or will be obtaining from third parties—that threatens Mr. Kossoff's Fifth Amendment rights. Furthermore, the Trustee should know by now that Kossoff, PLLC had more than several individuals who served as document custodians comfortable with the books, records and storage systems of the firm, but not Mitchell Kossoff.

The Trustee seeks to require the production of the following categories of documents:

### A. <u>Schedules to be Prepared by Mr. Kossoff are Testimonial in Nature</u>

Section 727(a)(6)(B) of the Bankruptcy Code specifically provides protection to a debtor who invokes his Fifth Amendment rights, unless the debtor has been granted immunity. Because the preparation of the requested schedules requires the extensive use of Mr. Kossoff's knowledge, it is inherently testimonial in nature and creates a real and appreciable danger of self-incrimination. *Securities and Exchange Commission v. Forster*, 147 F.Supp.3d 223, 227-228 (S.D.N.Y. 2015) (upholding act of production privilege and noting that "compulsory compliance with a subpoena is testimonial and violates Fifth Amendment protection where it requires the respondent to make extensive use of the contents of his own mind in identifying documents

6

responsive to the requests in the subpoena") (internal quotations omitted) (*quoting United States v. Hubbell*, 530 U.S. 27, 43 (2000)).

The preparation of schedules goes beyond the production of documents called for by a subpoena; it requires Mr. Kossoff to use "the contents of his own mind" to create documents for the Trustee, including for example, a listing of all creditors known by him to exist. Although Mr. Kossoff has sought to be as cooperative as possible while preserving his rights, he may properly assert the Fifth Amendment to refuse to fill out the schedules since doing so would endanger his privilege against self-incrimination. *In re Wright*, 220 B.R. 543, 544 (S.D.N.Y. 1998) (where the debtor did not file required schedules and declined to provide other requested information, the court noted that a debtor "may assert his Fifth Amendment rights in a bankruptcy proceeding in order to justify a refusal to provide information otherwise relevant to the administration of an estate"); *see also In re Jacques*, 115 B.R. 272, 273-274 (Bankr. Nev. 1990) ("Debtor could properly assert the Fifth Amendment with regard to the financial statements and schedules since the act of completing these forms would be testimonial in that it would convey information") *and compare to In re Brandenberg*, 2007 WL 117391 (Bankr. E.D. Tenn. 2007) ("[t]he debtor, by voluntarily filing his bankruptcy schedules, did waive his Fifth Amendment privilege with respect to questions concerning the statements and schedules themselves" and information contained therein). Accordingly, Mr. Kossoff asserts the Fifth Amendment and declines to create the requested documents.

### B. Credit Card Records

Kossoff, PLLC—Mitchell Kossoff business credit card records and account statements with few exceptions are in the possession of the Trustee in Room 401 at 217 Broadway. Mr.

7

Kossoff will produce any such exceptional card statements to the Trustee once assured that doing so would be without Fifth Amendment consequences.

### C. Bank Records and Cash Receipts Journals[3]

First, it is important to note that the Trustee has served subpoenas on JP Morgan Chase Bank, NA, Valley National Bank, Signature Bank, Citibank, NA, and other banking institutions, to obtain the relevant bank records. Furthermore, as the record makes clear, law enforcement has taken possession of the financial records of the Debtor. *See* Mack Aff., Exhibits 1 and 2 (the Search Warrant and Inventory, respectively, reflect that the authorities took custody, *inter alia*, of "financial records," "bank statements," "bank receipts," "bank payments, "financial folders relating to real estate transactions," "IOLA deposit receipts," "escrow requests and escrow records," servers and hard drives). There is no foregone conclusion that Mr. Kossoff has any responsive documents and, if so, that they are authentic. Without conceding the existence of, or his control over, any documents in these categories, Mr. Kossoff's counsel is prepared to make an *in camera* offer of proof as to certain records and the attendant danger of self-incrimination from their act of production.

### D. Documents Required to be Maintained by DR 9-102 of the Rules of Professional Responsibility

Mr. Kossoff objects to this request under the act-of-production privilege because the production of documents would be testimonial in nature and incriminating. *In re Acquisition Corp.*, 208 B.R. 323, 330 (Bankr. S.D.N.Y. 1997), *aff'd*, 213 B.R. 883 (S.D.N.Y. 1997), *aff'd*, 151 F.3d 75 (2d Cir. 1998). Producing such documents would concede their existence and

---

[3] Broad requests for production with widely cast nets, as here (e.g., "bank records" "other documents requested by the Trustee") are often quashed to protect the defendant. *Hubbell*, 530 U.S. at 44–45; *United States v. Doe*, 465 U.S. 605, 607 n.3 (1984); see also *Securities and Exchange Commission v. Forster*, 147 F.Supp.3d 223, 228-229 (S.D.N.Y. 2015) (upholding act-of-production privilege and quashing subpoena requesting different categories of documents).

8

tacitly acknowledges possession or control by Mr. Kosssoff. Likewise, their production would implicitly authenticate the documents and in doing so provide a link in the chain of incrimination. *In re Acquisition Corp., supra*, 208 B.R. at 330.

Mr. Kossoff has resigned his membership in the Bar. The Grievance Committee of the Bar has requested he produce various documents but has not pursued the matter as of yet after being informed of the ongoing criminal investigation.[4] Mr. Kossoff has communicated his intent to respond to its requests insofar as he is able to once the criminal investigation against him has been concluded.

Without conceding the existence of, or his control over, any documents in these categories, Mr. Kossoff's counsel is prepared to make an *in camera* offer of proof as to certain records and the attendant danger of self-incrimination from their act of production.

## II.

### THE OVERLY BROAD SUBPOENAS SEEKING PRIVILEGED COMMUNICATIONS WITH MR. KOSSOFF SHOULD BE QUASHED

In addition to seeking to deny Mr. Kossoff his Fifth Amendment rights under the Constitution, the Trustee has gone so far as to issue broad subpoenas to two Internet Providers and to Mr. Kossoff's wife, 95-year-old mother, and sons, which will necessarily capture privileged communications. Rule 45(e)(2)(B) of the Federal Rules of Civil Procedure sets forth duties in connection with the disclosure of privileged materials produced in response to subpoenas. Specifically, it provides:

> *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. *After being notified, a party must promptly return, sequester, or destroy the*

---

[4] The Manhattan District Attorney's Office is now the sole prosecutor criminally investigating Kossoff, PLLC and Mitchell Kossoff. The prosecutor makes no distinction between Mr. Kossoff and Kossoff, PLLC in its seizures and demands for evidence and information.

9

*specified information and any copies it has*; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(Emphasis added).[5]

In this case, Mr. Kossoff's counsel alerted the Trustee that its subpoenas to two Internet Providers and to Mrs. Kossoff could result in the capture of communications between Mr. Kossoff and (i) his counsel, (ii) his wife, (iii) his psychotherapist and (iv) other mental health supporters, respectively. Initially the Trustee, in effect, shrugged his shoulders and declined to make any provision whatsoever for the protection of such privileged materials, despite repeated requests. Today, he indicated for the first time a willingness to discuss appropriate next steps regarding privilege. Those sacrosanct communications are protected by privileges such as the attorney-client privilege and work product doctrine, the marital privilege, and the psychotherapist-patient privilege. In addition, the United States Department of Justice has a firmly stated policy that its investigators avoid, unless essential, inquiries which could disrupt family privacy and cohesion. Accordingly, we submit the Trustee is under an obligation to sequester and return such materials.

The fact that Mr. Kossoff has routinely communicated with his lawyers on an ongoing basis concerning the criminal matters and these very proceedings, utilizing one of the very Internet Providers subpoenaed by the Trustee, creates serious concerns, which we submit warrants the Trustee having some protections in place for privileged communications.

Absent the implementation of some procedure for the protection of such privileges, the subpoenas should be quashed and the Trustee should be ordered to promptly return, sequester or

---

[5] Rule 45 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy Rule 9016. *See e.g., In re Grabis*, 2018 WL 6132045, *7 (S.D.N.Y. Nov. 20, 2018).

10

destroy the privileged information it has already obtained and any copies it has, and otherwise comply with the terms of Fed.R.Civ.P 45(e)(2)(b). *See e.g., Todd v. XOOM Energy*, 2018 WL 5081156, *3 (D. Md. 2018) (granting motion to quash subpoena that would obtain privileged medical records, even after production, since under Rule 45(e)(2)(B), if "information produced in response to a subpoena is subject to a claim of privilege," the party that received the information "must promptly return, sequester, or destroy the specified information and any copies it has after notification of the privilege claim").

## CONCLUSION

Mr. Kossoff remains prepared to cooperate fully with the Bankruptcy Court and its Trustee pursuant to a grant of immunity under Section 344 of the Bankruptcy Code.

Dated July 9, 2021

Respectfully submitted,

Walter Mack, Esq.
Doar Rieck Kaley & Mack
Suite 707
217 Broadway
New York, N.Y. 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)

11