UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW COURT
---------------------------------------------------------------x
: 
In re:                                                        :    Chapter 7
:
KOSSOFF PLLC,                                                 :    Case No. 21-10699 (DSJ)
:
            Debtor.                                           :
:
---------------------------------------------------------------x

## ORDER AUTHORIZING THE CHAPTER 7 INTERIM TRUSTEE
## TO RETAIN MINTZ GROUP LLC AS HIS PRIVATE INVESTIGATORS

UPON the application (the "Application")[1] of Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor") in the above-captioned case (the "Chapter 7 Case"), by his attorneys, Togut, Segal & Segal LLP, for entry of an order, pursuant to section 327(c) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the Trustee to retain and employ Mintz Group LLC ("MG") as his private investigators in the Chapter 7 Case; and upon the declaration of Jim Mintz, a member of MG, annexed to the Application as **Exhibit B**; and upon the subjoined non-objection of the United States Trustee for the Southern District of New York; and the Court being satisfied that MG does not represent any interest adverse to the Debtor's estate or the Trustee and that its employment is necessary and in the best interests of this estate, and no further notice being required, it is hereby

---

[1]   Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Application.

**ORDERED** that the Trustee be, and hereby is, authorized to employ MG as his private investigators in connection with the administration of the Debtor's estate, pursuant to section 327(c) of the Bankruptcy Code to perform private investigation services into the financial affairs of the Debtor and its affiliates; and it is further

**ORDERED**, that prior to any increases in MG's rate for providing the aforementioned services, MG shall file a supplemental affidavit ("Supplemental Affidavit") with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any party requiring notice, which shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code, and parties-in-interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on all grounds including, but not limited to, the reasonableness standard under section 330 of the Bankruptcy Code; provided, however, that a Supplemental Affidavit is not required for rate increases effective on or after the date that the Trustee submits the Trustee's Final Report to the United States Trustee; and it is further

*[Concluded on Following Page]*

**ORDERED**, that all compensation and reimbursement of out-of-pocket expenses to MG shall be subject to and paid only upon the entry of further order(s) of this Court pursuant to sections 330 and 331 of the Bankruptcy Code.

DATED: New York, New York
July 15, 2021

                                          *s/ David S. Jones*
                                          HONORABLE DAVID S. JONES
                                          UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:

*/s/ Andrew Velez-Rivera*
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney