**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
        In the Matter               :        Chapter 7
                                                                 :        Case No. 21-10699 (DSJ)
        -of-                                                  :
                                                                 :
        KOSSOFF PLLC,                                  :
                                                                 :
                                                                 :
                                                                 :
                           Debtor.         :
                                                                 :
---------------------------------------------------------------- X

**ORDER COMPELLING MITCHELL H. KOSSOFF TO (1) PRODUCE INFORMATION AND DOCUMENTS REQUIRED BY THE CHAPTER 7 TRUSTEE; (2) APPEAR FOR EXAMINATION AT SECTION 341 MEETINGS OF CREDITORS; AND (3) OTHERWISE COOPERATE WITH THE CHAPTER 7 TRUSTEE**

        The Court having entered the *Order Designating Mitchell H. Kossoff* ("Kossoff") *as the Responsible Officer of the Debtor* [Docket No. 93] (the "Designation Order") finding that Kossoff has the obligation as the responsible officer of Kossoff PLLC (the "Debtor") to perform the duties of the Debtor and to timely cooperate with Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee"), which is necessary for the administration of this estate; and following the Trustee's unsuccessful efforts to obtain Kossoff's full cooperation, the Trustee having made the *Application for an Order*, inter alia, *Compelling* Kossoff *to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Trustee* [Docket No. 36] (the "Motion")[1]; and the Trustee and Kossoff having filed supplemental submissions concerning the Motion and privileges asserted by Kossoff [Docket Nos. 116, 125]; and upon the record of the hearings held on June 24, 2021 and July 22, 2021 (the "July 22 Hearing") and the decision reached at the conclusion thereof, that

---

[1]   Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Motion and the *Trustee's Response to Kossoff Supplemental Submission Pursuant to Order Designating Kossoff as the Responsible Officer of the Debtor* [Docket No. 125].

included that there is a required records doctrine requiring the Debtor to have maintained documents and information, among other things, required by Rule 1.15 of the New York State Rules of Professional Conduct, *see* 22 N.Y.C.R.R. 1200.0, for records that are to be kept in a law firm's course of business, which render production of those records categorically exempt from the act of production privilege; and upon all of the prior pleadings and proceedings had herein; and after due deliberation and sufficient cause being shown therefor; it is hereby

**ORDERED,** that the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment Privilege against self-incrimination and the act of production privilege, for acts of production being compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor; and it is further

**ORDERED**, that Kossoff, not individually but in his representative capacity of the Debtor, is directed to take all steps necessary to perform the Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules, no later than fourteen (14) days from the date hereof, provided, however, that if Kossoff is unable to timely prepare and produce the Requested Schedules, he shall file a written report with the Court within fourteen (14) days of the date hereof, explaining the reason for such failure or delay; and it is further

**ORDERED**, that for the reasons set forth on the record of the July 22 Hearing, Kossoff, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor, is directed to take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee no later than fourteen (14) days from the date hereof; provided, however, that if Kossoff is unable to obtain and timely produce the

Requested Information and the Additional Disputed Records, he shall file a written report with the Court within fourteen (14) days of the date hereof, explaining the reason for such failure or delay;  and it is further

**ORDERED**, that, for the reasons set forth on the record of the July 22 Hearing, Kossoff is directed to appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting;  and it is further

**ORDERED**, that, for the reasons set forth on the record of the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521; and it is further

**ORDERED,** that the Trustee shall serve a copy of this Order upon counsel for Kossoff by email not later that one (1) business day after the date of entry of this Order;  and it is further

**ORDERED**, that compliance with this Order may be, but is not required to be, compelled by the issuance and service of subpoenas by the Trustee by email, FedEx or personal service pursuant to Rule 45 of the Federal Rules of Civil Procedure and Bankruptcy Rules 2004(c) and 9016;  and it is further

**ORDERED,** that this order is without prejudice to the Trustee's right to seek other or further documents or information pertaining to the Debtor and its financial affairs from Kossoff or from any other person, subject to their assertion of applicable privileges and

objections.

Dated: New York, New York
      August 5, 2021

                                      *s/ David S. Jones*
                              HONORABLE DAVID S. JONES
                              UNITED STATES BANKRUPTCY JUDGE