UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                                       :
In re:                                                 :    Chapter 7
                                                       :
KOSSOFF PLLC,                                          :    Case No. 21-10699 (DSJ)
                                                       :
                    Debtor.                            :
                                                       :
-------------------------------------------------------x
```

## ORDER AUTHORIZING RETENTION OF
## KURTZMAN CARSON CONSULTANTS LLC AS
## NOTICING AGENT TO THE CHAPTER 7 INTERIM TRUSTEE

Upon the *ex parte* application (the "Application")[1] of the Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm") for the entry of an order (this "Order") authorizing him to retain and compensate Kurtzman Carson Consultants LLC ("KCC") as his noticing agent (the "Notice Agent"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to perform the Notice Services in the Chapter 7 Cases; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Trustee's retention of KCC as noticing agent in this case is in the best interests of the Debtor's estate and creditors; and after due deliberation and sufficient cause appearing therefor; it is **HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Trustee is authorized to retain KCC as his Noticing Agent in this case pursuant the terms of the Engagement Agreement to perform the Notice Services.

3. KCC is authorized to take such actions as **may** be required to comply with all duties set forth in the Application and the Engagement Agreement. **[DSJ 8/5/2021]**

4. The Trustee is authorized to compensate KCC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

5. KCC shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Trustee.

6. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

7. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of KCC under this Order shall be an administrative expense of the Debtor's estate.

8. The Trustee, the Togut Firm and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application, and they shall coordinate their respective services to avoid duplication of efforts.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. KCC shall not cease providing noticing services during these Chapter 7 Cases for any reason, including nonpayment, without an order of the Court.

12. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: New York, New York
       August 6_, 2021

                                    *s/ David S. Jones*
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:

*/s/ Andrew Velez-Rivera*
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney

4