**HEARING DATE: August 31, 2021 at 10:00 a.m. (ET)**
**OBJECTION DEADLINE: August 24, 2021 at 4:00 p.m. (ET)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Scott E. Ratner
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Interim Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                        :
    In the Matter                       :    Chapter 7
                                        :
        -of-                             :    Case No. 21-10699 (DSJ)
                                        :
KOSSOFF PLLC,                            :
                                        :
                        Debtor.          :
                                        :
------------------------------------------------------------ X

### TRUSTEE'S APPLICATION FOR ORDER
### APPROVING AND AUTHORIZING IMPLEMENTATION
### OF PROCEDURES FOR DISPOSITION OF CLIENT FILES

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7 interim trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), hereby makes this application (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 363(b), 541 and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving and authorizing the implementation of the Trustee's proposed procedures for disposing of the Debtor's client files (the "Client File Procedures"). In support of this Motion, the Trustee

respectfully submits the declaration of Neil Berger, Esq., attached hereto as **Exhibit B** (the "Berger Declaration"), and by and through his undersigned counsel, respectfully states:

### PRELIMINARY STATEMENT

Mitchell Kossoff's ("Kossoff") abrupt departure left his firm's clients in a difficult position. The Trustee wants to help the clients by returning the files for their matters (the "Client Files") that remain at the Debtor's former law offices located at 217 Broadway, Fourth Floor, New York, New York 10007 (the "Premises"). As the record in this case demonstrates, the Trustee has tried to wind up the Debtor's practice without any meaningful assistance from Kossoff, the Debtor's designated officer. Kossoff has yet to provide the Trustee with even a current list of clients. The Trustee with the help of his professionals has been trying to develop a client list for this process.[1]

The Trustee has begun the process of returning Client Files to the Debtor's clients (i) who have sought to retrieve their files and (ii) who do not appear, based on the Trustee's investigation to date, to owe any outstanding amounts to the Debtor's Chapter 7 estate (the "Estate"). However, that process is slow and the continued maintenance of the Client Files that belong to clients that have not yet sought retrieval imposes a significant ongoing burden to the Estate. The Estate incurs substantial monthly obligations for continued use and occupancy of the Premises, due principally to the remaining presence of the Client Files.

Accordingly, the Trustee has developed the Client File Procedures set forth in this Motion to strike an appropriate balance between the Trustee's fiduciary

---

[1] The client list may be incomplete and will be supplemented as additional information becomes available to the Trustee.

2

duties to the Estate and any continuing ethical or professional obligation of the Debtor to its clients, to the extent such obligations exist.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012. Venue is proper pursuant to §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for relief sought herein are sections 105(a), 363(b), 541, and 554 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007.

## BACKGROUND[2]

3. On April 13, 2021 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") against the Debtor thereby commencing the above-captioned case (the "Chapter 7 Case").

4. The Debtor did not answer or otherwise appear in response to the Involuntary Petition, and on May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Dkt. No. 14] (the "Order for Relief"). The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Bankruptcy Rules and Local Rules" (the "Schedules") no later than May 25, 2021.

---

[2] A more fulsome description of the procedural history of this case is set forth in the Trustee's prior pleadings in this case. *See, e.g.,* [Dkt. Nos. 26, 36, 85]

3

5.  On May 12, 2021 (the "Appointment Date"), the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor and its Estate (*see* Dkt. No. 15), accepted his appointment, and duly qualified.

6.  The Debtor has not yet filed any Schedules. Kossoff, the Debtor's founding and its only known managing member, is the subject of an ongoing criminal investigation being conducted by the Manhattan District Attorney, and he has asserted a blanket Fifth Amendment privilege as a basis for his refusal to prepare the Schedules or otherwise cooperate with the Trustee absent a grant of immunity.

7.  On May 28, 2021, the Trustee filed his *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Dkt. No. 36], which Application was granted by an order of the Court dated June 25, 2021 [Dkt. No. 93] (the "Designation Order"). Notwithstanding entry of the Designation Order, or the Court's July 22, 2021 ruling that Kossoff may not assert a Fifth Amendment privilege as a basis to withhold Debtor documents and information, Kossoff continues to assert the Fifth Amendment privilege and refuses to cooperate with the Trustee. Indeed, Kossoff has refused to prepare the Debtor's Schedules and produce a current list of clients.

8.  The Trustee has been advised that the Manhattan District Attorney seized books and records of the Debtor from the Premises prior to the Appointment Date. *See* Dkt. No. 30. To date, the Trustee has been unable to obtain either copies of the books and records seized by the Manhattan District Attorney or detailed an inventory of what was seized.

4

9. The Debtor and Kossoff have also been named as defendants in numerous state and federal court lawsuits that were commenced prior to the Petition Date (collectively, the "Prepetition Actions"). The Prepetition Actions allege causes of action such as legal malpractice, professional negligence, breach of fiduciary duty, breach of contract, conversion, and unjust enrichment. Certain plaintiffs, and other clients of the Debtor which are not involved in the Prepetition Actions, seek to recover their Client Files from the Premises.

10. The Debtor appears to have retained and stored approximately 2,000 banker boxes of Client Files at the Premises. To the best of the Trustee's knowledge and with exception to materials that were seized by the Manhattan DA, all of the remaining Client Files are located at the Premises.

11. The Trustee and his retained professionals are in the process of attempting to compile a schedule of the Debtor's accounts receivable and the Trustee has begun the process of returning Client Files to the Debtor's clients (i) who have sought to retrieve their files and (ii) who do not appear, based on the Trustee's investigation to date, to owe any outstanding amounts to the Debtor's Estate. However, before the Trustee is able to allow other clients to retrieve their Client Files from the Premises, to the extent permitted by applicable law and as part of the Trustee's duties as a fiduciary of the Debtor's Estate, the Trustee is seeking payment of amounts owed to the Debtor by such clients.

12. Should any clients of the Debtor not seek the return of their Client Files, the Trustee intends to dispose of such files in accordance the Client File Procedures set forth below.

**RELIEF REQUESTED**

13. By this Application, the Trustee seeks entry of the Proposed Order, pursuant to sections 105(a), 363(b), 541 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007, approving and authorizing the implementation of the Client File Procedures.

14. The Trustee seeks a finding by this Court that the Client File Procedures, as set forth below, are fair and equitable and, under the circumstances, necessary for the Trustee's administration of the Estate. The Trustee also seeks a finding that the Client File Procedures strike an appropriate balance between the Trustee's fiduciary duties to the Estate and any continuing ethical or professional obligation of the Debtor to its clients, to the extent such obligations exist. Finally, the Trustee seeks the authority to immediately implement the Client File Procedures, as set forth herein.

**BASIS FOR RELIEF**

**A.    Abandonment of Client Files is in Best Interests of Estate**

15. The Client Files constitute property of the Debtor's Estate pursuant to section 541 of the Bankruptcy Code, and the Trustee, as the representative of the Estate, maintains an interest in certain of the information contained in the Client Files. However, while the Trustee has not yet determined which of the Client Files are not necessary for his administration of the Estate, continued maintenance of the Client Files imposes a significant ongoing burden to the Estate. Indeed, the Estate incurs substantial monthly obligations for the continued use and occupancy of the Premises, due principally to the remaining presence of the Client Files.

16. The Debtor's lease agreement for the Premises has been deemed rejected pursuant to Bankruptcy Code section 365(d). This Motion could not have been

6

previously made because the Estate could not afford the proposed costs and expenses of the implementation of the Client File Procedures. As a result, the Trustee has concluded, in his business judgment, that the expedient disposition of the Client Files at this time serves the interests of the Estate and its creditors.

17. Section 554 of the Bankruptcy Code provides a mechanism by which property deemed "burdensome" or of "inconsequential value and benefit" to a debtor's estate may be abandoned. Under different circumstances, this often-utilized provision would be ideal for disposing of the Client Files, which may have no value or benefit to the Debtor or its Estate.

18. However, in consideration of the potential ethical and fiduciary responsibilities applicable to law firms such as the Debtor if dissolved and liquidated outside of the bankruptcy context, the Trustee proposes that he be authorized to implement the proposed Client File Procedures in an abundance of caution, including the relief provided by section 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

19. Prior to the Petition Date, the Debtor was subject to the ethical rules promulgated by the State of New York, which has adopted the ABA Model Rules of Professional Conduct, in modified form (collectively, the "Ethical Rules"). The Ethical Rules address a law firm's handling of its client files. In establishing Client File Procedures, the Trustee has looked to these Ethical Rules for guidance while balancing the existing and prevailing fiduciary duties to the Debtor's creditors and the Estate.

1. *New York Rules of Professional Conduct*

20. The New York Rules of Professional Conduct do not specifically address the disposition of client files where there is a dissolution of a law firm. However, certain provisions, when taken together, are instructive.

7

21. Rule 1.17 of the New York Rules of Professional Conduct, which addresses the sale of a law practice, provides, in relevant part:

> d. Written notice of the sale shall be given jointly by the seller and the buyer to each of the seller's clients and shall include information regarding:
>
> (1) The client's right to retain other counsel or to take possession of the file;
>
> (2) The fact that the client's consent to the transfer of the client's file or matter to the buyer will be presumed if the client does not take any action or otherwise object within 90 days of the sending of the notice, subject to any court rule or statute requiring express approval by the client or a court….

22. Rule 1.15 of the New York Rules of Professional Conduct provides, in relevant part:

> d. Required Bookkeeping Records.
>
> (1) A lawyer shall maintain for seven years after the events which they record:
>
> (i) the records of all deposits in and withdrawals from the accounts specified in Rule 1.15(b) and of any other bank account that concerns or affects the lawyer's practice of law; these records shall specifically identify the date, source and description of each item deposited, as well as the date, payee and purpose of each withdrawal or disbursement;
>
> (ii) a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed;
>
> (iii) copies of all retainer and compensation agreements with clients;
>
> (iv) copies of all statements to clients or other persons showing the disbursement of funds to them or on their behalf;
>
> (v) copies of all bills rendered to clients;

8

    (vi) copies of all records showing payments to lawyers, investigators or other persons, not in the lawyer's regular employ, for services rendered or performed;

    (vii) copies of all retainer and closing statements filed with the Office of Court Administration; and

    (viii) all checkbooks and check stubs, bank statements, prenumbered canceled checks and duplicated deposit slips.

  (2) Lawyers shall make accurate entries of all financial transactions in their records of receipts and disbursements, in their special accounts, in their ledger books or similar records, and in any other books of account kept by them in the regular course of their practice, which entries shall be made at or near the time of the act, condition or event recorded.

  (3) For purposes of Rule 1.15(d), a lawyer may satisfy the requirements of maintaining "copies" by maintaining any of the following items: original records, photocopies, microfilm, optical imaging, and any other medium that preserves an image of the document that cannot be altered without detection.

 h. Dissolution of a Firm.

 Upon the dissolution of any firm of lawyers, the former partners or members shall make appropriate arrangements for the maintenance by one of them or by a successor firm of the records specified in Rule 1.15(d).

  2. *ABA Model Rules of Professional Conduct*

  23. The ABA Model Rules of Professional Conduct, adopted in New York in modified form, articulate three rules, which are also instructive as to the handling of client files in similar, though not directly applicable, situations.

  24. Rule 1.15 – "Safekeeping Property" provides, in relevant part, as follows:

>   (a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of [five years] after termination of the representation.

25. Rule 1.16 – "Declining or Terminating Representation" sets forth, in relevant part, as follows:

>   (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

26. Finally, Rule 1.17 – "Sale of Practice of Law" provides, in relevant part, that:

>   A lawyer or a law firm may sell or purchase a law practice, or an area of law practice, including good will, if the following conditions are satisfied:
>
>   (c) The seller gives written notice to each of the seller's clients regarding:
>
>   (1) the proposed sale;
>
>   (2) the client's right to retain other counsel or to take possession of the file; and
>
>   (3) the fact that the client's consent to the transfer of the client's files will be presumed if the client does not take any action or does not otherwise object within ninety (90) days of receipt of the notice.
>
>   If a client cannot be given notice, the representation of that client may be transferred to the purchaser only upon entry of an order so authorizing by a court having jurisdiction.

> The seller may disclose to the court *in camera* information relating to the representation only to the extent necessary to obtain an order authorizing the transfer of a file.

### 3.   *Application of the Ethical Rules*

27.   The Ethical Rules set forth above focus on the provision of "reasonable notice" to the client before transferring or otherwise disposing of client files. The benchmark notice period is 90 days. While each of the Ethical Rules requires the preservation of copies of client files for a period of 5 to 7 years after the termination of representation, none of these rules appear to have contemplated the sudden and complete dissolution and liquidation of a woefully insolvent law firm such as the Debtor.

28.   When considered in total, the Ethical Rules require attorneys to retain certain files for a period of up to seven years after the closing of a file or, in the instance of a sale of the law practice, to provide a written notice to the client that the file will be transferred or otherwise disposed of within ninety (90) days of the sending of such notice. The client's consent will be presumed if no alternative disposition request is received from the client within that time. *See* Rules 1.17 above.

### 4.   *Similar Relief Granted in Other Cases*

29.   Relief similar to that requested herein has been sought and routinely granted in cases involving the dissolution and liquidation of a law firm. *See LeClairRyan PLLC*, No. 19-34574 (KRH) (Bankr. E.D.Va. Sept. 27, 2019) ("*LeClairRyan*"); *In re Sedgwick, LLP*, No. 18-31087 (HLB) (Bankr. N.D. Cal. Dec. 4, 2018); *In re Dewey & LeBoeuf LLP*, No. 12-12321 (MG) (Bankr. S.D.N.Y. July 13, 2012) ("*Dewey*"); *In re Dreier LLP*, No. 08-15051 (SMB) (Bankr. S.D.N.Y., Feb. 1, 2011); *In re Thelen LLP*, No. 09-15631 (ALG) (Bankr. S.D.N.Y., Dec. 23, 2009); *In re Coudert Brothers LLP*, No. 06-12226 (RDD)

11

(Bankr. S.D.N.Y., Jan. 22, 2007). Copies of the orders entered in the *LeClairRyan* and *Dewey* cases are jointly annexed hereto as **Exhibit C**.

30. The Trustee believes that the Client File Procedures, as proposed herein, are equally protective as those proposed and deemed appropriate by courts in cases where such relief has been granted.

31. The Trustee respectfully submits that the Client File Procedures set forth below present the most effective and efficient approach to the disposition of the Client Files under the circumstances of this Chapter 7 Case, and are in the best interests of the Estate.

### CLIENT FILE PROCEDURES

32. The proposed Client File Procedures and a brief explanation of the rationale for each step of the process, to the extent required, is:

**No. 1. – Within five (5) business days after the entry of the Proposed Order, the Trustee will make reasonable efforts to send copies of the Proposed Order, as entered by this Court, and the "Notice of Intent to Dispose of Client Files," substantially in the form attached hereto as Exhibit D, by email (where available) or by regular mail to those known clients whose files may be included in the Client Files and for whom the Trustee has current contact information.**

Note: Given the nature of the Debtor's prepetition operations and the circumstances under which those operations suddenly ceased, together with the Kossoff's refusal to cooperate with the Trustee's efforts to administer the Estate, the Trustee may not be able to locate all of the Client Files and identify all addresses for each client. However, the Trustee and his retained professionals are in the process of identifying the names and addresses for Client Files found at the Premises. The Trustee is unclear whether such names and addresses remain current as of the date of this Motion, but such information represents the best information that is available to the Trustee. The Trustee will continue to attempt to supplement the list of clients as he discovers additional information.

**No. 2. – Within five (5) business days after entry of the Proposed Order approving the Client File Procedures, the Trustee will make reasonable efforts to send copies of the Proposed Order, as entered by this Court, and the Notice of Intent to Dispose of Client Files to all of the known former attorneys that were employed by the Debtor by email (where available) or by regular mail.**

12

<u>Note</u>:  While the Trustee is not subject to the Ethical Rules, the Trustee is not seeking a ruling regarding the ethical obligations of the individual former attorneys who may or may not be responsible for each particular Client File.  By putting each former attorney on notice of the Client File Procedures, each former attorney may make his/her own determination as to what ethical obligations, if any, may apply.

**No. 3. – The Trustee shall publish a modified form of the Notice of Intent to Dispose of Client Files in the New York edition of the <u>Wall Street Journal</u>.**

<u>Note</u>:  Under all of the relevant circumstances, the Trustee believes that by publishing notice once in the New York edition of the *Wall Street Journal*, the Trustee will provide adequate notice of the Client File Procedures and any other approach would be impracticable.  The Trustee requests that the publication notice annexed hereto as **Exhibit E** (the "<u>Publication Notice</u>") be approved by the Proposed Order.

**No. 4. – The Notice of Intent to Dispose of Client Files will advise that the Trustee may be currently in possession of certain Client Files, which he intends to dispose of as part of his liquidation of the Debtor and administration of the Estate.**

**No. 5. – To claim and retrieve a Client File, an interested party must complete and return a File Retrieval Form which can be obtained by contacting the Trustee's counsel at:**

>Togut, Segal & Segal LLP
>Attn:  Kossoff PLLC Client File Retrieval
>One Penn Plaza, Suite 3335
>New York, New York 10119
>Tel:  (212) 594-5000
>(jgallego@teamtogut.com)
>(eozuna@teamtogut.com)

<u>Note</u>:  The File Retrieval Form, substantially in the form annexed to this Motion as **Exhibit F**, requires the applicant to provide information sufficient to (i) initiate a search for the Client File and (ii) verify, at least initially, the identification of the party seeking the file.  The Trustee requests that the Court approve the approve the File Retrieval Form.

**No. 6. – Thirty (30) days after the date of publication of the Publication Notice and the service of the Notice of Intent to Dispose of Client Files, whichever is later, the Client Files for which no File Retrieval Form has been received shall be deemed abandoned <u>by the respective client</u>.**

<u>Note</u>:  The thirty (30) day notice period is less than the 90-day notice requirement of the Ethical Rules provided to a client in the event of a transfer of a file or the termination of employment, but more than the 14-day notice contained in Bankruptcy Rule 6007.  While none of the Ethical Rules address the Debtor's specific situation, the Trustee believes that a 30-day notice period is reasonable

13

and adequate under the circumstances. The failure of the Debtor has been widely reported by the media, and the Estate cannot (a) continue to sustain the cost of maintaining the Client Files at the Premises or (b) satisfy the costs and expenses of packaging, moving, and storing the Client Files, especially when doing so creates no benefit to the Estate. Moreover, the Trustee respectfully submits that a 30-day notice period is in the best interests of the Estate and that the Court is authorized to implement such notice period pursuant to Bankruptcy Rule 9006(c).

**No. 7. – Furthermore, thirty (30) days after the publication of the Publication Notice or service of the Notice of Intent to Dispose of Client Files, whichever is later, those Client Files for which no File Retrieval Form has been timely received shall be deemed abandoned <u>by the Trustee</u> and without the need for further notice or order of this Court. The Trustee will be permitted to dispose of the Client Files in the manner he deems to be in the best interests of the Estate, provided that any Client Files deemed abandoned must be rendered unreadable by the Trustee.**[3]

<u>Note</u>: The Trustee seeks approval of this provision pursuant to Bankruptcy Code section 544 and Bankruptcy Rule 6007 and in accordance with the Court's equitable powers and its powers under Bankruptcy Code section 105(a). The Trustee respectfully submits that this relief is contemplated by Rule 1.17(c)(3) of the ABA Model Rules of Professional Conduct, which allows a court with jurisdiction to permit the transfer of a file if notice to the client is otherwise not possible. In addition, the Proposed Order includes a finding that the Client File Procedures do not violate any ethical or professional rules that would otherwise require a law firm outside of the bankruptcy context to retain copies of files for a set number of years after the closing of the file.

**No. 8. – To the extent a File Retrieval Form is timely received and to the extent the claimed file is a Client File in possession of the Trustee, all information concerning the location of such file will be made available and such client or former attorney will be provided an opportunity to obtain such file and it will not be disposed of or abandoned by the Trustee if adequate arrangements are made with the Trustee within fifteen (15) days following timely receipt of the File Retrieval Form; provided that the client or former attorney shall pay any and all costs associated with the retrieval of the Client Files and comply with the procedures and insurance requirements of the Debtor's landlord, and the Trustee shall not be liable for any coordination, costs or liabilities associated with the retrieval of the Client Files. The Trustee will retain the right to extend the fifteen (15) day period in his discretion.**

<u>Note</u>: The efforts to retrieve a file for a client upon request will result in a cost to the Estate if not otherwise paid by the former client seeking to retrieve its Client Files. Under the circumstances of this Chapter 7 Case, the Trustee believes that it is appropriate and consistent with applicable provisions of bankruptcy law and relevant rules of professional responsibility to require clients to bear the costs of

---

[3] Abandoned Client Files will be shredded.

14

retrieving their Client Files in the event and to the extent they choose to retrieve same and for such clients to comply with the requirements of the Debtor's landlord.

**No. 9. – Notwithstanding the authority granted to the Trustee to abandon a Client File and/or the timely receipt of a File Retrieval Form, the Trustee, in consultation with his retained professionals, is authorized to make a determination as to (a) which, if any, of the Client Files must be withheld for use in the administration of the Estate and (b) what period of time such Client Files must be retained for such purpose.**

Note:  The Trustee anticipates that certain of its Client Files may be required for use in, among other things, prosecuting and/or defending claims in favor of the Estate, objecting to claims asserted by creditors and/or clients of the Debtor.  It is the Trustee's intention to identify potentially useful Client Files and avoid the destruction and/or abandonment of those files, notwithstanding any authority granted to the Trustee under the Client File Procedures.

**No. 10. – To the extent any dispute arises regarding (a) ownership or entitlement to certain Client Files, or (b) other matters related to the Client File Procedures, the Trustee will attempt to resolve such disputes among the interested parties in good faith and without the need for intervention by this Court.  If, after good faith efforts among the parties to resolve a dispute, such dispute continues and any party expresses to the Trustee a desire for a hearing before this Court, the Trustee will schedule a hearing on not less than 14 days notice to the interested parties so that this Court may consider and resolve the dispute.  All persons wishing to be heard related to the noticed dispute must file and serve papers upon counsel to the Trustee no later than 7 days prior to the established hearing date.  The Trustee shall have an opportunity to respond by filing and serving papers not less than 3 days prior to the established hearing date.**

## NOTICE

33. Notice of this Motion and the annexed Proposed Order has been served upon (the "Notice Parties"):  (i) the Debtor;  (ii) Kossoff, by service upon his criminal counsel;  (iii) the United States Trustee;  (iv) the Manhattan District Attorney;  (v) the United States Attorney for the Eastern District of New York;  and (vi) all parties that have filed a Proof of Claim or a Notice of Appearance in the Chapter 7 Case.  The Trustee submits that, under the circumstances, no other or further notice is necessary.  Once entered, the Trustee will serve the Proposed Order on the Notice Parties and all of the Debtor's known former clients and the known attorneys formerly employed by the

Debtor with a copy of the Notice of Intent to Dispose of Client Files. He will also promptly cause the Publication Notice to be published once in the New York edition of the *Wall Street Journal*.

34. The Trustee respectfully requests that such notice be deemed good and sufficient notice of this Motion under all of the relevant circumstances.

## NO PRIOR REQUEST

35. No previous application for the relief requested herein has been made to this or any other court.

## CONCLUSION

36. Based upon the foregoing, the Trustee seeks approval and authorization to immediately implement the Client File Procedures pursuant to which the Trustee will be able to begin to dispose of certain of the Client Files, the continued maintenance of which is burdensome to the Estate.

*[Concludes on Following Page]*

16

**WHEREFORE,** the Trustee respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, approving and authorizing implementation of the Client File Procedures and granting such other and further relief as is just and proper.

Dated: New York, New York
August 6, 2021

Respectfully submitted,

ALBERT TOGUT
Not individually, but solely in his capacity as
Chapter 7 Interim Trustee of Kossoff PLLC

By His Attorneys
TOGUT, SEGAL & SEGAL LLP
By:

/s/ *Neil Berger*
NEIL BERGER
SCOTT E. RATNER
BRIAN F. SHAUGHNESSY
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

17