JS 44C/SDNY
REV. 10/01/2020

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
In the Matter of Kossoff, PLLC, Chapter 7, Case No. 21-10699 (DSJ)

**DEFENDANTS**

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Neil Berger, Esq., Togut, Segal & Segal LLP - Attorneys at Law
One Penn Plaza, New York, New York 10119/ (212) 594-5000

**ATTORNEYS (IF KNOWN)**
Walter Mack, Esq., Doar Rieck Kaley & Mack
217 Broadway-Suite 707, New York, N.Y. 10007 / (212) 619-3730

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

APPEAL FROM BANKRUPTCY COURT ORDER

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ] Yes [x]    Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No [ ] Yes [ ]    If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [x]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)    **NATURE OF SUIT**

**TORTS**    **ACTIONS UNDER STATUTES**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS   [ ] 880 DEFEND TRADE SECRETS ACT
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[x] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)

## ORIGIN

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
  - [ ] a. all parties represented
  - [ ] b. At least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation (Transferred)
- [x] 7 Appeal to District Judge from Magistrate Judge
- [ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)          **BASIS OF JURISDICTION**          *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Counsel for Albert Togut, in His Capacity as Chapter 7 Interim Trustee:
Neil Berger, Esq., Togut, Segal & Segal LLP
Attorneys at Law, One Penn Plaza
New York, New York 10119 / (212) 594-5000

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Counsel for Debtor Kossoff, PLLC/Mitchell H. Kossoff:
Walter Mack, Esq./ Doar Rieck Kaley & Mack
217 Broadway-Suite 707, New York, New York 10007
(212) 619-3730

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] MANHATTAN

DATE 8/18/21    s/Walter Mack
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. _____ Yr. 1973 )
Attorney Bar Code # 2586

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X

In the Matter : Chapter 7
Case No. 21-10699 (DSJ)
-of- :

KOSSOFF, PLLC, :

Debtor. :

:
---------------------------------X

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that pursuant to Title 28 U.S.C. 158(a), Debtor Kossoff, PLLC and Mitchell H. Kossoff hereby appeal to the United States District Court, Southern District of New York, from an Order of the United States Bankruptcy Court, Southern District of New York, by the Hon. David S. Jones, entered August 5, 2021, compelling Mitchell H. Kossoff to Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee, and finding "inapplicable" Mr. Kossoff's Fifth Amendment Privilege against self-incrimination; and

PLEASE TAKE FURTHER NOTICE that the above named Debtor Kossoff, PLLC and Mitchell H. Kossoff hereby appeal from each and every part of the said Order, and from the whole thereof.

The names of all parties to the Order appealed from are set forth below:

**Counsel for Debtor Kossoff, PLLC/Mitchell H. Kossoff**

Walter Mack, Esq.
David Rivera, Esq.
Doar Rieck Kaley & Mack
217 Broadway-Suite 707
New York, New York 10007
(212) 619-3730

**Counsel for Albert Togut, Not Individually, but
Solely in His Capacity as Chapter 7 Interim Trustee**

Neil Berger, Esq.
Minta J. Nester, Esq.
Brian F. Shoughnessy, Esq.
Togut, Segal & Segal LLP
Attorneys at Law
One Penn Plaza
New York, New York 10119
(212) 594-5000

Dated: New York, New York
August 18, 2021

Respectfully submitted

*[signature]*

Walter Mack, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730 (telephone)
(212) 962-5037 (facsimile)
*Attorney for Mitchell H. Kossoff--
Kossoff, PLLC*

2

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
        In the Matter                                         :   Chapter 7
                                                              :   Case No. 21-10699 (DSJ)
             -of-                                             :
                                                              :
        KOSSOFF PLLC,                                         :
                                                              :
                                                              :
                                            Debtor.           :
                                                              :
------------------------------------------------------------- X

**ORDER COMPELLING MITCHELL H. KOSSOFF TO (1) PRODUCE INFORMATION
AND DOCUMENTS REQUIRED BY THE CHAPTER 7 TRUSTEE; (2) APPEAR FOR
EXAMINATION AT SECTION 341 MEETINGS OF CREDITORS; AND
<u>(3) OTHERWISE COOPERATE WITH THE CHAPTER 7 TRUSTEE</u>**

The Court having entered the *Order Designating Mitchell H. Kossoff* ("Kossoff")

*as the Responsible Officer of the Debtor* [Docket No. 93] (the "Designation Order") finding that

Kossoff has the obligation as the responsible officer of Kossoff PLLC (the "Debtor") to perform

the duties of the Debtor and to timely cooperate with Albert Togut, not individually but solely in

his capacity as the Chapter 7 Interim Trustee (the "Trustee"), which is necessary for the

administration of this estate; and following the Trustee's unsuccessful efforts to obtain

Kossoff's full cooperation, the Trustee having made the *Application for an Order*, inter alia,

*Compelling Kossoff to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear*

*for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and*

*(3) Otherwise Cooperate with the Trustee* [Docket No. 36] (the "Motion")[1]; and the Trustee and

Kossoff having filed supplemental submissions concerning the Motion and privileges asserted by

Kossoff [Docket Nos. 116, 125]; and upon the record of the hearings held on June 24, 2021 and

July 22, 2021 (the "July 22 Hearing") and the decision reached at the conclusion thereof, that

---

[1] Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Motion and the *Trustee's Response to Kossoff Supplemental Submission Pursuant to Order Designating Kossoff as the Responsible Officer of the Debtor* [Docket No. 125].

included that there is a required records doctrine requiring the Debtor to have maintained documents and information, among other things, required by Rule 1.15 of the New York State Rules of Professional Conduct, *see* 22 N.Y.C.R.R. 1200.0, for records that are to be kept in a law firm's course of business, which render production of those records categorically exempt from the act of production privilege; and upon all of the prior pleadings and proceedings had herein; and after due deliberation and sufficient cause being shown therefor; it is hereby

**ORDERED**, that the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment Privilege against self-incrimination and the act of production privilege, for acts of production being compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor; and it is further

**ORDERED**, that Kossoff, not individually but in his representative capacity of the Debtor, is directed to take all steps necessary to perform the Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules, no later than fourteen (14) days from the date hereof, provided, however, that if Kossoff is unable to timely prepare and produce the Requested Schedules, he shall file a written report with the Court within fourteen (14) days of the date hereof, explaining the reason for such failure or delay; and it is further

**ORDERED**, that for the reasons set forth on the record of the July 22 Hearing, Kossoff, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor, is directed to take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee no later than fourteen (14) days from the date hereof; provided, however, that if Kossoff is unable to obtain and timely produce the

Requested Information and the Additional Disputed Records, he shall file a written report with the Court within fourteen (14) days of the date hereof, explaining the reason for such failure or delay; and it is further

**ORDERED**, that, for the reasons set forth on the record of the July 22 Hearing, Kossoff is directed to appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting; and it is further

**ORDERED**, that, for the reasons set forth on the record of the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521; and it is further

**ORDERED,** that the Trustee shall serve a copy of this Order upon counsel for Kossoff by email not later that one (1) business day after the date of entry of this Order; and it is further

**ORDERED,** that compliance with this Order may be, but is not required to be, compelled by the issuance and service of subpoenas by the Trustee by email, FedEx or personal service pursuant to Rule 45 of the Federal Rules of Civil Procedure and Bankruptcy Rules 2004(c) and 9016; and it is further

**ORDERED,** that this order is without prejudice to the Trustee's right to seek other or further documents or information pertaining to the Debtor and its financial affairs from Kossoff or from any other person, subject to their assertion of applicable privileges and

3

objections.

Dated: New York, New York
       August 5, 2021

                                      *s/ David S. Jones*
                                      HONORABLE DAVID S. JONES
                                      UNITED STATES BANKRUPTCY JUDGE