UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

| | | |
|---|---|---|
| In the Matter | : | Appeal from Chapter 7 |
| -of- | : | Bankr. Case No. 21-10699 (DSJ) |
| KOSSOFF PLLC, | : | |
| Debtor. | : | |

-------------------------------X

## MOTION FOR LEAVE TO APPEAL

TO THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:

Pursuant to Title 28 U.S.C. § 158(a), Debtor Kossoff PLLC and its sole member and sole proprietor, Mitchell J. Kossoff (collectively "Appellant Debtor") seek leave to appeal from an order of the United States Bankruptcy Court [Hon. David S. Jones], entered August 5, 2021, holding the Fifth Amendment privilege against self-incrimination and Act of Production privilege "inapplicable" and ordering Mr. Kossoff, who is under criminal investigation, *inter alia*, to testify under oath at a creditors' committee meeting, prepare and create bankruptcy form schedules and produce documents concerning the very matters that are the subject of the criminal investigation.

### FACTUAL BACKGROUND

On April 21, 2021 ("the Petition Date"), creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case.

Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in Manhattan and serviced clients in the real estate industry. The petitioning creditors are clients of the Debtor asserting claims for unreturned funds.

Parallel criminal investigations were commenced by the United States Attorney for the Eastern District of New York and the Manhattan District Attorney's Office into the conduct of the Appellant Debtor, Mitchell H. Kossoff. The District Attorney executed a search warrant at Mr. Kossoff's law firm and personal office, styled as Kossoff PLLC, Mr. Kossoff and TenantTracers, LLC[1] in mid-April, 2021, and seized voluminous files and computers directly relevant to the financial affairs of all said parties. [Docket No. 116]. Those materials remain in the custody of the District Attorney and have not been returned to Mr. Kossoff. The District Attorney has refused to make them available to the Bankruptcy Trustee.

On May 12, 2021, Mr. Albert Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified. [Docket No. 15].

Since May 14, 2021, Debtor's criminal counsel communicated to the Trustee that each of the subjects of the Search Warrant intended to assert their constitutional Fifth Amendment right against self-incrimination upon any inquiry emanating from the Trustee relating to the matters under criminal investigation. [Docket No. 30]. Criminal counsel has been careful not to reveal any of the mental processes or personal decision making of Mitchell Kossoff, the sole member and 100% shareholder of Kossoff, PLLC, and to preserve Mr. Kossoff's Fifth Amendment rights.

---

[1] TenantTracers is a private investigative agency that specializes in non-primary residence and unauthorized sublet cases in New York City.

In addition to not having access to the seized records, Mr. Kossoff no longer has access to his law offices, and his bank accounts have been frozen. The Trustee has issued over 35 third-party subpoenas, including subpoenas for all the requested bank records.

On June 25, 2021, despite his repeated assertion of his Fifth Amendment rights, the Bankruptcy Court entered an Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor. [Docket No. 93].

Pursuant to the June 25 Designation Order, counsel for the Debtor and for the Trustee promptly met and conferred in good faith concerning Mr. Kossoff's duties and identified documents sought by the Trustee. Mr. Kossoff continued to invoke his Fifth Amendment privilege against self-examination and produced only inventories of the records seized by law enforcement (prepared by law enforcement and filed with the New York State Court), Debtor's organizational documents (filed with the New York Secretary of State) and a list of the Debtor's bank accounts. [Docket No. 105].

Although Appellant Debtor continued to invoke his Fifth Amendment rights, the Trustee sought additional documents, the preparation of nonexistent bankruptcy schedules and Mr. Kossoff's examination under oath at the creditors committee meeting, arguing that the Trustee believed what he has asked for from Mr. Kossoff did not impair his Fifth Amendment privilege or rights and that the Trustee had no objection to an order of the Bankruptcy Court that so held. [Docket No. 105 [#1].

In his July 9, 2021 submission to the Bankruptcy Court, Appellant Debtor again invoked his Fifth Amendment rights and the Act of Production privilege and offered to make an *in camera* offer of proof to the Bankruptcy Court Judge providing an explanation as to why the information sought and the documents requested, without conceding their existence, would be

3

self-incriminating to produce and would violate Mr. Kossoff's Constitutional rights. [Docket No. 116 [#1]].

On July 22, 2021, the Bankruptcy Court held a telephonic conference, heard argument from counsel and never afforded or requested that Appellant Debtor make its *in camera* offer of proof regarding the self-incriminatory nature of the requested documents and information, instead ruling that the Debtor has no Fifth Amendment privilege against self-incrimination notwithstanding there being no executive or managerial distinction between Kossoff, PLLC and Mitchell Kossoff. [Docket # 134].

On August 5, 2021, the Court, entered an Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination under oath at a Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee ("the August 5th Order"). In the August 5th Order, the Bankruptcy Court held that Appellant Debtor's Fifth Amendment privilege relating to the matters that are the subject of ongoing criminal proceedings are "render[ed] inapplicable" by the collective entity doctrine. [Docket No. 137].

Appellant Debtor now appeals from the Court's August 5th Order (attached hereto as Exhibit A), which requires that Mr. Kossoff prepare schedules, appear for oral examination under oath at the creditors' committee meeting and produce documents, despite the ongoing criminal investigation into the very subject the Bankruptcy Court has directed Mr. Kossoff to address using his memory and mental faculties.

## QUESTIONS PRESENTED ON APPEAL

Whether Mr. Kossoff's Fifth Amendment right not to incriminate himself in the ongoing criminal proceeding is rendered "inapplicable" in the context of a Chapter 7 bankruptcy

4

proceeding investigating the identical criminal matters. And if so, whether Mr. Kossoff must prepare and create schedules, appear for oral examination under oath at a creditor committee meeting, and produce records on the very matters which are the subject of a criminal investigation.

Whether the Act of Production privilege applies where any reasonable juror would attribute the production of documents by Kossoff PLLC to Mitchell H. Kossoff and whether Appellant Debtor was unfairly denied the opportunity to make an *in camera* submission to the Bankruptcy Judge to establish the self-incriminatory nature of the requested documents and information prior to the Bankruptcy Court's ruling.

Whether the collective entity doctrine applies to a New York Professional Limited Liability Company that is operated, in effect, as a sole proprietorship with a sole member, such that Mr. Kossoff is denied his personal Constitutional right against self-incrimination.

## REASONS FOR GRANTING LEAVE TO APPEAL

Questions of appealability and finality in bankruptcy proceedings are significantly more flexible than the strict standards normally applicable when deciding these questions in the context of appeals from District Court decisions. *See In re Lehman Bros. Proceedings*, 697 F.3d 74 (2d Cir. 2012); *Bowers v. Connecticut Nat'l Bank*, 847 F.2d 1019 (2d Cir. 1988).[2]

Here, once Mr. Kossoff acts to create schedules or provides under oath the oral testimony and information ordered by the Bankruptcy Court, his Fifth Amendment right against self-incrimination will have been waived, never to be restored. Certainly it will be so argued by the

---

[2] The Court may exercise its discretion under 28 U.S.C §158(a)(3) to hear appeals from nonfinal bankruptcy orders. Fed. R. Bankr. Pr. 8004. To guide the Court's discretion, leave to appeal should be granted if the order involves a controlling question of law as to which there is a substantial grounds for difference of opinion and immediate appeal may materially advance the ultimate termination of the litigation as set forth in 28 U.S,.C. §1292(b). *See In re Orange Boat Sales*, 239 B.R. 471, 474 (S.D.N.Y. 1999). The August 5th Order meets both requirements as set forth below.

5

Trustee, the Bankruptcy Judge and by the District Attorney, who normally would not have access to such discovery in the context of a criminal proceeding. For this reason, it is imperative that this Court address this important Constitutional issue while it is still ripe, prior to Mr. Kossoff's testifying at a creditor committee meeting or preparing schedules.

We have located no case law, nor has the Trustee cited case law, addressing whether the collective entity doctrine applies to Professional Limited Liability Companies in New York State, which differ in important ways from Limited Liability Companies generally. Most notably, shareholders and officers of New York PLLCs are *not* shielded from liability for wrongful or negligent acts while rendering professional services. Professional Service Limited Liability Companies, N.Y. Limit Liab. Co. § 1205(a)-(b), *McKinney's Consol. Laws of New York Annotated*. This renders such PLLCs very similar to sole proprietorships, which the Supreme Court has held retain their Fifth Amendment rights against self-incrimination. *United States v. Doe*, 465 U.S. 605, 612-14 (1984).

The legal issue decided by the Bankruptcy Court concerns fundamental Constitutional rights and has far-reaching consequences. The Bankruptcy Court's ruling should it be affirmed means that the vast number of small-business owners who have formed PLLCs or LLCs as a prudent business decision have, by doing so, automatically waived their personal Constitutional Fifth Amendment rights, subjecting them to compelled testimony and complete business document production under collective entity principles. The Bankruptcy Court rendered its decision without examining or discussing the Professional Limited Liability Company statute or the impact under New York State law on all sole-member professional limited liability companies.

Moreover, Mr. Kossoff cannot be said to be presently employed by the PLLC, which is winding up because of recent events. The Second Circuit has held that under such circumstances, documents are no longer held in a representative capacity and are therefore not subject to the collective entity doctrine. *See In re Grand Jury Subpoena Duces Tecum Dated January 29, 1999*, 191 F.3d 173, 183 (2d Cir. 1999).

Furthermore, case law addressing the Fifth Amendment does protect individuals under criminal investigation from generating or creating bankruptcy schedules since such acts are inherently testimonial in nature. *In re Wright*, 220 B.R. 543, 544 (S.D.N.Y. 1998) (where the debtor did not file required schedules and declined to provide other requested information, the court noted that a debtor "may assert his Fifth Amendment rights in a bankruptcy proceeding in order to justify a refusal to provide information otherwise relevant to the administration of an estate"); *see also In re Jacques*, 115 B.R. 272, 273-274 (Bankr. Nev. 1990) ("Debtor could properly assert the Fifth Amendment with regard to the financial statements and schedules since the act of completing these forms would be testimonial in that it would convey information"); *compare to In re Brandenberg*, 2007 WL 117391 (Bankr. E.D. Tenn. 2007) ("[t]he debtor, by voluntarily filing his bankruptcy schedules, did waive his Fifth Amendment privilege with respect to questions concerning the statements and schedules themselves" and information contained therein).

Finally, an immediate appeal from the August 5th Order may materially advance the ultimate termination of this litigation by permitting time for the criminal process to conclude and, in addition, permit the Trustee to mine and evaluate the voluminous information already collected and subpoenaed. An appellate decision assessing the merits of the Bankruptcy Court's August 5th Order will also avoid the delay occasioned by Mr. Kossoff's invocation of his Fifth

7

Amendment rights when information is sought by the Trustee, creditors and claimants, through likely arduous proceedings, without a grant of immunity. Addressing this issue now will allow the underlying bankruptcy proceeding to advance more quickly and efficiently toward final resolution.

## CONCLUSION

WHEREFORE, the Motion for Leave to Appeal should be granted.

### Counsel for Debtor Kossoff, PLLC/Mitchell H. Kossoff

Walter Mack, Esq.
David Rivera, Esq.
Doar Rieck Kaley & Mack
217 Broadway-Suite 707
New York, New York 10007
(212) 619-3730

### Counsel for Albert Togut, Not Individually, but Solely in His Capacity as Chapter 7 Interim Trustee

Neil Berger, Esq.
Minta J. Nester, Esq.
Brian F. Shaughnessy, Esq.
Togut, Segal & Segal LLP
Attorneys at Law
One Penn Plaza
New York, New York 10119
(212) 594-5000

Dated: New York, New York
August 18, 2021

Respectfully submitted,

Walter Mack, Esq.
David Rivera, Esq.
Dar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, N.Y. 1007
(212) 619-3730
wmack@doarlaw.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                  :
   In the Matter                                  :   Chapter 7
                                                  :   Case No. 21-10699 (DSJ)
         -of-                                     :
                                                  :
                                                  :
   KOSSOFF PLLC,                                  :
                                                  :
                                                  :
                                                  :
                              Debtor.             :
                                                  :
                                                  :
----------------------------------------------------------------- X

### ORDER COMPELLING MITCHELL H. KOSSOFF TO (1) PRODUCE INFORMATION AND DOCUMENTS REQUIRED BY THE CHAPTER 7 TRUSTEE; (2) APPEAR FOR EXAMINATION AT SECTION 341 MEETINGS OF CREDITORS; AND (3) OTHERWISE COOPERATE WITH THE CHAPTER 7 TRUSTEE

The Court having entered the *Order Designating Mitchell H. Kossoff* ("Kossoff") *as the Responsible Officer of the Debtor* [Docket No. 93] (the "Designation Order") finding that Kossoff has the obligation as the responsible officer of Kossoff PLLC (the "Debtor") to perform the duties of the Debtor and to timely cooperate with Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee"), which is necessary for the administration of this estate; and following the Trustee's unsuccessful efforts to obtain Kossoff's full cooperation, the Trustee having made the *Application for an Order*, inter alia, *Compelling Kossoff to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Trustee* [Docket No. 36] (the "Motion")[1]; and the Trustee and Kossoff having filed supplemental submissions concerning the Motion and privileges asserted by Kossoff [Docket Nos. 116, 125]; and upon the record of the hearings held on June 24, 2021 and July 22, 2021 (the "July 22 Hearing") and the decision reached at the conclusion thereof, that

---

[1] Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Motion and the *Trustee's Response to Kossoff Supplemental Submission Pursuant to Order Designating Kossoff as the Responsible Officer of the Debtor* [Docket No. 125].

included that there is a required records doctrine requiring the Debtor to have maintained documents and information, among other things, required by Rule 1.15 of the New York State Rules of Professional Conduct, *see* 22 N.Y.C.R.R. 1200.0, for records that are to be kept in a law firm's course of business, which render production of those records categorically exempt from the act of production privilege; and upon all of the prior pleadings and proceedings had herein; and after due deliberation and sufficient cause being shown therefor; it is hereby

**ORDERED,** that the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment Privilege against self-incrimination and the act of production privilege, for acts of production being compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor; and it is further

**ORDERED,** that Kossoff, not individually but in his representative capacity of the Debtor, is directed to take all steps necessary to perform the Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules, no later than fourteen (14) days from the date hereof, provided, however, that if Kossoff is unable to timely prepare and produce the Requested Schedules, he shall file a written report with the Court within fourteen (14) days of the date hereof, explaining the reason for such failure or delay; and it is further

**ORDERED,** that for the reasons set forth on the record of the July 22 Hearing, Kossoff, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor, is directed to take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee no later than fourteen (14) days from the date hereof; provided, however, that if Kossoff is unable to obtain and timely produce the

2

Requested Information and the Additional Disputed Records, he shall file a written report with the Court within fourteen (14) days of the date hereof, explaining the reason for such failure or delay; and it is further

**ORDERED**, that, for the reasons set forth on the record of the July 22 Hearing, Kossoff is directed to appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting; and it is further

**ORDERED**, that, for the reasons set forth on the record of the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521; and it is further

**ORDERED**, that the Trustee shall serve a copy of this Order upon counsel for Kossoff by email not later that one (1) business day after the date of entry of this Order; and it is further

**ORDERED**, that compliance with this Order may be, but is not required to be, compelled by the issuance and service of subpoenas by the Trustee by email, FedEx or personal service pursuant to Rule 45 of the Federal Rules of Civil Procedure and Bankruptcy Rules 2004(c) and 9016; and it is further

**ORDERED**, that this order is without prejudice to the Trustee's right to seek other or further documents or information pertaining to the Debtor and its financial affairs from Kossoff or from any other person, subject to their assertion of applicable privileges and

3

objections.

Dated: New York, New York
       August 5, 2021

                                            *s/ David S. Jones*
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. Bank. P. 8013(f)(3)(A) because, excluding the parts of the document exempted by Fed. R. Bank. P. 8015(g), this document contains 2,036 words.

This document complies with the typeface requirements of Fed. R. Bank. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 12 Times New Roman.

August 18, 2021

_s/ Walter Mack_
Walter Mack