WALTER MACK, ESQ.
DAVID RIVERA, ESQ.
DOAR RIECK KALEY & MACK
217 BROADWAY, SUITE 707
NEW YORK, N.Y. 10007
(212) 619-3730
wmack@doarlaw.com

*Attorneys for Debtor Kossoff, PLLC
and Mitchell H. Kossoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       In the Matter             :        Chapter 7
                                           Case No. 21-10699 (DSJ)
       -of-                :

KOSSOFF, PLLC,            :

               Debtor.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## NOTICE OF FILING OF REPORT
## PURSUANT TO AUGUST 5TH ORDER

**PLEASE TAKE NOTICE** that the August 5, 2021 *Order Compelling Kossoff to (1)*

*Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under*

*Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate*

*with the Trustee* [Docket No. 137] provided that "[I]f Kossoff is unable to timely prepare and

produce the Requested Schedules, he shall file a written report with the Court within fourteen

(14) days of the date hereof, explaining the reason for such failure or delay;" and "[I]f Kossoff is

unable to obtain and timely produce the Requested Information and Additional Requested

Records he shall file a written report with the Court within fourteen (14) Days of the date hereof,

explaining the reason for such failure or delay" (the "Debtor's Letter").

Hon. David S. Jones
August 19, 2021
Page 2

**PLEASE TAKE FURTHER NOTICE** that a copy of the Debtor's Letter is annexed

hereto as Exhibit "A."


Dated  New York, New York
       August 19, 2021

Respectfully submitted,

s/Walter Mack
Walter Mack, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, N.Y. 1007
(212) 619-3730
wmack@doarlaw.com

*Counsel for Debtor Kossoff, PLLC and
Mitchell H. Kossoff*

Exhibit A

(Debtor's Letter)

# DOAR RIECK KALEY & MACK

ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JOHN F. KALEY
DAVID RIVERA
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

August 19, 2021

BY ELECTRONIC FILING AND EMAIL

The Honorable David S. Jones
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 1004

Re: *In re Kossoff, PLLC*, Case No. 21-10699(DSJ) (Bankr. S.D.N.Y.)

Dear Judge Jones:

We represent the Debtor Kossoff PLLC and Mitchell H. Kossoff and we write in accordance with the requirement in the Court's Order of August 5, 2021, that we submit a report to the Court within 14 days of the date thereof in the event Mr. Kossoff did not prepare certain schedules or produce certain documents and information requested by the Trustee within the 14-day period set forth therein.

After serious prolonged consultation with our client, we recently determined given the ongoing criminal investigation and the imminence of its final determination that we must act to preserve our client's Constitutional right against self-incrimination at this time. Accordingly, yesterday we filed a Notice of Appeal of the August 5th Order and a Motion for Leave to Appeal to the District Court. Additionally, today we have filed with Your Honor a motion to stay the effectiveness of the August 5th Order until such time as the appellate court has had the opportunity to assess the Court's ruling. We are concerned that once Mr. Kossoff acts to create schedules or provides oral testimony under oath and information and documents requested by the Trustee, his Fifth Amendment right against self-incrimination will have been waived, conceptually never again to be restored. Also, his appeal would be mooted, in effect, depriving him of his appellate rights.

Hon. David S. Jones                    -2-                    August 19, 2021

Furthermore, we also note that Mr. Kossoff is presently locked out of his office and lacks the computer savvy, resources, access to information and the personnel assistance necessary to comply with the Trustee's requests for schedules, documents and information. The Debtor law firm is no longer a functioning unit under Mr. Kossoff's control. He therefore cannot provide the documents and information sought. At best, all he can do is draw upon his memory and mental faculties and, in effect give testimonial evidence by creating new documents (the requested schedules) and producing documents and information pertaining to claims of criminal conduct being investigated and close to resolution by law enforcement as this letter is being written. Under these circumstances, we would respectfully request that the appeal be resolved before Mr. Kossoff is compelled to comply with the August 5th Order.

We thank the Court for its consideration.

Respectfully submitted,

Walter Mack, Esq.