HEARING DATE: September 14, 2021
OBJECTION DEADLINE: August 31, 2021

WALTER MACK, ESQ.
DAVID RIVERA, ESQ.
DOAR RIECK KALEY & MACK
217 BROADWAY, SUITE 707
NEW YORK, N.Y. 10007
(212) 619-3730
wmack@doarlaw.com

*Attorneys for Debtor Kossoff, PLLC
and Mitchell H. Kossoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------X

In the Matter           :       Chapter 7
                                Case No. 21-10699 (DSJ)
-of-                    :

KOSSOFF, PLLC,          :

            Debtor.     :

------------------------------X

**DEBTOR'S MOTION FOR LIMITED STAY PENDING APPEAL OF
THE AUGUST 5, 2021 ORDER HOLDING THE FIFTH AMENDMENT
PRIVILEGE AGAINST SELF-INCRIMINATION INAPPLICABLE
TO DEBTOR AND COMPELLING MITCHELL KOSSOFF
TO CREATE DOCUMENTS, TO APPEAR FOR EXAMINATION
AT THE CREDITOR COMMITTEE MEETING, AND
<u>TO PRODUCE DOCUMENTS AND OTHER INFORMATION</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ......................................................................................................1

RELIEF REQUESTED ................................................................................................................4

ARGUMENT ................................................................................................................................5

    I.    ENFORCEMENT OF THE AUGUST 5TH ORDER SHOULD BE STAYED
        PENDING APPEAL ..........................................................................................................5

        A. There is a Likelihood of Success on the Merits ....................................................6

        B. Movant Would Suffer Irreparable Harm if a Stay is Not Granted ........................9

        C. The Other Parties Will Not Suffer Injury in the Proceedings .............................10

        D. Public Interest Considerations Weigh in Favor of a Stay ...................................11

        E. Movant Should Not Be Required to Post a Bond ................................................12

NOTICE ......................................................................................................................................13

NO PRIOR REQUEST ..............................................................................................................13

CONCLUSION ...........................................................................................................................15

EXHIBIT "A" .............................................................................................................................15

# TABLE OF AUTHORITIES

## CASE LAW

*Brenntag Int'l Chems. Inc. v. Bank of India,*
   175 F.3d 245 (2d Cir. 1999) ..................................................................................... 9

*Grote v. Sebelius,*
   708 F.3d 850 (7th Cir. 2013) ..................................................................................... 6

*In re A & F Enters., Inc. II,*
   742 F.3d 763 (7th Cir. 2014) ..................................................................................... 5

*In re Adelphia Commc'ns Corp.,*
   361 B.R. 337 (S.D.N.Y. 2007) ................................................................................... 5

*In re Brandenberg,*
   2007 WL 117391 (Bankr. E.D. Tenn. 2007) .............................................................. 9

*In re Countrywide Home Loans, Inc.,*
   387 B.R. 467 (Bankr. W.D. Pa. 2008) ....................................................................... 5

*In re Finova Group, Inc.,*
   2007 WL 3238764, at *2 (D. Del. Oct. 3, 2007) ..................................................... 12

*In re Forest Grove, LLC,*
   448 B.R. 729 (Bankr. D.S.C. 2011) ........................................................................... 9

*In re Grand Jury Subpoena Duces Tecum Dated January 29, 1999,*
   191 F.3d 173 (2d Cir. 1999) ....................................................................................... 8

*In re Jacques,*
   115 B.R. 272 (Bankr. Nev. 1990) .............................................................................. 8

*In re Julmice,*
   458 B.R. 657 (E.D.N.Y. 2011) ................................................................................ 11

*In re Mareca,*
   131 B.R. 774 (S.D.N.Y. 1991) ................................................................................ 11

*In re Revel AC, Inc.,*
   802 F.3d 558 (3d Cir. 2015) ....................................................................................... 5

*In re Sphere Holding Corp.,*
   162 B.R. 639 (E.D.N.Y. 1994) ................................................................................ 12

*In re Suprema Specialties, Inc.*, 330 B.R. 93, 95 (S.D.N.Y. 2005) ................................................6

*In re Taub*,
    2010 WL 3911360, at *9 (Bankr. E.D.N.Y. Oct. 1, 2010) ...............................................11

*In re Thapa v. Gonzales*,
    460 F.3d 323 (2d Cir. 2006).................................................................................................5

*In re Tribune Co.*,
    477 B.R. 465 (Bankr. D. Del. 2012 .....................................................................................10

*In re Wright*
    220 B.R. 543 (S.D.N.Y. 1998)..............................................................................................8

*Long v. Robinson*,
    432 F.2d 977 (4th Cir. 1970) ..............................................................................................10

*Nken v. Holder*,
    556 U.S. 418 (2009)..............................................................................................................5

*Realvirt LLC v. Lee*,
    220 F. Supp. 3d 704 (E.D. Va. 2016) ...................................................................................6

*United States v. Doe*,
    465 U.S. 605 (1984)..............................................................................................................7

*United States v. Morton*,
    993 F.3d 198 (3rd Cir. 2021) .................................................................................................7

## STATUTES AND RULES

Fed. R. Bankr. P. 8007......................................................................................................................5

Fed. R. Bankr. P. 8007(e) .................................................................................................................5

Professional Service Limited Liability Companies, N.Y. Limit Liab. Co.
    § 1205(a)-(b), *McKinney's Consol. Laws of New York Annotated*......................................7

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Kossoff PLLC and Mitchell J. Kossoff ("Movant") hereby make this application (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order") pursuant to Rule 8007(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), staying enforcement of the Bankruptcy Court's Order, dated August 5, 2021, ("August 5th Order") pending Movant's appeal of same. In support of this Motion, Movant respectfully represents the following:

## PRELIMINARY STATEMENT

By this Motion, Movant asks this Court to stay the enforcement of the August 5th Order pending Movant's appeal to the United States District Court of the Southern District of New York. Movant recently filed a Notice of Appeal and Motion for Leave to File Appeal. Once Mr. Kossoff testifies and prepares schedules, his Fifth Amendment privilege will be forever waived and cannot be restored. The fundamental Constitutional issues addressed in the August 5th Order have far-reaching consequences and merit appellate review. For this reason, Movant respectfully requests that the Court's Order be stayed until the appellate courts have ruled on the subject.[1]

## FACTUAL BACKGROUND

1. Parallel criminal investigations were commenced by the United States Attorney for the Eastern District of New York and the Manhattan District Attorney's Office into the conduct of the Appellant Debtor, Mitchell H. Kossoff. The District Attorney executed a search warrant at Mr. Kossoff's law firm and personal office, styled as Kossoff PLLC, Mr. Kossoff and

---

[1] Pursuant to Rule 8007(a)(2) of the Federal Rules of Bankruptcy Procedure, this Court retains jurisdiction to enter a stay of an order after a notice of appeal is filed.

TenantTracers, LLC[2] in mid-April, 2021, and seized voluminous files and computers directly relevant to the financial affairs of all said parties. [Docket No. 116]. Those materials remain in the custody of the District Attorney and have not been returned to Mr. Kossoff. The District Attorney has refused to make them available to the Bankruptcy Trustee.

2. On April 21, 2021 ("the Petition Date"), creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case.

3. Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in Manhattan and serviced clients in the real estate industry. The petitioning creditors are clients of the Debtor asserting claims for unreturned funds.

4. On May 12, 2021, Mr. Albert Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified. [Docket No. 15].

5. Since May 14, 2021, Debtor's criminal counsel communicated to the Trustee that each of the subjects of the Search Warrant intended to assert their constitutional Fifth Amendment right against self-incrimination upon any inquiry emanating from the Trustee relating to the matters under criminal investigation. [Docket No. 30]. Criminal counsel has been careful not to reveal any of the mental processes or personal decision making of Mitchell Kossoff, the sole member and 100% shareholder of Kossoff, PLLC, and to preserve Mr. Kossoff's Fifth Amendment rights.

6. In addition to not having access to the seized records, Mr. Kossoff no longer has access to his law offices, and his bank accounts have been frozen. The Trustee has issued over 35 third-party subpoenas, including subpoenas for all the requested bank records.

---

[2] TenantTracers is a private investigative agency that specializes in non-primary residence and unauthorized sublet cases in New York City.

2

7. On June 25, 2021, despite his repeated assertion of his Fifth Amendment rights, the Court entered an Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor. [Docket No. 93].

8. Pursuant to the June 25 Designation Order, counsel for the Debtor and for the Trustee promptly met and conferred in good faith concerning Mr. Kossoff's duties and identified documents sought by the Trustee. Mr. Kossoff continued to invoke his Fifth Amendment privilege against self-examination and produced only inventories of the records seized by law enforcement (prepared by law enforcement and filed with the New York State Court), Debtor's organizational documents (filed with the New York Secretary of State) and a list of the Debtor's bank accounts. [Docket No. 105].

9. Although Debtor continued to invoke his Fifth Amendment rights, the Trustee sought additional documents, the preparation of nonexistent bankruptcy schedules and Mr. Kossoff's examination under oath at the creditors committee meeting, arguing that the Trustee believed what he has asked for from Mr. Kossoff did not impair his Fifth Amendment privilege or rights and that the Trustee had no objection to an order of the Bankruptcy Court that so held. [Docket No. 105 [#1].

10. In his July 9, 2021 submission to the Court, Appellant Debtor again invoked his Fifth Amendment rights and the Act of Production privilege and offered to make an *in camera* offer of proof providing an explanation as to why the information sought and the documents requested, without conceding their existence, would be self-incriminating to produce and would violate Mr. Kossoff's Constitutional rights. [Docket No. 116 [#1]].

11. On July 22, 2021, the Court held a telephonic conference, heard argument from counsel and never afforded or requested that Debtor make its *in camera* offer of proof regarding

3

the self-incriminatory nature of the requested documents and information, instead ruling that the Debtor has no Fifth Amendment privilege against self-incrimination notwithstanding there being no executive or managerial distinction between Kossoff, PLLC and Mitchell Kossoff. [Docket # 134].

12. On August 5, 2021, the Court, entered an Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination under oath at a Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee ("the August 5th Order"). In the August 5th Order, the Court held that Debtor's Fifth Amendment privilege relating to the matters that are the subject of ongoing criminal proceedings are "render[ed] inapplicable" by the collective entity doctrine. [Docket No. 137].

13. Debtor has appealed from the Court's August 5th Order, which requires that Mr. Kossoff use his memory, kowledge and mental faculties to prepare schedules, appear for oral examination under oath at the creditors' committee meeting, and produce documents, despite the ongoing criminal investigation into the very subject the Court has directed Mr. Kossoff to address. This Order by the Court directs testimonial information from Mr. Kossoff and, as such, deprives him of his Constitutional rights.

### **RELIEF REQUESTED**

14. By this Motion, the Movant seeks entry of an order pursuant to Bankruptcy Rule 8007(a) holding in abeyance and staying enforcement of the August 5th Order pending resolution of Movant's appeal of the Order.

15. A proposed form of order granting the relief requested in this Motion is attached hereto as Exhibit "A" ("**Proposed Order**").

4

## **ARGUMENT**

### **I.**

### **ENFORCEMENT OF THE AUGUST 5TH ORDER SHOULD BE STAYED PENDING APPEAL**

16. A party appealing an order of the bankruptcy court may move the court to issue a stay of its order or otherwise suspend proceedings in the case during the pendency of the appeal to protect the rights of all parties in interest. Fed. R. Bankr. P. 8007(a) and (e).

17. A stay pending appeal is an exercise of judicial discretion, the issuance of which is dependent on the circumstances of the particular case. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). When deciding whether to issue a stay under Bankruptcy Rule 8007, courts consider similar factors that are required for the issuance of a preliminary injunction. *See In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). These factors include whether: (i) the movant has demonstrated a strong showing that it is likely to succeed on the merits; (ii) the movant will suffer irreparable injury absent a stay; (ii) other parties will not suffer injury if a stay is issued; and (iv) the public interest is affected. *Nken*, 556 U.S. at 434; *In re Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006); *see also In re Revel AC, Inc.*, 802 F.3d 558, 571 (3d Cir. 2015).

18. Courts apply a more flexible overall balancing of all the factors so that a movant's failure to demonstrate one or more of the factors is not necessarily fatal to the stay request. *Thapa v. Gonzales*, 460 F.3d at 334; *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007); *see also In re Countrywide Home Loans, Inc.*, 387 B.R. 467, 471-72 (Bankr. W.D. Pa. 2008); Although a moving party must generally demonstrate that it has a likelihood of success on the merits, "[t]he more the balance of harms tips in favor of an injunction, the lighter the burden on the party seeking the injunction to demonstrate that it will ultimately prevail."

*Grote v. Sebelius*, 708 F.3d 850, 853 n.2 (7th Cir. 2013). Here, given the fundamental Constitutional issues being addressed on appeal, the scales tip decisively in favor of a stay.

19. Because each of these four factors weigh in favor of a stay, this Court should stay the enforcement of the August 5th Order pending resolution of Movant's appeal. This will also allow ongoing discussions with New York State District Attorney's Office to conclude and for a determination to be made regarding the prospect of criminal charges against Mr. Kossoff.

A. **There is a Likelihood of Success on the Merits**

20. For the first factor, the Movant can show a likelihood it will succeed on the merits on appeal. *In re Revel AC, Inc.*, 802 F.3d 558 at 568-69 ("while it is not enough that the chance of success on the merits be better than negligible . . . the likelihood of winning on appeal need not be more likely than not" (internal quotations omitted)). However, "the first factor 'does _not_ require the Court to change its mind or conclude that its determination on the merits was erroneous.'" *Realvirt LLC v. Lee*, 220 F. Supp. 3d 704, 705–06 (E.D. Va. 2016) (quotations omitted) (emphasis added). Rather, "the question with respect to the first factor is whether 'the issues presented on appeal could be rationally resolved in favor of the party seeking the stay.'" *Id.* at 706; *In re Suprema Specialties, Inc.*, 330 B.R. 93, 95 (S.D.N.Y. 2005) ("The Second Circuit has clarified that …the degree of possibility of success on appeal will vary according to the court's assessment of the other stay factors").

21. As addressed below, the issues presented on appeal could rationally be resolved in favor of Movant, thereby satisfying the first factor for granting a stay. We have found no case law, nor has the Trustee cited case law, addressing whether the collective entity doctrine applies to Professional Limited Liability Companies in New York State, which differ in important ways from Limited Liability Companies generally. Most notably, shareholders and officers of New

6

York PLLCs are *not* shielded from liability for wrongful or negligent acts while rendering professional services. Professional Service Limited Liability Companies, N.Y. Limit Liab. Co. § 1205(a)-(b), *McKinney's Consol. Laws of New York Annotated*. Also, the articles of incorporation and operating agreement of the Debtor reflect that the name of the professional limited liability company Debtor is "Kossoff, PLLC" and the sole member of the company is Mitchell Kossoff. Indeed, Kossoff, PLLC did not file independent tax returns; rather, the company's tax liabilities were included as Schedule C, part of Mr. Kossoff's personal tax returns. This renders such PLLCs very similar to sole proprietorships, which the Supreme Court has held retain their Fifth Amendment rights against self-incrimination. *United States v. Doe*, 465 U.S. 605, 612-14 (1984).

22.     More importantly, the Fifth Amendment holds a special place within the Constitution. With its ratification, the concept that individuals should not be compelled to act as witnesses in their own criminal cases "became clothed in this country with the impregnability of a constitutional enactment." *United States v. Morton*, 993 F.3d 198, 203 (3rd Cir. 2021) *quoting Brown v. Walker*, 161 U.S. 591, 597, (1896). For this reason, courts have long espoused their reluctance to circumscribe the Fifth Amendment's protections. The legal issue decided by this Court has far-reaching consequences. The August 5th ruling means that the vast numbers of small-business owners who have formed PLLCs or LLCs as a prudent business decision for sole-member entities have, by doing so, *automatically and unknowingly* waived their Constitutional Fifth Amendment rights, subjecting them to compelled testimony and document production under collective entity principles. Given the import of this legal question, the Court should stay enforcement of its August 5th Order until the appellate courts have assessed the Constitutional question under the New York Professional Limited Liability Companies statute.

23. Furthermore, Mr. Kossoff is presently locked out of his office and lacks the computer savvy, resources, access to information and the personnel assistance to comply with the August 5th Order. The Debtor law firm is no longer a functioning unit under Mr. Kossoff's control. He cannot provide the information the Bankruptcy Court has directed without personally acting as a testimonial witness drawing upon his memory and mental faculties to give testimony, prepare new documents (the requested schedules) and arguably to produce relevant documents pertaining to claims of criminal conduct overlooked by law enforcement's investigative process or documentation produced at the instance of Mr. Kossoff's defense team. Under these circumstances, any reasonable jury would ascribe the production of incriminating documents or information to Mr. Kossoff personally. This is precisely the scenario intended to be protected by the act of production privilege.

24. Moreover, Mr. Kossoff cannot be said to be presently employed by the PLLC, which is winding up because of recent events. The Second Circuit has held that under such circumstances, documents are no longer held in a representative capacity and are therefore not subject to the collective entity doctrine. *See In re Grand Jury Subpoena Duces Tecum Dated January 29, 1999*, 191 F.3d 173, 183 (2d Cir. 1999).

25. Furthermore, case law addressing the Fifth Amendment does protect individuals under criminal investigation from generating or creating bankruptcy schedules since such acts are inherently testimonial in nature. *In re Wright*, 220 B.R. 543, 544 (S.D.N.Y. 1998) (where the debtor did not file required schedules and declined to provide other requested information, the court acknowledged that a debtor "may assert his Fifth Amendment rights in a bankruptcy proceeding in order to justify a refusal to provide information otherwise relevant to the administration of an estate"); *see also In re Jacques*, 115 B.R. 272, 273-274 (Bankr. Nev. 1990)

8

("Debtor could properly assert the Fifth Amendment with regard to the financial statements and schedules since the act of completing these forms would be testimonial in that it would convey information"); *compare to In re Brandenberg*, 2007 WL 117391 (Bankr. E.D. Tenn. 2007) ("[t]he debtor, by voluntarily filing his bankruptcy schedules, did waive his Fifth Amendment privilege with respect to questions concerning the statements and schedules themselves" and information contained therein).

26. For all of these reasons, the Movant has strong grounds to overturn the August 5th Order.

### B. Movant Would Suffer Irreparable Harm If a Stay Is Not Granted

27. A movant must "'demonstrate that irreparable injury is likely [not merely possible] in the absence of [a] stay.'" *In re Revel AC, Inc.*, 802 F.3d at 569 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also In re Forest Grove, LLC*, 448 B.R. 729, 743 (Bankr. D.S.C. 2011) ("To make a showing of irreparable harm, a movant must usually show that money damages or a later court decision will be inadequate to remedy the harm suffered" and "that irreparable injury is likely").

28. Irreparable harm exists "where, but for the grant of the equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems. Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). Here, once Mr. Kossoff acts to create schedules or provides under oath the oral testimony and information required by the August 5th Order, his Fifth Amendment right against self-incrimination will have been waived, never to be restored. Even if some criminal court in the future would determine that Mr. Kossoff's testimonial acts were illegally compelled or proffered under unconstitutional duress and thus could not be used against him, his criminal

9

defense will have been irretrievably compromised. Movant thus faces irreparable harm if a stay is not entered. *In re Tribune Co.*, 477 B.R. 465, 476 (Bankr. D. Del. 2012) ("Irreparable harm is an injury that cannot be redressed by a legal or equitable remedy following a trial."). In other words, enforcement of the August 5th Order cannot be adequately remedied by a later court decision

29.    Depriving Movant of a stay pending appeal will, in effect, silence his appellate rights. Once the August 5th Order is enforced, the Trustee will likely move to dismiss the appeal as equitably moot. "Where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied." *In re Adelphia Commc'ns Corp.*, 361 B.R. at 347. Thus, the mere risk that the appeal can be mooted supports a finding of irreparable harm to Movant.

30.    This factor weighs heavily in favor of a stay.

### C. The Other Parties Will Not Suffer Injury in the Proceedings

31.    The third factor for a stay pending appeal considers whether other parties will be substantially harmed by the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). The entry of an order staying the August 5th Order will not cause substantial injury to the creditors or any other party to this proceeding, and a brief stay will also allow the criminal investigation to proceed to a resolution.

32.    The surfeit of outstanding subpoenas, including voluminous banking records, has permitted the Trustee to obtain relevant records directly from other sources. And the reality is that virtually all of the records of Kossoff, PLLC that are not in the possession of the District Attorney are under the control of the Trustee, which has taken possession of the business

premises. The voluminous records already in the Trustee's possession should enable productive work while the appeal is resolved and the criminal investigation is concluded.

33. Accordingly, because the other parties will not suffer substantial harm, if any, and indeed the status quo will be maintained, this factor also weighs in favor of granting a stay pending appeal.

### D. Public Interest Considerations

34. Public policy concerns stand at the forefront of Movant's appeal. Courts consider whether the public interest will be served by granting a stay pending appeal. *Long*, 432 F.2d at 979. "This factor calls for the court . . . to consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." *In re Taub*, 2010 WL 3911360, at *9 (Bankr. E.D.N.Y. Oct. 1, 2010).

35. Here, it would be difficult to find a more substantial public interest issue that a Bankruptcy Court's extinguishment of an individual's Fifth Amendment rights—just as he is in the very process of entering into discussions with prosecutors evaluating criminal charges against him. The Trustee has no portfolio to determine whether criminal charges are fair, just and in the public interest in this or any case. Such is the duty of the so-sworn prosecutors, who at this very moment are endeavoring to do so as part of the criminal process. This consideration weighs in favor of a stay. *See In re Mareca*, 131 B.R. 774, 777-778 (S.D.N.Y. 1991) (staying bankruptcy proceeding pending criminal investigation); *see also In re Julmice*, 458 B.R. 657 (E.D.N.Y. 2011).

36. A stay will substantially reduce the potential risk of the appeal being rendered moot and allow an appellate court to review and adjudicate the merits of fundamental Constitutional issues that have a broader effect on the rights of other similarly situated parties,

11

i.e., small-business owners who have formed PLLCs and LLCs and who, if the August 5th Order is allowed to stand, will be deemed to have automatically and unwittingly forfeited their Fifth Amendment rights, subjecting them to compelled testimony and the incriminating act of production of documents.

37.    Thus, the public interest is better served here by meaningful appellate review of these important issues that have widespread implications. This factor weights strongly in favor of a stay.

### E. <u>Movant Should Not Be Required to Post a Bond</u>

38.    Movant should not be required to post a bond as a condition of granting their requested stay pending appellate review. Bankruptcy Rule 8007 allows the Court to condition a stay pending appeal on the filing of a bond. Generally, a bond is only necessary where the stay is "likely to cause harm by diminishing the value of an estate or 'endangering [the non-moving parties'] interest in the ultimate recovery.'" *See In re Adelphia Commc'ns Corp.*, 361 B.R. at 368; *see also In re Sphere Holding Corp.*, 162 B.R. 639, 644-45 (E.D.N.Y. 1994) (bond not required when there was no evidence that the creditor's collateral was diminishing in value and little damage would occur); *In re Suprema Specialties*, 330 B.R. at 96 (approving stay without requiring posting of bond).

39.    Moreover, a stay maintains the status quo until resolution of the appeal. As discussed above, no substantial harm will come to the creditors or other parties as a result of the stay. *See In re Finova Group, Inc.*, 2007 WL 3238764, at *2 (D. Del. Oct. 3, 2007) (refusing to require bond where "no substantial harm" will result from stay). A stay seeks to maintain the status quo and the rights of the parties until after an appeal is decided.

40.     Here, requiring the Debtor to post a bond would impose undue hardship as the Trustee has served process and frozen virtually all accounts that could have had any assets available for the Debtor's defense.

## NOTICE

41.     Movant will provide notice of this Motion to: (a) counsel to the Chapter 7 Trustee (b) all parties to this proceeding that have filed a notice of appearance; and (c) any other parties designated by the court. Considering the nature of the relief requested herein, the Movant submits that no other or further notice is necessary.

## NO PRIOR REQUEST

42.     No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, a stay pending appeal should be granted for the reasons set forth herein and in the interests of justice. The Movant respectfully requests that this Court enter an order, substantially in the form attached hereto, staying the August 5th Order pending the appeal.

Dated: August 19, 2021            Respectfully submitted,
       New York, New York

                                  Walter Mack, Esq.
                                  Doar Rieck Kaley & Mack
                                  217 Broadway, Suite 707
                                  New York, N.Y. 1007
                                  (212) 619-3730
                                  wmack@doarlaw.com

# **Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| In the Matter | : | Chapter 7 |
| | | Case No. 21-10699 (DSJ) |
| -of- | : | |
| KOSSOFF, PLLC, | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### ORDER STAYING AUGUST 5th, 2021 ORDER PENDING APPEAL

Upon the application (the "Motion") by Debtor Kossoff, PLLC and Mitchell H. Kossoff by his attorneys Doar Rieck Kaley & Mack for entry of an order (this "Order") pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure for a stay of an order of the Bankruptcy Court pending an appeal; and the Trustee having made *the Application for an Order, inter alia, Compelling Kossoff to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Trustee* [Docket No. 36] and the Trustee and the Debtor having filed supplemental submissions concerning the Motion and privileges asserted by Mr. Kossoff [Docket Nos. 116, 125]; and upon the record of the hearing held on July 22, 2021 and entry of the August 5, 2021 *Order Compelling Kossoff to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Trustee* [Docket No. 137]; and upon the filing of the Debtor on August 18, 2021 of the *Notice of Appeal* and *Motion for Leave to Appeal*; and it appearing that this Court has jurisdiction over this matter pursuant to R. 8007(a)(2); 28 U.S.C. Sections 157 and 1334; and it appearing that good and sufficient notice of this Motion and the opportunity for a hearing to consider this Motion was appropriate under the particular circumstances and that no other or further notice need be given;

15

and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is hereby granted; and it is further

**ORDERED** that effectiveness of the August 5th Order is stayed until resolution of the appeal of the August 5th Order.


DATED:   New York, New York
          August ___, 2021

                                             _____
                                             HONORABLE DAVID S. JONES
                                             UNITED STATES BANKRUPTCY JUDGE