TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually
But Solely in His Capacity as Chapter 7 Interim Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                :
              In the Matter                 :       Chapter 7
                                                                :       Case No. 21-10699 (DSJ)
                  -of-                         :
                                                                :
KOSSOFF PLLC,                         :
                                                                :
                                            Debtor.   :
---------------------------------------------------------------- X

**CHAPTER 7 INTERIM TRUSTEE'S MOTION FOR AN ORDER
COMPELLING AMERICAN NATIONAL LIFE INSURANCE COMPANY
<u>OF NEW YORK TO COMPLY WITH BANKRUPTCY RULE 2004 ORDER</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

JURISDICTION .................................................................................................................2

FACTUAL BACKGROUND .............................................................................................3

      I.      The Debtor's Bankruptcy Case ..................................................................3

      II.     The Trustee's Rule 2004 Motions and Related Orders ...............................3

      III.    The Trustee's Attempts to Obtain Discovery from the
            Debtor's Sole Managing Member ...............................................................4

      IV.    The Trustee's Subpoenas .............................................................................5

RELIEF REQUESTED ........................................................................................................6

BASIS FOR RELIEF ...........................................................................................................7

NOTICE ................................................................................................................................9

CONCLUSION .....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fatsis v. Braunstein (In re Fatsis),*
    405 B.R. 1 (B.A.P. 1st Cir. 2009) ................................................................................................8

*Goya Foods, Inc. v. Wallack Mgmt. Co.,*
    344 F.3d 16 (1st Cir. 2003) .........................................................................................................8

*In re Butler Innovative Solutions, Inc.,*
    No. 08-00065, 2008 WL 5076980 (Bankr. D. Dist. Col. Sept. 29, 2008) ..............................8, 9

*In re Consolidated Meridian Funds,*
    No. 10-17952, 2013 WL 1501636 (Bankr. W.D. Wash. Apr. 5, 2013) .....................................8

*In re Corso,*
    328 B.R. 375 (Bankr. E.D.N.Y. 2005) .......................................................................................8

*In re Dickerson,*
    No. 08-33071, 2009 WL 4666457 (Bankr. N.D.N.Y. Dec. 8 2009) ..........................................7

*In re Nosek,*
    544 F.3d 34 (1st Cir. 2008) .........................................................................................................7

*In re Parikh,*
    397 B.R. 518 (Bankr. E.D.N.Y. 2008) .......................................................................................8

*In re River Ctr. Holdings, LLC,*
    394 B.R. 704 (Bankr. S.D.N.Y. 2008) .......................................................................................7

*In re Thompson,*
    No. 06-32622, 2007 WL 2406886 (Bankr. N.D.N.Y. Aug. 21, 2007) ......................................8

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.),*
    317 B.R. 260 (Bankr. S.D.N.Y. 2004) .......................................................................................7

*U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.),*
    68 B.R. 690 (Bankr. S.D.N.Y. 1986) .........................................................................................7

**Statutes**

28 U.S.C. § 1334 ...................................................................................................................2

28 U.S.C. § 1408 ...................................................................................................................2

28 U.S.C. § 1409 ...................................................................................................................2

28 U.S.C. § 157 .....................................................................................................................2

28 U.S.C. § 157(b)(2)(A) ......................................................................................................2

28 U.S.C. § 157(b)(2)(E) ......................................................................................................2

28 U.S.C. § 157(b)(2)(O) ......................................................................................................2

**Rules**

11 U.S.C. 105(a) ................................................................................................................1, 7

Fed R. Bankr. P. 2004 ................................................................................................. passim

Fed. R. Bankr. P. 45 ..........................................................................................................7, 8

Fed. R. Bankr. P. 9016 ..................................................................................................1, 2, 7

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully submits this application (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) compelling the American National Life Insurance Company of New York ("American National") to comply with this Court's *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order") by (a) producing to the Trustee all documents responsive to the Subpoena (as defined below), and (b) appearing upon ten (10) days prior written notice by the Trustee, to testify under oath pursuant to Bankruptcy Rule 2004; and (ii) in the event that American National fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding American National in civil contempt and imposing coercive civil sanctions. In support of the Motion, the Trustee submits the Declaration of Neil Berger of the Togut Firm, attached hereto as **Exhibit "B"** (the "Declaration"), and respectfully represents:

**PRELIMINARY STATEMENT**

Since his appointment, the Trustee has undertaken the critically important work of trying to resolve the affairs of the Debtor's estate. This effort has been impeded by the improper demands of Mitchell H. Kossoff ("Kossoff") for a grant of immunity in

1

exchange for his cooperation. As a result, the Trustee's subpoenas to third-parties are particularly important to his effort to investigate the Debtor's affairs and administer this estate.

The Debtor is identified as the owner of at least one American National life insurance policy covering Kossoff. In the absence of explanations from Kossoff concerning the payments associated with this policy or potentially other policies, the Trustee issued a subpoena (the "Subpoena") to American National to determine whether the policy or policies can be administered for the benefit of the Debtor's estate.

However, notwithstanding service of the Subpoena to American National pursuant to the Rule 2004 Order, and the Trustee's subsequent written demand for compliance, American National has failed to respond to the Trustee's Subpoena.

For the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit "A,"** compelling American National to fully comply with the Rule 2004 Order.

## JURISDICTION

1. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

**FACTUAL BACKGROUND**

**I.      The Debtor's Bankruptcy Case**

3.      On April 13, 2021, certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") against the Debtor in the above-captioned case (the "Chapter 7 Case").

4.      The Debtor did not appear in response to the Involuntary Petition, and on May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Docket No. 14] (the "Order for Relief").

5.      The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021 [Docket No. 14].

6.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

7.      The Debtor has not yet filed any of the Schedules, and Kossoff has failed to do so or to otherwise cooperate with the Trustee notwithstanding entry of orders requiring him to do so [Docket Nos. 93, 137].

**II.     The Trustee's Rule 2004 Motions and Related Orders**

8.      On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 26] (the "Rule 2004 Motion").

9.  On May 24, 2021, the Court entered the Rule 2004 Order, which authorized, *inter alia*, the Trustee "to issue subpoenas for the production of all books, records and documents . . . related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs . . . ." Docket No. 27.

10. On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him." *See* Docket No. 30 at p. 2. He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee. *Id.* at p. 3.

11. Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Docket No. 33], the Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021. Later that day, the Court entered the *Final Order Granting Injunctive Relief* [Docket No. 62] and required all parties in possession of records concerning the Debtor's affairs to maintain, and not alter or destroy, those records subject only to such custodians' turnover obligations pursuant to a subpoena or a further order of this Court.

### III. The Trustee's Attempts to Obtain Discovery from the Debtor's Sole Managing Member

12. On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 36].

4

13.   On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Docket No. 93], which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

14.   On August 5, 2021, the Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 137] (the "Order to Compel").  Among other things, the Order to Compel required Kossoff to produce the Debtor's Schedules within fourteen days or file a written report with the Court explaining the reason for such failure.  As of the date hereof, Kossoff has failed to comply with the Order to Compel.

15.   On August 18, 2021, Kossoff filed a *Motion for Leave to Appeal* [Docket No. 145], seeking to appeal the Order to Compel.  That same day, Kossoff filed the *Notice of Filing of Report Pursuant to August 5th Order* [Docket No. 146], which concerned Kossoff's failure to comply with the Order to Compel and requested that the appeal be resolved before Kossoff is compelled to comply with the Order to Compel.

16.   The following day, on August 19, 2021, Kossoff's criminal counsel filed the *Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Privilege Against Self Incrimination Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear at Examination at the Creditor Committee Hearing, and to Produce Documents and Other Information* [Docket No. 147], seeking to stay the Order to Compel pending the appeal.

**IV.   The Trustee's Subpoenas**

17.   Because Kossoff has failed to fully cooperate with the Trustee to date, third-party document production is essential to the Trustee's investigation of the

5

Debtor's affairs and the identification of property that may be administered. To date, the Trustee has served dozens of subpoenas to individuals and entities that are believed to have relevant information concerning the Debtor.

18. On June 10, 2021, the Trustee served the Subpoena upon American National because documents that have been recovered by the Trustee indicate that American National issued a life insurance policy covering Kossoff, and funds used to obtain and maintain that policy (or policies) may have emanated from the Debtor's bank accounts. *See* Decl. at ¶ 4. The Subpoena required the production of responsive documents by June 21, 2021 (the "Production Deadline"). *See* Decl. Ex. 1.

19. American National failed to respond to the Subpoena on or before the Production Deadline. *See* Decl. at ¶ 7.

20. On July 2, 2021, the Trustee sent a written demand to American National seeking the production of documents responsive to the Subpoena within ten days. *See* Decl. Ex. 3. American National has failed to respond to the Trustee's written demand. *See* Decl. at ¶ 10.

### RELIEF REQUESTED

21. The Trustee seeks entry of the Proposed Order: (i) compelling the American National to comply with the Rule 2004 Order and the Subpoena by: (a) producing to the Trustee all documents responsive to the Subpoena not later than ten (10) days after entry of the Proposed Order, and (b) appearing upon ten (10) days prior written notice by the Trustee, to testify under oath pursuant to Bankruptcy Rule 2004; and (ii) in the event that American National fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause for

a further order holding American National in contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.

**BASIS FOR RELIEF**

22. This Court has the express authority to compel compliance with its orders. *In re River Ctr. Holdings, LLC,* 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.),* 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) ("[I]t is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders, and such power to enforce has been consistently recognized); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.),* 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

23. Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance. Bankruptcy Rule 2004 states that the production of documents "may be compelled as provided in Rule 9016." Bankruptcy Rule 9016 provides that Federal Rule 45 applies in cases under the Bankruptcy Code.

24. Both section 105(a) of the Bankruptcy Code and Federal Rule 45 also provide independent bases for a finding of contempt and sanctions.

25. Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr. N.D.N.Y. Dec. 8 2009), which "inherently include[s] the ability to sanction a party." *Id.* at *9 (internal quotations omitted) (quoting *In re Nosek*, 544 F.3d 34, 43-44 (1st Cir. 2008)); *see also Fatsis v. Braunstein (In re Fatsis),* 405 B.R. 1, 11 (B.A.P.

7

1st Cir. 2009) (upholding bankruptcy court's imposition of sanctions); *In re Thompson*, No. 06-32622, 2007 WL 2406886, at *2 (Bankr. N.D.N.Y. Aug. 21, 2007).[1]

26.   Alternatively, Federal Rule 45 provides that the "court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order relating to it." When finding contempt, courts determine whether "the subpoena was clear and unambiguous, there is a clear and convincing proof of non-compliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard." *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same); *In re Consolidated Meridian Funds*, No. 10-17952, 2013 WL 1501636, at *12 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

27.   In this case, the Court approved the issuance of the subpoenas and retained jurisdiction for all matters regarding the implementation of the Rule 2004 Order. In addition, the terms of the Subpoena are clear and unambiguous and American National has not, and cannot, advance any claim of ambiguity.

28.   American National has failed to respond or object to the Subpoena, and it has not moved to quash the Subpoenas. By ignoring the Subpoena, American National has knowingly defied the authority of this Court and its Rule 2004 Order, and it is impeding the Trustee's efforts to investigate the Debtor's financial affairs.

---

[1] "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court. *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)). "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence." *Fatsis*, 405 B.R. at 10-11. "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'" *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D. Dist. Col. Sept. 29, 2008) (citation omitted).

29. In the event that American National continues to fail to comply with the Subpoena and to ignore the Court's Rule 2004 Order, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause seeking a further order holding American National in contempt and imposing sanctions as "a remedial device intended to achieve full compliance with [the] court's order." *In re Butler*, No. 08-00065, 2008 WL 5076980, at *1.

30. Based upon all of the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order compelling American National to comply with the Rule 2004 Order and the Subpoena.

**NOTICE**

31. Notice of this Motion has been given to: (i) American National; (ii) the United States Trustee; (iii) the Manhattan District Attorney's Office; and (iv) all of the parties that filed a Notice of Appearance in this case. The Trustee respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order: (a) compelling American National to comply with the Rule 2004 Order and the Subpoena by (i) producing to the Trustee all documents responsive to the Subpoena, and (ii) appearing upon ten (10) days prior written notice by the Trustee, to testify under oath pursuant to Bankruptcy Rule 2004; and (b) in the event that American National fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause seeking a further order holding American National in contempt of court and imposing coercive

9

sanctions, and provide such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 27, 2021

                            Respectfully submitted,

                            ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Interim Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
BRIAN F. SHAUGNESSY
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

10