**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                In the Matter            :        Chapter 7

                     -of-                  :        Case No. 21-10699 (DSJ)

KOSSOFF PLLC,                            :

                            Debtor.     :

------------------------------------------------------------ X

**ORDER APPROVING AND AUTHORIZING**
**IMPLEMENTATION OF PROCEDURES FOR DISPOSITION OF CLIENT FILES**

Upon the application (the "Motion")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order"), pursuant to sections 105(a), 363(b), 541 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007, approving and authorizing the implementation of the Trustee's proposed procedures (the "Client File Procedures") for disposing of the Debtor's clients' files (the "Client Files"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that good and sufficient notice of this Motion and the opportunity for a hearing to consider this Motion was appropriate under the particular circumstances and that no other or further notice need be given except as directed below; and no opposition having been filed to the relief requested in the Motion other than a response submitted purportedly on behalf of the "Debtor" [Docket No. 150]

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

which did not contain an objection; and upon consideration of the contentions stated at the hearing held on August 31, 2021 to consider the Motion; and after due deliberation and sufficient cause appearing therefor, the Court having "So Ordered" the August 31 hearing record to permit the Trustee to send the Notice of Intent referred to in Nos. 1-4 below prior to the entry of this written Order, it is

**ORDERED** that the Motion, to the extent provided below, is hereby granted; and it is further

**ORDERED** that the Trustee is authorized to, and shall, implement the Client File Procedures set forth below and as set forth more fully in the Motion:

**No. 1. – If he has not already done so, the Trustee shall send a copy of the Notice of Intent to Dispose of Client Files, substantially in the form of which was attached to the Motion as <u>Exhibit D</u>, by email (where available) or by regular mail to those known clients whose files may be included in the Client Files and for whom the Trustee has current, reliable contact information;**

**No. 2. – If he has not already done so, the Trustee shall send a copy of the Notice of Intent to Dispose of Client Files to all of the known former attorneys that were employed by the Debtor by email (where available) or by regular mail to their last known addresses;**

**No. 3. – If he has not already done so, the Trustee shall publish the Publication Notice attached to the Motion as <u>Exhibit E</u> once in the New York edition of the <u>Wall Street Journal</u>;**

**No. 4. – The Notice of Intent to Dispose of Client Files will advise that the Trustee may be currently in possession of certain Client Files, which he intends to seek authority to dispose of as part of his liquidation of the Debtor and administration of the Estate;**

2

**No. 5.** – To claim and retrieve a Client File, an interested party must complete and return a File Retrieval Form, attached to the Motion at **Exhibit F**, which can be obtained by contacting the Trustee's counsel at:

> Togut, Segal & Segal LLP
> Attn: Kossoff PLLC Client File Retrieval
> One Penn Plaza, Suite 3335
> New York, New York 10119
> Tel: (212) 594-5000
> (jgallego@teamtogut.com)
> (eozuna@teamtogut.com)

**No. 6.** – Thirty (30) days after the date of publication of the Publication Notice and the service of the Notice of Intent to Dispose of Client Files, whichever is later, the Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the client;

**No. 7.** – Furthermore, thirty (30) days after the publication of the Publication Notice or the service of the Notice of Intent to Dispose of Client Files, whichever is later, those Client Files for which no File Retrieval Form has been timely received may be deemed abandoned by the Trustee pursuant to section 544 of the Bankruptcy Code and Bankruptcy Rule 6007 pursuant to a further order of this Court. The Trustee may be permitted to dispose of the Client Files in the manner he deems to be in the best interests of the Estate, provided that any Client Files deemed abandoned must be rendered unreadable by the Trustee;

**No. 8.** – To the extent a File Retrieval Form is timely received and to the extent the claimed file is a Client File in possession of the Trustee, all information concerning the location of such file will be made available and such client or former attorney will be provided an opportunity to obtain such file and it will not be disposed of or abandoned by the Trustee if adequate arrangements are made with the Trustee within fifteen (15) days following timely receipt of the File Retrieval Form; provided that such client or such former attorney shall pay any and all costs associated with the retrieval of the Client Files and comply with the procedures and insurance requirements of the Debtor's landlord, and the Trustee shall not be liable for any coordination, costs or liabilities associated with the retrieval of the Client Files. The Trustee will retain the right to extend the fifteen (15) day period in his discretion;

**No. 9.** – Notwithstanding such authority as may be granted to the Trustee to abandon a Client File and/or the timely receipt of a File Retrieval Form, the Trustee, in consultation with his retained professionals, is authorized to make a determination as to (a) which, if any, of the Client Files must be withheld for use in the administration of the Estate or for any other reason and (b) what period of time such Client Files must be retained for such purpose;

**No. 10.** – To the extent any dispute arises regarding (a) ownership or entitlement to certain Client Files, or (b) other matters related to the Client File

3

**Procedures, the Trustee will attempt to resolve such disputes with the interested parties in good faith and without the need for intervention by this Court.  If, after good faith efforts among the parties to resolve a dispute, such dispute continues and any party expresses to the Trustee a desire for a hearing before this Court, the Trustee will schedule a hearing on not less than fourteen (14) days' notice to the interested parties so that this Court may consider and resolve the dispute.  All persons wishing to be heard related to the noticed dispute must file and serve papers upon counsel to the Trustee no later than seven (7) days prior to the established hearing date.  The Trustee shall have an opportunity to respond by filing and serving papers not less than three (3) days prior to the established hearing date;** and it is further

**ORDERED** that by complying with the Client File Procedures contained herein and authorized hereby, including the File Retrieval Form and the Publication Notice, the Trustee and his employed professionals are not violating any ethical rules or other professional rules (collectively, "Ethical Rules") otherwise applicable to the attorneys employed by the Debtor including those that require a law firm outside of bankruptcy to retain copies of client files for a set number of years after the file is closed, and the Court finds that the Client File Procedures are fair, equitable and, under the circumstances, necessary and in the best interests of the Estate, and they are approved;  and it is further

~~**ORDERED** that, pursuant to the Barton Doctrine, *see In re Lehal Realty Assocs.*, 101 F.3d 272 (2d Cir. 1996), any party that may seek relief against the Trustee and/or his retained professionals for actions taken in furtherance of this Order and the Client File Procedures approved hereby must first seek leave of this Court prior to filing a complaint or any other proceeding, because as an officer of this Court, the Trustee enjoys quasi-judicial immunity, *provided further that* this Court retains exclusive jurisdiction to determine whether leave will be granted and if this decretal paragraph is violated, what injunctive relief and/or sanctions shall follow;  and it is further~~ [DSJ 9/17/2021[2]]

---

[2] This provision, requested in this final proposed order and submitted after argument, was neither proposed before the hearing nor argued at the hearing itself.  The Court declines to enter this language at this time, while making no ruling as to the legal propositions stated therein.

4

**ORDERED** that the Trustee is authorized to withhold any Client File, consistent with applicable Ethical Rules and applicable law, if the Debtor's Estate maintains a claim against the client for attorneys' fees and expenses or, if in the Trustee's judgment, such Client File is needed for the administration of the Estate or any other reason;  and it is further

**ORDERED** that the Trustee and the Togut Firm are authorized to take all actions and sign such documents as may be necessary to effectuate the relief granted pursuant to this Order;  and it is further

**ORDERED** that the terms and conditions of this Order, to the extent not already approved and authorized at the August 31 hearing, shall be immediately effective and enforceable upon its entry;  and it is further

**ORDERED** that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order;  and it is further

**ORDERED** that the hearing to consider any relief that is sought in the Motion but which is not granted herein shall be considered by the Court at a further hearing on a date to be determined.

Dated: New York, New York
       September 17, 2021

                                    *s/ David S. Jones*
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE