TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Interim Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| | : | |
| In the Matter | : | Chapter 7 |
| | : | Case No. 21-10699 (DSJ) |
| -of- | : | |
| | : | |
| KOSSOFF PLLC, | : | |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

--------------------------------------------------------------- X

**CHAPTER 7 INTERIM TRUSTEE'S MOTION**
**FOR AN ORDER COMPELLING JULIA MCNALLY**
**TO COMPLY WITH BANKRUPTCY RULE 2004 ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................2

JURISDICTION .....................................................................................................................3

FACTUAL BACKGROUND .......................................................................................................3

    I.    The Debtor's Bankruptcy Case ............................................................................3

    II.    The Trustee's Rule 2004 Motions and Related Orders ......................................4

    III.    The Trustee's Attempts to Obtain Discovery from the Debtor's Sole
        Managing Member ..............................................................................................5

    IV.    The Trustee's Subpoena .....................................................................................7

RELIEF REQUESTED...............................................................................................................9

BASIS FOR RELIEF ..............................................................................................................10

NOTICE..............................................................................................................................12

CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Fatsis v. Braunstein (In re Fatsis),*
    405 B.R. 1 (B.A.P. 1st Cir. 2009) .......................................................................10

*Goya Foods, Inc. v. Wallack Mgmt. Co.,*
    344 F.3d 16 (1st Cir. 2003) ...............................................................................10

*In re Butler Innovative Solutions, Inc.,*
    No. 08-00065, 2008 WL 5076980 (Bankr. D. Dist. Col. Sept. 29, 2008) .......................10, 11

*In re Consolidated Meridian Funds,*
    No. 10-17952, 2013 WL 1501636 (Bankr. W.D. Wash. Apr. 5, 2013) ...............................11

*In re Corso,*
    328 B.R. 375 (Bankr. E.D.N.Y. 2005) ..................................................................11

*In re Dickerson,*
    No. 08-33071, 2009 WL 4666457 (Bankr. N.D.N.Y. Dec. 8 2009) ...................................10

*In re Nosek,*
    544 F.3d 34 (1st Cir. 2008) ...............................................................................10

*In re Parikh,*
    397 B.R. 518 (Bankr. E.D.N.Y. 2008) ..................................................................11

*In re River Ctr. Holdings, LLC,*
    394 B.R. 704 (Bankr. S.D.N.Y. 2008).....................................................................9

*In re Thompson,*
    No. 06-32622, 2007 WL 2406886 (Bankr. N.D.N.Y. Aug. 21, 2007) ...............................10

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.),*
    317 B.R. 260 (Bankr. S.D.N.Y. 2004).....................................................................9

*U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.),*
    68 B.R. 690 (Bankr. S.D.N.Y. 1986).....................................................................10

## STATUTES

11 U.S.C. § 105(a) ...............................................................................................1

28 U.S.C. § 157 ...................................................................................................3

28 U.S.C. § 157(b)(2)(A).......................................................................................3

28 U.S.C. § 157(b)(2)(E) .......................................................................................3

28 U.S.C. § 157(b)(2)(O) ............................................................................................3

28 U.S.C. § 1334 ........................................................................................................3

28 U.S.C. § 1408 ........................................................................................................3

28 U.S.C. § 1409 ........................................................................................................3

28 U.S.C. § 1746 ..............................................................................................1, 9, 12

**RULES**

Fed R. Bankr. P. 2004 ....................................................................................... passim

Fed. R. Bankr. P. 45 ...................................................................................................10

Fed. R. Bankr. P. 9016 .....................................................................................1, 3, 10

Fed. R. Civ. P. 45(g) ..................................................................................................10

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE**:**

Albert Togut, not individually, but solely in his capacity as the Chapter 7

Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned

case, by and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"),

respectfully submits this application (the "Motion") for entry of an order, substantially

in the form attached hereto as **Exhibit "A"** (the "Proposed Order"), pursuant to section

105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and

9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

(i) compelling Julia McNally ("McNally") to comply with this Court's *Order Authorizing*

*Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27]

(the "Rule 2004 Order") by (a) producing to the Trustee all documents responsive to the

Subpoena (as defined below) which have not yet produced by McNally, (b) producing

to the Trustee request-by-request responses to the Subpoena as required by the Rule

2004 Order, (c) preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the

Rule 2004 Order, and (d) appearing upon ten (10) days prior written notice by the

Trustee to testify under oath pursuant to Bankruptcy Rule 2004;  and (ii) in the event

that McNally fails to fully comply with the Proposed Order, authorizing the Trustee to

submit a proposed order to show cause scheduling a hearing to consider entry of a

further order holding McNally in civil contempt and imposing coercive civil sanctions.

In support of the Motion, the Trustee submits the Declaration of Neil Berger of the

Togut Firm, attached hereto as **Exhibit "B"** (the "Declaration"), and respectfully

represents:

## PRELIMINARY STATEMENT

Since his appointment, the Trustee has undertaken the critically important work of trying to resolve the affairs of the Debtor's estate. This effort has been impeded by the improper demands of Mitchell H. Kossoff ("Kossoff") for a grant of immunity in exchange for his cooperation. As a result, third-party document production is essential to the Trustee's investigation of the Debtor's affairs and the identification of property that may be administered.

Material recovered by the Trustee identifies McNally as having been the Debtor's bookkeeper from at least as early as 2004 until the commencement of the above-captioned case (the "Chapter 7 Case"). Moreover, documents that have been recovered by the Trustee indicate that McNally had the authority to release funds held in the Debtor's escrow accounts and to effect the electronic wiring of funds. As a result of Kossoff's wholesale refusal to cooperate with the Trustee's investigation of the Debtor's affairs, the Trustee issued a subpoena (the "Subpoena") to McNally to determine the nature and extent of the transactions into which the Debtor entered and whether any of them give rise to a claim in favor of the estate.

However, notwithstanding service of the Subpoena to McNally pursuant to the Rule 2004 Order and the Trustee's subsequent written demand for compliance, McNally has failed to fully comply with the Subpoena. Instead, through her criminal counsel, McNally produced a copy of McNally's hard drive (the "Hard Drive") of materials that had been made available to the government, but she has failed to provide any of the passwords or other access credentials that would enable the Trustee to fully access the files on the Hard Drive, and she has failed to take further steps to comply with the Subpoena.

2

For the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, compelling McNally to fully comply with the Rule 2004 Order.

**JURISDICTION**

1.       This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The predicates for this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

**FACTUAL BACKGROUND**

I.       **The Debtor's Bankruptcy Case**

3.       On April 13, 2021, certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") against the Debtor in the Chapter 7 Case [Docket No. 1].

4.       The Debtor did not appear in response to the Involuntary Petition, and on May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Docket No. 14] (the "Order for Relief").

5.       The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021 [Docket No. 14].

6.       On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

3

7.    The Debtor has not yet filed any of the Schedules, and Kossoff has failed to do so or to otherwise cooperate with the Trustee notwithstanding entry of orders requiring him to do so [Docket Nos. 93, 137].  *See* Decl. at ¶ 5.

## II.    The Trustee's Rule 2004 Motions and Related Orders

8.    On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 26] (the "Rule 2004 Motion").

9.    On May 24, 2021, the Court entered the Rule 2004 Order, which authorized, *inter alia*, the Trustee "to issue subpoenas for the production of all books, records and documents . . . related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs . . . ." [Docket No. 27].

10.    On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him."  *See* Docket No. 30 at p. 2.  He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee.  *Id*. at p. 3.

11.    Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Docket No. 33], the Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021.  Later that day, the Court entered the *Final Order Granting Injunctive Relief* [Docket No. 62] and required all parties in possession of records concerning the Debtor's affairs to maintain, and not alter or destroy, those

records subject only to such custodians' turnover obligations pursuant to a subpoena or a further order of this Court.

**III.  The Trustee's Attempts to Obtain Discovery from the Debtor's Sole Managing Member**

12.  On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;  (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 36].[1]

13.  On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Docket No. 93], which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

14.  On August 5, 2021, the Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 137] (the "Order to Compel").  Among other things, the Order to Compel required Kossoff to produce the Debtor's Schedules within fourteen days or file a written report with the Court explaining the reason for such failure.  As of the date hereof, Kossoff has failed to comply with the Order to Compel.

---

[1]   In addition to the motion filed by the Trustee, which focused on Kossoff's turnover obligations, the Trustee served a subpoena on Kossoff.  On June 3, 2021, the Trustee served a subpoena on Kossoff requiring the production by June 10, 2021, of documents, which included documents concerning the Debtor's financial and accounting records and documents concerning transactions involving the Debtor or other companies with which Kossoff is affiliated.  *See* Decl. at ¶ 4.  Kossoff has not fully complied with the subpoena.  *See* Decl. at ¶ 5.

15. On August 18, 2021, Kossoff and the Debtor sought to commence an appeal of the Order to Compel in the District Court for the Southern District of New York (the "District Court") [Docket No. 144]. The appeal has been denied on the merits [District Court Docket No. 17].

16. That same day, Kossoff and the Debtor filed a *Motion for Leave to Appeal* [Docket No. 145], seeking to appeal the Order to Compel. Kossoff also filed the *Notice of Filing of Report Pursuant to August 5th Order* [Docket No. 146], which concerned Kossoff's failure to comply with the Order to Compel and requested that the appeal be resolved before Kossoff is compelled to comply with the Order to Compel.

17. The following day, on August 19, 2021, Kossoff's criminal counsel filed the *Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Privilege Against Self Incrimination Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear at Examination at the Creditor Committee Hearing, and to Produce Documents and Other Information* [Docket No. 147], seeking to stay the Order to Compel pending the appeal (the "Bankruptcy Court Stay Motion").

18. This Court conducted a hearing to consider the Bankruptcy Court Stay Motion on September 14, 2021, and on September 23, 2021, the Court entered an order denying the Bankruptcy Court Stay Motion [Docket No. 178], which became effective on September 27, 2021 at 5:00 p.m.

19. The following day, on September 24, 2021, Kossoff's criminal counsel filed in the District Court a *Notice of Motion for Limited Stay* and an accompanying attorney affirmation [District Court Docket No. 13], and a *Memorandum of Law in Support of Motion for Limited Stay Pending Leave to Appeal the Bankruptcy Court's August 5th Order Compelling Mitchell H. Kossoff to Testify at a Creditors' Committee Meeting,*

6

*Prepare Schedules and Produce Documents* [District Court Docket No. 14]. Due to a docketing error, the Notice of Motion and the accompanying affirmation were refiled on September 29, 2021 (the "District Court Stay Motion") [District Court Docket Nos. 15 and 16].[2]

20. On September 30, 2021, the District Court entered an order denying the District Court Stay Motion and the *Motion for Leave to Appeal* on the merits [District Court Docket No. 17].

## IV. **The Trustee's Subpoena**

21. Because Kossoff has failed to fully cooperate with the Trustee to date, third-party document production and subpoena compliance is essential to the Trustee's investigation of the Debtor's affairs and the identification of property that may be administered. *See* Decl. at ¶ 6 . To date, the Trustee has served dozens of subpoenas to individuals and entities that are believed to have relevant information concerning the Debtor. *See* Decl. at ¶ 7.

22. On July 13, 2021, the Trustee served the Subpoena upon McNally because documents that have been made available to the Trustee to date indicate that she had authority to release funds held in the Debtor's escrow accounts and to effect the electronic wiring of funds. *See* Decl. Ex. 2, Decl. at ¶ 9. The Subpoena's deadline for the production of responsive documents was set for July 22, 2021 (as subsequently extended by mutual agreement, the "Production Deadline"). *See* Decl. Ex. 1; *see also* Decl. at ¶ 9.

---

[2] These documents were filed as the *Notice of Motion for Limited Stay* and the *Affirmation of Walter Mack in Support of Motion for Limited Stay*.

23.    McNally failed to fully comply with the Subpoena on or before the Production Deadline.  *See* Decl. at ¶ 11.  On August 4, 2021, the Trustee sent a written demand to McNally seeking the production of documents responsive to the Subpoena within ten days of the date thereof.  *See* Decl. at ¶ 12, Decl. Ex. 3.  McNally failed to fully comply in response to the Trustee's written demand, citing an investigation of the Debtor by the U.S. Attorney for the Eastern District of New York (the "<u>EDNY USA</u>").  *See* Decl. at ¶ 13.  The EDNY USA served a subpoena to McNally in connection with her investigation.  *Id*.

24.    After the EDNY USA terminated her investigation, on or about August 10, 2021, through criminal counsel, McNally produced the Hard Drive to the Trustee but failed to take further steps to comply with the Subpoena.  *See* Decl. at ¶ 14.  She has even failed to provide the Trustee with access credentials that would enable the Trustee to access all of the files on the Hard Drive that she maintained as the Debtor's bookkeeper.  *Id*.

25.    Thus, to date, McNally has failed to comply with her obligations pursuant to the Subpoena and this Court's Rule 2004 Order other than surrendering the Hard Drive.  *See* Decl. at ¶ 15.

26.    Specifically, McNally has failed to provide:  (1) request-by-request responses and (2) a declaration stating (a) that none of the responsive Books and Records[3] have been altered, modified, deleted, or otherwise destroyed;  and (b) that McNally has made a diligent search and effort to locate and produce the documents

---

[3]    The Rule 2004 Order defines "Books and Records" as all books, records, and documents, including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, all back-up files and materials and backup media wherever located and/or however maintained, and documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs.

and information requested by the Subpoena and that the written response as to each
individual request contained in the Subpoena is true and complete to the best of
McNally's knowledge and belief. *See id.; see also* Docket No. 27 (Rule 2004 Order) at 3.
As mentioned above, McNally has also refused to supply passwords and other
credentials that would enable the Trustee to access all of the files and data on the Hard
Drive. *See* Decl. at ¶ 14. Absent these materials and information, the Trustee is unable
to ascertain based on his review of the documents alone whether the Hard Drive
represents all responsive documents within McNally's possession, custody, or control.[4]
*See* Decl. at ¶ 16.

## **RELIEF REQUESTED**

27.    The Trustee seeks entry of the Proposed Order:  (i) compelling the
McNally to comply with the Rule 2004 Order and the Subpoena by:  (a) producing to
the Trustee all documents responsive to the Subpoena not yet produced, (b) producing
to the Trustee request-by-request responses to the Subpoena as required by the Rule
2004 Order, (c) preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the
Rule 2004 Order and (d) appearing upon ten (10) days prior written notice by the
Trustee to testify under oath pursuant to Bankruptcy Rule 2004;  and (ii) in the event
that McNally fails to fully comply with the Proposed Order, authorizing the Trustee to
submit a proposed order to show cause for a further order holding McNally in
contempt and imposing coercive civil sanctions until full compliance with the Subpoena
has been made.

---

[4]    Full compliance with the Subpoena by McNally will not excuse Kossoff from his obligation to comply
with the Order to Compel, which is still needed.

## BASIS FOR RELIEF

28.    This Court has the express authority to compel compliance with its

orders. *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection

105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL*

*Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr.

S.D.N.Y. 2004) (recognizing that "it is manifestly proper . . . to invoke section 105(a) 'to

enforce or implement'" earlier orders); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re*

*McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear

and resolve legal disputes carries with it the power to enforce the order.").

29.    Further, Bankruptcy Rule 2004 provides a separate and

independent basis for compelling compliance.  Bankruptcy Rule 2004 states that the

production of documents "may be compelled as provided in Rule 9016."  Bankruptcy

Rule 9016 provides that Federal Rule 45 applies in cases under the Bankruptcy Code.

30.    Both section 105(a) of the Bankruptcy Code and Federal Rule 45

also provide independent bases for a finding of contempt and sanctions.

31.    Pursuant to section 105(a) of the Bankruptcy Code, the Court has

the authority to hold a party in contempt, which "inherently include[s] the ability to

sanction a party." *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr.

N.D.N.Y. Dec. 8 2009) (internal quotations omitted) (quoting *Ameriquest Mortgage Co. v.*

*Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1st Cir. 2008)); *see also Fatsis v. Braunstein (In re*

*Fatsis)*, 405 B.R. 1, 11 (B.A.P. 1st Cir. 2009) (upholding bankruptcy court's imposition of

sanctions);  *In re Thompson*, No. 06-32622, 2007 WL 2406886, at *2 (Bankr. N.D.N.Y. Aug. 21, 2007).[5]

32.    Alternatively, Rule 45(g) of the Federal Rules of Civil Procedure provides that the "court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  When finding contempt, courts determine whether "the subpoena was clear and unambiguous, there is a clear and convincing proof of non-compliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard."  *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004);  *see also In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same);  *In re Consol. Meridian Funds*, No. 10-17952, 2013 WL 1501636, at *13-14 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

33.    In this case, the Court approved the issuance of the Subpoena and retained jurisdiction for all matters regarding the implementation of the Rule 2004 Order.  In addition, the terms of the Subpoena are clear and unambiguous and McNally has not, and cannot, advance any claim of ambiguity.

34.    McNally has failed to fully comply with the Subpoena, and she has not sought relief from the Subpoena.  By failing to comply with the Subpoena, McNally

---

[5]    "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court. *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)).  "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence."  *Fatsis*, 405 B.R. at 10-11.  "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'"  *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D. Dist. Col. Sept. 29, 2008) (citation omitted).

has knowingly defied the authority of this Court and its Rule 2004 Order, and she is impeding the Trustee's efforts to investigate the Debtor's financial affairs.

35.     In the event that McNally fails to fully comply with the Proposed Order, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause seeking a further order holding McNally in contempt and imposing sanctions as "a remedial device intended to achieve full compliance with [the] court's order."  *In re Butler*, No. 08-00065, 2008 WL 5076980, at *1.

36.     Based upon all of the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order compelling McNally to comply with the Rule 2004 Order and the Subpoena.

## NOTICE

37.     Notice of this Motion has been given to:  (i) McNally;  (ii) the United States Trustee;  (iii) the Manhattan District Attorney's Office;  and (iv) all of the parties that filed a notice of appearance pursuant to Rule 9010(b) in this case.  The Trustee respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order:  (i) compelling McNally to comply with the Rule 2004 Order and the Subpoena by (a) producing to the Trustee all documents responsive to the Subpoena not yet produced, (b) producing request-by-request responses to the Subpoena as required by the Rule 2004 Order, (c) preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the Rule 2004 Order and (d) appearing upon ten (10) days prior written notice by the Trustee to testify under oath pursuant to Bankruptcy Rule 2004;  and (ii) in the event that McNally fails to fully

comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause seeking a further order holding McNally in contempt of court and imposing coercive sanctions, and provide such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         October 4, 2021

                            Respectfully submitted,

                            ALBERT TOGUT, not individually but
                            solely in his capacity as Chapter 7 Interim
                            Trustee
                            By His Attorneys,
                            TOGUT, SEGAL & SEGAL LLP
                            By:

                            /s/ Neil Berger
                            NEIL BERGER
                            MINTA J. NESTER
                            BRIAN F. SHAUGNESSY
                            One Penn Plaza, Suite 3335
                            New York, New York 10119
                            (212) 594-5000

13