**Exhibit A**

**<u>Proposed Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
: 
             In the Matter              :        Chapter 7
:        Case No. 21-10699 (DSJ)
                  -of-                   :
:
KOSSOFF PLLC,                   :
:
:
                   Debtor.            :
:
---------------------------------------------------------------- X

### ORDER COMPELLING JULIA MCNALLY
### TO COMPLY WITH BANKRUPTCY RULE 2004 ORDER

Upon the application (the "Motion")[1] of Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling Julia McNally ("McNally") to fully comply with this Court's *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order") and the Subpoena issued by the Trustee to McNally; and upon the *Declaration of Neil Berger in Support of the Chapter 7 Interim Trustee's Motion for an Order Compelling Julia McNally to Comply with Bankruptcy Rule 2004 Order* (the "Berger Declaration"); and the Court having considered the Motion and having heard the Trustee, by his attorneys, the Togut Firm during the October 19, 2021 hearing (the "Hearing") to consider the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Motion; and it appearing that good and sufficient notice of the Motion and the Hearing were given by the Trustee and that no other or further notice is required; and upon the record made during the Hearing and all of the prior pleadings and proceedings had herein; and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish sufficient cause for the relief granted herein; and after due deliberation thereon,

<b>IT IS HEREBY FOUND AND DETERMINED THAT:</b>

A.  **Jurisdiction and Venue.**  This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.  **Statutory Predicates.**  The predicates for the relief sought in the Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

C.  **Notice.**  As evidenced by the affidavit of service filed with this Court and based upon the representations of counsel at the Hearing:  (i) under the circumstances of this case, proper, timely, adequate, and sufficient notice of the Motion and Hearing has been provided; and (ii) no other or further notice need be provided.

D.  **Opportunity to Object.**  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein was given by the Trustee.

E.  **The Rule 2004 Order.** On May 24, 2021, this Court entered the Rule 2004 Order, which among other things, requires the recipients of subpoenas to produce responsive documents to the Trustee.

   F. **The Subpoena.**  On July 13, 2021, the Trustee served the Subpoena on McNally and demanded that McNally produce responsive documents and information on or before July 22, 2021.  The Rule 2004 Order and the Subpoena are clear and unambiguous.

   G. **Noncompliance with the Rule 2004 Order and the Subpoena.**  The Berger Declaration and the record made at the Hearing demonstrate that McNally has failed to fully comply with the Rule 2004 Order and the Subpoena.

   **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

   A. The Motion is GRANTED as set forth herein.

   B. All objections and responses to the Motion which are not otherwise expressly resolved herein are overruled.

   C. McNally has failed to fully comply with the Subpoena and the Rule 2004 Order, and McNally has failed to articulate a permissible basis for its failure to fully comply with the Subpoena and the Rule 2004 Order.

   D. The Trustee shall serve a copy of this order upon McNally by First Class mail within two (2) business days after the date of entry of this order.

   E. McNally is directed to comply with the terms of the Subpoena and the Rule 2004 Order by:  (i) not later than ten (10) days from the days from the date hereof (a) producing to the Trustee all documents and information that are responsive to the Subpoena that have not yet been produced;  (b) producing to the Trustee request-by-request responses to the Subpoena as required by the Rule 2004 Order; (c) preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the Rule

3

2004 Order; and (ii) appearing upon ten (10) days prior written notice by the Trustee to testify under oath pursuant to Bankruptcy Rule 2004.

   F. In the event that McNally fails to fully comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why McNally should not be held in contempt and why the Court should not impose sanctions to compel McNally's compliance with the Rule 2004 Order and the Subpoena.

   G. The Court shall conduct a status conference concerning McNally's compliance with this Order on **October __, 2021 at 10:00 a.m**. (Prevailing Eastern Time).

   H. Entry of this Order is without prejudice to the Trustee's rights to seek other or different documents from McNally or from any other person.

   I. This Court retains exclusive jurisdiction regarding the implementation and interpretation of this Order.

Dated: New York, New York
    October __, 2021

                    _____
                    HONORABLE DAVID S. JONES
                    UNITED STATES BANKRUPTCY JUDGE