# Exhibit B

# Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X
:
            In the Matter          :     Chapter 7
:     Case No. 21-10699 (DSJ)
                 -of-                :
:
KOSSOFF PLLC,                  :
:
:
                     Debtor.    :
:
-------------------------------------------------------------- X

### DECLARATION OF NEIL BERGER IN SUPPORT OF THE CHAPTER 7 INTERIM TRUSTEE'S MOTION FOR AN ORDER COMPELLING JULIA MCNALLY TO COMPLY WITH BANKRUPTCY RULE 2004 ORDER

Neil Berger, Esq. declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am a Partner with the law firm of Togut, Segal & Segal LLP, proposed counsel to the Chapter 7 Interim Trustee (the "Trustee").

2. I submit this Declaration in support of the *Chapter 7 Interim Trustee's Motion for an Order Compelling Julia McNally to Comply with Bankruptcy Rule 2004 Order* (the "Motion"), which is filed contemporaneously herewith.[1]

3. The statements set forth herein are based upon my personal knowledge and belief, my privileged communications with the Trustee, my review of the documents filed on the docket that is maintained for the above-captioned case (the "Chapter 7 Case"), and related documents and information obtained by the Trustee.

4. On June 3, 2021, the Trustee served a subpoena on Kossoff (the "Kossoff Subpoena") requiring the production by June 10, 2021, of documents and information, which included documents concerning the Debtor's financial and

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed in the Motion.

accounting records and documents concerning transactions involving the Debtor or other companies with which Kossoff is affiliated.

   5. The Debtor has not yet filed any of the Schedules, and Kossoff has failed to do so or to otherwise cooperate with the Trustee notwithstanding the entry of orders requiring him to do so [Docket Nos. 93, 137], and the District Court has entered an order denying Kossoff's appeal and his request for a stay pending appeal on the merits. Additionally, Kossoff has not fully complied with the Kossoff Subpoena.

   6. Because Kossoff has failed to cooperate with the Trustee to date, third-party document production and subpoena compliance is essential to the Trustee's investigation of the Debtor's affairs and the identification of property that may be administered.

   7. To date, the Trustee has served dozens of subpoenas to individuals and entities that are believed to have relevant information concerning the Debtor.

   8. Documents that the Trustee has obtained identify Julia McNally ("McNally") as having been the Debtor's bookkeeper from at least as early as 2004 up to the commencement of the Chapter 7 Case.

   9. On July 13, 2021, the Trustee served the Subpoena upon McNally because documents that have been made available to the Trustee to date indicate that she had authority to release funds held in the Debtor's escrow accounts and to effect the electronic wiring of funds. The deadline for the production of responsive documents was set for July 22, 2021 (as subsequently extended by mutual agreement, the "Production Deadline"). A true and correct copy of the Subpoena, along with the materials sent to McNally in connection therewith, are attached hereto as **Exhibit "1."** A true and correct copy of the corresponding *Affidavit of Service of Subpoena for Rule 2004 Examination* [Docket No. 120] is attached hereto as **Exhibit "2."**

2

10. The Trustee served the Subpoena on McNally to determine the nature of the transactions into which the Debtor entered and whether any of them give rise to claims in favor of the estate.

11. McNally has failed to fully comply with the Subpoena on or before the Production Deadline.

12. On August 4, 2021, the Trustee sent a written demand to McNally seeking the production of documents responsive to the Subpoena within ten days of the date thereof (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit "3."**

13. McNally has failed to fully comply in response to the Trustee's Demand Letter, citing an investigation of the Debtor by the U.S. Attorney for the Eastern District of New York (the "EDNY USA"). The EDNY USA served a subpoena to McNally in connection with her investigation.

14. After the EDNY USA terminated her investigation, on or about August 10, 2021, through her criminal counsel, McNally produced a hard drive of materials that had been made available to the government (the "Hard Drive") but failed to take further steps to comply with the Subpoena. Indeed, she has even failed to provide the Trustee with access credentials that would enable the Trustee to access all of the files on the Hard Drive that she maintained as the Debtor's bookkeeper.

15. To date, McNally has failed to fully comply with her obligations pursuant to the Subpoena and this Court's Rule 2004 Order. Specifically, McNally has failed to provide: (1) request-by-request responses and (2) a declaration stating (a) that

3

none of the responsive Books and Records[2] have been altered, modified, deleted, or otherwise destroyed; and (b) that McNally has made a diligent search and effort to locate and produce the documents and information requested by the Subpoena and that the written response as to each individual request contained in the Subpoena is true and complete to the best of McNally's knowledge and belief.

16.   Absent McNally's full compliance with the Subpoena, the Trustee is unable to ascertain, based on his review of documents alone, whether the Hard Drive represents all responsive documents within McNally's possession, custody, or control.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2021 in New York, New York

/s/ Neil Berger
NEIL BERGER

---

[2] The Rule 2004 Order defines "Books and Records" as all books, records, and documents, including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, all back-up files and materials and backup media wherever located and/or however maintained, and documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs.

4