**Exhibit 1**

**Subpoena**

## TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
mnester@teamtogut.com

July 13, 2021

**<u>VIA FEDEX</u>**
Julia McNally
29-50 170th Street
Flushing, NY 11358

      Re:  Kossoff PLLC,
         <u>Chapter 7 Case No. 21-10699 (DSJ)</u>

Dear Ms. McNally:

   We are the attorneys for Albert Togut, not individually but solely in his capacity as Chapter 7 Interim Trustee of the estate of Kossoff PLLC.

   Enclosed please find a subpoena (the "<u>Subpoena</u>") requiring the production of documents no later than seven business days after the date of this letter, as well as the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures* [Docket No. 27], entered on May 24, 2021, and *Final Order Granting Injunctive Relief* [Docket No. 62], entered on June 10, 2021.

   Please contact me with any questions and to coordinate your production in response to this Subpoena.

        Very truly yours,

        TOGUT, SEGAL & SEGAL LLP
        By:

        */s/ Minta J. Nester*
        Minta J. Nester

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re Kossoff PLLC _____     Case No. 20-10699 (DSJ) _____

             Debtor

                                            Chapter 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Julia McNally _____

*(Name of person to whom the subpoena is directed)*

◼ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

◼ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by July 22, 2021 at Togut, Segal & Segal LLP at the address above.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/13/2021 _____

           CLERK OF COURT

                               OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Albert Togut, as Chapter 7 Interim Trustee , who issues or requests this subpoena, are:

Minta Nester Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Mnester@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

> For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **DEFINITIONS**

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York, the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure shall apply to the document requests (the "Requests") listed below.

1.    **2004 Order**.  The term "2004 Order" shall mean the attached *Order Authorizing the Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* entered on May 24, 2021 [Docket No. 27] in *In re Kossoff PLLC,* Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.).

2.    **Affiliate**.  The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

3.    **Bankruptcy Code**.  The term "Bankruptcy Code" shall mean title 11 of the United States Code.

4.    **Communication.**  The term "Communication" shall mean any transmittal of information, including internal communications and any transmission or exchange of information from or to any Person, whether orally or in writing, and any conversation or discussion, whether face-to-face or by means of letter, note, memorandum, telephone, voice-mail, telegraph, telecopier, cable, e-mail, instant message service, or other medium, whether electronic or otherwise.

5.    **Concerning.**  The term "concerning" shall mean "relating to," "referring to," "describing," "evidencing," or "constituting," and accordingly shall include, by way of illustration, "mentioning," "discussing," "containing," or "setting forth."

6.      **Debtor**.  The term "<u>Debtor</u>" shall mean Kossoff PLLC, and any current or former member, employee, representative, officer, director, attorney, accountant, auditor, and agent of any of the foregoing.

7.      **Documents**.  The term "<u>Documents</u>" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), and accordingly includes, Communications, reports, correspondence, minutes, e-mails, instant messages, spreadsheets, trade ledgers, blotters, memoranda, notes and all other writings, Bloomberg screenshots, drawings, presentations, graphs, charts, photographs, audio recordings, and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form or any of the foregoing that pertains to a Communication, and all pleadings in any proceeding concerning the Debtor and/or Mitchell H. Kossoff. A draft or non-identical copy is a separate Document within the meaning of this term.

8.      **Including**.  The term "<u>including</u>" shall mean "including, but not limited to."  Phrases following the term "including" are not intended to be exhaustive of the materials sought by the Request and shall not in any way be read to limit the scope of the Request.  Any and all descriptions or examples of materials provided hereafter are illustrative only and do not limit the request to those particular materials or types of materials, as if it were explicitly noted that such request was "not limited to" the stated examples.

9.      **Person.**  The term "<u>Person</u>," as set forth in section 101(41) of the Bankruptcy Code, shall mean any natural person or any legal entity, including any business or governmental entity or association, and also including, accordingly, any

firm, corporation, association, partnership, sole proprietorship, limited liability

company, public entity, or other form of entity as that term is defined in section 101(15)

of the Bankruptcy Code.

10.    **Subsidiary**.  The term "Subsidiary" shall mean any person or entity

of which shares of stock or other ownership interests having ordinary voting power to

elect a majority of the board of directors or other managers of such entity are at the time

owned, or the management of which is otherwise controlled, directly or indirectly, by

another entity.

11.    **Trustee.**  The term "Trustee" shall mean Albert Togut, not

individually but solely in his capacity as Chapter 7 Interim Trustee of the Debtor.

12.    **"You" and "Your**."  The term "You" and "Your" shall refer to the

recipient of this subpoena and all of its current and former parent entities, Subsidiary

entities, entities in which any of them have direct or indirect interests, funds any of

them have managed or for which any of them have had the right to select investments,

and other Affiliates, and each current and former member, employee, representative,

officer, director, partner, attorney, accountant, auditor, Subsidiary, parent, Affiliate

entity, and agent of any of the foregoing.

## INSTRUCTIONS

1.    Unless otherwise stated, the relevant time period for the Requests shall be

the period from April 13, 2015 through the present date (the "Relevant Time Period").

2.    Unless otherwise stated with respect to a particular Request, responses to

each Request shall include all responsive Documents, Communications and information

dated, created, modified, reviewed, sent or received during the Relevant Time Period.

3.      In responding to these Requests, You are requested to furnish all Documents that are available to You or are in Your possession, custody or control, including Documents in the possession of Your attorneys, auditors, or accountants; attorneys, auditors or accountants retained on behalf of the Debtor; other persons directly or indirectly employed by or connected with You or Your attorneys or accountants; other persons directly or indirectly employed by or connected with attorneys or accountants retained on behalf of the Debtor;  or anyone else acting or who has acted on Your behalf or otherwise is, in relevant respects, subject to Your control.

4.      These Requests call for production of responsive Documents in their entirety, without abbreviation or deletions.

5.      All drafts of responsive Documents must be produced, as well as non-identical copies.  Identical copies of produced Documents need not be produced.

6.      Documents shall be produced, organized and labeled to correspond with the Requests to which the Documents are responsive.

7.      Documents attached to each other (physically or via email) should be attached in the same way when produced.

8.      Electronically stored information must be produced in both native and a searchable format, and data should be produced in Excel, unless we agree otherwise.

9.      Wherever used herein, the singular form of any word includes the plural and vice versa.

10.      The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

12.    The terms "all," "any," "every" and "each" shall each be construed as encompassing any and all.

13.    Each page of every Document produced in response to these Requests must be marked with a unique Bates number to allow for accurate identification.

14.    To the extent that any requested Documents are withheld from inspection and copying:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of privilege, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

    i.    the title, date and type of document (e.g., memorandum, report, chart, etc.);

    ii.    its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

    iii.    the name of each author, writer and/or sender of the document;

    iv.    the name of each recipient, addressee, or other party to whom the document or a copy was sent or directed;

    v.    the specific request(s) to which the document is responsive; and

    vi.    to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of

any Person who has possession, custody or control of the Document;[1] or

vii.    to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

15.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege pursuant to paragraph 14(b) above, those portions of the Document subject to the claim of privilege may be redacted from the Document, but the instructions in the preceding paragraph 14 shall be applicable, and the rest of the Document shall be produced.

16.    If a Request is only partly objectionable, respond to the remainder of the Request that is not objectionable.

17.    If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity. Any ground not stated in the objection or request for relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

18.    At a future date, the Trustee may request the production of additional Documents or testimony. This request is without waiver of the Trustee's right to seek additional information from You or any other third party.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents and Communications concerning the Debtor and/or Mitchell H. Kossoff, Esq., including, but not limited to, workpapers, documents, notes

---

[1]    If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

and research that related in any form to audits, reviews, compilations, special projects, agreed upon procedures, tax return preparation, write-up work or any other service.  Such should include but not be limited to the following:

a) audited financial statements and checklists;

b) summary memos describing the client's results and any audit issues;

c) summary of audit differences;

d) legal letters and letters of representation;

e) trial balances and general ledgers;

f) systems documentation;

g) permanent files;

h) footnote disclosures;

i) analytical review procedures;

j) workpapers for each account including, but not limited to, cash, accounts receivable, inventory;  fixed assets, investments, other assets, accounts payable, debt, equity, revenue, expenses and any other account and partner, shareholder, member and beneficiary basis;

k) documents relating to any employee benefit plans;

l) documents related to the Debtor's IOLA and IOLTA accounts, including accountings;

m) bank and investment statements, including for the IOLA and IOLTA accounts maintained by or on behalf of the Debtor and/or Mitchell H. Kossoff, Esq.;

n) cancelled checks and wire transfer advices;

o) check registers;

p) engagement letters;

q) billing files, including all invoices, statements, bills and correspondence;

r) all documents that are or contain records or financial information including, but not limited to, vendor invoices, journals, books, records, work-papers or ledgers wherein there are statements or recordings regarding the affairs of the relevant parties including, but not limited to, debt information, cash receipts information, cash disbursement information, asset information and liability information;

s) presentations or analyses;

t) all electronic and computer files, backup disks, tapes or hard drives that contain records of financial information that pertain to any electronic accounting software package;

u) Copies of any and all contracts between or among:  (i) the Debtor, Burton, Tenantracers, and/or Mitchell H. Kossoff, Esq., on the one hand, and (ii) every vendor, lessee, lessor, employee, agents, officer, director, shareholder, customer, lender, investor, on the other hand;

    v) copies of all loan documents and applications therefore, all statements as to proceeds from loans and repayments of same with or to any bank, financial institution or individual;

    w) copies of all correspondence by and between any actual or potential lender and all financial statements and applications given from or in the alternative a list of anyone individual or entity that received same;

    x) copies of all yearend W-2s to employees and the associated W-3; and

    y) copies of all payroll records (including time sheets).

## REQUEST NO. 2:

All Communications with the Debtor and/or Mitchell H. Kossoff, Esq.

## REQUEST NO. 3:

All Documents and Communications concerning any service provided by You to or for the benefit of the Debtor or Mitchell H. Kossoff, Esq.

## REQUEST NO. 4:

All Documents concerning the operations of the Debtor, including sources of financing, equity, capital structure, corporate structure, ownership, general ledgers, bill/invoice and collection records, accounts payable records and business models.

## REQUEST NO. 5:

All Documents and Communications concerning the preparation of tax returns, workpapers, documents, notes, research utilized to prepare tax returns and reports, reports or any other type of financial statements for the Debtor or Mitchell H. Kossoff, Esq., including books and records, work sheets, and draft documents.

## REQUEST NO. 6:

All Documents and Communications concerning any transaction or potential transaction involving the Debtor or Mitchell H. Kossoff, Esq.

## REQUEST NO. 7:

All Documents concerning any projections, budgets, forecasts, financial information, or any other type of analysis prepared by You, at your direction, or on Your behalf in connection with the Debtor or Mitchell H. Kossoff, Esq.

## REQUEST NO. 8:

All Documents concerning any obligations due to, or from, the Debtor or Mitchell H. Kossoff, Esq.

**REQUEST NO. 9:**

All Documents and Communications concerning any transfer of value between the Debtor and any Person, including Mitchell H. Kossoff, Esq.

**REQUEST NO. 10:**

All time records associated with any individual or entity regarding any matter related to the Debtor or Mitchell H. Kossoff, Esq.

**REQUEST NO. 11:**

Copies of any and all pension/retirement plan documents, including any agreements, plan documents, annual summaries, and year-end participant account balances for the Debtor or Mitchell H. Kossoff, Esq.

**REQUEST NO. 12:**

All Documents and Communications concerning any asset or agreement of the Debtor or Mitchell H. Kossoff, Esq.

**REQUEST NO. 13:**

All credentials, asset codes, and other information necessary to obtain access to electronically stored records of the Debtor or Mitchell H. Kossoff, Esq.

**REQUEST NO. 14:**

All Documents and Communications concerning clients of the Debtor or Mitchell H. Kossoff, Esq.

**REQUEST NO. 15:**

Copies of all Documents produced to any law enforcement agency concerning the Debtor or Mitchell H. Kossoff, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
                                        :
In the Matter                           :          Chapter 7
                                        :          Case No. 21-10699 (DSJ)
        -of-                            :
                                        :
KOSSOFF PLLC,                           :
                                        :
                    Debtor.             :
                                        :
------------------------------------------------------------ X
```

### ORDER AUTHORIZING TRUSTEE TO ISSUE
### <u>SUBPOENAS AND OBTAIN TESTIMONY AND FOR INJUNCTIVE RELIEF</u>

Upon the Trustee's *ex parte* application for relief (the "<u>Motion</u>")[1] by Albert

Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>")

of Kossoff PLLC (the "<u>Debtor</u>"), by his proposed attorneys, Togut, Segal & Segal LLP (the

"<u>Togut Firm</u>"), and the accompanying Declaration of Neil Berger, Esq., dated May 21, 2021

(the "<u>Berger Declaration</u>"); and upon consideration of the Motion and the Berger Declaration;

and, after due deliberation, the Court having concluded that sufficient cause for the relief sought

exists; and it appearing that the emergency relief sought in the Motion is necessary and proper,

including specific facts set forth in the Berger Declaration showing that immediate and

irreparable injury, loss or damage may result absent the relief sought; and it appearing that no

further notice of this Order need be given; after due deliberation and sufficient cause appearing

therefor, it is hereby

**ORDERED**, that pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), the Trustee is now authorized to issue subpoenas for the

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

production of all books, records, and documents, including, without limitation, all emails, text

messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and

documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's

assets and financial affairs (the "Books and Records"), and the Trustee is permitted to obtain

such items and to obtain deposition testimony consistent with Bankruptcy Rule 9016, concerning

any asset, liability, duty, obligation, contract, transaction, transfer, or other issue related in any

way to the Debtor and its financial affairs;  and it is further

      **ORDERED**, that the production and examination required pursuant to this Order

are subject to any applicable privilege and nothing contained herein constitutes a finding that the

attorney-client privilege attaches to any particular document, communication, or other form of

information contained in the Books and Records;  provided, however, and for cause shown in the

Motion, the Trustee, in his sole discretion, may waive any privilege in favor of the Debtor in

connection with the turnover of any Books and Records to the Trustee;  and it is further

      **ORDERED**, that the Trustee shall serve a copy of the Order with any subpoena

that he serves pursuant to the Order;  and it is further

      **ORDERED**, that subpoenas authorized by this Order may be served by the

Trustee by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by

other means agreed to by the subpoenaed parties;  and it is further

      **ORDERED,** that sufficient reason having been shown therefore, pursuant to Rule

65 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Bankruptcy

Rule 7065, effective immediately and pending entry of further Order by this Court, any recipient

of this Order (and a subpoena issued pursuant to this Order) be, and they hereby are, enjoined

and restrained from:  (a) concealing, deleting, destroying, removing from the Premises or any

other place where they may be located absent prior Order of this Court or prior written

permission by the Trustee, or otherwise altering any Books and Records, whether physical or

electronic, related to the Debtor or its property and such recipient shall preserve all such Books

and Records subject only to such turnover obligations pursuant to a subpoena or a further order

of this Court (the "Provisional Relief");  and it is further

   **ORDERED**, that on or before the response deadline provided in the Trustee's

subpoena **or such other date to which the Trustee agrees or the Court may set for cause**

**shown**, the responding party shall provide:  (i) written responses to each of the requests

contained in the subpoena;  and (ii) a written declaration pursuant to

28 U.S.C. § 1746, attesting under the penalty of perjury that:  (a) none of the Books and Records

have been altered, modified, deleted, or otherwise destroyed;  and (b) the responding party has

made a diligent search and effort to locate and produce the documents and information requested

by the subpoena and that the written response as to each individual request contained in the

subpoena is true and complete to the best of the responding party's knowledge and belief;  [DSJ

5/24/2021] and it is further

   **ORDERED**, if any entity or person who receives a subpoena for the production

of documents pursuant to this Order withholds any item on the basis of an asserted privilege, that

entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to the

Togut Firm, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.:  Neil Berger, Esq.

(neilberger@teamtogut.com) and Brian F. Shaughnessy, Esq. (bshaughnessy@teamtogut.com),

so as to be received with the information production required by the subpoena, or at such time as

mutually agreed to by the Trustee and the subpoenaed entity or person;  and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least seven business days' notice to the recipient to provide the recipient an opportunity to object to the subpoena or to file any motion with the Court;  and it is further

**ORDERED**, that all disputes concerning any subpoena issued pursuant to this Order, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced, and the other party shall file a responsive letter brief within three business days thereafter, which shall not exceed five pages, single spaced;  and copies of such letter briefs shall also be sent to the Court's Chambers by email to jones.chambers@nysb.uscourts.gov;  and it is further

**ORDERED**, that the telephonic hearing to consider the continuance of the Provisional Relief sought in the Motion (the "Preliminary Injunction Hearing") shall be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, on **May 27, 2021 at 2:00 p.m.** (Prevailing Eastern Time), or as soon thereafter as counsel may be heard; [DSJ 5/24/2021] and it is further

**ORDERED**, that any party that wishes to attend the Preliminary Injunction Hearing must comply with General Order M-543 (Morris, C.J.) (as may be amended) of this Court, a copy of which is attached hereto;  and it is further

**ORDERED**, Kossoff and Tenantracers are directed to appear before the Court at the telephonic Preliminary Injunction Hearing and show cause why the Provisional Relief should not be continued;  and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Motion and its exhibits and this Order on the Notice Parties by

electronic mail to the extent email addresses are available, or by overnight mail or commercial

delivery service, or hand delivery; and it is further

ORDERED, that objections, if any, to the Motion must be in writing, shall

conform to the Bankruptcy Rules and the Local Rules of this Court, shall set forth the name of

the objector and the legal and factual grounds for the objection, and shall be filed with the

Bankruptcy Court, with a courtesy copy delivered to Judge Jones's Chambers by email to

jones.chambers@nysb.uscourts.gov and served upon: (i) the Togut Firm, proposed counsel for

the Trustee, One Penn Plaza, New York, New York 10119, Attn: Neil Berger, Esq.

(neilberger@teamtogut.com) and Brian Shaughnessy, Esq. (bshaughnessy@teamtogut.com); (ii)

Kossoff; (iii) the Landlord; (iv) Tenantracers;

(v) all parties that have filed a notice of appearance in this case; and (vi) the United States

Trustee for the Southern District of New York, Attn: Andrew Velez-Rivera, Esq.

(Andy.Velez-Rivera@usdoj.gov) so as to be actually received by no later than **5:00 p.m.**

(Prevailing Eastern Time) on **May 26, 2021** (the "Objection Deadline"); [DSJ 05/24/2021] and

it is further

ORDERED, that objections, if any, to the Motion which are not filed and served

on or before the Objection Deadline shall be barred and forever waived; and it is further

ORDERED, that at the hearing to consider the preliminary injunction, the Court

shall schedule a hearing for the entry of a permanent injunction consistent with the Provisional

Relief; and it is further

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of

Civil Rule 65(c) are waived pending further order of the Court; and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the

Trustee or any other party to apply for any other or further relief, including but not limited to

further relief under Bankruptcy Rule 2004;  and it is further

**ORDERED**, that the Court retains exclusive jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.

Dated:  New York, New York
        May 24, 2021

        _____*s/ David S. Jones*_____
        HONORABLE DAVID S. JONES
        UNITED STATES BANKRUPTCY JUDGE

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :
                                                            :
CORONAVIRUS/COVID-19 PANDEMIC,                              :
COURT OPERATIONS UNDER THE EXIGENT                          :        General Order M-543
CIRCUMSTANCES CREATED BY COVID-19                           :
                                                            :
------------------------------------------------------------X

       In order to protect public health, and in recognition of the national emergency that was
declared by the President of the United States on March 13, 2020, the United States Bankruptcy
Court for the Southern District of New York ("Bankruptcy Court") hereby issues the following
order:

       IT IS HEREBY ORDERED, effective immediately and until further notice, that:

1. **Hearings and Conferences**.  All hearings and conferences scheduled to be held in
   courthouses comprising the Manhattan Division, White Plains Division, and
   Poughkeepsie Division of the Bankruptcy Court will be conducted **telephonically**
   pending further Order of the Bankruptcy Judge assigned to the matter ("Bankruptcy
   Judge").  Any party wishing to appear in person at a hearing or conference shall file <u>or</u>
   submit an appropriate motion or request, which will be considered by the Bankruptcy
   Judge.  Any party may request an adjournment of a hearing or conference by filing or
   submitting an appropriate motion or request setting forth the basis for the adjournment in
   conformity with the Bankruptcy Judge's procedures for requesting adjournments.  All
   attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or
   conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances
   and make arrangements with **Court Solutions LLC**.  Pro se parties, Chapter 7 Trustees
   and Ch 13 Trustee may participate telephonically in hearings free of charge using Court
   Solutions. The instructions for registering with Court Solutions are attached hereto.

2. **Evidentiary Hearings and Trials**.  Parties should contact the Bankruptcy Judge's
   courtroom deputy or law clerk assigned to the case to inquire about whether an upcoming
   evidentiary hearing or trial will proceed as scheduled and be prepared to discuss
   procedures and technology for conducting the evidentiary hearing remotely.

3. **Official Record**.  In order to assist the Bankruptcy Court in creating and maintaining the
   official record of proceedings before it, and to facilitate the availability of official
   transcripts of the proceedings, Bankruptcy Court personnel are permitted to utilize tools
   made available through Court Solutions to record telephonic hearings, conferences and
   trials. Such recordings shall be the official record. Transcripts can be ordered and
   corrected in the same way as before the issuance of this Order.

4. **Clerk's Office and _Pro Se_ Filings**.  Until further notice, the three Divisions of the Bankruptcy Court will remain open for all other business.  Clerk's Office personnel are available by telephone, mail will be received, and the intake desks will remain open to receive _pro se_ filings.  _Pro se_ filers can also continue to utilize the drop boxes located in the lobbies of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 or the Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 for delivery of documents after 5:00 pm.  Any documents submitted for filing in a drop box must be time-stamped, sealed in an envelope addressed to the Clerk of Court of the Bankruptcy Court, and must include the filer's contact information.

Dated: March 20, 2020
        New York, New York


                                    /s/ Cecelia G. Morris
                                    Cecelia G. Morris
                                    United States Bankruptcy Chief Judge

Instructions to register for CourtSolutions.

1. Create a CourtSolutions account online.
Logon to https://www.court-solutions.com/ to "Signup" for an account and to register a telephonic appointment for an upcoming hearing. Registration for a hearing must occur no later than 12:00 noon on the business day prior to the hearing date.

2. Register for a hearing with CourtSolutions.
After creating and signing into their CourtSolutions account at https://www.court-solutions.com/, a party must register for a hearing.
a. Enter the last name of the Judge to appear before and then select the appropriate name from the list.
b. Enter the time and date of the hearing.
c. Select participation status: Live or Listen Only.
d. Enter the case name, case number, and, if applicable, the name of client.
e. There is a box to click to agree to terms/conditions, and then press "Register".
f. CourtSolutions will send an email confirmation of the participation request.
g. The court staff will first confirm that a granted motion to appear telephonically is on the docket. If there exists a granted motion, the court staff will approve the reservation.
h. CourtSolutions will then send another email confirmation.
Note that the reservation received for a registered hearing may NOT be transferred to another person. If someone dials in with someone else's registration information, the caller information presented to the court will not match the correct person.

3. Charges.
For lawyers and participants, registration and reservations are free.
Once a party dials into a call, the cost is a flat fee of $70, per reservation, per judge, per day. If the hearing is adjourned for a break and the party rejoins the call later that day, there is no additional charge to rejoin the call. If the hearing is continued to another day, lawyers and participants will need to re-register and the flat fee will apply again when dialing in.
If a party does not timely join a call, no fee is charged. The Judge will have the party listed as having made a reservation, but the party is not charged. However, the hearing may proceed in their absence, and they may face sanctions from the Court.
Additionally, a party may notice that there is a charge on their card after making a reservation. When making a reservation, CourtSolutions places an authorization hold on the card. If the party does not join the call, the pending hold will be removed automatically several days later, and there will be no charge.
Any issues with billing shall be directed to the vendor. The Court is not responsible for the billing or collection of the fees incurred with CourtSolutions.

4. Order of Proceeding.
CourtSolutions does not place a call to counsel on the day of the hearing. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing. Logging into the CourtSolutions website for the hearing is not required but is helpful to unmute your line if the Court mutes it or to raise your hand to be recognized during the hearing.

Upon connecting to the call and at the time of the hearing, a party may hear the activity in the courtroom. Unless a joining party mutes their line, he/she joins the call as an active participant and can be heard. Failure to act appropriately on the line may result with the party being disconnected by Court. When the judge is ready to hear the case, appearances will be called. Each time a telephonic party speaks, he/she should identify them self for the record. The court's teleconferencing system allows more than one speaker to be heard, so the judge can interrupt a speaker to ask a question or redirect the discussion. When the judge informs the participants that the hearing is completed, the telephonic participant may disconnect, and the next case will be called.

5. Failure to appear.
If a party does not timely call and connect to the scheduled hearing, the hearing may proceed in their absence, and they may face sanctions from the Court for their failure to appear.

6. Other/Miscellaneous.
Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include denying the matter for failure to prosecute, continuing the hearing, proceeding in the absence of a party who fails to appear, or a monetary sanction.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                             :
In the Matter                              :          Chapter 7
                                                             :          Case No. 21-10699 (DSJ)
            -of-                                          :
                                                             :
KOSSOFF PLLC,                           :
                                                             :
                        Debtor.                   :
                                                             :
------------------------------------------------------------ X

## FINAL ORDER GRANTING INJUNCTIVE RELIEF

Upon the application, dated May 21, 2021 (the "Motion")[1] [Docket No. 26] of

Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the

"Trustee") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut

Firm"), for an order:  (i) authorizing him to issue subpoenas for the production of all books,

records, and documents, including, without limitation, all emails, text messages, computers

and/or laptop computers, hard drives, computer servers, all back-up files and materials and back-

up media wherever located and/or however maintained, and documents related to the Debtor or

its property concerning or otherwise evidencing the Debtor's assets and financial affairs (the

"Books and Records"), and the examination of various persons and entities, to obtain

information concerning acts, conduct, property, and liabilities of the Debtor, and other matters

relating to the extent and nature of the Debtor's estate, and directing that all persons who receive

notice of an order granting this Motion and any subpoena issued by the Trustee to preserve, and

not destroy, all Books and Records, concerning the Debtor and its estate;  and (ii) scheduling a

final hearing to consider the injunctive relief sought by the Trustee concerning the Books and

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

Records; and upon the accompanying Declaration of Neil Berger, Esq., [Docket No. 26-4] and

the specific facts set forth therein showing that immediate and irreparable injury, loss or damage

may result absent the relief sought; and after considering the Motion, the Court having entered

the *Order Authorizing The Trustee To Issue Subpoenas And Obtain Testimony And For

Injunctive Relief* (the "Rule 2004 Order") [Docket No. 27] which, among other things, scheduled

a hearing for May 27, 2021 (the "May 27 Hearing") to consider entry of a preliminary injunction

sought by the Trustee; and it appearing that good and sufficient notice of the Rule 2004 Order

and the May 27 Hearing having been given by the Trustee in accordance with the Rule 2004

Order; and Columbus Properties, Inc. and Colonnade Management Company (together, the

"Landlord") having filed a Limited Objection to any indefinite and ongoing obligation to have

the Premises used to store documents and records on an unpaid basis [Docket No. 31] (the

"Landlord Objection"); and upon the record of the May 27 Hearing held to consider the Motion,

the Court having entered the *Order Scheduling Final Hearing To Consider Injunctive Relief* (the

"Scheduling Order") [Docket No. 33] which, among other things, scheduled a final hearing on

June 10, 2021 (the "Final Hearing") to consider entry of a further order granting the injunctive

relief sought by the Trustee on a final basis; and it appearing that good and sufficient notice of

the Final Hearing having been given by the Trustee in accordance with the Scheduling Order,

and that no other or further notice of the relief sought in the Motion need to be given; and

Walter Mack, Esq., having filed the *Objection to Preliminary Injunction Order and Trustee

Issuance of Subpoenas for Testimony and Documents on Behalf of Mitchell H. Kossoff, Esq.,

Kossoff PLLC and Tenantracers* [Docket No. 48] (the "Kossoff Objection"); and upon the

record of the Final Hearing and all of the prior pleadings and proceedings had herein, including

the Landlord Objection and the Kossoff Objection;  and after due deliberation, the Court having

concluded that good and sufficient cause for the relief sought in the Motion exists, it is hereby:

      **ORDERED**, that the Motion is granted on a final basis to the extent provided for

herein;  and it is further

      **ORDERED,** that sufficient reason having been shown therefore, pursuant to Rule

65 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7065, any

recipient of this Order (and a subpoena issued by the Trustee pursuant to the Rule 2004 Order)

be, and they hereby are:  (a) enjoined and restrained from concealing, deleting, destroying,

removing otherwise altering any of the Books and Records, whether physical or electronic,

related to the Debtor or its property, from the Premises or any other place where they may be

located, absent prior Order of this Court or prior written permission by the Trustee, and (b)

required to preserve all such Books and Records subject only to such turnover obligations

pursuant to a subpoena or a further order of this Court;  and it is further

      **ORDERED,** that the Trustee shall serve copies of the Rule 2004 Order and this

order with any subpoena that he serves pursuant to the Rule 2004 Order;  and it is further

      **ORDERED,** that the entry of this Order is without prejudice to rights of the

Landlord to seek further relief;  and it is further

      **ORDERED**, that the rights of Mitchell H. Kossoff and Tenantracers, LLC to seek

relief from this Order upon application, written notice, and a hearing are preserved;  and it is

further

      **ORDERED**, that the Court retains exclusive jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.


Dated:  New York, New York
            June 10, 2021

                                    _s/ David S. Jones_____
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE