TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Interim Trustee*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                      :
                    In the Matter                     :      Chapter 7
                                                      :      Case No. 21-10699 (DSJ)
                        -of-                           :
                                                      :
KOSSOFF PLLC,                                         :
                                                      :
                                                      :
                         Debtor.                      :
                                                      :
------------------------------------------------------------ X

## CHAPTER 7 INTERIM TRUSTEE'S MOTION FOR AN ORDER
## COMPELLING JPMORGAN CHASE BANK, N.A. TO COMPLY WITH
## BANKRUPTCY RULE 2004 ORDER AND ITS TURNOVER OBLIGATIONS

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT...................................................................................... 2

JURISDICTION ......................................................................................................... 3

FACTUAL BACKGROUND........................................................................................ 3

    I.    The Debtor's Bankruptcy Case.................................................................. 3

    II.    The Trustee's Rule 2004 Motions and Related Orders ............................ 4

    III.    The Trustee's Attempts to Obtain Discovery from the Debtor's Sole
        Managing Member...................................................................................... 5

    IV.    The Trustee's Subpoena ............................................................................ 7

RELIEF REQUESTED ............................................................................................... 13

BASIS FOR RELIEF................................................................................................... 13

    I.    JPMC's Failure to Comply ....................................................................... 15

    II.    An Order Compelling JPMC's Compliance Is Appropriate Under the
        Circumstances ............................................................................................ 15

NOTICE.................................................................................................................... 19

CONCLUSION .......................................................................................................... 20

# TABLE OF AUTHORITIES

**CASES**

*Fatsis v. Braunstein (In re Fatsis),* 405 B.R. 1 (B.A.P. 1st Cir. 2009)....................................... 16

*Goya Foods, Inc. v. Wallack Mgmt. Co.,* 344 F.3d 16 (1st Cir. 2003) ....................................... 16

*Haigler v. Dozier (In re Dozier Fin., Inc.),* No. 4:18-CV-1888-SAL-SVH, 2020 WL 1873993 (D.S.C. Feb. 3, 2020) ........................................................................................................ 18

*In re Butler Innovative Solutions, Inc.,* No. 08-00065, 2008 WL 5076980 (Bankr. D. Dist. Col. Sept. 29, 2008) .............................................................................................. 16, 19

*In re Cashco, Inc.,* 599 B.R. 138 (Bankr. D.N.M. 2019).............................................................. 18

*In re Consolidated Meridian Funds,* No. 10-17952, 2013 WL 1501636 (Bankr. W.D. Wash. Apr. 5, 2013) ..................................................................................................................... 17

*In re Corso,* 328 B.R. 375 (Bankr. E.D.N.Y. 2005)..................................................................... 17

*In re Dickerson,* No. 08-33071, 2009 WL 4666457 (Bankr. N.D.N.Y. Dec. 8 2009)............... 16

*In re Enron Corp.,* 300 B.R. 201 (Bankr. S.D.N.Y.2003). ........................................................... 18

*In re Nosek,* 544 F.3d 34 (1st Cir. 2008) ..................................................................................... 16

*In re Parikh,* 397 B.R. 518 (Bankr. E.D.N.Y. 2008) ................................................................... 17

*In re Rare Coin Galleries of Am., Inc.,* 862 F.2d 896 (1st Cir. 1988) ........................................ 18

*In re River Ctr. Holdings, LLC,* 394 B.R. 704 (Bankr. S.D.N.Y. 2008)..................................... 15

*In re Thompson,* No. 06-32622, 2007 WL 2406886 (Bankr. N.D.N.Y. Aug. 21, 2007) .......... 16

*NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.),* 317 B.R. 260 (Bankr. S.D.N.Y. 2004)................................................................................................................... 16

*U.S. Bank Trust Nat'l Ass'n v. Am. Airlines, Inc. (In re AMR Corp.),* 485 B.R. 279 (Bankr. S.D.N.Y.), *aff'd,* 730 F.3d 88 (2d Cir. 2013) ........................................................................ 18

*U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.),* 68 B.R. 690 (Bankr. S.D.N.Y. 1986)................................................................................................................... 16

**STATUTES**

11 U.S.C. § 105(a)............................................................................................................ 1, 3, 16

11 U.S.C. § 362 ......................................................................................................................... 18

11 U.S.C. § 542(e) ............................................................................................................... 18

11 U.S.C. § 704(a)(4) ........................................................................................................... 13

28 U.S.C. § 1334 .................................................................................................................... 3

28 U.S.C. § 1408 .................................................................................................................... 3

28 U.S.C. § 1409 .................................................................................................................... 3

28 U.S.C. § 157 ...................................................................................................................... 3

28 U.S.C. § 157(b)(2)(A) ...................................................................................................... 3

28 U.S.C. § 157(b)(2)(E) ...................................................................................................... 3

28 U.S.C. § 157(b)(2)(O) ...................................................................................................... 3

28 U.S.C. § 1746 ........................................................................................................... passim

**RULES**

Fed. R. Bankr. P. 2004 ........................................................................................... 1, 3, 16, 17

Fed. R. Bankr. P. 45 ............................................................................................................. 16

Fed. R. Bankr. P. 9016 ............................................................................................... 1, 3, 16

Fed. R. Civ. P. 45(g) ............................................................................................................. 17

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually, but solely in his capacity as the Chapter 7

Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned

case, by and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"),

respectfully submits this application (the "Motion") for entry of an order, substantially

in the form attached hereto as **Exhibit "A"** (the "Proposed Order"), pursuant to section

105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and

9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

(i) compelling JPMorgan Chase Bank, N.A. ("JPMC") to comply with this Court's *Order*

*Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief*

[Docket No. 27] (the "Rule 2004 Order"), the Subpoena (as that term is defined below),

and its turnover obligations under the Bankruptcy Code by (a) producing documents

and information sufficient to disclose all of the website access credentials for the

Debtor's Bank Accounts (as that term is defined below) for which JPMC is or was the

banking depository for the Debtor, (b) granting the Trustee website access to the Bank

Accounts, (c) producing to the Trustee all documents and information that are

responsive to the Subpoena not yet produced, (d) producing to the Trustee request-

by-request responses to the Subpoena as required by the Rule 2004 Order, and (e)

preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the Rule 2004

Order;  and (ii) in the event that JPMC fails to fully comply with the Proposed Order,

authorizing the Trustee to submit a proposed order to show cause scheduling a hearing

to consider entry of a further order holding JPMC in civil contempt and imposing

coercive civil sanctions.  In support of the Motion, the Trustee submits the Declaration

of Neil Berger of the Togut Firm, attached hereto as **Exhibit "B"** (the "Berger

Declaration"), and the Declaration of Stephen Gray, of Gray & Company, LLC, the

Trustee's financial advisor herein (the "Gray Declaration"), attached hereto as **Exhibit**

**"C,"** and respectfully represents:

<u>PRELIMINARY STATEMENT</u>

Since his appointment, the Trustee has undertaken the critically important

work of trying to resolve the affairs of the Debtor's estate.  This effort has been impeded

by the improper demands of Mitchell H. Kossoff ("Kossoff") for a grant of immunity in

exchange for his cooperation.  As a result, third-party document production is essential

to the Trustee's investigation of the Debtor's affairs and the identification of property

that may be administered.

Creditors have alleged that the Debtor failed to account for approximately

$17 million of client funds that were deposited into the Debtor's bank accounts.

Discovery of JPMC is critical because it was the financial institution through which the

Debtor executed the vast majority of its financial transactions.  As a result of Kossoff's

wholesale refusal to cooperate with the Trustee's investigation of the Debtor's affairs,

the Trustee issued a subpoena (the "Subpoena") to JPMC to determine the nature of the

transactions that the Debtor entered into using funds that were maintained in the Bank

Accounts, and to try to determine whether any of those transactions give rise to claims

in favor of the estate.

However, notwithstanding service of the Subpoena to JPMC pursuant to

the Rule 2004 Order and the Trustee's repeated demands for compliance (both written

and during meet and confer discussions with JPMC's counsel), JPMC has failed to fully

comply with its obligations pursuant to the Subpoena, the Rule 2004 Order, and the

Bankruptcy Code.  JPMC has failed to produce all of the materials in its possession that

are responsive to the Subpoena and it refuses to grant the Trustee website access to the

Bank Accounts, the Debtor's rights to which are property of this estate and which access
is required to identify payee and other information related to checks that is unavailable
from JPMC's incomplete production.

For the reasons set forth herein, the Trustee respectfully requests entry of
an order, substantially in the form of the Proposed Order compelling JPMC to fully
comply with the Rule 2004 Order.

## JURISDICTION

1.      This Court has jurisdiction over this case and this Motion pursuant
to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C.
§§ 157(b)(2)(A), (E) and (O).  Venue is proper in this district pursuant to 28 U.S.C. §§
1408 and 1409.

2.      The predicates for this Motion are section 105(a)  of the Bankruptcy
Code and Bankruptcy Rules 2004 and 9016.

## FACTUAL BACKGROUND

### I.      The Debtor's Bankruptcy Case

3.      On April 13, 2021 (the "Petition Date"), certain creditors of the
Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code
(the "Involuntary Petition") against the Debtor in the above-captioned case (the
"Chapter 7 Case") [Docket No. 1].

4.      The Debtor did not appear in response to the Involuntary Petition,
and on May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules
and Other Documents* [Docket No. 14] (the "Order for Relief").

5.      The Order for Relief directs the Debtor to file "all schedules,
statements, lists and other documents that are required under the Federal and Local

3

Rules of Bankruptcy Procedure" (the "<u>Schedules</u>") no later than May 25, 2021 [Docket No. 14].

6.    On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

7.    The Debtor has not yet filed any of the Schedules, and Kossoff has failed to do so or to otherwise cooperate with the Trustee notwithstanding entry of orders requiring him to do so [Docket Nos. 93, 137].  *See* Berger Decl. at ¶ 5.

## II.    <u>The Trustee's Rule 2004 Motions and Related Orders</u>

8.    On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 26] (the "<u>Rule 2004 Motion</u>").

9.    On May 24, 2021, the Court entered the Rule 2004 Order, which authorized, *inter alia*, the Trustee "to issue subpoenas for the production of all books, records and documents . . . related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs . . . ."  [Docket No. 27].

10.    On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him."  *See* Docket No. 30 at p. 2.  He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee."  *Id*. at p. 3.

11.     Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Docket No. 33], the Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021.  Later that day, the Court entered the *Final Order Granting Injunctive Relief* [Docket No. 62] and required all parties in possession of records concerning the Debtor's affairs to maintain, and not alter or destroy, those records subject only to such custodians' turnover obligations pursuant to a subpoena or a further order of this Court.

III.    **The Trustee's Attempts to Obtain Discovery from the Debtor's Sole Managing Member**

12.     On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;  (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 36].

13.     On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Docket No. 93], which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

14.     On August 5, 2021, the Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee;  (2) Appear for Examination at Section 341 Meetings of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 137] (the "Order to Compel").  Among other things, the Order to Compel required Kossoff to produce the Debtor's Schedules within fourteen days or file a written report with the Court explaining the reason for such failure.  As of the date hereof, Kossoff has failed to comply with the Order to Compel.

15.     On August 18, 2021, Kossoff and the Debtor sought to commence an appeal of the Order to Compel in the District Court for the Southern District of New York (the "District Court"), which matter bears case number 21-cv-07122 [Docket No. 144].

16.     That same day, Kossoff and the Debtor filed a *Motion for Leave to Appeal* [Docket No. 145], seeking to appeal the Order to Compel. Kossoff also filed the *Notice of Filing of Report Pursuant to August 5th Order* [Docket No. 146], which concerned Kossoff's failure to comply with the Order to Compel and requested that the appeal be resolved before Kossoff is compelled to comply with the Order to Compel.

17.     The following day, on August 19, 2021, Kossoff's criminal counsel filed the *Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Privilege Against Self Incrimination Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear at Examination at the Creditor Committee Hearing, and to Produce Documents and Other Information* [Docket No. 147], seeking to stay the Order to Compel pending the appeal (the "Bankruptcy Court Stay Motion").

18.     This Court conducted a hearing to consider the Bankruptcy Court Stay Motion on September 14, 2021.

19.     On September 23, 2021, the Court entered an order denying the Bankruptcy Court Stay Motion [Docket No. 178], which became effective on September 27, 2021 at 5:00 p.m.

20.     The following day, on September 24, 2021, Kossoff's criminal counsel filed in the District Court a *Notice of Motion for Limited Stay* and an accompanying attorney affirmation [District Court Docket No. 13], and a *Memorandum of Law in Support of Motion for Limited Stay Pending Leave to Appeal the Bankruptcy Court's*

*August 5th Order Compelling Mitchell H. Kossoff to Testify at a Creditors' Committee Meeting,*
*Prepare Schedules and Produce Documents* [District Court Docket No. 14].  Due to a
docketing error, the Notice of Motion and the accompanying affirmation were refiled
on September 29, 2021 (the "District Court Stay Motion") [District Court Docket Nos. 15
and 16].

21.    On September 30, 2021, the District Court entered an order denying
the District Court Stay Motion and the *Motion for Leave to Appeal* on the merits [District
Court Docket No. 17].

**IV.    The Trustee's Subpoena**

22.    Because Kossoff has failed to fully cooperate with the Trustee to
date, third-party document production is essential to the Trustee's investigation of the
Debtor's affairs and the identification of property that may be administered.  *See* Berger
Decl. at ¶ 6.  To date, the Trustee has served dozens of subpoenas to individuals and
entities that are believed to have relevant information concerning the Debtor.  *See*
Berger Decl. at ¶ 7.

23.    The Trustee has been told that the District Attorney seized all of the
Debtor's servers and most, if not all, of the Debtor's internal accounting records.  As a
result, the Trustee's only source of financial information for tracing the Debtor's receipts
and disbursements are the Debtor's Bank Account records.  *See* Gray Decl. at ¶ 7.

24.    On June 3, 2021, as a result of Kossoff's wholesale refusal to
cooperate with the Trustee's investigation of the Debtor's affairs, the Trustee served the
Subpoena upon JPMC because documents that have been recovered by the Trustee
indicated that JPMC was a financial institution through which the Debtor executed the
vast majority and millions of dollars of its financial transactions.  *See* Berger Decl. Ex. 2,
Berger Decl. at ¶ 9.  The deadline for the production of responsive documents in

response to the Subpoena was set for June 10, 2021 (the "Production Deadline"). *See* Berger Decl. Ex. 1; *see also* Berger Decl. at ¶ 9.

25. The Subpoena, issued pursuant to the Rule 2004 Order, sought the following categories of information (collectively, the "Requests for Production"):[1]

- All account statements and all other Documents concerning all bank accounts, including, but not limited to, all operating, payroll, tax, escrow and attorney IOLA accounts, maintained in the name of the Debtor and/or Kossoff, either individually or jointly with others at JPMC (the "Bank Accounts") from April 13, 2015 through the present;

- Copies of the front and back of all cancelled checks for any and all Bank Accounts from April 13, 2015 through the present;

- Copies of all wire transfer instructions, receipts and wire transfer confirmations for the Bank Accounts from April 13, 2015 through the present;

- Copies of all applications, loan agreements, security agreements, and other Documents reflecting or otherwise evidencing any relationship by/among the Debtor, Kossoff and JPMC; and

- Documents sufficient to disclose all of the online access credentials for the Bank Accounts (the "Access Credentials").

*See* Berger Decl. Ex. 1.

---

[1]   Capitalized terms used but not defined in this paragraph shall have the meanings given to them in the Subpoena.

26.     The Subpoena defined "Documents," in relevant part, to be "synonymous in meaning and equal in scope to the usage of the term 'documents or electronically stored information' in Federal Rule of Civil Procedure 34(a)."  Berger Decl. Ex. 1 at ¶ 9.

27.     The Trustee received productions from JPMC on or about June 25, 2021, September 1, 2021, and September 3, 2021 in response to the Subpoena (the "JPMC Production").  *See* Berger Decl. at ¶ 10; Gray Decl. at ¶ 8.  Included in those productions are some check images, bank statements, and Excel files (the "Excel Files") containing data concerning transactions in the Bank Accounts.  *See* Gray Decl. ¶ at 9.

28.     However, JPMC failed to provide request-by-request responses to the Subpoena and failed to provide a declaration pursuant to 28 U.S.C. § 1746, both of which are required by the Court's Rule 2004 Order.  Berger Decl. at ¶ 10.  JPMC's production of documents also omits documents and information, including its email correspondence with the Debtor and the Access Credentials for online access to the Bank Accounts.  *Id.*; *see also* Berger Decl. Ex. 1 at Request Nos. 1, 4, and 5; Gray Decl. at ¶ 19.

29.     Included in the JPMC Production was an Adobe PDF of 6,578 pages containing scanned images of bank statements and checks written against the Bank Accounts.  This file contains scanned images only, and the file is not searchable.  *See* Gray Decl. at ¶ 10.

30.     In the absence of check numbers and payee information, which were required to have been produced pursuant to the Subpoena, identifying the respective payee would require that the Trustees' financial advisors and accountants manually cross-reference the Excel File data against JPMC's scanned bank statements to identify each matching check number, and then cross-reference those check numbers

against an unsearchable 6,578-page PDF containing scanned check images.  Attempting

to advance the Trustee's investigation of the Debtor's financial affairs in this manner

would result in considerable delays, and significant added expense to the Estate.  *See*

Gray Decl. at ¶ 13.  Moreover, because proceeding in that manner using what JPMC has

produced to date would require significant manual, transaction-by-transaction review,

the margin for error is materially increased.  *Id*.

31.     Furthermore, the Debtor's IOLA account number ending 9936 so

far indicates that there were approximately $37 million in check disbursements during

the period spanning January of 2018 and March 2021, yet the JPMC Production omits

check images for this account.  *See* Gray Decl. at ¶ 14.  As such, the Trustees' financial

advisors and accountants are unable to determine to whom those check payments were

made.  *Id.*

**The Excel Files**

32.     The Excel Files omit check dates, check payee information, check

numbers, and running balances for the Bank Accounts.  *See* Gray Decl. at ¶ 11.

33.     For example, the Excel Files include only the following information

for a particular check transaction:

| Paid Date | Transaction Authorization Date | Transaction Authorization Time | Account Number | Transaction Type | C=Credit D=Debits | Description | Amount |
|---|---|---|---|---|---|---|---|
| 2015-04-30 | 2015-04-30 | 11.59 PM | #####1975 | Check | D | | $ -100000.00 |

*See* Gray Decl. at ¶ 12.

34.     The Excel Files also omit information related to the Debtor's

deposits.  Identifying the sources of funds deposited into the Bank Accounts requires

access to detailed information comprising each particular deposit.  Access to deposit information would not only assist the Trustee in identifying the sources of funds but would also facilitate the process of reconciling claims filed against the Estate.  *See* Gray Decl. at ¶ 15.

35.    The Excel Files also omit information identifying the sources of funds transferred into the Bank Accounts from other JPMC accounts owned or controlled by Kossoff or the Debtor.  *See* Gray Decl. at ¶ 16.

**Website Access**

36.    The JPMC Production also omits the Access Credentials, without which the Trustee is unable to utilize website access to the Bank Accounts.  *See* Berger Decl. at ¶ 11;  Gray Decl. at ¶ 19.

37.    Web access to the Bank Accounts would enable the Trustee to set parameters to query transaction data and retrieve the data and images needed to investigate payments to and from the Bank Accounts.  *See* Gray Decl. at ¶ 20.  These data queries could be downloaded into Excel for the Trustee's detailed analysis.  This method of reviewing the Debtor's data, which should have been available prior to the Petition Date, would be far more efficient and reliable than the labor-intensive process of trying to reconstruct the accounts from JPMC's Production to date.  *Id*.

38.    Website access to the Bank Accounts is needed for the Trustee to identify payee and other information related to checks issued by the Debtor that have been omitted from JPMC's incomplete production.  Moreover, online access to the Bank Accounts will greatly assist and streamline the Trustee's investigation at a much lower cost than is being experienced absent JPMC's compliance, and, upon information and belief, at minimal cost, if at all, to JPMC.  *See* Berger Decl. at ¶ 12;  Gray Decl. at ¶ 22.

All of this was explained to JPMC's counsel during telephonic meet and confers between the parties prior to the filing of the Motion. *See* Berger Decl. at ¶ 12.

39.     Website access to the Bank Accounts will also provide the Trustee's professionals with information needed to trace the Debtor's transactions and to identify potential avoidable transfers. *See* Gray Decl. at ¶ 21.

40.     On July 27, 2021, JPMC informed the Trustee that it was unable or unwilling to provide the Access Credentials or website access to the Bank Accounts because the Bank Accounts had been closed. *See* Berger Decl. at ¶ 14. JPMC has not, however, explained why it is unable to disclose the Access Credentials, reopen the Bank Accounts and/or provide website access to the Bank Accounts. *Id.*

41.     Counsel for the Trustee has repeatedly requested electronic access. However, without elaborating a justification, JPMC has refused to take steps to re-open the Bank Accounts such that the Trustee can have electronic access. Counsel to the Trustee has made several inquiries to JPMC regarding its refusal to provide the website access of the Bank Accounts to the Trustee, but hasn't received a reason why web access to the Bank Accounts cannot be facilitated. *See* Berger Decl. at ¶ 15.

**Additional Elements Missing from the JPMC Production**

42.     Other documents missing from the JPMC Production are identified in the chart annexed to the Gray Declaration as **Exhibit "1"**. See Gray Decl. at ¶ 18; Gray Decl. Ex. 1.

43.     Consequently, JPMC failed to fully comply with the Subpoena on or before the Production Deadline, and the resulting deficiency prejudices the Trustee and the Estate. *See* Berger Decl. at ¶ 13; Gray Decl. at ¶ 17.

44.     By this Motion, the Trustee seeks an order compelling JPMC to comply with its obligations under the Subpoena and Rule 2004 Order and to turnover electronic access to the Bank Accounts.

## RELIEF REQUESTED

45.     The Trustee seeks entry of the Proposed Order:  (i) compelling JPMC to comply with the Rule 2004 Order and the Subpoena by:  (a) producing documents and information sufficient to disclose all of the Access Credentials for the Debtor's Bank Accounts for which JPMC is or was the depository and (b) granting the Trustee website access to the Bank Accounts, (c) producing to the Trustee all documents and information that are responsive to the Subpoena not yet produced, (d) producing to the Trustee request-by-request responses to the Subpoena as required by the Rule 2004 Order, and (e) preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the Rule 2004 Order;  and (ii) in the event that JPMC fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding JPMC in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.

## BASIS FOR RELIEF

46.     Among the Trustee's duties is the duty to investigate the financial affairs of the Debtor.  11 U.S.C. § 704(a)(4).  In furtherance of this duty, the Court entered the Rule 2004 Order to authorize the Trustee to issue subpoenas for, among other things, the production of books, records, and documents.  *See* Docket No. 27 (Rule 2004 Order) at 3.

47.     By operation of the Rule 2004 Order and the Subpoena, JPMC has an obligation to provide request-by-request responses to the Subpoena, a declaration

pursuant to 28 U.S.C. § 1746, and responsive documents, including the Access Credentials and website access to the Bank Accounts.[2] JPMC, however, has refused to turn over the Access Credentials to the Trustee and has refused to provide website access to the Bank Accounts, and has not otherwise fully complied with the Subpoena. Thus, the Trustee respectfully submits that the Court should enter the Proposed Order because JPMC has failed to fully comply with the Rule 2004 Order and the Subpoena.

48.     An order to compel compliance is necessary, because JPMC has failed to comply with its obligations under this Court's Rule 2004 Order, the Subpoena issued pursuant thereto, and its turnover obligations under the Bankruptcy Code.

---

[2]     JPMC has never sought relief from the Subpoena and its time to do so has long ago expired.

## I.    JPMC's Failure to Comply

49.    With the Requests for Production contained in the Subpoena, the Trustee sought, among other things:  all account statements and all other Documents concerning the Bank Accounts from April 13, 2015 through the present; copies of all applications, loan agreements, security agreements, and other Documents reflecting or otherwise evidencing any relationship by/among the Debtor, Mitchell H. Kossoff and JPMC, and Documents sufficient to disclose all of the online Access Credentials for the Bank Accounts.  *See* Berger Decl. Ex. 1  at Request Nos. 1, 4, and 5.  However, JPMC's production omitted such items as email communications and Access Credentials, and JPMC has failed to explain why such compliance is not possible.  *See* Berger Decl. at ¶¶ 10, 14.

50.    Moreover, JPMC has failed to comply with the provisions of the Rule 2004 Order that require that a subpoena recipient provide written responses and a declaration concerning the production.[3]  *See* Berger Decl. at ¶ 10.

## II.    An Order Compelling JPMC's Compliance Is Appropriate Under the Circumstances

51.    This Court has the express authority to compel compliance with its orders.  *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection

---

[3]  Specifically, among other things, the Rule 2004 Order requires that the subpoena recipient provide:

> (i) written responses to each of the requests contained in the subpoena; and (ii) a written declaration pursuant to 28 U.S.C. § 1746, attesting under the penalty of perjury that: (a) none of the Books and Records have been altered, modified, deleted, or otherwise destroyed; and (b) the responding party has made a diligent search and effort to locate and produce the documents and information requested by the subpoena and that the written response as to each individual request contained in the subpoena is true and complete to the best of the responding party's knowledge and belief.

Docket No. 27 (Rule 2004 Order) at 3.

105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) (recognizing that "it is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

52.    Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance.  Bankruptcy Rule 2004 states that the production of documents "may be compelled as provided in Rule 9016."  Bankruptcy Rule 9016 provides that Federal Rule 45 applies in cases under the Bankruptcy Code.

53.    Both section 105(a)  of the Bankruptcy Code and Federal Rule 45 also provide independent bases for a finding of contempt and sanctions.

54.    Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, which "inherently include[s] the ability to sanction a party."  *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr. N.D.N.Y. Dec. 8, 2009) (internal quotations omitted) (quoting *Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1st Cir. 2008)); *see also Fatsis v. Braunstein (In re Fatsis),* 405 B.R. 1, 11 (B.A.P. 1st Cir. 2009) (upholding bankruptcy court's imposition of sanctions); *In re Thompson*, No. 06-32622, 2007 WL 2406886, at *2 (Bankr. N.D.N.Y. Aug. 21, 2007).[4]

---

[4]    "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court.  *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)).  "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence."  *Fatsis*, 405 B.R. at 10-11.  "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'"  *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D. Dist. Col. Sept. 29, 2008) (citation omitted).

55. Alternatively, Rule 45(g) of the Federal Rules of Civil Procedure provides that the "court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." When finding contempt, courts determine whether "the subpoena was clear and unambiguous, there is a clear and convincing proof of non-compliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard." *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see also In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same); *In re Consol. Meridian Funds*, No. 10-17952, 2013 WL 1501636, at *13-14 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

56. In this case, the Court approved the issuance of the Subpoena and retained jurisdiction for all matters regarding the implementation of the Rule 2004 Order. In addition, the terms of the Subpoena are clear and unambiguous and JPMC has not, and cannot, advance any claim of ambiguity.

57. JPMC has failed to fully comply with the Subpoena, and it is now time-barred from seeking relief from it and the Rule 2004 Order. By failing to comply with the Subpoena, JPMC has knowingly defied the authority of this Court and its Rule 2004 Order. Moreover, JPMC's unexplained failure and refusal to fully comply has and continues to cause prejudice to the Trustee and the Debtor's estate: its failure to comply immeasurably slows and impedes the Trustee's investigation of thousands of transactions that the Debtor executed through the Bank Accounts, and causes material increases to the costs of that investigation. Moreover, the information in JPMC's possession is needed to timely identify potential intermediate and subsequent transferees.

58.    JPMC also has a statutory obligation to comply with the Rule 2004 Order and the Subpoena because the Bank Accounts, all of the Debtor's rights concerning the Bank Accounts, and all records concerning them constitute property of the Debtor's estate pursuant to Bankruptcy Code section 541.  *U.S. Bank Trust Nat'l Ass'n v. Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 294 (Bankr. S.D.N.Y.), *aff'd,* 730 F.3d 88 (2d Cir. 2013) ("Courts have consistently held that contract rights are property of the estate, and that therefore those rights are protected by the automatic stay.") (quoting *In re Enron Corp.*, 300 B.R. 201, 212 (Bankr. S.D.N.Y.2003)).  Moreover, JPMC has an obligation to turn over all materials and information concerning them pursuant to Bankruptcy Code section 542(e), which provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

59.    A chapter 7 trustee steps into the shoes of the debtor once a bankruptcy case is commenced.   *See, e.g., In re Rare Coin Galleries of Am., Inc.*, 862 F.2d 896, 901 (1st Cir. 1988);  *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019);  *Haigler v. Dozier (In re Dozier Fin., Inc.)*, No. 4:18-CV-1888-SAL-SVH, 2020 WL 1873993, at *2 n.3 (D.S.C. Feb. 3, 2020).  Consequently, there can be no reasonable dispute concerning the Trustee's right to all means of access to the Bank Accounts that the Debtor had prior to the Petition Date.[5]

---

[5]    It appears that JPMC closed at least one of the Bank Accounts after the Petition Date, which would constitute a violation of the automatic stay contained in Bankruptcy Code section 362.  *See* Berger Decl. at ¶ 14.

60.     In the event that JPMC fails to fully comply with the Proposed Order, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause seeking a further order holding JPMC in contempt and imposing sanctions as "a remedial device intended to achieve full compliance with [the] court's order." *In re Butler*, No. 08-00065, 2008 WL 5076980, at *1.

61.     Based upon all of the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order compelling JPMC to comply with the Rule 2004 Order and the Subpoena.

## NOTICE

62.     Notice of this Motion has been given to:  (i) JPMC; (ii) the United States Trustee;  (iii) the Manhattan District Attorney's Office;  and (iv) all of the parties that filed a notice of appearance pursuant to Rule 9010(b) in this case.  Local Bankruptcy Rule 9006-1(a) provides that, "*[u]nless the Court orders otherwise,* all [discovery-related motions] shall be served at least seven (7) days before the return date." Local Bankr. R. 9006-1(a) (emphasis added).  The Trustee respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

***[concluded on following page]***

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order: (i) compelling JPMC to comply with the Rule 2004 Order and the Subpoena by: (a) producing documents and information sufficient to disclose all of the Access Credentials for the Debtor's Bank Accounts for which JPMC is or was the depository and (b) granting the Trustee website access to the Bank Accounts, (c) producing to the Trustee all documents and information that are responsive to the Subpoena not yet produced, (d) producing to the Trustee request-by-request responses to the Subpoena as required by the Rule 2004 Order, and (e) preparing a declaration pursuant to 28 U.S.C. § 1746 as required by the Rule 2004 Order; (ii) in the event that JPMC fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding JPMC in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made, and (iii) providing such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 7, 2021

Respectfully submitted,

ALBERT TOGUT, not individually but
solely in his capacity as Chapter 7 Interim
Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
BRIAN F. SHAUGNESSY
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

20