**TOGUT, SEGAL & SEGAL LLP**
ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

———

(212) 594-5000

NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

October 13, 2021

**VIA EMAIL and ECF**

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *In re Kossoff PLLC*
             Bankr. Case No. 21-10699 (DSJ)

Dear Judge Jones:

      We represent Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-referenced case.

      On October 7, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Motion for an Order Compelling JPMorgan Chase Bank, N.A. to Comply with Bankruptcy Rule 2004 Order and its Turnover Obligations* [Docket No. 190] (the "Motion to Compel"), which is scheduled to be considered by this Court on October 19, 2021 (the "October 19 Hearing").

      On October 12, 2021, JPMorgan Chase Bank, N.A. (the "Bank") filed a letter addressed to the Court [Docket No. 195], and requested a telephonic Court conference regarding the Bank's request for an adjournment of the October 19 Hearing. We respectfully submit this letter in response to Chambers' request that any response to the Bank's letter be received by 3:00 p.m. today.

      As set forth in the Motion to Compel, and as has been reiterated to the Bank's counsel during meet and confer telephone calls including a call in which the Trustee participated this morning, while the Trustee has requested several forms of relief that are important to his investigation, the most crucial and urgently time-sensitive request is for immediate online access to the Debtor's bank accounts. Materials previously provided to the Trustee by the Bank have not been helpful in determining which transfers made by the Debtor were outside of the ordinary course of business and it is precisely that analysis that is now most important to the Trustee's investigation.

      The online bank accounts were closed by the Bank prior to the Trustee's appointment but as a result of his appointment, title to the accounts belong to the

Togut, Segal & Segal llp

October 13, 2021
Page 2

Trustee; he stands in the shoes of the Debtor. He has every right to access the accounts but for the Bank's actions in refusing his request. While the Bank's new counsel can reasonably ask for the opportunity to review bank records sought in the Motion to Compel for privilege, etc. before they are turned over to the Trustee, the same cannot be said for simply "flipping the switch" on the bank accounts to turn them on again so that they can be searched by the trustee's professionals. It is a ministerial act. There is nothing complicated in giving the Trustee access to the Debtor's bank accounts that he by bankruptcy law has the power to administer.

If the Bank consents to providing immediate web access to the Debtor's bank accounts by the Trustee's retained professionals, the Trustee will consent to a short adjournment regarding the remaining forms of relief sought by the Motion to Compel.

Nonetheless, the Trustee respectfully requests that the October 19 Hearing remain on the Court's calendar so that the parties can provide a status report to the Court concerning this matter and if the Bank continues to refuse the Trustee online access to the Debtor's bank accounts, for the Court to grant at least that portion of the Motion to Compel.

The Trustee will continue to confer with the Bank to try to resolve the issues raised in the Motion to Compel, and he proposes to provide a further written report to the Court not later than this Friday, October 16, 2021 at Noon.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
Neil Berger

cc:   Albert Togut, Esq. (via electronic mail)
      Alan J. Brody, Esq. (via electronic mail)
      Paul Ferak, Esq. (via electronic mail)
      Andy D. Velez-Rivera, Esq. (via electronic mail)