**EMMET, MARVIN & MARTIN, LLP**
Thomas A. Pitta, Esq.
Paul T. Weinstein, Esq.
120 Broadway, 32nd Floor
New York, New York 10271
Telephone: (212) 238-3148

*Counsel to Columbus Properties, Inc. and*
*Colonnade Management Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------------------- x | |
| *In re* : | Chapter 7 |
| : | |
| **KOSSOFF PLLC,** : | Case No. 20-10699 (dsj) |
| : | |
| **Debtor.** : | |
| : | |
| ----------------------------------------------------------- x | |

**REPLY TO CHAPTER 7 INTERIM TRUSTEE'S RESPONSE TO**
**MOTION FOR ADEQUATE PROTECTION OF COLUMBUS**
**PROPERTIES, INC. AND COLONNADE MANAGEMENT, CORP.**

Columbus Properties, Inc. ("**Columbus**") and Colonnade Management, Corp. ("**Colonnade**" and, together with Columbus, the "**Landlord**") by and through their undersigned counsel, submit this reply to the objection of the Trustee (the "**Objection**") to the *Motion for Adequate Protection* (the "**Motion**")[1], seeking entry of an order pursuant to sections 361, 363(e) and 365(d)(3) of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules, directing the Trustee to (a) pay the post-petition rent under the Debtor's Lease and (b) provide adequate protection on account of the Trustee's continued use of the Premises. In support of this Motion, the Landlord respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall retain the meanings ascribed thereto in the Motion.

## **REPLY**

1. The Trustee's Objection ignores substantial case law and the plain language of section 363(e) in seeking to limit that section's application to solely protect secured creditors. The Trustee's proposed application of the law would leave landlords with no remedy in the event an administratively insolvent tenant wished to continuing using their property indefinitely without payment. This is clearly not what Congress intended when it enacted Section 363(e), which provides for adequate protection to be provided to any party with an "interest in property used, sold or *leased*" by the trustee.

2. While the Landlord appreciates that the Trustee is working diligently to administer the estate and is also an administrative creditor, that does not justify the Landlord being forced to permit the use of the Premises without either current payment of rent or <u>any</u> assurance that the rent will be paid in the future. Unlike the Landlord, the Trustee and his counsel elected to take on their roles in this administratively insolvent estate. That they are willing to accept the risk of non-payment here does not compel the Landlord to do so as well.

3. The Trustee "has the burden of proof on the issue of adequate protection." 11 U.S.C. § 363(p)(1). Nonetheless, the Trustee does not even attempt in the Objection to argue that the Landlord is adequately protected. Of course, any attempt to do so would be futile because nothing has been done to provide any modicum of protection to the Landlord while the Trustee determines in his sole discretion how long he will continue to use the Premises as "storage for Client Files."

4. The choice by the Trustee to continue using the Premises rather than moving the Client Files to its offices or a storage facility demonstrates the criticality of providing adequate protection in this case. The Trustee is able to move the files to a cheaper facility but chose not to because the cost of moving all the Client Files was more than it was willing to pay, particularly out of its own pocket while the estate does not have the cash to fund that expense. So, instead, the

Trustee elected to continue forcing the Landlord to bear the burden of the cost of storage. Of course, the Landlord had no say in the matter (and vociferously objected to that decision in numerous discussions with the Trustee's counsel). This is exactly why Section 363(e) exists: to prevent trustee's from making financial decisions for other parties without allowing those parties to protect their interest in the property to be used by the Trustee.

5. The Trustee's continued occupancy of the Premises prevents the Landlord from re-letting or using the Premises, thereby diminishing its value by the full amount of the rent under the Lease, which the parties agreed upon execution of the Lease was the fair value of the occupancy of such space.

6. The Landlord should be granted adequate protection in the form of (a) cash payment of the outstanding obligations under the Lease, (b) the provision of a lien on the Debtor's assets securing payment of the Obligations, and/or (c) a superpriority claim in the amount of the Obligations.

## ARGUMENT

**I.**   The Landlord Is Entitled to Adequate Protection
Under Section 363(e) of the Bankruptcy Code

7. The Trustee argues in the Objection that Section 363(e) is only available to secured creditors. However, that argument is contrary to both the plain language of the section and extensive case law holding that landlords are in fact due the protection of the section. In fact, Section 363(e) never refers to secured creditors or liens. It grants the right to adequate protection to <u>any</u> party with an <u>interest in property</u> to be used by the Trustee. Quite obviously, ownership constitutes an interest in property.

8. The Trustee quotes the dicta in *In re Dairy Mart Convenience Stores, Inc.* that "The adequate protection provision of 11 U.S.C. 361 protects only secured creditors." 351 F. 3d 86, 90

(2nd Cir. 2003). However, when it said only secured creditors are entitled to adequate protection, the *Dairy Mart* Court was merely distinguishing between creditors that have an interest in property used by the debtor and those that do not (the movant in *Dairy Mart* was the beneficiary of a letter of credit issued by a third party bank and had no ownership or security interest in any asset of, or to be used by, the debtor). A landlord is not, however, a simple unsecured creditor. It has an ownership interest in the property being used by the trustee and is entitled to adequate protection just as is a secured creditor with a lien on such property. There is no basis to argue that a party that owns property to be used by a trustee would be entitled to less protection than would be a party that merely has a lien upon such property.

9. In fact, there is extensive case law holding that landlords are entitled to adequate protection in the event a trustee wishes to continue to use its premises during the pendency of the case. The Trustee's efforts to distinguish the cases cited by the Landlord in the Motion for that proposition are flimsy at best because those cases explicitly and unequivocally find that landlords are entitled to exactly what the Landlord seeks.

10. While *In re Cybernetics Services, Inc.* does involve a dispute concerning payment of rent while an appeal was pending, the salient finding of the Court in that case (to which the Trustee failed to alert the Court) was that "*a lessor with an interest in property to be used by a debtor is entitled to adequate protection of its interest in the property.*" 94 B.R. 951, 955 (Bankr. W.D. Mich. 1989) (emphasis added). The *Cybernetics* Court was particularly concerned that "Without adequate protection of the lessor's interest in the leased premises … a substantial likelihood exists the lessor may eventually be entitled to nothing more than a prorated or worthless administrative rent claim." *Id.* The exact same situation exists here where there is a substantial

likelihood that the Landlord will be left holding the bag if the Trustee is unable to marshal sufficient assets to pay administrative creditors in full.

11. The Trustee's attempt to undermine the Landlord's reliance on *Ernst Home Center, Inc.* is similarly flawed (and also conveniently leaves out that the *Ernst* Court explicitly ruled that landlords <u>are</u> entitled to adequate protection). The *Ernst* Court concluded the section of the opinion entitled "The Right to Request Adequate Protection" with the following paragraph:

> Accordingly, this Court affirms its view that **real property lessors may request adequate protection under Section 363(e).**

*Ernst Home Center, Inc.*, 209 B.R. 955, 965-66 (Bankr. W.D. Wash. 1997) (emphasis added).

12. While the *Ernst* Court declined to provide further adequate protection to the landlords, it did so because it found that they were already adequately protected. The debtor in that case was "current on payments to the landlords and ha[d] shown that it will have sufficient funds to pay the taxes at issue here at the time they become due under the lease terms." *Id.*, at 967. Unlike the situation in *Ernst*, the Trustee stipulates in the Objection on a number of occasions that this estate is administratively insolvent, leaving significant risk that the Landlord will go unpaid.

II. The Landlord Is Entitled to a Superpriority
Administrative Claim Under Section 507(b) to the
<u>Extent Such Adequate Protection Proves Insufficient</u>

13. As the Trustee quotes in the Objection, the *Ernst* Court did state in a footnote that "landlords are not entitled to a superpriority claim in the event that they have an unpaid administrative expense as a result of a debtor's failure to comply with Section 365(d)(3)," *Id.* at 967, n. 10 (*citing In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994). What the Trustee fails to mention in the Objection is that although the *Ernst* Court ruled that Section 365(d)(3) does not create a superpriority claim, it also *specifically* ruled that if the

adequate protection found to already exist was insufficient and the landlords remained unpaid, *they would be entitled to superpriority payment under Section 507(b)*. *Ernst*, 109 B.R. at 967. Furthermore, the case that the *Ernst* Court cited to in making the statement concerning the right to a superpriority claim under section 365(d)(3) also ruled that "A landlord is free to move at the outset of a case for adequate protection of its right to have obligations under its lease kept current. *If the adequate protection turns out to be insufficient, the landlord may then claim the statutorily prescribed super-priority set forth in Section 507(b).*" *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) (emphasis added); *see also, In re Peetingill Enters.*, 486 B.R. 524, 532 (Bankr. D.N.M. 2013) (granting a lessor a superpriority administrative expense under § 507(b) for rental payments where the debtor failed to make ordered adequate protection payments).

14.    To the extent adequate protection is granted but proves to be insufficient to fully protect a party's interest in property to be used by the trustee, then the creditor's allowed claims on account of the post-petition use of such property under section 363 automatically have superpriority status. *See* 11 U.S.C. 507(b) ("[I]f, notwithstanding [adequate] protection, creditor has a claim allowable under subsection (a)(2) of this section arising from the … use, sale, or lease of such property under section 363[,] then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection"); 4 Collier on Bankruptcy P 507.14 (16th 2020) (noting that, under section 507(b), where the relevant criteria are met, "then the creditor's claim shall have priority").

15.    Here, to the extent the Adequate Protection Payments are not made and/or the other forms of adequate protection that are to be provided prove insufficient to protect the Landlord from the loss in value as a result of the Trustee's post-petition use of the Premises, the Landlord is

entitled to a superpriority administrative claim in the aggregate amount by which the value of the Trustee's use of the Premises exceeds the amount of payments made by the Trustee pursuant to the relief requested by this Motion.

## **CONCLUSION**

16. The Landlord respectfully requests that the Court enter an order in the form attached to the Motion providing for payment of post-petition rent and for adequate protection, and such other relief as the Court deems necessary or appropriate.

Dated: October 15, 2021
New York, New York

**EMMET, MARVIN & MARTIN, LLP**

/s/ Thomas A. Pitta
Thomas A. Pitta
120 Broadway 32nd Floor
New York, NY 10271
Telephone: 212-238-3000
Facsimile: 212-238-3100
Email: tpitta@emmetmarvin.com

*Counsel to Columbus Properties, Inc. and Colonnade Management, Corp.*