
# GreenbergTraurig

Alan J. Brody
Tel 973.443.3543
Fax 973.295.1333
brodya@gtlaw.com

October 18, 2021

**VIA ELECTRONIC MAIL AND ECF**

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:   *In re Kossoff PLLC*
              Bankr. Case No. 21-10699 (DSJ)

Dear Judge Jones:

      This firm represents JPMorgan Chase Bank, N.A. ("Chase") with respect to the above-referenced bankruptcy case . Please accept this letter in response to the Chapter 7 interim trustee's (the "Trustee") letter of Friday, October 15, 2021 [Doc. 204], and to report the correct status of discussions between Chase and the Trustee related to the document production and the challenges and delays we are facing due to the non-cooperation by the Trustee, despite our best efforts to cooperate in good faith.

      As the Trustee admits in his discovery motion [Doc. No. 190]] (the "Discovery Motion"), Chase has already provided the Trustee in excess of 6,000 pages of statements, and has gone above and beyond its required duty by further providing an Excel spreadsheet detailing transactions to assist the Trustee.

      The parties met and conferred during the course of last Friday. During its last telephone call, which took place Friday between approximately 4:00 p.m. and 4:30 p.m., Chase agreed (a) to produce statements and other transaction-related information in electronic and searchable form, as would be accessible to an existing Chase customer who had online access to their account to the extent such materials exist for the closed accounts at issue, and (b) the declaration required by Your Honor's Rule 2004 order. In good faith, Chase further agreed to work expeditiously to supplement its production and to provide materials on a rolling basis. As a further accommodation to the Trustee, Chase agreed to re-produce records (starting from the beginning of the production) so as to provide documents in a searchable form desired by the Trustee, if possible. Chase also agreed to provide the account agreement requested by the Trustee (which is publicly available on Chase's website) and other documents, as discussed during our call.

      At Trustee's request, subsequent to our call, my colleague Paul Ferak sent the Trustee's counsel an email confirming, in writing, what was discussed and confirmed during our 4:00 p.m.

Hon. David S. Jones
October 18, 2021
Page 2

meet and confer call and that Chase agreed to provide on an expedited rolling basis the statement and transactional related information requested by the Trustee (see attached email). Mr. Ferak's email further confirmed exactly that which we told Mr. Berger during our 4:00 p.m. to 4:30 p.m. call. For this and other reasons, we were surprised to see Mr. Berger's letter as written to this Court after our call at 5:00 p.m., not only misrepresenting the status of the parties' discussions, but also omitting the true nature of what was discussed, as well as the information Chase already agreed to provide (including searchable documents as being requested by the Trustee). It is as if the Trustee is more interested in creating an inaccurate narrative about what is occurring, rather than working cooperatively with Chase to obtain information about the Kosoff Firm's bank accounts and transactions.

As highlighted in our earlier October 12, 2021 letter [Doc. No. 195], the alleged "missing" and/or "incomplete" items forming the basis of the Trustee's motion to compel were not discussed as part of any proper meet and confer process. Had the Trustee properly followed the meet and confer process, information the Trustee seeks would already have been provided. Instead, the alleged additional delays about which the Trustee complains in the motion to compel are of his own doing.

Accordingly, given Chase's agreement to produce account statement and other transaction-related information in electronic and searchable form, the Trustee's request for on-line credentials and access is not only improper but rendered moot and unnecessary.[1]

Also, contrary to the Trustee's unsupported opinion, and as we have explained to his professionals on several occasions, Chase cannot just provide another party with such access as the accounts were closed and no longer part of the ordinary course online portal system.

Moreover, access credentials, including passwords, are encrypted and in the possession of the customer. The Trustee's whole notion of how closed accounts can be reopened by a "flip of a switch" is not only based on incorrect assumptions, but also ignores that, while it is proper for the trustee to seek records, it is not proper to try and require a third party to take affirmative steps to influence its systems and operations.

In short, for the reasons above and as explained at length previously in connection with the Trustee's subpoena requests, Chase has committed to providing requested documents and transaction information in response to the subpoena, in full compliance with what is required by the Federal Rules of Civil Procedure. The Trustee's motion to compel positions are meritless.

Yesterday, we, again, advised Trustee's counsel that Chase was committed to expeditiously providing the document production in searchable format (as set forth in Mr. Ferak's Friday email and in keeping with our discussions on Friday). Notwithstanding Chase's multiple attempts to resolve the discovery issue and provide an expeditious path that would provide the Trustee with the information we understand that he seeks, by email this morning, Trustee's counsel sent a

---

[1] Chase is not required to produce the same electronically stored information in more than one form Fed. R. Civ. P. 45(e)(1)(C).

Hon. David S. Jones
October 18, 2021
Page 3

cryptic and vague email that seemingly moves backwards, rather than forward, and also for the first time inappropriately demands "that the searchable account information be made available prior to tomorrow's hearing"—less than twenty-four (24) hours before the discovery conference. This demand comes after we all discussed rolling productions. In addition, the Trustee refuses to provide information in connection with the prior productions. At the end of the day, we certainly understand that the Trustee is charged with reviewing transactions to determine where money/assets of the debtor may be located. The records produced thus far (and that Chase has agreed to produce going forward) enable him to do just that. Chase has already produced over 6,000 records to the Trustee showing the debtor's banking and transaction activity for that time period.

We will continue to endeavor to work with the Trustee's counsel and are disappointed to have arrived at this point as these subpoena issues are ones that could have and should have been resolved, even before the pending motion was filed, if the Trustee had followed the proper meet and confer process.

We thank the Court for its attention to this matter.

Respectfully submitted,

Alan J. Brody

cc: Paul Ferak, Esq. (via electronic mail)
    Neil Berger, Esq. (via electronic mail)
    Minta J. Nester, Esq. (via electronic mail)

# Brody, Alan (Shld-NJ-Bky)

**From:** Ferak, Paul (Shld-Chi-LT)
**Sent:** Friday, October 15, 2021 5:51 PM
**To:** Neil Berger; Brian Shaughnessy; Minta Nester
**Cc:** Brody, Alan (Shld-NJ-Bky)
**Subject:** Kossoff - meet and confer follow up

Brian, Neil, and Minta: Following up on our call, and our discussions throughout the day, as a path forward to address this matter and to supplement Chase's production to your subpoena, we're committed to gathering and producing statement and other transaction-related information in electronic and searchable form, as would be accessible to an existing Chase customer who had online access to their account to the extent such materials exist for the closed accounts. As we indicated during our earlier call, we are working expeditiously to supplement the production and will provide materials on a rolling basis. We plan to start providing additional materials at least within fourteen days, if not earlier. As we also discussed on our call, you had advised that some of the documents previously provided to you are not in searchable format, as such as we are starting from the beginning to ensure all documents provided to you are searchable, if possible. As part of this, we'll also separately work with you on the account agreement (which is publicly available on Chase's website if you would like the current version) and other documents, as discussed during our call.

This covers what you identified and we discussed, and what we confirmed to you already when we spoke with you during our 4-4:30 pm ET call.

Paul

**Paul J. Ferak**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.476.5013 | F +1 312.899.0331 | C +1 312.479.2044

**GT GreenbergTraurig**

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.

1