UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
        In the Matter           :        Chapter 7
:        Case No. 21-10699 (DSJ)
           -of-              :
:
KOSSOFF PLLC,              :
:
:
                 Debtor.       :
:
------------------------------------------------------------- X

### ORDER COMPELLING JULIA MCNALLY
### TO COMPLY WITH BANKRUPTCY RULE 2004 ORDER

Upon the application (the "Motion")[1] of Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling Julia McNally ("McNally") to fully comply with this Court's *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order") and the Subpoena issued by the Trustee to McNally; and upon the *Declaration of Neil Berger in Support of the Chapter 7 Interim Trustee's Motion for an Order Compelling Julia McNally to Comply with Bankruptcy Rule 2004 Order* (the "Berger Declaration"); and McNally, proceeding pro se, having submitted a letter to the Court [Docket No. 203] advising that, among other things, she has produced through counsel all written or electronic records responsive to the subpoena, and that she intends to invoke the Fifth

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

Amendment privilege in response to requests and questions of the Trustee pursuant to the Subpoena and that she wishes to obtain the assistance of *pro bono* counsel in connection with the Motion and the Subpoena;  and the Court having considered the Motion and Ms. McNally's responsive letter, and having heard the Trustee, by the Togut Firm, during the October 19, 2021 hearing (the "Hearing") concerning the Motion, which Ms. McNally did not attend despite having had notice and the opportunity to participate;  and it appearing that good and sufficient notice of the Motion and the Hearing were given by the Trustee and that no other or further notice is required;  and upon the record made during the Hearing and all of the prior pleadings and proceedings had herein;  and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish sufficient cause for the relief granted herein;  and after due deliberation thereon,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. **Jurisdiction and Venue.**  This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Statutory Predicates.**  The predicates for the relief sought in the Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

C. **Notice.**  As evidenced by the affidavit of service filed with this Court and based upon the representations of counsel at the Hearing:  (i) under the circumstances of this case, proper, timely, adequate, and sufficient notice of the Motion and Hearing has been provided;  and (ii) no other or further notice need be provided.

D. **Opportunity to Object.** A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein was given by the Trustee.

E. **The Rule 2004 Order.** On May 24, 2021, this Court entered the Rule 2004 Order, which among other things, requires the recipients of subpoenas to produce responsive documents to the Trustee and to appear for deposition under oath.

F. **The Subpoena.** On July 13, 2021, the Trustee served the Subpoena on McNally and demanded that McNally produce responsive documents and information on or before July 22, 2021 and to appear for a deposition under oath. The Rule 2004 Order and the Subpoena are clear and unambiguous.

G. **Noncompliance with the Rule 2004 Order and the Subpoena.** Without prejudice to revisiting the question if additional information warrants, the Court credits Ms. McNally's representation that she has provided all written or electronic records in her control that are responsive to the Subpoena, but the Berger Declaration and the record made at the Hearing demonstrate that McNally has failed to fully comply with the Rule 2004 Order and the Subpoena insofar as it requires her to appear and provide testimony at a deposition, at which she would be entitled to assert Fifth Amendment privilege. *See* [S.D.N.Y. 21-cv-1072, ECF No. 17 (denying the Debtor's principal, Mitchell H. Kossoff, leave to appeal under 28 U.S.C. § 1292(b) and ruling that Kossoff must assert any purported Fifth Amendment privilege on a question-by-question basis) (citing *United States v. Raniere*, 895 F. Supp. 699, 707 (D.N.J. 1995); *Sec. & Exch. Comm'n v. Pence*, 323 F.R.D. 179, 188 (S.D.N.Y. 2017))].

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

A. The Motion is GRANTED as set forth herein.

3

B. All objections and responses to the Motion which are not otherwise expressly resolved herein are overruled, except as set forth herein.

C. McNally has failed to fully comply with the Subpoena and the Rule 2004 Order, and McNally has failed to establish a permissible basis for her failure to fully comply with the Subpoena and the Rule 2004 Order insofar as that order requires her to appear for a deposition, at which she will be entitled to assert her Fifth Amendment privilege.

D. The Trustee shall serve a copy of this order upon McNally by First Class mail within two (2) business days after the date of entry of this order.

E. McNally is directed to comply with the terms of the Subpoena and the Rule 2004 Order by appearing upon ten (10) days prior written notice by the Trustee to testify under oath pursuant to Bankruptcy Rule 2004. Ms. McNally and counsel for the Trustee are to confer and make a good-faith effort to arrange a mutually agreeable time for the deposition.

F. The Court is available for a conference or hearing to be conducted on the record if requested by Ms. McNally or the Trustee regarding any issues that arise in connection with the Subpoena, including but not limited to Ms. McNally's appearance or non-appearance for a deposition, or any disputes concerning any specific assertions of Fifth Amendment privilege that Ms. McNally may make. Ms. McNally and the Trustee are entitled to raise whatever further requests or applications for relief they believe appropriate, including but not limited to the Trustee's reserving its right to submit a proposed order to show cause to the Court to schedule a hearing to determine why McNally should not be held in contempt and why the Court should not impose sanctions to compel McNally's compliance with the Rule 2004 Order and the Subpoena.

G. The Court shall conduct a status conference (the "Status Conference") concerning McNally's compliance with this Order on **November 9, 2021 at 10:00 a.m**.

4

(Prevailing Eastern Time). Any pre-deposition request for relief relating to the Subpoena beyond that provided in this order should be filed on the Court's ECF system at least 48 hours before the November 9 Status Conference.

   H. Any pre-deposition relief sought by McNally in connection with the Rule 2004 Order and the Subpoena shall be made in writing and delivered and served upon: (a) the Chambers for The Honorable David S. Jones, United States Bankruptcy Judge, One Bowling Green, New York, NY 10004-1408 (jones.chambers@nysb.uscourts.gov); (b) Togut, Segal & Segal LLP, counsel for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com) and Minta J. Nester, Esq. (mnester@teamtogut.com); and (c) the Office of the United States Trustee, Region 2, U.S. Federal Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Andy D. Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov), so as to be received by all of them no later than November 2, 2021 at 4:00 p.m. (Prevailing Eastern Time). Objections not timely served and filed may not be considered by the Court. This provision is without prejudice to Ms. McNally's right to assert any privilege and/or raise any objection to questions posed at her deposition, and to the parties' right to apply to the Court for appropriate relief with respect to any disputes that arise or are raised during Ms. McNally's deposition.

   I. The Status Conference shall take place virtually using both audio and videoconferencing solutions as set forth herein. The Court shall utilize Zoom for Government (for audio and video purposes). The Zoom link shall be provided by the Court to the list of persons that make an electronic appearance as Zoom participants in accordance with the instructions below, and to their attorneys, parties in interest, or members of the public who make an electronic appearance in accordance with the instructions below. All counsel who participate

via Zoom shall participate in appropriate pre-Status Conference testing of Zoom as may be required by the Court's personnel.

   J. Counsel and affiliates shall make an electronic appearance through the Court's website (https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl) on or before 4:00 p.m. (Prevailing Eastern Time) on November 8, 2021.  The Court will circulate by email prior to the Status Conference the Zoom link to such persons.

   K. The Court is unaware of a means for it to appoint or otherwise provide Ms. McNally with counsel, but Ms. McNally is entitled to be represented by counsel and is encouraged to seek legal advice and/or representation in connection with the Subpoena and her anticipated deposition.  Resources to assist individuals with obtaining *pro bono* counsel, generally at no cost, include, but are not limited to, the Court's website (https://www.nysb.uscourts.gov/pro-bono-legal-services) and the New York City Bar website (https://www.nycbar.org/for-the-public/free-legal-services).

   L. Entry of this Order is without prejudice to the Trustee's rights to seek other or different documents from McNally (beyond those she has already produced or caused to be produced), or from any other person.

   M. This Court retains jurisdiction regarding the implementation and interpretation of this Order.

Dated: New York, New York
   October 22, 2021

             *s/ David S. Jones*
             HONORABLE DAVID S. JONES
             UNITED STATES BANKRUPTCY JUDGE