TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Interim Trustee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                              :

In the Matter                :        Chapter 7
                            :        Case No. 21-10699 (DSJ)

          -of-              :
                            :

KOSSOFF PLLC,          :
                            :
                            :

               Debtor.       :
                            :
------------------------------------------------------------ X

## CHAPTER 7 INTERIM TRUSTEE'S APPLICATION
## FOR ORDER HOLDING MITCHELL H. KOSSOFF IN CIVIL
## <u>CONTEMPT FOR FAILURE TO COMPLY WITH ORDER TO COMPEL</u>

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................2

JURISDICTION ........................................................................................................3

BACKGROUND ........................................................................................................3

I.      The Chapter 7 Case................................................................................3

II.     The Trustee's Attempts to Obtain Discovery from Kossoff .......................5

III.    The Trustee's Rule 2004 Motion and Related Orders..................................6

IV.     The Designation Order and Related Filings ................................................7

V.      The Order to Compel ...............................................................................11

VI.     The Appeal .............................................................................................12

VII.    Kossoff's Deficient Document Production and Non-Compliance with the
        Order to Compel ....................................................................................13

RELIEF REQUESTED...............................................................................................13

I.      Kossoff is in Contempt of Court Because He Has Knowingly Failed to
        Comply with Order to Compel.................................................................14

II.     Under the Facts and Circumstances Herein, Incarceration as a Sanction is
        Appropriate and Warranted ....................................................................18

NOTICE...................................................................................................................20

CONCLUSION..........................................................................................................20

# TABLE OF AUTHORITIES

## Cases

*Balaber-Strauss v. Markowitz (In re Frankel)*,
   192 B.R. 623 (Bankr. S.D.N.Y. 1996)................................................................15, 18

*In re Damon*,
   40 B.R. 367 (Bankr. S.D.N.Y. 1984)................................................................14, 15

*In re de Kleinman*,
   Case No. 91-11913 (Bankr. S.D.N.Y. July 15, 1994) ...........................................17

*In re Duggan*,
   133 B.R. 671 (Bankr. D. Mass. 1991)........................................................17, 18, 19

*In re MF Global Holdings Ltd.*,
   562 B.R. 41 (Bankr. S.D.N.Y. 2017)...................................................................14

*In re Millenium Seacarriers, Inc.*,
   419 F.3d 83 (2d Cir. 2005).................................................................................14

*In re Patterson*,
   111 B.R. 395 (Bankr. N.D.N.Y. 1989) ..........................................................14, 17, 18

*In re Residential Capital, LLC*,
   571 B.R. 581 (Bankr. S.D.N.Y. 2017)...................................................................14

*In re Stockbridge Funding Corp.*,
   145 B.R. 797 (Bankr. S.D.N.Y. 1992).............................................................14, 18

*King v. Allied Vision, Ltd.*,
   65 F.3d 1051 (2d Cir. 1995)...............................................................................15

*Windstream Capital Holdings, Inc.*,
   627 B.R. 32 (Bankr. S.D.N.Y. 2021)....................................................................15

## Statutes

11 U.S.C. § 105 ....................................................................................................14

11 U.S.C. § 105(a) .................................................................................................3

28 U.S.C. § 157 ..................................................................................................3, 14

28 U.S.C. § 157(b)(2)(A).........................................................................................3

28 U.S.C. § 157(b)(2)(E).........................................................................................3

28 U.S.C. § 157(b)(2)(O).........................................................................................3

28 U.S.C. § 1334 ................................................................................................................3

28 U.S.C. § 1408 ................................................................................................................3

28 U.S.C. § 1409 ................................................................................................................3

**Rules**

22 N.Y.C.R.R. § 1200.0 ................................................................................................5, 10

Fed. R. Bankr. P. 1007 ......................................................................................................5

Fed. R. Bankr. P. 7052 ....................................................................................................19

Fed. R. Bankr. P. 9014(c) ...............................................................................................19

Fed. R. Bankr. P. 9020 .........................................................................................3, 14, 19

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as Chapter 7

Interim Trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor"), by his

counsel, Togut, Segal & Segal LLP, hereby submits this application (the "Motion") for

entry of a certification of contempt, substantially in the form attached hereto as Exhibit

"A" (the "Proposed Certification of Contempt"), pursuant to section 105 of title 11 of the

United States Code (the "Bankruptcy Code") and Rules 7052, 9014, and 9020 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):  (i) holding Mitchell

H. Kossoff ("Kossoff") in civil contempt for his knowing failure to comply with the

*Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by*

*the Chapter 7 Trustee;  (2) Appear for Examination at Section 341 Meetings of Creditors;  and*

*(3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 137] (the "Order to

Compel") which directs Kossoff to, among other things, perform his duties as the

responsible officer of the Debtor, and (ii) imposing such sanctions as the Court deems

appropriate and necessary to compel the Debtor's compliance with such Order.  In

support of the Motion, the Trustee submits the *Declaration of Neil Berger in Support of the*

*Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil*

*Contempt for Failure to Comply with Order to Compel* (the "Berger Declaration"), annexed

hereto as Exhibit "B," and respectfully states:[1]

---

[1] The Trustee sought Kossoff's voluntary compliance with the Order to Compel, both before and after that order was affirmed by the District Court (defined below), and before making this Motion.

## PRELIMINARY STATEMENT[2]

Since his appointment, the Trustee's "very important work to help resolve the affairs of the estate"[3] has been continuously impeded by Kossoff's improper demands for a grant of immunity in exchange for his production of Debtor documents, information, and cooperation.

Kossoff's attempts to avoid his obligations pursuant to orders of this Court and to stall the Trustee's investigation have delayed the Trustee's efforts to conduct his investigation and administration of the estate for far too long. They have also dramatically increased the administrative expense of this estate, which prejudices the interests of the victims of Kossoff's fraudulent activity. As this Court recently observed, "this process…has been unfolding since April. So for roughly five months, at least, and that's a significant amount of time and one that has caused real hardship for the trustee as he tries to carry out the very challenging task of understanding and bringing order to the affairs of this law firm." *See* Sept. 14, 2021 Hr'g Tr. at 30:10-16.

This Court and the District Court have held that Kossoff is able to comply with his obligations under the Bankruptcy Code and this Court's orders, which direct him to act in his representative capacity and to produce Debtor documents and information, and to cooperate with the Trustee without waiving any Fifth Amendment rights. In addition, the District Court denied Kossoff's request for a stay of his obligation to perform his Court-ordered duties. However, Kossoff continues to defy the authority of this Court.

---

[2]   Capitalized terms used but not defined in the Preliminary Statement shall have the meanings given to them in subsequent sections of the Motion.

[3]   *See* June 24, 2021 Hr'g Tr. at 41:21-25.

As a result of the foregoing, and what is set forth below, the Trustee respectfully requests entry of findings of fact and conclusions of law and an order holding Kossoff in contempt and directing his incarceration if he fails to comply with the Order to Compel by a date certain. The Trustee requests that those findings and conclusions be certified to the District Court so that Kossoff cannot further delay performing his obligations by challenging the Court's authority by again filing a notice of appeal.

The Trustee submits that Kossoff has led the Trustee and this Court to this point, and that the relief sought herein is necessary and in the best interests of the Debtor's estate.

## JURISDICTION

1.      This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) , (E) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for this Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9020.

## BACKGROUND

### I.      The Chapter 7 Case

3.      On April 13, 2021 (the "Petition Date"), creditors of the Debtor (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") in the United States Bankruptcy Court for the Southern District of New York (the "Court") against the Debtor in the above-captioned case (the "Chapter 7 Case").

3

4.     Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in New York City, New York, and serviced clients in the real estate industry.  *See* Docket No. 26-4 ¶ 10.  The Debtor held itself out as providing full-service real estate legal services specializing in litigation and transactional matters related to areas of real property law, including leasing, sale and acquisition of real property interests, commercial landlord tenant matters, real estate litigation, and city, state, and federal agency regulatory matters.  *See id*.

5.     Contrary to inaccurate concept of a unity of identity that Kossoff has repeatedly sought to convey, Kossoff was not the sole proprietor of the Debtor.  Rather, the Debtor was a professional limited liability company, organized under the laws of New York, and Kossoff was its sole managing member.  *See* Docket No. 116, Ex. 3 (Articles of Organization and Operating Agreement);  *see also* Docket No. 30; Docket No. 30-1.

6.     The Petitioning Creditors are clients of the Debtor and together assert claims for "Unreturned IOLA Funds" and "Misappropriated IOLA Funds" totaling approximately $8 million [Docket No. 1].  Other former clients have also asserted similar claims against the Debtor, such that known claims for missing escrow funds total approximately $17 million.

7.     The Debtor did not appear in response to the Involuntary Petition, and on May 11, 2021, this Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Docket No. 14] (the "Order for Relief").

8.     The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021.  *See* Docket No. 14.

4

9.    On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

10.    The Debtor has not yet filed any of the Schedules.

## II.    The Trustee's Attempts to Obtain Discovery from Kossoff

11.    The Trustee has sought Kossoff's assistance in collecting the Debtor's documents and information, which is needed for the Trustee's investigation of the Debtor's affairs.  Among other things, the Trustee has requested that Kossoff produce categories of the Debtor's documents and information (the "Requested Information"), including:

    a.  List of the Debtor's bank accounts with account numbers;

    b.  Bank records;

    c.  Cash receipts journals;

    d.  Cash disbursements journals;

    e.  Credit card records;

    f.  Client lists;

    g.  List of accounts receivable and amounts;

    h.  Records required pursuant to N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0, including records of all deposits and withdrawals from accounts specified in subsection (b);

    i.  Inventories of seized records provided by law enforcement;

    j.  All of these documents and information are required by the Order for Relief and Bankruptcy Rule 1007;  and

    k.  Other documents as requested by the Trustee.

12.    Kossoff repeatedly told the Bankruptcy Court and the Trustee that he was unwilling to identify or produce documents to the Trustee and that he will

assert a privilege against self-incrimination under the Fifth Amendment unless the

Bankruptcy Court grants him broad immunity because he is being investigated by the

Manhattan District Attorney (the "DA").[4]  Indeed, in response to the Trustee's requests,

Kossoff has consistently asserted a blanket Fifth Amendment privilege.  *See, e.g.,* Docket

No. 30.

13.    As set forth below, the few documents that Kossoff, through his

attorney, has made available to the Trustee have been incomplete, dated and of little, if

any, utility to the Trustee's investigation of the Debtor's financial affairs.

**III.    The Trustee's Rule 2004 Motion and Related Orders**

14.    On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex

Parte Application for an Order (I) Directing the Preservation of Documents and Recorded

Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents

and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure* [Docket No. 26] (the "Rule 2004 Motion").

15.    Also on May 24, 2021, the Court entered the *Order Authorizing

Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27]

(the "Initial Rule 2004 Order").

16.    On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's

affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion,

asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against

self-incrimination and will refuse to answer questions that may tend to incriminate

him."  *See* Docket No. 30 p. 2.  He also asserted that "Mr. Kossoff alone would be the

---

[4]    Kossoff has recently advised that an investigation by the United States Attorney for the Eastern
District of New York has been terminated.

only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee. *Id.* at p. 3.

17.     Pursuant to the Initial Rule 2004 Order, this Court conducted a preliminary injunction hearing on May 27, 2021.

18.     On June 4, 2021, Walter Mack, Kossoff's counsel, filed the *Objection to Preliminary Injunction Order and Trustee Issuance of Subpoenas for Testimony and Documents* [Docket No. 48].

19.     Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Docket No. 33], the Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021.  Later that day, the Court entered the *Final Order Granting Injunctive Relief* [Docket No. 62].[5]

**IV.     The Designation Order and Related Filings**

20.     On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;  (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Docket No. 36] (the "Designation Motion").  The Designation Motion sought, among other things, an order directing Kossoff to produce Debtor documents and information, including the Requested Information.

21.     On June 16, 2021, Kossoff filed the *Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the*

---

[5]     The Trustee also filed a second motion based upon Bankruptcy Rule 2004.  On June 18, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Application for Entry of an Order Enforcing Automatic Stay and Directing Mitchell H. Kossoff and Tenantracers, LLC to Provide the Trustee with Access to the Fifth Floor Premises to Inspect and Take Possession of Property of the Estate* [Docket No. 85] (the "Access Motion").  On July 12, 2021, the Court granted the Access Motion [Docket No. 117].

*Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;*
*(2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of*
*Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee and Motion to Quash All*
*Subpoenas Compelling Testimony or Document Production from Him, His Fiduciaries or His*
*Defense Team* [Docket No. 80] and the memorandum of law in support of thereof
[Docket No. 80-1].

        22.     On June 22, 2021, the Trustee filed the *Chapter 7 Trustee's Reply to*
*Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H.*
*Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce*
*Information Requested by Chapter 7 Trustee;  (2) Appear for Examination Under Oath at the*
*Bankruptcy Code 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7*
*Trustee and Motion to Quash All Subpoenas Compelling Testimony and Document Production*
*from Him, His Fiduciaries or His Defense Team* [Docket No. 89].

        23.     A hearing was conducted by the Court on June 24, 2021 to consider
the Designation Motion and the pleadings filed in connection with it (the "June 24
Hearing").  *See* Docket No. 86.

        24.     During the June 24 Hearing, the Court observed "that blanket
assertions are insufficient and that the party asserting the privilege needs to explain at
least in circumstances where the applicability of the asserting the privilege isn't self-
evident why it applies."  June 24, 2021 Hr'g Tr. at 8:18-21; *see also id.* at 23:15-23 ("…I do
take the view and agree with the trustee that – and the law that a blanket invocation of
the privilege is insufficient. . . .  [T]he Court has to assess the implications of particular
questions when asked and assess whether there is an evidence risk of incrimination
posed by the inquiry.  And if not, the Court has the duty of inquiry to determine
whether or not there is such a reasonable risk presented.").  The Court also observed

that the Trustee is trying to do "very important work to try to help resolve the affairs of the estate." *Id.* at 41:21-25.

25.     On June 25, 2021, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Docket No. 93] (the "Designation Order"), which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

26.     The Designation Order is now final, having never been challenged after entry.

27.     The Designation Order provides, among other things, that counsel for the Trustee and Kossoff would promptly meet and confer in good faith concerning Kossoff's duties and the identity of the documents Kossoff will produce to the Trustee, including the Requested Information and any and all copies and/or electronic back-up materials of them, and describe which items he will not produce to the Trustee. *See* Docket No. 93.

28.     The Designation Order further provides that "if Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right of self-incrimination, Kossoff shall so state, with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue." *Id.*

29.     On June 25, 2021 and June 30, 2021, counsel for the Trustee and Kossoff met and conferred regarding Kossoff's duties and the identity of documents that Kossoff would be willing to produce to the Trustee. *See* Docket No. 93.

30.     On July 1, 2021, the Trustee filed the *Notice of Filing of Meet and Confer Status Report Pursuant to June 25, 2021 Order* [Docket No. 105] (the "Status Report").

31.    As set forth in the Status Report, Kossoff's counsel produced three categories of Requested Information to the Trustee:  (1) a list of the Debtor's bank accounts with account numbers, though certain numbers appear to be incomplete; (2) inventories of records seized by law enforcement, which were prepared by law enforcement;  and (3) certain organizational documents of the Debtor, including the Debtor's articles of organization as filed with the New York Secretary of State and its operating agreement.  *See* Docket No. 105.  In addition, Kossoff has agreed to allow the Trustee access to the offices located on the fifth floor of the Premises to try to collect responsive documentation.

32.    However, Kossoff has failed to produce any of the complete current, relevant Debtor's bank records, cash receipt journals, credit card records, and records that are required to be maintained by law firms pursuant to N.Y. Code of Professional Responsibility D.R. 9-102[6] (collectively, the "Additional Disputed Records").  *See id.*[7]  Without conceding the existence or possession, custody, or control of the Additional Disputed Records, Kossoff refused to produce such documents absent an adjudication by the Bankruptcy Court.

33.    Kossoff has also declined to prepare the Schedules, or to produce a list of accounts receivable, absent assurances from the Trustee that doing so would not

---

[6]    *See also* N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0).

[7]    On July 15, 2021, Kossoff's counsel permitted the Trustee's accountants to remove limited documents from the Fifth Floor Premises, as required by the Court's order granting the Access Motion. However, with the possible exception of certain Debtor payable invoices and paid accounts receivable invoices, all that was made available were dated documents, none of which are useful in determining what happened to the nearly $17 million of funds sought by creditors of the Debtor.  It would be imprudent to conclude that this was anything other than a calculated effort to masquerade the production of dated materials as compliance with Kossoff's duties.

constitute a violation of Kossoff's Fifth Amendment privilege. *See id.*[8]  Kossoff has taken this untenable position even though the Debtor issued invoices to its clients during the months immediately preceding the Petition Date.

## V.    The Order to Compel

34.    On July 22, 2021, the Bankruptcy Court conducted a hearing to consider Kossoff's obligations (the "July 22 Hearing").

35.    On August 5, 2021, the Bankruptcy Court entered the Order to Compel.  Among other things, the Order to Compel provides that "the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment privilege against self-incrimination and the act of production privilege, for acts of production compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor."

36.    The Order to Compel further directs Kossoff to:

    a.  "[N]ot individually, but in his representative capacity of
        the Debtor, . . . take all steps necessary to perform the
        Debtor's duties pursuant to the Order for Relief and the
        Designation Order, including the preparation of the
        Debtor's Schedules…;"

    b.  "[F]or the reasons set forth on the record of the July 22
        Hearing, not individually but in his representative
        capacity as the Court-appointed responsible officer of the
        Debtor . . . take all steps necessary to obtain all of the
        Requested Information and the Additional Disputed
        Records including but not limited to the known creditors
        of the Debtor, current and former clients of the Debtor,
        internal bank receipts and disbursements records, and
        accounts receivable records of the Debtor, and all IOLA
        records required to be maintained by the Debtor, in his

---

[8]    While Kossoff has advised that no comprehensive client list is within his possession, custody, or
control, he has declined to attempt to construct such a list based on his recollection or available
documentation absent the assurances described here. *See id.*

possession, custody or control, and to produce them and/or cause them to be produced to the Trustee…;"

c.  "[F]or the reasons set forth on the record at the July 22 Hearing, . . . appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting…;" and

d.  "[F]or the reasons set forth on the record at the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521…"

## VI.   The Appeal

37.    On August 18, 2021, the Debtor and Kossoff filed a notice of appeal [Docket No. 144], seeking to commence an appeal the Order to Compel (the "Appeal").

38.    Also on August 18, 2021, the Debtor and Kossoff filed the *Motion for Leave to Appeal* [Docket No. 145] (the "Motion for Leave to Appeal") in the Bankruptcy Court, in which both the Debtor and Kossoff sought leave to appeal the Order to Compel.[9]

39.    On September 24, 2021, having been denied a stay by this Court, the Debtor and Kossoff filed the *Motion for Limited Stay* [S.D.N.Y. Docket No. 13] in the District Court.  *See also* S.D.N.Y. Docket Nos. 14-16.

40.    On September 30, 2021, the District Court entered the *Order Denying Motion to Appeal* [S.D.N.Y. Docket No. 17], denying the Motion for Leave to Appeal on the merits and the corresponding request for stay.

---

[9]    The Motion was docketed on the District Court's docket on August 24, 2021 [S.D.N.Y. Docket No. 3].

### VII.   Kossoff's Deficient Document Production and Non-Compliance
### with the Order to Compel

41.     On October 5, 2021, Kossoff's criminal counsel indicated that he would make a production of documents responsive to the Order to Compel.  *See* Berger Decl. at ¶ 4.

42.     On October 19, 2021, Kossoff made a production of documents to the Trustee (the "Kossoff Production").  *See id.* at ¶ 5.  Kossoff's counsel had previously indicated that the Kossoff Production constituted the full set of documents that Kossoff intended to produce pursuant to the Order to Compel.  *See id.; see also id.* at Ex. 1.

43.     However, the inventory that was provided by Kossoff's attorney on October 19, 2021, demonstrates that the documents included in the Kossoff Production are incomplete and, in many instances, dated and incomplete (the "Inventory").  *See id.* at ¶ 6, Ex. 2.

44.     Moreover, Kossoff has still not yet filed any of the Schedules, which has prevented the Clerk of this Court from fixing a date for a section 341 meeting and giving notice of it to creditors of the Debtor.  *See id.* at ¶ 8.

45.     Kossoff has not appeared for a Section 341 meeting of creditors.  *See id.* at ¶ 9.

### **RELIEF REQUESTED**

46.     The Trustee requests the entry of findings of fact, conclusions of law, and an order declaring that Kossoff is in contempt of the Order to Compel and imposing appropriate sanctions, including, without limitation, incarceration, to compel Kossoff's compliance therewith.

47.     The Trustee respectfully submits that it is appropriate for this Court to find that Kossoff has failed to comply with the Order to Compel, which directs

Kossoff to perform certain duties in his representative capacity of the Debtor, and is,

therefore in contempt thereof.  Sanctions are appropriate under the circumstances.

**I.    Kossoff is in Contempt of Court Because He Has Knowingly
        <u>Failed to Comply with Order to Compel</u>**

48.    "Courts have inherent power to enforce compliance with their

lawful orders through civil contempt." *In re MF Global Holdings Ltd.*, 562 B.R. 41, 52

(Bankr. S.D.N.Y. 2017).  Further, "bankruptcy courts have power to enter civil contempt

orders." *Id.*  "Bankruptcy courts retain jurisdiction to enforce their own orders." *In re

Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005).  Indeed, "[t]he civil contempt

power of this Court is beyond cavil." *In re Damon*, 40 B.R. 367, 374 (Bankr. S.D.N.Y.

1984); *In re Patterson*, 111 B.R. 395, 397 (Bankr. N.D.N.Y. 1989) ("[T]he ability to enforce

orders and judgement through the contempt power is essential to the orderly

administration of justice.").

49.    This power is derived from the inherent power of the court, along

with sections 105 and 157 of the Bankruptcy Code.  *See, e.g., In re Residential Capital, LLC,*

571 B.R. 581, 584 (Bankr. S.D.N.Y. 2017); *see also In re Stockbridge Funding Corp.*, 145 B.R.

797, 804 (Bankr. S.D.N.Y. 1992) ("Federal Rule of Bankruptcy Procedure 9020 also

recognizes Congress's intent to invest civil contempt power in bankruptcy courts."),

*aff'd in part, vacated in part by* 158 B.R. 914 (S.D.N.Y. 1993).  If a civil contempt proceeding

arises out of a core matter, the contempt proceeding is core.  *See In re Residential Capital,

LLC,* 571 B.R. at 585.

50.    A court's inherent power to hold a party in civil contempt may be

exercised when (1) the order that the party allegedly failed to comply with is clear and

unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party

has not diligently attempted in a reasonable manner to comply.  *See, e.g., Windstream*

*Capital Holdings, Inc.,* 627 B.R. 32, 39 (Bankr. S.D.N.Y. 2021); *Balaber-Strauss v. Markowitz*

*(In re Frankel),* 192 B.R. 623, 628 (Bankr. S.D.N.Y. 1996) (citations omitted); *see also King*

*v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995).[10]

      51.     All three elements for contempt are satisfied in this case, and

consistent with the objective, three-factor test applied in this jurisdiction and the

evidence presented with this Motion, Kossoff should be held in civil contempt for his

failure to comply with the Order to Compel.

      52.     The Order to Compel is clear and ambiguous.  Indeed, Kossoff was

given an opportunity to review and provide comments to the Order to the Order to

Compel before it was submitted to the Court by the Trustee.  Specifically, the order

required, among other things, that Kossoff:

     a.   "[N]ot individually, but in his representative capacity of the Debtor, . . . take all steps necessary to perform the Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules…;"

     b.   "[F]or the reasons set forth on the record of the July 22 Hearing, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor . . . take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee…;"

---

[10]   "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt."  *Damon,* 40 B.R. at 374.

c. "[F]or the reasons set forth on the record at the July 22 Hearing, . . . appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting…;"  and

d. "[F]or the reasons set forth on the record at the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521…"

Kossoff is aware of the content of the Order to Compel; indeed, he sought appellate review of it by the District Court.  Accordingly, there is no ambiguity about Kossoff's obligations under the Order to Compel, and Kossoff had knowledge of his obligations under the Order to Compel.

53.    Next, there is no question that despite the clear language of this Court's Order to Compel, Kossoff failed to comply with the Order to Compel.

54.    Finally, the third element is also satisfied.  Plainly, Kossoff has made no attempt to accomplish what was ordered by the Order to Compel.  Kossoff has failed to:  produce all of the current and complete Requested Information and Additional Disputed Records;  prepare or file any of the Schedules;  appear for examination under oath;  and he has otherwise failed to perform the Debtor's duties in this case.

55.    In addition, the District Court denied Kossoff's appeal and, in doing so, held that Kossoff may act to comply with the Order to Compel without waiving any Fifth Amendment privilege.  *See* Berger Decl. Ex. 3.  As a result, there can be no legitimate basis for Kossoff to continue his defiance of this Court's authority.

56.    Nevertheless, Kossoff has failed to meaningfully comply with the Order to Compel.  *See* Berger Decl. at ¶ 10.  As set forth above, the Kossoff Production is

16

deficient in numerous ways. In addition, the Debtor has not yet filed any of the Schedules, and Kossoff has not appeared for a Section 341 meeting of creditors.

57.     Kossoff is impeding the Trustee's efforts to investigate the Debtor's financial affairs. Kossoff should be held in contempt, and this Court should impose sanctions for his failure to comply with the Order to Compel. The Trustee respectfully submits that Kossoff's conduct and disregard for this Court's orders clearly meet the requirement for a finding of civil contempt.

58.     With similar facts and circumstances, courts in the Second Circuit have found persons to be in contempt. *See In re de Kleinman*, Case No. 91-11913 [Docket No. 256] (Bankr. S.D.N.Y. July 15, 1994) (Bankruptcy Judge Bernstein (ret.) found the debtor in civil contempt and certified his findings of fact and conclusions of law, which were approved by the District Court, including incarceration of the debtor); *Patterson,* 111 B.R. at 398 (holding debtors in contempt for failure to comply with order directing them to, *inter alia,* prepare and file a schedule of post-petition debts and a final report pursuant to Bankruptcy Rule 1019); *accord Duggan,* 133 B.R. 671, 672 (Bankr. D. Mass. 1991) (holding debtor in contempt for failure to comply with order directing him to turn over property of the estate and documents to the trustee). The policies and holdings enunciated in *Patterson* and *Duggan* apply with equal force to the case at bar.

59.     Accordingly, the Trustee respectfully requests that the Court enter an order holding Kossoff in contempt of court based upon his violation of the Order to Compel.

## II.     Under the Facts and Circumstances Herein, Incarceration as a
##          Sanction is Appropriate and Warranted

60.     This Court has the authority to enforce the terms of an order of civil

contempt by directing the incarceration of the party who fails to comply with a lawful

order.

61.     Indeed, bankruptcy courts have wide discretion fashioning

sanctions for civil contempt.  *See In re Stockbridge Funding Corp.*, 145 B.R. at 804*; see also*

*King*, 65 F.3d at 1058 (holding courts have broad equitable discretion to enforce the

obligations of its orders);  *In re Duggan*, 133 B.R. at 672-73.  The Court may impose

monetary sanctions.  *E.g.*, *In re Stockbridge Funding Corp.*, 145 B.R. at 804;  *In re Patterson*,

111 B.R. at 399.  When a bankruptcy court believes that the foregoing sanctions are

insufficient, a contemnor may be incarcerated, with such incarceration conditioned

upon continued noncompliance with the court's order.  *In re Frankel*, 192 B.R. at 632;

*In re Duggan*, 133 B.R. at 672 (debtor incarcerated for failure to turn over property of the

estate and documents, with incarceration continuing until Debtor complied with subject

Order).

62.     Kossoff has repeatedly told this Court and others that he is

uniquely aware of the Debtor's financial affairs.  *See, e.g.,* July 22, 2021 Hr'g Tr. at 28:5-

10; *see also* Docket Nos. 30, 30-1.  In addition, the documents and information required

to have been produced and turned over by Kossoff pursuant to the Order to Compel are

highly relevant and necessary for the proper administration of this estate.

Consequently, Kossoff's knowing failure to comply with the Order to Compel inures

prejudice to the Trustee, this estate, and its creditors.

63.     It is clear that to date, Kossoff has not faced sufficient incentive to

comply with the Order to Compel, notwithstanding this Court's (and the District

Court's) denial of a stay pending appeal and the Trustee's repeated demands. Accordingly, the Trustee requests that the Court impose sanctions against Kossoff, not as punishment for his contempt, but as an incentive for his compliance.

64.    The Trustee does not believe that monetary sanctions against Kossoff is a practical or effective means to compel compliance with the Order to Compel. *See, e.g.*, May 27, 2021 Hr'g Tr. at 43:11-17 (MR. MACK: "But what I'm going to ask you to consider, particularly since we're dealing with a principal of a debtor who can't afford bankruptcy counsel…").

65.    In contrast, the Trustee respectfully submits that the entry of an Order directing the incarceration for failure to comply with the Order to Compel would provide the requisite incentive to Kossoff should he fail to comply with the Order to Compel by a date certain.[11]

66.    Consequently, the Trustee respectfully requests entry of such an Order.

67.    It is critically important that the Trustee obtain Kossoff's cooperation quickly.  Rather than allow Kossoff to introduce further delay to the process by seeking to appeal from the entry of an order by this Court, the Trustee respectfully requests that the Court certify its findings to the District Court pursuant to Bankruptcy Rule 7052.  *See* Fed. R. Bankr. P. 7052; *see also* Fed. R. Bankr. P. 9014(c);  Fed. R. Bankr. P. 9020.  Undertaking this step now will allow the Trustee to avoid the additional litigation, and associated expense and delay, associated with any attempt by Kossoff to appeal to the District Court.

---

[11]   The imposition of the sanctions described above is a core proceeding because it arises from the Order to Compel, the entry of which was a core proceeding. *See In re Stockbridge Funding,* 145 B.R. at 804;  *In re Duggan*, 133 B.R. at 673.  These sanctions are necessary and warranted.

68.     No prior request for the relief sought herein has been made by the Trustee to this or any other Court.

## NOTICE

69.     Notice of this Motion has been given to:  (i) Kossoff, through his criminal counsel;  (ii) the United States Trustee;  (iii) the Manhattan District Attorney's Office;  and (iv) all of the parties that filed a Notice of Appearance in this case.  The Trustee respectfully requests that the Court find that such notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

## CONCLUSION

For all the reasons set forth above, the Trustee respectfully requests that the Motion be denied, and that the Court enter any other and further relief as is just and appropriate.

Dated:   New York, New York
         November 2, 2021

ALBERT TOGUT,
not individually but solely in his capacity as
Chapter 7 Interim Trustee for Kossoff PLLC
By His Counsel,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
BRIAN F. SHAUGHNESSY
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000