## DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN F. KALEY
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JAMES I. WASSERMAN
DAVID RIVERA
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

November 4, 2021

**BY EMAIL**

The Honorable Judge David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 1004-1408

    Re: In the Matter of Kossoff, PLLC, Chapter 7, Case No. 21-10699 (DSJ)

Dear Judge Jones:

    We received this past Tuesday (November 2, 2021) the Trustee's Motion to Hold Mitchell H. Kossoff in Contempt, and seeking his incarceration as a sanction for failing to produce documents, prepare schedules and otherwise comply with the Order to Compel. The Trustee noticed the motion so as to require a responsive brief by this coming Tuesday, November 9th at 4 p.m. Given the seriousness of the sanction sought, the short notice provided, and our other professional and personal obligations this week and next, immediately upon receipt of the motion we contacted the Trustee's counsel and requested that the Trustee consent to a two-week adjournment of the time to respond to the motion and the hearing date. Earlier this afternoon, in response, the Trustee refused to extend any professional courtesies, noting that "[a]s the Court has observed, the Trustee has been attempting to secure documents, information and cooperation from Mr. Kossoff for quite some time." Accordingly, I write to respectfully request a two-week adjournment to allow counsel the time needed to properly brief this very serious motion seeking a very serious sanction. We note that this is our first request for an extension of any briefing deadlines since the inception of this proceeding.

    As background, the Court should be aware that on October 19, 2021, in accordance with the ruling by this Court and by the District Court on appeal, Mr. Kossoff produced to the Trustee all of the documents in his possession that he maintains were protected by the act-of-production immunity privilege, approximately 7 banker's boxes of records, including escrow and corporate account statements, tax records, individual client escrow files, and other records. The Trustee agreed to take possession of these original files and to provide copies to us so that we might have access to them should Mr. Kossoff require the documents in connection with his defense. In its

The Hon. Judge David S. Jones
November 4, 2021
Page 2

motion for contempt, the Trustee complains about this document production, but we no longer have copies to be able to address these arguments in any detail as the Trustee has not yet provided us with copies as he had represented he would. For example, the Trustee complains (erroneously, we believe) about the lack of more recent documents when, in fact, the production did include documents from 2020 and 2021. In any event, we request that the Trustee produce these copies to us, as agreed, before we are required to brief the motion.[1]

The Trustee's assertion that Mr. Kossoff continues to assert a blanket privilege is false. As the District Court noted, requiring Mr. Kossoff to provide testimonial evidence may implicate his individual Fifth Amendment rights. Accordingly, he stands ready to respond to any written or verbal inquiries on a question-by-question basis.

In any event, as we indicated to the Trustee, we simply are unable to adequately brief this very serious matter within the short and unrealistically truncated time provided to us. Furthermore, we have other professional commitments, including a voluminous submission due to a state agency on Wednesday at 4 p.m., and my colleague, David Rivera, who has been assisting me with the briefing in this proceeding, has a long-planned personal commitment between November 11-14. Accordingly, we would respectfully request that the Court adjourn the briefing schedule and the hearing date for two weeks.

We thank Your Honor for your consideration.

                                          Respectfully submitted,

                                          *s/Walter Mack*

                                          Walter Mack

cc:    Neil Berger, Esq.
        Minta Nester, Esq.
        Albert Togut

---

[1] A small number of documents prepared by Mr. Kossoff at my request were withheld based on attorney work product and we have informed counsel for the Trustee we will be producing a privilege log to him early next week.