# TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119
───
WWW.TOGUTLAWFIRM.COM
───
(212) 594-5000
NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

November 9, 2021

**VIA EMAIL and ECF FILING**
Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

        Re:    *In re Kossoff PLLC*
                 Bankr. Case No. 21-10699 (DSJ)

Dear Judge Jones:

        As counsel to Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-referenced case, we write in response to the November 5, 2021 letter request [Docket No. 238] (the "Adjournment Letter") by the New York County District Attorney's Office (the "DA") seeking a six-week extension of his time to respond to the *Trustee's Application for an Order Compelling Disclosure of Certain Grand Jury Materials* [Docket No. 217] (the "Grand Jury Motion").

        Consistent with Bankruptcy Rule 9014 and Local Bankruptcy Rule 9006-1, the Grand Jury Motion was filed on November 2, 2021 and it was scheduled to be considered by the Court on November 16, 2021. In his Adjournment Letter, the DA sought an extension of his response deadline from November 9, 2021 until December 21, 2021.

        Following instructions from your Chambers, we conferred with the DA and attempted to agree upon a reasonable briefing schedule to accommodate the DA's request for additional time. However, the parties were unable to agree upon a reasonable extension because the DA continues to press for an excessive extension, now until December 7, 2021. The Trustee respectfully requests that the Court deny the DA's request for the reasons set forth below, and require the DA to file and serve his response on or before November 16, 2021, which would afford the DA twice the amount of time provided in Local Bankruptcy Rule 9006-1.

        The DA's contention that the Grand Jury Motion represents a "highly unusual step" which requires a lengthy time to formulate a response is incorrect. Cases cited in the Grand Jury Motion demonstrate that requests for documents pursuant to statutorily authorized investigations are not unusual. The Trustee seeks access to the Debtor's internal documents and computers that were seized by the DA during April 2021 because they are critical to the Trustee's investigation. These are documents that were created and maintained by or on behalf of the Debtor before they were seized by the DA, so there can be no dispute that they constitute

Togut, Segal & Segal LLP

Honorable David S. Jones
United States Bankruptcy Court
November 9, 2021
Page 2

property of this estate. The Trustee is authorized, and statutorily required pursuant to Bankruptcy Code section 704, to recover the Debtor materials seized by the DA. In addition, the DA is required to turn over those materials to the Trustee pursuant to Bankruptcy Code section 542.

The Trustee further submits that primary basis of the Adjournment Letter - the DA's complaint that the Trustee supposedly delayed the filing of the Grand Jury Motion – is without merit. When the Trustee moved in the New York State court for access to the Debtor documents that were seized by the DA, the Trustee advised the DA that he would follow United States Supreme Court precedent and file the Grand Jury Motion after the New York State court issued its ruling. Consequently, the DA has already had more than six weeks to prepare to respond to the current motion.

Further, during the hearing conducted by this Court on July 22, 2021, counsel for Michell H. Kossoff ("Kossoff") told the Court that a resolution of the DA's criminal investigation would likely be achieved in one or two months. *See* July 22, 2021 Hr'g Tr. at 30:20-31:16. The Trustee accepted those representations, and awaited a resolution hoping that further litigation could be avoided. However, when it became clear that those representations were faulty, the Trustee filed the Grand Jury Motion.

The Trustee believes that the DA should be working cooperatively with the Trustee to address the claims asserted by victims of Kossoff's alleged fraud, not impeding and delaying the Trustee's investigation. The DA's attempts to resist and delay the turnover of the seized materials – which he has had for more than six months – impede and delay the Trustee's efforts and result in prejudice to the interests of the Debtor's estate. Indeed, extending the DA's response deadline will delay consideration of the Grand Jury Motion and the Trustee's access to property of the estate that is needed for his investigation.

Accordingly, the Trustee respectfully requests that the Court fix the DA's response deadline for the Grand Jury Motion as November 16, 2021. Doing so would provide the DA twice the amount of time provided by Local Bankruptcy Rule 9006-1, and it would give the DA more than "reasonable notice and opportunity for hearing," as required by Bankruptcy Rule 9014.

    Respectfully submitted,

    TOGUT, SEGAL & SEGAL LLP
    By:

      /s/ Neil Berger
      Neil Berger

cc:    Albert Togut, Esq. (*by email and ECF notification*)
       Andrew D. Velez-Rivera, Esq. (*by email and ECF notification*)
       Ryan Gee, Esq. (*by email and ECF notification*)
       Catherine McCaw, Esq. (*by email and ECF notification*)