UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       In the Matter          :

             -of-               :

KOSSOFF, PLLC,             :

            Debtor.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                          Chapter 7
                          Case No. 21-10699 (DSJ)

## MITCHELL H. KOSSOFF'S SUBMISSION IN OPPOSITION
## TO THE TRUSTEE'S MOTION FOR CONTEMPT

Walter Mack, Esq.
David Rivera, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

JURISDICTION ...................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................2

SUMMARY OF ARGUMENT ................................................................................................5

ARGUMENT .....................................................................................................................10

I.   THE TRUSTEE'S MOTON TO HOLD MR. KOSOFF
     IN CONTEMPT IS PREMATURE AND UNWARRANTED ...........................................10

     A. Mr. Kossoff's Assertion of His Fifth Amendment Rights
        Before this Court and His Appeal to the District Court are
        Not a Proper Basis For Holding Him in Contempt........................................11

     1. Mr. Kossoff Has Produced Kossoff PLLC Documents in
        His Possession In Accordance With this Court's Order
        and the District Court's Decision..........................................................12

     2. Mr. Kossoff Intends to Provide Testimonial Evidence in
        Compliance with the Court's Order While Still Preserving
        His Personal Fifth Amendment Rights Where Necessary .....................14

     B. A Contempt Order is Not Warranted Under These Circumstances.............15

MR. KOSSOFF REQUEST FOR CLARITY,
ADJOURNMENT AND A HEARING...................................................................................15

CONCLUSION...................................................................................................................16

# **TABLE OF AUTHORITIES**

## CASE LAW

*Agee v. Paramount Commc'ns Inc.*,
   114 F.3d 395 (2d Cir. 1997)..........................................................................................11

*Braswell v. United States*,
   487 U.S. 99 (1988).........................................................................................................7

*Cal. Artificial Stone Paving Co. v. Molitor*,
   113 U.S. 609 5 S.Ct. 618, 28 L.Ed. 1106 (1885)..........................................................10

*Curcio v. United States*,
   354 U.S. 118 (1957).......................................................................................................7

*In re Parikh*,
   508 B.R. 572 (Bankr. E.D.N.Y. 2014)..........................................................................10

*In re Wright*,
   220 B.R. 543 (Bankr. S.D.N.Y. 1998).......................................................................fn. 14

*King v. Allied Vision, Ltd.*,
   65 F.3d 1051 (2d Cir. 1995)......................................................................................10, 15

*Perez v. Danbury Hosp.*,
   347 F.3d 419 (2d Cir. 2003)..........................................................................................10

*Revson v. Cinque & Cinque, P.C.*,
   221 F.3d 71 (2d Cir. 2000)............................................................................................11

*United States v. Arditi*,
   No. M-18-304, 1978 WL 1220, at *1 (S.D.N.Y. May 2, 1978) .......................................7

*U.S. Polo Association v. PRL USA Holdings, Inc*,
   789 F.3d 29 (2d Cir. 2015).......................................................................................10, 15

*Securities and Exchange Commission v. Forster*,
   147 F. Supp.3d 223 (S.D.N.Y. 2015)........................................................................fn. 14

*Taggart v. Lorenzen*,
   — U.S. —, 139 S. Ct. 1795, 1801, 204 L.Ed.2d 129 (2019).........................................10

*United States v. Hubbell*,
   530 U.S. 27 (2000).....................................................................................................fn. 14

## STATUTES AND RULES

Fed. R. Bankr. P. 9014 ........................................................................................................................1

Fed. R. Bankr. P. 9020 ........................................................................................................................1

N.Y. Code of Professional Responsibility DR 9-102 ......................................................................13

11 U.S.C. § 105 ................................................................................................................................10

28 U.S.C. § 158 ..................................................................................................................................1

28 U.S.C. § 1334 ................................................................................................................................1

28 U.S.C. § 1927 ..............................................................................................................................10

U.S. Constitution, Fifth Amendment ...................................................................................... *passim*

## PRELIMINARY STATEMENT

The Trustee's motion for contempt against Mitchell H. Kossoff is meritless, premature and should be denied in its entirety. Indeed, Mr. Kossoff recently produced seven (7) banker's boxes of documents as a result of the denial of his appeal to the District Court regarding his invocation of his asserted Act-of-Production privilege, documents which the Trustee has reneged as of this writing on his commitment to return to us for our use at this very time when incarceration of our health compromised client is sought by the Trustee. Furthermore, the Trustee's motion papers create the false impression that Mr. Kossoff is refusing to appear at a creditor's committee meeting when, in fact, the Trustee has never scheduled such a meeting or reached out to counsel for the Debtor about whether Mr. Kossoff would appear and answer questions at such a meeting. Mr. Kossoff has and continues ready to comply with the rulings of this Court and the District Court as written, certainly not as the Trustee describes them. Mr. Kossoff should not be jailed for invocation of his constitutional rights yet to be resolved in this litigation. The Trustee asks this Court to certify a fictional description of the procedural posture of this matter so as to deny our client his constitutional privileges and his rights to appeal their denial! We welcome the participation of the District Attorney in this Courtroom which we submit will shed further light on the Trustee's mischaracterizations of our client's conduct before Your Honor.

## JURISDICTION

We do not challenge the Court's jurisdiction but point out all orders and judgments are subject to review under 28 U.S.C. §§ 158 and 1334. This is a Chapter 7 involuntary petition case and as such is an adversary proceeding; Bankruptcy Rule 9020 directs that Bankruptcy Rule 9014 for contested matters should apply. *See* the Advisory Committee Notes.

## **FACTUAL AND PROCEDURAL BACKGROUND**

As the Court is aware, Mr. Kossoff and Kossoff PLLC are currently under criminal

investigation by the Manhattan District Attorney's Office. The District Attorney executed a

search warrant at Mr. Kossoff's offices in mid-April, 2021, and seized voluminous files,

computers, and computer records related to the financial affairs of Mr. Kossoff and his law

practice.[1] Those materials remain in the custody of the District Attorney and have not been

returned to Mr. Kossoff. The Trustee has indicated that the District Attorney has refused to

make the seized records available to the Trustee. As a result, the Trustee recently has filed a

motion to compel directed at the Manhattan District Attorney's Office asking for this Court's

direction to obtain copies of the records ordered seized by a New York State jurist.

For his part, in addition to not having access to the seized records, Mr. Kossoff no longer

has access to his former law firm offices nor his bank accounts. The Trustee has issued

prodigious numbers of third-party subpoenas, including subpoenas for all of the requested bank

records, and frozen numerous personal and debtor accounts without regard for Mr. Kossoff's

ability to legally defend himself and his formerly respected law firm.

On June 25, 2021, despite Mr. Kossoff's assertion of his Fifth Amendment rights, this

Court, at the request of the Trustee and over objection, entered an Order Designating Mitchell H.

Kossoff as the Responsible Officer of the Debtor. [Docket No. 93]. Mr. Kossoff's well-meaning

assertion of his personal and professional responsibility for the debtor and thus a person with

undeniable and evident self-incrimination concerns, and although there were many available

PLLC potential record custodians, this designation has become a mechanism so for responsible

---

[1] The District Attorney's Office recently entered an appearance in this proceeding. We welcome
its presence at this time when Team Togut pursues the incarceration of our client for contempt of
this Court's directives.

officer designation and resulted in depriving him of his documentary act of production rights.[2]

The future impact of such a tactic as designating the most criminally vulnerable document

custodian as the responsible officer of the debtor and thus depriving that person of constitutional

rights when other document custodians are available is not hard to anticipate in future

bankruptcy practice.

Pursuant to the terms of the June 25 Designation Order, counsel for Debtor and for the

Trustee promptly met and conferred in good faith concerning Mr. Kossoff's duties and identified

documents sought by the Trustee. [Docket No. 105 [#1]]. While continuing to invoke his Fifth

Amendment privilege against self-incrimination, Mr. Kossoff produced to the Trustee a list of

the Debtor's bank accounts and account numbers, inventories of the records seized by law

enforcement (prepared by law enforcement and filed with the New York State Court), and

Debtor's organizational documents (filed with the New York Secretary of State). (*Id.*)

Although Mr. Kossoff continued and continues to invoke his Fifth Amendment rights, the

Trustee sought additional documents from him and demanded that he prepare bankruptcy

schedules and testify under oath at the creditors' committee meeting, arguing that the Trustee

believed what he has asked for from Mr. Kossoff did not impair his Fifth Amendment privilege

or rights although the Trustee had no objection to an order of the bankruptcy court that so held.

(*Id.*)

In his July 9, 2021 submission to the Court, Mr. Kossoff again invoked his personal Fifth

Amendment rights and the act-of-production privilege and offered to make an *in camera*

submission to the Court providing an explanation as to why the information sought and the

documents requested and their production, without conceding their existence, would be self-

---

[2] The impact of that designation and the production of the incriminating documents now in the unsharing possession of Team Togut may have consequences in criminal proceedings that may emerge in the future.

3

incriminating to produce and would violate Mr. Kossoff's Constitutional rights. [Docket No.
116 [#1]].

On July 22, 2021, the Court held a telephonic conference, heard argument from counsel,
but never afforded or requested that Debtor's counsel make the *in camera* offer of proof
regarding the self-incriminatory nature of the sought-after documents and information. Instead
the Court ruled that the Debtor has no Fifth Amendment privilege against self-incrimination.
[Docket # 134].

On August 5, 2021, the Court entered an Order Compelling Mitchell H. Kossoff to (1)
Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for
Examination under Oath at a Section 341 Meeting of Creditors; and (3) Otherwise Cooperate
with the Chapter 7 Trustee ("the August 5th Order"). In the August 5th Order, the Court held that
the Fifth Amendment privilege relating to the matters that are the subject of ongoing criminal
proceedings are "render[ed] inapplicable" by the collective entity doctrine. [Docket No. 137].

Debtor and Mr. Kossoff appealed from the Court's August 5th Order, which, on its face,
requires that Mr. Kossoff use his memory, knowledge and mental faculties to prepare schedules,
appear for oral examination under oath at the creditors' committee meeting, and produce
documents, despite the ongoing criminal investigation into the very subjects the Bankruptcy
Court has directed Mr. Kossoff to address.

Mr. Kossoff then made an application to the Court for a limited stay of the August 5th
Order pending appeal to the District Court. On September 14, the Court held oral argument and
denied the motion to stay, ruling that Mr. Kossoff had no likelihood of success on the merits and
that even if, *arguendo*, Mr. Kossoff faces irreparable harm from denial of the motion, other
factors weighed against granting the motion to stay. This Court then entered an order on

4

September 23, 2021, denying the motion for a stay [Docket No. 178] and on September 30,

2021, the District Court denied Mr. Kossoff's appeal from that Order, holding that he must

produce the requested documents held as a custodian of Kossoff PLLC and that Mr. Kossoff's

appeal regarding testimonial evidence was premature and had to be decided on a question-by-

question basis. Mr. Kossoff now has produced the documents and stands ready to provide

testimonial information on a question-by-question basis. Accordingly, there is no basis to hold

him in contempt or to incarcerate him. Right now Mr. Kossoff has produced the records as

described by our inventory except for those we have indicated as privileged, despite the

consequences to him personally.[3]

## SUMMARY OF ARGUMENT

Under the cloud of the ongoing criminal investigation and possible indictment, Mr.

Kossoff has had to navigate the waters of this proceeding with great care to comply with the

Trustee's requests and Court orders while at the same time avoiding a waiver of his individual

Fifth Amendment right against self-incrimination. Contrary to the trustee's arguments, Mr.

Kossoff has sought to cooperate with the Trustee – and certainly has not "defied" any Court

Order. In order to support the false narrative that Mr. Kossoff has done nothing to cooperate

with the Trustee or to comply with the Court's Order such that he should suffer incarceration as a

sanction, the Trustee either downplays or ignores the following:

- Counsel for Mr. Kossoff met and conferred with counsel for the Trustee and, as a result,

    Mr. Kossoff, while preserving his Fifth Amendment rights, produced:

    (i)     a list of bank accounts with account numbers. (This allowed the Trustee

            to subpoena records from the respective banks, including JP Morgan

---

[3] At the September 14th Hearing, the Court also urged the parties to work out a schedule to
sequence compliance with the August 5th Order in such a manner to avoid having to make an
emergency application for immediate relief from the District Court.

5

Chase Bank, NA, Valley National Bank, Signature Bank, Citibank, NA, and other banking institutions ),

(ii)    inventories of the records seized by law enforcement, and

(iii)    organizational documents of Kossoff, PLLC, including the articles of organization and operating agreement. (*See* Trustee's Status Report to the Court.

- In addition, Mr. Kossoff agreed to allow the Trustee access to the offices located on the 5th floor at 217 Broadway, New York, New York, where documents and files not seized by the District Attorney's Office remained.[4]

- Subsequently, the Trustee's counsel called Debtor's counsel about obtaining the passwords to certain computer records. Mr. Kossoff identified the person with that information and Debtor's counsel and arranged for that person to assist the trustee.

With respect to other documents still in his possession, Mr. Kossoff invoked his Fifth Amendment privilege and, more specifically, the act-of-production privilege to seek to avoid incriminating himself by producing certain documents. After litigating that legal issue before this Court, Mr. Kossoff's appealed to the District Court, and on September 30, 2021, Judge Hellerstein denied the appeal. The District Court held that Mr. Kossoff's production of Kossoff PLLC's records was not protected by the act-of-immunity privilege and denied the appeal from that part of the Order compelling production of documents. The District Court stated that:

> While Kossoff's production of documents would be a corporate action, *see Braswell*, 487 U.S. at 109-10, providing oral testimony may implicate Kossoff's individual Fifth Amendment rights. *See United States v. Arditi*, No. M-18-304, 1978 WL

---

[4] The Trustee unfairly twists this around to now argue that by allowing the Trustee access to the Fifth Floor, Mr. Kossoff, in fact, was "masquerad[ing]" at being compliant since the materials left behind by the District Attorney were not current. (Trustee's Motion at p. 10 n.7). One can only imagine the Trustee's reaction had Mr. Kossoff refused access based on the fact that the materials were not more current.

6

1220, at *1 (S.D.N.Y. May 2, 1978) (explaining that while a respondent may not withhold testimony because the corporation would be incriminated, he or she cannot be compelled to condemn himself by oral testimony absent a grant of immunity; *see Curcio v. United States*, 354 U.S. 118, 125 (1957) (holding that testimony identifying or authenticating documents for admission is not privileged; and explaining that the Fifth Amendment privilege may apply to testimony that is more than 'auxiliary to the production' of unprivileged corporate or association records).

The District Court, however, stated that any privilege Mr. Kossoff seeks to assert must be done so on a question by question basis should he believe answering a particular question would incriminate him. Accordingly, the Court found the appeal as to Mr. Kossoff's compelled testimony to be "premature and abstract." (*Id*. at 6). Once this Court rules, for example, the Mr. Kossoff has to determine on a now blanket official Bankruptcy Form what is the dollar amount Kossoff PLLC owed to secured creditors or to creditors with unsecured claims, and he refuses as he would on Fifth Amendment grounds as well as on the basis he lacks the records to enable him to do so, then the Bankruptcy Court's contempt ruling would enable us to appeal to the District Court and perhaps beyond.

In accordance with this Court's and the District Court's ruling, Debtor's counsel conferred with the Trustee's counsel the week of October 4, 2021 and agreed to produce the responsive documents in Mr. Kossoff's possession.[5] On October 19, 2021, Mr. Kossoff, in accordance with the Courts' rulings, produced seven (7) banker's boxes of original documents to the Trustee, which included the following:

---

[5] The Trustee agreed to take possession of the original documents and to provide copies to Mr. Kossoff, so that they would be available to him if he needed them for his defense and to prepare for any testimony he might be called upon or be required to give. Debtor created a general inventory of the documents produced using a format the Trustee had employed when he produced an inventory of the documents obtained from Kossoff PLLC's 5th Floor offices. The Trustee has not yet produced the copies of the documents as the Trustee's counsel represented he would. Obviously the Trustee is unfamiliar with the mores of criminal proceedings before a United States District Court.

7

Box #1

- 2014-2019 Tax Returns
- Preparatory Tax Materials for 2020
- 2017 Audit Materials
- Supporting and Payment Documentation for the above

Box #2

- Remaining Tax and Tax-related Materials
- Tax Audit Materials from 2015
- Available Credit Card Documentation (2014 – forward)
- Available Business Credit Card Statements
- Available Unemployment Statements
- Firm Organizational documents
- Employee/Partner documentation
- All current Lease Agreements and related materials for Basement Storage and for 4th and 5th Floors at 217 Broadway

Box #3

- Individual Client Escrow Files
- Ledger Cards

Box #4

- Individual Client Escrow Files

Box #5

- Corporate Account Statements
- Escrow Account Statements
- Checks, wires, transmittal receipts, and assorted payroll material 2016-2018
- Individual Account Statements

Box #6

- SSM Client Materials
- Deposit and Payment Details
    2014, 2015, 2016 (deposits only), 2017 (deposits only), 2018
- Assorted Accounts Receivable Statements

Box #7

- Loan Documentation.

Having produced documents in accordance with the Court's Order, except for those listed

in the Privileged Log.[6] Mr. Kossoff now stands prepared to provide testimonial evidence to the

Trustee on a question-by-question basis as contemplated by the District Court's decision and this

Court's orders. Although the Trustee repeats throughout his vitriolic submission that Mr.

Kossoff "failed to appear" at a creditor's committee meeting--creating the false impression that a

date was set, a meeting took place and Mr. Kossoff refused to appear--that is not the case. The

Trustee has not yet set a date, nor reached out to Debtor's counsel about his appearance at such a

meeting. Accordingly, holding him in civil contempt and incarcerating him until he complies

with Order is unnecessary. Mr. Kossoff intends to fully comply with this Court's Order and

attend and answer questions, invoking his personal Fifth Amendment privilege on a question-by-

question basis as may be necessary to protect his personal privilege and to provide a record for

this Court and the District Court to review. That defense counsel and client will invoke as

fulsomely as if they were involved in Grand Jury Practice is certain to occur, but there should be

no doubt of their willingness to appear and do so, as many times as necessary notwithstanding

common Grand Jury practice in this judicial district.

---

[6] A small number of documents that Mr. Kossoff gathered at the direction of his counsel in
connection with his criminal defense were withheld as attorney-work product. In any event, the
Trustee, upon information and belief, already has copies of these documents, which it obtained
from a thumb-drive produced by Kossoff PLLC bookkeeper, Julia McNally. Those documents
may lack the written commentary of client and attorney that the privileged documents contain.
The particular pages selected by Mr. Kossoff for review with his counsel are protected by the
attorney work product privilege. A privilege log has been produced to Trustee's counsel.

9

## ARGUMENT

### I.

## THE TRUSTEE'S MOTON TO HOLD MR. KOSOFF
## IN CONTEMPT IS PREMATURE AND UNWARRANTED

A bankruptcy court's contempt power, like that of a district court, is "narrowly

circumscribed." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003); *see Taggart v.

Lorenzen*, — U.S. —, 139 S. Ct. 1795, 1801, 204 L.Ed.2d 129 (2019) ("[T]he bankruptcy

statutes incorporate the traditional standards in equity practice for determining when a party may

be held in civil contempt for violating an injunction.")

Under *Taggart*, a bankruptcy court may hold a creditor in contempt for violating the

court's injunction only "if there is no fair ground of doubt as to whether the order barred the

creditor's conduct." *Id.* at 1799. The "fair ground of doubt" standard has long been used in this

Circuit to determine when a party may be held in contempt in the district court. *See King v.

Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (*quoting Cal. Artificial Stone Paving Co.

v. Molitor*, 113 U.S. 609, 618, 5 S.Ct. 618, 28 L.Ed. 1106 (1885)). The standard derives from

two principles that are reemphasized in *Taggart*: "civil contempt is a severe remedy" and "basic

fairness requires that those enjoined receive explicit notice of what conduct is outlawed." 139 S.

Ct. at 1802. In particular, a contempt order is warranted only where the party has notice of the

order, the order is clear and unambiguous, and the proof of noncompliance is clear and

convincing. *King,* 65 F.3d at 1058; *see U.S. Polo Association v. PRL USA Holdings, Inc*, 789

F.3d 29, 33 (2d Cir. 2015).

Although they are independent bases for sanctions, "[s]anctions under § 105, § 1927, and

the Court's inherent power all require clear and specific findings of bad faith." *In re Parikh*, 508

B.R. 572, 597 (Bankr. E.D.N.Y. 2014). Sanctions under those provisions and the court's inherent

10

power are reserved for situations where there is "clear evidence that '(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.'" *Revson v. Cinque & Cinque, P.C.,* 221 F.3d 71, 79 (2d Cir. 2000) (*quoting Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). Of course, inherent in any contempt finding must be a determination that a Court order has been violated willingly. That situation simply is not present here.

## A. Mr. Kossoff's Assertion of His Fifth Amendment Rights Before this Court and His Appeal to the District Court are Not a Proper Basis For Holding Him in Contempt

Notably, in no case cited by the Trustee in its motion has a debtor been sanctioned--let alone incarcerated--for asserting in good faith his Fifth Amendment right against self-incrimination. As noted, Mr. Kossoff is skating on the razor's edge of possible waiver of his right against self-incriminations by making statements to the Trustee about the very accounts being criminally investigated by the District Attorney's Office and which could result in criminal charges. Cases finding waiver of an individual's personal Fifth Amendment rights are legion--and the Trustee will no doubt be leading the charge making that waiver argument—should Mr. Kossoff take the actions demanded of him by the Trustee. Indeed, Judge Hellerstein in his decision denying Mr. Kossoff's appeal nonetheless recognized that Mr. Kossoff's individual Fifth Amendment rights could be jeopardized by testimonial acts. Mr. Kossoff has followed his criminal counsel's advice and asserted the Fifth Amendment, where appropriate in our view. This is wholly in line with Judge Hellerstein's determination that the propriety of an assertion of the privilege must be determined on a question-by-question basis.

Mr. Kossoff has acted fully within his rights by asserting his Fifth Amendment Constitutional right against self-incrimination and will submit whatever issues arise to the Court for a question-by-question determination as committed to last July. Yet almost the entirety of the

11

Trustee's motion points to Mr. Kossoff's legitimate invocation of his Constitutional protections, including briefing the matter before this Court and taking an appeal to the District Court, as the basis for holding him in contempt and jailing him now. You can be certain that if the bankruptcy Court adopts the Trustee's legal position, we will do our utmost for review by the District Court. We have not seen as yet legal authority for the Trustee's rush to jail our medically challenged client and deny him his right to challenge such a result in the District Court.

Perhaps it is unnecessary to repeat but Mr. Kossoff has a personal Fifth Amendment privilege which must be examined, as Judge Hellerstein held, on a question-by-question basis. Only when it is determined that Mr. Kossoff has wrongly refused to answer a question, is ordered to answer, and then, refuses to answer in face of this Court's specific direction may proceedings be brought to hold him in contempt. Once so determined, there is no question that such is a final order and appealable as such to the District Court and beyond. Team Togut's efforts to deprive our client of this right given Judge Hellerstein's decision should provoke someone's assessment of fair and just Bankruptcy Practices.

Insofar as documents are concerned, Mr. Kossoff has produced all of the responsive non-privileged documents in his possession, a point which we address next.

## 1. Mr. Kossoff Has Produced Kossoff PLLC Documents in His Possession In Accordance With this Court's Order and the District Court's Decision

Mr. Kossoff has *not* "defied" this Court or any other Court's Order. On the contrary, following Judge Hellerstein's decision, Debtor's counsel and counsel for the Trustee conferred in good faith and Debtor's counsel represented that Mr. Kossoff would be producing documents that he had asserted and continues to assert are protected by the act-of-production privilege, in compliance with the Court's Order. Mr. Kossoff declined to appeal Judge Hellerstein's opinion for several reasons but certainly one was to show good faith and conformance to this Court's

12

requests of him. Counsel exchanged messages about the logistics and copying of the records and

on October 19, 2021, Mr. Kossoff did so, producing the seven (7) banker's boxes of documents

in his possession. In response to this production of documents, the Trustee has moved to hold

him in contempt, pointing to alleged deficiencies in the production, including that the records are

incomplete and do not include more current financial documents. This argument is unreasonable

for two reasons.

First, Mr. Kossoff has, in fact, produced all of the responsive documents in his possession

that cover 2020 and 2021, including, for example, credit card statements and escrow files.[7]

Second, and most importantly, the Trustee's complaint completely ignores – at least in

this submission[8] -- the fact that many current records of Kossoff PLLC have been seized by the

District Attorneys' Office. Computer records and hard copies of numerous documents, including

records that are required to be maintained by law firms pursuant to N.Y. Code of Professional

Responsibility DR 9-102 and more current financial documents are in the possession of the

District Attorney. The search warrant and inventory lists the seized documents as including

numerous servers, computer hard drives, USB drives, and IOLA account deposits receipts,

escrow requests and escrow records, wire transfer records, financial records, bank receipts, bank

statements, bank payments, checks, and other bank records, emails and account information.

Nonetheless, the Trustee moves to hold Mr. Kossoff in contempt for not producing the

seized documents and even goes so far as to seek his incarceration unless he produces them. But

---

[7] Debtor's counsel will be in a better position to identify more recent documents included as part
of his production when the Trustee provides copies of the documents it obtained from him, as
promised. In any event, the inventory reflects documents from 2020-2021.

[8] As noted, the Trustee has moved to compel the District Attorney's Office to produce copies of
the seized records. As stated previously, we welcome the appearance of the prosecutor in this
proceeding to bring the realities of the criminal process to the Bankruptcy Courtroom
notwithstanding whatever likelihood of the dangers to our client's future well-being.

13

he cannot produce what he does not have. There is simply no basis for holding Mr. Kossoff in contempt for failing to produce documents outside of his custody and control and which are impossible for him to produce.

## 2. Mr. Kossoff Intends to Provide Testimonial Evidence in Compliance with the Court's Order While Still Preserving His Personal Fifth Amendment Rights Where Necessary

The District Court denied Mr. Kossoff's appeal regarding the documents in his possession, but ruled that his individual Fifth Amendment rights may be implicated by compelled testimonial evidence and that this issue must be resolved on a question-by-question basis. Indeed, it bears emphasis: there is an ongoing criminal investigation against Mr. Kossoff by the District Attorney's Office relating to the very same accounts for which the Trustee has just received possession of incriminating records from Mr. Kossoff himself. We acknowledge whatever risks exist, criminal charges will be filed and criminal incarceration awaits Mr. Kossoff and criminal charges may be filed as a result. However, the District Court ruled that any dispute about Mr. Kossoff's testimony was too abstract and premature to sustain the appeal, and that any privilege had to be asserted on a question-by-question basis. Mr. Kossoff is and has been prepared to do just that. This is not the conduct of a contumacious party as Ms. Kleinman's conduct appears to have been 18 to 20 years ago.

With respect to the schedules he has been asked to create, this, too, is testimonial evidence that could jeopardize Mr. Kossoff's individual Fifth Amendment rights.[9] In accordance

---

[9] The preparation of the requested schedules requires the extensive use of the contents of Mr. Kossoff's mind and is thus inherently testimonial in nature and creates a real and appreciable danger of self-incrimination. *Securities and Exchange Commission v. Forster*, 147 F. Supp.3d 223, 227-228 (S.D.N.Y. 2015) ( "compulsory compliance with a subpoena is testimonial and violates Fifth Amendment protection where it requires the respondent to make extensive use of the contents of his own mind in identifying documents responsive to the requests in the subpoena") (internal quotations omitted) (*quoting United State v. Hubbell*, 530 U.S. 27, 43 (2000)); *In re Wright*, 220 B.R. 543, 544 (S.D.N.Y. 1998) (where the debtor did not file required

14

with the Court's Order, Mr. Kossoff will address the issue of the schedules at his examination

and invoke his individual Fifth Amendment rights on a question-by-question basis, as

necessary.[10]

## B. A Contempt Order is Not Warranted Under These Circumstances

A contempt order is warranted only where the party has notice of the order, the order is

clear and unambiguous, and the proof of noncompliance is clear and convincing. *King,* 65 F.3d

at 1058; *U.S. Polo*, 789 F.3d at 33.

Mr. Kossoff is certainly not on notice of any Court's Order directing him to answer any

specific question and he has otherwise complied by producing Kossoff PLLC documents – even

those he believes are protected by the act-of-production privilege. The remaining documents

sought by the Trustee, as noted above, are in the possession of the District Attorney. The

consequences and impact of Mr. Kossoff's production of these records may prove nettlesome to

the prosecutors in the future.

## MR. KOSSOFF REQUEST FOR CLARITY, ADJOURNMENT AND A HEARING

Team Togut in its motion papers, Main Document, page 7, first Par., asks for entry of

finding of facts, conclusions of law and an order of contempt if Mr. Kossoff fails to comply with

the Court's Order to Compel by a date certain. The Certification of Contempt asks that Mr.

Kossoff be immediately incarcerated based upon a factual certification that is demonstrably

false. A hearing would make it clear that the Trustee's arguments and representations are

unjustified.

---

schedules and declined to provide other requested information, the court noted that a debtor
"may assert his Fifth Amendment rights in a bankruptcy proceeding in order to justify a refusal
to provide information otherwise relevant to the administration of an estate").

[10] We will be prepared to discuss the schedules in whatever detail the Court requires on
November 16 or whatever occasion the Court wishes.

15

To be precise, Mr. Kossoff does not nor has he relied on blanket assertions of his Fifth

Amendment privileges, he has produced documents in his possession or control. Many of the

documents characterized as insufficient and not produced, have been produced or are not in his

possession. He has met in good faith to cooperate without waiving his constitutional and legal

privileges. He is and has been prepared to submit his answers to question by question as he has

been directed.

We ask this Court to grant an adjournment to Mr. Kossoff to permit the District Attorney

to appear and file its submission to Your Honor and also permit Mr. Kossoff to present his

evidence to this Court that a contempt incarceration is unjust.

### CONCLUSION

The motion seeking to hold Mr. Kossoff in Contempt is premature, inappropriate and

unreasonable. Mr. Kossoff has produced the documents he contends are protected by the act-of-

production privilege in compliance with the Court's Order. He is likewise prepared to comply

with the Court's Order and provide testimonial evidence while still preserving his individual

Fifth Amendment rights, where necessary, all of which will be subject to judicial review to

determine if his invocations of the privilege are appropriate. Should it be determined that the

privilege is not properly asserted for a particular question, and if the Court orders a response, and

then finds contumacious conduct by our client, Mr. Kossoff should not be deprived of his right to

seek further Judicial Review of that ruling without threats of being marched off to jail, threats

entirely unnecessary and unjust to a man facing jail from the moment in April when his law

offices were invaded and stripped by law enforcement.

We respectfully urge this Court to deny the Trustee's motion to hold our client in contempt

and jail him and grant us an adjournment for a month to permit the District Attorney to appear and

16

participate as suggested by that Office's representatives now that they have filed notices of

appearances in this proceeding.

Dated November 11, 2021

Respectfully submitted,

Walter Mack, Esq.
David Rivera, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, N.Y. 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)

17