Hearing Date:  November 16, 2021 at 10:00 a.m.

TOGUT, SEGAL & SEGAL, LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Brian F. Shaughnessy

*Attorneys for Albert Togut, Not Individually
But Solely in His Capacity as Chapter 7 Interim Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
:
In the Matter            :     Chapter 7
                         :     Case No. 21-10699 (DSJ)
-of-                     :
                         :
KOSSOFF PLLC,            :
                         :
                         :
            Debtor.      :
                         :
------------------------------------------------------------- X

**TRUSTEE'S REPLY IN SUPPORT OF CHAPTER 7 INTERIM TRUSTEE'S
APPLICATION FOR ORDER HOLDING MITCHELL H. KOSSOFF
IN CIVIL CONTEMPT FOR FAILURE TO COMPLY WITH ORDER TO COMPEL**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

   Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Kossoff PLLC (the "Debtor"), by his counsel, Togut, Segal & Segal, LLP, respectfully submits this reply in response to *Mitchell H. Kossoff's Submission in Opposition to the Trustee's Motion for Contempt* [Docket No. 249] (the "Opposition") and in further support of the *Chapter 7 Interim Trustee's Application for an Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Docket No. 218] (the "Contempt Motion").[1]

### REPLY

**I. The Relief Sought by the Trustee is Necessary and Appropriate**

  1. The Opposition does not, and cannot, provide any legitimate basis that could excuse Kossoff's indisputable failure to comply with this Court's Order to Compel and the District Court's September 30, 2021 *Order Denying Motion to Appeal*, both of which are final. Those orders explain that Kossoff must perform his obligations, and that he can do so without waiving any personal Fifth Amendment privileges.

  2. Instead, the Opposition demonstrates that Kossoff can comply with those orders and that he has willfully failed to do so. In doing so, he has advanced his personal interests at the expense of the Trustee's investigation and the interests of the Debtor's creditors.

  3. Kossoff's mischaracterizations[2] of his incomplete and inadequate document productions and his attempts to revisit prior rulings fail to refute the record

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Contempt Motion.

[2] For example, the Trustee has not sought to freeze any of Kossoff's personal accounts. *See* Opp. at p. 2.

in this case which demonstrates that Kossoff is in contempt and that he has failed to purge that contempt notwithstanding being provided adequate time and opportunities to perform his court-ordered obligations.

4. The docket in this case establishes that, at the very least, Kossoff has failed to prepare or file the Debtor's Schedules and Statement of Financial Affairs. Kossoff does not dispute this failure even though he has the information and tools to prepare those important Debtor documents. *See* Opp. at pp. 14-15.

5. Indeed, the privilege log that Kossoff produced to the Trustee on November 10, 2021, a copy of which is annexed hereto as Exhibit "A," clearly demonstrates that Kossoff has the ability to access records and information concerning the Debtor's financial affairs up to and including the Petition Date. For example, he has withheld:

- "Electronically generated documents reflecting money transfers to and from Kossoff PLLC from 2/4/14 to 4/1/21;"
- "[C]omputer generated documents reflecting merchant cash payments from Kossoff PLLC from 1/2016 to 4/7/21;"
- "[C]omputer generated reports for 2021 reflecting deposits into and payments from Kossoff PLLC…;" and
- "[S]elected computer generated reports for 2019 reflecting deposits into and payments from Kossoff PLLC…"[3]

6. These are precisely the types of documents and information that should be included in the Debtor's Schedules and Statement of Financial Affairs, and which is

---

[3] The privilege log refers to Bates stamp numbers, but none of the documents that Kossoff has produced to the Trustee were Bates stamped.

2

desperately needed by the Trustee. However, Kossoff has chosen to withhold that critical information from the Trustee and from the Court.

7. Kossoff has also appeared in numerous State and Federal court actions and Grievance Committee proceedings in which former clients of the Debtor have particularized their claims against the Debtor. Those claims are public and Kossoff can include them in the Debtor's Schedules, lists and Statement of Financial Affairs in compliance with the Order to Compel, but he has failed to do so.

8. In addition, Kossoff also knows full well that the Clerk of the Court needs a list of the Debtor's creditors to schedule and provide notice of a section 341 meeting at which Kossoff can be examined. *See* July 22, 2021 Hr'g Tr. at 40:21-23. However, Kossoff has withheld that list and now argues without shame that he is not in contempt for failure to appear and be examined at a section 341 meeting. Once again, Kossoff appears to believe that he can continue to advance his personal interests in defiance of this Court's orders by delaying the Trustee's investigation and elevate his personal interests above creditors' interests.

9. The Trustee respectfully submits that this Court should reject Kossoff's bad faith arguments. Kossoff clearly understands what his requirements are under orders entered by this Court and the District Court, but he has instead led the Trustee to this point by choosing contempt rather than compliance.

10. Kossoff's promises of some sort of compliance at some unidentified time in the future are unreliable, prejudice the Trustee and creditors, and improperly test the patience and authority of the Court.

11. Contrary to Kossoff's suggestions in the Opposition, the Trustee did not file the Contempt Motion to punish Kossoff for having asserted Fifth Amendment privileges. He did so because Kossoff has repeatedly demonstrated that nothing short

3

of the risk of incarceration as a coercive civil sanction may motivate him to comply with this Court's authority. The Opposition is the latest demonstration of Kossoff's intent to ignore this Court, the Trustee and creditor interests while he advances his personal interests.

12. For these reasons, the Trustee respectfully submits that the Contempt Motion should be granted.

## II. Kossoff's Request for Clarity, Adjournment, and a Hearing Should Be Denied

13. In his Opposition, Kossoff appears to request "clarity, adjournment, and a hearing." To the extent that Kossoff pursues this request, the Trustee respectfully submits that it should be denied.

14. The Court ordered the Contempt Motion to be heard on November 16, 2021. *See* Docket No. 236. Accordingly, any request for a hearing is unnecessary.

15. Further, it is unclear from the Opposition exactly what Kossoff seeks to clarify: orders entered by this Court and the District Court are clear, and Kossoff has not and cannot point to any ambiguity in them; he has also chosen not to appeal from the District Court's order.

16. Finally, Kossoff's belated request for further adjournment is unfounded. Kossoff has already sought an adjournment form this Court, *see* Docket No. 234, and this Court has rejected it and provided Kossoff additional time to submit his Opposition. *See* Docket No. 236.

17. In doing so, the Court encouraged Kossoff "to take steps before then to reduced or eliminate the outstanding issues that give rise to the Trustee's motion for contempt sanctions." *See id.* Kossoff has failed to do so, and instead, has doubled down on arguments that have been considered and rejected by this Court and the District Court on the merits. He also makes the particularly egregious request that the

4

November 16, 2021 hearing be adjourned so that the DA can have additional time to respond to the Contempt Motion. The DA, which has no standing to contest the Contempt Motion, was served with the Contempt Motion and has made no request to be heard in connection with it.[4]

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of findings of fact, conclusions of law, and an order declaring that Kossoff is in contempt of the Order to Compel and imposing appropriate sanctions, including, without limitation, incarceration, to compel Kossoff's compliance herewith, and granting such other and further relief as this Court deems just and proper.

DATED:  New York, New York
        November 15, 2021

Respectfully submitted,

ALBERT TOGUT,
Not individually but solely in his capacity as
Chapter 7 Interim Trustee of Kossoff PLLC
By His Counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER
MINTA J. NESTER
BRIAN F. SHAUGHNESSY
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

---

[4] As set forth in the *Trustee's Application for an Order Compelling Disclosure of Certain Grand Jury Materials* [Docket No. 217], the DA has impeded the Trustee's investigation by refusing the Trustee's request for access materials that the DA seized prior to the Petition Date. The Trustee respectfully submits ceding control of the outcome of the Contempt Motion would be inappropriate.

5