**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
                                            :
            In the Matter                   :        Chapter 7
                                            :        Case No. 21-10699 (DSJ)
              -of-                          :
                                            :
KOSSOFF PLLC,                               :
                                            :
                                            :
                        Debtor.             :
                                            :
------------------------------------------------------------ X
```

**ORDER INVITING BUT NOT REQUIRING POSSIBLE LIMITED SUBMISSIONS BY**
**3:00 P.M. NOVEMBER 19 REGARDING RELIEF SOUGHT BY TRUSTEE'S PENDING**
**MOTION TO HOLD MITCHELL H. KOSSOFF IN CIVIL CONTEMPT**

WHEREAS, on November 16, 2021, the Court heard argument on the Trustee's motion

(the "**Contempt Motion**," ECF No. 218) seeking an order holding Mitchell H. Kossoff in civil

contempt of prior orders of this Court; and

WHERAS, the Contempt Motion as filed requested entry by this Court of a

"Certification" of contempt that as drafted would require review and action by the District Court,

including entry of a bench warrant for Mr. Kossoff's arrest [ECF No. 218 Ex. A]; and

WHEREAS, the Court orally found that Mr. Kossoff was and is in civil contempt of prior

orders of this Court, and further found that no sanction less severe than incarceration would be

sufficiently likely to induce compliance by Mr. Kossoff, but that, in substance, no warrant should

be issued until after Mr. Kossoff has a strictly limited amount of additional time to come into

compliance with the Court's prior orders and to demonstrate to the Court that he has done so.

Further, the Court stated that, in the absence of a showing of compliance by Mr. Kossoff, the

1

Court contemplates the issuance of a bench warrant for Mr. Kossoff's arrest without requiring any further application, notice, or hearing; and

WHEREAS, in light of questioning and suggestions by the Court, counsel for the Trustee submitted to Chambers a revised proposed form of certification in the form attached hereto as Exhibit A; and

WHEREAS, upon request by counsel for Mr. Kossoff during the November 16 hearing and with the Court's authorization, Mr. Kossoff counterproposed a form of certification attached hereto as Exhibit B in redline to reflect Mr. Kossoff's proposed modifications to the Trustee's proposed certification; and

WHEREAS, in a non-docketed communication in response to Mr. Kossoff's counterproposed form of certification that was on notice to Mr. Kossoff, the Trustee responded to the counterproposal with his own list of objections, and asked the Court to adhere to the Trustee's revised proposed form of certification; and

WHEREAS, during argument, counsel for the Trustee identified an instance in 2017 in which this Court directly entered a bench warrant for arrest in connection with a finding of this Court that an individual was in civil contempt of Court, referring to *In re 199 East 7th Street LLC,* No. 14-13254 (SCC), Bankr. S.D.N.Y. ECF No. 154 (Jan. 18, 2017); and

WHEREAS, neither party has questioned this Court's authority to enter an order finding Mr. Kossoff or any individual in civil contempt, and to itself issue appropriate sanctions up to and including arrest and incarceration; and

WHEREAS, as the Court stated it would do during the November 16 hearing, the undersigned has made inquiries of relevant Court personnel regarding the judicial

2

administrability of the certification procedure sought by the Contempt Motion, and believes that

following that procedure may prove unnecessarily complex and burdensome on judicial

resources, and, in addition, appears unnecessary in light of this Court's authority, which the

parties to date have not questioned, to enter all substantive relief sought in connection with the

Contempt Motion; and

WHEREAS, the Court wishes to ensure that the parties have notice that the Court is

considering employing a different procedure from that proposed by the Contempt Motion to

afford the relief that the Court has stated on the record it intends to grant, and, further, wishes to

afford the parties an opportunity to identify any legal impediments that they may believe exist to

the approach that the Court is now contemplating;

IT IS HEREBY ORDERED that any party wishing to assert that the Court lacks authority

to issue an appropriate, final order or findings of fact and conclusions of law holding an

individual in civil contempt, and/or to impose appropriate sanctions including incarceration, shall

file a letter not to exceed three pages by 3:00 p.m. November 19, 2021, informing the Court of

that position and the reasons for it.  Thereafter, the Court will enter an appropriate order after

having considered any such submissions received, along with the respective proposed and

counterproposed Certifications submitted by the parties, and all prior pleadings and proceedings

in the matter.

SO ORDERED.

Dated: New York, New York
       November 18, 2021

                                        _____s/ David S. Jones_____
                                        Honorable David S. Jones
                                        United States Bankruptcy Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
                                                              :
            In the Matter                 :         Chapter 7
                                          :         Case No. 21-10699 (DSJ)
               -of-                       :
                                          :
KOSSOFF PLLC,                             :
                                          :         Civ. Docket No.:
                                          :
                Debtor.                   :
                                          :
-------------------------------------------------------------- X

## <u>CERTIFICATION OF CONTEMPT</u>

TO THE HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF NEW YORK:

   I, David S. Jones, a United States Bankruptcy Judge in this District

presiding over the above-captioned case originally commenced by creditors of Kossoff

PLLC (the "<u>Debtor</u>"), after a hearing and good and sufficient notice to Mitchell H.

Kossoff ("<u>Kossoff</u>") following a motion by Albert Togut, not individually, but solely in

his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>"), do hereby certify to the

United States District Court for the Southern District of New York that:

**I.**    <u>The Chapter 7 Case</u>

   1.  On April 13, 2021 (the "<u>Petition Date</u>"), creditors of the Debtor

(collectively, the "<u>Petitioning Creditors</u>") filed an involuntary petition for relief under

Chapter 7 of the Bankruptcy Code (the "<u>Involuntary Petition</u>") in the United States

Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>")

against the Debtor in the above-captioned Chapter 7 case (the "<u>Chapter 7 Case</u>").

2.       Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in New York City, New York, and serviced clients in the real estate industry.  *See* Bankr. Docket No. 26-4 ¶ 10.[1]  The Debtor held itself out as providing full-service real estate legal services specializing in litigation and transactional matters related to areas of real property law, including leasing, sale and acquisition of real property interests, commercial landlord tenant matters, real estate litigation, and city, state and federal agency regulatory matters.  *See id.*

3.       The Debtor was a professional limited liability company, organized under the laws of New York, and Kossoff was its sole managing member.  *See* Bankr. Docket No. 116, Ex. 3 (Articles of Organization and Operating Agreement);  *see also* Bankr. Docket No. 30;  Bankr. Docket No. 30-1.

4.       The Petitioning Creditors are clients of the Debtor and together assert claims for "Unreturned IOLA Funds" and "Misappropriated IOLA Funds" totaling approximately $8 million [Bankr. Docket No. 1].  Other former clients have also asserted similar claims against the Debtor, such that known claims for missing escrow funds total approximately $17 million.

---

[1]     References to "Bankr. Docket No. __" refer to the docket of the Chapter 7 Case, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.).  References to "S.D.N.Y. Docket No. __" refer to the docket of the Appeal (defined below), Case No. 1:21-cv-07122-AKH (S.D.N.Y.).

5.      The Debtor did not appear in response to the Involuntary Petition, and on May 11, 2021, the Bankruptcy Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Bankr. Docket No. 14] (the "Order for Relief").

6.      The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021.  *See* Bankr. Docket No. 14.

7.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

8.      The Debtor has not yet filed any of the Schedules.

## II.     The Trustee's Attempts to Obtain Discovery from Kossoff

9.      The Trustee has sought Kossoff's assistance in collecting the Debtor's documents and information that is needed for the Trustee's investigation of the Debtor's affairs.  Among other things, the Trustee has requested that Kossoff produce categories of the Debtor's documents and information (the "Requested Information"), including:

a.  List of the Debtor's bank accounts with account numbers;

b.  Bank records;

c.  Cash receipts journals;

d.  Cash disbursements journals;

e.  Credit card records;

f.  Client lists;

3

g.  List of accounts receivable and amounts;

h.  Records required pursuant to N.Y. Code of Professional
    Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0,
    including records of all deposits and withdrawals from
    accounts specified in subsection (b);

i.  Inventories of seized records provided by law
    enforcement;

j.  All of these documents and information are required by
    the Order for Relief and Bankruptcy Rule 1007;  and

k.  Other documents as requested by the Trustee.

10.    Kossoff repeatedly told the Bankruptcy Court and the Trustee that

he is unwilling to identify or produce documents to the Trustee and that he will assert a

privilege against self-incrimination under the Fifth Amendment unless the Bankruptcy

Court grants him broad immunity because he is being investigated by the Manhattan

District Attorney (the "DA").[2]  In response to the Trustee's requests, Kossoff asserted a

blanket Fifth Amendment privilege.  *See, e.g.,* Bankr. Docket No. 30.

**III.    The Trustee's Rule 2004 Motion and Related Orders**

11.    On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex

Parte Application for an Order (I) Directing the Preservation of Documents and Recorded

Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents

and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure* [Bankr. Docket No. 26] (the "Rule 2004 Motion").

---

[2]    Kossoff has advised the Trustee that an investigation by the United States Attorney for the Eastern
District of New York has been closed.

12.    Also on May 24, 2021, the Bankruptcy Court entered the *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Bankr. Docket No. 27] (the "Initial Rule 2004 Order").

13.    On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him." *See* Bankr. Docket No. 30 p. 2. He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee. *Id*. at p. 3.

14.    Pursuant to the Initial Rule 2004 Order, the Bankruptcy Court conducted a preliminary injunction hearing on May 27, 2021.

15.    On June 4, 2021, Walter Mack, Kossoff's counsel, filed the *Objection to Preliminary Injunction Order and Trustee Issuance of Subpoenas for Testimony and Documents* [Bankr. Docket No. 48].

16.    Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Bankr. Docket No. 33], the Bankruptcy Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021. Later that day, the Bankruptcy Court entered the *Final Order Granting Injunctive Relief* [Bankr. Docket No. 62].[3]

---

[3]    The Trustee also filed a second motion based upon Bankruptcy Rule 2004; specifically, on June 18, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Application for Entry of an Order Enforcing Automatic Stay and Directing Mitchell H. Kossoff and Tenantracers, LLC to Provide the Trustee with Access*
...(continued)

## IV.    The Designation Order and Related Filings

17.    On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 36] (the "Designation Motion").  The Designation Motion sought, among other things, an order directing Kossoff to produce Debtor documents and information, including the Requested Information.

18.    On June 16, 2021, Kossoff filed the *Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee and Motion to Quash All Subpoenas Compelling Testimony or Document Production from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 80] and the memorandum of law in support of thereof [Bankr. Docket No. 80-1].

19.    On June 22, 2021, the Trustee filed the *Chapter 7 Trustee's Reply to Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H.*

---

...(continued)
        to the Fifth Floor Premises to Inspect and Take Possession of Property of the Estate [Bankr. Docket No. 85]
        (the "Access Motion").  On July 12, 2021, the Bankruptcy Court granted the Access Motion [Bankr.
        Docket No. 117].

*Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce*

*Information Requested by Chapter 7 Trustee; (2) Appear for Examination Under Oath at the*

*Bankruptcy Code 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7*

*Trustee and Motion to Quash All Subpoenas Compelling Testimony and Document Production*

*from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 89].

20.     The Bankruptcy Court conducted a hearing on June 24, 2021 to

consider the Designation Motion and the pleadings filed in connection with it (the "June

24 Hearing"). *See* Bankr. Docket No. 86.

21.     During the June 24 Hearing, the Bankruptcy Court observed "that

blanket assertions are insufficient and that the party asserting the privilege needs to

explain at least in circumstances where the applicability of the asserting the privilege

isn't self-evident why it applies." June 24, 2021 Hr'g Tr. at 8:18-21; *see also id.* at 23:15-

23 ("…I do take the view and agree with the trustee that – and the law that a blanket

invocation of the privilege is insufficient. . . . [T]he Court has to assess the implications

of particular questions when asked and assess whether there is an evidence risk of

incrimination posed by the inquiry. And if not, the Court has the duty of inquiry to

determine whether or not there is such a reasonable risk presented."). The Bankruptcy

Court also observed that the Trustee is trying to do "very important work to try to help

resolve the affairs of the estate." *Id.* at 41:21-25.

22.     On June 25, 2021, the Bankruptcy Court entered the *Order*

*Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Bankr. Docket No.

93] (the "<u>Designation Order</u>"), which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

23.     The Designation Order is now final, having never been challenged after entry.

24.     The Designation Order provides, among other things, that counsel for the Trustee and Kossoff would promptly meet and confer in good faith concerning Kossoff's duties and the identity of the documents Kossoff will produce to the Trustee, including the Requested Information and all copies and/or electronic back-up materials of them, and describe which items he will not produce to the Trustee.  *See* Docket No. 93.

25.     The Designation Order further provides that "if Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right of self-incrimination, Kossoff shall so state, with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue."  *Id.*

26.     On June 25, 2021 and June 30, 2021, counsel for the Trustee and Kossoff met and conferred regarding Kossoff's duties and the identity of documents that Kossoff would be willing to produce to the Trustee.  *See* Bankr. Docket No. 93.

27.     On July 1, 2021, the Trustee filed the *Notice of Filing of Meet and Confer Status Report Pursuant to June 25, 2021 Order* [Bankr. Docket No. 105] (the "<u>Status Report</u>").

8

28.    As set forth in the Status Report, Kossoff's counsel produced three categories of Requested Information to the Trustee:  (1) a list of the Debtor's bank accounts with account numbers, though certain numbers appear to be incomplete; (2) inventories of records seized by law enforcement (which were prepared by law enforcement);  and (3) certain organizational documents of the Debtor, including the Debtor's articles of organization as filed with the New York Secretary of State and its operating agreement.  *See* Bankr. Docket No. 105.  In addition, Kossoff agreed to allow the Trustee access to the offices located on the fifth floor of the Premises to collect responsive documentation.  *See id.*

29.    The Trustee has asserted that Kossoff has failed to produce any of the current, relevant Debtor's bank records, cash receipt journals, credit card records, and records that are required to be maintained by law firms pursuant to N.Y. Code of Professional Responsibility D.R. 9-102[4] (collectively, the "Additional Disputed Records").  *See id.*[5]  Kossoff contests that assertion, and during the November 16, 2021 hearing conducted by this Court, represented to the Court that he has turned over to the Trustee all of the relevant documents in his possession, custody and control, with exception to documents that are identified in the privilege log that is attached as an

---

[4]    *See also* N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0).

[5]    The Trustee advised the Bankruptcy Court that on July 15, 2021, Kossoff's counsel permitted the Trustee's accountants to remove limited documents from the Fifth Floor Premises, as required by the Bankruptcy Court's order granting the Access Motion, but that with the possible exception of certain Debtor payable invoices and paid accounts receivable invoices, all that was made available were ...(continued)

exhibit to Docket No. 252.  Without conceding the existence or possession, custody, or

control of the Additional Disputed Records, Kossoff refused to produce additional

documents absent an adjudication by the Bankruptcy Court.

30.     Kossoff has also failed to prepare the Schedules, or to produce a list

of accounts receivable, absent assurances from the Trustee that doing so would not

constitute a violation of Kossoff's Fifth Amendment privilege.  *See id.*[6]  Kossoff has

taken this position even though the Debtor issued invoices to its clients during the

months immediately preceding the Petition Date.

## V.     <u>The Order to Compel</u>

31.     On July 22, 2021, the Bankruptcy Court conducted a hearing to

consider Kossoff's obligations (the "<u>July 22 Hearing</u>").

32.     On August 5, 2021, the Bankruptcy Court entered the *Order

Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the

Chapter 7 Trustee;  (2) Appear for Examination at Section 341 Meetings of Creditors;  and

(3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 137] (the "<u>Order to

Compel</u>").

33.     Among other things, the Order to Compel provides that "the

collective entity doctrine overrides and renders inapplicable privileges, including the

---

...(continued)

    dated documents, none of which appear to be useful in determining what happened to the nearly $17
    million of funds sought by creditors of the Debtor.

[6]    While Kossoff has advised that no comprehensive client list is within his possession, custody, or
    control, he has declined to attempt to construct such a list based on his recollection or available
    documentation absent the assurances described here.  *See id.*

Fifth Amendment privilege against self-incrimination and the act of production

privilege, for acts of production compelled to be performed by Kossoff who, by reason

of the Designation Order, is acting not in his individual capacity but in his

representative capacity on behalf of the Debtor."

34.     The Order to Compel further directs Kossoff to:

a.  "[N]ot individually, but in his representative capacity of
the Debtor, . . . take all steps necessary to perform the
Debtor's duties pursuant to the Order for Relief and the
Designation Order, including the preparation of the
Debtor's Schedules…;"

b.  "[F]or the reasons set forth on the record of the July 22
Hearing, not individually but in his representative
capacity as the Court-appointed responsible officer of the
Debtor . . . take all steps necessary to obtain all of the
Requested Information and the Additional Disputed
Records including but not limited to the known creditors
of the Debtor, current and former clients of the Debtor,
internal bank receipts and disbursements records, and
accounts receivable records of the Debtor, and all IOLA
records required to be maintained by the Debtor, in his
possession, custody or control, and to produce them
and/or cause them to be produced to the Trustee…;"

c.  "[F]or the reasons set forth on the record at the July 22
Hearing, . . . appear for examination under oath not
individually but in his representative capacity on behalf
of the Debtor at the Section 341 Meeting in this case and
at any adjourned dates of such meeting…;"  and

d.  "[F]or the reasons set forth on the record at the July 22
Hearing, Kossoff, not individually but in his
representative capacity, is directed to otherwise fully
cooperate with the Trustee on behalf of the Debtor in
accordance with Bankruptcy Code section 521…"

**VI.**    **The Appeal and Attempts to Stay the Order to Compel Pending Appeal**

35.     On August 18, 2021, Kossoff and the Debtor (together, the "Appellants") filed a notice of appeal [Bankr. Docket No. 144], seeking to commence an appeal the Order to Compel (the "Appeal").

36.     Also on August 18, 2021, Appellants filed the *Motion for Leave to Appeal* [Bankr. Docket No. 145] (the "Motion for Leave to Appeal") in the Bankruptcy Court, in which both the Debtor and Kossoff sought leave to appeal the Order to Compel.[7]

37.     On September 1, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Opposition to Motion for Leave to Appeal* [S.D.N.Y. Docket No. 5]. On September 16, 2021, Appellants filed the *Reply Memorandum of Law in Further Support of Motion for Leave to Appeal* [S.D.N.Y. Docket No. 10].

38.     On August 19, 2021, Appellants filed in the Bankruptcy Court the *Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 147] (the "Bankruptcy Court Stay Motion").

39.     On September 7, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Objection to Motion for Limited Stay Pending Appeal of August 5, 2021 Order* [Bankr. Docket No. 156].

---

[7]     The Motion for Leave to Appeal was docketed on the District Court's docket on August 24, 2021 [S.D.N.Y. Docket No. 3].

40.    On September 10, 2021, Appellants filed the *Movants' Reply in Further Support of Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Privilege Against Self-Incrimination Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 167], which the Trustee opposed.

41.    The Bankruptcy Court conducted a hearing to consider the Bankruptcy Court Stay Motion on September 14, 2021 (the "September 14 Hearing").

42.    On September 23, 2021, the Bankruptcy Court entered its *Order Denying Motion for Stay Pending Appeal* [Bankr. Docket No. 178].

43.    With the *Order Denying Motion to Appeal,* dated September 30, 2021, the Appeal and the request to stay pending appeal were denied by the District Court [S.D.N.Y. Docket No. 17].

**VII.    Kossoff's Continued Non-Compliance with the Order to Compel**

44.    I am advised by the Trustee's counsel that the parties had telephonic discussions concerning Kossoff's cooperation with the Trustee following entry of the District Court's *Order Denying Motion to Appeal* and the associated request for stay.  The Trustee has represented to the Court that the Kossoff Production is deficient and fails to fully comply with the Order to Compel, and Kossoff disputes that contention.

45.    As of the date hereof, Kossoff has failed to prepare and file the Schedules and he has not yet appeared for examination at a section 341 meeting because

he has failed to file a list of the Debtor's creditors.  Kossoff's failure to fully comply with

the Order to Compel impedes the Trustee's efforts to conduct his investigation of the

Debtor's affairs as mandated by Bankruptcy Code section 704.  Such failure continues to

increase the administrative costs and expenses of the Debtor's estate, which prejudices

the Debtor's creditors.

46.    It is the finding of this Court that Kossoff has deliberately and

willfully failed to comply with this Court's Order to Compel despite having been given

an adequate opportunity to do so.  Kossoff has not only refused the Trustee's request

for specific documents and information requested, but has refused to complete the

Schedules or participate in a Section 341 Meeting as well.

THE UNDERSIGNED CERTIFIES THE FOREGOING FACTS, AND

FINDS THAT THE SAID MITCHELL H. KOSSOFF HAS COMMITTED A CIVIL

CONTEMPT OF COURT, WHICH CONTINUES TO DATE.  IT IS THIS COURT'S

RECOMMENDATION THAT MITCHELL H. KOSSOFF BE INCARCERATED UNTIL

SUCH TIME THAT HE COMPLIES WITH THE BANKRUPTCY COURT'S ORDER TO

COMPEL IN ITS ENTIRETY, AND THAT THE BANKRUPTCY COURT ISSUE A

WARRANT FOR HIS ARREST.

The following is included with this certificate and are a part hereof:

(a)    The Designation Order [Docket No. 93] (Exhibit "1");

(b)    The Order to Compel [Docket No. 137] (Exhibit "2");

14

(c)     *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Docket No. 218] (Exhibit "3");

(d)     *Mitchell H. Kossoff's Submission In Opposition To The Trustee's Motion For Contempt* [Docket No. 249] (Exhibit "4");

(e)     *Trustee's Reply In Support of Chapter 7 Interim Trustee's Application For Order Holding Mitchell H. Kossoff In Civil Contempt For Failure To Comply With Order to Compel* [Docket No. 252] (Exhibit "5);

(f)     September 30, 2021 District Court Order Denying Motion To Appeal [S.D.N.Y., 21 Civ. 7122, Docket No. 17] (Exhibit "6"); and

(g)     Transcript of hearing held to consider the *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* (Exhibit "7").

Dated:   New York, New York
         November ___, 2021


_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE


15

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
                                              :
              In the Matter                   :         Chapter 7
                                              :         Case No. 21-10699 (DSJ)
                 -of-                         :
                                              :
KOSSOFF PLLC,                                 :
                                              :         Civ. Docket No.:
                                              :
                 Debtor.                      :
                                              :
------------------------------------------------------------ X

## CERTIFICATION OF CONTEMPT

TO THE HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF NEW YORK:

         I, David S. Jones, a United States Bankruptcy Judge in this District

presiding over the above-captioned case originally commenced by creditors of Kossoff

PLLC (the "Debtor"), after a hearing and good and sufficient notice to Mitchell H.

Kossoff ("Kossoff") following a motion by Albert Togut, not individually, but solely in

his capacity as the Chapter 7 Interim Trustee (the "Trustee"), do hereby certify to the

United States District Court for the Southern District of New York that:

**I.    The Chapter 7 Case**

         1.    On April 13, 2021 (the "Petition Date"), creditors of the Debtor

(collectively, the "Petitioning Creditors") filed an involuntary petition for relief under

Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

against the Debtor in the above-captioned Chapter 7 case (the "Chapter 7 Case").

2.      Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in New York City, New York, and serviced clients in the real estate industry.  *See* Bankr. Docket No. 26-4 ¶ 10.[1]  The Debtor held itself out as providing full-service real estate legal services specializing in litigation and transactional matters related to areas of real property law, including leasing, sale and acquisition of real property interests, commercial landlord tenant matters, real estate litigation, and city, state and federal agency regulatory matters.  *See id.*

3.      The Debtor was a professional limited liability company, organized under the laws of New York, and Kossoff was its sole member.  *See* Bankr. Docket No. 116, Ex. 3 (Articles of Organization and Operating Agreement);  *see also* Bankr. Docket No. 30;  Bankr. Docket No. 30-1.

4.      The Manhattan District Attorney's Office executed a search warrant at Mr. Kossoff's offices in mid-April, 2021, and seized voluminous files, computers, and computer records related to the financial affairs of Mr. Kossoff and his law practice. Bankr. Docket No. 116. Those materials remain in the custody of the District Attorney and have not been returned to Mr. Kossoff. (*Id.*)  The District Attorney has refused to

---

[1]     References to "Bankr. Docket No. __" refer to the docket of the Chapter 7 Case, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.).  References to "S.D.N.Y. Docket No. __" refer to the docket of the Appeal (defined below), Case No. 1:21-cv-07122-AKH (S.D.N.Y.).

make the seized records available to the Trustee and the Trustee has moved to compel

their production. Bankr. Docket No. 217.

5.     The Petitioning Creditors are clients of the Debtor and together

assert claims for "Unreturned IOLA Funds" and "Misappropriated IOLA Funds"

totaling approximately $8 million [Bankr. Docket No. 1].  Other former clients have also

asserted similar claims against the Debtor, such that known claims for missing escrow

funds total approximately $17 million.

6.     The Debtor did not appear in response to the Involuntary Petition,

and on May 11, 2021, the Bankruptcy Court entered the *Order for Relief and Order to File*

*Schedules and Other Documents* [Bankr. Docket No. 14] (the "Order for Relief").

7.     The Order for Relief directs the Debtor to file "all schedules,

statements, lists and other documents that are required under the Federal and Local

Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021.  *See*

Bankr. Docket No. 14.

8.     On May 12, 2021, Mr. Togut was appointed as the Chapter 7

Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

9.     The Debtor has not yet filed any of the Schedules.

## II.    The Trustee's Attempts to Obtain Discovery from Kossoff

10.     The Trustee has sought Kossoff's assistance in collecting the

Debtor's documents and information that is needed for the Trustee's investigation of

the Debtor's affairs.  Among other things, the Trustee has requested that Kossoff

produce categories of the Debtor's documents and information (the "<u>Requested</u>

<u>Information</u>"), including:

    a.  List of the Debtor's bank accounts with account numbers;

    b.  Bank records;

    c.  Cash receipts journals;

    d.  Cash disbursements journals;

    e.  Credit card records;

    f.  Client lists;

    g.  List of accounts receivable and amounts;

    h.  Records required pursuant to N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0, including records of all deposits and withdrawals from accounts specified in subsection (b);

    i.  Inventories of seized records provided by law enforcement;

    j.  All of these documents and information are required by the Order for Relief and Bankruptcy Rule 1007;  and

    k.  Other documents as requested by the Trustee.

       11.    Kossoff initially told the Bankruptcy Court and the Trustee that he

was unwilling to identify or produce documents to the Trustee and that he would assert

a privilege against self-incrimination under the Fifth Amendment unless the

Bankruptcy Court granted him broad immunity pursuant to Bankruptcy Rule 344

because he is being investigated by the Manhattan District Attorney (the "DA").[2]  In

response to the Trustee's requests, Kossoff asserted a blanket Fifth Amendment

privilege.  *See, e.g.,* Bankr. Docket No. 30.  Kossoff contests this assertion and states that

as long ago as July 9, 2021, he offered to make an *in camera* presentation to the Court as

to why each document sought was self-incriminating to Mr. Kossoff.  Bankr. Docket No.

116 [#1].  Furthermore, in his filing on November 11, 2021, [Bankr. Court Docket No.

249] Mr. Kossoff specifically stated he would invoke the privilege on a question-by-

question basis in accordance with the District Court's September 30, 2021 opinion, and

reiterated this fact at the November 16th hearing before the Bankruptcy Court.

III.    **The Trustee's Rule 2004 Motion and Related Orders**

12.    On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex*

*Parte Application for an Order (I) Directing the Preservation of Documents and Recorded*

*Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents*

*and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy*

*Procedure* [Bankr. Docket No. 26] (the "Rule 2004 Motion").

13.    Also on May 24, 2021, the Bankruptcy Court entered the *Order*

*Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief*

[Bankr. Docket No. 27] (the "Initial Rule 2004 Order").

---

[2]    Kossoff has advised the Trustee that an investigation by the United States Attorney for the Eastern
District of New York has been closed.

14.    On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him." *See* Bankr. Docket No. 30 p. 2.  He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee.  *Id.* at p. 3.

15.    Pursuant to the Initial Rule 2004 Order, the Bankruptcy Court conducted a preliminary injunction hearing on May 27, 2021.

16.    On June 4, 2021, Walter Mack, Kossoff's counsel, filed the *Objection to Preliminary Injunction Order and Trustee Issuance of Subpoenas for Testimony and Documents* [Bankr. Docket No. 48].

17.    Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Bankr. Docket No. 33], the Bankruptcy Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021.  Later that day, the Bankruptcy Court entered the *Final Order Granting Injunctive Relief* [Bankr. Docket No. 62].[3]

## IV.    The Designation Order and Related Filings

---

[3]    The Trustee also filed a second motion based upon Bankruptcy Rule 2004;  specifically, on June 18, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Application for Entry of an Order Enforcing Automatic Stay and Directing Mitchell H. Kossoff and Tenantracers, LLC to Provide the Trustee with Access to the Fifth Floor Premises to Inspect and Take Possession of Property of the Estate* [Bankr. Docket No. 85] (the "Access Motion").  On July 12, 2021, the Bankruptcy Court granted the Access Motion [Bankr. Docket No. 117].

18.     On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;  (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 36] (the "<u>Designation Motion</u>").  The Designation Motion sought, among other things, an order directing Kossoff to produce Debtor documents and information, including the Requested Information.

19.     On June 16, 2021, Kossoff filed the *Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee and Motion to Quash All Subpoenas Compelling Testimony or Document Production from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 80] and the memorandum of law in support of thereof, which asserted Mr. Kossoff's Fifth Amendment privilege, including the act-of-production privilege. [Bankr. Docket No. 80-1].

20.     On June 22, 2021, the Trustee filed the *Chapter 7 Trustee's Reply to Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by Chapter 7 Trustee;  (2) Appear for Examination Under Oath at the Bankruptcy Code 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7*

*Trustee and Motion to Quash All Subpoenas Compelling Testimony and Document Production*

*from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 89].

21.    The Bankruptcy Court conducted a hearing on June 24, 2021 to

consider the Designation Motion and the pleadings filed in connection with it (the "June

24 Hearing").  *See* Bankr. Docket No. 86.

22.    During the June 24 Hearing, the Bankruptcy Court observed "that

blanket assertions are insufficient and that the party asserting the privilege needs to

explain at least in circumstances where the applicability of the asserting the privilege

isn't self-evident why it applies."  June 24, 2021 Hr'g Tr. at 8:18-21;  *see also id.* at 23:15-

23 ("…I do take the view and agree with the trustee that – and the law that a blanket

invocation of the privilege is insufficient. . . .  [T]he Court has to assess the implications

of particular questions when asked and assess whether there is an evidence risk of

incrimination posed by the inquiry.  And if not, the Court has the duty of inquiry to

determine whether or not there is such a reasonable risk presented.").  The Bankruptcy

Court also observed that the Trustee is trying to do "very important work to try to help

resolve the affairs of the estate."  *Id.* at 41:21-25.

23.    On June 25, 2021, the Bankruptcy Court entered the *Order*

*Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Bankr. Docket No.

93] (the "Designation Order"), which provides that "Kossoff is designated as the person

responsible for performing the Debtor's duties in this case . . . ."

24.      The Designation Order is now final, having never been challenged after entry.  However, the Designation Order specifically carved out and preserved Mr. Kossoff's right to invoke the Fifth Amendment and established a procedure for doing so and for resolving such objections. The Designation Order states in bold-type: "**[I]f Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right against self-incrimination, Kossoff shall so state with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue**."

25.      The Designation Order then further provides a procedure for resolving such objections:   the parties are to meet and confer, report back to the Court, and propose a schedule for supplemental submissions to address any remaining disputes regarding Mr. Kossoff's duties and document production obligations. [Bank. Court Docket No. 93 at p.2].  The parties followed that procedure and on July 2, 2021, this Court entered an Order setting a briefing schedule for supplemental submissions. Bankr. Court Docket No. 108.

26.      On June 25, 2021 and June 30, 2021, counsel for the Trustee and Kossoff met and conferred regarding Kossoff's duties and the identity of documents that Kossoff would be willing to produce to the Trustee.  *See* Bankr. Docket No. 93.

9

27.     On July 1, 2021, the Trustee filed the *Notice of Filing of Meet and Confer Status Report Pursuant to June 25, 2021 Order* [Bankr. Docket No. 105] (the "Status Report").

28.     As set forth in the Status Report, Kossoff's counsel produced three categories of Requested Information to the Trustee:  (1) a list of the Debtor's bank accounts with account numbers, though certain numbers appear to be incomplete; (2) inventories of records seized by law enforcement (which were prepared by law enforcement);  and (3) certain organizational documents of the Debtor, including the Debtor's articles of organization as filed with the New York Secretary of State and its operating agreement.  *See* Bankr. Docket No. 105.  In addition, Kossoff agreed to allow the Trustee access to the offices located on the fifth floor of the Premises to collect responsive documentation.  *See id.*

29.     The Trustee asserted that Kossoff failed to produce any of the current, relevant Debtor's bank records, cash receipt journals, credit card records, and records that are required to be maintained by law firms pursuant to N.Y. Code of Professional Responsibility D.R. 9-102[4] (collectively, the "Additional Disputed Records").  *See id.*[5]   Without conceding the existence or possession, custody, or control

---

[4]    *See also* N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0).

[5]    The Trustee advised the Bankruptcy Court that on July 15, 2021, Kossoff's counsel permitted the Trustee's accountants to remove limited documents from the Fifth Floor Premises, as required by the Bankruptcy Court's order granting the Access Motion, but that with the possible exception of certain Debtor payable invoices and paid accounts receivable invoices, all that was made available were dated documents, none of which appear to be useful in determining what happened to the nearly $17 ...(continued)

of the Additional Disputed Records, Kossoff refused to produce additional documents

absent an adjudication by the Bankruptcy Court.

      30.    In his July 9, 2021 submission, Mr. Kossoff again invoked his Fifth

Amendment rights, including the act-of-production privilege and offered to make an *in

camera* submission to the Bankruptcy Court providing an explanation as to why the

information sought and the documents requested, without conceding their existence,

would be self-incriminating to produce and would violate Mr. Kossoff's Constitutional

rights. Bankr. Docket No. 116 [#1].

      31.    Kossoff also failed to prepare the Schedules, or to produce a list of

accounts receivable, absent assurances from the Trustee that doing so would not

constitute a violation of Kossoff's Fifth Amendment privilege. *See id.*[6] Mr. Kossoff has

stated frequently and as recently as the November 16, 2021 hearing, that most of the

documents were seized by the District Attorney's Office in April 2021, and Kossoff does

not have posseesion custody or control of the documents sought by the trustee.

Furthermore, counsel for Mr. Kossoff represented at the November 16 conference that

Mr. Kossoff was prepared to submit the schedules and to assert, where he believed

---

...(continued)
    million of funds sought by creditors of the Debtor.  The District Attorney's Office had seized most of
    the pertinent documents.

[6]    While Kossoff has advised that no comprehensive client list is within his possession, custody, or
    control, he has declined to attempt to construct such a list based on his recollection or available
    documentation absent the assurances described here.  *See id.*

appropriate, an invocation of Mr. Kossoff's Fifth Amendment privilege for a

determination by the Bankruptcy Court, subject to appellate review.

**V.**     **The Order to Compel**

32.    On July 22, 2021, the Bankruptcy Court conducted a hearing to

consider Kossoff's obligations (the "July 22 Hearing"). The Court heard argument from

counsel and never afforded or requested that Debtor's counsel make the *in camera* offer

of proof regarding the self-incriminatory nature of the requested documents and

information.

33.    On August 5, 2021, the Bankruptcy Court entered the *Order

Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the

Chapter 7 Trustee;  (2) Appear for Examination at Section 341 Meetings of Creditors;  and

(3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 137] (the "Order to

Compel").

34.    Among other things, the Order to Compel provides that "the

collective entity doctrine overrides and renders inapplicable privileges, including the

Fifth Amendment privilege against self-incrimination and the act of production

privilege, for acts of production compelled to be performed by Kossoff who, by reason

of the Designation Order, is acting not in his individual capacity but in his

representative capacity on behalf of the Debtor."

35.    The Order to Compel further directs Kossoff to:

a.    "[N]ot individually, but in his representative capacity of
the Debtor, . . . take all steps necessary to perform the

Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules…;"

b.   "[F]or the reasons set forth on the record of the July 22 Hearing, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor . . . take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee…;"

c.   "[F]or the reasons set forth on the record at the July 22 Hearing, . . . appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting…;"  and

d.   "[F]or the reasons set forth on the record at the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521…"

VI.   **The Appeal and Attempts to Stay the Order to Compel Pending Appeal**

36.   On August 18, 2021, Kossoff and the Debtor (together, the "Appellants") filed a notice of appeal [Bankr. Docket No. 144], seeking to commence an appeal the Order to Compel (the "Appeal").

37.   Also on August 18, 2021, Appellants filed the *Motion for Leave to Appeal* [Bankr. Docket No. 145] (the "Motion for Leave to Appeal") in the Bankruptcy

Court, in which both the Debtor and Kossoff sought leave to appeal the Order to

Compel.[7]

38.    On September 1, 2021, the Trustee filed the *Chapter 7 Interim*

*Trustee's Opposition to Motion for Leave to Appeal* [S.D.N.Y. Docket No. 5].  On September

16, 2021, Appellants filed the *Reply Memorandum of Law in Further Support of Motion for*

*Leave to Appeal* [S.D.N.Y. Docket No. 10].

39.    On August 19, 2021, Appellants filed in the Bankruptcy Court the

*Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the*

*Fifth Amendment Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents,*

*to Appear for Examination at the Creditor Committee Meeting, and to Produce Documents and*

*Other Information* [Bankr. Docket No. 147] (the "Bankruptcy Court Stay Motion").

40.    On September 7, 2021, the Trustee filed the *Chapter 7 Interim*

*Trustee's Objection to Motion for Limited Stay Pending Appeal of August 5, 2021 Order*

[Bankr. Docket No. 156].

41.    On September 10, 2021, Appellants filed the *Movants' Reply in*

*Further Support of Motion for Limited Stay Pending Appeal of the August 5, 2021 Order*

*Holding the Fifth Amendment Privilege Against Self-Incrimination Inapplicable to Debtor and*

*Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor*

---

[7]    The Motion for Leave to Appeal was docketed on the District Court's docket on August 24, 2021
[S.D.N.Y. Docket No. 3].

*Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 167], which the Trustee opposed.

42.    The Bankruptcy Court conducted a hearing to consider the Bankruptcy Court Stay Motion on September 14, 2021 (the "September 14 Hearing").

43.    On September 23, 2021, the Bankruptcy Court entered its *Order Denying Motion for Stay Pending Appeal* [Bankr. Docket No. 178].

44.    With the *Order Denying Motion to Appeal,* dated September 30, 2021, the Appeal and the request to stay pending appeal were denied by the District Court [S.D.N.Y. Docket No. 17].  The District Court's opinion by Judge Hellerstein specifically stated:  "While Kossoff's production of documents would be a corporate action,…providing oral testimony may implicate Kossoff's individual Fifth Amendment rights." Judge Hellerstein's opinion did not address the bankruptcy schedules, which are testimonial in nature.

## VII.    Kossoff's Continued Non-Compliance with the Order to Compel

45.    I am advised by the Trustee's counsel that the parties had telephonic discussions concerning Kossoff's cooperation with the Trustee following entry of the District Court's *Order Denying Motion to Appeal* and the associated request for stay.

46.    In accordance with those discussions and the District Court's Order, on October 19, 2021, Mr. Kossoff produced seven (7) banker's boxes of documents in his possession that he had argued are protected by the act-of-production

privilege and included tax documents, individual escrow files, escrow account

statements, ledger cards, credit card documentation and numerous other categories of

documents.  Bankr. Docket No. 249.

47.    The Trustee has represented to the Court that the Kossoff

Production is deficient and fails to fully comply with the Order to Compel, and Kossoff

disputes that contention, stating that any deficiencies are due to the fact that the records

are in the possession of the District Attorney's Office.  During the November 16, 2021

hearing, Mr. Kossoff represented to the Court that he has turned over to the Trustee all

of the relevant documents in his possession, custody and control, with the exception of

documents that are identified in the privilege log that is attached as an exhibit to Docket

No. 252.  Furthermore, he was prepared to dispute in detail that the documents

produced were not current but for the Trustee's failure to provide copies of the

pertinent documents to Debtor's counsel prior to the hearing, as the Trustee had

represented he would so do. [Bankr. Court Docket No. 235 at p. 2].

48.    As of the date hereof, Kossoff has failed to prepare and file the

Schedules and he has not yet appeared for examination at a section 341 meeting because

he has failed to file a list of the Debtor's creditors.  Kossoff contests that assertion and

states he is prepared to fill out the bankruptcy schedules subject to the invocation of his

Constitutional privileges.  He further states he is and has been fully willing to appear

for examination once a date has been set for such examination. No appearance date has

ever been set.  Kossoff's failure to fully comply with the Order to Compel impedes the

Trustee's efforts to conduct his investigation of the Debtor's affairs as mandated by

Bankruptcy Code section 704.  Such failure continues to increase the administrative

costs and expenses of the Debtor's estate, which prejudices the Debtor's creditors.

49.    It is the finding of this Court that Kossoff has deliberately and

willfully failed to comply with this Court's Order to Compel despite having been given

an adequate opportunity to do so.  Kossoff has not only refused the Trustee's request

for specific documents and information requested, but has refused to complete the

Schedules or participate in a Section 341 Meeting as well.

50.    Kossoff disputes each and every assertion in Paragraph 49, requests

the District Court to review all of the exhibits appended to this Certificate, and requests

an opportunity to appear before the District Court to present his position before the

District Court permits any arrest warrant to issue.

THE UNDERSIGNED CERTIFIES THE FOREGOING FACTS, AND

FINDS THAT THE SAID MITCHELL H. KOSSOFF HAS COMMITTED A CIVIL

CONTEMPT OF COURT, WHICH CONTINUES TO DATE.  IT IS THIS COURT'S

RECOMMENDATION THAT MITCHELL H. KOSSOFF BE INCARCERATED UNTIL

SUCH TIME THAT HE COMPLIES WITH THE BANKRUPTCY COURT'S ORDER TO

COMPEL IN ITS ENTIRETY, AND THAT THE BANKRUPTCY COURT ISSUE A

WARRANT FOR HIS ARREST.

The following is included with this certificate and are a part hereof:

(a)    The Designation Order [Docket No. 93] (Exhibit "1");

(b)     The Order to Compel [Docket No. 137] (Exhibit "2");

(c)     *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Docket No. 218] (Exhibit "3");

(d)     *Mitchell H. Kossoff's Submission In Opposition To The Trustee's Motion For Contempt* [Docket No. 249] (Exhibit "4");

(e)     *Trustee's Reply In Support of Chapter 7 Interim Trustee's Application For Order Holding Mitchell H. Kossoff In Civil Contempt For Failure To Comply With Order to Compel* [Docket No. 252] (Exhibit "5");

(f)     September 30, 2021 District Court Order Denying Motion To Appeal [S.D.N.Y., 21 Civ. 7122, Docket No. 17] (Exhibit "6"); and

(g)     Transcript of November 16, 2021 hearing held to consider the *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* (Exhibit "7").

Dated:  New York, New York
        November ___, 2021


                                _____
                                HONORABLE DAVID S. JONES
                                UNITED STATES BANKRUPTCY JUDGE

18