WALTER MACK
DAVID RIVERA
DOAR RIECK KALEY & MACK
217 BROADWAY, SUITE 707
NEW YORK, NEW YORK 10007
212-619-3730 (telephone)
212-962-5037 (facsimile)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| In the Matter | : | Chapter 7 |
| | | Case No. 21-10699 (DSJ) |
| -of- | : | |
| KOSSOFF, PLLC, | : | |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SUPPLEMENTAL SUBMISSION BY MITCHELL H. KOSSOFF IN ACCORDANCE WITH THE COURT'S NOVEMBER 18TH ORDER AND IN FURTHER OPPOSITION TO THE TRUSTEE'S MOTION FOR CONTEMPT**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Mitchell J. Kossoff hereby makes this this supplemental submission in accordance with the Court's Order, dated November 18, 2021:

1) Mr. Kossoff does not contest the authority of the Bankruptcy Court to issue an order based upon findings of fact and conclusions of law that the Your Honor finds our client in civil contempt of the Court's Orders. Upon such an Order, Mr. Kossoff will nonetheless continue filling out and completing the Bankruptcy Schedules to the best of his ability[1] and will produce them within a reasonable time period no later than November 30, a period which includes the Thanksgiving Holiday and limited availability by his counsel.[2]

However, as indicated during the November 16th hearing, Mr. Kossoff intends to seek review by the District Court of such a contempt order. Accordingly, should the Court decide to employ a process other than submitting the findings of fact to the District Court for approval, we respectfully request that Your Honor delay the issuance of any arrest warrant to avoid an emergency appeal during the Thanksgiving holiday and to allow him the time to come into compliance.

If Your Honor denies Mr. Kossoff's request for a brief stay, we will so request a stay of the District Court. Should our stay requests be denied in each instance, he will comply with this

---

[1] The bulk of Kossoff, PLLC's records have ben seized by the District Attorney's Office and Mr. Kossoff produced seven banker's boxes of documents to the Trustee on October 19, 2021, and copies have not been returned to him by the Trustee, as promised. Mr. Kossoff has no access to his offices or computers.

[2] It bears emphasis that Your Honor was prepared to provide Mr. Kossoff a final opportunity, within 14 days in light of the intervening Thanksgiving holiday, to comply with the Order. (Tr. at p. 46). The Trustee objected and persuaded the Court that the 14 days were unnecessary because submitting the findings of fact and certificate of contempt to the District Court would take time, allowing Mr. Kossoff the 14 days he would need to come into compliance. (Tr at 65-66).

1

Court's Order as written, but will likely continue with the appeal until definitively denied by appellate authority.[3]

2) We do contest the authority of the Bankruptcy Court to issue a bench warrant to be executed by the United States Marshals Service without the approval and imprimatur of an Article III District Court and the District Court's hearing Mr. Kossoff's Title 18 U.S.C Section 3141, *et seq*. bail arguments which would include his fragile health and other subjects permitted under said sections. In addition, we would request a provision from whatever Court directs our client's incarceration that the physically arresting authority permit surrender to said authority directly without executing the warrant at the family home or the home of his ill mother.

Furthermore, insofar as (i) Mitchell Kossoff has indicated his intention to comply with the Court's order directing him to fill out bankruptcy schedules and to appear at whatever settings for his sworn testimony that the Trustee actually sets and communicates to his counsel and (ii) the Trustee's continuous and repeated ad hominem comments in his papers and statements including pejoratives such as 'bad faith', 'illegitimate', 'improper', 'without shame', 'particularly egregious', 'defy the authority of the Court' addressed to our client and his legal representation, and (iii) the Court's continued intention to cite our client for contempt despite his expressed intention to comply with the Court's direction,[4] this has become a Criminal Contempt Proceeding. As such, the Bankruptcy Court does *not* have the authority to make such a finding,

---

[3] The Court's findings in the certificate of contempt should respectfully conform with the Court's ruling that it was not holding Mr. Kossoff in contempt for failure to produce documents. The proposed certification by the Trustee simply ignores the Court's ruling.

[4] He will do so notwithstanding our wish to raise on each and every question as appropriate in his counsel's view, invocation of his personal Fifth Amendment privilege for Your Honor's individual determination, consistent with the Court's holding that no blanket assertion will be tolerated,

nor issue any form of arrest warrant, and the subject matter herein considered are to be left to an Article III United States District Court.

      4) This is an involuntary petition Title 7 Bankruptcy Case, and Mr. Kossoff is an individual with personal constitutional privileges who has been punished by the Bankruptcy Trustee by failing to acknowledge the sole member status of the Debtor Kossoff PLLC, thus denying him the automatic stay provisions in the civil courts, where alleged creditors are seeking or have arguably gained debt priority without intervention by the Trustee. Mr. Kossoff did not come to this Court seeking discharge of his debt obligations and as such the duties of the Trustee under Section 704 are to be addressed to the Debtor, and the Trustee has all the information and documents to file whatever reports he and the Bankruptcy Court require to adjudicate the estate of the Debtor. This Court's determination to designate Mr. Kossoff as the responsible Officer of the Debtor over objection expressly included the opportunity to raise and have addressed Mr. Kossoff's personal specific invocations of his self-incrimination privileges as he asserted them. This Court has now stripped that provision of a Fifth Amendment potential safety value from the Order's prior provisions by its determination that Mr. Kossoff must speak without constitutional personal protections because he is speaking in a "representative" capacity.  Our opportunity to appeal the Order as it has now been transmogrified is not exhausted, and we should be permitted to do so before a finding of contempt, along with incarceration, is inflicted upon our client.

November 19, 2021                                              Respectfully submitted,

                                                                                    _s/Walter Mack_

                                                                                     Walter Mack
                                                                                     David Rivera
                                                                                     Doar Rieck Kaley & Mack
                                                                                     217 Broadway, Suite 707
                                                                                     New York, N.Y. 10007
                                                                                     212-619-3730