JS 44C/SDNY
REV.
10/01/2020

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
In the Matter of Kossoff, PLLC, Chapter 7, Case No. 21-10699 (DSJ)

DEFENDANTS

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Neil Berger, Esq., Togut, Segal & Segal LLP
One Penn Plaza, New York 10119/(212) 594-5000

ATTORNEYS (IF KNOWN)
Walter Mack, Esq., Doar Rieck Kaley & Mack
217 Broadway, Suite 707, New York, NY 10007
(212) 619-3730

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Appeal from Bankruptcy Court Order

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑ Judge Previously Assigned A. K. Hellerstein

If yes, was this case Vol. ☐ Invol. ☐ Dismissed. No ☐ Yes ☒ If yes, give date 10/1/21 & Case No. 21-CIV-7122 (AKH)

IS THIS AN INTERNATIONAL ARBITRATION CASE? No ☒ Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*

## NATURE OF SUIT

**TORTS** / **ACTIONS UNDER STATUTES**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 880 DEFEND TRADE SECRETS ACT
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[x] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 485 TELEPHONE CONSUMER PROTECTION ACT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $__________ OTHER __________ JUDGE __________ DOCKET NUMBER__________

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ a. all parties represented
☐ b. At least one party is pro se.
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from (Specify District)
☐ 6 Multidistrict Litigation (Transferred)
☒ 7 Appeal to District Judge from Magistrate Judge
☐ 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) ☐ 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Counsel for Albert Togut, in His Capacity as Chapter 7 Interim Trustee:
Neil Berger, Esq., Togut, Segal & Segal LLP
Attorneys at Law, One Penn Plaza
New York, NY 10119/(212) 594-5000

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Counsel for Debtor Kossoff, PLLC/Mitchell H. Kossoff:
Walter Mack, Esq., Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007/(212) 619-3730

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS ☒ MANHATTAN

DATE 11/23/21 SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. ______ Yr. 1973 )
Attorney Bar Code # 2586

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge ______________________ is so Designated.

Ruby J. Krajick, Clerk of Court by ____________ Deputy Clerk, DATED ______________.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**Clear Form** **Save** **Print**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------X

| | | |
|---|---|---|
| In the Matter | : | Chapter 7<br>Case No. 21-10699 (DSJ) |
| -of- | : | |
| KOSSOFF, PLLC, | : | |
| Debtor. | : | |
| | : | |

-------------------------------X

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that pursuant to Title 28 U.S.C. 158(a), Mitchell H. Kossoff hereby appeals to the United States District Court, Southern District of New York, from Order of the United States Bankruptcy Court, Southern District of New York, by the Hon. David S. Jones, entered November 18, 2021, Inviting But Not Requiring Possible Limited Submissions By 3:00 PM November 19 Regarding Relief Sought by Trustee's Pending Motion to Hold Mitchell H. Kossoff in Civil Contempt, and

PLEASE TAKE FURTHER NOTICE that Mitchell H. Kossoff hereby appeals from each and every part of the said Order, and from the whole thereof.

The names of all parties to the Order appealed from are set forth below:

**Counsel for Mitchell H. Kossoff and Debtor Kossoff, PLLC**

Walter Mack, Esq.
David Rivera, Esq.
Doar Rieck Kaley & Mack
217 Broadway-Suite 707
New York, New York 10007
(212) 619-3730

**Counsel for Albert Togut, Not Individually, but**
**<u>Solely in His Capacity as Chapter 7 Interim Trustee</u>**

Neil Berger, Esq.
Minta J. Nester, Esq.
Brian F. Shoughnessy, Esq.
Togut, Segal & Segal LLP
Attorneys at Law
One Penn Plaza
New York, New York 10119
(212) 594-5000


Dated: New York, New York
        November 23, 2021

Respectfully submitted

Walter Mack, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730 (telephone)
(212) 962-5037 (facsimile)
*Attorney for Mitchell H. Kossoff--*
*Kossoff, PLLC*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

In the Matter

-of-

KOSSOFF PLLC,

Debtor.

------------------------------------------------------------ X

Chapter 7
Case No. 21-10699 (DSJ)

**ORDER INVITING BUT NOT REQUIRING POSSIBLE LIMITED SUBMISSIONS BY 3:00 P.M. NOVEMBER 19 REGARDING RELIEF SOUGHT BY TRUSTEE'S PENDING MOTION TO HOLD MITCHELL H. KOSSOFF IN CIVIL CONTEMPT**

WHEREAS, on November 16, 2021, the Court heard argument on the Trustee's motion (the "**Contempt Motion**," ECF No. 218) seeking an order holding Mitchell H. Kossoff in civil contempt of prior orders of this Court; and

WHERAS, the Contempt Motion as filed requested entry by this Court of a "Certification" of contempt that as drafted would require review and action by the District Court, including entry of a bench warrant for Mr. Kossoff's arrest [ECF No. 218 Ex. A]; and

WHEREAS, the Court orally found that Mr. Kossoff was and is in civil contempt of prior orders of this Court, and further found that no sanction less severe than incarceration would be sufficiently likely to induce compliance by Mr. Kossoff, but that, in substance, no warrant should be issued until after Mr. Kossoff has a strictly limited amount of additional time to come into compliance with the Court's prior orders and to demonstrate to the Court that he has done so. Further, the Court stated that, in the absence of a showing of compliance by Mr. Kossoff, the

Court contemplates the issuance of a bench warrant for Mr. Kossoff's arrest without requiring any further application, notice, or hearing; and

WHEREAS, in light of questioning and suggestions by the Court, counsel for the Trustee submitted to Chambers a revised proposed form of certification in the form attached hereto as Exhibit A; and

WHEREAS, upon request by counsel for Mr. Kossoff during the November 16 hearing and with the Court's authorization, Mr. Kossoff counterproposed a form of certification attached hereto as Exhibit B in redline to reflect Mr. Kossoff's proposed modifications to the Trustee's proposed certification; and

WHEREAS, in a non-docketed communication in response to Mr. Kossoff's counterproposed form of certification that was on notice to Mr. Kossoff, the Trustee responded to the counterproposal with his own list of objections, and asked the Court to adhere to the Trustee's revised proposed form of certification; and

WHEREAS, during argument, counsel for the Trustee identified an instance in 2017 in which this Court directly entered a bench warrant for arrest in connection with a finding of this Court that an individual was in civil contempt of Court, referring to *In re 199 East 7th Street LLC,* No. 14-13254 (SCC), Bankr. S.D.N.Y. ECF No. 154 (Jan. 18, 2017); and

WHEREAS, neither party has questioned this Court's authority to enter an order finding Mr. Kossoff or any individual in civil contempt, and to itself issue appropriate sanctions up to and including arrest and incarceration; and

WHEREAS, as the Court stated it would do during the November 16 hearing, the undersigned has made inquiries of relevant Court personnel regarding the judicial

administrability of the certification procedure sought by the Contempt Motion, and believes that following that procedure may prove unnecessarily complex and burdensome on judicial resources, and, in addition, appears unnecessary in light of this Court's authority, which the parties to date have not questioned, to enter all substantive relief sought in connection with the Contempt Motion; and

WHEREAS, the Court wishes to ensure that the parties have notice that the Court is considering employing a different procedure from that proposed by the Contempt Motion to afford the relief that the Court has stated on the record it intends to grant, and, further, wishes to afford the parties an opportunity to identify any legal impediments that they may believe exist to the approach that the Court is now contemplating;

IT IS HEREBY ORDERED that any party wishing to assert that the Court lacks authority to issue an appropriate, final order or findings of fact and conclusions of law holding an individual in civil contempt, and/or to impose appropriate sanctions including incarceration, shall file a letter not to exceed three pages by 3:00 p.m. November 19, 2021, informing the Court of that position and the reasons for it. Thereafter, the Court will enter an appropriate order after having considered any such submissions received, along with the respective proposed and counterproposed Certifications submitted by the parties, and all prior pleadings and proceedings in the matter.

SO ORDERED.

Dated: New York, New York
November 18, 2021

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In the Matter<br>-of-<br>KOSSOFF PLLC,<br>Debtor. | : | Chapter 7<br>Case No. 21-10699 (DSJ)<br><br>Civ. Docket No.: |

**CERTIFICATION OF CONTEMPT**

TO THE HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF NEW YORK:

I, David S. Jones, a United States Bankruptcy Judge in this District presiding over the above-captioned case originally commenced by creditors of Kossoff PLLC (the "Debtor"), after a hearing and good and sufficient notice to Mitchell H. Kossoff ("Kossoff") following a motion by Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee"), do hereby certify to the United States District Court for the Southern District of New York that:

## I. The Chapter 7 Case

1. On April 13, 2021 (the "Petition Date"), creditors of the Debtor (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

against the Debtor in the above-captioned Chapter 7 case (the "Chapter 7 Case").

2. Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in New York City, New York, and serviced clients in the real estate industry. *See* Bankr. Docket No. 26-4 ¶ 10.[1] The Debtor held itself out as providing full-service real estate legal services specializing in litigation and transactional matters related to areas of real property law, including leasing, sale and acquisition of real property interests, commercial landlord tenant matters, real estate litigation, and city, state and federal agency regulatory matters. *See id.*

3. The Debtor was a professional limited liability company, organized under the laws of New York, and Kossoff was its sole managing member. *See* Bankr. Docket No. 116, Ex. 3 (Articles of Organization and Operating Agreement); *see also* Bankr. Docket No. 30; Bankr. Docket No. 30-1.

4. The Petitioning Creditors are clients of the Debtor and together assert claims for "Unreturned IOLA Funds" and "Misappropriated IOLA Funds" totaling approximately $8 million [Bankr. Docket No. 1]. Other former clients have also asserted similar claims against the Debtor, such that known claims for missing escrow funds total approximately $17 million.

[1] References to "Bankr. Docket No. __" refer to the docket of the Chapter 7 Case, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.). References to "S.D.N.Y. Docket No. __" refer to the docket of the Appeal (defined below), Case No. 1:21-cv-07122-AKH (S.D.N.Y.).

5. The Debtor did not appear in response to the Involuntary Petition, and on May 11, 2021, the Bankruptcy Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Bankr. Docket No. 14] (the "Order for Relief").

6. The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021. *See* Bankr. Docket No. 14.

7. On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

8. The Debtor has not yet filed any of the Schedules.

## II. The Trustee's Attempts to Obtain Discovery from Kossoff

9. The Trustee has sought Kossoff's assistance in collecting the Debtor's documents and information that is needed for the Trustee's investigation of the Debtor's affairs. Among other things, the Trustee has requested that Kossoff produce categories of the Debtor's documents and information (the "Requested Information"), including:

a. List of the Debtor's bank accounts with account numbers;

b. Bank records;

c. Cash receipts journals;

d. Cash disbursements journals;

e. Credit card records;

f. Client lists;

g. List of accounts receivable and amounts;

h. Records required pursuant to N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0, including records of all deposits and withdrawals from accounts specified in subsection (b);

i. Inventories of seized records provided by law enforcement;

j. All of these documents and information are required by the Order for Relief and Bankruptcy Rule 1007; and

k. Other documents as requested by the Trustee.

10. Kossoff repeatedly told the Bankruptcy Court and the Trustee that he is unwilling to identify or produce documents to the Trustee and that he will assert a privilege against self-incrimination under the Fifth Amendment unless the Bankruptcy Court grants him broad immunity because he is being investigated by the Manhattan District Attorney (the "DA").[2] In response to the Trustee's requests, Kossoff asserted a blanket Fifth Amendment privilege. *See, e.g.*, Bankr. Docket No. 30.

## III. The Trustee's Rule 2004 Motion and Related Orders

11. On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Bankr. Docket No. 26] (the "Rule 2004 Motion").

[2] Kossoff has advised the Trustee that an investigation by the United States Attorney for the Eastern District of New York has been closed.

12. Also on May 24, 2021, the Bankruptcy Court entered the *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Bankr. Docket No. 27] (the "Initial Rule 2004 Order").

13. On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him." *See* Bankr. Docket No. 30 p. 2. He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee. *Id.* at p. 3.

14. Pursuant to the Initial Rule 2004 Order, the Bankruptcy Court conducted a preliminary injunction hearing on May 27, 2021.

15. On June 4, 2021, Walter Mack, Kossoff's counsel, filed the *Objection to Preliminary Injunction Order and Trustee Issuance of Subpoenas for Testimony and Documents* [Bankr. Docket No. 48].

16. Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Bankr. Docket No. 33], the Bankruptcy Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021. Later that day, the Bankruptcy Court entered the *Final Order Granting Injunctive Relief* [Bankr. Docket No. 62].[3]

---

[3] The Trustee also filed a second motion based upon Bankruptcy Rule 2004; specifically, on June 18, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Application for Entry of an Order Enforcing Automatic Stay and Directing Mitchell H. Kossoff and Tenantracers, LLC to Provide the Trustee with Access*

...(continued)

## IV. The Designation Order and Related Filings

17. On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 36] (the "Designation Motion"). The Designation Motion sought, among other things, an order directing Kossoff to produce Debtor documents and information, including the Requested Information.

18. On June 16, 2021, Kossoff filed the *Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee and Motion to Quash All Subpoenas Compelling Testimony or Document Production from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 80] and the memorandum of law in support of thereof [Bankr. Docket No. 80-1].

19. On June 22, 2021, the Trustee filed the *Chapter 7 Trustee's Reply to Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H.*

---

...(continued)
*to the Fifth Floor Premises to Inspect and Take Possession of Property of the Estate* [Bankr. Docket No. 85] (the "Access Motion"). On July 12, 2021, the Bankruptcy Court granted the Access Motion [Bankr. Docket No. 117].

*Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee and Motion to Quash All Subpoenas Compelling Testimony and Document Production from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 89].

20. The Bankruptcy Court conducted a hearing on June 24, 2021 to consider the Designation Motion and the pleadings filed in connection with it (the "June 24 Hearing"). *See* Bankr. Docket No. 86.

21. During the June 24 Hearing, the Bankruptcy Court observed "that blanket assertions are insufficient and that the party asserting the privilege needs to explain at least in circumstances where the applicability of the asserting the privilege isn't self-evident why it applies." June 24, 2021 Hr'g Tr. at 8:18-21; *see also id.* at 23:15-23 ("...I do take the view and agree with the trustee that – and the law that a blanket invocation of the privilege is insufficient. . . . [T]he Court has to assess the implications of particular questions when asked and assess whether there is an evidence risk of incrimination posed by the inquiry. And if not, the Court has the duty of inquiry to determine whether or not there is such a reasonable risk presented."). The Bankruptcy Court also observed that the Trustee is trying to do "very important work to try to help resolve the affairs of the estate." *Id.* at 41:21-25.

22. On June 25, 2021, the Bankruptcy Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Bankr. Docket No.

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document Pg 12 of 38

93] (the "Designation Order"), which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

23. The Designation Order is now final, having never been challenged after entry.

24. The Designation Order provides, among other things, that counsel for the Trustee and Kossoff would promptly meet and confer in good faith concerning Kossoff's duties and the identity of the documents Kossoff will produce to the Trustee, including the Requested Information and all copies and/or electronic back-up materials of them, and describe which items he will not produce to the Trustee. *See* Docket No. 93.

25. The Designation Order further provides that "if Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right of self-incrimination, Kossoff shall so state, with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue." *Id.*

26. On June 25, 2021 and June 30, 2021, counsel for the Trustee and Kossoff met and conferred regarding Kossoff's duties and the identity of documents that Kossoff would be willing to produce to the Trustee. *See* Bankr. Docket No. 93.

27. On July 1, 2021, the Trustee filed the *Notice of Filing of Meet and Confer Status Report Pursuant to June 25, 2021 Order* [Bankr. Docket No. 105] (the "Status Report").

28. As set forth in the Status Report, Kossoff's counsel produced three categories of Requested Information to the Trustee: (1) a list of the Debtor's bank accounts with account numbers, though certain numbers appear to be incomplete; (2) inventories of records seized by law enforcement (which were prepared by law enforcement); and (3) certain organizational documents of the Debtor, including the Debtor's articles of organization as filed with the New York Secretary of State and its operating agreement. *See* Bankr. Docket No. 105. In addition, Kossoff agreed to allow the Trustee access to the offices located on the fifth floor of the Premises to collect responsive documentation. *See id.*

29. The Trustee has asserted that Kossoff has failed to produce any of the current, relevant Debtor's bank records, cash receipt journals, credit card records, and records that are required to be maintained by law firms pursuant to N.Y. Code of Professional Responsibility D.R. 9-102[4] (collectively, the "Additional Disputed Records"). *See id.*[5] Kossoff contests that assertion, and during the November 16, 2021 hearing conducted by this Court, represented to the Court that he has turned over to the Trustee all of the relevant documents in his possession, custody and control, with exception to documents that are identified in the privilege log that is attached as an

---

4 *See also* N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0).

5 The Trustee advised the Bankruptcy Court that on July 15, 2021, Kossoff's counsel permitted the Trustee's accountants to remove limited documents from the Fifth Floor Premises, as required by the Bankruptcy Court's order granting the Access Motion, but that with the possible exception of certain Debtor payable invoices and paid accounts receivable invoices, all that was made available were

...(continued)

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document
Pg 14 of 38

exhibit to Docket No. 252. Without conceding the existence or possession, custody, or control of the Additional Disputed Records, Kossoff refused to produce additional documents absent an adjudication by the Bankruptcy Court.

30. Kossoff has also failed to prepare the Schedules, or to produce a list of accounts receivable, absent assurances from the Trustee that doing so would not constitute a violation of Kossoff's Fifth Amendment privilege. *See id.*[6] Kossoff has taken this position even though the Debtor issued invoices to its clients during the months immediately preceding the Petition Date.

**V. The Order to Compel**

31. On July 22, 2021, the Bankruptcy Court conducted a hearing to consider Kossoff's obligations (the "July 22 Hearing").

32. On August 5, 2021, the Bankruptcy Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 137] (the "Order to Compel").

33. Among other things, the Order to Compel provides that "the collective entity doctrine overrides and renders inapplicable privileges, including the

...(continued)
dated documents, none of which appear to be useful in determining what happened to the nearly $17 million of funds sought by creditors of the Debtor.

6 While Kossoff has advised that no comprehensive client list is within his possession, custody, or control, he has declined to attempt to construct such a list based on his recollection or available documentation absent the assurances described here. *See id.*

Fifth Amendment privilege against self-incrimination and the act of production privilege, for acts of production compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor."

34. The Order to Compel further directs Kossoff to:

a. "[N]ot individually, but in his representative capacity of the Debtor, . . . take all steps necessary to perform the Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules…;"

b. "[F]or the reasons set forth on the record of the July 22 Hearing, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor . . . take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee…;"

c. "[F]or the reasons set forth on the record at the July 22 Hearing, . . . appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting…;" and

d. "[F]or the reasons set forth on the record at the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521…"

## VI. The Appeal and Attempts to Stay the Order to Compel Pending Appeal

35. On August 18, 2021, Kossoff and the Debtor (together, the "Appellants") filed a notice of appeal [Bankr. Docket No. 144], seeking to commence an appeal the Order to Compel (the "Appeal").

36. Also on August 18, 2021, Appellants filed the *Motion for Leave to Appeal* [Bankr. Docket No. 145] (the "Motion for Leave to Appeal") in the Bankruptcy Court, in which both the Debtor and Kossoff sought leave to appeal the Order to Compel.[7]

37. On September 1, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Opposition to Motion for Leave to Appeal* [S.D.N.Y. Docket No. 5]. On September 16, 2021, Appellants filed the *Reply Memorandum of Law in Further Support of Motion for Leave to Appeal* [S.D.N.Y. Docket No. 10].

38. On August 19, 2021, Appellants filed in the Bankruptcy Court the *Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 147] (the "Bankruptcy Court Stay Motion").

39. On September 7, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Objection to Motion for Limited Stay Pending Appeal of August 5, 2021 Order* [Bankr. Docket No. 156].

---

[7] The Motion for Leave to Appeal was docketed on the District Court's docket on August 24, 2021 [S.D.N.Y. Docket No. 3].

40. On September 10, 2021, Appellants filed the *Movants' Reply in Further Support of Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Privilege Against Self-Incrimination Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 167], which the Trustee opposed.

41. The Bankruptcy Court conducted a hearing to consider the Bankruptcy Court Stay Motion on September 14, 2021 (the "September 14 Hearing").

42. On September 23, 2021, the Bankruptcy Court entered its *Order Denying Motion for Stay Pending Appeal* [Bankr. Docket No. 178].

43. With the *Order Denying Motion to Appeal*, dated September 30, 2021, the Appeal and the request to stay pending appeal were denied by the District Court [S.D.N.Y. Docket No. 17].

**VII. Kossoff's Continued Non-Compliance with the Order to Compel**

44. I am advised by the Trustee's counsel that the parties had telephonic discussions concerning Kossoff's cooperation with the Trustee following entry of the District Court's *Order Denying Motion to Appeal* and the associated request for stay. The Trustee has represented to the Court that the Kossoff Production is deficient and fails to fully comply with the Order to Compel, and Kossoff disputes that contention.

45. As of the date hereof, Kossoff has failed to prepare and file the Schedules and he has not yet appeared for examination at a section 341 meeting because

he has failed to file a list of the Debtor's creditors. Kossoff's failure to fully comply with the Order to Compel impedes the Trustee's efforts to conduct his investigation of the Debtor's affairs as mandated by Bankruptcy Code section 704. Such failure continues to increase the administrative costs and expenses of the Debtor's estate, which prejudices the Debtor's creditors.

46. It is the finding of this Court that Kossoff has deliberately and willfully failed to comply with this Court's Order to Compel despite having been given an adequate opportunity to do so. Kossoff has not only refused the Trustee's request for specific documents and information requested, but has refused to complete the Schedules or participate in a Section 341 Meeting as well.

THE UNDERSIGNED CERTIFIES THE FOREGOING FACTS, AND FINDS THAT THE SAID MITCHELL H. KOSSOFF HAS COMMITTED A CIVIL CONTEMPT OF COURT, WHICH CONTINUES TO DATE. IT IS THIS COURT'S RECOMMENDATION THAT MITCHELL H. KOSSOFF BE INCARCERATED UNTIL SUCH TIME THAT HE COMPLIES WITH THE BANKRUPTCY COURT'S ORDER TO COMPEL IN ITS ENTIRETY, AND THAT THE BANKRUPTCY COURT ISSUE A WARRANT FOR HIS ARREST.

The following is included with this certificate and are a part hereof:

(a) The Designation Order [Docket No. 93] (Exhibit "1");

(b) The Order to Compel [Docket No. 137] (Exhibit "2");

       (c) *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Docket No. 218] (Exhibit "3");

(d) *Mitchell H. Kossoff's Submission In Opposition To The Trustee's Motion For Contempt* [Docket No. 249] (Exhibit "4");

(e) *Trustee's Reply In Support of Chapter 7 Interim Trustee's Application For Order Holding Mitchell H. Kossoff In Civil Contempt For Failure To Comply With Order to Compel* [Docket No. 252] (Exhibit "5);

(f) September 30, 2021 District Court Order Denying Motion To Appeal [S.D.N.Y., 21 Civ. 7122, Docket No. 17] (Exhibit "6"); and

(g) Transcript of hearing held to consider the *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* (Exhibit "7").

Dated: New York, New York
November ___, 2021

HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document Pg 20 of 38

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter<br>-of-<br>KOSSOFF PLLC,<br>Debtor. | Chapter 7<br>Case No. 21-10699 (DSJ)<br><br>Civ. Docket No.: |

**<u>CERTIFICATION OF CONTEMPT</u>**

TO THE HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT,
FOR THE SOUTHERN DISTRICT OF NEW YORK:

I, David S. Jones, a United States Bankruptcy Judge in this District presiding over the above-captioned case originally commenced by creditors of Kossoff PLLC (the "<u>Debtor</u>"), after a hearing and good and sufficient notice to Mitchell H. Kossoff ("<u>Kossoff</u>") following a motion by Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>"), do hereby certify to the United States District Court for the Southern District of New York that:

## I. <u>The Chapter 7 Case</u>

1. On April 13, 2021 (the "<u>Petition Date</u>"), creditors of the Debtor (collectively, the "<u>Petitioning Creditors</u>") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "<u>Involuntary Petition</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>")

against the Debtor in the above-captioned Chapter 7 case (the "Chapter 7 Case").

2. Prior to the Petition Date, the Debtor operated as a law firm located at 217 Broadway in New York City, New York, and serviced clients in the real estate industry. *See* Bankr. Docket No. 26-4 ¶ 10.[1] The Debtor held itself out as providing full-service real estate legal services specializing in litigation and transactional matters related to areas of real property law, including leasing, sale and acquisition of real property interests, commercial landlord tenant matters, real estate litigation, and city, state and federal agency regulatory matters. *See id.*

3. The Debtor was a professional limited liability company, organized under the laws of New York, and Kossoff was its sole member. *See* Bankr. Docket No. 116, Ex. 3 (Articles of Organization and Operating Agreement); *see also* Bankr. Docket No. 30; Bankr. Docket No. 30-1.

4. The Manhattan District Attorney's Office executed a search warrant at Mr. Kossoff's offices in mid-April, 2021, and seized voluminous files, computers, and computer records related to the financial affairs of Mr. Kossoff and his law practice. Bankr. Docket No. 116. Those materials remain in the custody of the District Attorney and have not been returned to Mr. Kossoff. (*Id.*) The District Attorney has refused to

---

[1] References to "Bankr. Docket No. __" refer to the docket of the Chapter 7 Case, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.). References to "S.D.N.Y. Docket No. __" refer to the docket of the Appeal (defined below), Case No. 1:21-cv-07122-AKH (S.D.N.Y.).

make the seized records available to the Trustee and the Trustee has moved to compel
their production. Bankr. Docket No. 217.

5.     The Petitioning Creditors are clients of the Debtor and together
assert claims for "Unreturned IOLA Funds" and "Misappropriated IOLA Funds"
totaling approximately $8 million [Bankr. Docket No. 1]. Other former clients have also
asserted similar claims against the Debtor, such that known claims for missing escrow
funds total approximately $17 million.

6.     The Debtor did not appear in response to the Involuntary Petition,
and on May 11, 2021, the Bankruptcy Court entered the *Order for Relief and Order to File
Schedules and Other Documents* [Bankr. Docket No. 14] (the "Order for Relief").

7.     The Order for Relief directs the Debtor to file "all schedules,
statements, lists and other documents that are required under the Federal and Local
Rules of Bankruptcy Procedure" (the "Schedules") no later than May 25, 2021. *See*
Bankr. Docket No. 14.

8.     On May 12, 2021, Mr. Togut was appointed as the Chapter 7
Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

9.     The Debtor has not yet filed any of the Schedules.

## II.    The Trustee's Attempts to Obtain Discovery from Kossoff

10.    The Trustee has sought Kossoff's assistance in collecting the
Debtor's documents and information that is needed for the Trustee's investigation of
the Debtor's affairs. Among other things, the Trustee has requested that Kossoff

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document Pg 24 of 38

produce categories of the Debtor's documents and information (the "Requested Information"), including:

a. List of the Debtor's bank accounts with account numbers;

b. Bank records;

c. Cash receipts journals;

d. Cash disbursements journals;

e. Credit card records;

f. Client lists;

g. List of accounts receivable and amounts;

h. Records required pursuant to N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0, including records of all deposits and withdrawals from accounts specified in subsection (b);

i. Inventories of seized records provided by law enforcement;

j. All of these documents and information are required by the Order for Relief and Bankruptcy Rule 1007; and

k. Other documents as requested by the Trustee.

11. Kossoff initially told the Bankruptcy Court and the Trustee that he was unwilling to identify or produce documents to the Trustee and that he would assert a privilege against self-incrimination under the Fifth Amendment unless the Bankruptcy Court granted him broad immunity pursuant to Bankruptcy Rule 344

because he is being investigated by the Manhattan District Attorney (the "DA").[2] In response to the Trustee's requests, Kossoff asserted a blanket Fifth Amendment privilege. *See, e.g.*, Bankr. Docket No. 30. Kossoff contests this assertion and states that as long ago as July 9, 2021, he offered to make an *in camera* presentation to the Court as to why each document sought was self-incriminating to Mr. Kossoff. Bankr. Docket No. 116 [#1]. Furthermore, in his filing on November 11, 2021, [Bankr. Court Docket No. 249] Mr. Kossoff specifically stated he would invoke the privilege on a question-by-question basis in accordance with the District Court's September 30, 2021 opinion, and reiterated this fact at the November 16th hearing before the Bankruptcy Court.

**III. The Trustee's Rule 2004 Motion and Related Orders**

12. On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Depositions Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Bankr. Docket No. 26] (the "Rule 2004 Motion").

13. Also on May 24, 2021, the Bankruptcy Court entered the *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Bankr. Docket No. 27] (the "Initial Rule 2004 Order").

---

2 Kossoff has advised the Trustee that an investigation by the United States Attorney for the Eastern District of New York has been closed.

14. On May 26, 2021, counsel for the Debtor, Kossoff, and Kossoff's affiliated entity Tenantracers, LLC filed an opposition to the Rule 2004 Motion, asserting that "Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him." *See* Bankr. Docket No. 30 p. 2. He also asserted that "Mr. Kossoff alone would be the only person to properly identify, collect, describe and submit documents to the Bankruptcy Court or its Trustee. *Id.* at p. 3.

15. Pursuant to the Initial Rule 2004 Order, the Bankruptcy Court conducted a preliminary injunction hearing on May 27, 2021.

16. On June 4, 2021, Walter Mack, Kossoff's counsel, filed the *Objection to Preliminary Injunction Order and Trustee Issuance of Subpoenas for Testimony and Documents* [Bankr. Docket No. 48].

17. Pursuant to the *Order Scheduling Final Hearing to Consider Injunctive Relief* [Bankr. Docket No. 33], the Bankruptcy Court held a final hearing to consider the injunctive relief sought by the Trustee on June 10, 2021. Later that day, the Bankruptcy Court entered the *Final Order Granting Injunctive Relief* [Bankr. Docket No. 62].[3]

## IV. <u>The Designation Order and Related Filings</u>

---

[3] The Trustee also filed a second motion based upon Bankruptcy Rule 2004; specifically, on June 18, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Application for Entry of an Order Enforcing Automatic Stay and Directing Mitchell H. Kossoff and Tenantracers, LLC to Provide the Trustee with Access to the Fifth Floor Premises to Inspect and Take Possession of Property of the Estate* [Bankr. Docket No. 85] (the "<u>Access Motion</u>"). On July 12, 2021, the Bankruptcy Court granted the Access Motion [Bankr. Docket No. 117].

18. On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 36] (the "Designation Motion"). The Designation Motion sought, among other things, an order directing Kossoff to produce Debtor documents and information, including the Requested Information.

19. On June 16, 2021, Kossoff filed the *Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee and Motion to Quash All Subpoenas Compelling Testimony or Document Production from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 80] and the memorandum of law in support of thereof, which asserted Mr. Kossoff's Fifth Amendment privilege, including the act-of-production privilege. [Bankr. Docket No. 80-1].

20. On June 22, 2021, the Trustee filed the *Chapter 7 Trustee's Reply to Objection to Bankruptcy Trustee's Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by Chapter 7 Trustee; (2) Appear for Examination Under Oath at the Bankruptcy Code 341 Meeting of Creditors; and (3) Otherwise Cooperate with the Chapter 7*

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document Pg 28 of 38

*Trustee and Motion to Quash All Subpoenas Compelling Testimony and Document Production from Him, His Fiduciaries or His Defense Team* [Bankr. Docket No. 89].

21. The Bankruptcy Court conducted a hearing on June 24, 2021 to consider the Designation Motion and the pleadings filed in connection with it (the "June 24 Hearing"). *See* Bankr. Docket No. 86.

22. During the June 24 Hearing, the Bankruptcy Court observed "that blanket assertions are insufficient and that the party asserting the privilege needs to explain at least in circumstances where the applicability of the asserting the privilege isn't self-evident why it applies." June 24, 2021 Hr'g Tr. at 8:18-21; *see also id.* at 23:15-23 ("…I do take the view and agree with the trustee that – and the law that a blanket invocation of the privilege is insufficient. . . . [T]he Court has to assess the implications of particular questions when asked and assess whether there is an evidence risk of incrimination posed by the inquiry. And if not, the Court has the duty of inquiry to determine whether or not there is such a reasonable risk presented."). The Bankruptcy Court also observed that the Trustee is trying to do "very important work to try to help resolve the affairs of the estate." *Id.* at 41:21-25.

23. On June 25, 2021, the Bankruptcy Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Bankr. Docket No. 93] (the "Designation Order"), which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ."

24. The Designation Order is now final, having never been challenged after entry. However, the Designation Order specifically carved out and preserved Mr. Kossoff's right to invoke the Fifth Amendment and established a procedure for doing so and for resolving such objections. The Designation Order states in bold-type: "**[I]f Kossoff takes the view that identifying documents he possesses would violate his Fifth Amendment right against self-incrimination, Kossoff shall so state with as specific reference as possible consistent with his Fifth Amendment privilege concern to the records or types of records at issue.**"

25. The Designation Order then further provides a procedure for resolving such objections: the parties are to meet and confer, report back to the Court, and propose a schedule for supplemental submissions to address any remaining disputes regarding Mr. Kossoff's duties and document production obligations. [Bank. Court Docket No. 93 at p.2]. The parties followed that procedure and on July 2, 2021, this Court entered an Order setting a briefing schedule for supplemental submissions. Bankr. Court Docket No. 108.

26. On June 25, 2021 and June 30, 2021, counsel for the Trustee and Kossoff met and conferred regarding Kossoff's duties and the identity of documents that Kossoff would be willing to produce to the Trustee. *See* Bankr. Docket No. 93.

27. On July 1, 2021, the Trustee filed the *Notice of Filing of Meet and Confer Status Report Pursuant to June 25, 2021 Order* [Bankr. Docket No. 105] (the "Status Report").

28. As set forth in the Status Report, Kossoff's counsel produced three categories of Requested Information to the Trustee: (1) a list of the Debtor's bank accounts with account numbers, though certain numbers appear to be incomplete; (2) inventories of records seized by law enforcement (which were prepared by law enforcement); and (3) certain organizational documents of the Debtor, including the Debtor's articles of organization as filed with the New York Secretary of State and its operating agreement. *See* Bankr. Docket No. 105. In addition, Kossoff agreed to allow the Trustee access to the offices located on the fifth floor of the Premises to collect responsive documentation. *See id.*

29. The Trustee asserted that Kossoff failed to produce any of the current, relevant Debtor's bank records, cash receipt journals, credit card records, and records that are required to be maintained by law firms pursuant to N.Y. Code of Professional Responsibility D.R. 9-102[4] (collectively, the "Additional Disputed Records"). *See id.*[5] Without conceding the existence or possession, custody, or control

---

[4] *See also* N.Y. Code of Professional Responsibility Rule 1.15 (22 N.Y.C.R.R. § 1200.0).

[5] The Trustee advised the Bankruptcy Court that on July 15, 2021, Kossoff's counsel permitted the Trustee's accountants to remove limited documents from the Fifth Floor Premises, as required by the Bankruptcy Court's order granting the Access Motion, but that with the possible exception of certain Debtor payable invoices and paid accounts receivable invoices, all that was made available were dated documents, none of which appear to be useful in determining what happened to the nearly $17
...(continued)

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document Pg 31 of 38

of the Additional Disputed Records, Kossoff refused to produce additional documents absent an adjudication by the Bankruptcy Court.

30. In his July 9, 2021 submission, Mr. Kossoff again invoked his Fifth Amendment rights, including the act-of-production privilege and offered to make an *in camera* submission to the Bankruptcy Court providing an explanation as to why the information sought and the documents requested, without conceding their existence, would be self-incriminating to produce and would violate Mr. Kossoff's Constitutional rights. Bankr. Docket No. 116 [#1].

31. Kossoff also failed to prepare the Schedules, or to produce a list of accounts receivable, absent assurances from the Trustee that doing so would not constitute a violation of Kossoff's Fifth Amendment privilege. *See id.*[6] Mr. Kossoff has stated frequently and as recently as the November 16, 2021 hearing, that most of the documents were seized by the District Attorney's Office in April 2021, and Kossoff does not have posseesion custody or control of the documents sought by the trustee. Furthermore, counsel for Mr. Kossoff represented at the November 16 conference that Mr. Kossoff was prepared to submit the schedules and to assert, where he believed

...(continued)
million of funds sought by creditors of the Debtor. The District Attorney's Office had seized most of the pertinent documents.

6 While Kossoff has advised that no comprehensive client list is within his possession, custody, or control, he has declined to attempt to construct such a list based on his recollection or available documentation absent the assurances described here. *See id.*

appropriate, an invocation of Mr. Kossoff's Fifth Amendment privilege for a determination by the Bankruptcy Court, subject to appellate review.

## V. The Order to Compel

32. On July 22, 2021, the Bankruptcy Court conducted a hearing to consider Kossoff's obligations (the "July 22 Hearing"). The Court heard argument from counsel and never afforded or requested that Debtor's counsel make the *in camera* offer of proof regarding the self-incriminatory nature of the requested documents and information.

33. On August 5, 2021, the Bankruptcy Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Bankr. Docket No. 137] (the "Order to Compel").

34. Among other things, the Order to Compel provides that "the collective entity doctrine overrides and renders inapplicable privileges, including the Fifth Amendment privilege against self-incrimination and the act of production privilege, for acts of production compelled to be performed by Kossoff who, by reason of the Designation Order, is acting not in his individual capacity but in his representative capacity on behalf of the Debtor."

35. The Order to Compel further directs Kossoff to:

a. "[N]ot individually, but in his representative capacity of the Debtor, . . . take all steps necessary to perform the

Debtor's duties pursuant to the Order for Relief and the Designation Order, including the preparation of the Debtor's Schedules...;"

b. "[F]or the reasons set forth on the record of the July 22 Hearing, not individually but in his representative capacity as the Court-appointed responsible officer of the Debtor . . . take all steps necessary to obtain all of the Requested Information and the Additional Disputed Records including but not limited to the known creditors of the Debtor, current and former clients of the Debtor, internal bank receipts and disbursements records, and accounts receivable records of the Debtor, and all IOLA records required to be maintained by the Debtor, in his possession, custody or control, and to produce them and/or cause them to be produced to the Trustee...;"

c. "[F]or the reasons set forth on the record at the July 22 Hearing, . . . appear for examination under oath not individually but in his representative capacity on behalf of the Debtor at the Section 341 Meeting in this case and at any adjourned dates of such meeting...;" and

d. "[F]or the reasons set forth on the record at the July 22 Hearing, Kossoff, not individually but in his representative capacity, is directed to otherwise fully cooperate with the Trustee on behalf of the Debtor in accordance with Bankruptcy Code section 521..."

## VI. The Appeal and Attempts to Stay the Order to Compel Pending Appeal

36. On August 18, 2021, Kossoff and the Debtor (together, the "Appellants") filed a notice of appeal [Bankr. Docket No. 144], seeking to commence an appeal the Order to Compel (the "Appeal").

37. Also on August 18, 2021, Appellants filed the *Motion for Leave to Appeal* [Bankr. Docket No. 145] (the "Motion for Leave to Appeal") in the Bankruptcy

Court, in which both the Debtor and Kossoff sought leave to appeal the Order to Compel.[7]

38. On September 1, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Opposition to Motion for Leave to Appeal* [S.D.N.Y. Docket No. 5]. On September 16, 2021, Appellants filed the *Reply Memorandum of Law in Further Support of Motion for Leave to Appeal* [S.D.N.Y. Docket No. 10].

39. On August 19, 2021, Appellants filed in the Bankruptcy Court the *Debtor's Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 147] (the "Bankruptcy Court Stay Motion").

40. On September 7, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Objection to Motion for Limited Stay Pending Appeal of August 5, 2021 Order* [Bankr. Docket No. 156].

41. On September 10, 2021, Appellants filed the *Movants' Reply in Further Support of Motion for Limited Stay Pending Appeal of the August 5, 2021 Order Holding the Fifth Amendment Privilege Against Self-Incrimination Inapplicable to Debtor and Compelling Mitchell Kossoff to Create Documents, to Appear for Examination at the Creditor*

---

7 The Motion for Leave to Appeal was docketed on the District Court's docket on August 24, 2021 [S.D.N.Y. Docket No. 3].

*Committee Meeting, and to Produce Documents and Other Information* [Bankr. Docket No. 167], which the Trustee opposed.

42. The Bankruptcy Court conducted a hearing to consider the Bankruptcy Court Stay Motion on September 14, 2021 (the "September 14 Hearing").

43. On September 23, 2021, the Bankruptcy Court entered its *Order Denying Motion for Stay Pending Appeal* [Bankr. Docket No. 178].

44. With the *Order Denying Motion to Appeal,* dated September 30, 2021, the Appeal and the request to stay pending appeal were denied by the District Court [S.D.N.Y. Docket No. 17]. The District Court's opinion by Judge Hellerstein specifically stated: "While Kossoff's production of documents would be a corporate action,...providing oral testimony may implicate Kossoff's individual Fifth Amendment rights." Judge Hellerstein's opinion did not address the bankruptcy schedules, which are testimonial in nature.

**VII. Kossoff's Continued Non-Compliance with the Order to Compel**

45. I am advised by the Trustee's counsel that the parties had telephonic discussions concerning Kossoff's cooperation with the Trustee following entry of the District Court's *Order Denying Motion to Appeal* and the associated request for stay.

46. In accordance with those discussions and the District Court's Order, on October 19, 2021, Mr. Kossoff produced seven (7) banker's boxes of documents in his possession that he had argued are protected by the act-of-production

21-10699-dsj Doc 282 Filed 11/18/21 Entered 11/18/21 15:28:30 Main Document Pg 36 of 38

privilege and included tax documents, individual escrow files, escrow account statements, ledger cards, credit card documentation and numerous other categories of documents. Bankr. Docket No. 249.

47. The Trustee has represented to the Court that the Kossoff Production is deficient and fails to fully comply with the Order to Compel, and Kossoff disputes that contention, stating that any deficiencies are due to the fact that the records are in the possession of the District Attorney's Office. During the November 16, 2021 hearing, Mr. Kossoff represented to the Court that he has turned over to the Trustee all of the relevant documents in his possession, custody and control, with the exception of documents that are identified in the privilege log that is attached as an exhibit to Docket No. 252. Furthermore, he was prepared to dispute in detail that the documents produced were not current but for the Trustee's failure to provide copies of the pertinent documents to Debtor's counsel prior to the hearing, as the Trustee had represented he would so do. [Bankr. Court Docket No. 235 at p. 2].

48. As of the date hereof, Kossoff has failed to prepare and file the Schedules and he has not yet appeared for examination at a section 341 meeting because he has failed to file a list of the Debtor's creditors. Kossoff contests that assertion and states he is prepared to fill out the bankruptcy schedules subject to the invocation of his Constitutional privileges. He further states he is and has been fully willing to appear for examination once a date has been set for such examination. No appearance date has ever been set. Kossoff's failure to fully comply with the Order to Compel impedes the

Trustee's efforts to conduct his investigation of the Debtor's affairs as mandated by

Bankruptcy Code section 704. Such failure continues to increase the administrative

costs and expenses of the Debtor's estate, which prejudices the Debtor's creditors.

49.     It is the finding of this Court that Kossoff has deliberately and

willfully failed to comply with this Court's Order to Compel despite having been given

an adequate opportunity to do so. Kossoff has not only refused the Trustee's request

for specific documents and information requested, but has refused to complete the

Schedules or participate in a Section 341 Meeting as well.

50.     Kossoff disputes each and every assertion in Paragraph 49, requests

the District Court to review all of the exhibits appended to this Certificate, and requests

an opportunity to appear before the District Court to present his position before the

District Court permits any arrest warrant to issue.

THE UNDERSIGNED CERTIFIES THE FOREGOING FACTS, AND

FINDS THAT THE SAID MITCHELL H. KOSSOFF HAS COMMITTED A CIVIL

CONTEMPT OF COURT, WHICH CONTINUES TO DATE. IT IS THIS COURT'S

RECOMMENDATION THAT MITCHELL H. KOSSOFF BE INCARCERATED UNTIL

SUCH TIME THAT HE COMPLIES WITH THE BANKRUPTCY COURT'S ORDER TO

COMPEL IN ITS ENTIRETY, AND THAT THE BANKRUPTCY COURT ISSUE A

WARRANT FOR HIS ARREST.

The following is included with this certificate and are a part hereof:

(a)     The Designation Order [Docket No. 93] (Exhibit "1");

(b) The Order to Compel [Docket No. 137] (Exhibit "2");

(c) *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Docket No. 218] (Exhibit "3");

(d) *Mitchell H. Kossoff's Submission In Opposition To The Trustee's Motion For Contempt* [Docket No. 249] (Exhibit "4");

(e) *Trustee's Reply In Support of Chapter 7 Interim Trustee's Application For Order Holding Mitchell H. Kossoff In Civil Contempt For Failure To Comply With Order to Compel* [Docket No. 252] (Exhibit "5);

(f) September 30, 2021 District Court Order Denying Motion To Appeal [S.D.N.Y., 21 Civ. 7122, Docket No. 17] (Exhibit "6"); and

(g) Transcript of November 16, 2021 hearing held to consider the *Chapter 7 Interim Trustee's Application for Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* (Exhibit "7").

Dated: New York, New York
November ___, 2021

______________________________
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE