TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119
———
WWW.TOGUTLAWFIRM.COM
———
(212) 594-5000
NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

November 23, 2021

**VIA EMAIL and ECF FILING**
Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

   Re: *In re Kossoff PLLC*
     Bankr. Case No. 21-10699 (DSJ)

Dear Judge Jones:

  As counsel to Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-referenced case, we write in response to the November 23, 2021 letter request [Docket No. 285] filed by the New York County District Attorney (the "DA") seeking an additional one-month extension, until January 7, 2022, on top of the five-week extension the DA already received from this Court, to respond to the *Trustee's Application for an Order Compelling Disclosure of Certain Grand Jury Materials* [Docket No. 217] (the "Grand Jury Motion"), which was filed on November 2, 2021.

  The Trustee and our firm strive to be courteous to parties with whom we deal. We have tried to work with the DA's office and on every occasion, we have gotten nothing but resistance, opaque answers and/or non-answers. There has not been any cooperation.

TOGUT, SEGAL & SEGAL LLP

Honorable David S. Jones
United States Bankruptcy Court
November 23, 2021
Page 2

      Even today, during a call in which the DA advised us of Mitchell Kossoff's intention to enter into a plea agreement, when we asked for any specifics and for cooperation, we were told, over and over, that all the details are confidential, and that we have to do things on the DA's timetable, and in the DA's way. If we accept the DA's way, the investigation in this case will continue to be stymied or worse. The DA cares only about his own parochial interests.

      For the reasons below, the Trustee objects to the DA's request. The Trustee has tried for months to work constructively with the DA, to no avail. The DA's most recent letter further demonstrates that the interests of the Trustee and the Debtor's creditors are being subordinated to the interests of the DA and Mr. Kossoff ("Kossoff").

      The DA wants more than two months to respond to the Grand Jury Motion, but will not actually commit to any cooperation with the Trustee. The DA "expect[s] that Mr. Kossoff will surrender for arrest on or about December 3, 2021," but cannot guarantee that date. Nor can the DA guarantee the timing of Kossoff's actual guilty plea or sentencing, or when the DA will subsequently turn over the Requested Materials, all of which constitute property of the Debtor's estate and are required to be turned over to the Trustee. As the DA readily admits, "[s]cheduling of the plea will be dependent on the [criminal] court," and during our call today with the DA, the DA emphasized more than once that with Covid, there is no way to reliably predict when hearings can be scheduled or held. Indeed, the DA can only "hope" that the state criminal court will promptly enter Kossoff's plea. Only then can the DA "move for a sharing order" that requires a separate hearing, the resolution of which is also uncertain from a timing perspective.

      The DA also cannot guarantee the timing of Kossoff's potential incarceration. The Trustee has previously advised this Court that he needs Kossoff's assistance to analyze and understand the Requested Materials, which assistance would be unnecessarily burdensome and costly if Mr. Kossoff were incarcerated when the Requested Materials are to be turned over according to the timing and sequence proposed by the DA.


TOGUT, SEGAL & SEGAL LLP

Honorable David S. Jones
United States Bankruptcy Court
November 23, 2021
Page 3

       The Trustee needs the Requested Materials as soon as possible and should not have to rely on the entirely uncertain schedule proposed by the DA. The Trustee is prepared to enter into what the DA calls a "sharing order" complete with appropriate confidentiality provisions. But we urge that such a sharing order be entered by this Court, which can act quickly and which already has in place the procedural predicate – the Trustee's pending Grand Jury Motion – on the calendar.

       Accordingly, the Trustee respectfully requests that the DA's request for an additional extension be denied. The Trustee also suggests that, given the sensitive nature of the matters covered by the pending Grand Jury Motion, that this Court schedule an *in camera* conference to be attended by Mr. Kossoff's criminal counsel, the DA, the UST, and the Trustee and his counsel to discuss a resolution of the Trustee's motion.

       The Trustee's goal is to limit litigation, expenses, and the time necessary to resolve this matter. Based upon everything the Trustee now knows, doing as the DA asks will result in the opposite result and will actually further impair the administration of this bankruptcy estate.

       Respectfully submitted,

       TOGUT, SEGAL & SEGAL LLP
       By:
          */s/ Neil Berger*
       Neil Berger

cc:    Albert Togut, Esq. (*by email and ECF notification*)
        Andrew D. Velez-Rivera, Esq. (*by email and ECF notification*)
        Ryan Gee, Esq. (*by email and ECF notification*)
        Catherine McCaw, Esq. (*by email and ECF notification*)