DOAR RIECK KALEY & MACK
217 BROADWAY, SUITE 707
NEW YORK, N.Y. 10007
(212) 619-3730
Walter Mack
David Rivera

*Attorneys for Debtor Kossoff, PLLC*
*and Mitchell H. Kossoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------X

|  |  |  |
|---|---|---|
| In the Matter | : | Chapter 7 |
|  |  | Case No. 21-10699 (DSJ) |
| -of- | : |  |
| KOSSOFF, PLLC, | : |  |
| Debtor. | : |  |

------------------------------X

**NOTICE OF FILING OF STATUS REPORT**
**PURSUANT TO DECEMBER 6, 2021 ORDER**

**PLEASE TAKE NOTICE** that the *Order Requiring Mitchell H. Kossoff to File Status Report Regarding Compliance with Obligations as Discussed in Civil Contempt Decision and Order (ECF No. 284)* [Docket No. 299] provided that "Mr. Kossoff file a short status report on or before December 8, 2021, describing the steps he has taken to attempt to come into compliance with his obligations under orders of this court."

**PLEASE TAKE FURTHER NOTICE** that a copy of the letter from Mr. Kossoff's counsel to the Court providing the requested status report is annexed hereto as Exhibit A.

Dated  New York, New York
       December 8, 2021

                                                  Respectfully submitted,

                                                  *s/Walter Mack*
                                                  Walter Mack, Esq.
                                                  Doar Rieck Kaley & Mack
                                                  217 Broadway, Suite 707
                                                  New York, N.Y. 1007
                                                  (212) 619-3730
                                                  wmack@doarlaw.com
                                                  *Counsel for Debtor Kossoff, PLLC and*
                                                  *Mitchell H. Kossoff*

# EXHIBIT A

## DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN F. KALEY
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JAMES I. WASSERMAN
DAVID RIVERA
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

December 8, 2021

**VIA ECF**

The Honorable Judge David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 10004-1408

    Re: In the Matter of Kossoff, PLLC, Chapter 7, Case No. 21-10699 (DSJ)

Dear Judge Jones:

    As counsel to Kossoff PLLC and Mitchell H. Kossoff, we submit this letter as a Status Report in accordance with the Court's *Order Requiring Mitchell H. Kossoff to File Status Report Regarding Compliance with Obligations as Discussed in Civil Contempt Decision and Order (ECF No. 284)* [Docket No. 299].

    On December 2, 2021, in compliance with the Court's *Decision and Order, signed on November 22, Holding Mitchell H. Kossoff in Civil Contempt and Imposing Incarceration as a Coercive Sanction unless Mr. Kossoff Purges His Contempt by November 30, 2021*[1] [Docket No. 284], Mr. Kossoff, in his representative capacity on behalf of Kossoff PLLC, filled out and produced the requested Financial Schedules. He provided to the Trustee filled-out Financial Forms 206S and 207 with addenda containing additional responsive information, including a Matrix of Creditors and/or Claimants, and a 26-page List of Clients.

    Mr. Kossoff, with some assistance from his counsel, did his best to fill out these schedules given the limited information available to him at the time. As the Court is aware, the

---

[1] On appeal, the United States District Court entered a limited stay of the November 22 Order until December 2. [Docket No. 294]. The District Court denied Mr. Kossoff's motion to stay on December 2, 2021. [Docket No. 296].

The Hon. Judge David S. Jones
December 8, 2021
Page 2

Manhattan District Attorney's Office seized the bulk of the PLLC's records. Furthermore, the Trustee had taken possession of the original seven (7) banker's boxes of records produced by Mr. Kossoff on October 19, 2021, containing escrow and corporate account statements, tax records, individual client escrow files, ledger cards, checks, wires transmittal receipts, assorted payroll materials, and other records. (Today, counsel to the Trustee provided a thumb-drive he indicated contained copies of the records produced by Mr. Kossoff. As of the writing of this status report they have not yet been reviewed, but in any event the original copies are in the possession of the Trustee.)

Mr. Kossoff has now produced all responsive documents in his possession with the exception of a small number of documents protected by the attorney-client and work-product privileges and identified on his privilege log. (Even those documents, upon information and belief, have been produced to the Trustee on a thumb-drive produced by bookkeeper Julia McNally. The particular pages selected for review by Mr. Kossoff with his criminal counsel are protected by the attorney work-product privilege). Also, two days ago, the Manhattan District Attorney's Office provided limited access to our office of certain Kossoff PLLC records in the course of directing the terms of Mr. Kossoff's plea agreement. Our understanding based on communications between the Manhattan District Attorney's Office and this Court is that these documents and other voluminous files and computer records seized from the offices of Kossoff PLLC are expected to be shared with the Trustee.

We also note that Mr. Kossoff filled out and produced these Financial Schedules, Matrix of Creditors and/or Claimants, and List of Clients to purge his contempt and avoid incarceration. He specifically reserved his rights and will maintain that he produced the information under compulsion and that by doing so in compliance with the Court's Orders, he did not waive his personal Fifth Amendment privilege.

Finally, in a conversation today with Neil Berger, counsel to the Trustee, Mr. Berger specified again to us that we are obliged to file on the bankruptcy court's docket all compelled disclosures pursuant to Your Honor's prior Orders and direction. We note that the Court's December 6th Order [Docket No. 299] specifically states "This order does not require that Mr. Kossoff must docket his prior communications or the information he provided to the Trustee." We therefore ask the Court for direction on that issue, especially in light of the confidential material contained in what was produced under the Court's direction.

We thank Your Honor for your consideration.

Respectfully submitted,

*s/Walter Mack*
Walter Mack

cc: Neil Berger, Esq.
Minta Nester, Esq.
Brian Shaughnessy, Esq.