## DOAR RIECK KALEY & MACK
### ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

OF COUNSEL
JOHN JACOB RIECK, JR.
JOHN F. KALEY
DAVID RIVERA
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

December 15, 2021

**VIA EMAIL AND ECF FILING**

The Honorable Judge David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 10004-1408

Re: In the Matter of Kossoff, PLLC, Chapter 7, Case No. 21-10699 (DSJ)

Dear Judge Jones:

This firm represents the Debtor, Kosssoff, PLLC, and Mitchell H. Kossoff in the above referenced proceeding,

In accordance with our status report letter in which we asked for the Court's guidance [Docket No. 301, Ex. A at p.2] and the Court's Endorsed Order, filed on December 10, 2021 [Docket No. 304], we filed today on the bankruptcy docket the Financial Schedules, Matrix of Creditors and\/or Claimants, Employee Summary and List of Clients, prepared by Mitchell H. Kossoff in his representative capacity for Kossoff, PLLC, which was produced to the Bankruptcy Trustee on December 2, 2021. Mr. Kossoff prepared these schedules under compulsion and he specifically reserved his personal Fifth Amendment right against self-incrimination.

In the Trustee's letter of December 9, 2021 [Docket No. 302], the Trustee raises several complaints about the Financial Schedules. He states that Mr. Kossoff "refuses" to file them on the public Bankruptcy Court docket—despite Mr. Kossoff's letter specifically requesting clarification of the Court's prior order stating that the Financial Schedules did not need to be docketed. [Docket No. 299]. Also, Debtor's counsel have been conferring with counsel for the Trustee about appropriate redactions to the Financial Schedule attachments prior to filing. In any event, Mr. Kossoff has now filed the Financial Schedules and attachments thereto in accordance with the Endorsed Order and Bankruptcy Rule 9037(a).

The Hon. Judge David S. Jones
December 15, 2021
Page 2

The Trustee also identified three other purported "deficiencies":

- "The Statement of Financial Affairs does not list any of the Debtor's Prepetition transfers" and the Privilege Log Kossoff produced shows Mr. Kossoff has the ability to access records and information.

As noted previously, Mr. Kossoff is operating with limited records and information since the firm's records were seized by law enforcement. The documents identified on the privilege log were generated months ago at Mr. Kossoff's request by bookkeeper Julia McNally based on records contained on a thumb-drive that, upon information and belief, has been provided to the Trustee by Ms. McNally's counsel. In any event, Mr. Kossoff himself has very limited computer or technical skills. Even if the PLLC's computer records and other information currently in the District Attorney's Office were made available to him, he presently has no one to assist him in retrieving or generating specific records and he himself does not have the technical skills to do. Still, he will endeavor to cooperate with the Trustee's counsel to the best of his ability and to identify any specific records or information sought. In fact, since the original transmission of these Schedules to the Trustee, we have recently received materials from the District Attorney's Office, as well as scanned copies of Mr. Kossoff's records previously produced to the Trustee, which may enable us to supplement our prior submissions.

- "Mr Kossoff appears to have failed to make a diligent effort to provide a current client list."

The most recent list of clients available to Mr. Kossoff is dated May 6, 2020, and was generated during the onset of the pandemic. The Trustee's representatives had left this list behind in the PLLC's offices and Mr. Kossoff identified it and brought it to the Trustee's attention. Mr. Kossoff has now received, as described above, the records he previously produced to the Trustee, as well as materials from the District Attorney's Office, and although we do not believe these records include client lists, these materials will enable him to identify additional clients since May 2020.

- "The list of creditors proffered by Mr. Kossoff . . . does not include all of the creditors that filed proofs of claims in this case"

To the extent the list is incomplete because it does not include all creditors that filed proofs of claim in this proceeding, Mr. Kossoff will work with the Trustee to supplement this information.

In accordance with the Court's Endorsed Order, we will confer in good faith with the Trustee in the coming days to try to resolve any outstanding issues.

We thank the Court for its consideration.

The Hon. Judge David S. Jones
December 15, 2021
Page 3

                                          Respectfully submitted,

                                          *s/Walter Mack*    .
                                          Walter Mack

cc:    Neil Berger, Esq.
        Minta Nester, Esq.
        Albert Togut
        (all via ECF)