# TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119
———
WWW.TOGUTLAWFIRM.COM
———
(212) 594-5000
NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

January 24, 2022

**VIA EMAIL and ECF FILING**
Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re: *In re Kossoff PLLC*,
       Bankr. Case No. 21-10699 (DSJ)

Dear Judge Jones:

  As counsel to Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor"), we write to request a conference with the Court in connection with the *Chapter 7 Interim Trustee's Motion for an Order Compelling JPMorgan Chase Bank, N.A. to Comply with Bankruptcy Rule 2004 Order and Its Turnover Obligations* [Docket No. 190] (the "Motion to Compel").

  Despite numerous meet and confer sessions with JPMorgan Chase Bank, N.A. ("JPMC") during that past weeks, the Trustee and JPMC have reached an impasse regarding JPMC's refusal to produce documents that are expressly responsive to the Trustee's June 8, 2020 subpoena (the "Subpoena") to JPMC. A copy of the Subpoena with accompanying materials is attached hereto as Exhibit "A."

  As of the date hereof, JPMC has failed to produce even the most basic of responsive materials, including the account agreements that it had with the Debtor and Mitchell H. Kossoff. *See* Subpoena, Request No. 4 (requesting "all applications, loan agreements, security agreements, and other Documents reflecting or otherwise evidencing any relationship by/among the Debtor, Mitchell H. Kossoff, and You"). Instead, JPMC has referred the Trustee to an online form of account agreement.

Togut, Segal & Segal llp

Honorable David S. Jones
United States Bankruptcy Court
January 24, 2022
Page 2

    Most recently, JPMC has taken the erroneous position that the Subpoena does not require it to produce (a) its email communications with the Debtor and others concerning the Bank Accounts and (b) JPMC's internal communications and memoranda concerning the Bank Accounts. More, JPMC now refuses to produce external emails unless or until the Trustee agrees to drop his requests for internal emails and memoranda under the Subpoena and instead seek them either under a new subpoena or through discovery in an adversary proceeding. JPMC seeks to impose these unnecessary and additional burdens on the Trustee even though it has not even undertaken any effort to ascertain whether any internal communications or internal memoranda exist.

    JPMC has taken these faulty positions for the first time during recent meet and confer discussions, and only after the Trustee provided JPMC with lists of Debtor and known JPMC e-mail custodians *in response JPMC's requests*. Indeed, JPMC's position is entirely at odds with the plain language of the Subpoena, which defines "Communication" as:

> any transmittal of information, including *internal communications* and any transmission or exchange of information *from or to any Person*, whether orally or in writing, and any conversation or discussion, whether face-to-face or by means of letter, note, *memorandum*, telephone, voice-mail, telegraph, telecopier, cable, *e-mail*, instant message service, or other medium, whether electronic or otherwise.

Subpoena, Definition No. 8 (emphasis added).

    Definition No. 11 defines "Documents" to include, among other things, "Communications," "e-mails" and "memoranda."

    Request No. 1 of the Subpoena requires JPMC to produce "[a]ll account statements and all other Documents concerning the Bank Accounts from April 13, 2015 through the present."

    These plain language provisions in the Subpoena demonstrate that JPMC's refusal to produce responsive materials is improper.

    JPMC purports to want finality to its production obligations under the Subpoena. The Trustee also wants finality, but that can only occur after JPMC fully complies with the Subpoena and the Court's Bankruptcy Rule 2004 Order [Docket No. 27]. That has not yet occurred, notwithstanding JPMC having produced a Declaration to the Trustee stating that it has made a diligent search to locate responsive documents and information in its possession and control.

Togut, Segal & Segal llp

Honorable David S. Jones
United States Bankruptcy Court
January 24, 2022
Page 3

    The Trustee respectfully submits that JPMC's latest efforts to resist full compliance with the Subpoena and the Bankruptcy Rule 2004 Order are improper and they are impeding an already challenging investigation.

    The Court should know that allowing JPMC to avoid producing account information in native electronic form has not merely hindered, but essentially paralyzed, the Trustees work to understand the Debtor's banking transactions. JPMC produced tens of thousands of pages of unsearchable check and deposit images concerning the Debtor's bank accounts maintained at JPMC (the "Bank Accounts"). This has required the Trustee's professionals to expend a tremendous amount of time and estate resources trying to match more than 23,000 checks and approximately 18,000 deposit items to Bank Account statements. This extraordinary burden has been shouldered by the estate because JPMC refused to provide the Trustee with electronic access to the Debtor's Bank Accounts. Given no alternative but to manually recreate the account has been expensive and not nearly as good as if JPMC had complied with the Trustee's original request.

    Accordingly, the Trustee respectfully requests that the Court schedule a video conference on the record to consider entry of an order granting the Motion to Compel to compel JPMC's compliance with the Subpoena.

    Very truly yours,

    TOGUT, SEGAL & SEGAL LLP
    By:
        */s/ Neil Berger*
        Neil Berger

cc:    Albert Togut, Esq. (*via email*)
       Alan J. Brody, Esq. (*via email*)
       Paul J. Ferak, Esq. (*via email*)
       Brian F. Shaughnessy, Esq. (*via email*)
       Minta J. Nester, Esq. (*via email*)
       Andrew D. Velez-Rivera, Esq. (*via email*)