### TOGUT, SEGAL & SEGAL LLP

ONE PENN PLAZA
NEW YORK, NEW YORK 10119
———
WWW.TOGUTLAWFIRM.COM
———
(212) 594-5000
NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

February 3, 2022

**VIA EMAIL and ECF FILING**
Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

     Re: *In re Kossoff PLLC*,
       Bankr. Case No. 21-10699 (DSJ)

Dear Judge Jones:

   As counsel to Albert Togut, not individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of Kossoff PLLC (the "Debtor"), we are responding to the February 1, 2022 letter filed JPMorgan Chase Bank, N.A. ("JPMC") [Docket No. 340] (the "JPMC Letter").[1]

   Contrary to JPMC's characterizations, the Trustee's requests for the production of email communications and internal memoranda by JPMC are not "new demands," and JPMC has not yet completed its production obligations.

   The documents that JPMC refuses to produce are expressly identified in the subpoena issued to JPMC on June 8, 2021 (the "Subpoena") pursuant the Court's May 24, 2021 *Order Authorizing Trustee To Issue Subpoenas And To Obtain Testimony And For Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order"), which provides:

> **ORDERED**, that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Trustee is now authorized to issue subpoenas for the production of *all books, records, and documents, including, without limitation, all emails,* text messages, computers and/or laptop computers, hard

---

[1] For the purposes of this response, the Trustee will not address certain irrelevant portions of the JPMC Letter. The Trustee has previously acknowledged the production of account statements and other documents (which were required) and he addressed the professionals' prior declarations, none of which bear upon JPMC's continuing obligation to produce the emails and internal communications. The Trustee will also continue to press for production of the Debtor's account agreements because the ones that JPMC has produced are generic agreements that do not mention the Debtor or its accounts at JPMC.

TOGUT, SEGAL & SEGAL LLP

Honorable David S. Jones
January 3, 2022
Page 2

> drives, computer servers, back-up tapes, and documents related to the Debtor or its property *concerning or otherwise evidencing the Debtor's assets and financial affairs* (the "Books and Records"), and the Trustee is permitted to obtain such items and to obtain deposition testimony consistent with Bankruptcy Rule 9016, *concerning any asset, liability, duty, obligation, contract, transaction, transfer, or other issue related in any way to the Debtor and its financial affairs*; (emphasis supplied)

Indeed, the JPMC Letter concedes that the Subpoena requires the production of the emails and other communications that the Trustee has sought since issuance of the Subpoena eight months ago. *See* JPMC Letter, at pp. 3-4. The production of these emails and communications by JPMC was also sought in the Trustee's October 7, 2021 motion to compel compliance with the Subpoena. *See* Docket No. 190.

The Trustee has proposed to JPMC various protocols for collection and production of such documents. In fact, weeks ago and in response to JPMC's request, he identified a limited list of email custodians for an initial search by JPMC, but that proposal seems to have been rejected wholesale by JPMC.[2]

In addition to being within the scope of the Court's Rule 2004 Order and the Subpoena, the requested emails and memoranda are well within the scope of the Trustee's investigation pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):

> The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…

Fed. R. Bankr. P. 2004(b).

This case involves a multi-million dollar fraud perpetrated using bank accounts maintained at JPMC (the "Accounts") and other banks. On December 13, 2021, Mitchell H. Kossoff admitted that he stole millions of dollars from numerous Debtor clients and others over the course of years, during which the Debtor maintained IOLA and operating Accounts at JPMC. *See* Exhibit "A" (Kossoff Plea Agreement and The People's Statement of Facts); *see also* Exhibit "B" (Criminal Court Transcript, dated Dec. 13, 2021). Despite such admissions, Mr. Kossoff, and Julia McNally, the Debtor's bookkeeper, have continued to assert Fifth Amendment privileges and neither of them have provided any explanations for the numerous transactions in the Accounts.

---

[2] JPMC's current objection constitutes a time-barred request for relief. *See* Rule 2004 Order, at p. 4.

T<small>OGUT</small>, S<small>EGAL</small> & S<small>EGAL</small> <small>LLP</small>

Honorable David S. Jones
January 3, 2022
Page 3

Banks in New York have contractual and statutory obligations concerning attorney escrow and IOLA accounts. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 288 (2d Cir. 2006) (recognizing banks' duties to report overdrafts in IOLA and attorney escrow accounts). Pursuant to the Rule 2004 Order, the Trustee is entitled to see how and when JPMC communicated concerning these accounts, both internally and with others, including with state regulators, agencies, clients, and creditors.

JPMC is the best and, in many instances, the only, source of these communications. Moreover, these communications are inextricably relevant to the fraud that occurred in connection with Accounts maintained at JPMC, and they will assist the Trustee as he continues to investigate, among other things, affirmative estate claims and defenses. Indeed, the Trustee has begun to see that JPMC was aware of the Debtor's overdrafts in the Accounts years prior to the commencement of this Chapter 7 case. *See, e.g.,* Exhibits "C" through "H." These emails and the record of this Chapter 7 case demonstrate good cause for the Trustee's Rule 2004 Subpoena to JPMC.

None of the cases cited in the JPMC Letter support JPMC's inappropriate refusal to comply with the Subpoena. For example, JPMC cites *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566 (C.D. Cal. 2012), but that case did not involve a dispute concerning a Bankruptcy Rule 2004 dispute; it adjudicated a discovery dispute under a local California District Court rule in an action by a former employee that implicated the employee's emotional state. *In re Silverman*, 36 B.R. 254 (Bankr. S.D.N.Y. 1984), cited by JPMC, adjudicated a dispute under Rule 205(a) in a case under the Bankruptcy Act, and the Court denied a discovery demand by a debtor who had been denied a discharge, and standing, in the context of a pending claim objection. Neither of these cases, nor any of the other cases identified by JPMC, support the relief sought in the JPMC Letter. The Trustee will be prepared to address those cases, if necessary, during the February 4, 2024 conference before the Court.

The documents requested by the Trustee are critical to his investigation and they are within the scope of the Rule 2004 Order and the Subpoena. For these reasons, the Trustee respectfully requests entry of an order compelling JPMC's compliance with the Subpoena.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:
/s/ Neil Berger
Neil Berger

cc: Albert Togut, Esq. (*via email*)
Alan J. Brody, Esq. (*via email*)
Paul J. Ferak, Esq. (*via email*)
Brian F. Shaughnessy, Esq. (*via email*)
Minta J. Nester, Esq. (*via email*)
Andrew D. Velez-Rivera, Esq. (*via email*)