21-10699-dsj    Doc 421    Filed 07/28/22    Entered 07/28/22 15:44:42    Main Document
Pg 1 of 18

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Jared C. Borriello

*Attorneys for Albert Togut, Not Individually
But Solely in His Capacity as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
: 
In the Matter : Chapter 7
: Case No. 21-10699 (DSJ)
-of- :
:
KOSSOFF PLLC, :
:
:
Debtor. :
:
------------------------------------------------------------- X

**CHAPTER 7 TRUSTEE'S MOTION FOR AN
ORDER COMPELLING AMERICAN EXPRESS TO COMPLY
WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 542(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"):  (i) compelling American Express ("AMEX") to fully comply with this Court's *Order Authorizing Trustee*

*to Issue Subpoenas and Obtain Testimony and for Injunctive Relief*, dated May 24, 2021 [Docket No. 27] (the "Rule 2004 Order") and the Subpoena (as defined below) by producing (a) unredacted copies of credit card statements for certain accounts held in the name of the Debtor and/or Mitchell H. Kossoff, the Debtor's sole member, (b) transaction data in Microsoft Excel format for such accounts, (c) written request-by-request responses to the Subpoena and a declaration in support of AMEX's response to the Subpoena, and (d) all other documents responsive to the Subpoena that have yet to be produced; and (ii) in the event that AMEX fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding AMEX in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made. In support of the Motion, the Trustee submits the Declaration of Neil Berger of the Togut Firm, attached hereto as **Exhibit B** (the "Berger Declaration"), and respectfully represents:

**PRELIMINARY STATEMENT**

Since his appointment, the Trustee has undertaken the critically important work of trying to resolve the affairs of the Debtor's estate. This effort has been impeded by the improper demands of Mitchell H. Kossoff ("Kossoff") for a grant of immunity in exchange for his cooperation. Kossoff pleaded guilty to multiple felonies, and he is now incarcerated, and his assistance is impracticable. As a result, third-party document production is essential to the Trustee's investigation of the Debtor's affairs and the identification of property that may be administered. On May 6, 2022, Kossoff was sentenced to up to 13 ½ years in prison upon pleading guilty to three counts of grand larceny in the first, second, and third degree, as well as one count of scheme to defraud in the first degree.

2

The Rule 2004 Order granted the Trustee the authority to issue subpoenas to third parties, which authority the Trustee has utilized in furtherance of such third-party document production. The Rule 2004 Order also includes several provisions governing the subpoena responses, among which are directives to provide written responses to each of the requests contained in the subpoena and a written declaration attesting under penalty of perjury to certain facts concerning the production of documents. Importantly, this Court issued a final injunction that prohibits subpoenaed parties from concealing information and altering or destroying responsive documents absent either an order of this Court or permission from the Trustee.

Among the subpoenas issued was a subpoena (the "Subpoena") served on July 28, 2021, by the Trustee on AMEX in accordance with the Rule 2004 Order, which, among other things, requested the production of all documents and communications concerning, reflecting, or evidencing Accounts (as defined below) maintained by the Debtor or Kossoff. The Subpoena also requested the production of electronically stored information in Microsoft Excel ("Excel") format. A copy of the Subpoena and the related affidavit of service is attached to this motion as **Exhibit C**.

Notwithstanding service of the Subpoena on AMEX pursuant to the Rule 2004 Order, the Trustee's written demands for compliance during the past months, and attempts to confer with AMEX by telephone, AMEX has failed to comply with its obligations pursuant to the Subpoena, the Rule 2004 Order, and the Bankruptcy Code. AMEX produced documents on January 14, 2022, in Adobe portable document format ("PDF"), but that production failed to include: written responses; a supporting declaration; and transactional information for the Accounts in Excel format. Moreover, AMEX redacted several pages of its document production despite never having obtained an order of this Court or permission from the Trustee to do so. As a result,

3

and as the Trustee has articulated to AMEX in writing, AMEX has knowingly violated this Court's orders.

For the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, compelling AMEX to fully comply with the Rule 2004 Order.

## JURISDICTION

1. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and rule-based predicates for this Motion are sections 105(a) and 542(e) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

## FACTUAL BACKGROUND

### I.  The Debtor's Bankruptcy Case

3. On April 13, 2021 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Involuntary Petition") against the Debtor in the above-captioned case (the "Chapter 7 Case") [Docket No. 1].

4. On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified. Berger Decl. ¶ 4.

5. On February 24, 2022, Mr. Togut held the meeting of creditors in this case pursuant to section 341 of the Bankruptcy Code and became the permanent Chapter 7 Trustee of the Debtor pursuant to Bankruptcy Code section 702(d). *Id.* ¶ 5.

4

6. On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 26] (the "Rule 2004 Motion").

7. On May 24, 2021, the Court entered the Rule 2004 Order, which authorized, *inter alia*, the Trustee "to issue subpoenas for the production of all books, records and documents . . . related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs . . . ." [Docket No. 27].

8. In addition to requiring the production of documents, the Rule 2004 Order also directed subpoena recipients to produce additional materials in support of their subpoena responses. In particular, the Rule 2004 Order directed subpoena recipients to produce written request-by-request responses ("Written Responses") to the subpoena as well as a declaration in support of the response to the subpoena (a "Supporting Declaration").[1]

9. The Rule 2004 Order also "enjoined and restrained [recipients of the Rule 2004 Order and a subpoena] from: . . . concealing . . . absent prior Order of this Court or prior written permission by the Trustee, or otherwise altering[,] any Books and Records, whether physical or electronic, related to the Debtor or its property . . ." Rule

---

[1] *See* Rule 2004 Order at 3 ("[O]n or before the response deadline provided in the Trustee's subpoena **or such other date to which the Trustee agrees or the Court may set for cause shown**, the responding party shall provide: (i) written responses to each of the requests contained in the subpoena; and (ii) a written declaration pursuant to 28 U.S.C. § 1746, attesting under the penalty of perjury that: (a) none of the Books and Records have been altered, modified, deleted, or otherwise destroyed; and (b) the responding party has made a diligent search and effort to locate and produce the documents and information requested by the subpoena and that the written response as to each individual request contained in the subpoena is true and complete to the best of the responding party's knowledge and belief.") (emphasis in original).

5

2004 Order at 2-3.[2] The *Final Order Granting Injunctive Relief*, which the Court entered after holding a final hearing to consider the injunctive relief requested in the Rule 2004 Motion, reiterated this injunction.[3] [Docket No. 62].

## II. The Trustee's Efforts to Obtain Discovery from AMEX

10. Information recovered from the Manhattan District Attorney and other persons indicate numerous transfers by the Debtor to AMEX and by AMEX to third parties on behalf of the Debtor. Consequently, discovery of documents and data from AMEX is an important part of the Trustee's investigation of the Debtor's affairs.

11. On July 28, 2021,[4] the Trustee served the Subpoena on AMEX which, among other things, requested the production of all documents and communications concerning, reflecting, or evidencing:

> any credit card merchant and other accounts maintained by the Debtor or Mitchell H. Kossoff, Esq. or under which Mitchell H. Kossoff was an authorized signatory at American Express and/or any of its Affiliates, whether individually or jointly with another Person, including, but not limited to, accounts (a) bearing account numbers ended ▇▇3001 or ▇▇4004, (b) associated with federal tax ID number ▇▇▇9487, or (c) associated with Social Security number ▇▇▇▇0763.

---

[2] The Rule 2004 Order defines "Books and Records" to mean "books, records, and documents, including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs." Rule 2004 Order at 2.

[3] "[A]ny recipient of this Order (and a subpoena issued by the Trustee pursuant to the Rule 2004 Order) [is] (a) enjoined and restrained from concealing . . . [or] otherwise altering any of the Books and Records, whether physical or electronic, related to the Debtor or its property . . . absent prior Order of this Court or prior written permission by the Trustee . . ." Final Order Granting Injunctive Relief at 3.

[4] The Trustee initially served a subpoena on AMEX on June 2, 2021, in response to which AMEX requested account numbers and tax ID numbers so that it could conduct a database search. The Subpoena, which was served on AMEX on July 28, 2021, included the additional requested identifying information.

collectively, the "Accounts".  *See* Berger Decl. ¶ 6;  Subpoena, Request No. 1; Subpoena, Definitions ¶ 2.

12.  The Subpoena also sought the production of electronically stored information in Excel format,[5] and fixed August 6, 2021 as the document production deadline.  *See* Subpoena at 1;  Subpoena, Instructions ¶ 8.

13.  AMEX's failure to comply with the Subpoena is nothing short of chronic indifference to this Court's orders and authority.

14.  On October 21, 2021, after having received no response from AMEX, the Trustee sent a demand letter (the "First Demand Letter") to AMEX, which demanded AMEX's response to the Subpoena by October 31, 2021.  *See* Ex. D-1;  Berger Decl. ¶ 7.

15.  On December 9, 2021, counsel for the Trustee and AMEX met and conferred regarding AMEX's response to the Subpoena.  The AMEX attorney involved in these discussions was Alexander Fink, Esq., the attorney of record for AMEX in the action styled as *American Express National Bank v. Mitchell Kossoff and Kossoff PLLC*, Index No. 159548/2021 (the "State Court Action").  The related complaint asserted claims for breach of contract, account stated, and unjust enrichment against the Debtor and Kossoff regarding to a Business Gold Reward Card credit card account.  *See* Berger Decl. ¶ 8.

16.  On January 3, 2022, the Trustee's forensic accountants received correspondence from AMEX advising that AMEX had no direct relationship with the Debtor and therefore had no documents responsive to the Subpoena.  *See id*. ¶ 9.

---

[5]  "Electronically stored information must be produced in both native and a searchable format, and data should be produced in Excel, unless we agree otherwise."  Subpoena, Instructions ¶ 8.

7

17. On January 5, 2022, the Trustee served an additional demand letter (the "Second Demand Letter") to AMEX and demanded AMEX's response to the Subpoena by January 15, 2022 and included a form of the Supporting Declaration for AMEX's execution. In the Second Demand Letter, the Trustee referenced Kossoff's AMEX account numbers as well as AMEX's allegations set forth in the State Court Action to challenge AMEX's assertion that it had no responsive documents. *See* Ex. D-2; Berger Decl. ¶ 10.

18. On January 14, 2022, the Trustee received a 3,644-page PDF file (the "AMEX Production") from AMEX consisting predominantly of credit card statements (the "Credit Card Statements"), which included transaction data for related accounts (the "Transaction Detail"). The Credit Card Statements set forth Transaction Detail for the accounts ending in the following account numbers: ▇1005 (in the name of HP Delivery Systems and Kossoff), ▇5015 and ▇3001 (in the name of Kossoff), ▇2008, ▇3006, and ▇4004 (in the name of the Debtor and Kossoff), and ▇4008 (in the name of Hi Powered Del Sys and Cary N Kadin) (collectively, the "Unredacted Accounts"). *See* Berger Decl. ¶ 11.

19. Also included in the AMEX Production were Credit Card Statements for accounts ending in ▇8001, ▇9009, ▇1006,[6] and ▇2004 (collectively, the "Redacted Accounts") for which the account holder names, Transaction Detail, and other information were redacted (the "Statement Redactions").[7] Of the 3,644 pages that

---

[6] The Trustee believes that account ending in ▇1006 is in the name of Kossoff's wife, Pamela Kossoff.

[7] The AMEX Production contained numerous inconsistencies. For example, AMEX produced credit card statements in their entirety, and in some cases, Transaction Detail for both Unredacted Accounts and Redacted Accounts were included in a single credit card statement. Additionally, AMEX left some Transaction Detail for Redacted Accounts unredacted if it mentioned Kossoff's name. For example, the Transaction Detail for the December 2015 statement for the Redacted Account ending ▇
...(continued)

8

comprise the AMEX Production, approximately 1,300 pages contain redactions. *See* Berger Decl. ¶ 12.

20. AMEX redacted information in the Credit Card Statements having neither obtained an order of this Court or the Trustee's prior written permission to do so. *See id.* ¶ 13.

21. The AMEX Production also omitted Excel files containing the Transaction Detail, and AMEX also failed to produce Written Responses and a Supporting Declaration (collectively, with the Statement Redactions and failure to produce Transaction Detail in Excel, the "Production Deficiencies"). *See id.* ¶ 14. AMEX never provided any explanation or justification for any of its Production Deficiencies. *See id.*

22. The redactions implemented by AMEX and its other failures to fully comply with the Subpoena materially increase the Trustee's burden to investigate the Debtor's financial affairs and increase the administrative expense of doing so. *See id.* ¶ 15.

23. The Togut Firm left voicemail messages with the AMEX Subpoena Response Unit and other personnel at AMEX on January 24, January 28, February 1, and February 23 of this year to arrange a meet and confer concerning the Production Deficiencies, but AMEX has not returned any of these calls. *See id.* ¶ 16.

24. On March 2, 2022, the Trustee served an additional discovery demand letter (the "Third Demand Letter")[8] on AMEX, which discussed each of the

---

█8001 left unredacted payments made by Kossoff against the balance of the account. This demonstrates to the Trustee the AMEX's actions to redact and alter documents was intentional.

[8] The First Demand Letter, Second Demand Letter, and Third Demand Letter are attached to this Motion as **Exhibit D**.

9

Production Deficiencies, demanded AMEX's response to the Subpoena by March 12, 2022 and included a form of the Supporting Declaration for AMEX's execution. AMEX failed to respond to the Third Demand Letter. *See* Ex. D-3; Berger Decl. ¶ 17.

## RELIEF REQUESTED

25. The Trustee seeks an order compelling AMEX to comply with its obligations under the Subpoena and Rule 2004 Order by curing all of the Production Deficiencies.

26. The Trustee seeks entry of the Proposed Order: (i) compelling AMEX to fully comply with the Rule 2004 Order and the Subpoena by producing (a) copies of the unredacted Credit Card Statements, (b) Transaction Detail in Excel format, (c) the Written Responses and Supporting Declaration, and (d) all other documents responsive to the Subpoena that have yet to be produced; and (ii) in the event that AMEX fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding AMEX in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.

## BASIS FOR RELIEF

**I.  AMEX Has Failed to Comply with the Subpoena
    and the Rule 2004 Order Without any Legal Justification**

27. AMEX's violations of the Subpoena and the Rule 2004 Order are continuing, clear and unequivocal. AMEX's decision to redact portions of the Credit Card Statements was unauthorized and violated the Court's injunction against the "concealing . . . absent prior Order of this Court or prior written permission by the

10

Trustee, or otherwise altering[,] any Books and Records, whether physical or electronic, related to the Debtor or its property . . ." Rule 2004 Order at 2-3.[9]

28.     Furthermore, AMEX is time-barred from requesting that the Court issue a protective order that would shield the redacted information from discovery. Federal Rule 45(d)(3)(A)[10] requires that a motion to quash or modify a subpoena be filed on a "timely motion." Here, the Subpoena was served twelve months ago and requested responses no later than August 6, 2021; thus, any motion to quash or modify the Subpoena would be untimely.

29.     Additionally, despite clear language in the Rule 2004 Order directing AMEX to provide the Written Responses and the Supporting Declaration, AMEX has failed to do so without explanation.

30.     Lastly, the Subpoena directed AMEX to produce the Transaction Detail in Excel format, which AMEX has failed to do, again without explanation. The Trustee's right to command the production of the Transaction Detail in Excel format is supported by Federal Rule 45 which provides that "[a] subpoena may command [the] production of . . . electronically stored information . . . ." and "specify the form or forms in which electronically stored information is to be produced." Federal Rule 45(a)(1)(C), (c)(2)(A). Moreover, to the extent that the receiving party objects to producing electronically stored information in the form or forms requested, it must serve an

---

[9]   The Rule 2004 Order and the Subpoena authorize a subpoena recipient to withhold the production of documents on the basis of an asserted privilege provided that the document and certain related information is disclosed on a privilege log in accordance with Bankruptcy Rule 7026. Rule 2004 Order at 3; Subpoena, Instructions ¶¶ 14-15. AMEX has not submitted a privilege log and the Trustee is not aware of any conceivable privilege that could apply to the financial records in its possession.

[10]  Federal Rule 45 is made applicable to this case by operation of Bankruptcy Rule 9016.

11

objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Federal Rule 45(d)(2)(B). No such objection was served by AMEX.

31. By operation of the Rule 2004 Order, the Subpoena, the Federal Rules, and the Bankruptcy Rules, AMEX has an obligation to produce the Credit Card Statements without redactions in Excel format and to provide the Written Responses and the Supporting Declaration. AMEX, however, has failed to do so. AMEX has refused to cure the Production Deficiencies despite the Trustee's repeated efforts to confer with AMEX via telephone and multiple requests to AMEX regarding the Production Deficiencies in written correspondence.

32. Based upon the foregoing, the Trustee respectfully submits that the Court should enter the Proposed Order because AMEX has failed to comply with its obligations under the Rule 2004 Order and the Subpoena, and has given no indication that it will comply absent an order compelling compliance.

## II. Curing the Production Deficiencies Is Necessary (a) for the Trustee's Investigatory Duties and (b) to Ensure the Integrity of the AMEX Production

33. Among the Trustee's duties is the duty to investigate the financial affairs of the Debtor. *See* 11 U.S.C. § 704(a)(4). In furtherance of this duty, the Court entered the Rule 2004 Order to authorize the Trustee to issue subpoenas for, among other things, the production of books, records, and documents. *See* Rule 2004 Order at 3. The Production Deficiencies have impaired the Trustee's ability to perform this duty.

34. The Trustee's investigation requires that he attain an understanding of how the Debtor managed its revolving debt, the persons to whom the Debtor and Kossoff transferred value, and the extent of those transfers. The Statement

Redactions impair the Trustee's ability to perform these investigatory duties because they conceal potentially critical financial transactions from view.

35. In addition, as the page count of the AMEX Production demonstrates, analyzing the volume of the Transaction Detail will require the functionality of special computer-based tools. Such tools are compatible with Excel files but not PDF files, and include, but are not limited to, filtering and sorting transaction data, performing mathematical calculations across multiple transactions, aggregating transactions by time period or payee, and preparing reports. Absent production in Excel, the Trustee will have to arrange for the Transaction Detail to be keyed in by hand, which would add unnecessary burden, administrative expense and further delay to the Trustee's investigation and invite potential inaccuracies in the recording of data. Accordingly, the production of the Transaction Detail in Excel format is essential to the Trustee's investigation.

36. The Written Responses and Supporting Declaration perform a different yet no less important function. Together they support the integrity of the AMEX Production because they will require an AMEX representative with knowledge to declare, under penalty of perjury, that none of the documents constituting the AMEX Production have been altered, modified, deleted, or destroyed, that AMEX has performed a diligent search for responsive documents, and that the Written Responses (which compel AMEX to declare whether any documents responsive to each request exist) are true and correct to the best of the representative's belief.

37. Taken together, the AMEX Production Deficiencies have impeded the Trustee's investigation of the financial affairs of the Debtor because they have kept hidden potentially significant transactions concerning the Debtor's assets, impaired the

13

Trustee's ability to analyze the Transaction Detail, and held the integrity of the AMEX Production in question.

### III. An Order Compelling AMEX's Compliance Is Appropriate Under the Circumstances

38. This Court has the express authority to compel compliance with its orders. *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) (recognizing that "it is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

39. Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance. Bankruptcy Rule 2004 states that the production of documents "may be compelled as provided in Rule 9016." Bankruptcy Rule 9016 provides that Federal Rule 45 applies in cases under the Bankruptcy Code.

40. Both section 105(a) of the Bankruptcy Code and Federal Rule 45 also provide independent bases for a finding of contempt and sanctions.

41. Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, which "inherently include[s] the ability to sanction a party." *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr. N.D.N.Y. Dec. 8, 2009) (internal quotations omitted) (quoting *Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1st Cir. 2008)); *see also Fatsis v. Braunstein (In re Fatsis)*, 405 B.R. 1, 11 (B.A.P. 1st Cir. 2009) (upholding bankruptcy court's imposition of

14

sanctions); *In re Thompson*, No. 06-32622, 2007 WL 2406886, at *2 (Bankr. N.D.N.Y. Aug. 21, 2007).[11]

42.  Alternatively, Federal Rule 45(g) provides that the "court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." When finding contempt, courts determine whether "the subpoena was clear and unambiguous, there is a clear and convincing proof of non-compliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard." *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see also In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same); *In re Consol. Meridian Funds*, No. 10-17952, 2013 WL 1501636, at *13-14 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

43.  In this case, the Court approved the issuance of the Subpoena and retained jurisdiction for all matters regarding the implementation of the Rule 2004 Order. Despite this unequivocal mandate, AMEX, a sophisticated financial institution, with actual knowledge of this Court's orders, has knowingly disregarded the unambiguous terms of the Subpoena and elected to disregard its discovery obligations. AMEX has not, and cannot, advance any claim of ambiguity.

44.  The information in the possession of AMEX is needed to timely identify potential intermediate and subsequent transferees and sources of the estate

---

[11] "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court. *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)). "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence." *Fatsis*, 405 B.R. at 10-11. "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'" *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D. Dist. Col. Sept. 29, 2008) (citation omitted).

15

assets. By failing to comply with the Subpoena, AMEX has knowingly defied the authority of this Court and its Rule 2004 Order. AMEX's unjustified failure and refusal to comply has and continues to cause prejudice to the Trustee and the Debtor's estate by impeding the Trustee's investigation of the Debtor's financial affairs and causing material increases to the costs of that investigation and the administration of the estate.

45. Moreover, section 542(e) of the Bankruptcy Code creates a statutory duty for AMEX to produce an unredacted copy of the Credit Card Statements because the Transaction Detail constitutes recorded information, documents, or records relating to the Debtor's property or financial affairs:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

46. A chapter 7 trustee steps into the shoes of the debtor once a bankruptcy case is commenced. *See, e.g., In re Rare Coin Galleries of Am., Inc.*, 862 F.2d 896, 901 (1st Cir. 1988); *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019); *Haigler v. Dozier (In re Dozier Fin., Inc.)*, No. 4:18-CV-1888-SAL-SVH, 2020 WL 1873993, at *2 n.3 (D.S.C. Feb. 3, 2020). Consequently, there can be no reasonable dispute concerning the Trustee's right to have the Production Deficiencies cured.

47. In the event that AMEX fails to fully comply with the Proposed Order, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause seeking a further order holding AMEX in contempt and imposing sanctions as "a remedial device intended to achieve full compliance with [the] court's order." *In re Butler*, 2008 WL 5076980 at *1.

16

48. Accordingly, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order compelling AMEX to comply with the Rule 2004 Order and the Subpoena.

## NOTICE

49. Notice of this Motion has been given to: (i) AMEX; (ii) the United States Trustee; (iii) the Manhattan District Attorney's Office; and (iv) all of the parties that filed a notice of appearance pursuant to Rule 9010(b) in this case. Local Bankruptcy Rule 9006-1(a) provides that, "*[u]nless the Court orders otherwise*, all [discovery-related motions] shall be served at least seven (7) days before the return date." Local Bankr. R. 9006-1(a) (emphasis added). The Trustee requests that this Court find that under the circumstances, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit A:** (i) compelling AMEX to fully comply with the Rule 2004 Order and the Subpoena by producing (a) unredacted copies of the Credit Card Statements, (b) Transaction Detail in Excel format, (c) the Written Responses and Supporting Declaration, and (d) all other documents responsive to the Subpoena that have yet to be produced; (ii) in the event that AMEX fails to fully comply with the Proposed Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding AMEX in civil contempt and imposing coercive civil sanctions until full compliance with the

Subpoena has been made; and (iii) providing such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
July 28, 2022

                                            Respectfully submitted,

                                            ALBERT TOGUT, not individually but
solely in his capacity as Chapter 7 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
BRIAN F. SHAUGHNESSY
JARED BORRIELLO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

18