UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
In re:                                                                                            Chapter 7

 KOSSOFF PLLC,                                                                      Case No. 21-10699 (DSJ)
                                              Debtor.
---------------------------------------------------------------- X

### ORDER COMPELLING AMERICAN EXPRESS TO COMPLY WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA

Upon the motion (the "Motion")[1] of Albert Togut, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order pursuant to sections 105(a) and 542(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"): (i) compelling AMEX to comply with the Rule 2004 Order and the Subpoena by producing (a) unredacted copies of the Credit Card Statements, (b) Transaction Detail in Excel format, (c) the Written Responses and Supporting Declaration, and (d) all other documents responsive to the Subpoena that have yet to be produced;  and (ii) in the event that AMEX fails to fully comply with this Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding AMEX in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made;  and upon the Berger Declaration submitted in support of the Motion;  and the Court having considered the Motion;  and no response or objection to the Motion having been filed;  and the Trustee, by his

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

attorneys, the Togut Firm, having filed a certificate of no objection pursuant to LBR 9075-2; and it appearing that good and sufficient notice of the Motion and the hearing to consider the Motion (the "<u>Hearing</u>") were given by the Trustee and that no other or further notice is required; and upon the record made by the prior pleadings and proceedings had herein; and it further appearing that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein; and after due deliberation thereon,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. **<u>Jurisdiction and Venue</u>.** This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. **<u>Statutory Predicates</u>.** The predicates for the relief sought in the Motion are sections 105(a) and 542(e) of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Federal Rule 45.

C. **<u>Notice</u>.** As evidenced by the affidavit of service filed with this Court: (i) under the circumstances of this case, proper, timely, adequate, and sufficient notice of the Motion and Hearing has been provided; and (ii) no other or further notice need be provided.

D. **<u>Opportunity to Object</u>.** A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein was given by the Trustee.

E. **<u>The Rule 2004 Order</u>.** On May 24, 2021, this Court entered the Rule 2004 Order, which among other things, requires the recipients of subpoenas to produce unaltered responsive documents to the Trustee, Written Responses, and a Supporting Declaration.

F. **The Subpoena.** On July 28, 2021, the Trustee served the Subpoena on AMEX and demanded that AMEX produce unaltered responsive documents on or before August 6, 2021. ~~The Rule 2004 Order and the Subpoena are clear and unambiguous.~~ **[DSJ 8/24/2022]**

G. **Noncompliance with the Rule 2004 Order and the Subpoena.** The Berger Declaration demonstrates that AMEX has failed to fully comply with the Rule 2004 Order and the Subpoena despite being given an adequate opportunity to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections and responses to the Motion**, if any,** which are not otherwise expressly resolved herein are overruled. **[DSJ 8/24/2022]**

3. AMEX has failed to fully comply with the Subpoena and the Rule 2004 Order, and AMEX has failed to articulate a permissible basis for its failure to fully comply with the Subpoena and the Rule 2004 Order.

4. The Trustee shall serve a copy of this order upon AMEX by First Class mail within two (2) business days after the date of entry of this Order.

5. AMEX is directed to comply with the terms of the Subpoena and the Rule 2004 Order by, not later than ten (10) days from the date hereof, producing (a) unredacted copies of the Credit Card Statements, (b) Transaction Detail in Excel format, (c) the Written Responses and Supporting Declaration, and (d) all other documents responsive to the Subpoena that have yet to be produced.

6. In the event that AMEX fails to fully and timely comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a

hearing to determine why AMEX should not be held in contempt and why the Court should not impose sanctions to compel AMEX's compliance with the Rule 2004 Order and the Subpoena. **Prior to submitting any such proposed order to show cause, the Trustee shall make reasonable efforts to contact AMEX or Its counsel in this matter, and to meet and confer In good faith regarding compliance with the Rule 2004 Order and the Subpoena.  [DSJ 8/24/2022]**

7. The Court shall conduct a status conference concerning AMEX's compliance with this Order (the "Status Conference") on October 6, 2022 at 10:00 a.m. (Prevailing Eastern Time).

8. The Status Conference shall take place via Zoom for Government.  Those wishing to appear before the Court at the Status Conference must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Status Conference.

9. Entry of this Order is without prejudice to the Trustee's rights to seek other or different documents from AMEX or from any other person.

10. This Court retains exclusive jurisdiction regarding the implementation and interpretation of this Order.

Dated: New York, New York
      August 24, 2022

                                              *s/ David S. Jones*
                                              Honorable David S. Jones
                                              United States Bankruptcy Judge