**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X
: 
      In the Matter                               :      Chapter 7
:
         -of-                                    :
:      Case No.: 21-10699 (DSJ)
KOSSOFF PLLC,                     :
:
                    Debtor.     :
:
-------------------------------------------------------------- X

**ORDER APPROVING THE SALE OF**
**CONDOMINIUM LOCATED AT UNIT I-9, TWIN LIGHTS**
**TERRACE CONDOMINIUM, HIGHLANDS, NEW JERSEY FREE**
**AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

Upon the application (the "Motion")[1] of Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate of Kossoff PLLC (the "Debtor"), the debtor in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for an order (this "Order") pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, Local Bankruptcy Rule 6004-1 and General Order M-383, approving (a) the sale of the condominium (the "Sale") located at Unit I-9, Twin Lights Terrace Condominium, Highlands, New Jersey (the "Condominium") to the Buyers free and clear of liens, claims, encumbrances and other interests pursuant to the terms of the Purchase Agreement, a copy of which is attached to the Motion as **Exhibit C**, (b) the form and manner of notice of the Sale Hearing as set forth in the Motion, and (c) granting related relief; and upon the Berger Declaration and the response filed by the Borough of Highlands ("Highlands") [Docket No. 434] (the "Highlands Response"); **and upon the filing of a Certificate of No Objection [Docket No. 436]**; and the Court having reviewed the Motion, the Berger Declaration, the Purchase Agreement, the Highlands Response, and having heard the Trustee, by his attorneys, the Togut Firm, during the October 6, 2022 hearing to consider the Motion (the "Hearing"); and

---

[1] Capitalized terms that are not defined herein shall have the meanings ascribed to them in the Motion.

this Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this Chapter 7 Case and the Motion being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that good and sufficient notice of the Motion, the Sale and the Hearing was provided by the Trustee and that no further notice is required; and upon the record made during the Hearing and all prior pleadings and proceedings had herein; and after due deliberation and sufficient cause being shown therefor;  **[DSJ 10/6/22]**

### IT IS HEREBY FOUND AND DETERMINED THAT:

A. The statutory predicates for the relief sought in the Application are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004 and Local Bankruptcy Rule 6004-1.

B. Proper, timely, adequate and sufficient notice of the Motion, the relief requested therein, the Hearing, the Sale, and the transaction described in the Purchase Agreement has been provided by the Trustee in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C. Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to object or be heard regarding the Motion and the relief requested therein.

D. The Trustee has authority to consummate the Sale in a private sale pursuant to Bankruptcy Rule 6004(f)(1) and Local Bankruptcy Rule 6004-1, and no consents or approvals, other than those expressly provided for in the Purchase Agreement and this Order, are required for the Trustee to consummate the Sale.

E. Approval of the Purchase Agreement and consummation of the Sale are in the best interests of the Debtor's estate, its creditors, and other parties-in-interest.

F. The Trustee has demonstrated (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to sections 363(b) and (f) of the Bankruptcy Code. The Trustee has sufficiently demonstrated that a private

2

sale of the Condominium without soliciting competing offers is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest and the Tenant Offer represents the best offer under the circumstances of the Chapter 7 Case.

        G.        The Purchase Agreement was negotiated, proposed and entered into by and between the Trustee and the Buyers without collusion, in good faith, and from arm's-length bargaining positions. Neither the Trustee nor the Buyers have engaged in any conduct that would cause or permit the avoidance of the Purchase Agreement or the consummation of the Sale, or the imposition of costs or damages under section 363(n) of the Bankruptcy Code.

        H.        The Buyers are good faith purchasers under section 363(m) of the Bankruptcy Code and, as such, are entitled to all of the protections afforded thereby in that: (a) the Buyers recognized that the Trustee was free to deal with any other party interested in a transaction regarding the Sale; (b) the Buyers agreed to provisions in the applicable Purchase Agreement to consummate the private sale of the Property; (c) the Buyers made the best offer in respect of the Sale under the circumstances of this Chapter 7 Case; (d) all payments to be made by or to the Buyers and other agreements or arrangements entered into by the Buyers in connection with the Sale are set forth in the Purchase Agreement and the Motion; and (e) the negotiation and execution of the Purchase Agreement were in good faith and constitute arm's-length transactions between the Buyers and the Trustee. The Buyers have acted in good faith and will continue to act in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale contemplated by the Purchase Agreement.

        I.        The terms and conditions of the Purchase Agreement are fair and reasonable. The consideration provided by the Buyers for the Condominium pursuant to the Purchase Agreement is (i) fair and reasonable, (ii) the best offer for the Condominium under the circumstances of this Chapter 7 Case, (iii) will provide a greater recovery for the Debtor's estate than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

J.      The amount of the Purchase Price for the Condominium exceeds the amounts of the claims that are secured by the known liens and encumbrances against the Condominium.

K.      Select Portfolio Servicing, Inc. (the "Mortgage Servicer") is the servicing agent for DLJ Mortgage Capital, Inc., as assignee of HOF I Legal Title Trust 1, which holds the first mortgage on the Condominium.  Highlands is the local taxing authority for real property taxes related to the Condominium.

L.      Neither the Trustee nor the Buyers are or will be liable to any agent, broker, person or firm acting or purporting to act on behalf of either the Trustee or the Buyers for any commission, broker's fee or finder's fee respecting the Sale.

M.      The Condominium constitutes property of the Debtor's estate.  The Trustee is the sole and lawful owner of the Condominium and holds good title thereto.  The transfer of the Condominium by the Trustee to the Buyers will be a legal, valid, and effective transfer of the Condominium, and will vest the Buyers with all right, title, and interest of the Trustee in and to the Condominium free and clear of all liens, claims, interests, obligations, rights, charges and encumbrances as provided in the Purchase Agreement.  After the closing of the Sale under the Purchase Agreement, the Buyers shall have no liability for any claims asserted against or liabilities of the Debtor or its estate that do not arise from or are related to the Condominium.

N.      The Trustee may sell the Condominium free and clear of all, liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in Section 101(5) of the Bankruptcy Code), charges, options, rights of first refusal, easements, servitudes, transfer restrictions under any agreement, judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, obligations, guaranties, options, contractual commitments, restrictions, environmental liabilities, options to purchase, and options, in each case of whatever kind, nature, or description in, against or with respect to the Condominium, having arisen, existed or accrued prior to and through the closing of

the Sale, whether direct or indirect, absolute or contingent, choate or inchoate, fixed or contingent, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute or otherwise and whether arising prior to, on or after the Petition Date (collectively, "Liens, Claims and/or Interests") because one or more of the standards set forth in section 363(f)(1)–(5) have been satisfied with regard to each such Lien, Claim and/or Interest. Those non-debtor parties with Liens, Claims and/or Interests in or with respect to the Condominium who did not object, or who withdrew their objections to the Sale or the Motion, are deemed to have consented to the Sale of the Condominium free and clear of those non-debtor parties' Liens, Claims and/or Interests in the Condominium pursuant to section 363(f)(2) of the Bankruptcy Code. Those non-debtor parties with Liens, Claims and/or Interests in or with respect to the Condominium who objected to the Motion, but who did not withdraw any such objection, can be compelled to accept a monetary satisfaction of their liens, claims or interests within the meaning of Section 363(f)(5) of the Bankruptcy Code.

O.  The Sale of the Condominium is exempt from any and all real estate transfer taxes, as it is a conveyance pursuant to the Bankruptcy Code by a Chapter 7 trustee in accordance with the real property transfer tax exemptions under New Jersey law set forth in N.J. Rev. Stat. § 46:15-10 (2021). Neither the Trustee nor the Buyers shall be responsible for any real property transfer taxes under N.J. Rev. Stat. § 46:15-10 (2021).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.  The Motion is GRANTED to the extent set forth herein.
2.  The findings of fact set forth above and conclusions of law set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this Chapter 7 Case pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to

the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice, and in each case, all parties which asserted such objections and reservations of rights are enjoined from taking any action against the Buyers or any other purchaser of the Condominium, their affiliates or any agent of the foregoing in any manner including, without limitation, to recover any claim which such person or entity has solely against the Debtor or its estate.

**Approval of the Purchase Agreement**

4. The Sale and all of the terms and conditions and transactions contemplated by the Purchase Agreement are hereby authorized and approved pursuant to sections 105(a) and 363 of the Bankruptcy Code.

5. Pursuant to section 363 of the Bankruptcy Code, the Trustee is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement and shall at all times act in accordance with the terms thereof and this Order.

6. The Trustee is authorized to expend such funds, and he and his retained attorneys are authorized to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary, convenient or desirable to implement the Purchase Agreement and consummate the Sale pursuant thereto and effectuate the provisions of this Order and the transaction approved hereby, and to take all other actions as may be necessary for the purpose of assigning, transferring, granting, conveying and conferring to the Buyers, the Condominium, as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and this Order.

**Transfer of the Condominium**

7. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing of the Sale (the "Closing"), the Condominium (and good and marketable title to such) and all of the attendant respective rights, title and interest therein shall be transferred to the Buyers free and clear of all Liens, Claims and/or Interests, including, without limitation, tax liens, with all such Liens, Claims and/or Interests to attach to the net cash proceeds of the Condominium in the order of their priority, with the same validity, force and effect which they now have as against the Condominium, subject to any claims and defenses, setoffs or rights of recoupment that the Trustee or the Debtor's estate may possess with respect thereto.

8. Only to the extent expressly provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens, Claims and/or Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Trustee, the Debtor's estate and/or the Condominium arising or accruing under or out of, in connection with, or in any way relating to, the Trustee, the Debtor's estate, the Property, or the transfer of the Condominium to the Buyers, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens, Claims and/or Interests against the Condominium, the Buyers or any of the Buyers' successors or assigns.  Following the Closing under the Purchase Agreement, no holder of a Lien, Claim and/or Interest, including, without limitation, DLJ Mortgage Capital, Inc., the HOF 1 Legal Title Trust 1, the Mortgage Servicer, and the Twin Lights Terrace Condominium Association, shall interfere with the Buyers' title to or use and enjoyment of the Condominium based on or related to such Lien, Claim and/or Interest or any actions that the Trustee has taken or may take in this Chapter 7 Case.  Effective upon the Sale closing, the Buyers shall have no liability for any Claims (as defined in section 101(5) of the Bankruptcy Code) against the Trustee or the estate concerning the Condominium.

9. The transfer of the Condominium to the Buyers pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Condominium, and shall vest the Buyers with all right, title, and interest of the Trustee in and to the Condominium.

**Additional Provisions**

10. Without limiting the other terms of this Order, prior to or upon the closing of the Sale, each entity holding a Lien, Claim and/or Interest in the Condominium is authorized and directed to execute such documents and take all other actions as may be necessary to release their interests, if any, in the Condominium as such Liens, Claims and/or Interests may have been recorded or may otherwise exist. This shall be (a) effective as a determination that, upon the closing of the Sale, all Liens, Claims and/or Interests existing with respect to the Condominium prior to the closing of the Sale have been unconditionally released, discharged and terminated as to the Buyers and the Condominium, and that the conveyances described herein have been effected, and (b) binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Condominium.

11. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Purchase Agreement.

12. At the Closing, (a) Mortgage Servicer shall be paid the amount of its payoff pursuant to a payoff letter which shall be issued and provided for the Closing, (b) the claim that is secured by the Condo Association Lien will be satisfied from the proceeds of the Sale, subject to confirmation of the balance owed, and (c) the real property taxes and sewer fees

set forth in the Highlands Response shall be paid to Highlands from the proceeds of the Sale, subject to confirmation of the balance owed by the Debtor's estate.

          13.    Without limiting the other provisions of this Order, if any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens or other documents or agreements evidencing interests with respect to the Condominium shall not have delivered to Trustee prior to the Sale closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Condominium or otherwise, then (a) the Trustee and his retained attorneys are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Condominium and (b) the Buyers and/or the Trustee are hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims and/or Interests in, against or with respect to the Condominium. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

          14.    The Condominium shall be conveyed by the Trustee to, and accepted by the Buyers "AS IS", "WHERE IS", "WITHOUT FAULTS", "WITHOUT ANY EXPRESS OR IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND", except as expressly provided in the Purchase Agreement and this Order. Without limiting the generality of the foregoing, neither the Trustee nor any other person or entity makes any warranty or representation regarding the condition, working order, existence, quantity or location of such assets, and the Buyers shall have no recourse and may not assert any claim against the Trustee, or his representatives, based on any such warranty or representation.

          15.    The Court retains exclusive jurisdiction to enforce and implement this Order, the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all

respects including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order and the Purchase Agreement, (b) resolve any dispute, controversy or claim arising under or related to the Purchase Agreement, or the breach thereof and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

16. Entry of this Order shall in no way impair the ability of the Court, United States Trustee, or Trustee to implement or enforce other orders of the Court entered in the Chapter 7 Case, and all such orders shall continue in full force and effect.

17. The Sale contemplated by the Purchase Agreement is undertaken by the Buyers in good faith, as that term is used in section 363(m) of the Bankruptcy Code. The Buyers are purchasers in good faith of the Condominium and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Buyers.

18. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the Debtor's estate, the Buyers, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's estate's creditors, and all persons and entities receiving notice of the Notice, and/or the Hearing notwithstanding any subsequent appointment of any examiner(s) or receiver(s) under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, or any examiner(s) or receiver(s).

19. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

20. The Purchase Agreement and any related agreements, documents, or other instruments, if any, may be further modified, amended, or supplemented by the parties thereto, in

a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

21. Notwithstanding Bankruptcy Rule 6004(h) or any other Bankruptcy Rules or Local Bankruptcy Rules, this Order shall be effective and enforceable immediately upon its entry and its provisions shall be self-executing. Any party objecting to this Order must exercise due diligence in filing an appeal and seeking a stay prior to the closing of the Sale or risk its appeal being foreclosed as moot.

DATED:  New York, New York
        October 6, 2022

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE