TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Minta J. Nester

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
|  | : |  |
| KOSSOFF PLLC, | : | Case. No. 21-10699 (DSJ) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------ X

|  |  |  |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : | |
|  | : | |
| Plaintiff, | : | Adv. Pro. No. 22-_____ (DSJ) |
|  | : | |
| v. | : | |
|  | : | |
| ROC LE TRIOMPHE ASSOCIATES LLC, HAMPTON MANAGEMENT CO., LLC, and MITCHELL H. KOSSOFF, | : | |
|  | : | |
| Defendants. | : | |

------------------------------------------------------------ X

## COMPLAINT

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Plaintiff" or the "Trustee") of the estate of Kossoff PLLC (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, hereby makes this complaint (the "Complaint") against Hampton Management Co., LLC ("Hampton"), Roc Le Triomphe Associates LLC ("Roc"), and Mitchell H. Kossoff ("Kossoff," and together with

Hampton, "<u>Defendants</u>"), and in support thereof respectfully alleges the following upon information and belief:

<u>SUMMARY OF THE ACTION</u>[1]

1.    Prior to being disbarred and sent to prison on May 6, 2022 for stealing millions of dollars from the Debtor and dozens of the Debtor's clients, Kossoff was a prominent real-estate attorney in New York City and served as the sole managing member of the Debtor.

2.    For years, Kossoff used funds in the Debtor's bank accounts to pay the monthly rent for his personal family residence.  This obligation – which, at one point, exceeded $19,000 per month – was that of Kossoff and Kossoff alone.  The Debtor never had any contractual or legal obligation to make payments to Kossoff's personal apartment landlord.  Those funds belonged to the Debtor and should have been available to the Debtor's creditors.

3.    The Avoidable Transfers made to and for the benefit of Defendants, which total not less than $1,616,797.55, neither conferred a benefit to the Debtor nor advanced any legitimate business purpose for the Debtor.

4.    For the benefit of the Debtor's estate, the Trustee commences this adversary proceeding to avoid and recover the Debtor's transfers to and for the benefit of Defendants as fraudulent conveyances or, in the alternative, as preferential transfers; and (b) to disallow any claims filed by Defendants in the Debtor's above-captioned Chapter 7 case (the "<u>Chapter 7 Case</u>").

---

[1]    Capitalized terms used in this section but not defined shall have the meanings ascribed to such terms where defined in subsequent sections of this Complaint.

## THE PARTIES AND RELEVANT NON-PARTIES

5.      Plaintiff is the Chapter 7 Trustee of the Debtor.

6.      The Debtor is a New York professional limited-liability company that, prior to April 13, 2021 (the "Petition Date"), operated as a law firm located at 217 Broadway, Suite 401, New York, New York 10007.

7.      The Debtor's Articles of Organization were filed with the New York Secretary of State on December 6, 2013.

8.      From its inception until the Petition Date, the Debtor served clients in New York City's real estate industry.

9.      Prior to the Petition Date, Defendant Kossoff was an attorney licensed to practice in the State of New York, and specialized his law practice in structuring and negotiating real-estate transactions.

10.      Kossoff has been disbarred and he is now incarcerated, serving a jail term of 4.5 years to 13.5 years, based on his own admission that he stole more than $14 million from the Debtor, its clients and others.

11.      Over the course of his career, Kossoff was the sole member of several law firms bearing his name, including: (1) Kossoff, Alper & Unger; (2) Kossoff & Unger; and (3) the Debtor.

12.      Kossoff, Alper & Unger and Kossoff & Unger ceased to operate as law firms prior to the Debtor's formation and incorporation in December 2013.

13.      Kossoff is, and always has been, the Debtor's sole member and an "insider" of the Debtor as that term is defined in section 101(31) of title 11 of the United States Code (the "Bankruptcy Code").

14.      Defendant Roc is a limited liability company organized and existing under the laws of New York.

15.    Upon information and belief, Defendant Roc is an affiliate of the Olnick Organization ("Olnick"), a New York-based real estate developer.

16.    Defendant Hampton is a limited liability company organized and existing under the laws of New York.

17.    Upon information and belief, Defendant Hampton was, at all times relevant herein, property manager for Olnick.

<u>JURISDICTION AND VENUE</u>

18.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's *Amended Standing Order of Reference, M-431* dated January 31, 2012, which refers such proceedings to this Court.

19.    This Adversary Proceeding is commenced pursuant to sections 502(d), 544, 547, 548, and 550 of the Bankruptcy Code;  Rules 3007, 6009, and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");  sections 273, 274, 275, 276, 276-a, 278, and 279 of the New York Debtor & Creditor Law as applicable to transactions occurring before April 4, 2020;  sections 273, 274, and 276 of the New York Debtor & Creditor Law as applicable to transactions occurring on or after April 4, 2020 (the "NYUVTA");  and sections 3304 and 3306 of title 28 chapter 176 of the United States Code (the "FDCPA").

20.    This Adversary Proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H), and (O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment herein.  In the event that this Court or any other court finds any part of this Adversary Proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding

under 28 U.S.C. § 1334 because the relief sought herein relates to the Chapter 7 Case and

will have a material impact on the administration of the Debtor's estate.

21.     Plaintiff consents to entry of final orders and judgments by this

Court in this Adversary Proceeding pursuant to Bankruptcy Rule 7008.  Plaintiff also

consents to entry of final orders or judgments by this Court if it is determined that this

Court, absent consent of the parties, cannot enter final orders or judgments consistent

with Article III of the United States Constitution.

22.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because

this Adversary Proceeding arises in, and is related to, the Chapter 7 Case.

## FACTUAL ALLEGATIONS

### I.      Kossoff's Personal Apartment Lease

23.     On or about March 1, 2008, Roc and Kossoff entered into a lease (as

may have been modified, extended, supplemented, or amended, the "Lease") pursuant

to which Roc leased an apartment in the residential "Le Triomphe" building to Kossoff

in New York, New York (the "Apartment").

24.     Kossoff signed the lease in his individual capacity.

25.     Defendant Roc owned the "Le Triomphe" building at all relevant

times and Defendant Hampton provided management services to Roc.

26.     Kossoff was the tenant of the Apartment, and, as set forth in the

Tenant Information Sheet, the Apartment was the primary residence of Kossoff's

immediate family members.

### II.     Extensions of the Lease

27.     In January 2019, Kossoff and Hampton, on behalf of Roc, executed

a two-year extension of the Lease (the "Two-Year Extension").

28.     Kossoff signed the Two-Year Extension in his individual capacity.

29.     In the Two-Year Extension, Kossoff confirmed to Defendants
Hampton and Roc that there had been no change in the occupancy of the apartment
form the commencement date of the Lease and that, absent written notification to the
contrary, "the individual(s) named in the Lease as occupant(s) of the apartment shall
continue to be the only occupant(s) of the apartment during the Term Extension
Period."

30.     The Tenant Information Sheet that accompanied the Two-Year
Extension provides: "Tenant hereby promises to inform the Landlord if and when any
family member of his/her moves into the apartment, as well as the circumstances
surrounding such occupancy [sic]."

31.     Pursuant to the Two-Year Extension, Kossoff's rent during the
extension period was: (a) $19,482 per month for the period March 1, 2019 to February
28, 2020; and (b) $19,291 per month for the period March 1, 2020 and February 28, 2021.

32.     The Two-Year Extension required Kossoff to make monthly rent
payments in the same manner as provided by the Lease.

33.     In or around December 2020, prior to the expiration of the Two-
Year Extension, Kossoff requested a three-month rent credit spread over the term of a
new fifteen-month renewal.

34.     In his communications with Hampton representatives, Kossoff
indicated that while rent had been paid during the month it was due, he requested a
late fee waiver such that would reflect "no late charges will be assessed if rent is paid
within the month it is due."

35.     On or about March 11, 2021, in connection with the negotiation of a
further extension of the Lease, Kossoff told an Olnick representative that "the required
payment upon extension execution in Paragraph '7' of $36,012.89 should be changed to

the lesser sum of $35,417.06" (the "Extension Payment").

36.    Upon information and belief, a seventeen-month extension of the Lease was executed by Kossoff, in his individual capacity, in or around February 2021 (the "Seventeen-Month Extension").  The Seventeen-Month extension was set to expire on July 31, 2022.

37.    The Seventeen-Month Extension provided that monthly rent would be $19,291 per month.

38.    Upon information and belief, contemporaneously with the execution of the Seventeen-Month Extension, the parties signed a Rent Concession Agreement in the amount of $43,674.75, which provided:

> Provided that the tenant has not been in monetary or material default of any of the terms and conditions of the Lease Agreement during the Term period, including, without limitation, any and all riders attached thereto, the Base rent shall be abated monthly, starting in the first full month of the lease, **March 1, 2021** until **July 31, 2022** in an amount totaling **$2,569.11**.

39.    Pursuant to the Rent Concession Agreement, if Kossoff was in default during the term of the Lease, he would no longer be entitled to the rent concession and any rent concession previously deducted from the total monthly rent would become immediately due and payable by Kossoff.  In addition, Kossoff would not be entitled to any further rent concessions.

**III.    Kossoff Uses Debtor Funds to Pay Rent on the Apartment**

40.    Since at least 2014 and continuing until the eve of bankruptcy, Kossoff caused the Debtor to make improper payments to and for the benefit of Defendants, both directly and indirectly, from Debtor's bank accounts (collectively, the "Direct Payments").

41.     For example, Kossoff caused the Debtor to make direct payments from the Debtor's bank account to both Defendants, including:

(a)     A direct transfer of $34,417.06 to Defendant Roc just prior to the Petition Date on March 19, 2021;  and

(b)     Direct transfers totaling $904,882 to Defendant Hampton.

A schedule listing Direct Payments is attached hereto as **Exhibit 1** and is incorporated by reference as if fully set forth herein.

42.     The direct transfer to Defendant Roc was made days after Kossoff emailed the Olnick representative concerning the Extension Payment in the identical amount.

43.     Kossoff also caused the Debtor to make indirect payments to and for the benefit of Defendant Hamptons and Roc, whereby Kossoff would first transfer funds from the Debtor's bank accounts to his personal bank accounts (collectively, the "Indirect Payments" and together with the Direct Payments, the "Avoidable Transfers").

44.     A schedule listing the Indirect Payments, totaling $676,498.49 is attached hereto as **Exhibit 2** and is incorporated by reference as if fully set forth herein.

45.     As set forth in **Exhibit 2**, it was not uncommon for the Debtor to make transfers to Kossoff on the same day that Kossoff paid his monthly rent to Hampton.  For example:

a.  On July 31, 2020, the Debtor transferred $19,200 to a personal bank account maintained by Kossoff, and Kossoff paid the monthly rent contemplated by the then-applicable Two-Year Extension, $19,182.66, to Hampton that same day;  and

b.  On September 30, 2020, the Debtor transferred $19,300 to a personal bank account maintained by Kossoff,

and Kossoff paid monthly rent in the amount of $19,182.66 that same day.

46.     In total, the Debtor made payments to and for the benefit of Defendant Roc in the amount of $34,417.06 directly from the Debtor's accounts. *See* Ex. 1.

47.     In addition, the Debtor made payments totaling $1,581,310.51 to Defendant Hampton, consisting of $904,812 of Direct Payments and $676,498.49 in Indirect Payments. *See* Exs. 1-2.

## IV.     The Debtor's IOLA Accounts

48.     Like other law firms in the State of New York, the Debtor was obligated to maintain, and at all relevant times, did maintain, in separate bank accounts: (1) funds that had been paid by the Debtor's clients as retainers for legal services to be rendered by the Debtor;  and (2) funds that the Debtor otherwise held in trust for its clients.

49.     Under New York law, law firms are required to segregate such escrow accounts from the firm's own accounts, and lawyers are strictly prohibited from using such escrowed funds unless and until the funds have been earned and deposited into the firm's/lawyer's own accounts.  Any interest or dividends that accrue on funds held in the segregated escrow accounts are the property of the client.

50.     The Debtor maintained what are known as Interest on Lawyer Account ("IOLA") accounts to purportedly safeguard such client funds.

51.     Under New York law, when a lawyer or a law firm receives funds from a client in a fiduciary capacity and the lawyer determines that the funds are unlikely to generate sufficient interest income to justify the expense of administering a segregated account for the client's benefit, the lawyer must deposit such funds into his

IOLA account.  Any interest or dividends that accrue on funds held in IOLA accounts
are themselves segregated and periodically provided to the New York Interest on
Lawyer Account Fund (the "IOLA Fund"), a New York government entity that
distributes funds for the provision of basic legal services to the State's poor.

52.    At all relevant times, Kossoff improperly used the Debtor's IOLA
accounts as if they were common depositories of not only Debtor-client funds, but also
his personal funds, loan proceeds, among other types of funds.

53.    Kossoff regularly deposited non-client funds into the Debtor's
IOLA accounts.  Kossoff also regularly transferred funds from the Debtor's IOLA
accounts to and for the benefit of parties other than the Debtor's clients and the IOLA
Fund, including himself and his family members.

54.    For example, between February 2017 and the Petition Date, Kossoff
deposited at least $51,000 from his personal checking accounts into the Debtor's IOLA
accounts, and he caused the Debtor to transfer at least $136,000 from the Debtor's IOLA
accounts into his personal checking accounts.

55.    In addition, the Debtor paid $205,000 to Phyllis Kossoff, Kossoff's
mother, from the Debtor's IOLA accounts on account of Kossoff's personal obligations
to her during the period of March 2014 through May 2018.  A schedule of the deposits
and transfers is annexed hereto as **Exhibit 3** and is incorporated by reference as if fully
set forth herein.

56.    Moreover, Kossoff regularly caused the Debtor to transfer funds
from its IOLA accounts to its operating accounts without client authorizations.

57.    In his May 2022 Plea Agreement (the "Plea Agreement") with the
Manhattan District Attorney, Kossoff admitted that:

a.  From at least December 2017 to April 2021, I was an attorney licensed to practice in New York and the sole member of Kossoff PLLC, a law firm located in Manhattan.  Part of my law firm's business was to collect and hold funds in trust for my clients and other individuals involved in matters relating to my clients.  I did not have permissions or authority to disburse the funds without authorization from the relevant parties to do so.

b.  . . . I admit that, from on or about December 21, 2017 to on or about April 9, 2021, in the County of New York, I engaged in a systematic ongoing course of conduct with the intent to defraud more than one person and to obtain property from more than one person by false or fraudulent pretenses, representations, or promises.  In doing so, I obtained more than $1,000 from such person.  In particular, I defrauded multiple clients, by falsely representing that certain funds would be held in escrow and, notwithstanding those representations, intentionally causing unauthorized and impermissible disbursement of those funds.

A copy of the Plea Agreement is annexed hereto as **Exhibit 4**.

58.  The Appendix to the Plea Agreement lists 35 persons and entities from whom Kossoff stole in total approximately $14.5 million, including amounts stolen from the Debtor's IOLA accounts.

59.  However, the Trustee's investigation to date, including his review of claims filed in the Chapter 7 Case and in other litigations against Kossoff and the Debtor, has revealed that Kossoff stole approximately $18.5 million from the Debtor's clients.

60.  As a result of the commingling of funds in the Debtor's IOLA accounts, transfers from the IOLA accounts constitute transfers of funds in which the Debtor had an interest.

**V.    The Debtor Received No Value for**
**Making the Avoidable Transfers to Defendants**

61.    The Debtor received no value or benefit in exchange for the

Avoidable Transfers to Roc and Hampton.

62.    The Debtor is not an obligor under the Lease, and the Lease did not

advance any legitimate business purpose for the Debtor.

63.    Kossoff also received the value of the Avoidable Transfers.  He

personally benefitted by being relieved of his personal obligations to pay his rent

obligations under the Lease, all at the expense of the Debtor and its creditors.

**II.    The Debtor Was Insolvent, Had an Unreasonably Small**
**Capital Base, and Incurred, and Intended to Incur, Debts Beyond**
**the Debtor's Ability to Repay the During the Relevant Time Period**

64.    The Debtor's books and records demonstrate that the Debtor was

insolvent no later than December 31, 2013 and remained insolvent at all relevant times

thereafter until the Petition Date, by any measurement of insolvency.

65.    The following balance-sheet analysis of the Debtor's assets and

liabilities based upon the Debtor's records demonstrates the Debtor's insolvency:

| DATE | ASSETS | LIABILITIES | NET ASSETS |
|---|---|---|---|
| 12/31/2013 | $572,508 | $2,840,663 | ($2,268,155) |
| 06/30/2014 | $233,469 | $2,844,222 | ($2,610,752) |
| 12/31/2014 | $843,893 | $2,804,103 | ($1,960,210) |
| 01/26/2015 | $585,160 | $3,220,650 | ($2,635,490) |
| 06/30/2015 | $1,367,474 | $5,432,675 | ($4,065,201) |
| 12/31/2015 | $770,028 | $7,386,390 | ($6,616,362) |
| 06/21/2016 | $1,009,438 | $7,850,757 | ($6,841,319) |
| 06/30/2016 | $757,104 | $8,829,352 | ($8,072,248) |
| 12/31/2016 | $1,310,242 | $11,800,038 | ($10,489,796) |
| 06/30/2017 | $1,377,668 | $12,327,635 | ($10,949,967) |
| 12/31/2017 | $1,202,186 | $14,392,997 | ($13,190,811) |

| DATE | ASSETS | LIABILITIES | NET ASSETS |
|---|---|---|---|
| 06/30/2018 | $1,392,697 | $15,859,134 | ($14,466,437) |
| 12/31/2018 | $1,688,485 | $19,211,671 | ($17,523,187) |
| 06/30/2019 | $1,834,435 | $20,545,379 | ($18,710,944) |
| 12/31/2019 | $1,207,978 | $25,479,490 | ($24,271,512) |
| 06/30/2020 | $1,375,584 | $27,387,619 | ($26,012,034) |
| 12/31/2020 | $1,116,077 | $29,600,162 | ($28,484,085) |
| 03/31/2021 | $936,069 | $29,959,993 | ($29,023,924) |

66.     Additional facts support the conclusion that the Debtor was insolvent, insufficiently capitalized, and/or unable to pay its debts as they became due during the periods relevant to this Complaint.  For example:

a.  The Debtor conducted its business with insufficient capital no later than December 31, 2013, and remained insufficiently capitalized at all relevant times thereafter, until the Petition Date;

b.  The Debtor incurred, was intending to incur, and/or believed that it would incur debts beyond its ability to pay such debts as they matured beginning on or after December 31, 2013, and continuing until the Petition Date;

c.  The Debtor experienced regular overdrafts and negative bank account balances at Valley National Bank and J.P. Morgan Chase Bank, N.A. during the relevant period;

d.  The Debtor failed to pay various creditors on a timely basis and could not timely meet its obligations as they became due during the relevant period;

e.  The Debtor regularly held and delayed the issuance of checks payable to various creditors and otherwise prioritized the payment of certain payments to creditors to the detriment of other creditors;

f.  Beginning during 2016 and continuing until April 2021, the Debtor borrowed and became obligated to repay at least $9.6 million in numerous high-interest-rate cash-advance transactions that purportedly pledged the Debtor's future accounts receivable as collateral for same-day cash;

13

g. On February 10, 2022, the Internal Revenue Service (the "IRS") filed proof of claim number 37 in the Chapter 7 Case (the "IRS POC"). The IRS POC lists obligations owed by the Debtor for unpaid employee-withholding taxes in the amount of $335,411.08 due for periods beginning in 2015;

h. In his plea agreement with the Manhattan District Attorney, Kossoff admitted that since at least December 2017, he stole more than $14 million from multiple persons and clients of the Debtor, including from the Debtor's IOLA accounts;  and

i. Proofs of Claim filed in the Chapter 7 Case total not less than $20 million.

## III.    The Debtor Is Forced into Bankruptcy

67.    On the Petition Date, creditors of the Debtor commenced the Chapter 7 Case by filing an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in this Court.

68.    On May 11, 2021, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14].

69.    On May 12, 2021, the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 15];  he accepted his appointment, duly qualified, and is currently acting as the trustee of the Debtor's estate.

## IV.    Kossoff Admits Scheme to Defraud and Is Sentenced to Prison

70.    On December 13, 2021, in open court in New York, Kossoff pleaded guilty to, among other things, orchestrating a scheme to defraud the Debtor's clients. As discussed above, Kossoff admitted that he stole at least $14.5 million from dozens of clients and others, including millions of dollars that had been deposited into the Debtor's bank IOLA and operating accounts.

71.     On May 6, 2022, New York State Supreme Court Judge Laurie Peterson sentenced Kossoff to serve not less than 4.5 years but not more than 13.5 years in prison as punishment for his crimes.

## COUNT I

**AVOIDANCE AND RECOVERY OF**
**CONSTRUCTIVELY FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 544 and 550; NYDCL §§ 274-75 and 278-79; and**
**FDCPA §§ 3304(b)(1)(B) and 3306**

63.     Plaintiff repeats, reiterates and realleges each of the forgoing allegations of this Complaint as if fully set forth herein.

64.     Between February 28, 2014 and March 31, 2015, during the ten (10) years preceding the Petition Date, the Debtor made transfers to, or for the benefit of, Defendant Hampton (the "Group-One Transfers"), as identified by the dates and in the amounts set forth in the schedule which is annexed hereto as **Exhibit 5** and which is incorporated by reference as if fully set forth herein.

65.     The Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Group-One Transfers because the Debtor did not receive any benefit from them.

66.     Instead, the Group-One Transfers benefited the Defendants, who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-One Transfers.

67.     The Debtor made the Group-One Transfers when the Debtor was engaged, and/or was about to engage, in business or transactions for which its remaining property after making the Group-One Transfers was an unreasonably small amount of capital.

68.     The Debtor remained inadequately capitalized as a result of the Group-One Transfers thereafter until the Petition Date.

69.     The Debtor made the Group-One Transfers when the Debtor intended to incur, believed that it would incur, and/or reasonably should have believed that it would incur debts beyond its ability to pay them as they matured and/or became due.

70.     The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Group-One Transfers until the Petition Date.

71.     Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code and (a) sections 274, 275, 278, and/or 279 of the NYDCL and/or (b) sections 3304(b)(1)(B)(i), 3304(b)(1)(B)(ii), and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Group-One Transfers;  (ii) recovering each Group-One Transfer and/or its value from Defendants;  (iii) disallowing any claim filed by Defendants until such time as each Group-One Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## COUNT II

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 and 550; NYDCL §§ 276, 276-a, and 278-79; and FDCPA §§ 3304(b)(1)(A) and 3306

72.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

73.     Under oath and in open court at the hearing at which the New York court accepted his Plea Agreement, Kossoff admitted to "engag[ing] in a systematic ongoing course of conduct with the intent to defraud . . . multiple clients of [his] law

firm"—present and/or future creditors of the Debtor—"[f]rom at least December 2017 to April 2021."

74.    The Debtor made the Group-One Transfers with actual intent to hinder, delay, or defraud one or more present and/or future creditors of the Debtor.

75.    The Group-One Transfers did not, and were not intended to, benefit the Debtor.

76.    The Group-One Transfers were intended to benefit Defendant Hampton and Kossoff, who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-One Transfers.

77.    Each of the Group-One Transfers transferred the Debtor's assets to and for the benefit of Defendants Hampton and Roc and Kossoff, who was an "insider" of the Debtor at the time of each of the Group-One Transfers, namely, the extinction and/or reduction of Kossoff's personal obligations to Defendant Hampton, to the detriment of the Debtor's present and/or future creditors.

78.    Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code, and (a) sections 276, 276-a, 278, and/or 279 of the NYDCL and/or (b) sections 3304(b)(1)(A) and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Group-One Transfers;  (ii) recovering each Group-One Transfer and/or its value from Defendants;  (iii) disallowing any claim filed by Defendants until such time as each Group-One Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## COUNT III

### AVOIDANCE AND RECOVERY OF
### CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO
### TO 11 U.S.C. §§ 544 and 550; NYDCL §§ 273-75 and 278-79; and
### FDCPA §§ 3304 and 3306

79.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

80.     Between April 30, 2015 and April 3, 2020, during the six (6) years preceding the Petition Date, the Debtor made transfers to, or for the benefit of, Defendants (the "Group-Two Transfers"), as identified by the dates and in the amounts set forth in the schedule which is annexed hereto as **Exhibit 6** and which is incorporated by reference as if fully set forth herein.[2]

81.     The Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Group-Two Transfers because the Debtor did not receive any benefit from them.

82.     Instead, the Group-Two Transfers benefited Defendants Hampton, Roc, and Kossoff, who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-Two Transfers.

83.     Each of the Group-Two Transfers transferred the Debtor's assets for the benefit of Defendants Hampton and Roc and Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Two Transfers, namely, the extinction and/or reduction of Kossoff's personal obligations to Defendants Hampton and Roc, to the detriment of the Debtor's present and/or future creditors.

---

[2]     As set forth in **Exhibit 6**, the Group-Two Transfers consist of both direct transfers from the Debtor's bank accounts to Defendant and transfers from the Debtor's bank account to Kossoff and then to Defendant.

84.     The Debtor was insolvent when each of the Group-Two Transfers was made, or was rendered or became insolvent as a result of the Group-Two Transfers

85.     The Debtor made the Group-Two Transfers when the Debtor was engaged, and/or was about to engage, in business or transactions for which its remaining property after making the Group-Two Transfers was an unreasonably small amount of capital.

86.     The Debtor remained inadequately capitalized as a result of the Group-Two Transfers thereafter until the Petition Date.

87.     The Debtor made the Group-Two Transfers when the Debtor intended to incur, believed that it would incur, and/or reasonably should have believed that it would incur debts beyond its ability to pay them as they matured and/or became due.

88.     The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Group-Two Transfers thereafter until the Petition Date.

89.     In addition to being fraudulent for these reasons, each of the Group-Two Transfers made to and for the benefit of Defendants Hampton and Roc was fraudulent insofar as each of these transfers transferred the Debtor's assets to and for the benefit of Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Two Transfers, to the detriment of the Debtor's present and/or future creditors.

90.     The Group-Two Transfers that were initially made to Kossoff were fraudulent for the reasons set forth herein.

91.     Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code and (a) sections 273, 274, 275, 278, and/or 279 of the NYDCL and/or (b) sections 3304(a)(1), 3304(b)(1)(B)(i), 3304(b)(1)(B)(ii), and 3306 of the FDCPA, Plaintiff is entitled

to a judgment against Defendants:  (i) avoiding the Group-Two Transfers;

(ii) recovering each Group-Two Transfer and/or its value from Defendants;

(iii) disallowing any claims filed by Defendants until such time as each Group-Two

Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and

costs from Defendants;  and (v) awarding any other relief that the Court deems just and

proper.

### COUNT IV

**AVOIDANCE AND RECOVERY OF
FRAUDULENT TRANSFERS PURSUANT TO
11 U.S.C. §§ 544 and 550; NYDCL §§ 276, 276-a, and 278-79; and
FDCPA §§ 3304(b)(1)(A) and 3306**

92.    Plaintiff repeats, reiterates, and realleges each of the foregoing

allegations of this Complaint as if fully set forth herein.

93.    Under oath and in open court at the hearing at which the New York

court accepted his Plea Agreement, Kossoff admitted to "engag[ing] in a systematic

ongoing course of conduct with the intent to defraud . . . multiple clients of [his] law

firm"—present and/or future creditors of the Debtor—"[f]rom at least December 2017

to April 2021."

94.    The Debtor made the Group-Two Transfers with actual intent to

hinder, delay, or defraud one or more present and/or future creditors of the Debtor.

95.    The Group-Two Transfers did not, and were not intended to,

benefit the Debtor.

96.    The Group-Two Transfers were intended to benefit Defendants and

Kossoff, who were the initial, immediate, and/or mediate transferees and/or

beneficiaries of the Group-Two Transfers.

97.    Each of the Group-Two Transfers transferred the Debtor's assets to and for the benefit of Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Two Transfers, namely, the extinction and/or reduction of Kossoff's personal obligations to Defendants Hampton and Roc, to the detriment of the Debtor's present and/or future creditors.

98.    In addition to being fraudulent for these reasons, each of the Group-Two Transfers made to and for the benefit of Defendants was made with actual intent to hinder, delay, or defraud present and/or future creditors of the Debtor insofar as each of these transfers transferred the Debtor's assets to Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Two Transfers, to the detriment of the Debtor's present and/or future creditors.

99.    The Group-Two Transfers that were initially made to Kossoff were fraudulent for the reasons set forth herein.

100.    Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code and (a) sections 276, 276-a, 278, and/or 279 of the NYDCL and/or (b) sections 3304(b)(1)(A) and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Group-Two Transfers;  (ii) recovering each Group-Two Transfer and/or its value from the Defendants to whom each Group-Two Transfer was made;  (iii) disallowing any claim filed by Defendants until such time as each Group-Two Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

### COUNT V

**AVOIDANCE AND RECOVERY OF
CONSTRUCTIVELY FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §§ 544 and 550; NYUVTA §§ 273(a)(2), 274, and 276;
and FDCPA §§ 3304 and 3306**

101.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

102.    Between April 4, 2020 and the Petition Date, the Debtor made transfers to, or for the benefit of, Defendants (the "Group-Three Transfers"), as identified by the dates and in the amounts set forth in the schedule which is annexed hereto as **Exhibit 7** and which is incorporated by reference as if fully set forth herein.[3]

103.    The Debtor did not receive reasonably equivalent value in exchange for the Group-Three Transfers because the Debtor did not receive any benefit from them.

104.    Instead, the Group-Three Transfers were intended to benefit Defendants, who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-Three Transfers.

105.    Each of the Group-Three Transfers transferred the Debtor's assets to and for the benefit of Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Three Transfers, namely, the extinction and/or reduction of Kossoff's personal obligations to Defendants, to the detriment of the Debtor's present and/or future creditors.

---

[3]    As set forth in **Exhibit 7**, the Group-Three Transfers consist of both direct transfers from the Debtor's bank accounts to Defendants and transfers from the Debtor's bank account to Kossoff and then to Defendant Hampton.

106. The Debtor was insolvent when each of the Group-Three Transfers was made or was rendered or became insolvent as a result of the Group-Three Transfers.

107. The Debtor made the Group-Three Transfers when the Debtor was engaged, and/or was about to engage, in business or transactions for which its remaining property after making the Group-Three Transfers was an unreasonably small amount of capital.

108. The Debtor remained inadequately capitalized as a result of the Group-Three Transfers thereafter until the Petition Date.

109. The Debtor made the Group-Three Transfers when the Debtor intended to incur, believed that it would incur, and/or reasonably should have believed that it would incur debts beyond its ability to pay them as they matured and/or became due.

110. The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Group-Three Transfers thereafter until the Petition Date.

111. In addition to being fraudulent for these reasons, each of the Group-Three Transfers made to and for the benefit of Defendants was fraudulent insofar as each of these transfers transferred the Debtor's assets to and for the benefit of Kossoff, who was an "insider" of the Debtor when each of the Group-Three Transfers were made, to the Debtor's present and/or future creditors' detriment.

112. The Group-Three Transfers that were initially made to Kossoff were fraudulent for the reasons set forth herein.

113. Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code and (a) sections 273(a)(2)(i), 273(a)(2)(ii), 274(a), 274(b), and 276 of the NYUVTA

and / or (b) sections 3304(a)(1), 3304(b)(1)(B)(i), 3304(b)(1)(B)(ii), and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants: (i) avoiding the Group-Three Transfers; (ii) recovering each Group-Three Transfer and / or its value from the Defendants to whom each Group-Three Transfer was made; (iii) disallowing any claim filed by Defendants until such time as each Group-Three Transfer and / or its value is repaid to the Plaintiff; (iv) awarding attorneys' fees and costs from Defendants; and (v) awarding any other relief that the Court deems just and proper.

## COUNT VI

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 and 550; NYUVTA §§ 273(a)(1) and 276; and FDCPA §§ 3304(b)(1)(A) and 3306

114.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

115.    Under oath and in open court at the hearing at which the New York court accepted his Plea Agreement, Kossoff admitted to "engag[ing] in a systematic ongoing course of conduct with the intent to defraud . . . multiple clients of [his] law firm"—present and / or future creditors of the Debtor—"[f]rom at least December 2017 to April 2021."

116.    The Debtor made the Group-Three Transfers with actual intent to hinder, delay, or defraud one or more present and / or future creditors of the Debtor.

117.    The Group-Three Transfers did not, and were not intended to, benefit the Debtor.

118.    The Group-Three Transfers were intended to benefit Defendants, who were the initial, immediate, and / or mediate transferees and / or beneficiaries of the Group-Three Transfers.

119.    Each of the Group-Three Transfers transferred the Debtor's assets to and for the benefit of Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Three Transfers, namely, the extinction and/or reduction of Kossoff's personal obligations to Defendants Hampton and Roc, to the detriment of the Debtor's present and/or future creditors.

120.    In addition to being fraudulent for these reasons, each of the Group-Three Transfers made to and for the benefit of Defendants was made with actual intent to hinder, delay, or defraud present and/or future creditors of the Debtor insofar as each of these transfers transferred the Debtor's assets to and for the benefit of Kossoff, who was an "insider" of the Debtor at the time of each of the Group-Three Transfers, to the detriment of the Debtor's present and/or future creditors.

121.    The Group-Three Transfers that were initially made to Kossoff were fraudulent for the reasons set forth herein.

122.    Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code and (a) sections 273(a)(1) and 276 of the NYUVTA and/or (b) sections 3304(b)(1)(A) and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Group-Three Transfers;  (ii) recovering each Group-Three Transfer and/or its value from the Defendants to whom each Group-Three Transfer was made;  (iii) disallowing any claim filed by Defendants until such time as each Group-Three Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## COUNT VII

**AVOIDANCE AND RECOVERY OF
CONSTRUCTIVELY FRAUDULENT TRANSFERS
PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550**

123.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

124.    Between May 1, 2019 and the Petition Date, within two (2) years prior to the Petition Date, the Debtor made transfers to, or for the benefit of, Defendants (the "Two-Year Transfers"), as identified by the dates and in the amounts set forth in the schedule which is annexed hereto as **Exhibit 8** and which is incorporated by reference as if fully set forth herein.[4]

125.    The Debtor did not receive reasonably equivalent value in exchange for the Two-Year Transfers because the Debtor did not receive any benefit from them.

126.    Instead, the Two-Year Transfers benefited Defendants Hampton and Roc and Kossoff, who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Two-Year Transfers.

127.    The Debtor was insolvent when each of the Two-Year Transfers was made, or was rendered or became insolvent as a result of the Two-Year Transfers.

128.    The Debtor made the Two-Year Transfers when the Debtor was engaged, and/or was about to engage, in business or transactions for which its remaining property after making the Two-Year Transfers was an unreasonably small amount of capital.

---

[4]    As set forth in **Exhibit 8**, the Two-Year Transfers consist of both direct transfers from the Debtor's bank accounts to Defendants and transfers from the Debtor's bank account to Kossoff and then to Defendant Hampton.

129.     The Debtor remained inadequately capitalized as a result of the Two-Year Transfers until the Petition Date.

130.     The Debtor made the Two-Year Transfers when the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay them as they matured and/or became due.

131.     The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Two-Year Transfers thereafter until the Petition Date.

132.     The Two-Year Transfers that were initially made to Kossoff were fraudulent for the reasons set forth herein.

133.     Pursuant to sections 502(d), 548(a)(1)(B)(ii)(I), 548(a)(1)(B)(ii)(II), 548(a)(1)(B)(ii)(III), 550(a), and 551 of the Bankruptcy Code, Plaintiff is entitled to a judgment against Defendants: (i) avoiding the Two-Year Transfers; (ii) recovering each Two-Year Transfer and/or its value from the Defendants to whom each Two-Year Transfer was made; (iii) disallowing any claim filed by Defendants until such time as each Two-Year Transfer and/or its value is repaid to the Plaintiff; (iv) awarding attorneys' fees and costs from Defendants; and (v) awarding any other relief that the Court deems just and proper.

## COUNT VIII

### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) and 550

134.     Plaintiff repeats and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

135.     Under oath and in open court at the hearing at which the New York court accepted his Plea Agreement, Kossoff admitted to "engag[ing] in a systematic

ongoing course of conduct with the intent to defraud . . . multiple clients of [his] law

firm"—present and/or future creditors of the Debtor—"[f]rom at least December 2017

to April 2021."

136.    The Debtor made the Two-Year Transfers with actual intent to

hinder, delay, or defraud one or more entities to which the Debtor was or became

indebted.

137.    The Two-Year Transfers did not, and were not intended to, benefit

the Debtor.

138.    Instead, the Two-Year Transfers were intended to benefit

Defendants and Kossoff, who were the initial, immediate, and/or mediate transferees

and/or beneficiaries of the Two-Year Transfers.

139.    Each of the Two-Year Transfers transferred the Debtor's assets to

and for the benefit of Kossoff, who was an "insider" of the Debtor at the time of each of

the Two-Year Transfers, namely, the extinction and/or reduction of Kossoff's personal

obligations to Defendant, to the detriment of the Debtor's present and/or future

creditors.

140.    In addition to being fraudulent for these reasons, each of the Two-

Year Transfers made to and for the benefit of Defendants was made with actual intent

to hinder, delay, or defraud present and/or future creditors of the Debtor insofar as

each of these transfers transferred the Debtor's assets to Defendant Kossoff, an "insider"

of the Debtor on the dates that each of the Two-Year Transfers were made, to the

detriment of the Debtor's present and/or future creditors.

141.    The Two-Year Transfers that were initially made to Kossoff were

fraudulent for the reasons set forth herein.

142.     Pursuant to sections 502(d), 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Two-Year Transfers;  (ii) recovering each Two-Year Transfer and/or its value from Defendants to whom each Two-Year Transfer was made;  (iii) disallowing any claim filed by Defendants until such time as each Two-Year Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## COUNT IX

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) and 550

### (Defendant Hampton and Defendant ROC)

143.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

144.     Within ninety (90) days prior to the Petition Date, the Debtor made certain transfers to, or for the benefit of Defendant.

145.     Between April 13, 2020 and January 13, 2021, between ninety (90) days and one year prior to the Petition Date, the Debtor made transfers to, or for the benefit of Defendant Kossoff, an "insider" of the Debtor at the time of the transfers.

146.     The transfers described in the preceding two paragraphs, which total $209,873.55, (collectively, the "Preferential Transfers") are identified by dates and amounts in the schedule which is annexed hereto as **Exhibit 9** and which is incorporated by reference as if fully set forth herein.[5]

---

[5]     As set forth in **Exhibit 9**, the Preferential Transfers consist of both direct transfers from the Debtor's bank accounts to Defendant Roc and transfers from the Debtor's bank account to Kossoff and then to Defendant Hampton.

147.    Defendants were the initial, immediate, and/or mediate transferee of the Preferential Transfers.

148.    Subject to proof, Plaintiff pleads, in the alternative, that to the extent that Defendants demonstrate that any of the Preferential Transfers were made to Defendants for or on account of an antecedent debt owed by the Debtor before each of the Preferential Transfers was made: (a) the Debtor was insolvent at the time each of the Preferential Transfers was made; and (b) the Preferential Transfers enabled Defendants to receive more than she would have received if the case were under Chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and the antecedent debt were paid to the extent provided under the Bankruptcy Code.

149.    Plaintiff is entitled to the presumption of the Debtor's insolvency pursuant to section 547(f) of the Bankruptcy Code.

150.    Pursuant to sections 547(b) and 550 of the Bankruptcy Code, Plaintiff is entitled to a judgment against Defendants: (i) avoiding the Preferential Transfers; (ii) recovering each Preferential Transfer and/or its value from the Defendants to whom each Preferential Transfer was made; (iii) disallowing any claim filed by Defendants until such time as each Preferential Transfer and/or its value is repaid to the Plaintiff; (iv) awarding attorneys' fees and costs from Defendants; and (v) awarding any other relief that the Court deems just and proper.

## COUNT X

## UNJUST ENRICHMENT

151.    Plaintiff repeats and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

152. The Debtor made the Avoidable Transfers to, or for the benefit of, Defendants Hampton and Roc, thus conferring benefits upon those Defendants in the amount of the value of the Avoidable Transfers.

153. Defendants Hampton and Roc knowingly and voluntarily accepted and retained the benefits conferred upon her by the Debtor while knowing that they did not provide fair consideration or reasonably equivalent value to the Debtor in exchange for the Avoidable Transfers.

154. Defendants Hampton and Roc have been unjustly enriched at the expense of the Debtor's estate and its creditors.

155. It would be inequitable and unjust for Defendants Hampton and Roc to retain the benefits conferred upon them in these circumstances.

156. Accordingly, Plaintiff is entitled to a judgment allowing the Plaintiff to recover, for the benefit of the Debtor's estate, an amount to be determined at trial that reflects the value of Defendants Hampton and Roc's unjust enrichment resulting from the Avoidable Transfers, including the value of any other benefits fraudulently conferred upon such Defendants by the Debtor that Plaintiff may uncover during discovery.

## <u>RESERVATION OF RIGHTS</u>

72. The Trustee does not waive and instead specifically reserves all of his rights, claims, and defenses as they pertain to the Debtor and any claims or liens that the Defendants may assert against the Debtor's estate. The Trustee expressly reserves the right to amend and supplement this Complaint or to commence a new action against the Defendants with other claims as his investigation continues.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests that this Court enter judgment against the Defendants:

a.  avoiding all Avoidable Transfers pursuant to sections
544, 547, and 548 of the Bankruptcy Code and
NYUVTA sections 273 *et seq.*;

b.  pursuant to section 550(a) of the Bankruptcy Code,
directing Defendants to pay to Plaintiff an amount to
be determined at trial that is not less than the full
value of the Avoidable Transfers or, in the alternative,
the Preferential Transfers, that each of the Defendants
received, plus interest and costs;

c.  preserving all avoided transfers and liens for the
benefit of the Debtor's estate pursuant to section 551
of the Bankruptcy Code;

d.  disallowing any of Defendants' claims pursuant to
section 502(d) of the Bankruptcy Code;

e.  awarding pre-judgment interest at the maximum
legal rate running from the date of the Plaintiff's first
demand to Defendants to return all Avoidable
Transfers to the date of judgment with respect to this
Complaint (the "Judgment") herein;

f.  awarding post-judgment interest at the maximum
legal rate running from the date of the Judgment until
the date the Judgment is paid in full, plus costs;

g.  requiring Defendants to pay forthwith the amount of
the Judgment;  and

h.  granting Plaintiff such other and further relief as the
Court deems just and proper.

Dated:  New York, New York
        October 17, 2022                 ALBERT TOGUT, not individually but
                                         solely in his capacity as Chapter 7 Trustee,
                                         By his Attorneys,
                                         TOGUT, SEGAL & SEGAL LLP
                                         By:


                                          */s/ Neil Berger*
                                         ALBERT TOGUT
                                         NEIL BERGER
                                         MINTA J. NESTER
                                         One Penn Plaza
                                         New York, New York 10119
                                         (212) 594-5000

## EXHIBIT 1

**Direct Payments**

**EXHIBIT 1**

## DIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 2/28/14 | 3/4/14 | 15191 | $18,100.00 |
| Hampton Management | 3/27/14 | 3/31/14 | 15321 | $18,100.00 |
| Hampton Management | 4/28/14 | 5/1/14 | 15463 | $18,100.00 |
| Hampton Management | 5/30/14 | 6/2/14 | 15603 | $18,100.00 |
| Hampton Management | 6/30/14 | 7/2/14 | 15740 | $18,100.00 |
| Hampton Management | 7/31/14 | 8/4/14 | 15882 | $18,100.00 |
| Hampton Management | 9/2/14 | 9/3/14 | 16078 | $18,100.00 |
| Hampton Management | 10/3/14 | 10/3/14 | 16289 | $18,100.00 |
| Hampton Management | 10/31/14 | 11/3/14 | 16550 | $18,100.00 |
| Hampton Management | 12/1/14 | 12/2/14 | 16781 | $18,100.00 |
| Hampton Management | 12/29/14 | 1/5/15 | 17049 | $18,100.00 |
| Hampton Management | 12/29/14 | 1/28/15 | 17048 | $900.00 |
| Hampton Management | 1/30/15 | 2/4/15 | 20134 | $18,100.00 |
| Hampton Management | 3/2/15 | 3/6/15 | 20428 | $18,100.00 |
| Hampton Management | 3/31/15 | 4/1/15 | 20722 | $18,900.00 |
| Hampton Management | 4/30/15 | 5/4/15 | 21080 | $19,000.00 |
| Hampton Management | 6/2/15 | 6/3/15 | 21466 | $19,000.00 |
| Hampton Management | 6/30/15 | 7/1/15 | 21789 | $19,000.00 |
| Hampton Management | 7/31/15 | 8/6/15 | 22209 | $19,000.00 |
| Hampton Management | 8/31/15 | 9/2/15 | 22530 | $19,000.00 |
| Hampton Management | 9/28/15 | 9/30/15 | 22848 | $19,000.00 |
| Hampton Management | 10/30/15 | 11/2/15 | 23253 | $19,000.00 |

**EXHIBIT 1**

## DIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 11/25/15 | 11/30/15 | 23604 | $19,000.00 |
| Hampton Management | 12/31/15 | 1/5/16 | 24083 | $19,000.00 |
| Hampton Management | 1/29/16 | 1/29/16 | 24406 | $19,000.00 |
| Hampton Management | 2/29/16 | 3/1/16 | 24791 | $19,000.00 |
| Hampton Management | 3/30/16 | 4/1/16 | 25287 | $19,000.00 |
| Hampton Management | 4/29/16 | 5/3/16 | 25654 | $19,000.00 |
| Hampton Management | 5/30/16 | 5/31/16 | 26037 | $19,000.00 |
| Hampton Management | 6/28/16 | 6/29/16 | 26467 | $100.00 |
| Hampton Management | 7/6/16 | 7/12/16 | 26555 | $18,900.00 |
| Hampton Management | 8/5/16 | 8/8/16 | 26920 | $18,900.00 |
| Hampton Management | 9/7/16 | 9/13/16 | 27348 | $18,800.00 |
| Hampton Management | 10/5/16 | 10/13/16 | 27728 | $18,900.00 |
| Hampton Management | 11/4/16 | 11/14/16 | 28108 | $18,900.00 |
| Hampton Management | 12/5/16 | 12/9/16 | 28505 | $18,900.00 |
| Hampton Management | 1/4/17 | 1/30/17 | 28885 | $200.00 |
| Hampton Management | 1/23/17 | 1/31/17 | 29053 | $18,900.00 |
| Hampton Management | 2/28/17 | 3/2/17 | 29506 | $18,900.00 |
| Hampton Management | 3/30/17 | 3/31/17 | 29924 | $19,750.00 |
| Hampton Management | 4/28/17 | 5/2/17 | 30280 | $19,200.00 |
| Hampton Management | 5/19/17 | 5/26/17 | 30572 | $19,200.00 |
| Hampton Management | 6/13/17 | 6/20/17 | 30927 | $19,200.00 |
| Hampton Management | 7/28/17 | 8/3/17 | 31474 | $19,200.00 |

**EXHIBIT 1**

## DIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 8/14/17 | 8/17/17 | 31738 | $19,200.00 |
| Hampton Management | 9/15/17 | 9/20/17 | 32215 | $19,200.00 |
| Hampton Management | 10/26/17 | 11/3/17 | 32664 | $18,900.00 |
| Hampton Management | 11/13/17 | 12/4/17 | 32923 | $19,200.00 |
| Hampton Management | 12/18/17 | 1/2/18 | 33415 | $19,100.00 |
| ROC Le Triomphe Associates LLC | 3/19/21 | 3/19/21 | Wire | $35,417.06 |
| Hampton Management | 3/31/20 | 4/15/20 | 40607 | $20,941.00 |
| Hampton Management | 4/30/20 | 5/7/20 | 40778 | $19,291.00 |
| | | | Total | $940,229.06 |

# **EXHIBIT 2**

## **Indirect Payments**

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/2/18 | 2/2/18 | Debit | $19,300.00 | |
| Hampton Management | 1/31/18 | 2/5/18 | 1006 | _____ | $19,200.00 |
| | | | | $19,300.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/23/18 | 2/23/18 | Debit | $5,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/28/18 | 2/28/18 | Debit | $19,000.00 | |
| Hampton Management | 2/28/18 | 3/2/18 | 1023 | _____ | $19,200.00 |
| | | | | $24,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 4/2/18 | 4/2/18 | Debit | $19,500.00 | |
| Hampton Management | 3/28/18 | 4/2/18 | 1033 | _____ | $19,200.00 |
| | | | | $19,500.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 4/27/18 | 4/27/18 | Debit | $3,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 4/30/18 | 4/30/18 | Debit | $19,500.00 | |
| Hampton Management | 4/27/18 | 5/3/18 | 1043 | _____ | $19,750.00 |
| | | | | $22,500.00 | $19,750.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/5/18 | 6/5/18 | Debit | $25,000.00 | |
| Hampton Management | 5/31/18 | 6/6/18 | 1054 | _____ | $19,200.00 |
| | | | | $25,000.00 | $19,200.00 |
| | | | | | |

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/28/18 | 6/28/18 | Debit | $41,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/2/18 | 7/2/18 | Debit | $8,000.00 | |
| Hampton Management | 6/29/18 | 7/2/18 | 1088 | _____ | $19,200.00 |
| | | | | $49,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/1/18 | 8/1/18 | Debit | $25,000.00 | |
| Hampton Management | 7/31/18 | 8/1/18 | 1109 | _____ | $19,100.00 |
| | | | | $25,000.00 | $19,100.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/31/18 | 8/31/18 | Debit | $30,000.00 | |
| Hampton Management | 8/30/18 | 9/4/18 | 1132 | _____ | $19,200.00 |
| | | | | $30,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/3/18 | 10/3/18 | Debit | $47,000.00 | |
| Hampton Management | 9/28/18 | 10/3/18 | 1154 | _____ | $19,200.00 |
| | | | | $47,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/29/18 | 10/29/18 | Debit | $2,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/31/18 | 10/31/18 | Debit | $19,100.00 | |
| Hampton Management | 10/29/18 | 11/1/18 | 1169 | _____ | $19,200.00 |
| | | | | $21,100.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/30/18 | 11/30/18 | Debit | $19,500.00 | |
| Hampton Management | 11/30/18 | 12/3/18 | 1195 | _____ | $19,200.00 |
| | | | | $19,500.00 | $19,200.00 |
| | | | | | |

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 12/28/18 | 12/28/18 | Debit | $19,200.00 | |
| Hampton Management | 12/27/18 | 12/31/18 | 1214 | _____ | $19,200.00 |
| | | | | $19,200.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/31/19 | 1/31/19 | Debit | $19,200.00 | |
| Hampton Management | 1/31/19 | 2/6/19 | 1231 | _____ | $19,200.00 |
| | | | | $19,200.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/25/19 | 1/25/19 | Debit | $5,600.00 | |
| Hampton Management | 1/23/19 | 2/12/19 | 1224 | _____ | $      191.00 |
| | | | | $5,600.00 | $      191.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/28/19 | 2/28/19 | Debit | $32,000.00 | |
| Hampton Management | 2/28/19 | 3/4/19 | 1246 | _____ | $19,200.00 |
| | | | | $32,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 3/28/19 | 3/28/19 | Debit | $20,100.00 | |
| Hampton Management | 3/28/19 | 4/2/19 | 1263 | _____ | $20,041.00 |
| | | | | $20,100.00 | $20,041.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/1/19 | 5/1/19 | Debit | $19,400.00 | |
| Hampton Management | 4/29/19 | 5/1/19 | 1283 | _____ | $19,391.00 |
| | | | | $19,400.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/31/19 | 5/31/19 | Debit | $24,900.00 | |
| Hampton Management | 5/31/19 | 6/3/19 | 1299 | _____ | $19,391.00 |
| | | | | $24,900.00 | $19,391.00 |

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/28/19 | 6/28/19 | Debit | $3,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/1/19 | 7/1/19 | Debit | $19,300.00 | |
| Hampton Management | 6/27/19 | 7/1/19 | 1316 | _____ | $19,391.00 |
| | | | | $22,800.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/30/19 | 7/30/19 | Debit | $1,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/19 | 7/31/19 | Debit | $19,000.00 | |
| Hampton Management | 7/31/19 | 8/1/19 | 1335 | _____ | $19,391.00 |
| | | | | $20,000.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/3/19 | 9/3/19 | Debit | $19,300.00 | |
| Hampton Management | 8/30/19 | 9/3/19 | 1353 | _____ | $19,391.00 |
| | | | | $19,300.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/19 | 9/30/19 | Debit | $19,300.00 | |
| Hampton Management | 9/30/19 | 10/2/19 | 1376 | _____ | $19,241.00 |
| | | | | $19,300.00 | $19,241.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/31/19 | 10/31/19 | Debit | $20,000.00 | |
| Hampton Management | 10/30/19 | 11/1/19 | 1399 | _____ | $19,291.00 |
| | | | | $20,000.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/27/19 | 11/27/19 | Debit | $19,300.00 | |
| Hampton Management | 11/27/19 | 12/3/19 | 1419 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/2/20 | 1/2/20 | | $20,500.00 | |
| Hampton Management | 12/30/19 | 1/2/20 | 1441 | _____ | $20,341.00 |
| | | | | $20,500.00 | $20,341.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/31/20 | 1/31/20 | Debit | $21,500.00 | |
| Hampton Management | 1/29/20 | 2/3/20 | 1457 | _____ | $18,341.00 |
| | | | | $21,500.00 | $18,341.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 3/2/20 | 3/2/20 | Debit | $19,300.00 | |
| Hampton Management | 2/27/20 | 3/4/20 | 1468 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/29/20 | 5/29/20 | Debit | $19,300.00 | |
| Hampton Management | 5/28/20 | 6/3/20 | 1625 | _____ | $18,336.83 |
| | | | | $19,300.00 | $18,336.83 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/16/20 | 6/16/20 | Debit | $26,000.00 | |
| Transfer to 9287 | 6/22/20 | 6/22/20 | Debit | _____ | $  2,000.00 |
| | | | | $26,000.00 | $  2,000.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/2/20 | 7/2/20 | Debit | $19,000.00 | |
| Hampton Management | 6/29/20 | 7/9/20 | 1626 | _____ | $19,291.00 |
| | | | | $19,000.00 | $19,291.00 |
| | | | | | |

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/20 | 7/31/20 | Debit | $19,200.00 | |
| Hampton Management | 7/31/20 | 8/11/20 | 1474 | _____ | $19,182.66 |
| | | | | $19,200.00 | $19,182.66 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/28/20 | 8/28/20 | Debit | $8,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/31/20 | 8/31/20 | Debit | $19,200.00 | |
| Hampton Management | 8/28/20 | 9/2/20 | 1503 | _____ | $19,291.00 |
| | | | | $27,700.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/20 | 9/30/20 | Debit | $19,300.00 | |
| Hampton Management | 9/30/20 | 10/6/20 | 1513 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/2/20 | 11/2/20 | Debit | $25,700.00 | |
| Hampton Management | 10/30/20 | 11/4/20 | 1522 | _____ | $19,191.00 |
| | | | | $25,700.00 | $19,191.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 12/3/20 | 12/3/20 | Debit | $19,300.00 | |
| Hampton Management | 11/30/20 | 12/3/20 | 1526 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |

**EXHIBIT 2**

## INDIRECT PAYMENTS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/21/21 | 1/21/21 | Debit | $9,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/1/21 | 2/1/21 | Debit | $19,100.00 | |
| Hampton Management | 1/31/21 | 2/4/21 | 1535 | _____ | $19,291.00 |
| | | | | $28,600.00 | $19,291.00 |
| | | | | | |
| | | | **Total Indirect Transfers:** | | $676,498.49 |

**<u>EXHIBIT 3</u>**

**Kossoff Deposits into and Debtor Transfers out of Debtor's IOLA Accounts**

**EXHIBIT 3**

**Kossoff Deposits into and Debtor Transfers out of Debtor's IOLA Accounts**

| Transaction Date | Payee/Payor | Transaction Type | Amount |
|---|---|---|---|
| **Transfers into IOLA from M. Kossoff** | | | |
| | | | |
| 2/14/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $25,000.00 |
| 2/25/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $21,000.00 |
| 1/7/21 | Mitchell Hal Kossoff | Transfer | $5,000.00 |
| | **Total Transfers from M. Kossoff:** | | **$51,000.00** |
| | | | |
| **Transfers from IOLA** | | | |
| 3/19/14 | Phyllis Kossoff | Check | $25,000.00 |
| 12/21/16 | Phyllis Kossoff | Check | $40,000.00 |
| 1/4/17 | Phyllis Kossoff | Check | $40,000.00 |
| 2/15/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $25,000.00 |
| 3/10/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $21,000.00 |
| 2/9/18 | Mitchell Hal Kossoff | Transfer | $65,000.00 |
| 5/5/18 | Phyllis Kossoff | Check | $100,000.00 |
| 3/3/21 | Mitchell Hal Kossoff | Transfer | $25,000.00 |
| | **Total Transfers from IOLA:** | | **$341,000.00** |

## EXHIBIT 4

**Plea Agreement**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART N

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | PLEA AGREEMENT |
| -against- | Docket No. CR-028944-21NY |
| MITCHELL KOSSOFF, | SCI No. |
| Defendant. | |

1.    This is the plea agreement (the "Agreement") between the Office of the District Attorney of the County of New York (the "District Attorney") and Mitchell Kossoff (the "Defendant"). This Agreement constitutes the entire agreement between the Defendant and the District Attorney. There are no promises, agreements, or conditions, express or implied, other than those set forth in this document. No modification, deletion, or addition to this Agreement will be valid or binding on either party unless put into writing, signed by both parties, and approved by the Court.

2.    At the time of the Defendant's plea, this Agreement shall be made a part of the record and the parties will request the Court's approval thereof. This Agreement will become effective only upon the Court's approval.

3.    This Agreement covers the criminal conduct to which the Defendant is pleading guilty under this Agreement. No other criminal conduct is covered by the terms of this Agreement. This Agreement is limited to the District Attorney and cannot and does not bind other government agencies.

4.    Pursuant to this Agreement, the Defendant shall waive prosecution by indictment and plead guilty under a Superior Court Information to one count of Scheme to Defraud in the First Degree (Penal Law § 190.65[1][b]), one count of Grand Larceny in the First Degree (Penal Law § 155.42), one count of Grand Larceny in the Second Degree (Penal Law § 155.40[1]), and one count of Grand Larceny in the Third Degree (Penal Law § 155.35[1]). The Defendant acknowledges that the maximum sentences that can be imposed for convictions of such offenses are as follows: an indeterminate prison term of 8 1/3 to 25 years for Grand Larceny in the First Degree (a Class B felony); an indeterminate prison term of 5 to 15 years for Grand Larceny in the Second Degree (a Class C felony); an indeterminate prison term of 2 1/3 to 7 years for Grand Larceny in the Third Degree (a Class D felony); and an indeterminate prison term of 1 1/3 to 4 years for Scheme to Defraud in the First Degree (a Class E felony).

5.    The Defendant acknowledges that by entering this plea of guilty, he will forfeit certain constitutional rights, including the right to a trial by jury, the right to confront his

accusers, and the privilege against self-incrimination. The Defendant specifically will waive, and hereby waives, all defenses and any claims or protections with relation to his plea arising out of any federal or state rights concerning double jeopardy, statute of limitations, speedy trial, speedy sentence, delayed prosecution, geographical jurisdiction, or venue.

6.    The Defendant shall execute a Waiver of Right to Appeal at the time of his plea. The Defendant shall acknowledge, and hereby acknowledges, that he would ordinarily retain his right to appeal even after pleading guilty, but that in this case, he is knowingly and voluntarily waiving that right in exchange for the favorable plea and sentence that he is receiving. The Defendant shall also acknowledge, and hereby acknowledges, that the appellate rights he is waiving are separate and apart from those rights that he shall automatically forfeit by his guilty plea.

7.    Upon the Defendant's plea of guilty, he will admit under oath before the Court to the following:

    a.    From at least December 2017 to April 2021, I was an attorney licensed to practice in New York and the sole member of Kossoff PLLC, a law firm located in Manhattan. Part of my law firm's business was to collect and hold funds in trust for my clients and other individuals involved in matters relating to my clients. I did not have permission or authority to disburse the funds without authorization from the relevant parties to do so.

    b.    As charged in Count One of the Superior Court Information, I admit that, from on or about December 21, 2017 to on or about April 9, 2021, in the County of New York, I engaged in a systematic ongoing course of conduct with the intent to defraud more than one person and to obtain property from more than one person by false or fraudulent pretenses, representations, or promises. In doing so, I obtained more than $1,000 from such persons. In particular, I defrauded multiple clients of my law firm, and other persons involved in matters relating to my clients, by falsely representing that certain funds would be held in escrow and, notwithstanding those representations, intentionally causing unauthorized and impermissible disbursements of those funds.

    c.    As part of that scheme, and as charged in Counts Two through Four of the Superior Court Information, I admit to committing the following specific thefts, in the County of New York, from clients of my firm and other persons involved in matters relating to my clients:

        i.    From on or about December 21, 2017 through on or about March 16, 2021, I stole more than $50,000 from Anolag LLC and Jacpot 2 LLC.

2

      ii.  From on or about July 9, 2019 through on or about March 16, 2021, I stole more than $1,000,000 from 118 Duane LLC.

      iii.  From on or about April 1, 2021 through on or about April 9, 2021, I stole more than $3,000 from Irwin Ostrega.

    d.  I admit that the individuals and entities listed in the appendix attached to my written plea agreement are some of the victims of the crimes to which I am pleading guilty today. I also admit that, by committing those crimes, I caused those victims to incur the losses listed in the appendix and that I owe those amounts to those victims.

8.     The Defendant acknowledges that the individuals and entities listed in the appendix attached to this Agreement (the "Appendix") are victims of the crimes to which the Defendant is pleading guilty. The Defendant also acknowledges that the monetary amounts listed in the Appendix reflect losses that he caused and owes to the respective victims as a result of his crimes. The District Attorney and the Defendant agree that, at the time of the Defendant's sentencing, and as part of the Defendant's sentence, the Court shall issue judgment orders against the Defendant in favor of those victims listed in the Appendix. The Defendant acknowledges the bases for those judgment orders and agrees to waive, and hereby waives, any restitution/reparation hearing pursuant to Penal Law § 60.27(2) and Criminal Procedure Law § 400.30 in connection with his guilty pleas under this Agreement.

9.     The Defendant represents that he has full and sole title to a condominium with an address of Twinlights Terrace, Unit I-9, Highlands, New Jersey, 07732 (Block: 11.08; Lot: 9) (the "Condominium"), with a last known tax assessment value of approximately $311,400 for the year 2021, according to the public records of the Monmouth County Clerk's Office. Prior to the Defendant's sentencing, and as a condition of the promised sentences set forth in paragraph 10 below, the Defendant shall transfer title to the Condominium to Albert Togut (not individually but solely in his capacity as Chapter 7 Interim Trustee for Kossoff PLLC) and provide proof of such transfer to the District Attorney. If the transfer has not occurred prior to the Defendant's sentencing, the Defendant must show good cause why the transfer was not performed. The Defendant agrees that it shall be within the District Attorney's sole discretion to determine whether the transfer occurred or whether the Defendant has demonstrated good cause why it did not.

10.    The District Attorney and the Defendant agree that if the Defendant satisfies all of the conditions sets forth in this Agreement, as determined solely by the District Attorney, the District Attorney shall recommend and the Court shall impose the following indeterminate prison terms for the crimes to which the Defendant is pleading guilty, with all of the sentences to be run concurrently: 4.5 to 13.5 years for the count of Grand Larceny in the First Degree; 4.5 to 13.5 years for the count of Grand Larceny in the Second Degree; 2 1/3 to 7 years for the count of Grand Larceny in the Third Degree; and 1 1/3 to 4 years for the count of Scheme to Defraud in the First Degree.

3

11.    The District Attorney and the Defendant further agree that, between the date of the Defendant's guilty plea and the date of his sentencing, the Defendant shall return to court on all scheduled court dates, report to the New York City Department of Probation as ordered by the Court, and refrain from any behavior that would cause him to be re-arrested on criminal charges.  If the Defendant fails to satisfy any of those conditions or the conditions set forth in paragraph 9 above, as determined solely by the District Attorney, the District Attorney can recommend, and the Court can impose, any sentences authorized by law for the offenses to which the Defendant is pleading guilty under this Agreement.

12.  The Defendant enters into this Agreement, including all waivers contained herein, knowingly, intelligently, and voluntarily and after discussion and consultation with his attorney, Walter Mack.  The Defendant has had a full opportunity to discuss this Agreement with his attorney, and any questions he may have had have been answered to his satisfaction.

Dated: New York, New York

_____


_____    _____
Mitchell Kossoff                                    Doar Rieck Kaley & Mack
Defendant                                           Attorney for Defendant



_____    _____
Ryan Gee                                            Catherine McCaw
Assistant District Attorney                         Assistant District Attorney




Approved: _____
            Justice of the Supreme Court

4

## APPENDIX TO PLEA AGREEMENT
## PEOPLE V. MITCHELL KOSSOFF (DOCKET NO. CR-028944-21NY)

| VICTIM | AMOUNT OWED |
|---|---|
| Gran Sabana Corporation | $4,478,784.24 |
| 118 Duane LLC | $2,425,000.00 |
| SSM Realty Group II LLC | $1,300,000.00 |
| Darlene Hart and Lorraine Kinyk | $1,250,000.00 |
| Decker Associates LLC | $800,000.00 |
| 537 Realty Associates LLC | $590,000.00 |
| Prince Street Holdings LLC | $525,000.00 |
| Sasson Real Estate Group | $342,500.00 |
| Ilomai Kurrik and Arthur Nigel Jones | $305,064.16 |
| Heiner Freidrich | $291,000.00 |
| Louis Girodano and Jeanmarie Giordano | $250,000.00 |
| Jonathan Ostrow | $250,000.00 |
| Anolag LLC and Jacpot 2 LLC | $220,051.88 |
| 47 Mercer Street I LLC, 47 Mercer Street II LLC, 47 Mercer Street III LLC, and 47 Mercer Street IV LLC | $199,600.38 |
| Irwin Ostrega | $159,584.93 |
| Chad Eggers | $158,000.00 |
| Centennial Properties NY Inc. | $150,000.00 |
| Lawrence A. Alexander Irrevocable Trust | $117,000.00 |
| Robert Altemus | $89,900.00 |
| Darren Katz and Peter Myers | $77,000.00 |
| 5557 LLC | $75,000.00 |
| 51 West 11 Realty LLC and Beth Mollins | $65,000.00 |
| Georgica Capital Partners LLC | $61,250.00 |
| CF E 88 LLC and SM E 88 LLC | $60,000.00 |
| Thomas Sneva | $57,300.00 |
| 6 West 75th Street LLC and 112-113 West 75th Street LLC | $55,187.73 |
| Robert Rugani | $49,900.00 |
| Delis Realty Corporation | $45,000.00 |
| 112-113 West 75th Street LLC | $40,000.00 |
| Estate of Jasper Edward Peyton, Jr. | $34,000.00 |
| Jason Breitstone | $30,625.00 |
| David Shorenstein | $30,625.00 |
| Jason Rosenblum | $17,410.13 |
| 6 West 75th Street LLC | $10,000.00 |
| David Svenson | $7,589.87 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

**THE PEOPLE OF THE STATE OF NEW YORK**


-against-

**MITCHELL KOSSOFF,**

**Defendant.**

---

**PLEA AGREEMENT**

**DOCKET NO.**

**SCI NO.**

---

**Cyrus R. Vance, Jr.**
**District Attorney**
**New York County**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

**Ryan Gee**
**Assistant District Attorney**
**Of Counsel**

## EXHIBIT 5

### Group-One Transfers

**EXHIBIT 5**

## GROUP-ONE TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 2/28/14 | 3/4/14 | 15191 | $18,100.00 |
| Hampton Management | 3/27/14 | 3/31/14 | 15321 | $18,100.00 |
| Hampton Management | 4/28/14 | 5/1/14 | 15463 | $18,100.00 |
| Hampton Management | 5/30/14 | 6/2/14 | 15603 | $18,100.00 |
| Hampton Management | 6/30/14 | 7/2/14 | 15740 | $18,100.00 |
| Hampton Management | 7/31/14 | 8/4/14 | 15882 | $18,100.00 |
| Hampton Management | 9/2/14 | 9/3/14 | 16078 | $18,100.00 |
| Hampton Management | 10/3/14 | 10/3/14 | 16289 | $18,100.00 |
| Hampton Management | 10/31/14 | 11/3/14 | 16550 | $18,100.00 |
| Hampton Management | 12/1/14 | 12/2/14 | 16781 | $18,100.00 |
| Hampton Management | 12/29/14 | 1/5/15 | 17049 | $18,100.00 |
| Hampton Management | 12/29/14 | 1/28/15 | 17048 | $900.00 |
| Hampton Management | 1/30/15 | 2/4/15 | 20134 | $18,100.00 |
| Hampton Management | 3/2/15 | 3/6/15 | 20428 | $18,100.00 |
| Hampton Management | 3/31/15 | 4/1/15 | 20722 | $18,900.00 |
| | | | **Total** | **$255,100.00** |

**<u>EXHIBIT 6</u>**

**Group-Two Transfers**

**EXHIBIT 6**

## <u>GROUP-TWO TRANSFERS</u>

**Direct Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 6/2/15 | 6/3/15 | 21466 | $19,000.00 |
| Hampton Management | 6/30/15 | 7/1/15 | 21789 | $19,000.00 |
| Hampton Management | 7/31/15 | 8/6/15 | 22209 | $19,000.00 |
| Hampton Management | 8/31/15 | 9/2/15 | 22530 | $19,000.00 |
| Hampton Management | 9/28/15 | 9/30/15 | 22848 | $19,000.00 |
| Hampton Management | 10/30/15 | 11/2/15 | 23253 | $19,000.00 |
| Hampton Management | 11/25/15 | 11/30/15 | 23604 | $19,000.00 |
| Hampton Management | 12/31/15 | 1/5/16 | 24083 | $19,000.00 |
| Hampton Management | 1/29/16 | 1/29/16 | 24406 | $19,000.00 |
| Hampton Management | 2/29/16 | 3/1/16 | 24791 | $19,000.00 |
| Hampton Management | 3/30/16 | 4/1/16 | 25287 | $19,000.00 |
| Hampton Management | 4/29/16 | 5/3/16 | 25654 | $19,000.00 |
| Hampton Management | 5/30/16 | 5/31/16 | 26037 | $19,000.00 |
| Hampton Management | 6/28/16 | 6/29/16 | 26467 | $100.00 |
| Hampton Management | 7/6/16 | 7/12/16 | 26555 | $18,900.00 |
| Hampton Management | 8/5/16 | 8/8/16 | 26920 | $18,900.00 |
| Hampton Management | 9/7/16 | 9/13/16 | 27348 | $18,800.00 |
| Hampton Management | 10/5/16 | 10/13/16 | 27728 | $18,900.00 |
| Hampton Management | 11/4/16 | 11/14/16 | 28108 | $18,900.00 |
| Hampton Management | 12/5/16 | 12/9/16 | 28505 | $18,900.00 |
| Hampton Management | 1/4/17 | 1/30/17 | 28885 | $200.00 |

**EXHIBIT 6**

## GROUP-TWO TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 1/23/17 | 1/31/17 | 29053 | $18,900.00 |
| Hampton Management | 2/28/17 | 3/2/17 | 29506 | $18,900.00 |
| Hampton Management | 3/30/17 | 3/31/17 | 29924 | $19,750.00 |
| Hampton Management | 4/28/17 | 5/2/17 | 30280 | $19,200.00 |
| Hampton Management | 5/19/17 | 5/26/17 | 30572 | $19,200.00 |
| Hampton Management | 6/13/17 | 6/20/17 | 30927 | $19,200.00 |
| Hampton Management | 7/28/17 | 8/3/17 | 31474 | $19,200.00 |
| Hampton Management | 8/14/17 | 8/17/17 | 31738 | $19,200.00 |
| Hampton Management | 9/15/17 | 9/20/17 | 32215 | $19,200.00 |
| Hampton Management | 10/26/17 | 11/3/17 | 32664 | $18,900.00 |
| Hampton Management | 11/13/17 | 12/4/17 | 32923 | $19,200.00 |
| Hampton Management | 12/18/17 | 1/2/18 | 33415 | $19,100.00 |
| Hampton Management | 3/31/20 | 4/15/20 | 40607 | $20,941.00 |
| | | **Total Group-Two Direct Payments** | | **$611,491.00** |

**EXHIBIT 6**

## GROUP-TWO TRANSFERS

**Indirect Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/2/18 | 2/2/18 | Debit | $19,300.00 | |
| Hampton Management | 1/31/18 | 2/5/18 | 1006 | | $19,200.00 |
| | | | | $19,300.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/23/18 | 2/23/18 | Debit | $5,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/28/18 | 2/28/18 | Debit | $19,000.00 | |
| Hampton Management | 2/28/18 | 3/2/18 | 1023 | | $19,200.00 |
| | | | | $24,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 4/2/18 | 4/2/18 | Debit | $19,500.00 | |
| Hampton Management | 3/28/18 | 4/2/18 | 1033 | | $19,200.00 |
| | | | | $19,500.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 4/27/18 | 4/27/18 | Debit | $3,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 4/30/18 | 4/30/18 | Debit | $19,500.00 | |
| Hampton Management | 4/27/18 | 5/3/18 | 1043 | | $19,750.00 |
| | | | | $22,500.00 | $19,750.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/5/18 | 6/5/18 | Debit | $25,000.00 | |
| Hampton Management | 5/31/18 | 6/6/18 | 1054 | | $19,200.00 |
| | | | | $25,000.00 | $19,200.00 |
| | | | | | |

**EXHIBIT 6**

## GROUP-TWO TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/28/18 | 6/28/18 | Debit | $41,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/2/18 | 7/2/18 | Debit | $8,000.00 | |
| Hampton Management | 6/29/18 | 7/2/18 | 1088 | _____ | $19,200.00 |
| | | | | $49,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/1/18 | 8/1/18 | Debit | $25,000.00 | |
| Hampton Management | 7/31/18 | 8/1/18 | 1109 | _____ | $19,100.00 |
| | | | | $25,000.00 | $19,100.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/31/18 | 8/31/18 | Debit | $30,000.00 | |
| Hampton Management | 8/30/18 | 9/4/18 | 1132 | _____ | $19,200.00 |
| | | | | $30,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/3/18 | 10/3/18 | Debit | $47,000.00 | |
| Hampton Management | 9/28/18 | 10/3/18 | 1154 | _____ | $19,200.00 |
| | | | | $47,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/29/18 | 10/29/18 | Debit | $2,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/31/18 | 10/31/18 | Debit | $19,100.00 | |
| Hampton Management | 10/29/18 | 11/1/18 | 1169 | _____ | $19,200.00 |
| | | | | $21,100.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/30/18 | 11/30/18 | Debit | $19,500.00 | |
| Hampton Management | 11/30/18 | 12/3/18 | 1195 | _____ | $19,200.00 |
| | | | | $19,500.00 | $19,200.00 |
| | | | | | |

**EXHIBIT 6**

## GROUP-TWO TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 12/28/18 | 12/28/18 | Debit | $19,200.00 | |
| Hampton Management | 12/27/18 | 12/31/18 | 1214 | | $19,200.00 |
| | | | | $19,200.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/31/19 | 1/31/19 | Debit | $19,200.00 | |
| Hampton Management | 1/31/19 | 2/6/19 | 1231 | | $19,200.00 |
| | | | | $19,200.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/25/19 | 1/25/19 | Debit | $5,600.00 | |
| Hampton Management | 1/23/19 | 2/12/19 | 1224 | | $     191.00 |
| | | | | $5,600.00 | $     191.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/28/19 | 2/28/19 | Debit | $32,000.00 | |
| Hampton Management | 2/28/19 | 3/4/19 | 1246 | | $19,200.00 |
| | | | | $32,000.00 | $19,200.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 3/28/19 | 3/28/19 | Debit | $20,100.00 | |
| Hampton Management | 3/28/19 | 4/2/19 | 1263 | | $20,041.00 |
| | | | | $20,100.00 | $20,041.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/1/19 | 5/1/19 | Debit | $19,400.00 | |
| Hampton Management | 4/29/19 | 5/1/19 | 1283 | | $19,391.00 |
| | | | | $19,400.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/31/19 | 5/31/19 | Debit | $24,900.00 | |
| Hampton Management | 5/31/19 | 6/3/19 | 1299 | | $19,391.00 |
| | | | | $24,900.00 | $19,391.00 |

**EXHIBIT 6**

## GROUP-TWO TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/28/19 | 6/28/19 | Debit | $3,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/1/19 | 7/1/19 | Debit | $19,300.00 | |
| Hampton Management | 6/27/19 | 7/1/19 | 1316 | _____ | $19,391.00 |
| | | | | $22,800.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/30/19 | 7/30/19 | Debit | $1,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/19 | 7/31/19 | Debit | $19,000.00 | |
| Hampton Management | 7/31/19 | 8/1/19 | 1335 | _____ | $19,391.00 |
| | | | | $20,000.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/3/19 | 9/3/19 | Debit | $19,300.00 | |
| Hampton Management | 8/30/19 | 9/3/19 | 1353 | _____ | $19,391.00 |
| | | | | $19,300.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/19 | 9/30/19 | Debit | $19,300.00 | |
| Hampton Management | 9/30/19 | 10/2/19 | 1376 | _____ | $19,241.00 |
| | | | | $19,300.00 | $19,241.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/31/19 | 10/31/19 | Debit | $20,000.00 | |
| Hampton Management | 10/30/19 | 11/1/19 | 1399 | _____ | $19,291.00 |
| | | | | $20,000.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/27/19 | 11/27/19 | Debit | $19,300.00 | |
| Hampton Management | 11/27/19 | 12/3/19 | 1419 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |

**EXHIBIT 6**

## GROUP-TWO TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/2/20 | 1/2/20 | | $20,500.00 | |
| Hampton Management | 12/30/19 | 1/2/20 | 1441 | _____ | $20,341.00 |
| | | | | $20,500.00 | $20,341.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/31/20 | 1/31/20 | Debit | $21,500.00 | |
| Hampton Management | 1/29/20 | 2/3/20 | 1457 | _____ | $18,341.00 |
| | | | | $21,500.00 | $18,341.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 3/2/20 | 3/2/20 | Debit | $19,300.00 | |
| Hampton Management | 2/27/20 | 3/4/20 | 1468 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | Total Group-Two Indirect Transfers: | | | $482,842.00 |
| | | Total Group-Two Transfers: | | | $1,094,333.00 |

**<u>EXHIBIT 7</u>**

**Group-Three Transfers**

**EXHIBIT 7**

# GROUP-THREE TRANSFERS

**Direct Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 4/30/20 | 5/7/20 | 40778 | $19,291.00 |
| ROC Le Triomphe Associates LLC | 3/19/21 | 3/19/21 | WIRE | $35,417.06 |
| | | **Total Group-Three Direct Payments** | | **$54,708.06** |

**EXHIBIT 7**

## GROUP-THREE TRANSFERS

**Indirect Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/29/20 | 5/29/20 | Debit | $19,300.00 | |
| Hampton Management | 5/28/20 | 6/3/20 | 1625 | _____ | $18,336.83 |
| | | | | $19,300.00 | $18,336.83 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/16/20 | 6/16/20 | Debit | $26,000.00 | |
| Transfer to 9287 | 6/22/20 | 6/22/20 | Debit | _____ | $  2,000.00 |
| | | | | $26,000.00 | $  2,000.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/2/20 | 7/2/20 | Debit | $19,000.00 | |
| Hampton Management | 6/29/20 | 7/9/20 | 1626 | _____ | $19,291.00 |
| | | | | $19,000.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/20 | 7/31/20 | Debit | $19,200.00 | |
| Hampton Management | 7/31/20 | 8/11/20 | 1474 | _____ | $19,182.66 |
| | | | | $19,200.00 | $19,182.66 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/28/20 | 8/28/20 | Debit | $8,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/31/20 | 8/31/20 | Debit | $19,200.00 | |
| Hampton Management | 8/28/20 | 9/2/20 | 1503 | _____ | $19,291.00 |
| | | | | $27,700.00 | $19,291.00 |
| | | | | | |

**EXHIBIT 7**

## GROUP-THREE TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/20 | 9/30/20 | Debit | $19,300.00 | |
| Hampton Management | 9/30/20 | 10/6/20 | 1513 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/2/20 | 11/2/20 | Debit | $25,700.00 | |
| Hampton Management | 10/30/20 | 11/4/20 | 1522 | _____ | $19,191.00 |
| | | | | $25,700.00 | $19,191.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 12/3/20 | 12/3/20 | Debit | $19,300.00 | |
| Hampton Management | 11/30/20 | 12/3/20 | 1526 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/21/21 | 1/21/21 | Debit | $9,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/1/21 | 2/1/21 | Debit | $19,100.00 | |
| Hampton Management | 1/31/21 | 2/4/21 | 1535 | _____ | $19,291.00 |
| | | | | $28,600.00 | $19,291.00 |
| | | Total Group-Three Indirect Payments | | | $155,165.49 |
| | | Total Group-Three Transfers: | | | $209,873.55 |

## EXHIBIT 8

**Two-Year Transfers**

**EXHIBIT 8**

## TWO-YEAR TRANSFERS

**Direct Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 3/31/20 | 4/15/20 | 40607 | $20,941.00 |
| Hampton Management | 4/30/20 | 5/7/20 | 40778 | $19,291.00 |
| ROC Le Triomphe Associates LLC | 3/19/21 | 3/19/21 | WIRE | $35,417.06 |
| | | **Total Two-Year Direct Payments** | | **$75,649.06** |

**EXHIBIT 8**

## TWO-YEAR TRANSFERS

**Indirect Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/1/19 | 5/1/19 | Debit | $19,400.00 | |
| Hampton Management | 4/29/19 | 5/1/19 | 1283 | _____ | $19,391.00 |
| | | | | $19,400.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/31/19 | 5/31/19 | Debit | $24,900.00 | |
| Hampton Management | 5/31/19 | 6/3/19 | 1299 | _____ | $19,391.00 |
| | | | | $24,900.00 | $19,391.00 |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/28/19 | 6/28/19 | Debit | $3,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/1/19 | 7/1/19 | Debit | $19,300.00 | |
| Hampton Management | 6/27/19 | 7/1/19 | 1316 | _____ | $19,391.00 |
| | | | | $22,800.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/30/19 | 7/30/19 | Debit | $1,000.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/19 | 7/31/19 | Debit | $19,000.00 | |
| Hampton Management | 7/31/19 | 8/1/19 | 1335 | _____ | $19,391.00 |
| | | | | $20,000.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/3/19 | 9/3/19 | Debit | $19,300.00 | |
| Hampton Management | 8/30/19 | 9/3/19 | 1353 | _____ | $19,391.00 |
| | | | | $19,300.00 | $19,391.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/19 | 9/30/19 | Debit | $19,300.00 | |
| Hampton Management | 9/30/19 | 10/2/19 | 1376 | _____ | $19,241.00 |
| | | | | $19,300.00 | $19,241.00 |

**EXHIBIT 8**

## TWO-YEAR TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 10/31/19 | 10/31/19 | Debit | $20,000.00 | |
| Hampton Management | 10/30/19 | 11/1/19 | 1399 | _____ | $19,291.00 |
| | | | | $20,000.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/27/19 | 11/27/19 | Debit | $19,300.00 | |
| Hampton Management | 11/27/19 | 12/3/19 | 1419 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/2/20 | 1/2/20 | | $20,500.00 | |
| Hampton Management | 12/30/19 | 1/2/20 | 1441 | _____ | $20,341.00 |
| | | | | $20,500.00 | $20,341.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/31/20 | 1/31/20 | Debit | $21,500.00 | |
| Hampton Management | 1/29/20 | 2/3/20 | 1457 | _____ | $18,341.00 |
| | | | | $21,500.00 | $18,341.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 3/2/20 | 3/2/20 | Debit | $19,300.00 | |
| Hampton Management | 2/27/20 | 3/4/20 | 1468 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/29/20 | 5/29/20 | Debit | $19,300.00 | |
| Hampton Management | 5/28/20 | 6/3/20 | 1625 | _____ | $18,336.83 |
| | | | | $19,300.00 | $18,336.83 |
| | | | | | |

**EXHIBIT 8**

## TWO-YEAR TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/16/20 | 6/16/20 | Debit | $26,000.00 | |
| Transfer to 9287 | 6/22/20 | 6/22/20 | Debit | _____ | $  2,000.00 |
| | | | | $26,000.00 | $  2,000.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/2/20 | 7/2/20 | Debit | $19,000.00 | |
| Hampton Management | 6/29/20 | 7/9/20 | 1626 | _____ | $19,291.00 |
| | | | | $19,000.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/20 | 7/31/20 | Debit | $19,200.00 | |
| Hampton Management | 7/31/20 | 8/11/20 | 1474 | _____ | $19,182.66 |
| | | | | $19,200.00 | $19,182.66 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/28/20 | 8/28/20 | Debit | $8,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/31/20 | 8/31/20 | Debit | $19,200.00 | |
| Hampton Management | 8/28/20 | 9/2/20 | 1503 | _____ | $19,291.00 |
| | | | | $27,700.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/20 | 9/30/20 | Debit | $19,300.00 | |
| Hampton Management | 9/30/20 | 10/6/20 | 1513 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/2/20 | 11/2/20 | Debit | $25,700.00 | |
| Hampton Management | 10/30/20 | 11/4/20 | 1522 | _____ | $19,191.00 |
| | | | | $25,700.00 | $19,191.00 |
| | | | | | |

**EXHIBIT 8**

## TWO-YEAR TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 12/3/20 | 12/3/20 | Debit | $19,300.00 | |
| Hampton Management | 11/30/20 | 12/3/20 | 1526 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/21/21 | 1/21/21 | Debit | $9,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/1/21 | 2/1/21 | Debit | $19,100.00 | |
| Hampton Management | 1/31/21 | 2/4/21 | 1535 | _____ | $19,291.00 |
| | | | | $28,600.00 | $19,291.00 |
| | | | **Total Two-Year Indirect Payments** | | $367,916.49 |
| | | | **Total Two-Year Transfers** | | $443,565.55 |

## EXHIBIT 9

**Preferential Transfers**

**EXHIBIT 9**

## PREFERENTIAL TRANSFERS

**Direct Payments**

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Check/ Payment Amount |
|---|---|---|---|---|
| Hampton Management | 4/30/20 | 5/7/20 | 40778 | $19,291.00 |
| ROC Le Triomphe Associates LLC | 3/19/21 | 3/19/21 | WIRE | $35,417.06 |
| | | **Total Direct Preferential Transfers** | | **$54,708.06** |

**EXHIBIT 9**

## PREFERENTIAL TRANSFERS

### Indirect Payments

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 5/29/20 | 5/29/20 | Debit | $19,300.00 | |
| Hampton Management | 5/28/20 | 6/3/20 | 1625 | _____ | $18,336.83 |
| | | | | $19,300.00 | $18,336.83 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 6/16/20 | 6/16/20 | Debit | $26,000.00 | |
| Transfer to 9287 | 6/22/20 | 6/22/20 | Debit | _____ | $  2,000.00 |
| | | | | $26,000.00 | $  2,000.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/2/20 | 7/2/20 | Debit | $19,000.00 | |
| Hampton Management | 6/29/20 | 7/9/20 | 1626 | _____ | $19,291.00 |
| | | | | $19,000.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 7/31/20 | 7/31/20 | Debit | $19,200.00 | |
| Hampton Management | 7/31/20 | 8/11/20 | 1474 | _____ | $19,182.66 |
| | | | | $19,200.00 | $19,182.66 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/28/20 | 8/28/20 | Debit | $8,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 8/31/20 | 8/31/20 | Debit | $19,200.00 | |
| Hampton Management | 8/28/20 | 9/2/20 | 1503 | _____ | $19,291.00 |
| | | | | $27,700.00 | $19,291.00 |
| | | | | | |

**EXHIBIT 9**

## PREFERENTIAL TRANSFERS

| Payee | Check/ Payment Date | Check/ Payment Clear Date | Check # | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 9/30/20 | 9/30/20 | Debit | $19,300.00 | |
| Hampton Management | 9/30/20 | 10/6/20 | 1513 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 11/2/20 | 11/2/20 | Debit | $25,700.00 | |
| Hampton Management | 10/30/20 | 11/4/20 | 1522 | _____ | $19,191.00 |
| | | | | $25,700.00 | $19,191.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 12/3/20 | 12/3/20 | Debit | $19,300.00 | |
| Hampton Management | 11/30/20 | 12/3/20 | 1526 | _____ | $19,291.00 |
| | | | | $19,300.00 | $19,291.00 |
| | | | | | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 1/21/21 | 1/21/21 | Debit | $9,500.00 | |
| Kossoff, PLLC - JPM Chase Checking Account ending in 0751 | 2/1/21 | 2/1/21 | Debit | $19,100.00 | |
| Hampton Management | 1/31/21 | 2/4/21 | 1535 | _____ | $19,291.00 |
| | | | | $28,600.00 | $19,291.00 |
| | | Total Indirect Preferential Transfers: | | | $155,165.49 |
| | | Total Preferential Transfers: | | | $209,873.55 |