November 9, 2022

Honorable David S. Jones
US Bankruptcy Court
Southern District
One Bowling Green
New York, New York 10004

Re: In Re Kossoff PLLC (Case#21-10699)
Adv.Proc.22-01141,Togut v. BK Trust et al
Adv.Proc.22-01146, Togut v. Phyllis Kossoff

---

Request to be recognized as a Required
Party in the above proceedings and to attend
the Court Conferences Scheduled for 11/15/22.

---

Your Honor:

      I am hereby requesting that pursuant to Rule 19 of the Federal Rules of Civil Procedure that an Order issue from the Court requiring that the adversarial complaints noted above be amended naming Mitchell Kossoff as a Required Party. Further it is requested that while the Court is considering this application and further proceedings be stayed and that I be permitted to attend the conferences in these matters currently scheduled before this Court on 11/15/22 to discuss the within requests and that the Court contact Groveland CF to make the appropriate arrangements to secure my presence at that time.

      As Your Honor is aware since the Court has not as of yet joined the "jaypay email system," I cannot at present forward this email directly to you so I am asking either Walter Mack, Esq. and/or, David Bolton, Esq. to assemble and deliver this letter to you (which is being sent in 3 separate emails due to "jaypay's " 6000 character per email" limitation) immediately upon their receipt of the same. I do apologize to the Court for this roundabout method of communication, but I do believe given the restrictions imposed upon me as an incarcerated individual, that this is the best I can particularly in light of the time consuming and laborious alternatives which I detailed in my prior mailed correspondence to this Court and related parties, dated 10/14/22, in the VNB adversarial proceeding (22-01113).

Turning now to applicable rules and caselaw, it is noted that Rule 19 of the Federal Rules of Civil Procedure (FRCP) states in pertinent part as follows:

"Rule 19: REQUIRED JOINDER OF PARTIES
a)

(1) Required Party. A person who is subject to service of process whose joinder will not deprive the Court of subject matter jurisdiction must be joined as a party if
(A) in that person's absence, the Court cannot accord complete relief among existing parties, or
(B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair the person's ability to protect their interest.
(2) If a person has not been joined as required, the Court must order the person be made a part. . .".

Further Rule 7019 of the Federal Rules of Bankruptcy Procedure makes it clear that FRCP 19 is to be employed in an adversarial proceeding commenced in bankruptcy court in order to determine who is, and who is not, a Required Party.

The Courts have interpreted the above provisions of Rule 19 to mean that a person is "required" if he or she is one whose participation is so desirable or important that the party must be joined so long as she or he is subject to service of process and joinder will not deprive the court of subject matter jurisdiction. *See Marvel Characters, Inc. v. Kirby*, 76 FSupp3d 719 (2nd Circuit-2013). Generally in determining who is a required party pursuant to the federal rule the following four factors are considered: (1) whether a judgment rendered in a person's absence might prejudice that person or existing parties to the action; (2) the extent to which any prejudice could be alleviated; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the Court dismissed the suit. *See, Montauk Highway LLC&26-27College Point Blvd.#2 v. Global Partners LP and BP Products NorthAmerica, Inc,.* 296 FRD 94 (USDC/Eastern District-2013) and *6247 Atlas Corp. v. Marine Insurance*, 155 FRD 454 (SDNY, 1994).

Factor number "(3)" noted above is particularly relevant in connection with the instant applications, and so requires a deeper dive into when a judgment would or would not be deemed" adequate". In talking about this 3rd prong of the Required Party analysis, courts and commentators have interpreted it to mean that there is a public stake in settling disputes "by wholes" whenever possible and concerns the social interest in the efficient administration of justice and the avoidance of multiple litigations. *See LCE Lux Holdco v. Entretenimento*, 287 FRD 230 (USDC/SDNY - 2012) and Montauk Highway, supra.

Finally and before applying these legal principles to the two complaints noted above which I contend are both missing a Required Party - namely ME -two additional instructions from Courts which have wrestled with analagous issues are probative. It has been held that Courts should be flexible when applying the criteria for determining whether a party is an indispensable party and should avoid a mechanical approach to the analysis. *See Sty-Lite Co. v. Eminent Sportswear, Inc.* 115 FSupp2d 394 (USDC/SDNY - 2000). It is also germane before turning to our application of the law to the facts to note that whether a

---

Continued on the second of three emails.

lawsuit requires that a person be named and served as an indispensable party can only be determined in the context of a particular litigation. *See Walpert v. Jaffey*, 127 F.Supp3d 105(USDC/SDNY - 2015).

It is posited that in the context of the adversarial proceeding entitled, Togut v. BK Trust et al (22-01141), this Court must come to the conclusion that I am a Required Party inasmuch as:

1. I will consent to be joined as a party defendant and will waive all personal jurisdiction issues as long as a copy of the Amended Complaint is mailed to me either by Express Mail, Fedex or UPS and that I have a full 45 days from the date of receipt of the complaint to interpose a timely response.

2. That adding me as a party defendant does not otherwise divest this Court of subject matter jurisdiction.

3. That according to the Complaint I am the principal villain in a scheme to wrongfully transfer more than 5.2 million to pay my personal debts to the defendants both from the debtor's account and my IOLA accounts (which I believe were for the most part in my name only and not the debtor's)(Complaint at Paragraph "5"). That according to the Complaint the purpose of this proceeding is to recover these funds dubbed "Farmview related payments" which I allegedly stole and for which I would be ordinarily and primarily be liable (Complaint at Paragraph"8"). That my name appears in the complaint which recites a litany of bad acts attributable to me on over FIFTY (50) different occasions. Considering the foregoing, AM I NOT THAT PERSON NOTED BY THE COURT IN MARVEL, supra, WHOSE PARTI-CIPATION IS SO DESIREABLE AND IMPORTANT THAT I MUST JOINED AS A REQUIRED PARTY? And yet the Trustee has mysteriously omitted to name me as a party defendant.

4. That I alone have unique and exclusive knowledge of all of the seminal and crucial facts of this case which date back to 2004. That the Trustee has otherwise tried to infuse my presence in this case by attaching as a central exhibit to his Complaint an Affidavit and Schedules purportedly drafted and signed by me in 2011 when I was contemplating personal bankruptcy. That my 96 YEAR OLD MOTHER who is one of the party defendants in this action and with whom I am united in interest to the extent that her possible liability would ultimately become my liability (*see* Points 5&6, *infra*) is under round the clock, end of life, hospice care and is in no position to give testimony or supply documents in her defense. Is not my presence in this action as a direct participant crucial to the proper administration of justice? WOULD NOT THE

FAILURE TO INCLUDE ME AS A REQUIRED PARTY IN THIS ACTION SERVE TO PREJUDICE EITHER ME OR THE EXISTING PARTY DEFENDANTS IN THIS PROCEEDING?

5. That in the absence of my presence in this action as a party defendant full relief cannot be accorded to the existing party defendants inasmuch as the Trustee by employing a special Ten (10) Year Statute of Limitations available solely in a fraudulent transfer action brought under the auspices of Section 548 of the Bankruptcy Code, is seeking to recover monies which I allegedly and fraudulently transferred to defendants in repayment of my own personal debts. If these same defendants were injured by a judgment directing them to disgorge these sums in the Bankruptcy Court and then turned around and sued me in State Court for compensation, they would be barred in part from doing so because at best a SIX YEAR as opposed to a TEN YEAR limitation period would apply. DOESN'T THIS FACT ALONE PREJUDICE THE EXISTING PARTIES TO THIS ACTION SUCH THAT TO DENY ME REQUIRED PARTY STATUS WOULD BE A PER SE VIOLATION OF RULE 19 OF THE FRCP?

6. As is more fully set forth above, in the event of an adverse judgment, the injured FARMVIEW defendants would necessarily thereafter seek compensation from me by initiating a multiplicity of independent lawsuits which could be brought simply as crossclaims in this litigation were I added as a required party defendant in the first instance. WOULD NOT THEN THE FAILURE TO INCLUDE ME AS A REQUIRED PARTY DEFENDANT RUN AFOUL OF THE 3RD PRONG OF THE LITMUS TEST ENNUNCIATED BY THE MONTAUK HIGHWAY & 6247 ATLAS CORP. COURTS AS FURTHER INTERPRETED BY THE LCE LUX COURT, RESULTING IN A JUDGMENT AGAINST THE EXISTING DEFENDANTS WHICH IN MY ABSENCE WOULD NOT BE ADEQUATE?

7. That I am the Co-Trustee, as well as the remainder beneficiary, of the Burton Kossoff Testamentary Trust and my mother is the other Co-Trustee and lifetime income beneficiary. That the Burton Kossoff Testamentary Trust (BK Trust) is in default in this proceeding although the Complaint was never served upon me and my mother, given her above infirmities, was in no position to hire counsel to represent the Trust which is legally mandated, nor do I have sufficient funds to do so. Nevertheless it is my belief as the remainder beneficiary of the BK Trust that I have a sufficient interest in the outcome of this proceeding to be named as a Required Party defendant. THUS IS NOT THE FAILURE TO DO SO BY THE TRUSTEE A PER SE VIOLATION OF RULE 19(a)(1)(B) OF FRCP?

It is respectfully submitted that the answers to all of these questions are YES and I must be added as a Required Party in this action which seeks to recover funds which I allegedly stole and with which I paid my personal debts.

Turning now to the Trustee's action against my 96 year old mother (Adv. Proc.# 22-01146), it is contended, as with the matter previously discussed and for many of the very same reasons, that I

am a Required Party who must be named as a defendant in an Amended Complaint.

AS BEFORE and as more fully set forth in Points "1" and "2", supra, I am willing to submit to the personal jurisdiction of this Court
and adding me as a party will not deprive the Court of subject matter jurisdiction.

AS BEFORE I am cast in this complaint as the principal wrongdoer having allegedly and wrongfully diverted funds from the debtor's escrow and operating accounts in repayment of my personal debts - this time the sum is 2.3 million and the recipient is my mother, defendant Phyllis Kossoff (Complaint at Paragraphs "2" & "3").

AS BEFORE the events which the Trustee is examining to buttress his claims date back many years in this case from 2006 forward (Complaint at Paragraph "1") and he is seeking to recover payments made well before the six year limitations period available under State law by employing the special 10 year limitations period for fraudulent transfers available only under Section 548 of the Bankruptcy Code.

AS BEFORE I am united in interest with my mother in insuring a beneficial outcome in this proceeding because I would be directly liable to my mother or her estate for a repayment of any monies she is found to owe to the Trustee in the event of an adverse judgment.

AS BEFORE if my mother or her estate were to initiate a subsequent lawsuit against me for reimbursement for losses sustained due to an adverse judgment in Bankruptcy Court, her recovery would be limited by the SIX YEAR limitations period available under NYS law although her liability period in bankruptcy could be as long as 10 years - a situation which could be easily remedied via the interposition of a cross claim if I were made a defendant as a required party.

AS BEFORE my 96 year old mother is not only aged but is under round the clock hospice care, has been totally debilitated by multiple cancers which have invaded all parts of her body, is in constant pain, and is in no condition to adequately defend this litigation which involves events dating back and even before 2006 unless I am inserted in the proceeding as an active litigant.

AS BEFORE I alone have unique and exclusive knowledge of all of the seminal and crucial facts in this litigation which actually date back more than 25 years and I am so central to this litigation that without my presence as a party defendant both my mother's interests and perhaps her estate's would be severely prejudiced.

AS BEFORE I am named within the confines of the instant complaint more than FIFTY TIMES in an effort to buttress the Trustee's claims which allege that either I stole or wrongfully diverted

debtor's funds and, as such, would under most circumstances be also named as a natural defendant in this proceeding along with my mother.

AND YET despite all of the foregoing, I have been mysteriously and impermissibly left out of this litigation as a party defendant which I believe was a conscious tactic employed by the Trustee in order to gain a litigation advantage due to my mother's infirmities and my own limitations as an incarcerated individual.

THEREFORE AND AS WAS THE CASE WITH THE FARMVIEW COMPLAINT, and by employing the same case law, statutes and legal precedents set forth herein, I ask this Court pursuant to Rule 19 of the FRCP to insure that I am added to the within proceeding as a Required Party defendant.

Thank you for your time and efforts in resolving the issues raised herein.

Respectfully submitted,

/s/ Mitchell Kossoff
MITCHELL KOSSOFF

cc: (via jaypay email)
    David Bolton, Esq.
    Jared Borriello, Esq.
    Walter Mack, Esq.