DATE: December 6, 2022

FROM: Mitchell Kossoff

cc: David Bolton, Esq.
Jared Borriello, Esq.
Walter Mack, Esq.

Hon. David S. Jones
United States Bankruptcy Court
Southern District
One Bowling Green
New York, New York 10004

RE: In Re Kossoff PLLC (21-10699)
Togut v. Valley National Bank et al (22-01113)
Motion for Judgment on the Pleadings

Dear Judge Jones:

I am hoping that either Walter Mack, Esq. or David Bolton, Esq. will forward a copy of this letter to you since I cannot do so directly because of the limitations of the "JayPay" email system. Also as I am sure this Court and the parties understand that because of the character limitations of the JAYAY system (6000 per email), I cannot tell while composing a letter how many separate transmissions will be required for its completion, and so I have chosen instead at the bottom of each page to place a legend as to its continuation where applicable.

Further and as set forth in my prior correspondence to the Court, dated 11/20/22, I have elected not to enter into a "408" stipulation with Trustee's counsel based upon, inter alia, Team Togut's failure to produce for my review the VNB/BP loan guarantees which according to the within adversarial proceeding form the predicate for the relief requested against myself and my late mother, Phyllis Kossoff. Instead in a parallel attempt to avoid wasting significant judicial resources, I now set forth this request for a judgment on the pleadings dismissing this complaint against myself and by necessary implication against the Estate of Phyllis Kossoff, Deceased. I also ask that given my severely curtailed ability and resources as an incarcerated individual that this correspondence be treated in all respects as a motion for the relief requested herein.

In accordance with Rule 12(c) of the Federal Rules of Civil Procedure (FRCP) entitled, "Motion for Judgment on the Pleadings: After the pleadings are closed -but early enough not to delay trial, a party may move for judgment on the pleadings." Further Rule 7012(b) of the Federal

Rules of Bankruptcy Procedure (FRBP) specifically acknowledges the applicability of FRCP Rule 12(c) in adversarial proceedings commenced in Bankruptcy Court as long as I state for the record whether or not this is a core proceeding. As a result and for the sake of completeness, I hereby consent to entry of final orders or judgments by this Court as they might pertain to the within adversarial proceeding.

Turning now to the matter at hand and for purposes of this motion only, the within facts established by the allegations contained in the complaint are not disputed:

1. Both my mother and I executed personal guarantees in connection with certain loans made by Valley National Bank (VNB) to Burton Packaging (BP) and that when those loans were paid, any liability on our loan guarantees was discharged. That the debtor from proceeds received from its own separate loan transactions with VNB then used a portion of these sums to pay off the BP/VNB loans. That according to the complaint, the transfers from debtor which BP then used to pay off its own VNB loans were fraudulent and impermissibly benefitted the guarantors thereby enabling the trustee to recover as a matter of law these amounts from us directly. Complaint at Paragraphs 2, 6, 22, 34, 65, 75 and 90. (See Footnote One).

_____

Footnote 1: It seems as if the lynchpin of the trustee's argument for guarantor liability is that the loans to BP from VNB were in default and therefor without the transfer of money from debtor to BP which in turn used the proceeds of these debtor loans to discharge its debt to VNB, that both my mother and I would have been liable on our BP loan guarantees to VNB. Thus as the story goes, those monies that were loaned by debtor to BP directly benefitted us as guarantors and thus under the fraudulent transfer sections of the Bankruptcy Code both my mother and I are liable for a return of these monies to the Trustee. The only problem with this winding narrative is that nowhere within the four corners of the complaint is there a simple allegation that at any time prior to their discharge were any of the BP/VNB loans in that state of default required to trigger liability for either my mother or myself under the terms of our respective loan guarantees. Nor can the Trustee prove any state of facts that would substantiate this allegation had it been made in the first instance, because at least to date he has not even produced full and complete copies of these loan guarantees. Thus the crux of the complaint that these transfers in the form of loans by debtor to Burton in 2015 and 2016 were for the benefit of the guarantors is nothing more than pure speculation. Moreover, the Trustee does, in fact, have in his possesion a certain document, dated 11/30/14, which extended the BP loans with VNB through 5/31/17 and yet the Trustee argues that less than 2 months later on January 26, 2015 (Complaint at p.51) the BP/VNB loans were in such a state of disaray as to trigger liability pursuant to the terms of certain BP loan guarantees which the Trustee, to date, has failed to produce. Clearly and as far as VNB was concerned two months earlier on 11/30/14 the BP loans were certainly not in default otherwise the bank would not have permitted the very same loans to

have been renewed and extended. Further the bulk of the "facts" which the Trustee cites in Paragraph "37" of the Complaint in an attempt bolster his contention that the BP/VNB loans were in default took place prior the extension of these same loans on November 30, 2014 - thus these fanciful allegations are completely dispelled by the presence and execution of this later instrument.

"THIS EMAIL WILL BE CONTINUED IN A SUB- SEQUENT EMAIL LABELLED PAGE TWO WHICH WILL FOLLOW SHORTLY."