**Hearing Date: January 19, 2023 at 10:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Jared C. Borriello

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
|  |  |  |
|---|---|---|
| In the Matter | : | Chapter 7 |
|  | : | Case No. 21-10699 (DSJ) |
| -of- | : |  |
|  | : |  |
| KOSSOFF PLLC, | : |  |
|  | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------- X
|  |  |  |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely | : |  |
| in His Capacity as Chapter 7 Trustee of the | : |  |
| Estate of Kossoff PLLC, | : |  |
|  | : | Adv. Pro. No. 22-01141 (DSJ) |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| BURTON KOSSOFF TESTAMENTARY | : |  |
| TRUST, | : |  |
| ERNEST PEREVOSKI, | : |  |
| TERRI ABBEY, | : |  |
| HUI-FONG LEE, | : |  |
| JOHN BOSWELL, | : |  |
| EQUITY TRUST COMPANY, | : |  |
| PETER XENOPOULOS, | : |  |
| P. XENOPOULOS REALTY, LLC, | : |  |
| PHYLLIS KOSSOFF, | : |  |
| RONNY MINTZ, and | : |  |
| CHALRON ENTERPRISES LTD., | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------- X

```
--------------------------------------------------------------X
                                              :
ALBERT TOGUT, Not Individually but Solely    :
in His Capacity as Chapter 7 Trustee of the   :
Estate of Kossoff PLLC,                        :
                                              :          Adv. Pro. No.: 22-01146 (DSJ)
                    Plaintiff,                 :
                                              :
              v.                               :
                                              :
PHYLLIS KOSSOFF,                               :
                                              :
                                              :
                    Defendant.                 :
-------------------------------------------------------------- X
```

### TRUSTEE'S OBJECTION TO MITCHELL KOSSOFF'S
### <u>REQUEST TO BE RECOGNIZED AS A REQUIRED PARTY</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ........................................................................................................3

   I.   The Chapter 7 Case...............................................................................3

   II.  Kossoff's Refusal to Cooperate with the Trustee  and Failure to Comply
with this Court's Prior Orders ..............................................................4

      A.   Bankruptcy Court Proceedings....................................................4

      B.   Appeals Commenced By Kossoff to the United States District Court for
the Southern District of New York and the United States Court of
Appeals for the Second Circuit ....................................................7

   III.  The Adversary Proceedings ..................................................................9

      A.   The Farmview Adversary Proceeding.............................................9

      B.   The Phyllis Kossoff Adversary Proceeding .....................................9

TRUSTEE'S RESPONSE TO THE RULE 19 MOTION ...............................................10

   I.   Rule 19 Provides a Two-Step Test  for Whether Joinder is Required in
an Action ..........................................................................................10

   II.  Kossoff's Rule 19 Motion Fails to Address  the Threshold Inquiry Under the
Two-Step Rule 19 Analysis...................................................................12

      A.   Kossoff is Not a "Required" Party Pursuant to Rule 19(a).............13

      B.   Even if Kossoff is a Required Party, He is Not Indispensable Under
Rule 19(b) ................................................................................17

CONCLUSION........................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assoc. Dry Goods Corp. v. Towers Financial Corp.*,
    920 F.2d 1121 (2d Cir. 1990) ............................................................................................12, 17

*CP Sol. PTE, Ltd. v. Gen. Elec. Co.*,
    553 F.3d 156 (2d Cir. 2009) ...................................................................................................17

*Crowthers McCall Pattern, Inc. v. Lewis*,
    129 B.R. 992 (S.D.N.Y. 1991) ...............................................................................................16

*In re Chowaiki & Co. Fine Art Ltd.*,
    593 B.R. 699 (Bankr. S.D.N.Y. 2018) ...................................................................................14

*In re Kahn*,
    2014 WL 10474969 (Bankr. E.D.N.Y. Dec. 24, 2014) ..........................................................15

*In re Mundo Latino Market Inc.*,
    590 B.R. 610 (Bankr. S.D.N.Y. 2018) ...................................................................................13

*In re Norstan Apparel Shops, Inc.*,
    367 B.R. 68 (Bankr. E.D.N.Y. 2007) ........................................................................12, 14, 16

*In re Stillwater Asset Backed Offshore Fund Ltd.*,
    559 B.R. 563 (Bankr. S.D.N.Y. 2016) ...................................................................................16

*M. Fabrikant & Sons*,
    394 B.R. 721 (Bankr. S.D.N.Y. 2008) ........................................................................... passim

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013) .............................................................................................10, 16

*Togut v. Burton Kossoff Testamentary Trust, et al.*,
    Adv. Pro. No. 22-01141 (DSJ) (Bankr. S.D.N.Y. Aug. 26, 2022) ..........................................9

*Togut v. Phyllis Kossoff*,
    Adv. Dkt. No. 22-01146 (DSJ) (Bankr. S.D.N.Y. Sept. 6, 2022)............................................9

*U.S. v. Sweeney*,
    418 F. Supp. 2d 492 (S.D.N.Y. 2006) ....................................................................................18

*Viacom Intern., Inc. v. Kearney*,
    212 F.3d 721 (2d Cir. 2000) .............................................................................................11, 12

**Page(s)**

**Statutes**

N.Y. Surr. Ct. Proc. Act Law § 707 .........................................................................16

**Rules**

Fed. R. Civ. P. 19 ...................................................................................................10

Fed. R. Civ. P. 19(a).................................................................................12, 13, 17

Fed. R. Civ. P. 19(a)(1)...........................................................................................11

Fed. R. Civ. P. 19(a)(1)(A) ...............................................................................13, 14

Fed. R. Civ. P. 19(a)(1)(B)......................................................................................14

Fed. R. Civ. P. 19(a)(1)(B)(i)............................................................................14, 15

Fed. R. Civ. P. 19(a)(1)(B)(ii)...........................................................................15, 16

Fed. R. Civ. P. 19(b) .......................................................................11, 12, 13, 17

Fed. R. Civ. P. 19(b)(1)-(4).....................................................................................12

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually, but solely in his capacity as the Chapter 7

trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned Chapter 7

case (the "Chapter 7 Case") and the plaintiff in the above-captioned adversary

proceedings (the "Adversary Proceedings"), by and through his attorneys, Togut, Segal

& Segal LLP, respectfully submits this objection (the "Objection") to the motion filed by

Mitchell H. Kossoff ("Kossoff") styled *Request to be recognized as a Required Party in the*

*above proceedings and to attend the Court Conferences Scheduled for 11/15/22* (the "Rule 19

Motion") [Dkt. No. 440]. In support of this Objection, the Trustee respectfully states:

### PRELIMINARY STATEMENT[1]

The Rule 19 Motion lacks both legal and factual support: Kossoff does not

have an interest in the avoidance claims asserted by the Trustee against others in the

Adversary Proceedings; this Court can afford complete relief in the Adversary

Proceedings without Kossoff being named as a party in them; and relief granted in the

Adversary Proceedings will not subject Kossoff to a substantial risk of double, multiple,

or otherwise inconsistent obligations. As a result, there is no basis for adding Kossoff as

a required party to the Adversary Proceedings pursuant to Rule 19(a).

Moreover, because Kossoff has not, and cannot satisfy the required

elements of Rule 19(a), this Court need not, and the Trustee respectfully asserts, should

not exercise its discretion pursuant to Rule 19(b) to add Kossoff as an indispensable

party to the Adversary Proceedings.

---

[1]   Capitalized terms used but not defined in this Preliminary Statement shall have the meaning ascribed
to such terms where defined in the following sections of this Objection.

Kossoff's assertion in the Rule 19 Motion: "I alone have unique and exclusive knowledge of all of the seminal and crucial facts in this litigation…" Rule 19 Motion at 5, rings as hollow today as it did since the early days of the Chapter 7 Case when Kossoff repeatedly defied this Court's orders and rejected the Trustee's repeated requests for basic information to help in the administration of the Estate, and when this Court issued its November 30, 2021 Contempt Order.  Indeed, Kossoff has still not purged his contempt.  Though Kossoff has been incarcerated for his crimes, he has never expressed remorse for them nor sought to redress them by helping the Trustee.

Instead, the record of the Chapter 7 Case demonstrates that Kossoff has always and consistently acted to promote his personal interests at the expense of the Debtor's creditors.  He has done so in many ways, including multiple baseless appeals, designed to impede the Trustee's efforts to investigate the Debtor's affairs and to attempt to address creditor claims.  Indeed, Kossoff is presently pursuing an appeal to the United States Court of Appeals for the Second Circuit asserting that he may withhold information from the Trustee based upon a Fifth Amendment privilege. These are not the actions of a person who intends to advance the resolution of the Adversary Proceedings.  Kossoff's actions have unnecessarily and dramatically increased the costs and duration of the Chapter 7 Case, all to the detriment of the Estate and its stakeholders.

The Trustee respectfully submits that the Rule 19 Motion is nothing more than a continuation of Kossoff's efforts to elevate his personal interests at the expense of the Estate and the Debtor's creditors.  Adding Kossoff as a party to the Adversary Proceedings will result in the same effect as Kossoff's prior conduct:  additional costs and delays.

Moreover, Kossoff's fleeting request in the Rule 19 Motion that the Adversary Proceedings be "stayed" is also without any factual or legal support.[2] It is also contrary to interests of the Estate.

Based upon the foregoing and what is set forth below, the Trustee respectfully requests that the Court deny the "exceptional" relief sought by Kossoff and the Rule 19 Motion.

## BACKGROUND

### I.    The Chapter 7 Case

1.      On April 13, 2021 (the "Petition Date"), creditors of the Debtor commenced the Chapter 7 Case by filing an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against the Debtor in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.      Kossoff failed to respond to the involuntary petition filed against the Debtor, and on May 11, 2021, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 14] (the "Order for Relief").  The Order for Relief directs the Debtor to file "all schedules, statements, lists and other documents that are required under the Federal and Local Rules of Bankruptcy Procedure" no later than May 25, 2021.  *See* Dkt. No. 14.

3.      On May 12, 2021, the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor [Dkt. No. 15];  he accepted his appointment, duly qualified, and following the section 341 meeting of creditors, is acting as the trustee of the Debtor's estate (the "Estate").

---

[2]    The Trustee has reported to this Court that he has already begun settlement negotiations with parties in the Adversary Proceedings.

II.     **Kossoff's Refusal to Cooperate with the Trustee**
       **and Failure to Comply with this Court's Prior Orders**

       A.     **Bankruptcy Court Proceedings**

       4.     Since the Petition Date, the Trustee has sought Kossoff's cooperation in collecting the information necessary for the Trustee to conduct his investigation of the Debtor's affairs.  On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production* [Dkt. No. 26] (the "Rule 2004 Motion").[3]  On May 26, 2021, criminal counsel for Kossoff filed an opposition to the Rule 2004 Motion, asserting that "The only person who has the knowledge, experience, and information concerning these entities is Mr. Kossoff himself…Mr. Kossoff intends to invoke his Fifth Amendment privilege against self-incrimination and will refuse to answer questions that may tend to incriminate him."  *See* Dkt. No. 30 at 2, 3.  Pursuant to the Rule 2004 Order, the Trustee has issued dozens of subpoenas and his investigation has revealed millions in fraudulent and preferential transfers out of the Debtor's accounts, yet Kossoff has never provided any information regarding those transfers.

       5.     On May 28, 2021, the Trustee filed the *Application for an Order (A) Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor and (B) Compelling Him to (1) Produce Information Requested by the Chapter 7 Trustee;  (2) Appear for Examinations Under Oath at the Bankruptcy Code Section 341 Meeting of Creditors;  and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Dkt. No. 36] (the "Designation

---

[3]     That same day, the Court entered the *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Dkt. No. 27].  The Court entered the *Final Order Granting Injunctive Relief* [Dkt. No. 62] on June 10, 2021 (the "Rule 2004 Order").

Motion"). On June 16, 2021, Kossoff filed an objection to the Designation Motion [Dkt. No. 80] and a memorandum of law supporting the objection [Dkt. No. 80-1]. On June 22, 2021, the Trustee filed his reply to the objection [Dkt. No. 89].

6. On June 25, the Court entered the *Order Designating Mitchell H. Kossoff as the Responsible Officer of the Debtor* [Dkt. No. 93] (the "Designation Order"), which provides that "Kossoff is designated as the person responsible for performing the Debtor's duties in this case . . . ." Dkt. No. 93. The Designation Order provides, among other things, that "pursuant to Bankruptcy Rule 9001(5), Kossoff is designated as the person responsible for performing the Debtor's duties in this case," including preparing and filing the Schedules. *Id.*

7. Despite the Designation Order, Kossoff failed to cooperate with the Trustee's investigation. Following motion practice, *see* Dkt. Nos. 86, 116, and 125, on July 22, 2021, the Court conducted a hearing to consider entry of an order compelling Kossoff to perform his obligations pursuant to the Designation Order. On August 5, 2021, the Bankruptcy Court entered the *Order Compelling Mitchell H. Kossoff to (1) Produce Information and Documents Required by the Chapter 7 Trustee; (2) Appear for Examination at Section 341 Meetings of Creditors; and (3) Otherwise Cooperate with the Chapter 7 Trustee* [Dkt. No. 137] (the "Order to Compel").

8. On November 2, 2021, after an extended period during which Kossoff failed to comply with the Order to Compel, the Trustee filed the *Chapter 7 Interim Trustee's Application for an Order Holding Mitchell H. Kossoff in Civil Contempt for Failure to Comply with Order to Compel* [Dkt. No. 218] (the "Contempt Motion"). Kossoff filed an opposition to the Contempt Motion on November 11, 2021 [Dkt. No. 249]. On November 18, 2021, the Court entered the *Order Inviting but Not Requiring Possible Limited Submissions by 3:00 p.m. November 19 Regarding Relief Sought by Trustee's Pending*

*Motion to Hold Mitchell H. Kossoff in Civil Contempt* [Dkt. No. 282] (the "Submissions Order").  On November 22, 2021, the Bankruptcy Court entered the *Decision and Order Holding Mitchell H. Kossoff in Civil Contempt and Imposing Incarceration as Coercive Sanction Unless Kossoff Purges His Contempt by November 30, 2021* [Dkt. No. 284] (the "Contempt Order").

9.      In the Contempt Order, the Court held "that Mr. Kossoff's noncompliance is willful and knowing, and that Mr. Kossoff has not diligently attempted in a reasonable manner to comply with his court-ordered obligations, including, specifically, to identify known creditors and to complete and provide the Schedules." *Id.* ¶ 50.

10.      Kossoff's contempt is ongoing because he has failed to take any steps to purge his contempt.

11.      Kossoff has been disbarred and he is now incarcerated, serving a jail term of 4.5 years to 13.5 years, based on his own admissions that he stole more than $14 million from the Debtor, its clients and others.  As part of his plea agreement with the Manhattan District Attorney, Kossoff agreed to entry of judgments against him in favor of the persons from whom he stole millions of dollars.

12.      Kossoff has recently appeared before this Court by video link and has asserted that he does not have any books, records or documents concerning the Debtor's affairs in his possession.[4]

---

[4]    Kossoff has not retained pro bono counsel despite being advised by this Court on multiple occasions that such counsel may be available to him.

B.    **Appeals Commenced By Kossoff to the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit**

13.    On August 18, 2021, Kossoff filed a notice of appeal [Dkt. No. 144], seeking to commence an appeal from the Order to Compel.  Also on August 18, 2021, Kossoff filed the *Motion for Leave to Appeal* in this Court [Dkt. No. 145], which was docketed in the District Court.  *See* Case No. 21-cv-07122-AKH (S.D.N.Y.), Dkt. No. 3 (the "Motion for Leave to Appeal").  On September 30, 2021, the District Court entered the *Order Denying Motion to Appeal*, Case No. 21-cv-07122-AKH (S.D.N.Y.), [Dkt. No. 17], which denied the Motion for Leave to Appeal and Kossoff's request for stay pending appeal.[5]

14.    On November 23, 2021, Kossoff filed notices to commence his appeals from the Submissions Order and the Contempt Order to the United States District Court for the Southern District of New York (the "District Court").  *See* Dkt. Nos. 286, 287.  In connection with his appeal of the Contempt Order, on November 24, 2021, Kossoff filed a *Motion for an Emergency Stay of Order Holding Mitchell H. Kossoff in Contempt and Ordering His Incarceration Unless Mr. Kossoff Purges His Contempt by November 30*, [Case No. 21-cv-09938-JPO, Dkt. No. 3] (the "Emergency Motion").  The Trustee timely filed his opposition to the Emergency Motion on December 1, 2021 [Case No. 21-cv-09938-JPO, Dkt. No. 9].[6]  On December 2, 2021, the District Court entered orders denying the Emergency Stay Motion.  *See* Case No. 21-cv-09938-JPO, Dkt. No. 10; Case No. 1:21-cv-09924-JPO, Dkt. No. 7.  On December 21, 2021, the District Court entered orders (together, the "Dismissal Order") providing that "[b]ecause the

---

[5]    This Court had also previously considered and denied a stay pending appeal.  *See* Dkt. No. 178.

[6]    Similar relief was sought by letter in connection with the appeal of the Submissions Order.  *See* Case No. 21-cv-09924-JPO, Dkt. No. 3.

emergency relief sought by the appellant in both of these bankruptcy appeals has been denied, the Clerk of the Court is directed to close these cases as moot." *See* Case No. 21-cv-09938-JPO, Dkt. No. 11;  Case No. 21-cv-09924-JPO, Dkt. No. 8.

15.    On December 28, 2021, Kossoff sought reconsideration of the Dismissal Order in the District Court (together, the "Reconsideration Motion").  *See* Case No. 21-cv-09938-JPO, Dkt. No. 13;  Case No. 21-cv-09924-JPO, Dkt. No. 10.  The Trustee opposed the Reconsideration Motion.  *See* Case No. 21-cv-09938-JPO, Dkt. No. 16;  Case No. 21-cv-09924-JPO, Dkt. No. 13.  On January 11, 2022, the District Court entered orders denying the Reconsideration Motion (together, the "Reconsideration Order") .  *See* Case No. 21-cv-09938-JPO, Dkt. No. 18;  Case No. 21-cv-09924-JPO, Dkt. No. 14.

16.    On January 19, 2022, Kossoff commenced an appeal to the United States court of appeals for the Second Circuit (the "Second Circuit") of the Dismissal Order and the Reconsideration Order (the "Second Circuit Appeal").  *See* Case No. 22-122, Dkt. No. 1;  Case No. 22-124, Dkt. No. 1.  Briefing in the Second Circuit Appeal is complete and oral argument is scheduled to take place on February 8, 2023.  *See* Case No. 22-122, Dkt. No. 73;  Case No. 22-124, Dkt. No. 74.  Despite admitting that he is in contempt, Kossoff argues in the Second Circuit Appeal that a Fifth Amendment privilege exists to prevent him from providing documentary and testimonial information to the Trustee.  The Trustee has asserted that the Second Circuit Appeal is procedurally improper and without merit.

17.    The Trustee respectfully submits that all of the foregoing demonstrates that Kossoff has and will continue to act in manners that seek to advance and elevate his personal interests above those of the Estate and its creditors and the Trustee's administration of the Estate.

III.    **The Adversary Proceedings**

A.    **The Farmview Adversary Proceeding**

18.    On August 26, 2022, the Trustee commenced the adversary
proceeding styled:  *Togut v. Burton Kossoff Testamentary Trust, et al.*, Adv. Pro. No. 22-
01141 (DSJ) (Bankr. S.D.N.Y. Aug. 26, 2022) (the "Farmview Adversary Proceeding").
The Farmview Adversary Proceeding relates to Farmview Estates, LLC ("Farmview"), a
failed real estate investment project to develop property in Dutchess County, New
York.  *See* Farmview Adv. Pro. Dkt. No. 1 ¶ 28.  Kossoff financed the Farmview venture
through a combination of equity investments and loans from the defendants named in
Farmview Adversary Proceeding (the "Farmview Defendants").  *Id.* ¶ 3.  Kossoff
personally guaranteed his obligations owed to the Farmview Defendants and later used
the Debtor's funds to satisfy his personal obligations, including his personal guarantees.
*Id.* ¶¶ 3, 40.

19.    The Trustee commenced the Farmview Adversary Proceeding to
avoid and recover actual and constructively fraudulent transfers made from the
Debtor's accounts to the Farmview Defendants totaling more than $5 million.  *Id.* ¶ 8.
The Trustee seeks monetary damages from the Farmview Defendants.  *Id.* ¶¶ 83, 91,
103, 111, 123, 129, 141, 149, 156.

20.    Several Farmview Defendants have filed answers.  *See* Farmview
Adv. Pro. Dkt. Nos. 4, 9, 18, 19.  In addition, the Trustee has begun to engage in
settlement discussions with certain Farmview Defendants.

B.    **The Phyllis Kossoff Adversary Proceeding**

21.    On September 6, 2022, the Trustee commenced the adversary
proceeding styled:  *Togut v. Phyllis Kossoff*, Adv. Dkt. No. 22-01146 (DSJ) (Bankr.
S.D.N.Y. Sept. 6, 2022) (the "PK Adversary Proceeding" and together with the

Farmview Adversary Proceeding, the "Adversary Proceedings").  The PK Adversary

Proceeding relates to Kossoff's personal obligations to defendant Phyllis Kossoff,

Kossoff's mother (collectively with the Farmview Defendants, the "Defendants") arising

prior to the formation of the Debtor.  PK Adv. Pro. Dkt. No. 1 ¶¶ 19-27.

22.     The Trustee commenced the PK Adversary Proceeding to avoid

and recover actual and constructively fraudulent transfers made from the Debtor's

accounts to Ms. Kossoff totaling more than $2.3 million.  *Id.* ¶ 29-33.  The Trustee seeks

monetary damages from Ms. Kossoff.  *Id.* ¶¶ 75, 83, 96, 105, 118, 127, 138, 147, 155, 161.

23.     Ms. Kossoff died on November 15, 2022.  PK Adv. Pro. Dkt. No. 12.

Pamela Kossoff, Kossoff's wife, has been appointed as the executor (the "Executor") of

the estate of Phyllis Kossoff (the "Estate of Phyllis Kossoff") by an order of the New

York County Surrogate's Court, Index No. 2022-4710A.  The Trustee is in discussions

with the Executor's counsel regarding the execution of a stipulation to voluntarily

substitute the Executor as the defendant in each of the Adversary Proceedings.  In the

event those discussions fail, the Trustee will file a motion to substitute.

### TRUSTEE'S RESPONSE TO THE RULE 19 MOTION

**I.      Rule 19 Provides a Two-Step Test
          for Whether Joinder is Required in an Action**

24.     Federal Rule of Civil Procedure 19 ("Rule 19") governs the required

joinder of parties and "recognizes *exceptional circumstances* in which the plaintiff's choice

of parties or forum must give way because of an absent party's interest in the outcome

of the action."  *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 131 (2d Cir. 2013) (emphasis

added); *see also* Fed. R. Civ. P. 19.  The Second Circuit has held that Rule 19 sets forth a

two-step test for determining whether a party must be joined in an action.  *See Viacom*

*Intern., Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (discussing Rule 19(a) and (b)).

First, Rule 19(a)(1) provides that an absent party is required in an action if:

> (A)    in that person's absence, the court cannot accord complete relief among the existing parties;  or

> (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

>> (i)    as a practical matter impair or impede the person's ability to protect the interest;  or

>> (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1) .

25.    Second, Rule 19(b) provides that "[i]f a person who is required to be to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  *See* Fed. R. Civ. P. 19(b).  When Rule 19(b) is applicable, the party is often referred to as "indispensable."  *Viacom Intern.*, 212 F.3d at 725.  The factors considered by courts in determining whether a party is indispensable under Rule 19(b) include:

> (1)    the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

> (2)    the extent to which any prejudice could be lessened or avoided by:

>> (A)    protective provisions in the judgment;

>> (B)    shaping relief;  or

>> (C)    other measures;

> (3)    whether a judgement rendered in the person's absence would be adequate; *and*

> (4)    whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4) (emphasis added) (collectively, the "<u>Rule 19(b) Factors</u>").

26.     As set forth below, neither of the Adversary Proceedings are an "extraordinary circumstance" in which the Trustee's choice of his defendants should give way to Kossoff's personal interests.

## II.     Kossoff's Rule 19 Motion Fails to Address the Threshold Inquiry Under the Two-Step Rule 19 Analysis

27.     The Rule 19 Motion fails to address Rule 19(a), the first, predicate step of the two-step test under Rule 19.  The Second Circuit has held that the Rule 19(a) requirements must be satisfied before a court may consider the factors under Rule 19(b). *See Viacom Intern.*, 212 F.3d at 725 (describing the "threshold determination that a party is necessary under Rule 19(a)" before considering the Rule 19(b) factors).  If Rule 19(a) is not satisfied, it is unnecessary to consider whether an absent party is indispensable under Rule 19(b).  *M. Fabrikant & Sons*, 394 B.R. 721, 745 (Bankr. S.D.N.Y. 2008) (holding absent party not required and thus "it is unnecessary to consider...their indispensability."); *In re Norstan Apparel Shops, Inc.*, 367 B.R. 68, 84 (Bankr. E.D.N.Y. 2007) ("The court need not consider whether [Rule 19(b) applies] unless Rule 19(a)'s threshold standard is met.") (citing *Assoc. Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990)).

28.     The Rule 19 Motion misstates this Court's considerations when determining whether an absent party is required pursuant to Rule 19(a).  *See* Rule 19 Mot. at 2.  Indeed, none of the cases cited in the Rule 19 Motion include a Rule 19(a) analysis.  Kossoff instead incorrectly asserts that courts consider four factors "in determining who is a required party."  *Id.*  Kossoff then describes the four Rule 19(b) Factors.  *Id.*  Moreover, the remainder of the Rule 19 Motion is devoted to only one of

the four Rule 19(b) Factors, and it fails to address Rule 19(a) in any way, presumably because Kossoff cannot satisfy any of the Rule 19(a) requirements.

29.     The Trustee respectfully submits that the Court should deny the Rule 19 Motion on this basis alone.

**A.     Kossoff is Not a "Required" Party Pursuant to Rule 19(a)**

1.     Rule 19(a)(1)(A)

30.     Even if the Rule 19 Motion did address Rule 19(a), Kossoff is not entitled to be joined because he cannot satisfy this step of the Rule 19 analysis. Under Rule 19(a)(1)(A), the Court's analysis "is limited to whether the [court] can grant complete relief *to the persons already parties to the action.*" *In re M. Fabrikant & Sons, Inc.,* 394 B.R. at 744 (Bankr. S.D.N.Y. 2008) (emphasis added). Put differently, the term "complete relief" refers only to relief as between the parties already named, and not as between a party and the absent party whose joinder is sought. *See In re Mundo Latino Market Inc.,* 590 B.R. 610, 620 (Bankr. S.D.N.Y. 2018). Where a plaintiff seeks monetary damages, complete relief can generally be accorded. *M. Fabrikant & Sons,* 394 B.R. at 744 (holding in a fraudulent transfer action that "the plaintiff can obtain complete relief by recovering a money judgment against the [d]efendant"). The impact that a decision in an adversary proceeding may have on an absent party is not material when determining whether such absent party is required under Rule 19(a)(1)(A). *Id.* at 745.

31.     Here, the Trustee seeks monetary damages in the Adversary Proceedings. The gravamen of the Trustee's claims in the Adversary Proceedings is that the Defendants received fraudulent transfers from the Debtor and the Trustee is entitled to avoid and recover those transfers from the Defendants. An order from this Court directing the Defendants to pay to the Trustee the value of the fraudulent transfers received from the Debtor would constitute complete relief as between the existing

parties to the Adversary Proceedings.  *See, e.g., M. Fabrikant & Sons,* 394 B.R. at 744;

*Norstan Apparel Shops*, 367 B.R. at 84 ("Here, the complaint seeks the property

transferred, or the value of the property, from the defendants.  [C]omplete relief may be

granted by requiring the defendants to turn over the value of the property fraudulently

transferred.").

32.     The foregoing demonstrates that Kossoff is not a required party

under Rule 19(a)(1)(A) because the Trustee can obtain complete relief against the

Defendants in the Adversary Proceedings.

2.     Rule 19(a)(1)(B)

33.     In determining whether an absent party is a required party under

Rule 19(a)(1)(B)(i), courts focus "on the prejudice to the absent party if the litigation

proceeds in its absence."  *M. Fabrikant & Sons,* 394 B.R. at 744.  The absentee must "claim

a legally protected interest relating to the subject matter of the action . . . and the impact

of the adjudication must be direct and immediate."  *Id.* (internal citation omitted).

34.     The Adversary Proceedings seek the avoidance and return of

*Debtor* funds, not Kossoff's funds.  That Kossoff caused the Debtor to transfer funds

from accounts bearing the Debtor's name to satisfy Kossoff's personal obligations does

not transform those Debtor's funds into Kossoff's funds or create an interest in favor of

Kossoff.  *See In re Chowaiki & Co. Fine Art Ltd.*, 593 B.R. 699, 713 (Bankr. S.D.N.Y. 2018)

("As a general rule, New York law presumes that once funds are deposited in a bank

account, the account holder has title to and control over these funds.").

35.     The Rule 19 Motion fails to allege any legally protected interest relating to the subject of the Adversary Proceedings, *i.e.,* the funds transferred out of the Debtor's accounts.[7]  As a result, Kossoff is not a required party under Rule 19(a)(1)(B)(i).

36.     Kossoff also mistakenly argues that he must be joined in the Adversary Proceedings because the outcomes of them may be subject him to non-bankruptcy litigation.  *See* Rule 19 Mot. at 4 ("If these same defendants...then turned around and sued me in State Court for compensation...").  However, for purposes of Rule 19(a)(1)(B)(i), "the mere possibility of collateral estoppel is not enough," but rather it must be demonstrated.  *M. Fabrikant & Sons,* 394 B.R. at 744 (collateral estoppel must be demonstrated not merely speculated).[8]  The Rule 19 Motion does not identify any issue material to Kossoff's non-bankruptcy rights that would be subject to principles of collateral estoppel.

37.     Nor does the Rule 19 Motion identify how Kossoff would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," as stated in Rule 19(a)(1)(B)(ii) .  This rule "aims to protect a defendant against inconsistent obligations, not inconsistent adjudications."  *In re Kahn*, 2014 WL 10474969, at *59 (Bankr. E.D.N.Y. Dec. 24, 2014).  The only obligations identified in the Adversary Proceedings are Kossoff's personal obligations to the Defendants, including personal guarantees.  However, none of the Trustee's claims seek to invalidate any of Kossoff's personal contractual obligations to the Defendants, including any personal guarantees, nor does the Trustee seek any recovery from Kossoff based upon a breach

---

[7]    Even though Kossoff is the initial transferee for certain transfers identified for recovery by the Trustee in the PK Adversary Proceeding, "an earlier transferee who has parted with all interest in the transferred property is not necessary in a suit against a subsequent transferee."  *See M. Fabrikant & Sons,* 394 B.R. at 744.

[8]    It appears unlikely that Kossoff could be subject to res judicata or collateral estoppel based upon findings in the Adversary Proceedings if he is not a party in them.

of a guaranty.  Consequently, Kossoff is not a required party to the Adversary

Proceedings under Rule 19(a)(1)(B)(ii)  because Kossoff has no interest in the subject

matter of the Adversary Proceedings.[9]

38.  The Rule 19 Motion alleges that because Kossoff is a co-trustee as

well as the remainder beneficiary of the Burton Kossoff Testamentary Trust (the "BK

Trust"), he is a required party to the Farmview Adversary Proceeding.  Rule 19 Mot. at

4.  As to Kossoff's alleged beneficiary status, "New York law plainly states that a trust

beneficiary does not own property held in trust."  *In re Stillwater Asset Backed Offshore

Fund Ltd.*, 559 B.R. 563, 603 (Bankr. S.D.N.Y. 2016).  Regarding his status as co-trustee of

the BK Trust, the BK Trust is already named as a defendant in the Farmview Adversary

Proceeding and nothing in the Trustee's complaint in the Farmview Adversary

Proceeding impairs the BK Trust's ability to retain counsel to appear on its behalf, or for

Kossoff to do so.  *See id.* at 604 ("Ordinarily, New York law requires that any lawsuit

seeking recovery of property belonging to a trust be commenced by a trustee.").[10]

39.  Kossoff also erroneously asserts that he shares an identity of

interests with Phyllis Kossoff such that her or the PK Estate's interests "would be

severely prejudiced" should the Rule 19 Motion be denied.  *See* Rule 19 Mot. at 5.  The

Second Circuit has held that "[t]here is also no prejudice if the interests of the absent

persons are 'identical' to the parties in the action."  *Marvel Characters*, 726 F.3d at 134

(internal quotation in original).  As a result, even if the interests of Kossoff and the PK

---

[9]     Even if Kossoff and the Debtor were joint tortfeasors, as the Rule 19 Motion seems to allege, joinder
would not be required in the Adversary Proceedings because "[a]n action against one tortfeasor may
proceed without joinder of a joint tortfeasor, because the liability is joint and several."  *Norstan
Apparel Shops*, 367 B.R. at 84 (citing *Crowthers McCall Pattern, Inc. v. Lewis*, 129 B.R. 992, 1003 (S.D.N.Y.
1991)).

[10]    Moreover, Kossoff's conviction for felony crimes likely disqualifies him from serving as a Trustee, or
in any fiduciary capacity, on behalf of the BK Trust. *See e.g.*, N.Y. Surr. Ct. Proc. Act Law § 707.

Estate are identical, a point the Trustee does not concede, Phyllis Kossoff was represented by counsel in the Adversary Proceedings until to her death, and the Executor should be substituted in her place pursuant to fRule 25.  Moreover, this "adequacy of representation" factor falls under the Rule 19(b) Factors, which this Court should not reach because the Rule 19(a) standard is not met.  *Assoc. Dry Goods*, 920 F.3d at 1123.  Importantly, Kossoff has not demonstrated how his absence prevents the Court from ordering the Estate of Phyllis Kossoff to return Debtor funds that were fraudulently transferred to Phyllis Kossoff.

**B.      Even if Kossoff is a Required Party,
         He is Not Indispensable Under Rule 19(b)**

40.      The Rule 19 Motion erroneously describes the Rule 19(b) Factors as relevant to the required party analysis under Rule 19(a).  *See* Rule 19 Mot. at 2.  This is incorrect for two reasons.  First, the Rule 19(b) Factors are applied by courts only when determining whether a civil proceeding should be dismissed because an absent party is required under Rule 19(a), but joinder is not feasible.  *Assoc. Dry Goods*, 920 F.3d at 1123.  Second, because the Trustee has demonstrated that Kossoff is not a necessary party to the Adversary Proceedings, "it is unnecessary to consider the feasibility of [Kossoff's] joinder, or [his] indispensability.  *M. Fabrikant & Sons, Inc.*, 394 B.R. at 745.  Thus, the Trustee respectfully submits that the Court's analysis should stop here.

41.      However, for the avoidance of doubt, the Rule 19(b) Factor referred to in the Rule 19 motion – *i.e.*, "factor number '(3)'" – does not weigh in favor of Kossoff's joinder or dismissing the Adversary Proceedings in his absence.  This factor "concerns the social interest in the efficient administration of justice and the avoidance of multiple litigation."  *CP Sol. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009).

42.     Here, the efficient administration of this Chapter 7 Case and the prompt resolution of the Adversary Proceedings does not support joinder of Kossoff. To the contrary, the record of the Chapter 7 Case demonstrates that Kossoff seeks only to promote his personal interests to the detriment of the Estate and all other parties in interest.  Though he preaches repeatedly that he has relevant information, he refuses to share it, and he is seeking a decision from the Second Circuit blessing his contempt.  He is incarcerated and has told this Court that he does not have any evidence in his possession that could advance the Adversary Proceedings.  None of these uncontroverted facts could lead to "the efficient administration of justice and the avoidance of multiple litigation" by adding Kossoff as a party to the Adversary Proceedings.

43.     Finally, "[t]he language of Rule 19(b) leaves the [court] with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute."  *U.S. v. Sweeney*, 418 F. Supp. 2d 492, 500 (S.D.N.Y. 2006) (internal quotations omitted).  This Court's focus "is equity and good conscience, which permits the court to consider all circumstances bearing on the fairness or advisability" of its decision.  *Id.*

44.     Equity and good conscience do not weigh in favor of the relief sought in the Rule 19 Motion.  Indeed, Kossoff has sought to "gum up the works" of this Chapter 7 Case since the Petition Date.  In doing so Kossoff has intentionally defied various orders entered by the Court and caused the Debtor's estate to incur unnecessary administrative costs to the detriment of the Debtor's creditors.  The Trustee respectfully submits that it would be imprudent to anticipate any different result if Kossoff were to be added as a party to the Adversary Proceedings.

18

## <u>CONCLUSION</u>

The Rule 19 Motion is nothing more than another attempt by Kossoff to place his interests above those of the Debtor's creditors.  Accordingly, and based on the foregoing, the Trustee respectfully requests that the Court deny the Rule 19 Motion.

DATED:    New York, New York
          January 5, 2023

Respectfully submitted,
ALBERT TOGUT,
Not individually but solely in his capacity as
Chapter 7 Trustee of Kossoff PLLC
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
JARED C. BORRIELLO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000