January 15, 2022

Hon. David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: In Re Kossoff PLLC (Case#21-10699)
Adv. Proc 22-01141, Togut v. BK Trust et al
Adv. Proc 22-01146, Togut v. Phyllis Kossoff
REPLY IN SUPPORT OF FRCP RULE 19 MOTION
---------------------------------------------------------

Your Honor:

On 1/10/23 I received via legal mail the Trustee's opposition to my Rule 19 motion -two months after I propounded my original request by letter motion, dated 11/9/22. Thus and despite the fact that this Reply comes on the eve of the date which the Court set for a hearing on my motion (1/19/22), I ask the Court to consider its contents because I was left with only eight days to respond to the opposition after its actual receipt by me which, when considering my constraints as an incarcerated individual, does not seem fair or just. As the Court is also aware, by letter dated, 1/5/23, I also supplemented my initial motion which was necessitated due to the impact of my mother's passing on 11/15/22 which subsequent event has to lead to my being substituted as of right in place of the Burton Kossoff Testamentary Trust as a named defendant in Adversarial Proceeding #22-01141 listed above. Perhaps the better path, given the foregoing, is a short postponement of the 1/19/23 hearing date so that the Court and the Trustee have ample opportunity to consider the supplemental arguments and issues raised in this submission and in my 1/5/23 letter.

Turning to the Trustee's opposition itself, I note at the outset that more than half of the same is devoted to an ad hominem attack against me which has nothing to do with a discussion of the facts and legal issues which are germane to a resolution of my Rule 19 motion. In the first 10.5 pages of the Trustee's 19 page submission, he paints me as a person who (1) wrongfully and continually elevates his personal interests over and above those of the Estate and its creditors; (2) who burdened the Court with a needless request that the within proceedings be stayed due to my mother's death; (3) repeatedly failed to cooperate with the Trustee's investigations; (4) is disbarred;
(5) who is a convicted felon; (6) cannot possibly add anything of substance in connection with the above proceedings because I am not in physical possession of any germane documents and

Hon. David S. Jones                                2                              January 15, 2023

records; and (7) has not despite the court's urging secured available pro bono counsel. In making these assertions it is interesting to note that the Trustee no longer maintains the pretense that there is any difference between me, individually, and me as the designated representative of the Debtor.

Many of the above allegations are false, are purposeful distortions and do not form the basis of any factual or legal arguments against the relief I am requesting. Rather they are in an effort to paint me as a BAD PERSON who should not be added to the above litigations because my presence would "GUM UP THE WORKS" (See paragraph 44 of Trustee's Objection). Incredibly and simply put, the Trustee does not want to name and serve me as a defendant in the above prceedings, not because I am not also liable based on the allegations contained therein, but because without my presence the Trustee will have an easier time of clubbing the other named defendants into submission regardless of the facts surrounding my conduct and actions most of which are known only to me. What makes the Trustee's arguments even more surreal is that he has already named me as a defendant in two other adversarial proceedings (22-01158 and 22-01113) which contain many identical facts and legal arguments which are being advanced by the Trustee as the bases for recovery in the above two proceedings. This non-inclusionary course clearly sets the stage for totally avoidable and inconsistent findings and rulings and the easiest way of insuring uniformity short of consolidating all four proceedings is to name and serve me as a Required Party in each of the actions noted above. (See footnote one).

For the record I have committed grave misdeeds and I am being punished gravely for them. I am 69 years old and due to the length of my prison term I may never again be free. In addition my selfish acts have visited extensive pain and suffering upon my family and many others. I am extremely remorseful and am resolute in dedicating what is left of my life to helping those I have hurt and to repair wherever possible the economic damage I have caused. However the idea that I am purposefully trying to harm existing creditors by being evasive and obstinate is simply untrue.

---

FOOTNOTE ONE: A catalogue of identical facts and legal arguments is too immense to waste time fully detailing, but I put forth the following two examples: (a) the complaints in all four proceedings (in two of which I am named, and in two of which I am not) contain identical allegations that the IRS is a predicate creditor which I am now actively contesting and the cites to the same are (22-01158 at Paragraphs 66-69), (22-01113 at Paragraphs 103-109), (22-01141 at Paragraphs 65-72), and (22-01146 at Paragraphs 56-63) and (b) the complaints in three of the proceedings contain identical allegations that I wrongly paid escrow funds directly to my family members -including but not limited to Phyllis Kossoff - which I plan to actively contest and the cites to the same are (22-01158 at Paragraph 55), (22-01141 at Paragraph 52) and (22-01146 at Paragraph 41).

What is also true is that I am not entirely to blame for what must be astronomical and unreimbursed legal fees and expert expenses which the Trustee has sustained in connection with this Estate. Fees and expenses which must be so significant at this juncture so as to pervert the goals of the within litigations such that they are no longer about securing funds to compensate creditors of the bankrupt estate, but rather to reimburse the estate for the administrative expenses of the Trustee and his law firm. These mountainous fees and expenses were actually not necessary because I was always willing to fully cooperate with the trustee while the criminal proceeding was pending and my attorney offered to do so on countless occasions. However, the Trustee made a decision not to grant to me the limited immunity I asked for in order to do so. It is posited herein that this decision by the Trustee was unduly influenced by his chasing after a non-existent "pot of gold" which he thought would surely be more than sufficient to handsomely compensate the Trustee no matter how much time either he or his law firm spent in litigating my right to claim 5th Amendment protections. This result is not entirely the Trustee's fault but will always be the case as long as the law allows a trustee who is a fiduciary to hire his own law firm to perform legal services for the bankrupt estate he or she is administering. The prospect of an appointed trustee making money through legal fees generated by his or her law firm cannot help but color decisions made by him or her during the course of any bankruptcy proceeding.

Notwithstanding the foregoing and what is axiomatic, particularly in light of my mother's recent passing, is the inexorable fact that I have exclusive knowledge of the truth or falsity of many of the allegations which Team Togut is touting in the above litigations. Moreover, and even though probative documents are not in my physical possession, I alone know where they are located and how to procure and produce the same. Who else but Mitchell Kossoff can provide accurate responses to seminal questions raised in the Complaints at issue in like:

Whether or not loans extended by my mother were advanced to me personally or to the law firm thereby constituting valid antecedent obligations of the Debtor?

Whether or not direct payments to my mother from my IOLA account were improper or actually were a return to her of funds she actually and previously deposited which belonged to her?

Whether or not the Debtor on the date of its formation was insolvent or undercapitalized or whether the Trustee is just downloading garbage information from the debtor's quickbooks - which programs were never properly maintained or updated by the law firm as true corporate records?

Whether or not the IRS held a valid prepetition claim against the Debtor thereby qualifying it as a bona fide predicate creditor?

Whether or not my 2011 Affidavit and the Schedules annexed thereto as Exhibit "1" to the BK

Trust Complaint were at all accurate or were simply unedited rough drafts of materials that were never filed or published?

Whether or not commencing in 2013 I used monies belonging to the debtor to pay personal obligations stemming from Farmview losses to my mother and the other defendants listed in Adversarial Proceeding # 22-01141?

Whether or not the payments to any of the BK Trust defendants were from funds belonging to the debtor or were in fact disbursements either directly by me or on my behalf as part and parcel of the annual income earned by me as sole owner and manager of the Debtor?

And many, many more . . .

Without my presence as a party defendant in the within litigations to sort fictions from facts, all of the other defendant will be severely prejudiced. If there is then a recovery against them due to their inability to adequately defend and they in turn sue me for liability over, I will not be collaterally estopped from relitigating the facts upon which their liability was predicated in the first instance. Thus and with my superior knowledge, there is a real possibility of inconsistent results. This unfair result could of course be entirely eliminated by my inclusion as a party defendant in the first instance. Further and as pointed out, infra, inconsistencies may arise even in connection with the factual determinations in the two proceedings in which I am named as a defendant and the two proceedings in which the Trustee has chosen not to join me. At the very least by my being "half-in, half-out" of these proceedings an administrative nightmare will be created for this Court as to when and where the doctrines of collateral estoppel and res judicata would apply. Also and to simply say that these disparities and inconsistencies can be eliminated through compelling my participation through 3rd party discovery completely glosses over the collateral estoppel considerations in litigations in which I appear as a witness as opposed to those in which I am actually named as a party. Further it is also posited herein that my future availability as a witness in these actions may differ substantially from my mandatory appearance as a litigant due to my constraints and disabilities as an incarcerated individual. These issues as will be elaborated upon by the discussion of the law which follows have all been recognized by commentators and jurists as valid bases for the granting of the relief I am requesting herein.

LEGAL ANALYSIS

It is conceded as pointed out in the Trustee's opposition that I do spend an inordinate amount of time discussing the provisions of FRCP Rule 19(b) which are not relevant. As set forth in Points "1" and "2" of my initial letter motion, I have already indicated that if my joinder pursuant to Rule 19(a) is granted, that I will voluntarily submit to the jurisdiction of this Court and my being added as a party does not deprive this Court of subject matter jurisdiction. Further I apologize for any confusion that my legal misadventure into the provisions of Rule 19(b) may have caused, but

Hon. David S. Jones                                    5                                  January 15, 2023

this unnecessary digression does not serve to undermine in any way the validity of the relief requested herein.

The operative factual contentions which form the gravamen of the instant motion are otherwise set forth in Points "3" through "7" of my initial letter motion as amplified by the discussion above. In chief my contention is that my being joined as a Required Party in the within litigations is essential to my interests and those of the other defendants as well as to the orderly administration of justice. The Advisory Committee Notes to Rule 19(a) and in particular the 1966 Amendments commentary states that ". . .(w)henever feasible, the persons materially interested in the subject of an action. . .should be joined as parties so that they be heard and a complete disposition made." See 1966 Amendments and General Considerations, United States Code Annotated, Federal Rules of Civil Procedure for United States District Courts, "Title IV. Parties, Rule 19". Even the Marvel Court, whose words are cited by the Trustee as the basis for the denial of my motion, when talking about Rule 19(a) noted that ". . .(t)he Rule's principal provisions
are divided into two subsections, subsection (a) protects certain parties by deeming them 'required', a party is 'required' according to the factors enumerated in subsection (a) is one whose participation is so desirable or important that the party must be joined so long as she or he is 'subject to service of process' and joinder 'will not deprive the Court of subject matter jurisdiction'." Marvel Characters, Inc., 76 F.Supp.3d 119 (2nd Cir, 2013). Amplifying and expanding upon these concepts a respected commentary states the following:

"Although compulsory joinder is an exception to the general practice of giving the plaintiff the right to decide who shall be the parties to a lawsuit, plaintiff's choice will have to be compromised when significant countervailing considerations make the joinder of particular absentees desirable. . .".

These factors include:

"(1) (t)he interests of the present defendants,(2) the interests of potential, but absent plaintiffs and defendants, (and) (3) the social interest in the orderly, expeditious administration of justice." 7 Federal Practice and Civil Procedure, Section 1602,"Purpose and Construction of Rule 19".

Finally nothing in the Trustee's opposition speaks to the issues I previously raised in my initial motion, as supplemented by my letter, dated 1/5/23, which postulate that with my mother's passing, my right to be substituted in place and instead of the Burton Kossoff Testamentary Trust in Adversarial Proceeding No. 22-01141 has now become absolute.

Hon. David S. Jones 6 January 15, 2023

As a result of the foregoing, for all the reasons stated in my initial letter, dated 11/9/22, and my supplemental submission, dated 1/5/23, and raised in the instant reply, it is requested that I be added as a party defendant to the two adversarial proceedings noted above.

Respectfully submitted,

/s/ Mitchell Kossoff

Mitchell Kossoff, pro se