**Hearing Date:  March 28, 2023, at 10:00 a.m. (ET)**
**Objection Deadline:  March 21, 2023, at 4:00 p.m. (ET)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Jared C. Borriello

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                             :
                    In the Matter           :        Chapter 7
                                                             :        Case No. 21-10699 (DSJ)
                         -of-                :
                                                             :
KOSSOFF PLLC,                                :
                                                             :
                                                             :
                                 Debtor.     :
                                                             :
------------------------------------------------------------ X

**NOTICE OF HEARING TO CONSIDER CHAPTER 7 TRUSTEE'S**
**APPLICATION FOR AN ORDER COMPELLING BMF ADVANCE LLC TO**
**COMPLY WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA**

        **PLEASE TAKE NOTICE** that on February 23, 2023, Albert Togut, not

individually but solely in his capacity as the Chapter 7 Trustee for the estate of the

above-captioned debtor, filed the attached *Application for an Order Compelling BMF*

*Advance LLC to Comply with Bankruptcy Rule 2004 Order and Subpoena* (the "Motion").

        **PLEASE TAKE FURTHER NOTICE** that a telephonic hearing

(the "Hearing") to consider the Motion and all pleadings filed in response thereto, if

any, will be held before the Honorable David S. Jones, United States Bankruptcy Judge

for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green,

Room 701, New York, New York 10004, on **March 28, 2023 at 10:00 a.m. (Eastern Time).**

In light of the COVID-19 pandemic, the Hearing shall take place via Zoom for

Government.  Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than March 27, 2023 at 4:00 p.m. (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, must also be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a CD, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format, with a hard copy delivered directly to the Chambers of the Honorable David S. Jones, and shall be served by first-class mail upon: (i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn:  Neil Berger, Esq. (neilberger@teamtogut.com), Brian F. Shaughnessy, Esq. (bshaughnessy@teamtogut.com), and Jared C. Borriello, Esq. (jborriello@teamtogut.com);  (ii) the United States Trustee for the Southern District of New York, One Bowling Green, Room 534, New York, NY 10004-1408, Attn:  Andrew Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  (iii) BMF Advance LLC, Attn: Legal Department, 1820 Avenue M, Suite 125, Brooklyn, NY 11230; (iv) any parties

*[concludes on following page]*

required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule,

so as to be received no later than **March 21, 2023, at 4:00 p.m. (Eastern Time)**.

Dated:  New York, New York
　　　　 February 23, 2023

　　　　　　　　　　　　　　　 Respectfully submitted,

　　　　　　　　　　　　　　　 ALBERT TOGUT, not individually but
　　　　　　　　　　　　　　　 solely in his capacity as Chapter 7 Trustee
　　　　　　　　　　　　　　　 By His Attorneys,
　　　　　　　　　　　　　　　 TOGUT, SEGAL & SEGAL LLP
　　　　　　　　　　　　　　　 By:

　　　　　　　　　　　　　　　 _/s/Neil Berger_
　　　　　　　　　　　　　　　 NEIL BERGER
　　　　　　　　　　　　　　　 BRIAN F. SHAUGNESSY
　　　　　　　　　　　　　　　 JARED C. BORRIELLO
　　　　　　　　　　　　　　　 One Penn Plaza, Suite 3335
　　　　　　　　　　　　　　　 New York, New York 10119
　　　　　　　　　　　　　　　 (212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Jared C. Borriello

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------- X
                                               :
             In the Matter                     :      Chapter 7
                                               :      Case No. 21-10699 (DSJ)
             -of-                              :
                                               :
KOSSOFF PLLC,                                  :
                                               :
                                               :
                        Debtor.                :
                                               :
----------------------------------------------------------- X
```

**CHAPTER 7 TRUSTEE'S APPLICATION FOR AN**
**ORDER COMPELLING BMF ADVANCE LLC TO COMPLY**
**WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually, but solely in his capacity as the Chapter 7

Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by

and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully

submits this application (the "Motion") for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and

542(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and

9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule

45 of the Federal Rules of Civil Procedure:  (i) compelling BMF Advance, LLC ("BMF")

to fully comply with this Court's *Order Authorizing Trustee to Issue Subpoenas and Obtain*

*Testimony and for Injunctive Relief*, dated May 24, 2021 [Docket No. 27] (the "Rule 2004 Order") and the Subpoena (as defined below) by producing (a) all documents responsive to the Subpoena, (b) written request-by-request responses to the Subpoena, and (c) a declaration in support of BMF's response to the Subpoena; and (ii) in the event that BMF fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding BMF in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.  In support of the Motion, the Trustee submits the Declaration of Neil Berger of the Togut Firm, attached hereto as **Exhibit B** (the "Berger Declaration"), and respectfully represents:

## PRELIMINARY STATEMENT

Since his appointment, the Trustee has undertaken the critically important work of trying to resolve the affairs of the Debtor's estate.  This effort has been impeded by Mitchell H. Kossoff's ("Kossoff") contempt and failure to fully comply with his obligations, in his representative capacity, to cooperate with the Trustee's investigation of the Debtor's affairs.  Kossoff pleaded guilty to multiple felonies, he is now incarcerated, and his assistance is impracticable.  As a result, third-party document production is essential to the Trustee's investigation of the identification of property that may be administered.

The Rule 2004 Order granted the Trustee the authority to issue subpoenas to third parties, which authority the Trustee has utilized in furtherance of such third-party document production.  The Rule 2004 Order also includes several provisions governing the subpoena responses, among which are directives to provide written responses to each of the requests contained in the subpoena and a written declaration

attesting under penalty of perjury to certain facts concerning the production of documents.

Among the subpoenas issued pursuant to the Rule 2004 Order was the subpoena to BMF (the "Subpoena") which required the production of documents concerning BMF's relationship with the Debtor, Kossoff, MBK Group, LLC, Kossoff & Unger, Burton Packaging Company, Inc., and Tenantracers, LLC (collectively, the "Relevant Parties"). A copy of the Subpoena and the related affidavit of service is attached to this Motion as **Exhibit C** and filed on the docket [Docket No. 380].

Notwithstanding service of the Subpoena on BMF pursuant to the Rule 2004 Order, the Trustee's subsequent written demands for compliance, and attempts to confer with BMF by telephone, BMF has failed to comply with its obligations pursuant to the Subpoena, the Rule 2004 Order, and the Bankruptcy Code.

For the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, compelling BMF to fully comply with the Rule 2004 Order.

## **JURISDICTION**

1.      This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and rule-based predicates for this Motion are sections 105(a) and 542(e) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

## FACTUAL BACKGROUND

### I.    The Debtor's Bankruptcy Case

3.    On April 13, 2021 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case [Docket No. 1].

4.    On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.  Berger Decl. ¶ 4.

5.    On February 24, 2022, Mr. Togut held the meeting of creditors in this case pursuant to section 341 of the Bankruptcy Code and became the permanent Chapter 7 Trustee of the Debtor pursuant to Bankruptcy Code section 702(d).  *Id*. ¶ 5.

6.    On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 26].

7.    On May 24, 2021, the Court entered the Rule 2004 Order, which authorized, *inter alia*, the Trustee "to issue subpoenas for the production of all books, records and documents . . . related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs . . . ."  [Docket No. 27].

8.    In addition to requiring the production of documents, the Rule 2004 Order also directs subpoena recipients to produce additional materials in support of their subpoena responses.  In particular, the Rule 2004 Order directs subpoena recipients to produce written request-by-request responses ("Written Responses") to the

subpoena as well as a declaration in support of the response to the subpoena

(a "<u>Supporting Declaration</u>").[1]

## II.    <u>The Trustee's Efforts to Obtain Discovery from BMF</u>

9.    A review of documents produced in this case revealed that BMF was an entity through which the Debtor obtained financing in 2020.  *See* Berger Decl. ¶ 6.

10.    On June 7, 2022, the Trustee served the Subpoena on BMF, which fixed June 16, 2022 as BMF's document production deadline.  *See* Berger Decl. ¶ 7;  Ex. C (Subpoena at 1, AOS).  The Subpoena requires production of documents generally relating to, among other things, agreements, obligations, transactions, and transfers of value between BMF and the Relevant Parties.  *See* Subpoena at 8-9 (the "<u>Requested Documents</u>").

11.    On June 22, 2022, after having received no response from BMF, the Trustee sent a demand letter, a copy of which is attached hereto as **Exhibit D** to BMF, which demanded BMF's response to the Subpoena by July 5, 2022.  *See* Ex. D;  Berger Decl. ¶ 8.

---

[1]    *See* Rule 2004 Order at 3 ("[O]n or before the response deadline provided in the Trustee's subpoena **or such other date to which the Trustee agrees or the Court may set for cause shown**, the responding party shall provide: (i) written responses to each of the requests contained in the subpoena;  and (ii) a written declaration pursuant to 28 U.S.C. § 1746, attesting under the penalty of perjury that: (a) none of the Books and Records have been altered, modified, deleted, or otherwise destroyed;  and (b) the responding party has made a diligent search and effort to locate and produce the documents and information requested by the subpoena and that the written response as to each individual request contained in the subpoena is true and complete to the best of the responding party's knowledge and belief.") (emphasis in original).

12.     On July 7, 2022 counsel to the Trustee attempted to contact BMF by telephone using the telephone number published on BMF's Internet website.[2] *See* Berger Decl. ¶ 9.

13.     On July 8, 2022, after having received no response from BMF, the Trustee attempted to contact BMF by sending an email message to the email address published on BMF's Internet website, which email message advised BMF of the Trustee's intent to enforce the Subpoena by filing a motion to compel and requesting BMF's cooperation in scheduling a discovery conference.  *See* Berger Decl. ¶ 10.

14.     As of the date of this Motion, BMF has neither responded to the Subpoena nor any of the Trustee's subsequent attempts to contact BMF.  *See* Berger Decl. ¶ 11.  BMF's failure to comply with the Subpoena is nothing short of chronic indifference to this Court's orders and authority.

## RELIEF REQUESTED

15.     The Trustee seeks an order (i) compelling BMF to fully comply with its obligations under the Subpoena and the Rule 2004 Order by producing (a) all documents responsive to the Subpoena, (b) Written Responses, and (c) a Supporting Declaration;  and (ii) in the event that BMF fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding BMF in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.

---

[2]    https://www.bmfcapitalllc.com/merchant-cash-advance (last accessed on February 16, 2023).

## BASIS FOR RELIEF

I.    **BMF Has Failed to Comply with the Subpoena**
      **and the Rule 2004 Order Without any Legal Justification**

16.    BMF's violations of the Subpoena and the Rule 2004 Order are continuing, clear, and unequivocal.

17.    The Trustee issued the Subpoena pursuant to the Rule 2004 Order, which authorized the Trustee "to issue subpoenas for the production of all books, records, and documents . . . . " *See* Docket No. 27 at 1-2.

18.    Federal Rule 45, made applicable to bankruptcy cases by Bankruptcy Rule 9016, establishes BMF's duty to produce documents responsive to the Subpoena.  Federal Rule 45(e)(1) provides that "[a] person responding to a subpoena to produce documents must produce them . . . ."  Additionally, Federal Rule 45(g) gives the court the power to enforce a subpoena by "hold[ing] in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

19.    BMF has filed neither an objection to the Subpoena nor a motion to quash or modify the Subpoena and is now time-barred from doing either.  Federal Rule 45(d)(2)(B) fixes the time to object to a subpoena at the earlier of "the time specified for compliance or 14 days after the subpoena is served."  Federal Rule 45(d)(3)(A) requires that a motion to quash or modify a subpoena be filed on a "timely motion."  Here, the Subpoena was served on June 7, 2022 and requested responses no later than June 16, 2022;  thus, any motion to quash or modify the Subpoena would be untimely.

20.    Neither can BMF's failure to produce documents be explained on the basis of an asserted privilege.  While the Rule 2004 Order directs subpoena

recipients to furnish a privilege log to the Trustee with respect to any asserted privilege, BMF has not done so.

21.     Additionally, despite clear language in the Rule 2004 Order directing BMF to provide the Written Responses and the Supporting Declaration, BMF has failed to do so without explanation.

22.     By operation of the Rule 2004 Order, the Subpoena, the Federal Rules, and the Bankruptcy Rules, BMF has an obligation to produce documents responsive to the Subpoena, in addition to the Written Responses and the Supporting Declaration.  BMF, however, has failed to do so, and has not even responded to the Trustee's subsequent attempts to confer with BMF via telephone and email.

23.     Based upon the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order because BMF has failed to comply with its obligations under the Rule 2004 Order and the Subpoena and has given no indication that it will comply absent an order compelling compliance.

## II.     BMF's Production of the Requested Documents Is Necessary (a) for the Trustee's Performance of his Investigatory Duties and (b) to Ensure the Integrity of BMF's Response to the Subpoena

24.     Among the Trustee's duties is the duty to investigate the financial affairs of the Debtor.  *See* 11 U.S.C. § 704(a)(4).  In furtherance of this duty, the Court entered the Rule 2004 Order to authorize the Trustee to issue subpoenas for, among other things, the production of books, records, and documents.  *See* Rule 2004 Order at 1-2.

25.     The Trustee's investigation requires that he attain an understanding of the circumstances under which the Debtor obtained certain forms of loans and other advances and satisfied any obligations related to such advances.  A review of the documents produced in this case revealed that BMF is an entity through

which the Debtor obtained such loans and financing.  The issuance of the Subpoena was therefore appropriate, and by failing to produce the Requested Documents, BMF has concealed potentially critical financial transactions from view and impeded the Trustee's ability to perform his investigatory duties.

26.    The Written Responses and Supporting Declaration perform a different yet no less important function.  Together they support the integrity of BMF's response to the Subpoena because they require that a BMF representative with knowledge declare, under penalty of perjury, that (i) none of the documents constituting BMF's response to the Subpoena have been altered, modified, deleted, or destroyed, (ii) BMF has performed a diligent search for responsive documents, and (iii) the Written Responses (which compel BMF to declare whether any documents responsive to each request exist) are true and correct to the best of the representative's belief.

27.    Taken together, BMF's failures to produce the Requested Documents, the Written Responses and the Supporting Declaration have impeded the Trustee's investigation because they have obscured potentially significant transactions concerning the Debtor's assets and financial affairs.

## III.    An Order Compelling BMF's Compliance
## Is Appropriate Under the Circumstances

28.    This Court has the express authority to compel compliance with its orders.  *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used 'to enforce and implement' earlier orders.");  *see also NWL Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) (recognizing that "it is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders);  *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re*

*McLean Indus.),* 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

29.     Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance. Bankruptcy Rule 2004 states that the production of documents "may be compelled as provided in Rule 9016." Bankruptcy Rule 9016 provides that Federal Rule 45 applies in cases under the Bankruptcy Code.

30.     Both section 105(a) of the Bankruptcy Code and Federal Rule 45 also provide independent bases for a finding of contempt and sanctions.

31.     Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, which "inherently include[s] the ability to sanction a party." *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr. N.D.N.Y. Dec. 8, 2009) (internal quotations omitted) (quoting *Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1st Cir. 2008)); *see also Fatsis v. Braunstein (In re Fatsis),* 405 B.R. 1, 11 (B.A.P. 1st Cir. 2009) (upholding bankruptcy court's imposition of sanctions); *In re Thompson*, No. 06-32622, 2007 WL 2406886, at *2 (Bankr. N.D.N.Y. Aug. 21, 2007).[3]

32.     Alternatively, Federal Rule 45(g) provides that the "court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." When finding contempt, courts determine whether "the subpoena was clear and unambiguous, there is a clear and convincing

---

[3]     "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court. *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)). "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence." *Fatsis*, 405 B.R. at 10-11. "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'" *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D. Dist. Col. Sept. 29, 2008) (citation omitted).

proof of non-compliance, the recipient did not attempt to comply with reasonable

diligence, and that the recipient is given the notice and opportunity to be heard." *In re*

*Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt

for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see also*

*In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same); *In re Consol. Meridian Funds*,

No. 10-17952, 2013 WL 1501636, at *13-14 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

33.     In this case, the Court approved the issuance of the Subpoena and

retained jurisdiction for all matters regarding the implementation of the Rule 2004

Order.  Despite this unequivocal mandate, BMF, a sophisticated financial institution

served with the Rule 2004 Order, has disregarded the unambiguous terms of the

Subpoena and elected to disregard its discovery obligations.  BMF has not, and cannot,

advance any claim of ambiguity.

34.     The information in the possession of BMF is needed to timely

identify potential intermediate and subsequent transferees and sources of the estate

assets.  By failing to comply with the Subpoena, BMF has knowingly defied the

authority of this Court and its Rule 2004 Order.  BMF's unjustified failure and refusal to

comply has and continues to cause prejudice to the Trustee and the Debtor's estate by

impeding the Trustee's investigation of the Debtor's financial affairs and causing

material increases to the costs of that investigation and the administration of the estate.

35.     Moreover, section 542(e) of the Bankruptcy Code creates a statutory

duty for BMF to produce documents responsive to the Subpoena because they

constitute recorded information, documents, or records relating to the Debtor's

property or financial affairs:

> Subject to any applicable privilege, after notice and a
> hearing, the court may order an attorney, accountant,
> or other person that holds recorded information,

> including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

36.     A chapter 7 trustee steps into the shoes of the debtor once a bankruptcy case is commenced.  *See, e.g., In re Rare Coin Galleries of Am., Inc.*, 862 F.2d 896, 901 (1st Cir. 1988); *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019); *Haigler v. Dozier (In re Dozier Fin., Inc.)*, No. 4:18-CV-1888-SAL-SVH, 2020 WL 1873993, at *2 n.3 (D.S.C. Feb. 3, 2020).  Consequently, there can be no reasonable dispute concerning the Trustee's right to demand the production of the Responsive Documents.

37.     In the event that BMF fails to fully comply with the Proposed Order, the Trustee requests that the Court permit the Trustee to submit a proposed order to show cause seeking a further order holding BMF in contempt and imposing sanctions as "a remedial device intended to achieve full compliance with [the] court's order."  *In re Butler*, 2008 WL 5076980 at *1.

38.     Accordingly, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the Proposed Order compelling BMF to comply with the Rule 2004 Order and the Subpoena.

## <u>NOTICE</u>

39.     Notice of this Motion has been given to:  (i) BMF;  (ii) the United States Trustee;  (iii) all of the parties that filed a notice of appearance pursuant to Rule 9010(b) in this case.  Local Bankruptcy Rule 9006-1(a) provides that, "*[u]nless the Court orders otherwise*, all [discovery-related motions] shall be served at least seven (7) days before the return date." Local Bankr. R. 9006-1(a) (emphasis added).  The Trustee

requests that this Court find that under the circumstances, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit A**:  (i) compelling BMF to comply with its obligations under the Subpoena and Rule 2004 Order by producing (a) all documents responsive to the Subpoena, (b) Written Responses, and (c) a Supporting Declaration;  and (ii) in the event that BMF fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding BMF in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made;  and (iii) providing such other and further relief as this Court deems just and appropriate.

Dated:   New York, New York
         February 23, 2023

                              Respectfully submitted,

                              ALBERT TOGUT, not individually but
                              solely in his capacity as Chapter 7 Trustee
                              By His Attorneys,
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              */s/Neil Berger*
                              NEIL BERGER
                              BRIAN F. SHAUGHNESSY
                              JARED BORRIELLO
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              (212) 594-5000

13

**Exhibit A**

**<u>Proposed Order</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                      :

In the Matter            :     Chapter 7
                                        :     Case No. 21-10699 (DSJ)

-of-                :

KOSSOFF PLLC,            :
                                        :

Debtor.      :
                                        :
---------------------------------------------------------------- X

## ORDER COMPELLING BMF ADVANCE LLC TO COMPLY
## WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA

       Upon the application (the "Motion")[1] of Albert Togut, not individually,

but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Kossoff PLLC

(the "Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP

(the "Togut Firm"), for entry of an order pursuant to sections 105(a) and 542(e) of title

11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the

Federal Rules of Civil Procedure:  (i) compelling BMF Advance, LLC ("BMF") to fully

comply with this Court's *Order Authorizing Trustee to Issue Subpoenas and Obtain*

*Testimony and for Injunctive Relief*, dated May 24, 2021 [Docket No. 27] (the "Rule 2004

Order") and the Subpoena by producing (a) all documents responsive to the Subpoena,

(b) written request-by-request responses to the Subpoena, and (c) a declaration in

support of BMF's response to the Subpoena;  and (ii) in the event that BMF fails to fully

comply with the Order, authorizing the Trustee to submit a proposed order to show

---

[1]    Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
Motion.

cause scheduling a hearing to consider entry of a further order holding BMF in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made; and upon the Berger Declaration submitted in support of the Motion; and the Court having considered the Motion and having heard the Trustee, by his attorneys, the Togut Firm, during the _____, 2023 hearing (the "Hearing") to consider the Motion; and it appearing that good and sufficient notice of the Motion and the Hearing were given by the Trustee and that no other or further notice is required; and upon the record made during the Hearing and all of the prior pleadings and proceedings had herein; and it further appearing that the legal and factual bases set forth in the Motion and at the Hearing establish sufficient cause for the relief granted herein; and after due deliberation thereon,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    **Jurisdiction and Venue.**  This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates.**  The predicates for the relief sought in the Motion are sections 105(a) and 542(e) of the Bankruptcy Code, Bankruptcy Rules 2004 and 9016, and Federal Rule 45.

C.    **Notice.**  As evidenced by the affidavit of service filed with this Court and based upon the representations of counsel at the Hearing:  (i) under the circumstances of this case, proper, timely, adequate, and sufficient notice of the Motion and Hearing has been provided;  and (ii) no other or further notice need be provided.

D.    **Opportunity to Object.**  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein was given by the Trustee.

E.    **The Rule 2004 Order.**  On May 24, 2021, this Court entered the Rule 2004 Order, which among other things, requires the recipients of subpoenas to produce unaltered responsive documents to the Trustee, Written Responses, and a Supporting Declaration.

F.    **The Subpoena.**  On June 7, 2022, the Trustee served the Subpoena on BMF and demanded that BMF produce unaltered responsive documents on or before June 16, 2022.  The Rule 2004 Order and the Subpoena are clear and unambiguous.

G.    **Noncompliance with the Rule 2004 Order and the Subpoena.**  The Berger Declaration and the record made at the Hearing demonstrate that BMF has failed to fully comply with the Rule 2004 Order and the Subpoena despite being given an adequate opportunity to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    All objections and responses to the Motion which are not otherwise expressly resolved herein are overruled.

3.    BMF has failed to fully comply with the Subpoena and the Rule 2004 Order, and BMF has failed to articulate a permissible basis for its failure to fully comply with the Subpoena and the Rule 2004 Order.

4.    The Trustee shall serve a copy of this order upon BMF by First Class mail within two (2) business days after the date of entry of this Order.

5.    BMF is directed to comply with the terms of the Subpoena and the Rule 2004 Order by, not later than ten (10) days from the date hereof, producing (a) all documents responsive to the Subpoena, (b) Written Responses and (c) a Supporting Declaration.

6.    In the event that BMF fails to fully and timely comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why BMF should not be held in contempt and why the Court should not impose sanctions to compel BMF's compliance with the Rule 2004 Order and the Subpoena.

7.    The Court shall conduct a status conference concerning BMF's compliance with this Order (the "Status Conference") on _____, 2023 at 10:00 a.m. (Prevailing Eastern Time).

8.    The Status Conference shall take place via Zoom for Government. Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be entered no later than 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Status Conference.

9.    Entry of this Order is without prejudice to the Trustee's rights to seek other or different documents from BMF or from any other person.

10.     This Court retains exclusive jurisdiction regarding the

implementation and interpretation of this Order.

Dated:   New York, New York
          _____, 2023
                                        _____
                                        HONORABLE DAVID S. JONES,
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Berger Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
                                       :
                 In the Matter              :         Chapter 7
                                         :         Case No. 21-10699 (DSJ)
                       -of-                  :
                                         :
KOSSOFF PLLC,                      :
                                         :
                                         :
                      Debtor.          :
                                         :
------------------------------------------------------------ X

**DECLARATION OF NEIL BERGER IN SUPPORT**
**OF THE CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER**
**COMPELLING BMF ADVANCE LLC TO COMPLY WITH**
**BANKRUPTCY RULE 2004 ORDER AND SUBPOENA**

Neil Berger, Esq. declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am a Partner with the law firm of Togut, Segal & Segal LLP, counsel to the Chapter 7 Trustee (the "Trustee") of the above-captioned Debtor.

2.      I submit this Declaration in support of the *Chapter 7 Trustee's Application for an Order Compelling BMF Advance LLC to Comply with Bankruptcy Rule 2004 Order and Subpoena* (the "Motion"), which is filed contemporaneously herewith.[1]

3.      The statements set forth herein are based upon my personal knowledge and belief, my privileged communications with the Trustee and his retained financial advisor and accountants, my review of the documents filed on the docket that is maintained for the above-captioned case, and related documents and information obtained by the Trustee.

---

[1]    Capitalized terms used herein but not defined herein shall have the meanings ascribed in the Motion. References made herein to exhibits shall be to exhibits to the Motion.

4.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7
Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

5.      On February 24, 2022, Mr. Togut held the meeting of creditors in
this case pursuant to section 341 of the Bankruptcy Code and became the permanent
Chapter 7 Trustee of the Debtor pursuant to Bankruptcy Code section 702(d).

6.      A review of documents produced in this case revealed that BMF
was an entity through which the Debtor obtained financing in 2020.

7.      On June 7, 2022, the Trustee served the Subpoena on BMF, which
fixed June 16, 2022 as BMF's document production deadline.

8.      On June 22, 2022, after having received no response from BMF, the
Trustee sent a demand letter, a copy of which is attached to the Motion as **Exhibit D** to
BMF, which demanded BMF's response to the Subpoena by July 5, 2022.

9.      On July 7, 2022, counsel to the Trustee attempted to contact BMF by
telephone using the telephone number published on BMF's Internet website.[2]

10.     On July 8, 2022, after having received no response from BMF, the
Trustee attempted to contact BMF by sending an email message to the email address
published on BMF's Internet website, which email message advised BMF of the
Trustee's intent to enforce the Subpoena by filing a motion to compel and requesting
BMF's cooperation in scheduling a discovery conference.

---

[2]   https://www.bmfcapitalllc.com/merchant-cash-advance (last accessed on February 16, 2023).

11.     As of the date of the Motion, BMF has neither responded to the Subpoena nor any of the Trustee's subsequent attempts to contact BMF.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on February 23, 2023 in New York, New York

*/s/Neil Berger*
NEIL BERGER

**Exhibit C**

## <u>Subpoena</u>

## TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
rhoward@teamtogut.com

June 7, 2022

**<u>Via FedEx</u>**
BMF Advance LLC
ATTN: Legal Department
1820 Avenue M
Suite 125
Brooklyn, NY 11230

                  Re:     Kossoff PLLC,
                        <u>Chapter 7 Case No. 21-10699 (DSJ)</u>

To Whom It May Concern:

        We are the attorneys for Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee of the estate of Kossoff PLLC.

        Enclosed please find a subpoena (the "<u>Subpoena</u>") requiring the production of documents no later than seven business days after the date of this letter, as well as the Bankruptcy Court's *Order Authorizing Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedures* [Docket No. 27] (the "<u>Rule 2004 Order</u>"), entered on May 24, 2021, and *Final Order Granting Injunctive Relief* [Docket No. 62], entered on June 10, 2021.

        Please note that the Rule 2004 Order also requires that you produce a declaration pursuant to 28 U.S.C. § 1746 attesting under penalty of perjury to certain facts concerning your response to the Subpoena, regardless of whether or not you produce responsive documents.

June 7, 2022
Page 2


       Please contact me with any questions and to coordinate your production in response to this Subpoena.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

*/s/Ronald Howard*
Ronald Howard


Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York _____

In re Kossoff PLLC _____         Case No. 21-10699 (DSJ) _____

          Debtor

                                                        Chapter 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: BMF Advance LLC _____

*(Name of person to whom the subpoena is directed)*

■ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

■ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by June 16, 2022 at Togut, Segal & Segal LLP at the address above.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 7, 2022 _____

          CLERK OF COURT

                                              OR

_____                  _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Albert Togut, as Chapter 7 Interim Trustee , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>DEFINITIONS</u>

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York, the Federal Rules of Civil Procedure, and the Federal Rules of Bankruptcy Procedure shall apply to the document requests (the "<u>Requests</u>") listed below.

1.    **2004 Order**.  The term "<u>2004 Order</u>" shall mean the attached *Order Authorizing the Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* entered on May 24, 2021 [Docket No. 27] in *In re Kossoff PLLC*, Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.).

2.    **Affiliate**.  The term "<u>Affiliate</u>" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

3.    **Bankruptcy Code**.  The term "<u>Bankruptcy Code</u>" shall mean title 11 of the United States Code.

4.    **Burton.**  The term "<u>Burton</u>" shall mean Burton Packaging Company, Inc., and any current or former Affiliate, member, employee, representative, officer, director, attorney, accountant, auditor, or agent of Burton Packaging Company, Inc.

5.    **Chapter 7 Case**.  The term "<u>Chapter 7 Case</u>" shall mean the above-referenced bankruptcy case commenced by the Petitioning Creditors pursuant to chapter 7 of the Bankruptcy Code.

6.    **Communication.**  The term "<u>Communication</u>" shall mean any transmittal of information, including internal communications and any transmission or exchange of information from or to any Person, whether orally or in writing, and any conversation or discussion, whether face-to-face or by means of letter, note, memorandum,

1

telephone, voice-mail, telegraph, telecopier, cable, e-mail, instant message service, text or other medium, whether electronic or otherwise.

7.  **Concerning.**  The term "<u>concerning</u>" shall mean "relating to," "referring to," "describing," "evidencing," or "constituting," and accordingly shall include, by way of illustration, "mentioning," "discussing," "containing," or "setting forth."

8.  **Debtor**.  The term "<u>Debtor</u>" shall mean Kossoff PLLC, and any current or former member, employee, representative, officer, director, attorney, accountant, auditor, or agent Kossoff PLLC.

9.  **Documents**.  The term "<u>Documents</u>" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), and accordingly includes, Communications, reports, correspondence, minutes, e-mails, instant messages, spreadsheets, trade ledgers, blotters, memoranda, notes and all other writings, promissory notes, loan agreements, Bloomberg screenshots, drawings, presentations, graphs, charts, photographs, audio recordings, and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form or any of the foregoing that pertains to a Communication, and all pleadings, orders, opinions, memoranda, and judgments in any proceeding concerning the Debtor and/or Mitchell H. Kossoff.  A draft or non-identical copy is a separate Document within the meaning of this term.

10.  **Including**.  The term "<u>including</u>" shall mean "including, but not limited to."  Phrases following the term "including" are not intended to be exhaustive of the materials sought by the Request and shall not in any way be read to limit the scope of the Request.  Any and all descriptions or examples of materials provided hereafter are

illustrative only and do not limit the request to those particular materials or types of materials, as if it were explicitly noted that such request was "not limited to" the stated examples.

11.   **Mitchell H. Kossoff**. The term "Mitchell H. Kossoff" shall mean Mitchell Hal Kossoff (OCA Attorney Registration No. 1627421) and any representative, attorney, or agent of the foregoing, or anyone working for, with, or on behalf of Mitchell H. Kossoff.

12.   **K&U**.  The term "K&U" shall mean Kossoff & Unger, and any current or former Affiliate, member, employee, representative, officer, director, attorney, accountant, auditor, or agent of Kossoff & Unger.

13.   **MBK**.  The term "MBK" shall mean MBK Group, LLC, and any current or former Affiliate, member, employee, representative, officer, director, attorney, accountant, auditor, or agent of MBK Group, LLC.

14.   **Obligations**.  The term "Obligations" shall mean obligations owed by a Person, whether individually, as a co-obligor, guarantor, or jointly with another Person, whether directly or indirectly, whether contingent or not contingent, and whether by contract or otherwise.

15.   **Person.**  The term "Person," as set forth in section 101(41) of the Bankruptcy Code, shall mean any natural person or any legal entity, including any business or governmental entity or association, and also including, accordingly, any firm, corporation, association, partnership, sole proprietorship, limited liability company, public entity, or other form of entity as that term is defined in section 101(15) of the Bankruptcy Code.

16.     **Relevant Parties**.  The term "<u>Relevant Parties</u>" shall mean the Debtor, Mitchell H. Kossoff, Esq., MBK, K&U, Burton and/or Tenantracers and all Affiliates of such Relevant Parties.

17.     **Relevant Time Period.**  The term "<u>Relevant Time Period</u>" shall mean the period spanning from April 13, 2015 to the present date.

18.     **Subsidiary**.  The term "<u>Subsidiary</u>" shall mean any person or entity of which shares of stock or other ownership interests having ordinary voting power to elect a majority of the board of directors or other managers of such entity are at the time owned, or the management of which is otherwise controlled, directly or indirectly, by another entity.

19.     **Tenantracers**.  The term "<u>Tenantracers</u>" shall mean Tenantracers, LLC, and any current or former Affiliate, member, employee, representative, officer, director, attorney, accountant, auditor, or agent of Tenantracers, LLC.

20.     **Trustee.**  The term "<u>Trustee</u>" shall mean Albert Togut, not individually but solely in his capacity as Chapter 7 Interim Trustee of the Debtor.

21.      **"You" and "Your**."  The term "<u>You</u>" and "<u>Your</u>" shall refer to the recipient of this subpoena and all of its current and former parent entities, Subsidiary entities, entities in which any of them have direct or indirect interests, funds any of them have managed or for which any of them have had the right to select investments, and other Affiliates, and each current and former member, employee, representative, officer, director, partner, attorney, accountant, auditor, Subsidiary, parent, Affiliate, and agent of any of the foregoing.

## INSTRUCTIONS

1.      Unless otherwise stated with respect to a particular Request, responses to each Request shall include all responsive Documents, Communications and information dated, created, modified, reviewed, sent or received during the Relevant Time Period.

2.      In responding to these Requests, You are requested to furnish all Documents that are available to You or are in Your possession, custody or control, including Documents in the possession of Your attorneys, auditors, or accountants; attorneys, auditors or accountants retained on behalf of the Debtor;  other persons directly or indirectly employed by or connected with You or Your attorneys or accountants; other persons directly or indirectly employed by or connected with attorneys or accountants retained on behalf of the Debtor; or anyone else acting or who has acted on Your behalf or otherwise is, in relevant respects, subject to Your control.

3.      These Requests call for production of responsive Documents in their entirety, without abbreviation or deletions.

4.      All drafts of responsive Documents must be produced, as well as non-identical copies.  Identical copies of produced Documents need not be produced.

5.      Documents shall be produced, organized and labeled to correspond with the Requests to which the Documents are responsive.

6.      Documents attached to each other (physically or via email) should be attached in the same way when produced.

7.      Electronically stored information must be produced in both native and a searchable format, and data should be produced in Microsoft Excel format, unless we agree otherwise.

8.     Wherever used herein, the singular form of any word includes the plural and vice versa.

9.     The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.

10.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

11.     The terms "all," "any," "every" and "each" shall each be construed as encompassing any and all.

12.     Each page of every Document produced in response to these Requests must be marked with a unique Bates number to allow for accurate identification.

13.     To the extent that any requested Documents are withheld from inspection and copying:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of privilege, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld Document List") setting forth as to each such withheld Document the following information to the extent known:

     i.     the title, date and type of document (e.g., memorandum, report, chart, etc.);

     ii.     its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

     iii.     the name of each author, writer and/or sender of the document;

     iv.     the name of each recipient, addressee, or other party to whom the document or a copy was sent or directed;

     v.     the specific request(s) to which the document is responsive; and

     vi.     to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the

6

Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

    vii.    to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

14.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege pursuant to paragraph 13(b) above, those portions of the Document subject to the claim of privilege may be redacted from the Document, but the instructions in the preceding paragraph 13 shall be applicable, and the rest of the Document shall be produced.

15.    If a Request is only partly objectionable, respond to the remainder of the Request that is not objectionable.

16.    If an objection or request for relief is made with respect to any Request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity.  Any ground not stated in the objection or request for relief within the time provided by the 2004 Order, or any extensions thereof, shall be deemed waived.

17.    At a future date, the Trustee may request the production of additional Documents or testimony.  This request is without waiver of the Trustee's right to seek additional information from You or any other third party.

---

[1]    If a Document has been destroyed, the Withheld Document List shall also include:  (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Copies of all loan or credit applications, loan agreements, purchase and sale agreements, security agreements, pledges, financing statements, guaranties, or other agreements between (i) You, on the one hand, and (ii) any Relevant Party, whether individually, as a co-obligor, or jointly with another Person, on the other hand.

### REQUEST NO. 2:

All Documents and Communications concerning any and all Obligations owed to You by any Relevant Party, whether individually, as a co-obligor, as a guarantor, or jointly with another Person, including, but not limited to, drafts, demands, documents evidencing payment, notices sent pursuant to any agreement, amortization schedules, loan ledgers, and collection communications.

### REQUEST NO. 3:

All Documents and Communications concerning any requested or otherwise contemplated or potential Obligation, loan, sale, credit, guarantee, or other agreement between (i) You, on the one hand, and (ii) any Relevant Party, whether individually, as a co-obligor, as a guarantor, or jointly with another Person, on the other hand, including Documents sufficient to show why the agreement or other arrangement was not consummated.

### REQUEST NO. 4:

All Documents and Communications concerning any collateral associated with any Obligation owed to You by any Relevant Party, whether individually or jointly, including copies of all lists of the Debtor's clients, accounts receivable and all other assets that were identified to serve as collateral for the Obligations owed by the Debtor.

### REQUEST NO. 5:

All Documents and Communications concerning any and all Obligations owed by You to any Relevant Party, whether individually, as a co-obligor, as a guarantor, or jointly with another Person, including, but not limited to, drafts, demands, documents evidencing payment, notices sent pursuant to any agreement, amortization schedules, loan ledgers, collection communications, and proof of all advances made to You.

### REQUEST NO. 6:

Documents sufficient to show the present balance of any Obligation or other amounts owed by any Relevant Party or Relevant Parties to You, including an

accounting of all payments made by the Relevant Party or Relevant Parties, a written statement of the current amount owed and a statement of arrears, if any, which remains unpaid.

**REQUEST NO 7.:**

All Documents and Communications concerning any transfer of value to You from, or on behalf of, any Relevant Party or Relevant Parties, including a written accounting of all amounts collected by You to date from, due to, or on behalf of any Relevant Party.

**REQUEST NO. 8:**

All Documents and Communications concerning any Relevant Party.

**REQUEST NO. 9:**

All Documents and Communications concerning any interest in property or other asset held, directly or indirectly, by any Relevant Party.

**REQUEST NO. 10:**

All Documents and Communications concerning any transfer of value from You to, or on behalf of, any Relevant Party or Relevant Parties, including a written accounting of all amounts collected from or by You to date from, due to, or on behalf of any Relevant Party.

**REQUEST NO. 11:**

Documents sufficient to show all demands made by You to current and/or former clients of any Relevant Party, including contact information for each client.

**REQUEST NO. 12:**

All applications for insurance, insurance policies and riders, insurance claims, disputes and payments concerning any Relevant Party.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

\----------------------------------------------------------- X
                                                          :
In the Matter                    :        Chapter 7
                                 :        Case No. 21-10699 (DSJ)
    -of-                         :
                                 :
KOSSOFF PLLC,                    :
                                 :
                  Debtor.        :
                                 :
\----------------------------------------------------------- X

## ORDER AUTHORIZING TRUSTEE TO ISSUE
## <u>SUBPOENAS AND OBTAIN TESTIMONY AND FOR INJUNCTIVE RELIEF</u>

Upon the Trustee's *ex parte* application for relief (the "<u>Motion</u>")[1] by Albert

Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>")

of Kossoff PLLC (the "<u>Debtor</u>"), by his proposed attorneys, Togut, Segal & Segal LLP (the

"<u>Togut Firm</u>"), and the accompanying Declaration of Neil Berger, Esq., dated May 21, 2021

(the "<u>Berger Declaration</u>");  and upon consideration of the Motion and the Berger Declaration;

and, after due deliberation, the Court having concluded that sufficient cause for the relief sought

exists;  and it appearing that the emergency relief sought in the Motion is necessary and proper,

including specific facts set forth in the Berger Declaration showing that immediate and

irreparable injury, loss or damage may result absent the relief sought;  and it appearing that no

further notice of this Order need be given;  after due deliberation and sufficient cause appearing

therefor, it is hereby

**ORDERED**, that pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), the Trustee is now authorized to issue subpoenas for the

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

production of all books, records, and documents, including, without limitation, all emails, text messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs (the "Books and Records"), and the Trustee is permitted to obtain such items and to obtain deposition testimony consistent with Bankruptcy Rule 9016, concerning any asset, liability, duty, obligation, contract, transaction, transfer, or other issue related in any way to the Debtor and its financial affairs;  and it is further

ORDERED, that the production and examination required pursuant to this Order are subject to any applicable privilege and nothing contained herein constitutes a finding that the attorney-client privilege attaches to any particular document, communication, or other form of information contained in the Books and Records;  provided, however, and for cause shown in the Motion, the Trustee, in his sole discretion, may waive any privilege in favor of the Debtor in connection with the turnover of any Books and Records to the Trustee;  and it is further

ORDERED, that the Trustee shall serve a copy of the Order with any subpoena that he serves pursuant to the Order;  and it is further

ORDERED, that subpoenas authorized by this Order may be served by the Trustee by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by other means agreed to by the subpoenaed parties;  and it is further

ORDERED, that sufficient reason having been shown therefore, pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Bankruptcy Rule 7065, effective immediately and pending entry of further Order by this Court, any recipient of this Order (and a subpoena issued pursuant to this Order) be, and they hereby are, enjoined and restrained from:  (a) concealing, deleting, destroying, removing from the Premises or any

other place where they may be located absent prior Order of this Court or prior written

permission by the Trustee, or otherwise altering any Books and Records, whether physical or

electronic, related to the Debtor or its property and such recipient shall preserve all such Books

and Records subject only to such turnover obligations pursuant to a subpoena or a further order

of this Court (the "Provisional Relief");  and it is further

ORDERED, that on or before the response deadline provided in the Trustee's

subpoena **or such other date to which the Trustee agrees or the Court may set for cause**

**shown**, the responding party shall provide:  (i) written responses to each of the requests

contained in the subpoena;  and (ii) a written declaration pursuant to

28 U.S.C. § 1746, attesting under the penalty of perjury that:  (a) none of the Books and Records

have been altered, modified, deleted, or otherwise destroyed;  and (b) the responding party has

made a diligent search and effort to locate and produce the documents and information requested

by the subpoena and that the written response as to each individual request contained in the

subpoena is true and complete to the best of the responding party's knowledge and belief;  [DSJ

5/24/2021] and it is further

ORDERED, if any entity or person who receives a subpoena for the production

of documents pursuant to this Order withholds any item on the basis of an asserted privilege, that

entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to the

Togut Firm, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.:  Neil Berger, Esq.

(neilberger@teamtogut.com) and Brian F. Shaughnessy, Esq. (bshaughnessy@teamtogut.com),

so as to be received with the information production required by the subpoena, or at such time as

mutually agreed to by the Trustee and the subpoenaed entity or person;  and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least seven business days' notice to the recipient to provide the recipient an opportunity to object to the subpoena or to file any motion with the Court;  and it is further

**ORDERED**, that all disputes concerning any subpoena issued pursuant to this Order, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced, and the other party shall file a responsive letter brief within three business days thereafter, which shall not exceed five pages, single spaced;  and copies of such letter briefs shall also be sent to the Court's Chambers by email to jones.chambers@nysb.uscourts.gov;  and it is further

**ORDERED**, that the telephonic hearing to consider the continuance of the Provisional Relief sought in the Motion (the "Preliminary Injunction Hearing") shall be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, on **May 27, 2021 at 2:00 p.m.** (Prevailing Eastern Time), or as soon thereafter as counsel may be heard; [DSJ 5/24/2021] and it is further

**ORDERED**, that any party that wishes to attend the Preliminary Injunction Hearing must comply with General Order M-543 (Morris, C.J.) (as may be amended) of this Court, a copy of which is attached hereto;  and it is further

**ORDERED**, Kossoff and Tenantracers are directed to appear before the Court at the telephonic Preliminary Injunction Hearing and show cause why the Provisional Relief should not be continued;  and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Motion and its exhibits and this Order on the Notice Parties by

4

electronic mail to the extent email addresses are available, or by overnight mail or commercial delivery service, or hand delivery;  and it is further

        **ORDERED,** that objections, if any, to the Motion must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of this Court, shall set forth the name of the objector and the legal and factual grounds for the objection, and shall be filed with the Bankruptcy Court, with a courtesy copy delivered to Judge Jones's Chambers by email to jones.chambers@nysb.uscourts.gov and served upon:  (i) the Togut Firm, proposed counsel for the Trustee, One Penn Plaza, New York, New York 10119, Attn:  Neil Berger, Esq. (neilberger@teamtogut.com) and Brian Shaughnessy, Esq. (bshaughnessy@teamtogut.com);  (ii) Kossoff;  (iii) the Landlord;  (iv) Tenantracers; (v) all parties that have filed a notice of appearance in this case;  and (vi) the United States Trustee for the Southern District of New York, Attn: Andrew Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov) so as to be actually received by no later than **5:00 p.m.** (Prevailing Eastern Time) on **May 26, 2021** (the "<u>Objection Deadline</u>"); [DSJ 05/24/2021]  and it is further

        **ORDERED,** that objections, if any, to the Motion which are not filed and served on or before the Objection Deadline shall be barred and forever waived;  and it is further

        **ORDERED,** that at the hearing to consider the preliminary injunction, the Court shall schedule a hearing for the entry of a permanent injunction consistent with the Provisional Relief;  and it is further

        **ORDERED,** that pursuant to Bankruptcy Rule 7065, the security provisions of Civil Rule 65(c) are waived pending further order of the Court;  and it is further

5

**ORDERED**, that entry of this Order is without prejudice to the rights of the

Trustee or any other party to apply for any other or further relief, including but not limited to

further relief under Bankruptcy Rule 2004;  and it is further

**ORDERED**, that the Court retains exclusive jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.


Dated:  New York, New York
        May 24, 2021

                            ___*s/ David S. Jones*_____
                            HONORABLE DAVID S. JONES
                            UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              :
                                                    :
CORONAVIRUS/COVID-19 PANDEMIC,                      :
COURT OPERATIONS UNDER THE EXIGENT      :          General Order M-543
CIRCUMSTANCES CREATED BY COVID-19          :
                                                    :
------------------------------------------------------------X

       In order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") hereby issues the following order:

       IT IS HEREBY ORDERED, effective immediately and until further notice, that:

1. **Hearings and Conferences**.  All hearings and conferences scheduled to be held in courthouses comprising the Manhattan Division, White Plains Division, and Poughkeepsie Division of the Bankruptcy Court will be conducted **telephonically** pending further Order of the Bankruptcy Judge assigned to the matter ("Bankruptcy Judge").  Any party wishing to appear in person at a hearing or conference shall file or submit an appropriate motion or request, which will be considered by the Bankruptcy Judge.  Any party may request an adjournment of a hearing or conference by filing or submitting an appropriate motion or request setting forth the basis for the adjournment in conformity with the Bankruptcy Judge's procedures for requesting adjournments.  All attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances and make arrangements with **Court Solutions LLC**.  Pro se parties, Chapter 7 Trustees and Ch 13 Trustee may participate telephonically in hearings free of charge using Court Solutions. The instructions for registering with Court Solutions are attached hereto.

2. **Evidentiary Hearings and Trials**.  Parties should contact the Bankruptcy Judge's courtroom deputy or law clerk assigned to the case to inquire about whether an upcoming evidentiary hearing or trial will proceed as scheduled and be prepared to discuss procedures and technology for conducting the evidentiary hearing remotely.

3. **Official Record**.  In order to assist the Bankruptcy Court in creating and maintaining the official record of proceedings before it, and to facilitate the availability of official transcripts of the proceedings, Bankruptcy Court personnel are permitted to utilize tools made available through Court Solutions to record telephonic hearings, conferences and trials. Such recordings shall be the official record. Transcripts can be ordered and corrected in the same way as before the issuance of this Order.

4. **Clerk's Office and _Pro Se_ Filings**.  Until further notice, the three Divisions of the Bankruptcy Court will remain open for all other business.  Clerk's Office personnel are available by telephone, mail will be received, and the intake desks will remain open to receive _pro se_ filings.  _Pro se_ filers can also continue to utilize the drop boxes located in the lobbies of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 or the Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 for delivery of documents after 5:00 pm.  Any documents submitted for filing in a drop box must be time-stamped, sealed in an envelope addressed to the Clerk of Court of the Bankruptcy Court, and must include the filer's contact information.

Dated:  March 20, 2020
      New York, New York

                /s/ Cecelia G. Morris
                Cecelia G. Morris
                United States Bankruptcy Chief Judge

Instructions to register for CourtSolutions.

1. Create a CourtSolutions account online.
Logon to https://www.court-solutions.com/ to "Signup" for an account and to register a telephonic appointment for an upcoming hearing. Registration for a hearing must occur no later than 12:00 noon on the business day prior to the hearing date.

2. Register for a hearing with CourtSolutions.
After creating and signing into their CourtSolutions account at https://www.court-solutions.com/, a party must register for a hearing.
a. Enter the last name of the Judge to appear before and then select the appropriate name from the list.
b. Enter the time and date of the hearing.
c. Select participation status: Live or Listen Only.
d. Enter the case name, case number, and, if applicable, the name of client.
e. There is a box to click to agree to terms/conditions, and then press "Register".
f. CourtSolutions will send an email confirmation of the participation request.
g. The court staff will first confirm that a granted motion to appear telephonically is on the docket. If there exists a granted motion, the court staff will approve the reservation.
h. CourtSolutions will then send another email confirmation.
Note that the reservation received for a registered hearing may NOT be transferred to another person. If someone dials in with someone else's registration information, the caller information presented to the court will not match the correct person.

3. Charges.
For lawyers and participants, registration and reservations are free.
Once a party dials into a call, the cost is a flat fee of $70, per reservation, per judge, per day. If the hearing is adjourned for a break and the party rejoins the call later that day, there is no additional charge to rejoin the call. If the hearing is continued to another day, lawyers and participants will need to re-register and the flat fee will apply again when dialing in.
If a party does not timely join a call, no fee is charged. The Judge will have the party listed as having made a reservation, but the party is not charged. However, the hearing may proceed in their absence, and they may face sanctions from the Court.
Additionally, a party may notice that there is a charge on their card after making a reservation. When making a reservation, CourtSolutions places an authorization hold on the card. If the party does not join the call, the pending hold will be removed automatically several days later, and there will be no charge.
Any issues with billing shall be directed to the vendor. The Court is not responsible for the billing or collection of the fees incurred with CourtSolutions.

4. Order of Proceeding.
CourtSolutions does not place a call to counsel on the day of the hearing. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing. Logging into the CourtSolutions website for the hearing is not required but is helpful to unmute your line if the Court mutes it or to raise your hand to be recognized during the hearing.

21-10699-dsj    Doc 27    Filed 05/24/21    Entered 05/24/21 16:43:13    Main Document
Pg 10 of 10

Upon connecting to the call and at the time of the hearing, a party may hear the activity in the courtroom. Unless a joining party mutes their line, he/she joins the call as an active participant and can be heard. Failure to act appropriately on the line may result with the party being disconnected by Court. When the judge is ready to hear the case, appearances will be called. Each time a telephonic party speaks, he/she should identify them self for the record. The court's teleconferencing system allows more than one speaker to be heard, so the judge can interrupt a speaker to ask a question or redirect the discussion. When the judge informs the participants that the hearing is completed, the telephonic participant may disconnect, and the next case will be called.

5. Failure to appear.
If a party does not timely call and connect to the scheduled hearing, the hearing may proceed in their absence, and they may face sanctions from the Court for their failure to appear.

6. Other/Miscellaneous.
Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include denying the matter for failure to prosecute, continuing the hearing, proceeding in the absence of a party who fails to appear, or a monetary sanction.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                          :
In the Matter                             :          Chapter 7
                                          :          Case No. 21-10699 (DSJ)
         -of-                             :
                                          :
KOSSOFF PLLC,                             :
                                          :
                            Debtor.       :
                                          :
------------------------------------------------------------ X

## <u>FINAL ORDER GRANTING INJUNCTIVE RELIEF</u>

Upon the application, dated May 21, 2021 (the "<u>Motion</u>")[1] [Docket No. 26] of

Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the

"<u>Trustee</u>") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "<u>Togut</u>

<u>Firm</u>"), for an order:  (i) authorizing him to issue subpoenas for the production of all books,

records, and documents, including, without limitation, all emails, text messages, computers

and/or laptop computers, hard drives, computer servers, all back-up files and materials and back-

up media wherever located and/or however maintained, and documents related to the Debtor or

its property concerning or otherwise evidencing the Debtor's assets and financial affairs (the

"<u>Books and Records</u>"), and the examination of various persons and entities, to obtain

information concerning acts, conduct, property, and liabilities of the Debtor, and other matters

relating to the extent and nature of the Debtor's estate, and directing that all persons who receive

notice of an order granting this Motion and any subpoena issued by the Trustee to preserve, and

not destroy, all Books and Records, concerning the Debtor and its estate;  and (ii) scheduling a

final hearing to consider the injunctive relief sought by the Trustee concerning the Books and

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

Records;  and upon the accompanying Declaration of Neil Berger, Esq., [Docket No. 26-4] and

the specific facts set forth therein showing that immediate and irreparable injury, loss or damage

may result absent the relief sought;  and after considering the Motion, the Court having entered

the *Order Authorizing The Trustee To Issue Subpoenas And Obtain Testimony And For*

*Injunctive Relief* (the "Rule 2004 Order") [Docket No. 27] which, among other things, scheduled

a hearing for May 27, 2021 (the "May 27 Hearing") to consider entry of a preliminary injunction

sought by the Trustee;  and it appearing that good and sufficient notice of the Rule 2004 Order

and the May 27 Hearing having been given by the Trustee in accordance with the Rule 2004

Order;  and Columbus Properties, Inc. and Colonnade Management Company (together, the

"Landlord") having filed a Limited Objection to any indefinite and ongoing obligation to have

the Premises used to store documents and records on an unpaid basis [Docket No. 31] (the

"Landlord Objection");  and upon the record of the May 27 Hearing held to consider the Motion,

the Court having entered the *Order Scheduling Final Hearing To Consider Injunctive Relief* (the

"Scheduling Order") [Docket No. 33] which, among other things, scheduled a final hearing on

June 10, 2021 (the "Final Hearing") to consider entry of a further order granting the injunctive

relief sought by the Trustee on a final basis;  and it appearing that good and sufficient notice of

the Final Hearing having been given by the Trustee in accordance with the Scheduling Order,

and that no other or further notice of the relief sought in the Motion need to be given;  and

Walter Mack, Esq., having filed the *Objection to Preliminary Injunction Order and Trustee*

*Issuance of Subpoenas for Testimony and Documents on Behalf of Mitchell H. Kossoff, Esq.,*

*Kossoff PLLC and Tenantracers* [Docket No. 48] (the "Kossoff Objection");  and upon the

record of the Final Hearing and all of the prior pleadings and proceedings had herein, including

2

the Landlord Objection and the Kossoff Objection;  and after due deliberation, the Court having

concluded that good and sufficient cause for the relief sought in the Motion exists, it is hereby:

**ORDERED**, that the Motion is granted on a final basis to the extent provided for

herein;  and it is further

**ORDERED,** that sufficient reason having been shown therefore, pursuant to Rule

65 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7065, any

recipient of this Order (and a subpoena issued by the Trustee pursuant to the Rule 2004 Order)

be, and they hereby are:  (a) enjoined and restrained from concealing, deleting, destroying,

removing otherwise altering any of the Books and Records, whether physical or electronic,

related to the Debtor or its property, from the Premises or any other place where they may be

located, absent prior Order of this Court or prior written permission by the Trustee, and (b)

required to preserve all such Books and Records subject only to such turnover obligations

pursuant to a subpoena or a further order of this Court;  and it is further

**ORDERED,** that the Trustee shall serve copies of the Rule 2004 Order and this

order with any subpoena that he serves pursuant to the Rule 2004 Order;  and it is further

**ORDERED,** that the entry of this Order is without prejudice to rights of the

Landlord to seek further relief;  and it is further

**ORDERED**, that the rights of Mitchell H. Kossoff and Tenantracers, LLC to seek

relief from this Order upon application, written notice, and a hearing are preserved;  and it is

further

**ORDERED**, that the Court retains exclusive jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.


Dated:  New York, New York
        June 10, 2021

                         *s/ David S. Jones*
                      HONORABLE DAVID S. JONES
                      UNITED STATES BANKRUPTCY JUDGE

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Minta J. Nester

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
|  |  |
| In the Matter | : | Chapter 7 |
|  | : | Case No. 21-10699 (DSJ) |
| -of- | : |  |
|  | : |  |
| KOSSOFF PLLC, | : |  |
| Debtor. | : |  |

------------------------------------------------------------ X

## AFFIDAVIT OF SERVICE FOR RULE 2004 EXAMINATION

STATE OF NEW YORK      )
                                         ) ss.:
COUNTY OF NEW YORK )

          Jonathan Cohen, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides in Caldwell, New Jersey.

          On June 7, 2022, deponent served a copy of the Subpoena For Rule 2004 Examination directed to BMF Advance LLC, together with its Exhibit "A", a copy of the May 24, 2021 Order Authorizing Trustee to Issue Subpoenas and Testimony and for Injunctive Relief [Docket No. 27], and Final Order Granting Injunctive Relief [Docket No. 62], a copy of which is annexed hereto, upon the following party by FedEx standard overnight delivery:

BMF Advance LLC
ATTN: Legal Department
1820 Avenue M
Suite 125
Brooklyn, NY  11230

*/s/ Jonathan Cohen*
Jonathan Cohen

Sworn to before me this 9th
day of June, 2022

*/s/ Cynthia Juliano*
NOTARY PUBLIC

*(Subpoena attachment included by reference)*

**Exhibit D**

**<u>Demand Letter</u>**

TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
rhoward@teamtogut.com

June 22, 2022

**<u>Via FedEx</u>**
BMF Advance LLC
ATTN: Legal Department
1820 Avenue M
Suite 125
Brooklyn, NY  11230

Re:     Kossoff PLLC,
        <u>Chapter 7 Case No. 21-10699 (DSJ)</u>

To Whom It May Concern:

We are the attorneys for Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Kossoff PLLC.

Pursuant to the Bankruptcy Court's *Order Authorizing the Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "<u>Rule 2004 Order</u>"), you were served with a subpoena, dated June 7, 2022, a copy of which is enclosed (the "<u>Subpoena</u>").

The deadline for your response to the Subpoena was June 16, 2022. However, you have not provided us with any responses to the Subpoena.

Please accept this letter as a demand for your written responses, subpoena declaration, and document production in response to the Trustee's Subpoena or, failing that, a written request to meet and confer regarding the Subpoena.  If you fail to respond in writing to this request within ten (10) days from the date hereof and absent a conference, the Trustee will seek an order of the Bankruptcy Court compelling your compliance with the Subpoena and imposing appropriate costs and sanctions.

Please note that the Rule 2004 Order also requires that you produce a declaration pursuant to 28 U.S.C. § 1746 attesting under penalty of perjury to certain facts concerning your response to the Subpoena, regardless of whether or not you produce responsive documents.

June 22, 2022
Page 2

       All of the Trustee's rights and claims are expressly preserved and not waived.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:
_/s/Ronald Howard_
Ronald Howard

Enclosures

*(Subpoena attachment included by reference)*