TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Minta J. Nester

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                     :
In re:                                               :        Chapter 7
                                                     :
KOSSOFF PLLC,                                        :        Case No. 21-10699 (DSJ)
                                                     :
                          Debtor.                    :
                                                     :
---------------------------------------------------------------- X
                                                     :
ALBERT TOGUT, Not Individually but Solely            :
in His Capacity as Chapter 7 Trustee of the          :
Estate of Kossoff PLLC,                              :
                                                     :
                          Plaintiff,                 :        Adv. Pro. No. 23-_____ (DSJ)
                                                     :
        v.                                           :
                                                     :
52-01 FLUSHING AVENUE COMPANY, LLC;                  :
KND MANAGEMENT COMPANY INC;  and                     :
PAMELA KOSSOFF,                                      :
                                                     :
                          Defendants.                :
---------------------------------------------------------------- X

## COMPLAINT

        Albert Togut, not individually but solely in his capacity as the Chapter 7

Trustee (the "Plaintiff" or the "Trustee") of the estate of Kossoff PLLC (the "Debtor"),

by his attorneys, Togut, Segal & Segal LLP, hereby makes this complaint

(the "Complaint") against:  52-01 Flushing Avenue Company, LLC ("52-01 Flushing

Avenue") and KND Management Company Inc. ("KND Management" and together

with 52-01 Flushing Avenue, the "Landlord Defendants");  and Pamela Kossoff

("Pamela," together with the Landlord Defendants, the "Defendants"), and in support
thereof respectfully alleges the following upon information and belief:

## SUMMARY OF THE ACTION[1]

1.      Prior to being disbarred and sent to prison on May 6, 2022 for
stealing millions of dollars from the Debtor and dozens of the Debtor's clients, Kossoff
was a prominent real-estate attorney in New York City and he served as the sole
managing member of the Debtor.  Additionally, at all times relevant to this Complaint,
Kossoff was an officer, director, equity interest holder and creditor of Burton Packaging
Company Inc. ("Burton Packaging"), a now-defunct packaging business that was
founded by Kossoff's late father in the 1950's.

2.      The Debtor was never a tenant of the premises that Burton
Packaging leased from the Landlord Defendants.  However, the Debtor's books and
records disclose that for years prior to the Petition Date, Kossoff improperly used funds
in the Debtor's bank accounts to pay Burton Packaging's rent obligations to the
Landlord Defendants.  Those obligations which, at one point, exceeded $83,000 per
month, were those of Burton Packaging and not the Debtor.  Those obligations were
also obligations of Kossoff personally and his wife, Pamela, in their capacities as
guarantors of Burton Packaging's rent obligations to the Landlord Defendants.  The
Debtor never had any contractual or legal obligation to make any payments to and for
the benefit of any of the Defendants to address the Landlord Defendants' claims.  Funds
paid were property of the Debtor and should have been available to the Debtor's
creditors.

---

[1]    Capitalized terms used but not defined in this section shall have the meanings ascribed to them in
       subsequent sections of this Complaint.

3.      Correspondence between Kossoff and the Landlord Defendants demonstrates a pattern in which the Landlord Defendants would demand payments due under the Lease, only to be met with delay and/or incomplete payments, often made with Debtor funds.  More than once, Kossoff told the Landlord Defendants that the Debtor would satisfy Burton Packaging's obligations under the Lease.  Indeed, on multiple occasions, Kossoff advised the Landlord Defendants that Burton Packaging would not make rent payments when due because the Debtor could not cover Burton Packaging's rent shortfalls in those instances.  The Debtor's payments to and for the benefit of the Landlord Defendants were fraudulent, and they should be avoided and recovered by the Trustee.

4.      Moreover, Kossoff and Pamela are "insiders" of the Debtor, as that term is defined under section 101(31) of the Bankruptcy Code.  Consequently, the transfers by the Debtor to the Landlord Defendants benefitted Kossoff and Pamela by reducing their obligations as guarantors of the Lease while the Debtor was insolvent under any measure of insolvency.  Thus, the Avoidable Transfers are presumed to have been made with actual intent to defraud the Debtor's creditors.

5.      The Avoidable Transfers made to and for the benefit of Defendants, which total not less than $1,412,921.14, neither conferred a benefit to the Debtor nor advanced any legitimate business purpose for the Debtor.

6.      For the benefit of the Debtor's estate, the Trustee commences this adversary proceeding to avoid and recover the Debtor's transfers to and for the benefit of Defendants as fraudulent conveyances or, in the alternative, as preferential transfers.

## THE PARTIES AND RELEVANT NON-PARTIES

7.      Plaintiff is the Chapter 7 Trustee of the Debtor.

8.      Defendant 52-01 Flushing Avenue is a limited liability company organized and existing under the laws of New York.

9.      Defendant KND Management is a corporation incorporated and existing under the laws of New York.

10.     At all relevant times, Defendant 52-01 Flushing Avenue owned commercial real property located at 52-01 Flushing Avenue, Maspeth, New York 11378 (the "Premises").

11.     At all relevant times, Defendant 52-01 Flushing Avenue was the landlord of the Premises, which was occupied at all relevant times as the principal place of business of commercial tenant Burton Packaging.

12.     At all relevant times, Defendant KND Management was the property manager of the Premises.

13.     Pamela is Mitchell Kossoff's wife.

14.     Pamela is an "insider" of the Debtor pursuant to Bankruptcy Code section 101(31)(vi).

15.     Pamela is a resident of the state of New York.

16.     Non-party Burton Packaging, a New York corporation that operated as a consumer-products packaging business, was founded by Kossoff's father in or around 1950.

17.     Burton Packaging is defunct.

18.     At all relevant times, non-party Kossoff was an officer, shareholder and creditor of Burton Packaging and a resident of the state of New York.

19.     Non-party Phyllis Kossoff, was, prior to her death during

November 2022 and at all relevant times, an officer, shareholder and a creditor of Burton Packaging and a resident of the state of New York.

20.    The Debtor is a New York professional limited-liability company that, prior to April 13, 2021 (the "Petition Date"), operated as a law firm located at 217 Broadway, Suite 401, New York, New York 10007.

21.    The Debtor's Articles of Organization were filed with the New York Secretary of State on December 6, 2013.

22.    From its inception until the Petition Date, the Debtor served clients in New York City's real estate industry.

23.    Prior to the Petition Date, non-party Kossoff was an attorney licensed to practice in the State of New York and he specialized his law practice in structuring and negotiating real-estate transactions.

24.    Kossoff has been disbarred and he is now incarcerated, serving a jail term of 4.5 years to 13.5 years, based on his own admission that he stole more than $14 million from the Debtor, its clients and others.

25.    Over the course of his career, Kossoff was the sole member of several law firms bearing his name, including:  (1) Kossoff, Alper & Unger;  (2) Kossoff & Unger;  and (3) the Debtor.

26.    Kossoff, Alper & Unger and Kossoff & Unger ceased to operate as law firms prior to the Debtor's formation and incorporation in December 2013.

27.    Kossoff is, and always has been, the Debtor's sole member and an "insider" of the Debtor as that term is defined in section 101(31) of title 11 of the United States Code (the "Bankruptcy Code").

28.    Kossoff was also the vice president of Burton Packaging.

29.     Prior to the date of this Complaint, Burton Packaging was a defendant in a commercial nonpayment proceeding commenced by the Landlord Defendants in New York State Court.

## JURISDICTION AND VENUE

30.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334 and the United States District Court for the Southern District of New York's *Amended Standing Order of Reference, M-431* dated January 31, 2012, which refers such proceedings to this Court.

31.     This Adversary Proceeding is commenced pursuant to sections 502(d), 544, 547, 548, and 550 of the Bankruptcy Code;  Rules 3007, 6009, and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");  sections 273, 274, 275, 276, 276-a, 278, and 279 of the New York Debtor & Creditor Law as applicable to transactions occurring before April 4, 2020;  sections 273, 274, and 276 of the New York Debtor & Creditor Law as applicable to transactions occurring on or after April 4, 2020 (the "NYUVTA");  and sections 3304 and 3306 of title 28 chapter 176 of the United States Code (the "FDCPA").

32.     This Adversary Proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (F), (H), and (O), and this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment herein.  In the event that this Court or any other court finds any part of this Adversary Proceeding to be "non-core," this Court has non-core concurrent jurisdiction over this proceeding under 28 U.S.C. § 1334 because the relief sought herein relates to the Chapter 7 Case and will have a material impact on the administration of the Debtor's estate.

33.     Plaintiff consents to entry of final orders and judgments by this Court in this Adversary Proceeding pursuant to Bankruptcy Rule 7008.  Plaintiff also consents to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

34.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because this Adversary Proceeding arises in, and is related to, the Chapter 7 Case.

## FACTUAL ALLEGATIONS

### I.    Burton Packaging's Commercial Lease

35.     On or about May 11, 1981, Burton Packaging and the Landlord Defendants entered into a lease agreement (as may have been modified, extended, supplemented, or amended from time to time, including as set forth below, the "Lease") pursuant to which the Landlord Defendants leased the Premises to Burton Packaging.

36.     At all relevant times, Defendant 52-01 Flushing Avenue owned the Premises.

37.     At all relevant times, Defendant KND Management provided management services to 52-01 Flushing Avenue.

38.     Pursuant to the terms of the Lease, Burton Packaging was to occupy the Premises "for manufacture of packaging products and other related uses to conduct [Burton Packaging's] business as now and hereafter constituted, and for no other purpose."

39.     The Debtor was never a party to the Lease.

40.     The Debtor never occupied or used the Premises.

## II.    <u>Burton Packaging's Promissory Notes</u>

41.    On July 1, 2013, Burton Packaging executed a promissory note in favor of the Landlord Defendants (the "<u>2013 Note</u>") in the amount of $237,976.18, bearing interest at 5% per annum, which was to mature in July 2016.

42.    Pursuant to the 2013 Note, Burton Packaging agreed to pay monthly installments of principal and interest to the Landlord Defendants in the amount of $7,132.36.

43.    Kossoff and Pamela signed the 2013 Note individually, and Kossoff signed it as vice president of Burton Packaging.

44.    On March 1, 2016, Burton Packaging executed a promissory note in favor of the Landlord Defendants that superseded the 2013 Note (the "<u>2016 Note</u>" and together with the 2013 Note, the "<u>Promissory Notes</u>") in the amount of $211,796.91, bearing interest at 5% per annum, which was to mature on September 20, 2016.

45.    Pursuant to the 2016 Note, Burton Packaging agreed to repay principal and interest to the Landlord Defendants in monthly installments of $6,347.72.

46.    Burton Packaging failed to meet its obligations under the Promissory Notes.

47.    Burton Packaging and the Landlord Defendants modified Burton Packaging's obligations under the Promissory Notes in connection with the Lease Modification Agreements described below.

## III.    <u>Modifications of the Commercial Lease</u>

48.    Upon information and belief, prior to the execution of the agreements discussed below, Burton Packaging and the Landlord Defendants extended the term of the Lease multiple times during Burton Packaging's tenancy at the Premises.

A.    <u>The First Lease Modification</u>

49.    On August 8, 2014, Burton Packaging and the Landlord Defendants executed a Lease modification agreement that extended the Lease term until June 30, 2016 (the "<u>First Lease Modification</u>").

50.    Pursuant to the First Lease Modification, Burton Packaging's obligations during the lease term included monthly rent of $53,407.95, and $20,300 on account of real estate tax obligations due under the Lease (the "<u>Real Estate Tax Obligation</u>") because, as set forth in the First Lease Modification, "the parties hereto agree that [Burton Packaging] is indebted to [the Landlord Defendants] in the additional sum of $20,300, pursuant to the [r]eal [e]state [t]ax escalation provisions of the Lease."

51.    The First Lease Modification provided for a reduced rent payment of $36,391.67 for five (5) months of the lease term defined as the "2nd Reduction Term."

52.    The First Lease Modification provided that all amounts otherwise due and owing during the 2nd Reduction Term would be permanently forgiven by the Landlord Defendants "[i]n the event that [Burton Packaging] performs its obligations hereunder in a timely and diligent manner and is not otherwise in default of the terms hereof."

53.    Upon the expiration of the so-called 2nd Reduction Term, the First Lease Modification provided that the full amount of rent due under the Lease (*i.e.,* $53,407.95) was to be reinstated.

54.    Kossoff signed the First Lease Modification in his capacity as the vice president of Burton Packaging.

55.    The Debtor was not an obligor under the First Lease Modification.

B. **The Second Lease Modification**

56.    On January 1, 2015, upon the expiration of the 2nd Reduction Term, but one-year prior to the expiration of the lease term provided for under the First Lease Modification, Burton Packaging and the Landlord Defendants executed another Lease modification agreement (the "Second Lease Modification").

57.    The Second Lease Modification did not extend the term of the Lease, which was to end on June 30, 2016 in accordance with the terms of the First Lease Modification Agreement; however, it provided favorable payments terms for Burton Packaging.

58.    Pursuant to the Second Lease Modification, Burton Packaging's obligations during the lease term included (a) monthly rent of $52,598.21, and (b) a Real Estate Tax Obligation totaling $10,150, which was to be paid by Burton Packaging in six (6) monthly installments of $1,691.67 commencing on January 1, 2015.

59.    The Second Lease Modification introduced a "3rd Reduction Term," which obligated Burton Packaging to pay a reduced monthly rent of $36,691.67 for the three (3) month period commencing January 1, 2015 and March 31, 2015.

60.    Kossoff signed the Second Lease Modification as the vice president of Burton Packaging.

61.    Kossoff executed a personal guarantee of Burton Packaging's obligations under the Second Lease Modification.

62.    Pamela, Kossoff's wife, also executed a personal guarantee of Burton Packaging's obligations under the Second Lease Modification.

63.    The Debtor was not an obligor or a guarantor under the Second Lease Modification.

C.    **The Third Lease Modification**

64.    On March 1, 2016, contemporaneously with execution of the 2016 Note, Burton Packaging and the Landlord Defendants executed a third Lease modification agreement (the "Third Lease Modification").

65.    The Third Lease Modification extended the term of the Lease by three (3) months, until September 30, 2016.

66.    Pursuant to the Third Lease Modification, Burton Packaging's obligations during the extended lease term included (a) monthly rent of $55,598.21, and (b) $1,691.66 per month on account of the Real Estate Tax Obligation.

67.    The Third Lease Modification provided that "the balance of arrears due and owing to [the Landlord Defendants] on account of rent, additional rent and other charges, together with the principal balance outstanding on [the 2013 Note], is the total sum of…$211,796.91."

68.    Pursuant to the Third Lease Modification, the outstanding balance owed by Burton Packaging to the Landlord Defendants totaled $211,796.91 (*i.e.*, the principal under the 2016 Note), which was to be repaid pursuant to the terms of the 2016 Note.

69.    Kossoff signed the Third Lease Modification in his capacity as the vice president of Burton Packaging.

70.    Kossoff executed a personal guarantee of Burton Packaging's obligations under the Third Lease Modification.

71.    The Debtor was not an obligor or a guarantor under the Third Lease Modification.

### D.   The Fourth Lease Modification

72.    On June 24, 2016, three (3) months prior to the end of the Lease term set forth in the Third Lease Modification, Burton Packaging and the Landlord Defendants executed a fourth Lease modification agreement (the "Fourth Lease Modification").

73.    The Fourth Lease Modification extended the term of the Lease by two (2) years, until September 30, 2018.

74.    Pursuant to the Fourth Lease Modification, Burton Packaging's monthly rent obligation totaled $83,000.

75.    Kossoff signed the Fourth Lease Modification in his capacity as the vice president of Burton Packaging.

76.    Kossoff's personal guarantee of Burton Packaging's obligations under the Lease remained in effect pursuant to the terms of the Fourth Lease Modification.

77.    The Debtor was not an obligor or guarantor under the Fourth Lease Modification.

### E.   The Fifth Lease Modification

78.    On July 9, 2018, prior to the end of the Lease term set forth in the Fourth Lease Modification, Burton Packaging and the Landlord Defendants executed a fifth Lease modification agreement (the "Fifth Lease Modification").

79.    The Fifth Lease Modification extended the term of the Lease by five (5) months, until March 31, 2019.

80.    Pursuant to the Fifth Lease Modification, Burton Packaging's monthly rent obligation remained at $83,000.

81.     Kossoff signed the Fifth Lease Modification in his capacity as the vice president of Burton Packaging.

82.     Kossoff's personal guarantee of Burton Packaging's obligations under the Lease remained in effect pursuant to the terms of the Fifth Lease Modification.

83.     The Debtor was not an obligor or a guarantor under the Fifth Lease Modification.

F.     **The Sixth Lease Modification**

84.     On March 6, 2019, prior to the end of the Lease term set forth in the Fifth Lease Modification, Burton Packaging and the Landlord Defendants executed a fifth Lease modification agreement (the "Sixth Lease Modification" and together with the First, Second, Third, Fourth and Fifth Lease Modifications, the "Lease Modifications").

85.     The Sixth Lease Modification extended the term of the Lease by five and one-half (5 ½) years, until September 30, 2024.

86.     Pursuant to the Sixth Lease Modification, Burton Packaging's monthly rent obligation remained at $83,000 for the first five (5) months of the extended Lease term and increased each year in fixed amounts of approximately $3,000.

87.     Kossoff signed the Sixth Lease Modification in his capacity as the vice president of Burton Packaging and individually as a guarantor.

88.     Kossoff's personal guarantee of Burton Packaging's obligations under the Lease remained in effect pursuant to the terms of the Sixth Lease Modification.

89.     The Debtor was not an obligor or a guarantor under the Sixth Lease Modification.

## IV.   Kossoff Uses Debtor Funds to Pay Rent Owed by Burton Packaging

90.     Since at least December 2017 and continuing until approximately one month prior to the Petition Date, Kossoff caused the Debtor to make improper payments to and for the benefit of Defendants, both directly and indirectly, from the Debtor's bank accounts (collectively, the "Avoidable Payments").

### A.     Direct Payments from the Debtor to Defendants

91.     Kossoff caused the Debtor to make direct payments (together, the "Direct Payments") from the Debtor's bank account to Defendant 52-01 Flushing Avenue, including:

(a)     A direct transfer of $25,000 to Defendant 52-01 Flushing Avenue on January 24, 2020;  and

(b)     A direct transfer of $20,000 to Defendant 52-01 Flushing Avenue on February 10, 2021.

A schedule listing Direct Payments totaling $45,000 is attached hereto as **Exhibit 1** and is incorporated by reference as if fully set forth herein.

92.     The Direct Payment to Defendant 52-01 Flushing Avenue on January 24, 2020 was made days after one of Burton Packaging's support staff employees emailed the KND Management representative concerning Burton Packaging's overdue rent (the "January 17th 2020 Email").

93.     In the January 17th 2020 Email, the Burton Packaging employee stated that a $25,000 check mailed on Friday would be delivered the following Monday. The KND Management representative responded, "This is not right.  I am owed *half of December and all of January*.  [Kossoff] told me that we will be getting a large check in the next few days…[and] this is not a large check when we are owed over $125,000." (emphasis added).

94.     The Direct Payment to Defendant 52-01 Flushing Avenue on February 10, 2021 was made after the representative from Defendant KND Management emailed Kossoff using Kossoff's email account at the Debtor on February 4, 2021 concerning Burton Packaging's substantial unpaid balance stating that "[t]he outstanding amount including February is $339,496.20."

**B.     Indirect Payments from the Debtor to Defendants**

95.     Kossoff also caused the Debtor to make indirect payments to and for the benefit of Defendants, whereby Kossoff would first transfer funds from the Debtor's bank accounts to Burton Packaging's bank account and he would then transfer those funds to the Landlord Defendants' accounts (collectively, the "Indirect Payments").

96.     A schedule listing the Indirect Payments, totaling $1,367,921.14 is attached hereto as **Exhibit 2** and is incorporated by reference as if fully set forth herein.

97.     As set forth in **Exhibit 2**, it was common for the Debtor to make transfers to bank accounts maintained by Burton Packaging on the same day that those funds were transferred from Burton Packaging's accounts to the Landlord Defendants. For example:

   a. On July 10, 2019, the Debtor transferred $43,000 to a bank account maintained by Burton Packaging, and that same day those funds were transferred from Burton Packaging's account to the Landlord Defendants in the amount of $43,000;  and

   b. On August 13, 2020, the Debtor transferred $26,000 to a bank account maintained by Burton Packaging, and that same day, that amount was transferred from Burton Packaging's bank account to the Landlord Defendants.

98.     The Debtor also made transfers to bank accounts maintained by Burton Packaging within a few days of advising the Landlord Defendants that a

payment would be made.  For example, on February 4, 2020, Veronica Flores, an
employee of the Debtor, sent an email from her Debtor email account to Defendant
52-01 Flushing Avenue to advise that a check previously issued to Defendant 52-01
Flushing Avenue would be "returned" and that "Mitch is aware and will be wiring out
the $25K to your account sometime this week."  As set forth in **Exhibit 2**, on February 7,
2020, the Debtor transferred $25,000 to Burton Packaging and on that same day, Burton
Packaging transferred those funds to the Landlord Defendants.

99.     In total, the Debtor made payments to and for the benefit of
Defendants in the amount of $45,000 directly from the Debtor's accounts.  *See* Ex. 1.

100.     In addition, the Debtor made payments totaling $1,367.921.14 to
and for the benefit of Defendants indirectly from the Debtor's operating and IOLA
Accounts.  *See* Ex. 2.

101.     The Indirect Payments that originated from the Debtor's IOLA
account totaled $738,322.21.  *See* Ex. 2.

**V.     Burton Packaging Struggled to Meet its Obligations Under the Lease**

102.     At all times relevant to this Complaint, Burton Packaging was a
business in financial decline.

103.     In addition to its failure to meet its obligations under the Lease,
Burton Packaging was failing to meet other financial obligations.

104.     For example, during 2015 and 2016, Burton Packaging was in
default under notes it executed in favor of Valley National Bank and VNB, and the
Debtor improperly recast those note obligations and its own.  *See* Adv. Pro. No. 22-
01113 (DSJ).

105.     Prior to December 8, 2017 – *i.e.,* the date the first Avoidable
Payment was made to the Landlord Defendants – Burton Packaging's failure to timely

meet its obligations under the Lease was well-documented in correspondence between

Kossoff and the Landlord Defendants.

106.    For example:

a.  On August 14, 2015, a representative of KND Management sent an email to Kossoff's Debtor email account and stated that "[i]t is now the 14th of the month and I understand that there is nothing at [Burton Packaging] towards rent and/or real estate taxes."

b.  On March 11, 2016, the same representative of KND Management sent an email to Kossoff's Debtor email account and stated that "[t]his is now the 11th [of March] and have not received anything."

c.  On September 20, 2017, the same KND Management representative sent an email to Kossoff's Debtor email account and stated that "it is now the 20th of the month and we don't even have partial payment for September rent."

107.    In addition, Kossoff informed Defendant KND Management that

Kossoff used the Debtor's funds to address Burton Packaging's obligations when

Burton Packaging could not:

a.  On July 31, 2015, Kossoff emailed KND Management that "you will not be getting any further rent this week because we simply do not have it and *unfortunately my own collections at the law firm are such that I do not have any additional monies to fund [Burton Packaging's] shortfalls*." (emphasis added).

108.    Moreover, despite execution of the Lease Modifications, Burton

Packaging continued to fail to meet its obligations under the Lease after December 8,

2017, and the Debtor and its creditors suffered as a result as demonstrated by the

Avoidable Payments.

109.    For example:

On May 31, 2018, a KND Management representative emailed Kossoff (using Kossoff's email address at the Debtor) that "I am about to turn the page on the Calendar

and I notice I still don't have May's rent. ***Tomorrow will be 2 months in arrears and the amount continues to climb.*** You were supposed to contact be with a time and amount for the May rent."  (emphasis added).

110.    The Landlord Defendants' actual knowledge of Kossoff's use of Debtor funds to address Burton Packaging's obligations under the Lease continued during 2019:

> On June 28, 2019, Kossoff sent an email to the Landlord Defendants and advised:  "Unfortunately there is nothing I can do today – need to see what my funds are like from the law firm over the weekend and then I can make a rationale decision on what I can pay on Monday – just don't know that number yet – sorry – Mitch.

111.    On February 6, 2020, KND Management emailed Kossoff regarding a bounced rent check from Burton Packaging, stating "[n]ow that we received the return check, when do you intend to wire the $25,000 [and] the bounce check fee?  You are approximately $214,500 in arrears."

112.    The next day on February 7, 2020, the Debtor transferred $25,000 to Burton Packaging's bank account, which was then wired to the Landlord Defendants.

## VI.    The Debtor's IOLA Accounts

113.    Like other law firms in the State of New York, the Debtor was obligated to maintain, and at all relevant times, did maintain, in separate bank accounts: (1) funds that had been paid by the Debtor's clients as retainers for legal services to be rendered by the Debtor;  and (2) funds that the Debtor otherwise held in trust for its clients.

114.    Under New York law, law firms are required to segregate such escrow accounts from the firm's own accounts, and lawyers are strictly prohibited from using such escrowed funds unless and until the funds have been earned and deposited

into the firm's/lawyer's own accounts.  Any interest or dividends that accrue on funds held in the segregated escrow accounts are the property of the client.

115.    The Debtor maintained what are known as Interest on Lawyer Account (the "IOLA Accounts") accounts to purportedly safeguard such client funds.

116.    Under New York law, when a lawyer or a law firm receives funds from a client in a fiduciary capacity and the lawyer determines that the funds are unlikely to generate sufficient interest income to justify the expense of administering a segregated account for the client's benefit, the lawyer must deposit such funds into his IOLA account.  Any interest or dividends that accrue on funds held in IOLA accounts are themselves segregated and periodically provided to the New York Interest on Lawyer Account Fund (the "IOLA Fund"), a New York government entity that distributes funds for the provision of basic legal services to the State's poor.

117.    At all relevant times, Kossoff improperly used the Debtor's IOLA Accounts as though they were common depositories of not only Debtor-client funds, but also his personal funds, loan proceeds, among other types of funds.

118.    Kossoff regularly deposited non-client funds into the Debtor's IOLA Accounts.  Kossoff also regularly transferred funds from the Debtor's IOLA Accounts to and for the benefit of parties other than the Debtor's clients and the IOLA Fund, including himself, his family members, his personal creditors and the Landlord Defendants.

119.    For example, between February 2017 and the Petition Date, Kossoff deposited at least $51,000 from his personal checking accounts into the Debtor's IOLA Accounts, and he caused the Debtor to transfer at least $136,000 from the Debtor's IOLA Accounts into his personal checking accounts.

120.    In addition, the Debtor transferred $205,000 to Phyllis Kossoff, Kossoff's mother, from the Debtor's IOLA Accounts on account of Kossoff's personal obligations to her during the period of March 2014 through May 2018.  A schedule of those deposits and transfers is annexed hereto as **Exhibit 3** and is incorporated by reference as if fully set forth herein.

121.    Kossoff also improperly used funds in the Debtor's IOLA Accounts to transfer more than $1 million toward satisfaction of his personal liabilities through at least February 2021.

122.    Moreover, Kossoff regularly caused the Debtor to transfer funds from its IOLA Accounts to its operating accounts without client authorizations.

123.    In his May 2022 Plea Agreement (the "Plea Agreement") with the Manhattan District Attorney, Kossoff admitted that:

> a.    From at least December 2017 to April 2021, I was an attorney licensed to practice in New York and the sole member of Kossoff PLLC, a law firm located in Manhattan.  Part of my law firm's business was to collect and hold funds in trust for my clients and other individuals involved in matters relating to my clients.  I did not have permissions or authority to disburse the funds without authorization from the relevant parties to do so.
>
> b.    . . . I admit that, from on or about December 21, 2017 to on or about April 9, 2021, in the County of New York, I engaged in a systematic ongoing course of conduct with the intent to defraud more than one person and to obtain property from more than one person by false or fraudulent pretenses, representations, or promises.  In doing so, I obtained more than $1,000 from such person.  In particular, I defrauded multiple clients, by falsely representing that certain funds would be held in escrow and, notwithstanding those representations, intentionally causing unauthorized and impermissible disbursement of those funds.

A copy of the Plea Agreement is annexed hereto as **Exhibit 4**.

124.    The Appendix to the Plea Agreement lists 35 persons and entities from whom Kossoff stole in total approximately $14.5 million, including amounts stolen from the Debtor's IOLA Accounts.

125.    However, the Trustee's investigation to date, including his review of claims filed in the Chapter 7 Case and in other litigations against Kossoff and the Debtor, has revealed that Kossoff stole approximately $18.5 million from the Debtor's clients.

126.    As a result of the commingling of funds in the Debtor's IOLA Accounts, transfers from the IOLA Accounts constitute transfers of funds in which the Debtor had an interest.

127.    Notably, the Avoidable Transfers coincided with the period during which Kossoff admitted to stealing from the Debtor's IOLA Accounts.

128.    As set forth in **Exhibit 2**, commingled funds in the IOLA Accounts (*i.e.*, account ending 9936) were used to pay Burton Packaging's rent to the Landlord Defendants.

**VII.    The Debtor Received No Value for
Making the Avoidable Transfers to Defendants**

129.    The Debtor received no value or benefit in exchange for the Avoidable Transfers that were made to and for the benefit of Defendants.

130.    The Debtor is not an obligor under the Lease, and the Lease did not advance any legitimate business purpose for the Debtor.

131.    The Debtor is not an obligor under the Promissory Notes, and the Promissory Notes did not advance any legitimate business purpose for the Debtor.

132.    Kossoff, Phyllis Kossoff, Pamela and Burton Packaging received value from the Avoidable Transfers.  They personally and individually benefitted by

being relieved of guarantee obligations, and by receiving protection of their equity and creditor interests in Burton Packaging, all at the expense of the Debtor and its creditors.

**VIII.  The Debtor Was Insolvent, Had an Unreasonably Small
Capital Base, and Incurred, and Intended to Incur, Debts Beyond
the Debtor's Ability to Repay the During the Relevant Time Period**

133.   The Debtor's books and records demonstrate that the Debtor was insolvent no later than December 31, 2013 and remained insolvent at all relevant times thereafter until the Petition Date, by any measurement of insolvency.

134.   The following balance-sheet analysis of the Debtor's assets and liabilities based upon the Debtor's records demonstrates the Debtor's insolvency:

| DATE | ASSETS | LIABILITIES | NET ASSETS |
|---|---|---|---|
| 12/31/2013 | $572,508 | $2,840,663 | ($2,268,155) |
| 06/30/2014 | $233,469 | $2,844,222 | ($2,610,752) |
| 12/31/2014 | $843,893 | $2,804,103 | ($1,960,210) |
| 01/26/2015 | $585,160 | $3,220,650 | ($2,635,490) |
| 06/30/2015 | $1,367,474 | $5,432,675 | ($4,065,201) |
| 12/31/2015 | $770,028 | $7,386,390 | ($6,616,362) |
| 06/21/2016 | $1,009,438 | $7,850,757 | ($6,841,319) |
| 06/30/2016 | $757,104 | $8,829,352 | ($8,072,248) |
| 12/31/2016 | $1,310,242 | $11,800,038 | ($10,489,796) |
| 06/30/2017 | $1,377,668 | $12,327,635 | ($10,949,967) |
| 12/31/2017 | $1,202,186 | $14,392,997 | ($13,190,811) |
| 06/30/2018 | $1,392,697 | $15,859,134 | ($14,466,437) |
| 12/31/2018 | $1,688,485 | $19,211,671 | ($17,523,187) |
| 06/30/2019 | $1,834,435 | $20,545,379 | ($18,710,944) |
| 12/31/2019 | $1,207,978 | $25,479,490 | ($24,271,512) |
| 06/30/2020 | $1,375,584 | $27,387,619 | ($26,012,034) |
| 12/31/2020 | $1,116,077 | $29,600,162 | ($28,484,085) |
| 03/31/2021 | $936,069 | $29,959,993 | ($29,023,924) |

135.    Additional facts support the conclusion that the Debtor was

insolvent, insufficiently capitalized, and/or unable to pay its debts as they became due

during the periods relevant to this Complaint.  For example:

a.  The Debtor conducted its business with insufficient
capital no later than December 31, 2013, and remained
insufficiently capitalized at all relevant times
thereafter, until the Petition Date;

b.  The Debtor incurred, was intending to incur, and/or
believed that it would incur debts beyond its ability to
pay such debts as they matured beginning on or after
December 31, 2013, and continuing until the Petition
Date;

c.  The Debtor experienced regular overdrafts and
negative bank account balances at Valley National
Bank and J.P. Morgan Chase Bank, N.A. during the
relevant period;

d.  The Debtor failed to pay various creditors on a timely
basis and could not timely meet its obligations as they
became due during the relevant period;

e.  The Debtor regularly held and delayed the issuance
of checks payable to various creditors and otherwise
prioritized the payment of certain payments to
creditors to the detriment of other creditors;

f.  Beginning during 2016 and continuing until April
2021, the Debtor borrowed and became obligated to
repay at least $9.6 million in numerous high-interest-
rate cash-advance transactions that purportedly
pledged the Debtor's future accounts receivable as
collateral for same-day cash;

g.  On February 10, 2022, the Internal Revenue Service
(the "IRS") filed proof of claim number 37 in the
Chapter 7 Case (the "IRS POC").  The IRS POC lists
obligations owed by the Debtor for unpaid employee-
withholding taxes in the amount of $335,411.08 due
for periods beginning in 2015;

h.  In his plea agreement with the Manhattan District
Attorney, Kossoff admitted that since at least
December 2017, he stole more than $14 million from

multiple persons and clients of the Debtor, including
from the Debtor's IOLA accounts; and

i.   Proofs of Claim filed in the Chapter 7 Case total not
less than $20 million.

## IX.   The Debtor Is Forced into Bankruptcy

136.   On the Petition Date, creditors of the Debtor commenced the
Chapter 7 Case by filing an involuntary petition for relief under Chapter 7 of the
Bankruptcy Code against the Debtor in this Court.

137.   On May 11, 2021, this Court entered an order for relief under
Chapter 7 of the Bankruptcy Code [Docket No. 14].

138.   On May 12, 2021, the Trustee was appointed as the Chapter 7
Interim Trustee of the Debtor [Docket No. 15]; he accepted his appointment, duly
qualified, and is currently acting as the trustee of the Debtor's estate.

## X.   Kossoff Admits Scheme to Defraud and Is Sentenced to Prison

139.   On December 13, 2021, in open court in New York, Kossoff pleaded
guilty to, among other things, orchestrating a scheme to defraud the Debtor's clients.
As discussed above, Kossoff admitted that he stole at least $14.5 million from dozens of
clients and others, including millions of dollars that had been deposited into the
Debtor's bank IOLA and operating accounts.

140.   On May 6, 2022, New York State Supreme Court Judge Laurie
Peterson sentenced Kossoff to serve not less than 4.5 years but not more than 13.5 years
in prison as punishment for his crimes.

141.   The Avoidable Payments were made during the period in which
Kossoff admitted that his scheme to defraud took place.

## COUNT I

### AVOIDANCE AND RECOVERY OF
### CONSTRUCTIVELY FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 544 and 550; NYDCL §§ 274-75 and 278-79; and
### FDCPA §§ 3304(b)(1)(B) and 3306

142.    Plaintiff repeats, reiterates and realleges each of the forgoing

allegations of this Complaint as if fully set forth herein.

143.    Between December 8, 2017 and March 31, 2020, during the six (6)

years preceding the Petition Date, the Debtor made transfers to, or for the benefit of,

Defendants (the "Group-One Transfers"), as identified by the dates and in the amounts

set forth in the schedule which is annexed hereto as **Exhibit 5** and which is incorporated

by reference as if fully set forth herein.

144.    The Debtor did not receive fair consideration or reasonably

equivalent value in exchange for the Group-One Transfers because the Debtor did not

receive any benefit from them.

145.    Instead, the Group-One Transfers benefited the Defendants, who

were the initial, immediate, and/or mediate transferees and/or beneficiaries of the

Group-One Transfers.

146.    The Debtor made the Group-One Transfers when the Debtor was

engaged, and/or was about to engage, in business or transactions for which its

remaining property after making the Group-One Transfers was an unreasonably small

amount of capital.

147.    The Debtor remained inadequately capitalized as a result of the

Group-One Transfers thereafter until the Petition Date.

148.    The Debtor made the Group-One Transfers when the Debtor

intended to incur, believed that it would incur, and/or reasonably should have believed

25

that it would incur debts beyond its ability to pay them as they matured and/or became due.

149.    The Group-One Transfers that were initially made to Burton Packaging were fraudulent for the reasons set forth herein.

150.    The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Group-One Transfers until the Petition Date.

151.    Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code and (a) sections 274, 275, 278, and/or 279 of the NYDCL and/or (b) sections 3304(b)(1)(B)(i), 3304(b)(1)(B)(ii), and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants: (i) avoiding the Group-One Transfers; (ii) recovering each Group-One Transfer and/or its value from Defendants; (iii) disallowing any claim filed by Defendants until such time as each Group-One Transfer and/or its value is repaid to the Plaintiff; (iv) awarding attorneys' fees and costs from Defendants; and (v) awarding any other relief that the Court deems just and proper.

## COUNT II

**AVOIDANCE AND RECOVERY OF
FRAUDULENT TRANSFERS PURSUANT TO
11 U.S.C. §§ 544 and 550; NYDCL §§ 276, 276-a, and 278-79; and
FDCPA §§ 3304(b)(1)(A) and 3306**

152.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

153.    Under oath and in open court at the hearing at which the New York court accepted his Plea Agreement, Kossoff admitted to "engag[ing] in a systematic ongoing course of conduct with the intent to defraud . . . multiple clients of [his] law firm"—present and/or future creditors of the Debtor—"[f]rom at least December 2017 to April 2021."

154.    The Debtor made the Group-One Transfers with actual intent to hinder, delay, or defraud one or more present and/or future creditors of the Debtor.

155.    The Group-One Transfers did not, and were not intended to, benefit the Debtor.

156.    The Group-One Transfers were intended to benefit the Landlord Defendants, Kossoff, Phyllis Kossoff, Pamela and Burton Packaging who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-One Transfers.

157.    Each of the Group-One Transfers transferred the Debtor's assets to and for the benefit of the Landlord Defendants, and to Kossoff, Phyllis Kossoff and Pamela, each an "insider" of the Debtor at the time of each of the Group-One Transfers, namely, the extinction and/or reduction of Kossoff's and Pamela's personal obligations to the Landlord Defendants, and to protect the equity and creditor interests that Kossoff and Phyllis Kossoff had in Burton Packaging, to the detriment of the Debtor's present and/or future creditors.

158.    Pursuant to sections 502(d), 544, 550(a), and 551 of the Bankruptcy Code, and (a) sections 276, 276-a, 278, and/or 279 of the NYDCL and/or (b) sections 3304(b)(1)(A) and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Group-One Transfers;  (ii) recovering each Group-One Transfer and/or its value from Defendants;  (iii) disallowing any claim filed by Defendants until such time as each Group-One Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## COUNT III

### AVOIDANCE AND RECOVERY OF
### CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO
### TO 11 U.S.C. §§ 544, 550 and 548(a)(1)(B); NYUVTA §§ 273(a)(2), 274, and 276; and
### FDCPA §§ 3304 and 3306

159.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

160.    Between April 4, 2020 and the Petition Date, during the two (2) years preceding the Petition Date, the Debtor made transfers to, or for the benefit of, Defendants (the "Group-Two Transfers"), as identified by the dates and in the amounts set forth in the schedule which is annexed hereto as **Exhibit 6** and which is incorporated by reference as if fully set forth herein.[2]

161.    The Debtor did not receive fair consideration or reasonably equivalent value in exchange for the Group-Two Transfers because the Debtor did not receive any benefit from them.

162.    Instead, the Group-Two Transfers benefited Defendants, Kossoff, Pamela, Phyllis Kossoff and Burton Packaging who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-Two Transfers.

163.    Each of the Group-Two Transfers transferred the Debtor's assets to and for the benefit of the Landlord Defendants, and to Kossoff, Pamela, Phyllis Kossoff and Burton Packaging, each an "insider" of the Debtor at the time of each of the Group-Two Transfers, namely, the extinction and/or reduction of Kossoff's and Pamela's personal obligations to the Landlord Defendants, and to protect the equity and creditor

---

[2]    As set forth in **Exhibit 6**, the Group-Two Transfers consist of both direct transfers from the Debtor's bank accounts to Defendants and transfers from the Debtor's bank account to Kossoff and then to Defendants.

interest that Kossoff and Phyllis had in Burton Packaging, to the detriment of the Debtor's present and/or future creditors.

164.    The Debtor was insolvent when each of the Group-Two Transfers was made, or was rendered or became insolvent as a result of the Group-Two Transfers.

165.    The Debtor made the Group-Two Transfers when the Debtor was engaged, and/or was about to engage, in business or transactions for which its remaining property after making the Group-Two Transfers was an unreasonably small amount of capital.

166.    The Debtor remained inadequately capitalized as a result of the Group-Two Transfers thereafter until the Petition Date.

167.    The Debtor made the Group-Two Transfers when the Debtor intended to incur, believed that it would incur, and/or reasonably should have believed that it would incur debts beyond its ability to pay them as they matured and/or became due.

168.    The Debtor remained unable to pay its debts as they matured and/or became due as a result of the Group-Two Transfers thereafter until the Petition Date.

169.    In addition to being fraudulent for these reasons, each of the Group-Two Transfers made to and for the benefit of Defendants was fraudulent insofar as each of these transfers transferred the Debtor's assets to and for the benefit of Kossoff, Pamela, Phyllis Kossoff and Burton Packaging, each an "insider" of the Debtor at the time of each of the Group-Two Transfers, to the detriment of the Debtor's present and/or future creditors.

170.    The Group-Two Transfers that were initially made to Burton Packaging were fraudulent for the reasons set forth herein.

171.    Pursuant to sections 502(d), 544, 548(a)(1)(B), 550(a) and (b), and 551 of the Bankruptcy Code and (a) sections 273(a)(2)(i), 273(a)(2)(ii), 274(a), 274(b), and 276 of the NYUVTA and/or (b) sections 3304(a)(1), 3304(b)(1)(B)(i), 3304(b)(1)(B)(ii), and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants: (i) avoiding the Group-Two Transfers; (ii) recovering each Group-Two Transfer and/or its value from Defendants; (iii) disallowing any claims filed by Defendants until such time as each Group-Two Transfer and/or its value is repaid to the Plaintiff; (iv) awarding attorneys' fees and costs from Defendants; and (v) awarding any other relief that the Court deems just and proper.

## COUNT IV

### AVOIDANCE AND RECOVERY OF
### FRAUDULENT TRANSFERS PURSUANT TO
### 11 U.S.C. §§ 544, 548(a)(1)(A) and 550; NYUVTA §§ 273(a)(1) and 276; and
### FDCPA §§ 3304(b)(1)(A) and 3306

172.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations of this Complaint as if fully set forth herein.

173.    Under oath and in open court at the hearing at which the New York court accepted his Plea Agreement, Kossoff admitted to "engag[ing] in a systematic ongoing course of conduct with the intent to defraud . . . multiple clients of [his] law firm"—present and/or future creditors of the Debtor—"[f]rom at least December 2017 to April 2021."

174.    The Debtor made the Group-Two Transfers with actual intent to hinder, delay, or defraud one or more present and/or future creditors of the Debtor.

175.    The Group-Two Transfers did not, and were not intended to, benefit the Debtor.

176.    The Group-Two Transfers were intended to benefit the Landlord Defendants, Kossoff, Pamela, Phyllis Kossoff and Burton Packaging who were the initial, immediate, and/or mediate transferees and/or beneficiaries of the Group-Two Transfers.

177.    Each of the Group-Two Transfers transferred the Debtor's assets to and for the benefit of Kossoff, Pamela, Phyllis Kossoff and Burton Packaging, each an "insider" of the Debtor at the time of each of the Group-Two Transfers, namely, the extinction and/or reduction of Kossoff's and Pamela's personal obligations to the Landlord Defendants, and to protect the equity and creditor interest that Kossoff and Phyllis Kossoff had in Burton Packaging, to the detriment of the Debtor's present and/or future creditors.

178.    The Group-Two Transfers that were initially made to Burton Packaging were fraudulent for the reasons set forth herein.

179.    Pursuant to sections 502(d), 544, 548(a)(1)(A), 550(a) and (b), and 551 of the Bankruptcy Code and (a) sections 273(a)(1) and 276 of the NYUVTA, and/or (b) sections 3304(b)(1)(A) and 3306 of the FDCPA, Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Group-Two Transfers;  (ii) recovering each Group-Two Transfer and/or its value from the Defendants to whom each Group-Two Transfer was made;  (iii) disallowing any claim filed by Defendants until such time as each Group-Two Transfer and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## COUNT V

**AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. §§ 547(B) AND 550**
**(All Defendants)**

180.     Plaintiff repeats, reiterates, and realleges each of the following

allegations of this Complaint as if fully set forth herein.

181.     Within ninety (90) days prior to the Petition Date, the Debtor made

a transfer to, or for the benefit of, the Defendants (the "90-Day Preferential Transfer") is

identified by date and amount in the schedule which is annexed hereto as **Exhibit 7** and

which is incorporated by reference as if fully set forth herein.

182.     Subject to proof, the Plaintiff pleads, in the alternative, that to the

extent that any Defendant demonstrates that the 90-Day Preferential Transfer was made

for or on account of an antecedent debt owed by the Debtor to the Landlord Defendants

before the 90-Day Preferential Transfer was made:  (a) the Debtor was insolvent at the

time the 90-Day Preferential Transfer was made;  and (b) the 90-Day Preferential

Transfer enabled the Landlord Defendants to receive more than they would have

received if the case were under Chapter 7 of the Bankruptcy Code, the 90-Day

Preferential Transfer had not been made, and the antecedent debt were paid to the

extent provided under the Bankruptcy Code.

183.     Plaintiff is entitled to the presumption of the Debtor's insolvency

pursuant to section 547(f) of the Bankruptcy Code.

184.     Pursuant to sections 547(b) and 550(b) of the Bankruptcy Code,

Plaintiff is entitled to a judgment against either Landlord Defendant:  (i) avoiding the

90-Day Preferential Transfer;  (ii) recovering the 90-Day Preferential Transfer and/or its

value from the Defendant to whom or to whose benefit the 90-Day Preferential Transfer

was made;  (iii) disallowing any claim that any Defendant may have against the Debtor

until such time as the 90-Day Preferential Transfer and/or its value is repaid to the

Plaintiff;  (iv) awarding attorneys' fees and costs from each Landlord Defendants;  and

(v) awarding any other relief that the Court deems just and proper.

## COUNT VI

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) and 550
**(Pamela Kossoff)**

185.    Plaintiff repeats, reiterates, and realleges each of the foregoing

allegations of this Complaint as if fully set forth herein.

186.    Between April 13, 2020 and February 10, 2021, the period ninety

(90) days and one year prior to the Petition Date, the Debtor made transfers to, or for

the benefit of Kossoff, and Pamela, each an "insider" of the Debtor, at the time of the

transfers (collectively, the "Insider Preferential Transfers"), which are identified by

dates and amounts in the schedule which is annexed hereto as **Exhibit 8** and which is

incorporated by reference as if fully set forth herein.

187.    Subject to proof, Plaintiff pleads, in the alternative, that to the

extent that Defendants demonstrate that any of the Insider Preferential Transfers were

made for or on account of an antecedent debt owed by the Debtor before each Insider

Preferential Transfer was made:  (a) the Debtor was insolvent at the time each of the

Insider Preferential Transfers were made as set forth in Section VIII above;  and (b) the

Insider Preferential Transfers enabled Pamela to receive more than she would have

received if the case were under Chapter 7 of the Bankruptcy Code, the Insider

Preferential Transfers had not been made, and the antecedent debt were paid to the

extent provided under the Bankruptcy Code.

188.    Pursuant to sections 547(b) and 550(c) of the Bankruptcy Code,

Plaintiff is entitled to a judgment against Defendants:  (i) avoiding the Preferential

Transfers;  (ii) recovering each Preferential Transfer and/or its value from Pamela;
(iii) disallowing any claim filed by Pamela until such time as each Preferential Transfer
and/or its value is repaid to the Plaintiff;  (iv) awarding attorneys' fees and costs from
Defendants;  and (v) awarding any other relief that the Court deems just and proper.

## <u>RESERVATION OF RIGHTS</u>

189.    The Trustee does not waive and instead specifically reserves all of
his rights, claims, and defenses as they pertain to the Debtor and any claims or liens that
the Defendants may assert against the Debtor's estate.  The Trustee expressly reserves
the right to amend and supplement this Complaint or to commence a new action
against the Defendants with other claims as his investigation continues.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests
that this Court enter judgment against the Defendants:

a.  avoiding all Avoidable Transfers pursuant to sections
544, 547, and 548 of the Bankruptcy Code and
NYUVTA sections 273 *et seq*.;

b.  pursuant to section 550(a) and (c) of the Bankruptcy
Code, directing Defendants to pay to Plaintiff an
amount to be determined at trial that is not less than
the full value of the Avoidable Transfers or, in the
alternative, the Preferential Transfers, that each of the
Defendants received, plus interest and costs;

c.  preserving all avoided transfers and liens for the
benefit of the Debtor's estate pursuant to section 551
of the Bankruptcy Code;

d.  disallowing any of Defendants' claims pursuant to
section 502(d) of the Bankruptcy Code;

e.  awarding pre-judgment interest at the maximum
legal rate running from the date of the Plaintiff's first
demand to Defendants to return all Avoidable
Transfers to the date of judgment with respect to this
Complaint (the "<u>Judgment</u>") herein;

f.  awarding post-judgment interest at the maximum
legal rate running from the date of the Judgment until
the date the Judgment is paid in full, plus costs;

g.  requiring Defendants to pay forthwith the amount of
the Judgment;  and

h.  granting Plaintiff such other and further relief as the
Court deems just and proper.

Dated:   New York, New York
March 8, 2023                          ALBERT TOGUT, not individually but
solely in his capacity as Chapter 7 Trustee,
By his Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:


 _/s/ Neil Berger_____
ALBERT TOGUT
NEIL BERGER
MINTA J. NESTER
One Penn Plaza
New York, New York 10119
(212) 594-5000

## EXHIBIT 1

**Direct Payments**

**EXHIBIT 1**

**Direct Payments**

| Payee | Account No. | Account Type I = IOLA O = Operating | Check/ Payment Date | Check No. | Check/ Payment Amount |
|---|---|---|---|---|---|
| *Payments During Period of December 6, 2013 – January 12, 2021* | | | | | |
| | | | | | |
| 5201 Flushing Avenue Co, LLC | 0751 | O | 1/24/20 | WIRE | $ 25,000.00 |
| | | | | | |
| | | | | **Total** | **$ 25,000.00** |
| | | | | | |
| *Payments During Period of January 13, 2021 – April 13, 2021* | | | | | |
| | | | | | |
| 5201 Flushing Avenue Co, LLC | 0201 | O | 2/10/21 | WIRE | $ 20,000.00 |
| | | | | | |
| | | | | **Total** | **$ 20,000.00** |
| | | | | | |
| | | | | **Total** | **$ 45,000.00** |

## EXHIBIT 2

**Indirect Payments**

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 12/8/17 | | $ 15,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/8/17 | 20048 | | $ 15,000.00 |
| | | | | | | **$ 15,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 6/4/18 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/1/18 | 20049 | | $ 20,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/23/18 | | $ 100,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/21/18 | 20052 | | $100,000.00 |
| | | | | | | **$100,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 8/23/18 | | $ 15,000.00 | $    - |
| O | Burton Packaging | | 8/24/18 | | $ 15,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/29/18 | 20055 | | $ 20,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 10/29/18 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/26/18 | 20059 | | $ 19,870.70 |
| | | | | | | **$ 19,870.70** |
| | | | | | | |
| | | | | | | |

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 11/15/18 | | $ 82,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 11/15/18 | 20063 | | $ 60,000.00 |
| | | | | | | **$ 60,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 12/3/18 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 11/30/18 | 20064 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 12/12/18 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/7/18 | 20065 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 12/18/18 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/17/18 | 20066 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 12/24/18 | | $ 35,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/21/18 | 20067 | $ - | $ 35,000.00 |
| | | | | | **$ 35,000.00** | **$ 35,000.00** |
| | | | | | | |
| | | | | | | |

2

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 1/9/19 | | $ 34,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 1/9/19 | 20068 | | $ 34,000.00 |
| | | | | | | **$ 34,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/8/19 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 2/8/19 | 20069 | | $ 27,666.66 |
| | | | | | | **$ 27,666.66** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/15/19 | | $ 28,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 2/15/19 | 20070 | | $ 27,666.67 |
| | | | | | | **$ 27,666.67** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/22/19 | | $ 28,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 2/22/19 | 20071 | | $ 27,666.67 |
| | | 5201 Flushing Avenue Co. | 2/22/19 | 20072 | | $    69.35 |
| | | | | | | **$ 27,736.02** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 3/22/19 | | $ 25,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 3/22/19 | 20073 | | $25,000.00 |
| | | | | | | **$25,000.00** |
| | | | | | | |
| | | | | | | |

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 3/28/19 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 3/28/19 | 20074 | | $  5,333.33 |
| | | 5201 Flushing Avenue Co. | 3/28/19 | 20075 | | $     138.70 |
| | | | | | | $  5,472.03 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 4/1/22 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 4/19/19 | 20080 | | $ 30,000.00 |
| | | | | | | $ 30,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 5/17/19 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 5/17/19 | 20081 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 5/31/19 | | $ 40,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 5/31/19 | 20083 | | $     69.35 |
| | | | | | | $     69.35 |
| I | Burton Packaging | | 6/10/19 | | $ 63,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/7/19 | 20084 | | $ 23,000.00 |
| | | 5201 Flushing Avenue Co. | 6/19/19 | WIRE | | $ 40,000.00 |
| | | | | | | $ 63,000.00 |
| | | | | | | |
| | | | | | | |

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 7/10/19 | | $ 43,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 7/10/19 | 20087 | | $ 43,000.00 |
| | | | | | | **$ 43,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/22/19 | | $ 100,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 7/19/19 | 20088 | | $ 26,177.16 |
| | | 5201 Flushing Avenue Co. | 7/19/19 | 20089 | | $      69.35 |
| | | 5201 Flushing Avenue Co. | 7/22/19 | 20090 | | $ 26,177.16 |
| | | | | | | **$ 52,423.67** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/2/19 | | $ 60,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 8/2/19 | 20091 | | $ 36,000.00 |
| | | 5201 Flushing Avenue Co. | 8/9/19 | 20094 | | $ 16,354.34 |
| | | 5201 Flushing Avenue Co. | 8/9/19 | 20095 | | $      69.35 |
| | | | | | | **$ 52,423.69** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/23/19 | | $ 20,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 8/23/19 | 20097 | | $ 20,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |

5

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 9/9/19 | | $ 8,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 9/6/19 | 20101 | | $  8,000.00 |
| | | | | | | **$  8,000.00** |
| | | | | | | |
| O | Burton Packaging | | 9/23/19 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 9/20/19 | 20102 | | $ 25,000.00 |
| | | | | | | **$ 25,000.00** |
| O | Burton Packaging | | 10/2/19 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/2/19 | 20103 | | $ 50,000.00 |
| | | | | | | **$ 50,000.00** |
| | | | | | | |
| I | Burton Packaging | | 10/7/19 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/2/19 | 20104 | | $      69.35 |
| | | 5201 Flushing Avenue Co. | 10/8/19 | 20105 | | $  8,000.00 |
| | | 5201 Flushing Avenue Co. | 10/8/19 | 20106 | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 10/8/19 | 20107 | | $      69.35 |
| | | 5201 Flushing Avenue Co. | 10/25/19 | 20110 | | $ 20,000.00 |
| | | | | | | **$ 38,138.70** |
| | | | | | | |
| I | Burton Packaging | | 10/30/19 | | $ 70,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/30/19 | 20111 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| | | | | | | |
| O | Burton Packaging | | 11/18/19 | | $ 20,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 11/15/19 | 20113 | | $ 20,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 11/25/19 | | $ 20,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 11/22/19 | 20114 | | $ 20,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 12/5/19 | | $ 46,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 12/5/19 | 20115 | | $ 45,861.30 |
| | | 5201 Flushing Avenue Co. | 12/5/19 | 20116 | | $     138.70 |
| | | | | | | **$ 46,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 12/31/19 | | $ 25,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 12/31/19 | 20119 | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 12/24/19 | 20118 | | $ 15,000.00 |
| | | | | | | **$ 25,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/7/20 | | $ 25,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 2/7/20 | WIRE | | $ 25,000.00 |
| | | | | | | **$ 25,000.00** |
| | | | | | | |

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| | | | | | | |
| O | Burton Packaging | | 3/6/20 | | $ 25,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 3/6/20 | 20125 | | $ 25,000.00 |
| | | | | | | **$ 25,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 6/10/20 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/11/20 | WIRE | | $ 50,000.00 |
| | | | | | | **$ 50,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 6/11/20 | | $ 82,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/11/20 | 20132 | | $    277.40 |
| | | | | | | **$    277.40** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/7/20 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 7/7/20 | WIRE | | $ 50,000.00 |
| | | | | | | **$ 50,000.00** |
| I | Burton Packaging | | 7/31/20 | | $ 40,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 7/31/20 | WIRE | | $ 40,000.00 |
| | | | | | | **$ 40,000.00** |
| | | | | | | |
| | | | | | | |

8

**EXHIBIT 2**

**Indirect Payments**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 8/13/20 | | $ 26,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/13/20 | 20138 | | $ 26,000.00 |
| | | | | | | **$ 26,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 9/24/20 | | $ 92,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 9/24/20 | WIRE | | $ 17,058.75 |
| | | | | | | **$ 17,058.75** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 10/2/20 | | $ 66,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/2/20 | WIRE | | $ 20,000.00 |
| | | 5201 Flushing Avenue Co. | 10/15/20 | WIRE | | $ 25,000.00 |
| | | 5201 Flushing Avenue Co. | 10/22/20 | WIRE | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 10/27/20 | WIRE | | $   9,117.50 |
| | | | | | | **$ 64,117.50** |
| | | | | | | |
| I | Burton Packaging | | 11/3/20 | | $ 31,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 11/3/20 | WIRE | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 11/5/20 | WIRE | | $ 10,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |
| | | | | Total | | **$1,367,921.14** |

## <u>EXHIBIT 3</u>

**Kossoff Deposits into and Debtor Transfers out of Debtor's IOLA Accounts**

# EXHIBIT 3

### Kossoff Deposits into and Debtor Transfers out of Debtor's IOLA Accounts

| Transaction Date | Payee/Payor | Transaction Type | Amount |
|---|---|---|---|
| **Transfers into IOLA from M. Kossoff** | | | |
| | | | |
| 2/14/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $25,000.00 |
| 2/25/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $21,000.00 |
| 1/7/21 | Mitchell Hal Kossoff | Transfer | $5,000.00 |
| | **Total Transfers from M. Kossoff:** | | **$51,000.00** |
| | | | |
| **Transfers from IOLA** | | | |
| 3/19/14 | Phyllis Kossoff | Check | $25,000.00 |
| 12/21/16 | Phyllis Kossoff | Check | $40,000.00 |
| 1/4/17 | Phyllis Kossoff | Check | $40,000.00 |
| 2/15/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $25,000.00 |
| 3/10/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $21,000.00 |
| 2/9/18 | Mitchell Hal Kossoff | Transfer | $65,000.00 |
| 5/5/18 | Phyllis Kossoff | Check | $100,000.00 |
| 3/3/21 | Mitchell Hal Kossoff | Transfer | $25,000.00 |
| | **Total Transfers from IOLA:** | | **$341,000.00** |

## EXHIBIT 4

**Plea Agreement**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART N

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | **PLEA AGREEMENT** |
| -against- | Docket No. CR-028944-21NY |
| MITCHELL KOSSOFF, | SCI No. |
| Defendant. | |

1.      This is the plea agreement (the "Agreement") between the Office of the District Attorney of the County of New York (the "District Attorney") and Mitchell Kossoff (the "Defendant").  This Agreement constitutes the entire agreement between the Defendant and the District Attorney.  There are no promises, agreements, or conditions, express or implied, other than those set forth in this document.  No modification, deletion, or addition to this Agreement will be valid or binding on either party unless put into writing, signed by both parties, and approved by the Court.

2.      At the time of the Defendant's plea, this Agreement shall be made a part of the record and the parties will request the Court's approval thereof.  This Agreement will become effective only upon the Court's approval.

3.      This Agreement covers the criminal conduct to which the Defendant is pleading guilty under this Agreement.  No other criminal conduct is covered by the terms of this Agreement.  This Agreement is limited to the District Attorney and cannot and does not bind other government agencies.

4.      Pursuant to this Agreement, the Defendant shall waive prosecution by indictment and plead guilty under a Superior Court Information to one count of Scheme to Defraud in the First Degree (Penal Law § 190.65[1][b]), one count of Grand Larceny in the First Degree (Penal Law § 155.42), one count of Grand Larceny in the Second Degree (Penal Law § 155.40[1]), and one count of Grand Larceny in the Third Degree (Penal Law § 155.35[1]).  The Defendant acknowledges that the maximum sentences that can be imposed for convictions of such offenses are as follows: an indeterminate prison term of 8 1/3 to 25 years for Grand Larceny in the First Degree (a Class B felony); an indeterminate prison term of 5 to 15 years for Grand Larceny in the Second Degree (a Class C felony); an indeterminate prison term of 2 1/3 to 7 years for Grand Larceny in the Third Degree (a Class D felony); and an indeterminate prison term of 1 1/3 to 4 years for Scheme to Defraud in the First Degree (a Class E felony).

5.      The Defendant acknowledges that by entering this plea of guilty, he will forfeit certain constitutional rights, including the right to a trial by jury, the right to confront his

accusers, and the privilege against self-incrimination. The Defendant specifically will waive, and hereby waives, all defenses and any claims or protections with relation to his plea arising out of any federal or state rights concerning double jeopardy, statute of limitations, speedy trial, speedy sentence, delayed prosecution, geographical jurisdiction, or venue.

6.    The Defendant shall execute a Waiver of Right to Appeal at the time of his plea. The Defendant shall acknowledge, and hereby acknowledges, that he would ordinarily retain his right to appeal even after pleading guilty, but that in this case, he is knowingly and voluntarily waiving that right in exchange for the favorable plea and sentence that he is receiving. The Defendant shall also acknowledge, and hereby acknowledges, that the appellate rights he is waiving are separate and apart from those rights that he shall automatically forfeit by his guilty plea.

7.    Upon the Defendant's plea of guilty, he will admit under oath before the Court to the following:

    a.    From at least December 2017 to April 2021, I was an attorney licensed to practice in New York and the sole member of Kossoff PLLC, a law firm located in Manhattan. Part of my law firm's business was to collect and hold funds in trust for my clients and other individuals involved in matters relating to my clients. I did not have permission or authority to disburse the funds without authorization from the relevant parties to do so.

    b.    As charged in Count One of the Superior Court Information, I admit that, from on or about December 21, 2017 to on or about April 9, 2021, in the County of New York, I engaged in a systematic ongoing course of conduct with the intent to defraud more than one person and to obtain property from more than one person by false or fraudulent pretenses, representations, or promises. In doing so, I obtained more than $1,000 from such persons. In particular, I defrauded multiple clients of my law firm, and other persons involved in matters relating to my clients, by falsely representing that certain funds would be held in escrow and, notwithstanding those representations, intentionally causing unauthorized and impermissible disbursements of those funds.

    c.    As part of that scheme, and as charged in Counts Two through Four of the Superior Court Information, I admit to committing the following specific thefts, in the County of New York, from clients of my firm and other persons involved in matters relating to my clients:

        i.    From on or about December 21, 2017 through on or about March 16, 2021, I stole more than $50,000 from Anolag LLC and Jacpot 2 LLC.

    ii.  From on or about July 9, 2019 through on or about March 16, 2021, I stole more than $1,000,000 from 118 Duane LLC.

    iii.  From on or about April 1, 2021 through on or about April 9, 2021, I stole more than $3,000 from Irwin Ostrega.

  d.  I admit that the individuals and entities listed in the appendix attached to my written plea agreement are some of the victims of the crimes to which I am pleading guilty today.  I also admit that, by committing those crimes, I caused those victims to incur the losses listed in the appendix and that I owe those amounts to those victims.

8.    The Defendant acknowledges that the individuals and entities listed in the appendix attached to this Agreement (the "Appendix") are victims of the crimes to which the Defendant is pleading guilty.  The Defendant also acknowledges that the monetary amounts listed in the Appendix reflect losses that he caused and owes to the respective victims as a result of his crimes.  The District Attorney and the Defendant agree that, at the time of the Defendant's sentencing, and as part of the Defendant's sentence, the Court shall issue judgment orders against the Defendant in favor of those victims listed in the Appendix.  The Defendant acknowledges the bases for those judgment orders and agrees to waive, and hereby waives, any restitution/reparation hearing pursuant to Penal Law § 60.27(2) and Criminal Procedure Law § 400.30 in connection with his guilty pleas under this Agreement.

9.    The Defendant represents that he has full and sole title to a condominium with an address of Twinlights Terrace, Unit I-9, Highlands, New Jersey, 07732 (Block: 11.08; Lot: 9) (the "Condominium"), with a last known tax assessment value of approximately $311,400 for the year 2021, according to the public records of the Monmouth County Clerk's Office.  Prior to the Defendant's sentencing, and as a condition of the promised sentences set forth in paragraph 10 below, the Defendant shall transfer title to the Condominium to Albert Togut (not individually but solely in his capacity as Chapter 7 Interim Trustee for Kossoff PLLC) and provide proof of such transfer to the District Attorney.  If the transfer has not occurred prior to the Defendant's sentencing, the Defendant must show good cause why the transfer was not performed.  The Defendant agrees that it shall be within the District Attorney's sole discretion to determine whether the transfer occurred or whether the Defendant has demonstrated good cause why it did not.

10.    The District Attorney and the Defendant agree that if the Defendant satisfies all of the conditions sets forth in this Agreement, as determined solely by the District Attorney, the District Attorney shall recommend and the Court shall impose the following indeterminate prison terms for the crimes to which the Defendant is pleading guilty, with all of the sentences to be run concurrently: 4.5 to 13.5 years for the count of Grand Larceny in the First Degree; 4.5 to 13.5 years for the count of Grand Larceny in the Second Degree; 2 1/3 to 7 years for the count of Grand Larceny in the Third Degree; and 1 1/3 to 4 years for the count of Scheme to Defraud in the First Degree.

3

11.      The District Attorney and the Defendant further agree that, between the date of the Defendant's guilty plea and the date of his sentencing, the Defendant shall return to court on all scheduled court dates, report to the New York City Department of Probation as ordered by the Court, and refrain from any behavior that would cause him to be re-arrested on criminal charges. If the Defendant fails to satisfy any of those conditions or the conditions set forth in paragraph 9 above, as determined solely by the District Attorney, the District Attorney can recommend, and the Court can impose, any sentences authorized by law for the offenses to which the Defendant is pleading guilty under this Agreement.

12.      The Defendant enters into this Agreement, including all waivers contained herein, knowingly, intelligently, and voluntarily and after discussion and consultation with his attorney, Walter Mack. The Defendant has had a full opportunity to discuss this Agreement with his attorney, and any questions he may have had have been answered to his satisfaction.

Dated: New York, New York

_____

_____          _____
Mitchell Kossoff                                          Doar Rieck Kaley & Mack
Defendant                                                   Attorney for Defendant

_____          _____
Ryan Gee                                                   Catherine McCaw
Assistant District Attorney                           Assistant District Attorney

Approved: _____
                 Justice of the Supreme Court

4

## APPENDIX TO PLEA AGREEMENT
## PEOPLE V. MITCHELL KOSSOFF (DOCKET NO. CR-028944-21NY)

| VICTIM | AMOUNT OWED |
|---|---|
| Gran Sabana Corporation | $4,478,784.24 |
| 118 Duane LLC | $2,425,000.00 |
| SSM Realty Group II LLC | $1,300,000.00 |
| Darlene Hart and Lorraine Kinyk | $1,250,000.00 |
| Decker Associates LLC | $800,000.00 |
| 537 Realty Associates LLC | $590,000.00 |
| Prince Street Holdings LLC | $525,000.00 |
| Sasson Real Estate Group | $342,500.00 |
| Ilomai Kurrik and Arthur Nigel Jones | $305,064.16 |
| Heiner Freidrich | $291,000.00 |
| Louis Girodano and Jeanmarie Giordano | $250,000.00 |
| Jonathan Ostrow | $250,000.00 |
| Anolag LLC and Jacpot 2 LLC | $220,051.88 |
| 47 Mercer Street I LLC, 47 Mercer Street II LLC, 47 Mercer Street III LLC, and 47 Mercer Street IV LLC | $199,600.38 |
| Irwin Ostrega | $159,584.93 |
| Chad Eggers | $158,000.00 |
| Centennial Properties NY Inc. | $150,000.00 |
| Lawrence A. Alexander Irrevocable Trust | $117,000.00 |
| Robert Altemus | $89,900.00 |
| Darren Katz and Peter Myers | $77,000.00 |
| 5557 LLC | $75,000.00 |
| 51 West 11 Realty LLC and Beth Mollins | $65,000.00 |
| Georgica Capital Partners LLC | $61,250.00 |
| CF E 88 LLC and SM E 88 LLC | $60,000.00 |
| Thomas Sneva | $57,300.00 |
| 6 West 75th Street LLC and 112-113 West 75th Street LLC | $55,187.73 |
| Robert Rugani | $49,900.00 |
| Delis Realty Corporation | $45,000.00 |
| 112-113 West 75th Street LLC | $40,000.00 |
| Estate of Jasper Edward Peyton, Jr. | $34,000.00 |
| Jason Breitstone | $30,625.00 |
| David Shorenstein | $30,625.00 |
| Jason Rosenblum | $17,410.13 |
| 6 West 75th Street LLC | $10,000.00 |
| David Svenson | $7,589.87 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

**THE PEOPLE OF THE STATE OF NEW YORK**

-against-

**MITCHELL KOSSOFF,**

                                        **Defendant.**

---

**PLEA AGREEMENT**

**DOCKET NO.**

**SCI NO.**

---

**Cyrus R. Vance, Jr.**
**District Attorney**
**New York County**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

**Ryan Gee**
**Assistant District Attorney**
**Of Counsel**

## **EXHIBIT 5**

**Group One Transfers**

**EXHIBIT 5**

## Group One Transfers

### Indirect Transfers

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 12/8/17 | | $ 15,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/8/17 | 20048 | | $ 15,000.00 |
| | | | | | | $ 15,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 6/4/18 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/1/18 | 20049 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/23/18 | | $ 100,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/21/18 | 20052 | | $100,000.00 |
| | | | | | | $100,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 8/23/18 | | $ 15,000.00 | $    - |
| | Burton Packaging | | 8/24/18 | | $ 15,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/29/18 | 20055 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 10/29/18 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/26/18 | 20059 | | $ 19,870.70 |
| | | | | | | $ 19,870.70 |
| | | | | | | |

**EXHIBIT 5**

**Group One Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| | | | | | | |
| I | Burton Packaging | | 11/15/18 | | $ 82,000.00 | $          - |
| | | 5201 Flushing Avenue Co. | 11/15/18 | 20063 | | $ 60,000.00 |
| | | | | | | **$ 60,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 12/3/18 | | $ 30,000.00 | $          - |
| | | 5201 Flushing Avenue Co. | 11/30/18 | 20064 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 12/12/18 | | $ 30,000.00 | $          - |
| | | 5201 Flushing Avenue Co. | 12/7/18 | 20065 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 12/18/18 | | $ 30,000.00 | $          - |
| | | 5201 Flushing Avenue Co. | 12/17/18 | 20066 | | $ 30,000.00 |
| | | | | | | **$ 30,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 12/24/18 | | $ 35,000.00 | $          - |
| | | 5201 Flushing Avenue Co. | 12/21/18 | 20067 | | $ 35,000.00 |
| | | | | | | **$ 35,000.00** |
| | | | | | | |
| | | | | | | |

**EXHIBIT 5**

**Group One Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 1/9/19 | | $ 34,000.00 | $        - |
| | | 5201 Flushing Avenue Co. | 1/9/19 | 20068 | | $ 34,000.00 |
| | | | | | | **$ 34,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/8/19 | | $ 30,000.00 | $        - |
| | | 5201 Flushing Avenue Co. | 2/8/19 | 20069 | | $ 27,666.66 |
| | | | | | | **$ 27,666.66** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/15/19 | | $ 28,000.00 | $        - |
| | | 5201 Flushing Avenue Co. | 2/15/19 | 20070 | | $ 27,666.67 |
| | | | | | | **$ 27,666.67** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 2/22/19 | | $ 28,000.00 | $        - |
| | | 5201 Flushing Avenue Co. | 2/22/19 | 20071 | | $ 27,666.67 |
| | | 5201 Flushing Avenue Co. | 2/22/19 | 20072 | | $        69.35 |
| | | | | | | **$ 27,736.02** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 3/22/19 | | $ 25,000.00 | $        - |
| | | 5201 Flushing Avenue Co. | 3/22/19 | 20073 | | $25,000.00 |
| | | | | | | **$25,000.00** |
| | | | | | | |
| | | | | | | |

3

**EXHIBIT 5**

**Group One Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 3/28/19 | | $ 30,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 3/28/19 | 20074 | | $ 5,333.33 |
| | | 5201 Flushing Avenue Co. | 3/28/19 | 20075 | | $     138.70 |
| | | | | | | $ 5,472.03 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 4/1/22 | | $ 30,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 4/19/19 | 20080 | | $ 30,000.00 |
| | | | | | | $ 30,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 5/17/19 | | $ 20,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 5/17/19 | 20081 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 5/31/19 | | $ 40,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 5/31/19 | 20083 | | $     69.35 |
| | | | | | | $     69.35 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 6/10/19 | | $ 63,000.00 | $      - |
| | | 5201 Flushing Avenue Co. | 6/7/19 | 20084 | | $ 23,000.00 |
| | | 5201 Flushing Avenue Co. | 6/19/19 | WIRE | | $ 40,000.00 |
| | | | | | | $ 63,000.00 |
| | | | | | | |
| | | | | | | |

**EXHIBIT 5**

**Group One Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 7/10/19 | | $ 43,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 7/10/19 | 20087 | | $ 43,000.00 |
| | | | | | | $ 43,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/22/19 | | $ 100,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 7/19/19 | 20088 | | $2 6,177.16 |
| | | 5201 Flushing Avenue Co. | 7/19/19 | 20089 | | $    69.35 |
| | | 5201 Flushing Avenue Co. | 7/22/19 | 20090 | | $ 26,177.16 |
| | | | | | | $ 52,423.67 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/2/19 | | $ 60,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/2/19 | 20091 | | $ 36,000.00 |
| | | 5201 Flushing Avenue Co. | 8/9/19 | 20094 | | $ 16,354.34 |
| | | 5201 Flushing Avenue Co. | 8/9/19 | 20095 | | $    69.35 |
| | | | | | | $ 52,423.69 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/23/19 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/23/19 | 20097 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |

**EXHIBIT 5**

**Group One Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 9/9/19 | | $ 8,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 9/6/19 | 20101 | | $  8,000.00 |
| | | | | | | $  8,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 9/23/19 | | $ 30,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 9/20/19 | 20102 | | $ 25,000.00 |
| | | | | | | $ 25,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 10/2/19 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/2/19 | 20103 | | $ 50,000.00 |
| | | | | | | $ 50,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 10/7/19 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/2/19 | 20104 | | $      69.35 |
| | | 5201 Flushing Avenue Co. | 10/8/19 | 20105 | | $  8,000.00 |
| | | 5201 Flushing Avenue Co. | 10/8/19 | 20106 | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 10/8/19 | 20107 | | $      69.35 |
| | | 5201 Flushing Avenue Co. | 10/25/19 | 20110 | | $ 20,000.00 |
| | | | | | | $ 38,138.70 |
| | | | | | | |
| | | | | | | |

6

**EXHIBIT 5**

**Group One Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 10/30/19 | | $ 70,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/30/19 | 20111 | | $ 30,000.00 |
| | | | | | | $ 30,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 11/18/19 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 11/15/19 | 20113 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 11/25/19 | | $ 20,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 11/22/19 | 20114 | | $ 20,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 12/5/19 | | $ 46,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/5/19 | 20115 | | $ 45,861.30 |
| | | 5201 Flushing Avenue Co. | 12/5/19 | 20116 | | $    138.70 |
| | | | | | | $ 46,000.00 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 12/31/19 | | $ 25,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 12/31/19 | 20119 | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 12/24/19 | 20118 | | $ 15,000.00 |
| | | | | | | $ 25,000.00 |
| | | | | | | |
| | | | | | | |

**EXHIBIT 5**

## Group One Transfers

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 2/7/20 | | $ 25,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 2/7/20 | WIRE | | $ 25,000.00 |
| | | | | | | **$ 25,000.00** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 3/6/20 | | $ 25,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 3/6/20 | 20125 | | $ 25,000.00 |
| | | | | | | **$ 25,000.00** |
| | | | | | | |
| | | | | | | |
| | | | | **Total** | | <u>$1,075,467.49</u> |

8

**EXHIBIT 5**

**Group One Transfers**

<u>**Direct Transfers**</u>

| Payee | Account No. | Account Type I = IOLA O = Operating | Check/ Payment Date | Check No. | Check/ Payment Amount |
|---|---|---|---|---|---|
| | | | | | |
| *Payments During Period of December 6, 2013 – January 12, 2021* | | | | | |
| | | | | | |
| 5201 Flushing Avenue Co, LLC | 0751 | O | 1/24/20 | WIRE | $ 25,000.00 |
| | | | | | |
| | | | | Total | <u>**$ 25,000.00**</u> |

## <u>EXHIBIT 6</u>

**Group Two Transfers**

**EXHIBIT 6**

**Group Two Transfers**

**Indirect Transfers**

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 6/10/20 | | $ 50,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 6/11/20 | WIRE | | $ 50,000.00 |
| | | | | | | $ 50,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 6/11/20 | | $ 82,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 6/11/20 | 20132 | | $     277.40 |
| | | | | | | $     277.40 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/7/20 | | $ 50,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 7/7/20 | WIRE | | $ 50,000.00 |
| | | | | | | $ 50,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/31/20 | | $ 40,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 7/31/20 | WIRE | | $ 40,000.00 |
| | | | | | | $ 40,000.00 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/13/20 | | $ 26,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 8/13/20 | 20138 | | $ 26,000.00 |
| | | | | | | $ 26,000.00 |
| | | | | | | |
| | | | | | | |

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 9/24/20 | | $ 92,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 9/24/20 | WIRE | | $ 17,058.75 |
| | | | | | | **$ 17,058.75** |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 10/2/20 | | $ 66,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 10/2/20 | WIRE | | $ 20,000.00 |
| | | 5201 Flushing Avenue Co. | 10/15/20 | WIRE | | $ 25,000.00 |
| | | 5201 Flushing Avenue Co. | 10/22/20 | WIRE | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 10/27/20 | WIRE | | $  9,117.50 |
| | | | | | | **$ 64,117.50** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 11/3/20 | | $ 31,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 11/3/20 | WIRE | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 11/5/20 | WIRE | | $ 10,000.00 |
| | | | | | | **$ 20,000.00** |
| | | | | | | |
| | | | | | | |
| | | | | Total | | **$ 267,453.65** |

**Direct Transfers**

| Payee | Account No. | Account Type I = IOLA O = Operating | Check/ Payment Date | Check No. | Check/ Payment Amount |
|---|---|---|---|---|---|
| | | | | | |
| *Payments During Period of January 13, 2021 – April 13, 2021* | | | | | |
| | | | | | |
| 5201 Flushing Avenue Co, LLC | 0201 | O | 2/10/21 | WIRE | $ 20,000.00 |
| | | | | | |
| | | | | Total | $ 20,000.00 |
| | | | | | |

<u>**EXHIBIT 7**</u>

**90-Day Preferential Transfer**

**EXHIBIT 7**

**90-Day Preferential Transfer**

<u>**Direct Transfers**</u>

| Payee | Debtor Account No. | Account Type I = IOLA O = Operating | Check/ Payment Date | Check No. | Check/ Payment Amount |
|---|---|---|---|---|---|
| | | | | | |
| *Payment During Period of January 13, 2021 – April 13, 2021* | | | | | |
| | | | | | |
| 5201 Flushing Avenue Co, LLC | 0201 | O | 2/10/21 | WIRE | $ 20,000.00 |
| | | | | | |
| | | | | Total | <u>$ 20,000.00</u> |
| | | | | | |

# EXHIBIT 8

**Insider Preferential Transfers**

**EXHIBIT 8**

## Insider Preferential Transfers

### Indirect Transfers

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| O | Burton Packaging | | 6/10/20 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/11/20 | WIRE | | $ 50,000.00 |
| | | | | | | **$ 50,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 6/11/20 | | $ 82,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 6/11/20 | 20132 | | $    277.40 |
| | | | | | | **$    277.40** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/7/20 | | $ 50,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 7/7/20 | WIRE | | $ 50,000.00 |
| | | | | | | **$ 50,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 7/31/20 | | $ 40,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 7/31/20 | WIRE | | $ 40,000.00 |
| | | | | | | **$ 40,000.00** |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 8/13/20 | | $ 26,000.00 | $    - |
| | | 5201 Flushing Avenue Co. | 8/13/20 | 20138 | | $ 26,000.00 |
| | | | | | | **$ 26,000.00** |
| | | | | | | |
| | | | | | | |

| Debtor Account Type I = IOLA O = Operating | Initial Transferee | Subsequent Transferee | Check/ Payment Date | Check No. | Transfer Amount | Check/ Payment Amount |
|---|---|---|---|---|---|---|
| I | Burton Packaging | | 9/24/20 | | $ 92,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 9/24/20 | WIRE | | $ 17,058.75 |
| | | | | | | $ 17,058.75 |
| | | | | | | |
| | | | | | | |
| O | Burton Packaging | | 10/2/20 | | $ 66,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 10/2/20 | WIRE | | $ 20,000.00 |
| | | 5201 Flushing Avenue Co. | 10/15/20 | WIRE | | $ 25,000.00 |
| | | 5201 Flushing Avenue Co. | 10/22/20 | WIRE | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 10/27/20 | WIRE | | $   9,117.50 |
| | | | | | | $ 64,117.50 |
| | | | | | | |
| | | | | | | |
| I | Burton Packaging | | 11/3/20 | | $ 31,000.00 | $     - |
| | | 5201 Flushing Avenue Co. | 11/3/20 | WIRE | | $ 10,000.00 |
| | | 5201 Flushing Avenue Co. | 11/5/20 | WIRE | | $ 10,000.00 |
| | | | | | | $ 20,000.00 |
| | | | | | | |
| | | | | | | |
| | | | | Total | | $ 267,453.65 |

**Direct Transfers**

| Payee | Account No. | Account Type I = IOLA O = Operating | Check/ Payment Date | Check No. | Check/ Payment Amount |
|---|---|---|---|---|---|
| | | | | | |
| *Payments During Period of January 13, 2021 – April 13, 2021* | | | | | |
| | | | | | |
| 5201 Flushing Avenue Co, LLC | 0201 | O | 2/10/21 | WIRE | $ 20,000.00 |
| | | | | | |
| | | | | Total | <u>$ 20,000.00</u> |
| | | | | | |