**Hearing Date:  April 18, 2023, at 10:00 a.m. (ET)**
**Objection Deadline:  April 11, 2023, at 4:00 p.m. (ET)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Jared C. Borriello

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
                                        :
          In the Matter                 :     Chapter 7
                                        :     Case No. 21-10699 (DSJ)
              of                         :
                                        :
KOSSOFF PLLC,                            :
                                        :
                         Debtor.         :
                                        :
------------------------------------------------------------- X
```

**NOTICE OF HEARING TO CONSIDER CHAPTER 7 TRUSTEE'S
APPLICATION FOR AN ORDER (I) DIRECTING IVES & SULTAN, LLP
TO DISCLOSE DOCUMENTS AND INFORMATION RELATING TO
SERVICES PROVIDED TO PERSONS AFFILIATED WITH THE DEBTOR
AND (II) COMPELLING IVES & SULTAN, LLP TO FULLY COMPLY
WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA**

**PLEASE TAKE NOTICE** that on April 4, 2023, Albert Togut, not

individually but solely in his capacity as the Chapter 7 Trustee for the estate of the

above-captioned debtor, filed the attached *Application for an Order (I) Directing Ives &*

*Sultan, LLP to Disclose Documents and Information Relating to Services Provided to Persons*

*Affiliated with the Debtor and (II) Compelling Ives & Sultan, LLP to Fully Comply with*

*Bankruptcy Rule 2004 Order and Subpoena* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a telephonic hearing

(the "Hearing") to consider the Motion and all pleadings filed in response thereto, if

any, will be held before the Honorable David S. Jones, United States Bankruptcy Judge

for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green,

Room 701, New York, New York 10004, on **April 18, 2023 at 10:00 a.m. (Eastern Time).**

In light of the COVID-19 pandemic, the Hearing shall take place via Zoom for

Government.  Those wishing to appear before the Court at the Hearing must register for

appearance utilizing the Electronic Appearance portal located at the Court's website:

https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be

entered no later than April 17, 2023 at 4:00 p.m. (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any,

must also be filed with the Bankruptcy Court electronically in accordance with General

Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the

Bankruptcy Court's case filing system and by all other parties in interest, on a CD,

preferably in Portable Document Format (PDF), Microsoft Word, or any other

Windows-based word processing format, with a hard copy delivered directly to the

Chambers of the Honorable David S. Jones, and shall be served by first-class mail upon:

(i) Togut, Segal & Segal LLP, attorneys for the Trustee, One Penn Plaza, Suite 3335, New

York, New York 10119, Attn: Neil Berger, Esq. (neilberger@teamtogut.com), Brian F.

Shaughnessy, Esq. (bshaughnessy@teamtogut.com), and Jared C. Borriello, Esq.

(jborriello@teamtogut.com);  (ii) the United States Trustee for the Southern District of

New York, One Bowling Green, Room 534, New York, NY 10004-1408, Attn: Andrew

Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  (iii) Goldberg Segalla LLP,

attorneys for Ives & Sultan, LLP, 711 3rd Avenue, Suite 1900, New York, NY 10017,

Attn: Christopher Lyon (Clyon@goldbergsegalla.com );  (iv) Tenantracers, LLC, c/o

New York State Department of State, Division of Corporations,  Statement Unit, One

Commerce Plaza, 99 Washington Avenue, Albany, NY 12231-0002;  (v) Burton

Packaging, Inc., c/o New York State Department of State, Division of Corporations,

Statement Unit, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231-0002;

(vi) Mitchell H. Kossoff, DIN (inmate number): 22B2108, Groveland Correctional

Facility, 7000 Sonyea Road, P.O. Box 50, Sonyea, NY 14556-0050, Attn: Inmate Records;

(vii)  Doar Rieck Kaley & Mack, attorneys for Mitchell H. Kossoff, 217 Broadway, Suite

707, New York, NY 10007, Attn: Walter Mack (wmack@doarlaw.com);  and (vi) any

parties required to be served under any applicable Bankruptcy Rule or Local

Bankruptcy Rule, so as to be received no later than **April 11, 2023, at 4:00 p.m. (Eastern**

**Time)**.

Dated:   New York, New York
         April 4, 2023

> Respectfully submitted,
>
> ALBERT TOGUT, not individually but
> solely in his capacity as Chapter 7 Trustee
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> */s/Neil Berger*
> NEIL BERGER
> BRIAN F. SHAUGNESSY
> JARED C. BORRIELLO
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000

3

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Jared C. Borriello

*Attorneys for Albert Togut, Not Individually*
*But Solely in His Capacity as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                :

|  |  |  |
|---|---|---|
| In the Matter | : | Chapter 7 |
|  | : | Case No. 21-10699 (DSJ) |
| of | : |  |
|  | : |  |
| KOSSOFF PLLC, | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

------------------------------------------------------------- X

## CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER (I) DIRECTING IVES & SULTAN, LLP TO DISCLOSE DOCUMENTS AND INFORMATION RELATING TO SERVICES PROVIDED TO PERSONS AFFILIATED WITH THE DEBTOR AND (II) COMPELLING IVES & SULTAN, LLP TO FULLY COMPLY WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually, but solely in his capacity as the Chapter 7

Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by

and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully

submits this application (the "Motion") for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 7216(b)(1)(B)

of title 26 of the United States Code (the "Tax Code"), sections 105(a) and 542(e) of title

11 of the United States Code (the "Bankruptcy Code") and Rules 2004 and 9016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the

Federal Rules of Civil Procedure:  (I) directing Ives & Sultan, LLP ("I&S") to produce to the Trustee responsive documents and information sought by the Trustee's Subpoena (as defined below) relating to services that I&S provided to persons affiliated with the Debtor;  (II) compelling I&S to fully comply with this Court's *Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief*, dated May 24, 2021 [Docket No. 27] (the "Rule 2004 Order") and the Subpoena by producing (a) all documents responsive to the Subpoena, including, without limitation, the Requested Debtor Documents (as defined below), (b) written request-by-request responses to the Subpoena, and (c) a declaration as contemplated by the Rule 2004 Order;  and (III) in the event that I&S fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding I&S in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.  In support of the Motion, the Trustee submits the Declaration of Neil Berger of the Togut Firm, attached hereto as **Exhibit B** (the "Berger Declaration"), and respectfully represents:

## PRELIMINARY STATEMENT

Since his appointment, the Trustee has undertaken the critically important work of trying to resolve the affairs of the Debtor's estate.  This effort has been impeded by Mitchell H. Kossoff's ("Kossoff") contempt and failure to fully comply with his obligations, in his representative capacity, to cooperate with the Trustee's investigation of the Debtor's affairs.  Kossoff pleaded guilty to multiple felonies, he is now incarcerated, and his assistance is impracticable.  As a result, third-party document production is essential to the Trustee's investigation of the identification of property that may be administered.

The Rule 2004 Order granted the Trustee the authority to issue subpoenas to third parties to obtain books, records, documents and testimony in any way "related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs" [Docket No. 27]. The Rule 2004 Order also includes several requirements governing the subpoena responses, among which are directives to provide written responses to each of the requests contained in the subpoena and a written declaration attesting under penalty of perjury to certain facts concerning the production of documents.

Among the subpoenas issued pursuant to the Rule 2004 Order was the subpoena to I&S (the "Subpoena") which required the production of documents concerning services provided by I&S to Kossoff, Burton Packaging, Inc. ("Burton Packaging"), Tenantracers, LLC ("Tenantracers," and collectively with Kossoff and Burton Packaging, the "Affiliated Parties") and the Debtor (collectively, with the "Affiliated Parties," the "Relevant Parties").

In the course of his investigation, the Trustee has obtained documents that indicate that I&S provided accounting and/or tax preparation services to certain of the Relevant Parties and that the Debtor made numerous transfers of assets to or for the benefit of creditors of Burton Packaging and Tenantracers, which are entities owned and/or controlled by Kossoff. A copy of the Subpoena is attached to this Motion as **Exhibit C** together with its related affidavit of service [Docket No. 47].

Notwithstanding service of the Subpoena on I&S pursuant to the Rule 2004 Order, the Trustee's subsequent written demands for compliance, and telephonic meet and confer conferences with I&S, I&S has failed to fully comply with its obligations pursuant to the Subpoena, the Rule 2004 Order, and the Bankruptcy Code. I&S has resisted full compliance and has asserted that to the extent that the Subpoena

requests documents and information pertaining to the Affiliated Parties (the "Affiliated Party Documents"), its failure is based on a Tax Code rule that prohibits the disclosure by a tax preparer of information provided to it for, or in connection with, the preparation of a tax return absent a court order authorizing and directing such disclosure.

For the reasons set forth herein, the Trustee respectfully requests entry of an order, substantially in the form of the Proposed Order, directing I&S to disclose the Affiliated Party Documents and compelling I&S to otherwise fully comply with the Rule 2004 Order and the Subpoena.

## JURISDICTION

1.      This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and rule-based predicates for this Motion are section 7216 of the Tax Code, sections 105(a) and 542(e) of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016.

## FACTUAL BACKGROUND

### I.      The Debtor's Bankruptcy Case

3.      On April 13, 2021 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case [Docket No. 1].

4.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

5.      On February 24, 2022, Mr. Togut held the meeting of creditors in this case pursuant to section 341 of the Bankruptcy Code and became the permanent Chapter 7 Trustee of the Debtor pursuant to Bankruptcy Code section 702(d).

6.      On May 24, 2021, the Trustee filed the *Chapter 7 Interim Trustee's Ex Parte Application for an Order (I) Directing the Preservation of Documents and Recorded Information and (II) Authorizing the Issuance of Subpoenas for the Production of Documents and Deposition Testimony Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* [Docket No. 26].

7.      On May 24, 2021, the Court entered the Rule 2004 Order, which authorized, *inter alia*, the Trustee "to issue subpoenas for the production of all books, records and documents . . . related to the Debtor or its property concerning or otherwise evidencing the Debtor's assets and financial affairs . . . ."  [Docket No. 27].

8.      In addition to requiring the production of documents, the Rule 2004 Order also directs subpoena recipients to produce additional materials in support of their subpoena responses.  In particular, the Rule 2004 Order directs subpoena recipients to produce written request-by-request responses ("Written Responses") to the subpoena as well as a declaration as contemplated in the Rule 2004 Order (a "Supporting Declaration").[1]

---

[1]     *See* Rule 2004 Order at 3 ("[O]n or before the response deadline provided in the Trustee's subpoena **or such other date to which the Trustee agrees or the Court may set for cause shown**, the responding party shall provide: (i) written responses to each of the requests contained in the subpoena;  and (ii) a written declaration pursuant to 28 U.S.C. § 1746, attesting under the penalty of perjury that: (a) none of the Books and Records have been altered, modified, deleted, or otherwise destroyed;  and (b) the responding party has made a diligent search and effort to locate and produce the documents and information requested by the subpoena and that the written response as to each individual request contained in the subpoena is true and complete to the best of the responding party's knowledge and belief.") (emphasis in original).

## II.    The Debtor's Connections with the Affiliated Parties

9.    Prior to being disbarred and sent to prison on May 6, 2022 for stealing millions of dollars from the Debtor and dozens of its clients, Kossoff was a prominent real-estate attorney in New York City and served as the sole managing member of the Debtor.

10.    Burton Packaging is a defunct New York corporation founded by Kossoff's late father in the 1950's that operated as a consumer-products packaging business.  Kossoff was an officer, shareholder, vice president, and creditor of Burton Packaging.

11.    On or about May 11, 1981, Burton Packaging entered into a lease agreement (as may have been modified, extended, supplemented, or amended from time to time, the "Lease"), pursuant to which 52-01 Flushing Avenue Company, LLC and KND Management Company Inc. (collectively, the "Burton Landlord") leased commercial real property located at 52-01 Flushing Avenue, Maspeth, New York 11378 (the "Premises") to Burton Packaging.  The Debtor was never a party to the Lease and never occupied the Premises.

12.    Since at least December 2017 and continuing until approximately one month prior to the Petition Date, Kossoff caused the Debtor to make improper payments to and for the benefit of the Burton Landlord to satisfy Burton Packaging's Lease obligations in the aggregate amount of $1,412,921.14 (the "Burton Avoidable Payments").  Adv. Pro. No. 23-01018 (DSJ).

13.    Moreover, during 2015, 2016 and thereafter, the Debtor improperly assumed Burton Packaging's obligations to VNB New York LLC and Valley National Bank.  *See* Adv. Pro. No. 22-01113 (DSJ).  I&S provided accounting services to the

6

Debtor and Kossoff concerning those lease, debt and other obligations of Burton Packaging.

14.     Kossoff is also the founding and managing member and majority owner of Tenantracers, a now defunct New York limited liability company that occupied office space on the fifth floor of the Debtor's premises.  Within just four months prior to the Petition Date, Kossoff executed agreements on behalf of Tenantracers with World Global Fund LLC ("WGF") pursuant to which WGF agreed to advance funds to Tenantracers.  Kossoff then caused the Debtor to make improper payments to and for the benefit of WGF on account of Tenantracers' obligations to WGF, both directly and indirectly, from the Debtor's bank accounts, in the aggregate amount of $279,820.86 (said payments, collectively with the Burton Avoidable Payments, the "Avoidable Payments").  Adv. Pro. No. 22-01148 (DSJ).

15.     The Trustee issued subpoenas to the Affiliated Parties but little or no documents were produced by Burton Packaging and Tenantracers, and Kossoff has already advised this Court and the Trustee that he has withheld documents from the Trustee.  *See* Berger Decl. ¶ 12;  Docket Nos. 40, 41 & 59.

## III.    The Trustee's Efforts to Obtain Discovery from I&S

16.     A review of documents produced in this case to date reveals that I&S provided tax and/or accounting services to the Relevant Parties during the period in which the Debtor's Avoidable Payments were made.  *See* Berger Decl. ¶ 13.

17.     On June 2, 2021, the Trustee served the Subpoena on I&S, which fixed June 11, 2021 as I&S' document production deadline.  At I&S' request, the Trustee granted a two-week document production deadline extension to June 25, 2021 and then an additional extension to July 9, 2021.  *See id.* ¶ 14;  Ex. C (Subpoena at 1, AOS);  Ex. D at 1-2.

18.    The Subpoena requires the production of documents generally relating to, among other things, services provided by I&S to the Relevant Parties, as well as transactions and obligations involving the Relevant Parties. *See* Subpoena at 7-9.

19.    The Subpoena defines "<u>Communication</u>" as follows:

> [A]ny transmittal of information, including internal communications and any transmission or exchange of information from or to any Person, whether orally or in writing, and any conversation or discussion, whether face-to-face or by means of letter, note, memorandum, telephone, voice-mail, telegraph, telecopier, cable, **e-mail**, instant message service, or other medium, whether electronic or otherwise.

Subpoena, Definitions ¶ 6 (emphasis added).

20.    In the course of the following weeks and months, counsel to I&S and the Trustee discussed the production of documents pursuant to the Subpoena. I&S submitted a production of documents consisting of the Debtor's financial statements for years ended 2017, 2018, 2019 and portions of 2020 (the "<u>July 22 Production</u>"). However, the email accompanying the I&S July 22 Production explained that because the Trustee is a fiduciary of the Debtor only, section 7216 of the Tax Code authorized I&S to provide documents pertaining to the Debtor but not to any of the Affiliated Parties. A copy of the email accompanying the July 22 Production is among those attached hereto as **<u>Exhibit D</u>**.[2] *See* Berger Decl. ¶ 15; Ex. D at 3.

21.    Omitted from the July 22 Production were the following documents pertaining to the Debtor:

- Copies of all engagement letters between I&S and the Debtor;
- All Communications between personnel of the Debtor and personnel of I&S;

---

[2]    E-mail messages reproduced on Exhibit D omits prior email history.

- All Communications concerning any service provided by I&S to or for the benefit of the Debtor;
- All internal I&S Communications (i.e., among I&S personnel) concerning I&S' engagement(s) with the Debtor;
- Copies of I&S' internal workpapers and work product, including but not limited to:
  - o <u>As to engagements for the preparation of financial statements</u> - I&S' permanent file, reports, schedules, or other data generated by I&S, and any and all reports, schedules, or other data provided by the Debtor; and
  - o <u>As to tax related engagements</u> – any and all reports, financial statements, schedules, or other data generated by I&S, and any and all reports, tax returns, schedules, or other data, schedules, files (including any QuickBooks files) provided by, or pertaining to the tax reporting of Kossoff, PLLC; and
- Copies of I&S' time and billing records pertaining to its engagement with the Debtor.

(collectively, the "<u>Requested Debtor Documents</u>").  *See* Berger Decl. ¶ 16.

22.    I&S subsequently submitted to the Trustee a "Certificate of Compliance with Subpoena," attached hereto as **Exhibit E**, which does not conform to the Rule 2004 Order's requirements for a Subpoena Declaration.  *See supra* note 1; Berger Decl. ¶ 17;  Ex. E.

23.    On March 3, 2023, the Trustee sent a demand letter (the "<u>Demand Letter</u>") to I&S via e-mail and Federal Express, a copy of which is attached hereto as **Exhibit F**, which demanded that I&S produce the Requested Debtor Documents by March 10, 2023.  *See* Berger Decl. ¶ 18;  Ex. F.

24.    I&S and the Trustee exchanged e-mails following service of the Demand Letter, in which the Trustee addressed an inquiry concerning the costs of producing the Requested Debtor Documents and requested that I&S prioritize its production of Communications.  Included with the Trustee's e-mail was a sampling of e-mailed Communications that I&S omitted from the July 22 Production which the Trustee obtained from other sources.  *See* Berger Decl. ¶ 19;  Ex. D at 4-5.

25.    As of the date of this Motion, the Trustee has received none of the Requested Debtor Documents or the Affiliated Party Documents from I&S.  *See* Berger Decl. ¶ 20.

## RELIEF REQUESTED

26.    The Trustee seeks an order (i) directing I&S to produce to the Trustee the Affiliated Party Documents;  (ii) compelling I&S to otherwise fully comply with the Rule 2004 Order and the Subpoena by producing (a) all documents responsive to the Subpoena, including without limitation, the Requested Debtor Documents, (b) Written Responses and (c) a Subpoena Declaration;  and (iii) in the event that I&S fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding I&S in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made.

## BASIS FOR RELIEF

**I.    The Trustee Has a Compelling Need for Information
Relating to Services Provided by I&S to the Affiliated Parties**

27.    Section 7216(a) of the Tax Code sets forth a general rule establishing that the disclosure by a tax return preparer of information provided to a tax return preparer for purposes of, or in connection with, the preparation of a tax return is a misdemeanor punishable by a fine and/or imprisonment.  An exception to this rule applies where a court order provides otherwise:  *See* 26 U.S.C. § 7216(b)(1)(B).

28.    Section 7216 provides, in relevant part, as follows:

> (a) General rule.--Any person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax imposed by chapter 1, or any person who for compensation prepares any such return for any other person, and who knowingly or recklessly—

> (1) discloses any information furnished to him for, or in
> connection with, the preparation of any such return
> . . . shall be guilty of a misdemeanor, and, upon
> conviction thereof, shall be fined not more than $1,000
> ($100,000 in the case of a disclosure or use to which
> section 6713(b) applies), or imprisoned not more than
> 1 year, or both, together with the costs of prosecution.
>
> (b) Exceptions.—
> (1) Disclosure.--Subsection (a) shall not apply to a
> disclosure of information if such disclosure is made --
> (A) pursuant to any other provision of this title, or
> (B) **pursuant to an order of a court** (emphasis
> supplied).

29.    Parties seeking an order to compel discovery of tax returns must

satisfy a two-prong test under section 7216(b)(1)(B) of the Tax Code:  (1) there must be a

showing that the tax returns are relevant to the subject matter of the action;  and (2) a

compelling need must exist due to the information being otherwise not readily

obtainable.  *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985);  *Mangahas v.

Eight Oranges Inc.*, No. 22-CV-4150 (LJL), 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24,

2022).  For example, relevance may be shown by alleging tax returns would indicate

profits derived from the underlying business or to substantiate the existence of loans by

that business.  *See, e.g., Cymaticolor*, 106 F.R.D. at 547.  Tax returns can also be

considered "clearly relevant" when they are "reasonably expected to contain

information concerning sources and amounts of income and related financial

information."  *Sadofsky v. Fiesta Prod., LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)

(quoting *Gates v. Wilkinson*, No. 03-CV-763 GLS/DRH, 2005 WL 758793, at *2 (N.D.N.Y.

Apr. 5, 2005)).

30.    The second prong of the test requires the movant to demonstrate a

compelling need, which may be satisfied by a showing that the information sought

in the tax returns is not readily available elsewhere.  *Cymaticolor*, 106 F.R.D. at 547.  Such

information must be readily available in a way that "represent[s] the total extent" of the relevant information.  *See id.*  A moving party must also show there is no less intrusive way of obtaining the sought information and that it cannot be obtained by examination of existing financial information in its possession.  *Sadofsky*, 252 F.R.D. at 150-51.

31.     The nature of Bankruptcy Rule 2004 examinations makes the discovery of the Affiliated Party Documents highly relevant to the Trustee's investigation of the Debtor's affairs.  Among the Trustee's statutory duties is to "investigate the financial affairs of the debtor," and to "collect and reduce to money the property of the estate."  11 U.S.C. § 704(a).

32.     Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted).  In this regard, courts have recognized that Bankruptcy Rule 2004 examinations are broad and unfettered and may be in the nature of "fishing expeditions." *Id.*;  *see also In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) ("[Rule 2004's] purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." (citation omitted)); *see generally In re Bello*, 528 B.R. 562, 566 (Bankr. E.D.N.Y. 2015).  These are precisely the reasons why this Court entered the Rule 2004 Order in this case.

33.     The Avoidable Payments are examples which demonstrate how Kossoff intertwined the Debtor's finances with those of the Affiliated Parties and how the Debtor made improper transfers to those and other parties, in exchange for which it received no consideration or other benefit.  The discovery of the Affiliated Party Documents would further the objectives of the Trustee's investigation of the Debtor's

affairs by providing the Trustee with a more robust understanding of the financial transactions between the Debtor and the Affiliated Parties (and possibly other parties), which could potentially lead to the discovery of additional estate assets and affirmative estate claims.

34.     Additionally, as the sole managing member of a professional limited liability corporation with pass-through taxation, information pertaining to the Debtor's finances would have been used in preparing tax returns for Kossoff individually rather than for the Debtor.  The discovery of the Affiliated Party Documents is therefore highly relevant to the Trustee's Rule 2004 examination of the Debtor.

35.     The Trustee's need for the Affiliated Party Documents also easily satisfies the second prong of the section 7216 test, because the Affiliated Party Documents are not readily available elsewhere.  Burton Packaging and Tenantracers are defunct and there are no known representatives of those entities who can produce the Affiliated Party Documents – other than I&S.  Additionally, the Trustee cannot confirm that the documents produced in response to the subpoena issued to Kossoff are complete, and in any case, Kossoff's imprisonment makes his assistance impracticable.

36.     Furthermore, absent the relief requested in this Motion, the Trustee would have no way of discovering otherwise responsive documents and Communications among I&S personnel or between I&S personnel and unknown third parties that concern services provided to the Affiliated Parties.

37.     Based upon the foregoing, the Trustee respectfully submits that his need for these highly relevant documents supports entry of an order directing I&S to produce the Affiliated Party Documents.

13

II.    **I&S Has Failed to Comply with the Subpoena and the Rule 2004 Order with Respect to the Requested Debtor Documents Without Any Legal Justification**

38.    I&S' violations of the Subpoena and the Rule 2004 Order are continuing, clear, and unequivocal.

39.    The Trustee issued the Subpoena pursuant to the Rule 2004 Order, which authorized the Trustee "to issue subpoenas for the production of all books, records, and documents . . . . " *See* Docket No. 27 at 1-2.

40.    Federal Rule 45, made applicable to bankruptcy cases by Bankruptcy Rule 9016, establishes I&S' duty to produce documents responsive to the Subpoena. Federal Rule 45(e)(1) provides that "[a] person responding to a subpoena to produce documents must produce them . . . ." Additionally, Federal Rule 45(g) gives the court the power to enforce a subpoena by "hold[ing] in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

41.    Except to the extent of the Affiliated Party Documents, I&S has filed neither an objection to the Subpoena nor a motion to quash or modify the Subpoena and it is now time-barred from doing either. Federal Rule 45(d)(2)(B) fixes the time to object to a subpoena at the earlier of "the time specified for compliance or 14 days after the subpoena is served." Federal Rule 45(d)(3)(A) requires that a motion to quash or modify a subpoena be filed on a "timely motion." Here, the Trustee extended I&S' document production deadline but I&S did not make a partial document production until July 22, 2021. Thus, any motion to quash or modify the Subpoena would be untimely.

42.    Neither can I&S' failure to produce the Requested Debtor Documents be explained on the basis of an asserted privilege. While the Rule 2004

14

Order directs subpoena recipients to furnish a privilege log to the Trustee with respect to any asserted privilege, I&S has not done so.

43.    Additionally, despite clear language in the Rule 2004 Order directing I&S to provide the Written Responses and the Supporting Declaration, I&S has failed to do so without explanation.

44.    By operation of the Rule 2004 Order, the Subpoena, the Federal Rules, and the Bankruptcy Rules, I&S has an obligation to produce the Requested Debtor Documents in addition to the Written Responses and the Supporting Declaration.  I&S, however, has failed to do so.

45.    Based upon the foregoing, the Trustee respectfully requests that the Court enter the Proposed Order because I&S has failed to fully comply with its obligations under the Rule 2004 Order and the Subpoena and has given no indication that it will comply absent an order compelling compliance.

**III.    I&S' Production of the Requested Debtor Documents, the Written Responses and the Subpoena Declaration Is Necessary (a) for the Trustee's Performance of His Investigatory Duties and (b) to Ensure the Integrity of I&S' Response to the Subpoena**

46.    As demonstrated above, among the Trustee's duties is the duty to investigate the financial affairs of the Debtor.  *See* 11 U.S.C. § 704(a)(4).  In furtherance of this duty, the Court entered the Rule 2004 Order to authorize the Trustee to issue subpoenas for, among other things, the production of books, records, and documents. *See* Rule 2004 Order at 1-2.

47.    The Trustee's investigation requires that he obtain an understanding of all of the Debtor's financial transactions and the circumstances underlying them.  A review of the documents produced in this case reveals that I&S provided accounting and/or tax services to the Relevant Parties.  The issuance of the

15

Subpoena was therefore appropriate, and by failing to produce the Requested Debtor

Documents, I&S has withheld potentially critical documents concerning financial

transactions from view, and I&S has therefore impeded the Trustee's ability to perform

his investigatory duties.

48.    The Written Responses and Supporting Declaration perform a

different yet no less important function.  Together they support the integrity of I&S'

response to the Subpoena because they require that an I&S representative with

knowledge declare, under penalty of perjury, that (i) none of the documents

constituting I&S' response to the Subpoena have been altered, modified, deleted, or

destroyed, (ii) I&S has performed a diligent search for responsive documents, and

(iii) the Written Responses (which compel I&S to declare whether any documents

responsive to each request exist) are true and correct to the best of the representative's

belief.

49.    Taken together, I&S' failures to produce the Requested Debtor

Documents, the Written Responses and the Supporting Declaration impede the

Trustee's investigation because they have obscured potentially significant transactions

concerning the Debtor's assets and financial affairs.

**IV.    An Order Compelling I&S' Compliance
       Is Appropriate Under the Circumstances**

50.    This Court has the express authority to compel compliance with its

orders.  *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection

105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL

Holdings, Inc. v. Eden Ctr., Inc. (In re Ames Dept. Stores, Inc.)*, 317 B.R. 260, 273-74 (Bankr.

S.D.N.Y. 2004) (recognizing that "it is manifestly proper . . . to invoke section 105(a) 'to

enforce or implement'" earlier orders); *U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re*

*McLean Indus.)*, 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order.").

51.     Further, Bankruptcy Rule 2004 provides a separate and independent basis for compelling compliance.  Bankruptcy Rule 2004 states that the production of documents "may be compelled as provided in Rule 9016."  Bankruptcy Rule 9016 provides that Federal Rule 45 applies in cases under the Bankruptcy Code.

52.     Both section 105(a) of the Bankruptcy Code and Federal Rule 45 also provide independent bases for a finding of contempt and sanctions.

53.     Pursuant to section 105(a) of the Bankruptcy Code, the Court has the authority to hold a party in contempt, which "inherently include[s] the ability to sanction a party."  *In re Dickerson*, No. 08-33071, 2009 WL 4666457, at *9 (Bankr. N.D.N.Y. Dec. 8, 2009) (internal quotations omitted) (quoting *Ameriquest Mortgage Co. v. Nosek (In re Nosek)*, 544 F.3d 34, 43-44 (1ˢᵗ Cir. 2008));  *see also Fatsis v. Braunstein (In re Fatsis)*, 405 B.R. 1, 11 (B.A.P. 1ˢᵗ Cir. 2009) (upholding bankruptcy court's imposition of sanctions);  *In re Thompson*, No. 06-32622, 2007 WL 2406886, at *2 (Bankr. N.D.N.Y. Aug. 21, 2007).[3]

54.     Alternatively, Federal Rule 45(g) provides that the "court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  When finding contempt, courts determine whether "the subpoena was clear and unambiguous, there is a clear and convincing

---

[3]     "Sanctions stem, in part, from a need to regulate [the] conduct" of persons before the court.  *Fatsis*, 405 B.R. at 10 (quoting *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, 19 (1st Cir. 2003)).  "Thus, setting the amount of an effective sanction may include punitive concerns as well as considerations of deterrence."  *Fatsis*, 405 B.R. at 10-11.  "When fashioning a civil contempt sanction . . . [the] court 'has broad discretion to design a remedy that will bring about compliance.'"  *In re Butler Innovative Solutions, Inc.*, No. 08-00065, 2008 WL 5076980, at *1 (Bankr. D. Dist. Col. Sept. 29, 2008) (citation omitted).

proof of non-compliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard." *In re Parikh*, 397 B.R. 518, 527 (Bankr. E.D.N.Y. 2008) (holding subpoenaed party in contempt for failing to comply with subpoena issued pursuant to Bankruptcy Rule 2004); *see also In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005) (same); *In re Consol. Meridian Funds*, No. 10-17952, 2013 WL 1501636, at *13-14 (Bankr. W.D. Wash. Apr. 5, 2013) (same).

55.     In this case, the Court approved the issuance of the Subpoena and retained jurisdiction for all matters regarding the implementation of the Rule 2004 Order.  Despite this unequivocal mandate, I&S, a sophisticated tax and accounting services firm served with the Rule 2004 Order and represented by counsel, has disregarded the unambiguous terms of the Subpoena and elected to disregard its discovery obligations in part.  I&S has not, and cannot, advance any claim of ambiguity.

56.     The information in the possession of I&S is needed to timely identify, among other things, potential intermediate and subsequent transferees and sources of the estate recoveries.  By failing to produce the Requested Debtor Documents in compliance with the Subpoena, I&S has knowingly defied the authority of this Court and its Rule 2004 Order.  I&S' unjustified failure and refusal to comply has and continues to cause prejudice to the Trustee and the Debtor's estate by impeding the Trustee's investigation of the Debtor's financial affairs and causing material increases to the costs of that investigation and the administration of the estate.

57.     Moreover, section 542(e) of the Bankruptcy Code creates a statutory duty for I&S to produce documents responsive to the Subpoena because they constitute recorded information, documents, or records relating to the Debtor's property or financial affairs:

>       Subject to any applicable privilege, after notice and a
>       hearing, the court may order an attorney, accountant,
>       or other person that holds recorded information,
>       including books, documents, records, and papers,
>       relating to the debtor's property or financial affairs, to
>       turn over or disclose such recorded information to the
>       trustee.

11 U.S.C. § 542(e).

58.    A chapter 7 trustee steps into the shoes of the debtor once a

bankruptcy case is commenced. *See, e.g., In re Rare Coin Galleries of Am., Inc.*, 862 F.2d

896, 901 (1st Cir. 1988); *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019); *Haigler*

*v. Dozier (In re Dozier Fin., Inc.)*, No. 4:18-CV-1888-SAL-SVH, 2020 WL 1873993, at *2 n.3

(D.S.C. Feb. 3, 2020). Consequently, there can be no reasonable dispute concerning the

Trustee's right to demand the production of the Responsive Documents.

59.    In the event that I&S fails to fully comply with the Proposed

Order, the Trustee requests that the Court permit the Trustee to submit a proposed

order to show cause seeking a further order holding I&S in contempt and imposing

sanctions as "a remedial device intended to achieve full compliance with [the] court's

order." *In re Butler*, 2008 WL 5076980 at *1.

60.    Accordingly, for the reasons set forth herein, the Trustee

respectfully requests that the Court enter the Proposed Order compelling I&S to comply

with the Rule 2004 Order and the Subpoena.

## <u>NOTICE</u>

61.    Notice of this Motion has been given to: (i) I&S; (ii) the United

States Trustee; (iii) Tenantracers, LLC, c/o New York State Department of State,

Division of Corporations; (iv) Burton Packaging, Inc., c/o New York State Department

of State, Division of Corporations; (v) Kossoff; and (vi) all of the parties that filed a

notice of appearance pursuant to Rule 9010(b) in this case. Local Bankruptcy Rule 9006-

1(a) provides that, "*[u]nless the Court orders otherwise*, all [discovery-related motions] shall be served at least seven (7) days before the return date." Local Bankr. R. 9006-1(a) (emphasis added).  The Trustee requests that this Court find that under the circumstances, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit A**:  (i) directing I&S to produce to the Trustee the Affiliated Party Documents;  (ii) compelling I&S to otherwise fully comply with the Rule 2004 Order and the Subpoena by producing (a) all documents responsive to the Subpoena, including without limitation, the Requested Debtor Documents, (b) Written Responses and (c) a Subpoena Declaration;  (iii) in the event that I&S fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show cause scheduling a hearing to consider entry of a further order holding I&S in civil contempt and imposing coercive civil sanctions until full compliance with the Subpoena has been made;  and (iv) providing such other and further relief as this Court deems just and appropriate.

Dated:   New York, New York
         April 4, 2023

                                        Respectfully submitted,

                                        ALBERT TOGUT, not individually but
                                        solely in his capacity as Chapter 7 Trustee
                                        By His Attorneys,
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        /s/Neil Berger
                                        NEIL BERGER
                                        BRIAN F. SHAUGHNESSY
                                        JARED BORRIELLO
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                        :
          In the Matter              :          Chapter 7
                                     :          Case No. 21-10699 (DSJ)
               of                    :
                                     :
KOSSOFF PLLC,                        :
                                     :
                    Debtor.          :
                                     :
------------------------------------------------------------- X

### ORDER (I) DIRECTING IVES & SULTAN, LLP TO DISCLOSE DOCUMENTS AND INFORMATION RELATING TO SERVICES PROVIDED TO PERSONS AFFILIATED WITH THE DEBTOR AND (II) COMPELLING IVES & SULTAN, LLP TO FULLY COMPLY WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA

Upon the application (the "Motion")[1] of Albert Togut, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order pursuant to section 7216(b)(1)(B) of title 26 of the United States Code (the "Tax Code"), sections 105(a) and 542(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 45 of the Federal Rules of Civil Procedure: (i) directing Ives & Sultan, LLP ("I&S") to produce to the Trustee the Affiliated Party Documents; (ii) compelling I&S to otherwise fully comply with the Rule 2004 Order and the Subpoena by producing (a) all documents responsive to the Subpoena, including without limitation, the Requested Debtor Documents, (b) Written Responses and (c) a Subpoena Declaration; and (iii) in the event that I&S fails to fully comply with the Order, authorizing the Trustee to submit a proposed order to show

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

cause scheduling a hearing to consider entry of a further order holding I&S in civil
contempt and imposing coercive civil sanctions until full compliance with the Subpoena
has been made;  and upon the Berger Declaration submitted in support of the Motion;
and the Court having considered the Motion and having heard the Trustee, by his
attorneys, the Togut Firm, during the April 18, 2023 hearing (the "Hearing") to consider
the Motion;  and it appearing that good and sufficient notice of the Motion and the
Hearing were given by the Trustee and that no other or further notice is required;  and
upon the record made during the Hearing and all of the prior pleadings and
proceedings had herein;  and it further appearing that the legal and factual bases set
forth in the Motion and at the Hearing establish sufficient cause for the relief granted
herein;  and after due deliberation thereon,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    **Jurisdiction and Venue.**  This Court has jurisdiction to consider the
Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C.
§ 157(b)(2)(A).  Venue of this case and the Motion in this District is proper under 28
U.S.C. §§ 1408 and 1409.

B.    **Statutory Predicates.**  The predicates for the relief sought in the
Motion are section 7216 of the Tax Code, sections 105(a) and 542(e) of the Bankruptcy
Code, Bankruptcy Rules 2004 and 9016, and Federal Rule 45.

C.    **Notice.**  As evidenced by the affidavit of service filed with this
Court and based upon the representations of counsel at the Hearing:  (i) under the
circumstances of this case, proper, timely, adequate, and sufficient notice of the Motion
and Hearing has been provided;  and (ii) no other or further notice need be provided.

2

D.   **Opportunity to Object.**   A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein was given by the Trustee.

E.   **The Rule 2004 Order.**   On May 24, 2021, this Court entered the Rule 2004 Order, which among other things, requires the recipients of subpoenas to produce unaltered responsive documents to the Trustee, Written Responses, and a Supporting Declaration.

F.   **The Subpoena.**   On June 2, 2021, the Trustee served the Subpoena on I&S and demanded that I&S produce unaltered responsive documents on or before June 11, 2021.  The Trustee subsequently extended I&S' production deadline to July 9, 2021.  The Rule 2004 Order and the Subpoena are clear and unambiguous.

G.   **Noncompliance with the Rule 2004 Order and the Subpoena.**   The Berger Declaration and the record made at the Hearing demonstrate that I&S has failed to fully comply with the Rule 2004 Order and the Subpoena despite being given an adequate opportunity to do so.

H.   **Production of Affiliated Party Documents is Warranted**.   There is a compelling need for the production of the Affiliated Party Documents, which are highly relevant to the Trustee's Bankruptcy Rule 2004 investigation of the Debtor's affairs

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is GRANTED as set forth herein.

2.   All objections and responses to the Motion which are not otherwise expressly resolved herein are overruled.

3.      I&S has failed to fully comply with the Subpoena and the Rule 2004 Order, and except to the extent of the Affiliated Party Documents, I&S has failed to articulate a permissible basis for its failure to fully comply with the Subpoena and the Rule 2004 Order.

4.      The Trustee shall serve a copy of this order upon I&S by First Class mail within two (2) business days after the date of entry of this Order.

5.      I&S is directed to comply with the terms of the Subpoena and the Rule 2004 Order by, not later than ten (10) days from the date hereof, producing (a) all documents responsive to the Subpoena, including the Requested Debtor Documents and the Affiliated Party Documents, (b) Written Responses and (c) a Supporting Declaration.

6.      I&S shall incur no criminal liability under section 7216(a) of the Tax Code as a result of its compliance with this Order.

7.      In the event that I&S fails to fully and timely comply with the terms of this Order, the Trustee may submit a proposed order to show cause to the Court to schedule a hearing to determine why I&S should not be held in contempt and why the Court should not impose sanctions to compel I&S' compliance with the Rule 2004 Order and the Subpoena.

8.      The Court shall conduct a status conference concerning I&S' compliance with this Order (the "Status Conference") on _____, 2023 at 10:00 a.m. (Prevailing Eastern Time).

9.      The Status Conference shall take place via Zoom for Government. Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.  Appearances must be

entered no later than 4:00 p.m. (Prevailing Eastern Time) on the day prior to the Status

Conference.

    10.  Entry of this Order is without prejudice to the Trustee's rights to

seek other or different documents from I&S or from any other person.

    11.  This Court retains exclusive jurisdiction regarding the

implementation and interpretation of this Order.


Dated: New York, New York
    April ___, 2023

          _____
          HONORABLE DAVID S. JONES,
          UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**<u>Berger Declaration</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                :

                 In the Matter             :         Chapter 7
                                                  :         Case No. 21-10699 (DSJ)

                           of                    :

                                                  :

KOSSOFF PLLC,                           :

                                                  :

                                 Debtor.          :

                                                  :
------------------------------------------------------------- X

**DECLARATION OF NEIL BERGER IN SUPPORT OF THE
CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER (I) DIRECTING
IVES & SULTAN, LLP TO DISCLOSE DOCUMENTS AND INFORMATION
RELATING TO SERVICES PROVIDED TO PERSONS AFFILIATED
WITH THE DEBTOR AND (II) COMPELLING IVES & SULTAN, LLP TO
FULLY COMPLY WITH BANKRUPTCY RULE 2004 ORDER AND SUBPOENA**

Neil Berger, Esq. declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.         I am a Partner with the law firm of Togut, Segal & Segal LLP, counsel to the Chapter 7 Trustee (the "Trustee") of the above-captioned Debtor.

2.         I submit this Declaration in support of the *Chapter 7 Trustee's Application for an Order (I) Directing Ives & Sultan, LLP to Disclose Documents and Information Relating to Services Provided to Persons Affiliated with the Debtor and (II) Compelling Ives & Sultan, LLP To Fully Comply with Bankruptcy Rule 2004 Order and Subpoena* (the "Motion"), which is filed contemporaneously herewith.[1]

3.         The statements set forth herein are based upon my personal knowledge and belief, my privileged communications with the Trustee and his retained financial advisor and accountants, my review of the documents filed on the docket that

---

[1]    Capitalized terms used herein but not defined herein shall have the meanings ascribed in the Motion. References made herein to exhibits shall be to exhibits to the Motion.

is maintained for the above-captioned case, and related documents and information obtained by the Trustee.

4.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor, accepted his appointment, and duly qualified.

5.      On February 24, 2022, Mr. Togut held the meeting of creditors in this case pursuant to section 341 of the Bankruptcy Code and became the permanent Chapter 7 Trustee of the Debtor pursuant to Bankruptcy Code section 702(d).

6.      Prior to being disbarred and sent to prison on May 6, 2022 for stealing millions of dollars from the Debtor and dozens of its clients, Kossoff was a prominent real-estate attorney in New York City and served as the sole managing member of the Debtor.

7.      Burton Packaging is a defunct New York corporation founded by Kossoff's late father in the 1950's that operated as a consumer-products packaging business.  Kossoff was an officer, shareholder, vice president, and creditor of Burton Packaging.

8.      On or about May 11, 1981, Burton Packaging entered into the Lease, pursuant to which the Burton Landlord leased the Premises to Burton Packaging.  The Debtor was never a party to the Lease and never occupied the Premises.

9.      Since at least December 2017 and continuing until approximately one month prior to the Petition Date, Kossoff caused the Debtor to make the Burton Avoidable Payments in the aggregate amount of $1,412,921.14.

10.      Moreover, during 2015, 2016 and thereafter, the Debtor improperly assumed Burton Packaging's obligations to VNB New York LLC and Valley National Bank.  I&S provided accounting services to the Debtor and Kossoff concerning those lease, debt and other obligations of Burton Packaging.

11.     Kossoff is also the founding and managing member and majority owner of Tenantracers, a now defunct New York limited liability company that occupied office space on the fifth floor of the Debtor's premises. Within just four months prior to the Petition Date, Kossoff executed agreements on behalf of Tenantracers with WGF pursuant to which WGF agreed to advance funds to Tenantracers. Kossoff then caused the Debtor to make improper payments to and for the benefit of WGF on account of Tenantracers' obligations to WGF, both directly and indirectly, from the Debtor's bank accounts, in the aggregate amount of $279,820.86.

12.     The Trustee issued subpoenas to the Affiliated Parties but little or no documents were produced by Burton Packaging and Tenantracers, and Kossoff has already advised this Court and the Trustee that he has withheld documents from the Trustee.

13.     A review of documents produced in this case to date reveals that I&S provided tax and/or accounting services to the Relevant Parties during the period in which the Debtor's Avoidable Payments were made.

14.     On June 2, 2021, the Trustee served the Subpoena on I&S, which fixed June 11, 2021 as I&S' document production deadline. At I&S' request, the Trustee granted a two-week document production deadline extension to June 25, 2021 and then an additional extension to July 9, 2021.

15.     In the course of the following weeks and months, counsel to I&S and the Trustee discussed the production of documents pursuant to the Subpoena. I&S submitted a production of documents consisting of the July 22 Production. However, the email accompanying the I&S July 22 Production explained that because the Trustee is a fiduciary of the Debtor only, section 7216 of the Tax Code authorized I&S to provide documents pertaining to the Debtor but not to any of the Affiliated Parties. A copy of

3

the email accompanying the July 22 Production is among those attached to the Motion as **<u>Exhibit D</u>**.[2]

16.     Omitted from the July 22 Production were the Requested Debtor Documents.

17.     I&S subsequently submitted to the Trustee a "Certificate of Compliance with Subpoena," attached to the Motion as **<u>Exhibit E</u>**, which does not conform to the Rule 2004 Order's requirements for a Subpoena Declaration.

18.     On March 3, 2023 , the Trustee sent the Demand Letter to I&S via e-mail and Federal Express, a copy of which is attached to the Motion as **<u>Exhibit F</u>**, which demanded that I&S produce the Requested Debtor Documents by March 10, 2023.

19.     I&S and the Trustee exchanged e-mails following service of the Demand Letter, in which the Trustee addressed an inquiry concerning the costs of producing the Requested Debtor Documents and requested that I&S prioritize its production of Communications.  Included with the Trustee's e-mail was a sampling of e-mailed Communications that I&S omitted from the July 22 Production which the Trustee obtained from other sources.

---

[2]    E-mail messages reproduced on Exhibit D omits prior email history.

20.    As of the date of the Motion, the Trustee has received none of the Requested Debtor Documents or the Affiliated Party Documents from I&S.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2023 in New York, New York

*/s/Neil Berger*
NEIL BERGER

**Exhibit C**

**Subpoena**

TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119
(212) 594-5000

FACSIMILE
(212) 967-4258

EMAIL
mnester@teamtogut.com

June 2, 2021

**VIA FEDEX**
Ives & Sultan, LLP
100 Crossways Park Drive West
Woodbury, NY 11797-2012
Attn: President, Officer, General or Managing Agent

Re:    Kossoff PLLC,
       Chapter 7 Case No. 21-10699 (DSJ)

To Whom It May Concern:

We are the attorneys for Albert Togut, not individually but solely in his capacity as Chapter 7 Interim Trustee of above-referenced Chapter 7 case (the "Debtor").

Enclosed please find a subpoena (the "Subpoena") requiring the production of documents no later than 7 business days after the date of this letter and the Bankruptcy Court's *Order Authorizing the Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief*, entered on May 24, 2021 [Docket No. 27]. Please contact me with any questions and to coordinate your client's production in response to this Subpoena.

Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Minta J. Nester*
Minta J. Nester

Enclosures

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern _____ District of New York

In re  Kossoff PLLC _____    Case No. 20-10699 (DSJ)
                    Debtor

                                                Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Ives & Sultan, LLP _____

*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Togut, Segal & Segal LLP<br>One Penn Plaza, Suite 3335<br>New York, NY 10119 | TBD |

The examination will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A; documents to be produced by June 11, 2021 at Togut, Segal & Segal LLP at the address above.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/2/2021 _____

                    CLERK OF COURT

                                        OR

    _____                _____
    *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Albert Togut, as Chapter 7 Interim Trustee  , who issues or requests this subpoena, are:

Neil Berger, Esq., Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, neilberger@teamtogut.com, (212) 594-5000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **DEFINITIONS**

Unless otherwise defined below, the definitions and instructions set forth in the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall apply to the document requests (the "Document Requests") listed below.

1.    **2004 Order**.  The term "2004 Order" shall mean the attached *Order Authorizing the Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* entered on May 24, 2021 [Docket No. 27] in *In re Kossoff PLLC,* Case No. 21-10699 (DSJ) (Bankr. S.D.N.Y.).

2.    **Affiliate**.  The term "Affiliate" is defined to be synonymous in meaning and equal in scope to the usage of this term as it is defined in section 101(2) of the Bankruptcy Code.

3.    **Bankruptcy Code**.  The term "Bankruptcy Code" shall mean title 11 of the United States Code.

4.    **Burton.**  The term "Burton" shall mean Burton Packaging Company, Inc., and any current or former member, employee, representative, officer, director, attorney, accountant, auditor, and agent of any of the foregoing.

5.    **Chapter 7 Case**.  The term "Chapter 7 Case" shall mean the above-referenced bankruptcy case commenced by the Petitioning Creditors pursuant to chapter 7 of the Bankruptcy Code.

6.    **Communication.**  The term "Communication" shall mean any transmittal of information, including internal communications and any transmission or exchange of information from or to any Person, whether orally or in writing, and any

conversation or discussion, whether face-to-face or by means of letter, note, memorandum, telephone, voice-mail, telegraph, telecopier, cable, e-mail, instant message service, or other medium, whether electronic or otherwise.

7.    **Concerning.**  The term "concerning" shall mean "relating to," "referring to," "describing," "evidencing," or "constituting," and accordingly shall include, by way of illustration, "mentioning," "discussing," "containing," or "setting forth."

8.    **Debtor**.  The term "Debtor" shall mean Kossoff PLLC, and any current or former member, employee, representative, officer, director, attorney, accountant, auditor, and agent of any of the foregoing.

9.    **Documents**.  The term "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), and accordingly includes, Communications, reports, correspondence, minutes, e-mails, instant messages, spreadsheets, trade ledgers, blotters, memoranda, notes and all other writings, Bloomberg screenshots, drawings, presentations, graphs, charts, photographs, audio recordings, and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form or any of the foregoing that pertains to a Communication, and all pleadings in any proceeding concerning the Debtor and/or Mitchell H. Kossoff. A draft or non-identical copy is a separate Document within the meaning of this term.

10.    **Including**.  The term "including" shall mean "including, but not limited to."  Phrases following the term "including" are not intended to be exhaustive of the materials sought by the Request and shall not in any way be read to limit the

scope of the Request.  Any and all descriptions or examples of materials provided hereafter are illustrative only and do not limit the request to those particular materials or types of materials, as if it were explicitly noted that such request was "not limited to" the stated examples.

11.     **Person.**  The term "<u>Person</u>," as set forth in section 101(41) of the Bankruptcy Code, shall mean any natural person or any legal entity, including any business or governmental entity or association, and also including, accordingly, any firm, corporation, association, partnership, sole proprietorship, limited liability company, public entity, or other form of entity as that term is defined in section 101(15) of the Bankruptcy Code.

12.     **Petition Date**.  The term "<u>Petition Date</u>" shall mean April 13, 2021.

13.     **Petitioning Creditors.**  The term "<u>Petitioning Creditors</u>" shall mean Gran Sabana Corp. N.V., Louis and Jeanmarie Giordano, 118 Duane LLC and Decker Associates LLC, 118 Duane LLC, and Thomas G. Sneva.

14.     **Subsidiary**.  The term "<u>Subsidiary</u>" shall mean any person or entity of which shares of stock or other ownership interests having ordinary voting power to elect a majority of the board of directors or other managers of such entity are at the time owned, or the management of which is otherwise controlled, directly or indirectly, by another entity.

15.     **Tenantracers**.  The term "<u>Tenantracers</u>" shall mean Tenantracers, LLC, and any current or former member, employee, representative, officer, director, attorney, accountant, auditor, and agent of any of the foregoing.

16.     **Trustee.**  The term "<u>Trustee</u>" shall mean Albert Togut, not individually but solely in his capacity as Chapter 7 Interim Trustee of the Debtor.

17.    **"You" and "Your".**  The term "<u>You</u>" and "<u>Your</u>" shall refer to the recipient of this subpoena and all of its current and former parent entities, Subsidiary entities, entities in which any of them have direct or indirect interests, funds any of them have managed or for which any of them have had the right to select investments, and other Affiliates, and each current and former member, employee, representative, officer, director, partner, attorney, accountant, auditor, Subsidiary, parent, Affiliate entity, and agent of any of the foregoing.

## INSTRUCTIONS

1.    Unless otherwise stated, the relevant time period for the Requests shall be the period from April 13, 2015 through the present date or the date of the closing of the respective Account, as applicable (the "<u>Relevant Time Period</u>").

2.    Unless otherwise stated with respect to a particular Request, responses to each Request shall include all responsive Documents, Communications and information dated, created, modified, reviewed, sent or received during the Relevant Time Period.

3.    In responding to these Requests, You are requested to furnish all Documents that are available to You or are in Your possession, custody or control, including Documents in the possession of Your attorneys, auditors, or accountants; attorneys, auditors or accountants retained on behalf of the Debtor; other persons directly or indirectly employed by or connected with You or Your attorneys or accountants; other persons directly or indirectly employed by or connected with attorneys or accountants retained on behalf of the Debtor;  or anyone else acting or who has acted on Your behalf or otherwise is, in relevant respects, subject to Your control.

4.    These Requests call for production of responsive Documents in their entirety, without abbreviation or deletions.

5.     All drafts of responsive Documents must be produced, as well as non-identical copies.  Identical copies of produced Documents need not be produced.

6.     Documents shall be produced, organized and labeled to correspond with the Requests to which the Documents are responsive.

7.     Documents attached to each other (physically or via email) should be attached in the same way when produced.

8.     Electronically stored information must be produced in both native and a searchable format, and data should be produced in Excel, unless we agree otherwise.

9.     Wherever used herein, the singular form of any word includes the plural and vice versa.

10.    The masculine shall be deemed to include the feminine and the feminine shall be deemed to include the masculine.

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

12.    The terms "all," "any," "every" and "each" shall each be construed as encompassing any and all.

13.    Each page of every Document produced in response to these Requests must be marked with a unique Bates number to allow for accurate identification.

14.    To the extent that any requested Documents are withheld from inspection and copying:  (a) because the Document is no longer in Your possession, custody or control;  or (b) based upon a claim of privilege, You are required to provide, upon the completion of the production of non-privileged Documents, a list (the "Withheld

Document List") setting forth as to each such withheld Document the following information to the extent known:

      i.    the title, date and type of document (e.g., memorandum, report, chart, etc.);

      ii.    its subject matter (without revealing the information as to which privilege or statutory authority is claimed);

      iii.    the name of each author, writer and/or sender of the document;

      iv.    the name of each recipient, addressee, or other party to whom the document or a copy was sent or directed;

      v.    the specific request(s) to which the document is responsive; and

      vi.    to the extent the Document is withheld based on a claim of lack of possession pursuant to subparagraph (a) above, (A) when the Document was most recently in Your possession, custody or control, (B) the disposition of the Document and (C) the identity of any Person who has possession, custody or control of the Document;[1] or

      vii.    to the extent the Document is withheld based on a claim of privilege pursuant to subparagraph (b) above, (Y) the specific privilege claimed and (Z) the factual and legal basis for the privilege claimed or the specific statutory or other authority that provides the claimed ground for non-production.

15.    If a portion of an otherwise responsive Document contains information subject to a claim of privilege pursuant to paragraph 14(b) above, those portions of the Document subject to the claim of privilege may be redacted from the Document, but the instructions in the preceding paragraph 14 shall be applicable, and the rest of the Document shall be produced.

16.    If a Request is only partly objectionable, respond to the remainder of the Request that is not objectionable.

---

[1] If a Document has been destroyed, the Withheld Document List shall also include: (a) the reason for its destruction; (b) the identity of the Person who destroyed the Document; and (c) the identity of the Person who directed that the Document be destroyed.

17.     If an objection or request for relief is made with respect to any Request or

portion thereof, the objection or request for relief shall state all grounds on which it is

based with specificity.  Any ground not stated in the objection or request for relief

within the time provided by the 2004 Order, or any extensions thereof, shall be deemed

waived.

18.     At a future date, the Trustee may request the production of additional

Documents or testimony.  This request is without waiver of the Trustee's right to seek

additional information from You or any other third party.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All Documents and Communications concerning the Debtor, Burton, Tenantracers or Mitchell H. Kossoff, Esq., including, but not limited to, workpapers, documents, notes and research that related in any form to audits, reviews, compilations, special projects, agreed upon procedures, tax return preparation, write-up work or any other service.  Such should include but not be limited to the following:

a) audited financial statements and checklists;
b) summary memos describing the client's results and any audit issues;
c) summary of audit differences;
d) legal letters and letters of representation;
e) trial balances and general ledgers;
f) systems documentation;
g) permanent files;
h) footnote disclosures;
i) analytical review procedures;
j) workpapers for each account including, but not limited to, cash, accounts receivable, inventory;  fixed assets, investments, other assets, accounts payable, debt, equity, revenue, expenses and any other account and partner, shareholder, member and beneficiary basis;
k) documents relating to any employee benefit plans;
l) documents related to the Debtor's IOLA and IOLTA accounts, including accountings;
m) bank and investment statements, including for the Debtor's IOLA and IOLTA accounts;
n) cancelled checks and wire transfer advices;

    o) check registers;

    p) engagement letters;

    q) billing files, including all invoices, statements, bills and correspondence;

    r) all documents that are or contain records or financial information including, but not limited to, vendor invoices, journals, books, records, work-papers or ledgers wherein there are statements or recordings regarding the affairs of the relevant parties including, but not limited to, debt information, cash receipts information, cash disbursement information, asset information and liability information;

    s) presentations or analyses;

    t) all electronic and computer files, backup disks, tapes or hard drives that contain records of financial information that pertain to any electronic accounting software package;

    u) Copies of any and all contracts between or among: (i) the Debtor, Burton, Tenantracers, and/or Mitchell H. Kossoff, Esq., on the one hand, and (ii) every vendor, lessee, lessor, employee, agents, officer, director, shareholder, customer, lender, investor, on the other hand;

    v) copies of all loan documents and applications therefore, all statements as to proceeds from loans and repayments of same with or to any bank, financial institution or individual;

    w) copies of all correspondence by and between any actual or potential lender and all financial statements and applications given from or in the alternative a list of anyone individual or entity that received same;

    x) copies of all yearend W-2s to employees and the associated W-3; and

    y) copies of all payroll records (including time sheets).

## REQUEST NO. 2:

All Communications with the Debtor, Burton, Tenantracers or Mitchell H. Kossoff, Esq.

## REQUEST NO. 3:

All Documents and Communications concerning any service provided by You to or for the benefit of the Debtor, Burton, Tenantracers and/or Mitchell H. Kossoff, Esq.

## REQUEST NO. 4:

All Documents concerning the operations of the Debtor, Burton, or Tenantracers, including their respective sources of financing, equity, capital structure, corporate structure, ownership, general ledgers, bill and collection records, accounts payable records and business models.

**REQUEST NO. 5:**

All Documents and Communications concerning the preparation of tax returns, workpapers, documents, notes, research utilized to prepare tax returns and reports, reports or any other type of financial statements for the Debtor, Burton, Tenantracers or Mitchell H. Kossoff, Esq., including books and records, work sheets, and draft documents.

**REQUEST NO. 6:**

All Documents and Communications concerning any transaction or potential transaction involving the Debtor, Burton, Tenantracers or Mitchell H. Kossoff, Esq.

**REQUEST NO. 7:**

All Documents concerning any projections, budgets, forecasts, financial information, or any other type of analysis prepared by You, at your direction, or on Your behalf in connection with the Debtor, Burton, Tenantracers or Mitchell H. Kossoff, Esq.

**REQUEST NO. 8:**

All Documents concerning any obligations due to, or from, the Debtor, Tenantracers, Burton or Mitchell H. Kossoff, Esq.,

**REQUEST NO. 9:**

All Documents and Communications concerning any transfer of value between the Debtor and any Person, including Burton, Tenantracers, and/or Mitchell H. Kossoff, Esq.

**REQUEST NO. 10:**

All time records associated with any individual or entity regarding any matter related to the Debtor, Burton, Tenantracers and/or Mitchell H. Kossoff, Esq.

**REQUEST NO. 11:**

Copies of any and all pension/retirement plan documents, including any agreements, plan documents, annual summaries, and year-end participant account balances for the Debtor, Burton, Tenantracers and/or Mitchell H. Kossoff, Esq.

**REQUEST NO. 12:**

All Documents and Communications concerning any asset or agreement of the Debtor, Burton, Tenantracers and/or Mitchell H. Kossoff, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- X
                                                               :
In the Matter                              :          Chapter 7
                                                   :          Case No. 21-10699 (DSJ)
        -of-                                        :
                                                   :
KOSSOFF PLLC,                           :
                                                   :
                        Debtor.          :
                                                   :
--------------------------------------------------------------- X

## ORDER AUTHORIZING TRUSTEE TO ISSUE
## <u>SUBPOENAS AND OBTAIN TESTIMONY AND FOR INJUNCTIVE RELIEF</u>

Upon the Trustee's *ex parte* application for relief (the "<u>Motion</u>")[1] by Albert

Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "<u>Trustee</u>")

of Kossoff PLLC (the "<u>Debtor</u>"), by his proposed attorneys, Togut, Segal & Segal LLP (the

"<u>Togut Firm</u>"), and the accompanying Declaration of Neil Berger, Esq., dated May 21, 2021

(the "<u>Berger Declaration</u>");  and upon consideration of the Motion and the Berger Declaration;

and, after due deliberation, the Court having concluded that sufficient cause for the relief sought

exists;  and it appearing that the emergency relief sought in the Motion is necessary and proper,

including specific facts set forth in the Berger Declaration showing that immediate and

irreparable injury, loss or damage may result absent the relief sought;  and it appearing that no

further notice of this Order need be given;  after due deliberation and sufficient cause appearing

therefor, it is hereby

**ORDERED**, that pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), the Trustee is now authorized to issue subpoenas for the

---
[1]    Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

production of all books, records, and documents, including, without limitation, all emails, text

messages, computers and/or laptop computers, hard drives, computer servers, back-up tapes, and

documents related to the Debtor or its property concerning or otherwise evidencing the Debtor's

assets and financial affairs (the "Books and Records"), and the Trustee is permitted to obtain

such items and to obtain deposition testimony consistent with Bankruptcy Rule 9016, concerning

any asset, liability, duty, obligation, contract, transaction, transfer, or other issue related in any

way to the Debtor and its financial affairs;  and it is further

ORDERED, that the production and examination required pursuant to this Order

are subject to any applicable privilege and nothing contained herein constitutes a finding that the

attorney-client privilege attaches to any particular document, communication, or other form of

information contained in the Books and Records;  provided, however, and for cause shown in the

Motion, the Trustee, in his sole discretion, may waive any privilege in favor of the Debtor in

connection with the turnover of any Books and Records to the Trustee;  and it is further

ORDERED, that the Trustee shall serve a copy of the Order with any subpoena

that he serves pursuant to the Order;  and it is further

ORDERED, that subpoenas authorized by this Order may be served by the

Trustee by FedEx or any other method of service permitted under Bankruptcy Rule 9016 or by

other means agreed to by the subpoenaed parties;  and it is further

ORDERED, that sufficient reason having been shown therefore, pursuant to Rule

65 of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Bankruptcy

Rule 7065, effective immediately and pending entry of further Order by this Court, any recipient

of this Order (and a subpoena issued pursuant to this Order) be, and they hereby are, enjoined

and restrained from:  (a) concealing, deleting, destroying, removing from the Premises or any

other place where they may be located absent prior Order of this Court or prior written

permission by the Trustee, or otherwise altering any Books and Records, whether physical or

electronic, related to the Debtor or its property and such recipient shall preserve all such Books

and Records subject only to such turnover obligations pursuant to a subpoena or a further order

of this Court (the "Provisional Relief");  and it is further

      **ORDERED**, that on or before the response deadline provided in the Trustee's

subpoena **or such other date to which the Trustee agrees or the Court may set for cause**

**shown**, the responding party shall provide:  (i) written responses to each of the requests

contained in the subpoena;  and (ii) a written declaration pursuant to

28 U.S.C. § 1746, attesting under the penalty of perjury that:  (a) none of the Books and Records

have been altered, modified, deleted, or otherwise destroyed;  and (b) the responding party has

made a diligent search and effort to locate and produce the documents and information requested

by the subpoena and that the written response as to each individual request contained in the

subpoena is true and complete to the best of the responding party's knowledge and belief;  [DSJ

5/24/2021] and it is further

      **ORDERED**, if any entity or person who receives a subpoena for the production

of documents pursuant to this Order withholds any item on the basis of an asserted privilege, that

entity is directed to provide a privilege log in accordance with Bankruptcy Rule 7026 to the

Togut Firm, One Penn Plaza, Suite 3335, New York, New York 10119, Attn.:  Neil Berger, Esq.

(neilberger@teamtogut.com) and Brian F. Shaughnessy, Esq. (bshaughnessy@teamtogut.com),

so as to be received with the information production required by the subpoena, or at such time as

mutually agreed to by the Trustee and the subpoenaed entity or person;  and it is further

**ORDERED**, that any subpoena issued pursuant to this Order shall provide at least seven business days' notice to the recipient to provide the recipient an opportunity to object to the subpoena or to file any motion with the Court;  and it is further

**ORDERED**, that all disputes concerning any subpoena issued pursuant to this Order, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced, and the other party shall file a responsive letter brief within three business days thereafter, which shall not exceed five pages, single spaced;  and copies of such letter briefs shall also be sent to the Court's Chambers by email to jones.chambers@nysb.uscourts.gov;  and it is further

**ORDERED**, that the telephonic hearing to consider the continuance of the Provisional Relief sought in the Motion (the "Preliminary Injunction Hearing") shall be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, on **May 27, 2021 at 2:00 p.m.** (Prevailing Eastern Time), or as soon thereafter as counsel may be heard; [DSJ 5/24/2021] and it is further

**ORDERED**, that any party that wishes to attend the Preliminary Injunction Hearing must comply with General Order M-543 (Morris, C.J.) (as may be amended) of this Court, a copy of which is attached hereto;  and it is further

**ORDERED**, Kossoff and Tenantracers are directed to appear before the Court at the telephonic Preliminary Injunction Hearing and show cause why the Provisional Relief should not be continued;  and it is further

**ORDERED**, that within one business day after entry of this Order, the Trustee shall serve a copy of the Motion and its exhibits and this Order on the Notice Parties by

electronic mail to the extent email addresses are available, or by overnight mail or commercial

delivery service, or hand delivery;  and it is further

        **ORDERED,** that objections, if any, to the Motion must be in writing, shall

conform to the Bankruptcy Rules and the Local Rules of this Court, shall set forth the name of

the objector and the legal and factual grounds for the objection, and shall be filed with the

Bankruptcy Court, with a courtesy copy delivered to Judge Jones's Chambers by email to

jones.chambers@nysb.uscourts.gov and served upon:  (i) the Togut Firm, proposed counsel for

the Trustee, One Penn Plaza, New York, New York 10119, Attn:  Neil Berger, Esq.

(neilberger@teamtogut.com) and Brian Shaughnessy, Esq. (bshaughnessy@teamtogut.com);  (ii)

Kossoff;  (iii) the Landlord;  (iv) Tenantracers;

(v) all parties that have filed a notice of appearance in this case;  and (vi) the United States

Trustee for the Southern District of New York, Attn: Andrew Velez-Rivera, Esq.

(Andy.Velez-Rivera@usdoj.gov) so as to be actually received by no later than **5:00 p.m.**

(Prevailing Eastern Time) on **May 26, 2021** (the "Objection Deadline");  [DSJ 05/24/2021]  and

it is further

        **ORDERED**, that objections, if any, to the Motion which are not filed and served

on or before the Objection Deadline shall be barred and forever waived;  and it is further

        **ORDERED,** that at the hearing to consider the preliminary injunction, the Court

shall schedule a hearing for the entry of a permanent injunction consistent with the Provisional

Relief;  and it is further

        **ORDERED**, that pursuant to Bankruptcy Rule 7065, the security provisions of

Civil Rule 65(c) are waived pending further order of the Court;  and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the

Trustee or any other party to apply for any other or further relief, including but not limited to

further relief under Bankruptcy Rule 2004;  and it is further

**ORDERED**, that the Court retains exclusive jurisdiction to hear and determine

any and all matters arising from the interpretation and/or implementation of this Order.


Dated:  New York, New York
            May 24, 2021

                                          *s/ David S. Jones*
                                          HONORABLE DAVID S. JONES
                                          UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:                                                          :
                                                                :
CORONAVIRUS/COVID-19 PANDEMIC,                                  :
COURT OPERATIONS UNDER THE EXIGENT             :          General Order M-543
CIRCUMSTANCES CREATED BY COVID-19              :
                                                                :
------------------------------------------------------------X

        In order to protect public health, and in recognition of the national emergency that was
declared by the President of the United States on March 13, 2020, the United States Bankruptcy
Court for the Southern District of New York ("Bankruptcy Court") hereby issues the following
order:

        IT IS HEREBY ORDERED, effective immediately and until further notice, that:

1.  **Hearings and Conferences**.  All hearings and conferences scheduled to be held in
    courthouses comprising the Manhattan Division, White Plains Division, and
    Poughkeepsie Division of the Bankruptcy Court will be conducted **telephonically**
    pending further Order of the Bankruptcy Judge assigned to the matter ("Bankruptcy
    Judge").  Any party wishing to appear in person at a hearing or conference shall file <u>or</u>
    submit an appropriate motion or request, which will be considered by the Bankruptcy
    Judge.  Any party may request an adjournment of a hearing or conference by filing or
    submitting an appropriate motion or request setting forth the basis for the adjournment in
    conformity with the Bankruptcy Judge's procedures for requesting adjournments.  All
    attorneys, witnesses and parties wishing to appear at, or attend, a telephonic hearing or
    conference must refer to the Bankruptcy Judge's guidelines for telephonic appearances
    and make arrangements with **Court Solutions LLC**.  Pro se parties, Chapter 7 Trustees
    and Ch 13 Trustee may participate telephonically in hearings free of charge using Court
    Solutions. The instructions for registering with Court Solutions are attached hereto.

2.  **Evidentiary Hearings and Trials**.  Parties should contact the Bankruptcy Judge's
    courtroom deputy or law clerk assigned to the case to inquire about whether an upcoming
    evidentiary hearing or trial will proceed as scheduled and be prepared to discuss
    procedures and technology for conducting the evidentiary hearing remotely.

3.  **Official Record**.  In order to assist the Bankruptcy Court in creating and maintaining the
    official record of proceedings before it, and to facilitate the availability of official
    transcripts of the proceedings, Bankruptcy Court personnel are permitted to utilize tools
    made available through Court Solutions to record telephonic hearings, conferences and
    trials. Such recordings shall be the official record. Transcripts can be ordered and
    corrected in the same way as before the issuance of this Order.

4.  **Clerk's Office and *Pro Se* Filings**.  Until further notice, the three Divisions of the Bankruptcy Court will remain open for all other business.  Clerk's Office personnel are available by telephone, mail will be received, and the intake desks will remain open to receive *pro se* filings.  *Pro se* filers can also continue to utilize the drop boxes located in the lobbies of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 or the Honorable Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 for delivery of documents after 5:00 pm.  Any documents submitted for filing in a drop box must be time-stamped, sealed in an envelope addressed to the Clerk of Court of the Bankruptcy Court, and must include the filer's contact information.

Dated: March 20, 2020
New York, New York

/s/ Cecelia G. Morris
Cecelia G. Morris
United States Bankruptcy Chief Judge

Instructions to register for CourtSolutions.

1. Create a CourtSolutions account online.
Logon to https://www.court-solutions.com/ to "Signup" for an account and to register a telephonic appointment for an upcoming hearing. Registration for a hearing must occur no later than 12:00 noon on the business day prior to the hearing date.

2. Register for a hearing with CourtSolutions.
After creating and signing into their CourtSolutions account at https://www.court-solutions.com/, a party must register for a hearing.
a. Enter the last name of the Judge to appear before and then select the appropriate name from the list.
b. Enter the time and date of the hearing.
c. Select participation status: Live or Listen Only.
d. Enter the case name, case number, and, if applicable, the name of client.
e. There is a box to click to agree to terms/conditions, and then press "Register".
f. CourtSolutions will send an email confirmation of the participation request.
g. The court staff will first confirm that a granted motion to appear telephonically is on the docket. If there exists a granted motion, the court staff will approve the reservation.
h. CourtSolutions will then send another email confirmation.
Note that the reservation received for a registered hearing may NOT be transferred to another person. If someone dials in with someone else's registration information, the caller information presented to the court will not match the correct person.

3. Charges.
For lawyers and participants, registration and reservations are free.
Once a party dials into a call, the cost is a flat fee of $70, per reservation, per judge, per day. If the hearing is adjourned for a break and the party rejoins the call later that day, there is no additional charge to rejoin the call. If the hearing is continued to another day, lawyers and participants will need to re-register and the flat fee will apply again when dialing in.
If a party does not timely join a call, no fee is charged. The Judge will have the party listed as having made a reservation, but the party is not charged. However, the hearing may proceed in their absence, and they may face sanctions from the Court.
Additionally, a party may notice that there is a charge on their card after making a reservation. When making a reservation, CourtSolutions places an authorization hold on the card. If the party does not join the call, the pending hold will be removed automatically several days later, and there will be no charge.
Any issues with billing shall be directed to the vendor. The Court is not responsible for the billing or collection of the fees incurred with CourtSolutions.

4. Order of Proceeding.
CourtSolutions does not place a call to counsel on the day of the hearing. It is counsel's responsibility to dial into the call not later than 10 minutes prior to the scheduled hearing. Logging into the CourtSolutions website for the hearing is not required but is helpful to unmute your line if the Court mutes it or to raise your hand to be recognized during the hearing.

Upon connecting to the call and at the time of the hearing, a party may hear the activity in the courtroom. Unless a joining party mutes their line, he/she joins the call as an active participant and can be heard. Failure to act appropriately on the line may result with the party being disconnected by Court. When the judge is ready to hear the case, appearances will be called. Each time a telephonic party speaks, he/she should identify them self for the record. The court's teleconferencing system allows more than one speaker to be heard, so the judge can interrupt a speaker to ask a question or redirect the discussion. When the judge informs the participants that the hearing is completed, the telephonic participant may disconnect, and the next case will be called.

5. Failure to appear.
If a party does not timely call and connect to the scheduled hearing, the hearing may proceed in their absence, and they may face sanctions from the Court for their failure to appear.

6. Other/Miscellaneous.
Telephonic appearances by multiple participants are only possible when there is compliance with every procedural requirement. Sanctions may be imposed when there is any deviation from the required procedures or the Court determines that a person's conduct makes telephonic appearances inappropriate. Sanctions may include denying the matter for failure to prosecute, continuing the hearing, proceeding in the absence of a party who fails to appear, or a monetary sanction.

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Minta J. Nester
*Proposed Attorneys for Albert Togut, Not Individually But*
*Solely in His Capacity as Chapter 7 Interim*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                             :
                    In the Matter                            :    Chapter 7
                                                             :    Case No. 21-10699 (DSJ)
                         -of-                                :
                                                             :
KOSSOFF PLLC                                                 :
                                        Debtor.              :
                                                             :
------------------------------------------------------------- X

## AFFIDAVIT OF SERVICE OF SUBPOENA FOR RULE 2004 EXAMINATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK )

      KRISTA RICCIARDI, being duly sworn, deposes and says:  deponent is
not a party to the action, is over 18 years of age and resides in New York, New York.

      On June 2, 2021, deponent served a copy of the *Subpoena For Rule 2004
Examination* directed to Ives & Sultan LLP, together with its Exhibit "A" and with a
copy of the May 24, 2021 *Order Authorizing Trustee to Issue Subpoenas and Testimony and
for Injunctive Relief* [Docket No. 27] upon:

Ives & Sultan, LLP
100 Crossways Park Drive West
Suite 206
Woodbury, NY 11797
Attn: President, Officer, General or Managing Agent

by Federal Express standard overnight delivery.

_____/s/ Krista Ricciardi_____
KRISTA RICCIARDI

Sworn to before me this
3rd day of June, 2021

_____/s/ Neil Berger_____
NOTARY PUBLIC

**Exhibit D**

**Emails**

On Jun 25, 2021, at 3:49 PM, Lyon, Christopher F. <Clyon@goldbergsegalla.com> wrote:

Minta,

Happy Friday!  I know we left off the call with us needing to find a way to resolve the 7216 issues either by obtaining the parties' consent for disclosure of the information or by obtaining an order from the court that would direct responses notwithstanding 7216.

We had originally extended our time to respond, objections reserved, to today, June 25, 2021.  Since we are still working these issues out, I would like to request that we extend it again for another 2 weeks to July 9, 2021.

Please confirm whether this is acceptable given the pending issue.

Best regards,

Chris


**Christopher F. Lyon, Esq.**

711 3rd Avenue, Suite 1900  |  New York, NY 10017
**MAIL** PO Box 880, Buffalo, NY 14201
**DIRECT** 646.292.8791  |  **EXT** 8791  |  **FAX** 646.292.8701  |  **MOBILE** 347.514.0910
Clyon@goldbergsegalla.com  |  Biography

Begin forwarded message:

**From:** Minta Nester <mnester@teamtogut.com>
**Subject: Re: In re Kossoff PLLC - Subpoena to Ives & Sultan, LLP**
**Date:** June 25, 2021 at 3:50:04 PM EDT
**To:** "Lyon, Christopher F." <Clyon@goldbergsegalla.com>
**Cc:** "Ziss, Jonathan S." <jziss@goldbergsegalla.com>

Thank you, Chris.  We are amenable to the extension.


Minta J. Nester | Associate
Togut, Segal & Segal LLP
One Penn Plaza | Suite 3335 | New York, NY  10119
Phone: Direct (212) 201-6583
Main (212) 594-5000 | Fax (212) 967-4258
Email: mnester@teamtogut.com
http://www.togutlawfirm.com

**From:** Lyon, Christopher F. Clyon@goldbergsegalla.com 
**Subject:** RE: In re Kossoff PLLC - Subpoena to Ives & Sultan, LLP [GSLAW-IMANAGE.FID4675538]
**Date:** July 22, 2021 at 11:24 PM
**To:** Minta Nester mnester@teamtogut.com

Minta,

Thank you for your follow-up.  As discussed, because the Trustee is the fiduciary for the Debtor, Kossoff PLLC, we are able to provide the attached documents, Bates Stamped I&S00001 through I&S00219, which include the financial statements prepared for Kossoff PLLC, without encountering issues with Section 7216.

With regard to the other entities, we believe that Section 7216 prevents disclosure of information that was provided to Ives & Sullivan for purposes of preparing the tax returns, including the tax returns themselves.  It is our understanding that you are aware of these issues as we have raised them in the past, and you will evaluate the need for such documents (and the steps to obtain them if necessary) after your review of the Kossoff PLLC disclosure.

Please do not hesitate to contact me should you have any questions.  Please note, however, that I will be out of town and unreachable for most of next week.

We look forward to hearing from you.

Best regards,

Chris


**Christopher F. Lyon, Esq.**

711 3rd Avenue, Suite 1900  |  New York, NY 10017
**MAIL** PO Box 880, Buffalo, NY 14201
**DIRECT** 646.292.8791  |  **EXT** 8791  |  **FAX** 646.292.8701  |  **MOBILE** 347.514.0910
Clyon@goldbergsegalla.com  |  Biography
**goldbergsegalla.com**



California | Connecticut | Florida | Illinois | Maryland | Missouri
New Jersey | New York | North Carolina | Pennsylvania



**From:** **Lyon, Christopher F.** Clyon@goldbergsegalla.com
**Subject:** RE: In re Kossoff 21-10699 (Ives & Sultan) [GSLAW-IMANAGE.FID4675538]
**Date:** March 3, 2023 at 5:28 PM
**To:** Ron Howard rhoward@teamtogut.com
**Cc:** Neil Berger neilberger@teamtogut.com, Minta Nester mnester@teamtogut.com

Hi Ron (Hey Minta), long time.

I left this file open for quite an extended time and we issued a Certificate of Compliance on December 1, 2021.  Our file was closed sometime in 2022.   What your letter is asking is for our firm to re-open the file and conduct an entirely new search for documents, which is not a cheap or quick endeavor.  Who is going to pay for the costs my client will incur for duplicating their efforts from 2021?

Regarding the anticipated motion – not a problem.  Please let me know when the Court issues the Order and I'll contact the carrier/client to re-open the file.  Unfortunately, it's not something Ives & Sultan can just choose to ignore – it's the taxpayer's privilege to waive.

Chris

**Christopher F. Lyon, Esq.**  |  **Partner**

711 3rd Avenue, Suite 1900  |  New York, NY 10017
**DIRECT** 646.292.8791  |  **EXT** 8791  |  **FAX** 646.292.8701  |  **MOBILE** 347.514.0910
Clyon@goldbergsegalla.com  |  Biography
**goldbergsegalla.com**



California | Connecticut | Florida | Illinois | Maryland | Missouri
New Jersey | New York | North Carolina | Pennsylvania

Privileged attorney-client communication / attorney's work product. This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.



**From:** **Ron Howard** rhoward@teamtogut.com 📎
**Subject:** Re: In re Kossoff 21-10699 (Ives & Sultan) [GSLAW-IMANAGE.FID4675538]
**Date:** March 7, 2023 at 2:45 PM
**To:** Lyon, Christopher F. Clyon@goldbergsegalla.com
**Cc:** Neil Berger neilberger@teamtogut.com, Minta Nester mnester@teamtogut.com

Chris,

Thank you for your prompt response. The document requests set forth in the discovery demand letter are all within the scope of the original subpoena and therefore do not require that Ives & Sultan conduct an entirely new search for documents. As the Trustee is not requesting that Ives & Sultan produce any materials that it has already produced, there should be no duplication of effort.

A review of the documents received by the Trustee indicates that communications between Ives & Sultan and the Debtor were omitted from the original production. For reference, please see the attached sampling of emails sent by Ives & Sultan to the Debtor during the course of the relevant document search period. The production of e-mailed communications is not burdensome and remains subject to the subpoena. To facilitate Ives & Sultan's response, and without waiving any rights or any document requests made pursuant to the subpoena or the demand letter, the Trustee requests that Ives & Sultan prioritize the search for communications.

IS Emails.pdf

Ronald D. Howard
Togut, Segal & Segal LLP
One Penn Plaza | Suite 3335 | New York, NY  10119
General: (212) 594-5000 | Direct: (212) 201-5585
Fax (212) 967-4258 | Mobile: (917) 846-0279
Email: rhoward@teamtogut.com
http://www.togutlawfirm.com

**Exhibit E**

<u>**Certificate of  Compliance with Subpoena**</u>



Christopher F. Lyon | Associate
Direct 646.292.8791 | Clyon@goldbergsegalla.com

December 3, 2021

**VIA EMAIL AND US MAIL**

Ms. Minta Nester, Esq.
Togut, Segal & Segal LLP
One Penn Plaza
New York, New York 10119

> **Re:   In re Kossoff PLLC - Certificate of Compliance for Subpoena to Ives & Sultan LLP**

Dear Ms. Nester:

Attached is a Certificate of Compliance with Subpoena executed by Frank Cicarelli, CPA on December 1, 2021, certifying compliance with the so-ordered subpoena dated June 2, 2021, and subsequently served.  Compliance was made on July 22, 2021.

As more than four months have passed since document production was made without attempts to schedule the non-party deposition, we are under the impression that your office does not intend to depose the witness at this time.  Accordingly, we will close our file on this matter.

Very truly yours,

**GOLDBERG SEGALLA LLP**

Christopher F. Lyon

CFL:
Attachment

---

**OFFICE LOCATION** 711 3rd Avenue, Suite 1900, New York, NY 10017-4013 | **PHONE** 646-292-8700 | **FAX** 646-292-8701 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA
31855695.v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re KOSSOFF PLLC.,

**Case No.:** 20-10699 (DSJ)

Debtor,

**CERTIFICATE OF
COMPLIANCE WITH
SUBPOENA**

------------------------------------------------------------------------x

I, **FRANK CICARELLI, CPA**, hereby certify that I am authorized to execute this certificate on behalf of Ives & Sultan, LLP and that I have personal knowledge of the facts contained herein.

This will certify that on July 22, 2021, through my attorneys, I produced documents Bates Numbered I&S00001 through I&S00219 containing all discoverable materials not subject to privilege or other protections in my possession responsive to the so-ordered subpoena dated June 2, 2021 (the "Subpoena") and the Order Authorizing Trustee to Issue Subpoenas and Obtain Testimony and For Injunctive Relief (the "Order"), both served by plaintiff with respect to the above-captioned matter.

This production represents a true duplicate of the original records maintained by my office in the ordinary course of business, which have not been redacted or altered unless otherwise noted. All documents or things were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters.

I certify that the statements contained herein are true and correct to the best of my knowledge, information and belief.

Name:  Frank Cicarelli, CPA
Date:  December  1 , 2021

31827321.v1

**Exhibit F**

**Demand Letter**

TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW

ONE PENN PLAZA

NEW YORK, NEW YORK 10119

(212) 594-5000

———

FACSIMILE

(212) 967-4258

———

EMAIL

rhoward@teamtogut.com

March 3, 2023

**Via FedEx and Email - Clyon@goldbergsegalla.com**

Ives & Sultan, LLP

c/o Goldberg Segalla

ATTN: Christopher F. Lyon, Esq.

711 3rd Avenue, Suite 1900

New York, NY 10017

Re:    Kossoff PLLC,
       Chapter 7 Case No. 21-10699 (DSJ)

Dear Mr. Lyon:

As you are aware, we are the attorneys for Albert Togut, not individually but solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Kossoff PLLC (the "Debtor").

Pursuant to the Bankruptcy Court's *Order Authorizing the Trustee to Issue Subpoenas and Obtain Testimony and for Injunctive Relief* [Docket No. 27] (the "Rule 2004 Order"), the Trustee served a subpoena dated June 2, 2021 (the "Subpoena") to Ives & Sultan, LLC ("I&S"), which requested the production of Documents concerning the Debtor and certain entities related to the Debtor (i.e., Burton, Tenantracers and Mitchell H. Kossoff, Esq., collectively the "Non-Debtor Affiliates").[1] We write to you in connection with the production made by I&S in response to the Subpoena. A copy of the Subpoena is enclosed for your reference.

As a matter of background, on July 22, 2021, I&S produced a batch of Documents via email which consisted solely of the Debtor's financial statements prepared by I&S for years ended 2017, 2018, 2019 and portions of 2020 (the "July 22 Production"). Your email accompanying the July 22 Production explained that section 7216 of the Tax Code prohibited I&S from disclosing to the Trustee information provided to I&S for the purpose of preparing the tax returns (including the tax returns themselves) of the Non-Debtor Affiliates, but that this prohibition was not applicable to the Debtors' tax returns on account of the Trustee's role as the Debtor's fiduciary.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Subpoena.

March 3, 2023
Page 2

**Documents Concerning the Debtor**

   It appears that certain Documents concerning the Debtor may have been omitted from the July 22 Production.  The Subpoena requested that I&S produce "all Documents . . . concerning the Debtor" including, but not limited to "workpapers, documents, notes and research that related in any form to audits, reviews, compilations, special projects, agreed upon procedures, tax return preparation, write-up work or any other service."   Subpoena, Request No. 1.  The scope of the Document request included engagement letters, billing files (including all invoices, statements, bills and correspondence) and payroll records (including time sheets), as well as all Documents concerning any service provided to the Debtor, all Documents concerning the preparation of tax returns, and all Communications with or concerning the Debtor.  Request Nos. 1 (p), (q) and (y), 2, 3 and 5.

   Our review of the July 22 Production revealed that I&S may have omitted certain responsive Documents concerning the Debtor.  Please accept this letter as a demand that I&S produce, within seven (7) days of the date of this letter, the Documents set forth below (the "<u>Omitted Documents</u>") or that I&S provide written confirmation that the Omitted Documents do not exist, whether in whole or in part.  The Omitted Documents consist of the following:

- Copies of all engagement letters between I&S and the Debtor;
- All Communications between personnel of the Debtor and personnel of I&S;
- All Communications concerning any service provided by I&S to or for the benefit of the Debtor;
- All internal I&S Communications (i.e., among I&S personnel) concerning I&S's engagement(s) with the Debtor;
- Copies of I&S's internal workpapers and work product, including but not limited to:
  - <u>With respect to engagements for the preparation of financial statements</u> -  I&S's permanent file, reports, schedules, or other data generated by I&S, and any and all reports, schedules, or other data provided by the Debtor; and
  - <u>With respect to tax related engagements</u> - any and all reports, financial statements, schedules, or other data generated by I&S, and any and all reports, tax returns, schedules, or other data, schedules, files (including any QuickBooks files) provided by, or pertaining to the tax reporting of Kossoff, PLLC; and
- Copies of I&S's time and billing records pertaining to its engagement with the Debtor.

**Documents Concerning Non-Debtor Affiliates**

   The Trustee acknowledges that I&S has taken the position that Section 7216(a) of the Tax Code prohibits its production of Documents responsive to the Subpoena that concern the preparation of tax returns for the Non-Debtor Affiliates (the "<u>Disclosure Prohibition</u>").  Although the Trustee has no fiduciary role with respect to the Non-Debtor Affiliates, I&S's production of Documents concerning those entities is essential to the

March 3, 2023
Page 3


Trustee's performance of his statutorily mandated duty to "collect and reduce to money the property of the estate for which [he] serves," and to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)(1) & (a)(4). In furtherance of this duty, the Trustee intends to file a motion with the Bankruptcy Court pursuant to section 7216(b)(1)(B) of the Tax Code for an order granting an exception to the Disclosure Prohibition and authorizing I&S to produce Documents responsive to the Subpoena concerning the Non-Debtor Affiliates.

Thank you for your attention to this matter. Please feel free to contact me should you have any questions.

All of the Trustee's rights and claims are expressly preserved and not waived, including the right to redefine the scope of the Omitted Documents.


Very truly yours,

TOGUT, SEGAL & SEGAL LLP
By:
*/s/Ronald Howard*
Ronald Howard

*(Subpoena attachment included by reference)*