Togut, Segal & Segal LLP
*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello

## UNITED STATES BANKRUPTCY COURT`
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| KOSSOFF PLLC, | : |
| Debtor. | : Case No. 21-10699 (DSJ) |
| | : |

---------------------------------------------------------------------- x

| | |
|---|---|
| | : |
| | : |
| ALBERT TOGUT, Not Individually but Solely in | : |
| His Capacity as Chapter 7 Trustee of the Estate of | : Adv. Pro. No. 22-01141 (DSJ) |
| Kossoff PLLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ERNEST PEREVOSKI, TERRI ABBEY, HUI-FONG | : |
| LEE, JOHN BOSWELL, EQUITY TRUST | : |
| COMPANY, PETER XENOPOULOS, P. | : |
| XENOPOULOS REALTY, LLC, PAMELA | : |
| KOSSOFF, in her capacity as Executor of the | : |
| Estate of Phyllis Kossoff, RONNY MINTZ and | : |
| CHALRON ENTERPRISES LTD., | : |
| | : |
| Defendants. | : |

---------------------------------------------------------------------- x

## NOTICE OF HEARING
## TO CONSIDER CHAPTER 7 TRUSTEE'S APPLICATION
## FOR AN ORDER APPROVING SETTLEMENT STIPULATIONS
### (Mintz, Chalron, Lee, Perevoski)

**PLEASE TAKE NOTICE** that a hearing will be held on **July 12, 2023 at**

**10:00 a.m. (Prevailing Eastern Time)** (the "Hearing") or as soon thereafter as counsel

can be heard, to consider the attached *Chapter 7 Trustee's Application for Entry of an Order Approving Settlement Stipulations* (the "<u>Application</u>") via Zoom.

  **PLEASE TAKE FURTHER NOTICE** that the Hearing will be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Hearing shall take place via Zoom for Government.  Those wishing to appear before the Court at the Hearing must register for appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than July 11, 2023, at 4:00 p.m. (Prevailing Eastern Time).

  **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be made in writing, stating in detail the reasons therefor, and must be filed with the Clerk of the Bankruptcy Court, with paper copies delivered to Chambers, and served upon:  (i) Togut, Segal & Segal LLP, attorneys for Albert Togut, Chapter 7 Trustee, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Neil Berger, Esq., and Jared C. Borriello, Esq. (neilberger@teamtogut.com, jborriello@teamtogut.com);  (ii) the Office of the United States Trustee for the Southern District of New York (Region 2), One Bowling Green, Room 534, New York, NY 10004-1408, Attn: Andrew D. Velez-Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  (iii) Klestadt Winters Jureller Southard & Stevens, LLP, attorneys for defendants Ronny Mintz and Chalron Enterprises Ltd, Attn: Sean C. Southard, Esq. (SSouthard@Klestadt.com); (iv) Rubin LLC, attorneys for Hui-Fong Lee, 345 Seventh Avenue, 21st Floor, New York, New York 10001, Attn: Hanh v. Huyn, Esq. (hhuynh@rubinlawllc.com);  (v) Lax & Neville LLP, attorneys for Ernest Perevoski and Terri Abbey, 350 Fifth Avenue, Suite

4640, New York, New York 10118, Attn: Barry R. Lax, Esq. (blax@laxneville.com), and (vi) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so that they are actually received by the aforementioned parties not later than **4:00 p.m. (Prevailing Eastern Time) on July 5, 2023**.  Objections not timely served and filed may not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider the Application may be adjourned from time to time, without further written notice to any party.

Dated:   New York, New York
         June 6, 2023

> ALBERT TOGUT, not individually but solely
> in his capacity as Chapter 7 Trustee
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> */s/ Neil Berger*
> NEIL BERGER
> JARED C. BORRIELLO
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000

Togut, Segal & Segal LLP
*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello

# UNITED STATES BANKRUPTCY COURT`
# SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
In re:                                          :
                                                :    Chapter 7
KOSSOFF PLLC,                                    :
                          Debtor.               :    Case No. 21-10699 (DSJ)
                                                :
------------------------------------------------------------------ x
                                                :
                                                :
ALBERT TOGUT, Not Individually but Solely in    :
His Capacity as Chapter 7 Trustee of the Estate of :  Adv. Pro. No. 22-01141 (DSJ)
Kossoff PLLC,                                    :
                                                :
                          Plaintiff,            :
                                                :
            v.                                   :
                                                :
ERNEST PEREVOSKI, TERRI ABBEY, HUI-FONG         :
LEE, JOHN BOSWELL, EQUITY TRUST                  :
COMPANY, PETER XENOPOULOS, P.                    :
XENOPOULOS REALTY, LLC, PAMELA                   :
KOSSOFF, in her capacity as Executor of the     :
Estate of Phyllis Kossoff, RONNY MINTZ and       :
CHALRON ENTERPRISES LTD.,                         :
                                                :
                          Defendants.           :
------------------------------------------------------------------ x
```

## CHAPTER 7 TRUSTEE'S APPLICATION
## FOR AN ORDER APPROVING SETTLEMENT STIPULATIONS
(Mintz, Chalron, Lee, Perevoski)

TO THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as Chapter 7

trustee (the "Plaintiff" or "Trustee") of the estate of Kossoff PLLC, the debtor (the

"Debtor") in the above-captioned case, by his attorneys, Togut, Segal & Segal LLP (the

"Togut Firm"), makes this application (the "Application") for entry of an order,

substantially in the form attached hereto as **Exhibit "A"** (the "Proposed Order"),

approving (a) the *Stipulation and Order Settling Adversary Proceeding Against the Perevoski

Defendants*, annexed to the Proposed Order as **Exhibit "1"** (the "Perevoski Stipulation")

by and among the Trustee and defendants Ernest Perevoski ("Perevoski") and Terri

Abbey ("Abbey," and collectively with Perevoski, the "Perevoski Defendants"), (b) the

*Stipulation and Order Settling Adversary Proceeding Against the Mintz Defendants*, annexed

to the Proposed Order as **Exhibit "2"** (the "Mintz Stipulation") by and among the

Trustee, and defendants Ronny Mintz ("Mintz") and Chalron Enterprises Ltd.

("Chalron," and collectively with Mintz, the "Mintz Defendants"), and (c) the

*Stipulation and Order Settling Adversary Proceeding Against Hui-Fong Lee*, annexed to the

Proposed Order as **Exhibit "3"** (the "Lee Stipulation," and the Lee Stipulation

collectively with the Perevoski Stipulation and the Mintz Stipulation, the

"Stipulations") by and between the Trustee and defendant Hui-Fong Lee ("Lee," and

Lee collectively with the Perevoski Defendants and the Mintz Defendants, the "Settling

Defendants," and the Settling Defendants together with the Trustee, the "Settlement

Parties"), pursuant to section 105(a) of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").   In support of this Application, the Trustee respectfully submits

the Declaration of Neil Berger, a member of the Togut Firm, annexed hereto as

**Exhibit "B"** and incorporated herein by reference.  In further support of this Application, the Trustee respectfully states:

## PRELIMINARY STATEMENT[1]

Approval of the Stipulations with the Settling Defendants will fully resolve the Trustee's claims asserted against the Settling Defendants and will enable the Trustee to recover $897,000 without the need for further discovery or litigation concerning the Debtor's prepetition transactions with, and transfers to, the Settling Defendants.

For the reasons set forth below, the Trustee, in his considered business judgment, has concluded that entry into the Stipulations is in the best interests of the Debtor's estate (the "Estate").  In reaching that conclusion, the Trustee has considered, among other things, the defenses that have been asserted by the Settling Defendants and the costs, expenses, and delays associated with litigating disputed issues with the Settling Defendants, the result of which is uncertain.  The amounts to be recovered pursuant to the Stipulations represent not less than 75% of the net claims against each of the Settling Defendants.

Approval of the Stipulations will resolve claims asserted by and against the Settling Defendants without the need for any contested hearings before the Court. Accordingly, the Trustee respectfully requests that the Stipulations be approved by this Court.

---

[1]    Capitalized terms used but not defined in this Preliminary Statement shall have the meaning ascribed to such terms where defined in the following sections of this Application.

## RELIEF REQUESTED

1.      The Trustee seeks entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit "A,"** authorizing and approving the Stipulations pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this Application and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

**A.      The Chapter 7 Case**

4.      On April 13, 2021 (the "Petition Date"), creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case [Case No. 21-10699 (the "Chapter 7 Case"), Docket No. 1].

5.      On May 11, 2021, the Court entered the *Order for Relief and Order to File Schedules and Other Documents* [Chapter 7 Case, Docket No. 14].

6.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor;  he accepted his appointment, and duly qualified.

7.      On February 3, 2022, Perevoski filed a proof of claim ("Claim No. 35") in the Chapter 7 Case seeking $1,092,178.28 for "money lent."

8.      On February 24, 2022, Mr. Togut conducted the meeting of creditors in the Chapter 7 Case pursuant to section 341 of the Bankruptcy Code and

became the permanent Chapter 7 Trustee of the Debtor pursuant to Bankruptcy Code
section 702(d).

9.    On March 17, 2022, Lee filed a proof of claim ("Claim No. 41")
seeking $280,344.30 owed in connection with sums that were to be held in escrow by the
Debtor.

**B.    The Adversary Proceeding**

10.    On August 26, 2022, the Trustee filed a complaint [Adv. Pro.
Docket. No. 1] (the "Complaint") and commenced the above-captioned adversary
proceeding (the "Adversary Proceeding") against, among others, the Settling
Defendants in connection with Farmview Estates, LLC ("Farmview") and investments
therein made by the above-captioned Defendants.  Farmview was a vehicle
incorporated by Mitchell H. Kossoff, the Debtor's sole member ("Kossoff") to facilitate a
real-estate investment project concerning undeveloped real property in Dutchess
County, New York.

11.    Among other things, the Trustee alleges in the Complaint that:
(a)  the Farmview venture was a failure;  (b) Kossoff used funds in the Debtor's bank
accounts to satisfy Kossoff's personal obligations to the Settling Defendants;  and
(c) between December 1, 2013 and April 13, 2021, Kossoff caused the Debtor to make
payments to the Settling Defendants in the aggregate amounts:  (i) Lee:  $2,250;  (ii)
Mintz:  $63,829.62;  (iii) Chalron:  $362,095.13;  and (iv) Perevoski:  $1,083,291.82.[2]

---

[2]    This amount includes $19,621,67 paid to Perevoski or Abbey.  Abbey shared one or more checking
accounts and received payments in those accounts from the Debtor on Perevoski's behalf.

12.     In the Adversary Proceeding, the Trustee has asserted among other things, that he is entitled to:[3]

> (i)     judgments against Lee, the Perevoski Defendants and the Mintz Defendants avoiding the Avoidable Transfers made by the Debtor to Lee, the Perevoski Defendants and the Mintz Defendants as fraudulent conveyances or in the alternative as to the Perevoski Defendants, as preferential transfers;
>
> (ii)    the recovery of each of the Avoidable Transfers and/or their value from Lee, the Perevoski Defendants and the Mintz Defendants, as applicable;
>
> (iii)   the disallowance of any claims that Lee, any Perevoski Defendant or any Mintz Defendant may have against the Debtor until such time as each such Avoidable Transfer and/or their value is repaid to the Trustee;  and
>
> (iv)    the recovery of an award of attorneys' fees and costs from Lee, the Perevoski Defendants and each of the Mintz Defendants.

(to the extent such claims are asserted against the Perevoski Defendants, the Mintz Defendants, or Lee, the "Perevoski Claims," the "Mintz Claims," and the "Lee Claims," respectively, and collectively, the "Claims").

13.     Chalron and Mintz filed Answers to the Complaint [Adv. Pro. Docket. Nos. 18 & 19.  Neither Lee nor the Perevoski Defendants filed an answer to the Complaint.

## C.     The Stipulations

14.     The Trustee has taken considerable efforts to negotiate settlements with the Settling Defendants, which are summarized below.

---

[3]     Capitalized terms contained in the summary below shall have the meanings of the defined terms contained in the Trustee's Complaint in the Adversary Proceeding.

### 1.      The Perevoski Stipulation

15.      After confidential settlement negotiations discovery and the

exchange of confidential position statements that took place over the course of months,

the Trustee and the Perevoski Defendants have executed the Perevoski Stipulation,

annexed to the Proposed Order as **Exhibit "1,"** which, subject to approval by this Court,

provides for the full resolution of the Perevoski Claims.  The material terms of the

Perevoski Stipulation are:[4]

- The Perevoski Defendants will pay Eight-Hundred Fifteen Thousand Dollars ($815,000) (the "Perevoski Settlement Amount") to the Trustee in full settlement of the Perevoski Claims;

- The Perevoski Settlement Amount shall be paid by the Perevoski Defendants to the Trustee no later than fourteen (14) days after the later of the date that (a) the Bankruptcy Court enters the order (the "Approval Order") approving the Perevoski Stipulation (the "Perevoski Effective Date") and (b) the Perevoski Defendants receive a copy of the Approval Order, a fully executed W-9 for the Debtor's estate, and wire instructions for payment to the Trustee;

- Within three (3) business days after the Trustee's receipt of the Perevoski Settlement Amount (the "Perevoski Payment Date"), the Trustee shall file a notice of dismissal of the Adversary Proceeding against the Perevoski Defendants with prejudice.  The Trustee and the Perevoski Defendants shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to the Perevoski Defendants, with each of the Trustee and the Perevoski Defendants bearing its own costs and expenses;

- The Trustee and the Perevoski Defendants will make the following releases:

  - As of the Perevoski Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all claimants whose claims are derivative of any of the Trustee's and/or Debtor's claims in the Chapter 7 Case and the Adversary Proceeding, and any and all of their respective

---

[4]     This summary of the Perevoski Stipulation is provided for the convenience of the Court and parties in interest.  In the event of any inconsistency between the summary in this Application and the terms of the Perevoski Stipulation, the terms of the Perevoski Stipulation shall govern.

successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, shall release, waive, acquit, and forever discharge the Perevoski Defendants and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other forms of liabilities or demands of any kind and nature arising from or relating to the Perevoski Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Perevoski Payment Date; provided, however, that the foregoing release shall not apply to and shall not be deemed to release or discharge (a) any obligations arising under and pursuant to the Perevoski Stipulation of the Perevoski Defendants, or (b) any claims relating to any breach of the obligations arising under and pursuant to the Perevoski Stipulation;

o As of the Perevoski Effective Date, the Perevoski Defendants shall:  (a) release, waive, acquit, and forever discharge the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Perevoski Effective Date, and (b) waive any right to file a claim against the Debtor or the Estate relating to the Perevoski Settlement Amount pursuant to Bankruptcy Code section 502(h), and any claim filed by or on behalf of any of the Perevoski Defendants against the Debtor or the Estate pursuant to Bankruptcy Code section 502(h) related to the Perevoski Settlement Amount shall be deemed immediately expunged without any further order of the Bankruptcy Court; provided, however, that the foregoing release in this paragraph shall not apply to and shall not be deemed to release or discharge (i) any obligations arising under and pursuant to the Perevoski Stipulation of the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, or (ii) any claims relating to any breach of the obligations arising under and pursuant to the Perevoski Stipulation.  For the avoidance of doubt, the foregoing release shall include the waiver of Claim

8

No. 35 filed by Perevoski in the Chapter 7 Case and all rights and claims related thereto;  and

- In the event that the Perevoski Defendants fail to timely pay the Perevoski Settlement Amount, counsel for the Trustee will send a written default notice by electronic and first-class mail to the Perevoski Defendants' counsel.  If the Perevoski Defendants fail to cure such default within five (5) business days after the notice is sent to the Perevoski Defendants' counsel by electronic mail, the Trustee may elect to either (i) nullify and void the Perevoski Stipulation and continue to pursue the Perevoski Claims, or (ii) seek entry of a judgment from the Bankruptcy Court with a declaration stating that the Perevoski Defendants have failed to timely cure the payment default and requesting that a judgment be entered against the Perevoski Defendants in the Adversary Proceeding in the full Perevoski Settlement Amount, plus costs and interest.  The default notice, if any, shall be deemed given two (2) days after the Trustee has sent said notice by first class mail.

### 2.    The Mintz Stipulation

16.    As a result of confidential settlement negotiations, discovery and the exchange of confidential position statements over the course of months, the Trustee and the Mintz Defendants have executed the Mintz Stipulation, annexed to the Proposed Order as **Exhibit "2,"** which, subject to approval by this Court, provides for the full resolution of the Mintz Claims.  The material terms of the Mintz Stipulation are:[5]

- The Mintz Defendants will pay Eighty Thousand Dollars ($80,000) (the "Mintz Settlement Amount") to the Trustee in full settlement of the Mintz Claims;

- The Mintz Settlement Amount will be paid by the Mintz Defendants to the Trustee no later than fourteen (14) days after the later of the date that (a) the Bankruptcy Court enters the Approval Order approving the Mintz Settlement (the "Mintz Effective Date") and (b) the Mintz Defendants receive a copy of the Approval Order, a fully executed W-9 for the Debtor's estate, and instructions for payment to the Trustee by wire and delivery of Official Bank, Certified or Cashier's Check;

---

[5]    This summary of the Mintz Stipulation is provided for the convenience of the Court and parties in interest.  In the event of any inconsistency between the summary in this Application and the terms of the Mintz Stipulation, the terms of the Mintz Stipulation shall govern.

- Within three (3) business days after the Trustee's receipt of the Mintz Settlement Amount (the "Mintz Payment Date"), the Trustee and the Mintz Defendants shall enter into a stipulation of dismissal of the Adversary Proceeding against the Mintz Defendants with prejudice. The Trustee and the Mintz Defendants shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to the Mintz Defendants, with the Trustee, Mintz, and Chalron each bearing its own costs and expenses;

- The Trustee and the Mintz Defendants will make the following releases:

  o As of the Mintz Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all claimants whose claims are derivative of any of the Trustee's and/or Debtor's claims in the Chapter 7 Case and the Adversary Proceeding, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, shall release, waive, acquit, and forever discharge the Mintz Defendants and each of their respective past, present and future officers, directors, agents, servants, employees, independent contractors, assigns, heirs, partners, managers, members, principals, representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, and any person, firm, trust, corporation, officer, director or other individual or entity that may have a controlling interest in any of the Mintz Defendants, as well as any and all of the foregoing's respective past, present and future direct and indirect subsidiaries, divisions, parents, affiliates, successors and predecessors, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Mintz Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Mintz Payment Date; provided, however, that the foregoing release in this paragraph shall not apply to and shall not be deemed to release or discharge (a) any obligations arising under and pursuant to the Mintz Stipulation of the Mintz Defendants, or (b) any claims relating to any breach of the obligations arising under and pursuant to the Mintz Stipulation;

  o As of the Mintz Effective Date, each of the Mintz Defendants shall: (a) release, waive, acquit, and forever discharge the Trustee, the Debtor, the Estate, and any and all of their

respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, reinsurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Mintz Effective Date, and (b) waive any right to file a claim against the Debtor or the Estate relating to the Mintz Settlement Amount pursuant to Bankruptcy Code section 502(h), and any claim filed by or on behalf of the Mintz Defendants against the Debtor or the Estate pursuant to Bankruptcy Code section 502(h) related to the Mintz Settlement Amount shall be deemed immediately expunged without any further order of the Bankruptcy Court;  provided, however, that the foregoing release in this paragraph shall not apply to and shall not be deemed to release or discharge (i) any obligations arising under and pursuant to the Mintz Stipulation of the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, or (ii) any claims relating to any breach of the obligations arising under and pursuant to the Mintz Stipulation;  and

- In the event that the Mintz Defendants fail to timely pay the Mintz Settlement Amount, counsel for the Trustee will send a written default notice by electronic and first-class mail to the Mintz Defendants' counsel.  If the Mintz Defendants fail to cure such default within five (5) business days after the notice is sent to the Mintz Defendants' counsel by electronic mail, the Trustee may elect to either (i) nullify and void the Mintz Stipulation and continue to pursue the Mintz Claims, or (ii) seek entry of a judgment from the Bankruptcy Court with a declaration stating that the Mintz Defendants have failed to timely cure the payment default and requesting that a judgment be entered against the Mintz Defendants in the Adversary Proceeding in the full Mintz Settlement Amount, plus costs, and interest.  The default notice, if any, shall be deemed given two (2) days after the Trustee has sent said notice by first class mail.

### 3.    The Lee Stipulation

17.    As a result of confidential settlement negotiations over the course of months, the Trustee and Lee have executed the Lee Stipulation, annexed to the

11

Proposed Order as **Exhibit "3"** which, subject to approval by this Court, provides for

the full resolution of the Lee Claims.  The material terms of the Lee Stipulation are:[6]

- Lee will pay Two Thousand Dollars ($2,000) (the "Lee Settlement Amount") to the Trustee in full settlement of the Lee Claims;

- The Lee Settlement Amount will be paid by Lee to the Trustee no later than fourteen (14) days after the later of the date on which (a) the Approval Order approving the Lee Stipulation becomes final (the "Lee Effective Date") and (b) the Trustee provides Lee with a fully executed W-9 for the Debtor's estate and wire instructions;

- Upon the later of the Trustee's receipt of the Lee Settlement Amount or the Lee Effective Date, the Adversary Proceeding shall be deemed dismissed with prejudice with respect to the Lee Claims.  The Trustee and Lee shall undertake any actions necessary to cause the Adversary Proceeding to be dismissed with prejudice as to Lee, with the Trustee and Lee each bearing his or her own costs and expenses;  and

- The Trustee and Lee will make the following releases:

  - As of the Lee Effective Date, Lee shall: (i) release, acquit and discharge the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising from or relating to the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued as of the Lee Effective Date;  and (ii) waive any right to file a claim against the Debtor or the Estate relating to the Lee Settlement Amount pursuant to Bankruptcy Code section 502(h), and any claim filed by or on behalf of Lee against the Debtor or the Estate pursuant to Bankruptcy Code section 502(h) related to the Lee Settlement Amount shall be deemed immediately expunged without any further order of the Bankruptcy Court;  provided, however, that nothing in the Lee Stipulation shall in any way be construed or deemed to affect in any way Claim No. 41 and any

---

[6]    This summary of the Lee Stipulation is provided for the convenience of the Court and parties in interest.  In the event of any inconsistency between the summary in this Application and the terms of the Lee Stipulation, the terms of the Lee Stipulation shall govern.

claims, rights, remedies or defenses that the Trustee and Lee may have with respect thereto are preserved;

    o  Upon receipt of payment in full of the Lee Settlement Amount, the Trustee shall release, acquit and discharge Lee, and any and all of her respective successors and assigns, as well as her past, present and future representatives, attorneys, retained professionals, insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising from or relating solely to the Lee Claims in the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued as of the Lee Effective Date (the "Lee Trustee Release").  For the avoidance of doubt, the Lee Trustee Release shall not in any way be construed as or deemed to be evidence of or reflect a release or waiver by the Trustee of any claim, cause of action, right or remedy the Trustee may have against Lee, unless such claim, right or remedy seeks to recover the value of the transfer covered by the Lee Claims;  and

- In the event that Lee fails to timely pay the Lee Settlement Amount, counsel for the Trustee will send a written default notice by electronic and first-class mail to Lee's counsel.  If Lee fails to cure such default within five (5) business days after the notice is received by Lee's counsel by electronic mail, counsel for the Trustee may elect to either (i) nullify and void the Lee Stipulation and continue to pursue the Lee Claims, or (ii) seek entry of a judgment from the Bankruptcy Court with a declaration stating that Lee has failed to timely cure the payment default and requesting that a judgment be entered against Lee in the Adversary Proceeding in the full amount of the Lee Claims, plus attorneys' fees, costs, and interest.  Lee may oppose the Trustee's request for entry of a judgment.

## BASIS FOR RELIEF

**A.    The Stipulations Are Fair and Equitable
and in the Best Interests of the Debtor's Estate**

      18.    The Stipulations:  consensually resolve numerous disputed Claims asserted in the Adversary Proceeding;  avoid the costs, expenses, and risks associated

with continued litigation;  and provide for the recovery of $897,000.[7]

19.    Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

20.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."

21.    The settlement of disputes is encouraged and generally favored in bankruptcy cases.  *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994);  *see also In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements").

22.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is both (i) fair and equitable, and (ii) in the best interests of a debtor's estate.  *See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying the "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019);  *In re Enron Corp.*, Case No. 02-Civ-8489 (AKH), 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003) ("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (internal quotation marks and citations omitted).

---

[7]    Neither the Stipulations nor entry of an order approving the Stipulations will affect or impair the rights, claims or defenses of the remaining parties in the Adversary Proceeding.

23.    To evaluate whether a settlement is fair and equitable, courts in the Second Circuit consider factors including the following:  (a) the balance between the possibility of success in any litigation and the settlement's future benefits;  (b) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay;  (c) the paramount interests of creditors, including the relative benefits, and the degree to which creditors either do not object to or affirmatively support the proposed settlement;  (d) whether other parties in interest support the settlement;  (e)  the competency and experience of counsel supporting the settlement;  and (f) the extent to which the settlement is the product of arm's-length bargaining.  *See Iridium*, 478 F.3d at 462.  Not all of these factors are relevant to all cases. *See Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC)*, 401 B.R. 87, 96 (Bankr. E.D.N.Y. 2009).

24.    Although a court should evaluate all factors "relevant to a fair and full assessment of the wisdom of the proposed compromise," (*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)) a court need not conduct a "mini-trial" of the merits of the claims being settled (*see In re Purofied Down Prod. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993)), or conduct a full independent investigation.  *See In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  The court is not required to decide every question of law or fact raised by litigation, but rather should canvass the issues to determine whether the settlement "falls below the lowest point in the range of reasonableness."  *See W.T. Grant Co. v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983);  *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y.), *adhered to on reconsideration*, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

25.     The Trustee respectfully submits that the Stipulations satisfy the standards for approval under Bankruptcy Rule 9019.

26.     The Trustee has considered what was learned through the exchange of confidential position statements, document productions, and settlement conferences with the Settling Defendants and he has reviewed numerous documents concerning the claims and defenses asserted by the Settling Defendants including, without limitation:

- Each Settling Defendant's Rule 408 Position Statement;

- Documents produced by the Settling Defendants in support of their Rule 408 Position Statements;  and

- The Debtor's records and documents obtained through Rule 2004 subpoenas issued to the Settling Defendants and other third parties concerning, among other things:  (i) Farmview;  (ii) the obligations of Farmview to the Settling Defendants;  and (iii) Kossoff's use of funds in the Debtor's bank accounts to satisfy Farmview's obligations to the Settling Defendants.

27.     After a thorough review of the relevant records and deliberate consideration of the costs, uncertainty, and risks inherent in all litigation, the Trustee, in exercise of his business judgment, has determined that it is appropriate to reach a resolution of the Claims rather than proceed with litigation against the Settling Defendants and further deplete the funds remaining in the Estate.

28.     In reaching that determination, the Trustee has considered, among other things:

**i.      Benefit to the Debtor's Estate**

29.     The Stipulations further the interests of the Debtor's estate by: (i) obtaining the recovery of $897,000;  (ii) waiving the Settling Defendants' claims against the Estate pursuant to Bankruptcy Code section 502(h) on account of the

respective settlement amounts that they have agreed to pay;  and (iii) obtaining the waiver of Claim No. 35 asserted in the amount of $1,092,178.28.

**ii.      The Defenses Asserted by the Mintz Defendants**

30.      The Mintz Defendants asserted sixteen (16) defenses to the Complaint, each of which the Trustee carefully considered.

31.      Among other things, the Mintz Defendants have asserted that certain of the Mintz Claims are barred by the applicable statute of limitations and that the transfers to the Mintz Defendants were of converted funds or trust funds that were never property of the Debtor.  The Mintz Defendants also allege that any transfers received from the Debtor were taken for value and in good faith.

32.      Additionally, the Mintz Defendants provided the Trustee with documentary evidence that certain payments received by them satisfied antecedent obligations of the Debtor rather than Farmview, such that certain fraudulent conveyance claims to avoid and recover such payments would be barred.  Specifically, certain of the challenged transfers satisfied invoices for paralegal services provided by Chalron to the Debtor.  These defenses are not available to other defendants in the Adversary Proceeding.

33.      The Trustee conducted factual and legal research regarding those and other defenses asserted by the Mintz Defendants and, without waiving any right, claim or defense against the Mintz Defendants or other parties in the Adversary Proceeding, concluded that a trial of those claims and defenses would be costly and not without risk.  The Trustee's recoveries from the Mintz defendants equal or exceed 75% of the Trustee's net claims against them.

### iii.        Defenses Asserted by Perevoski

34.    Perevoski asserted various defenses to the claims asserted against him in the Complaint.  Among other things, Perevoski asserted that some or all of the transfers made to him satisfied loans that he made to Kossoff prior to the Petition Date that provided a benefit to the Debtor.

35.    The Trustee disputed the defenses asserted by Perevoski, and the parties exchanged confidential position statements and discovery materials.

36.    As a result of extensive negotiations, the Trustee will recover $815,000 from Perevoski, representing a recovery of 75% of the challenged transfers to Perevoski.

### iv.        Recovery from Lee

37.    The Trustee sought to avoid and recover $2,250 from Lee, and as a result of negotiations, the Trustee will recover $2,000 from Lee, which represents an 89% recovery.

### v.        Avoidance of the Cost, Delay, and Risk of Further Litigation

38.    The Stipulations eliminate the expense and delay of litigation, which would likely require pre-answer motion practice, extensive and costly fact and expert discovery concerning events that occurred years ago, and the risk of a prolonged trial.  The Trustee cannot be certain that he would prevail on all counts in such litigation, or that, even if success were guaranteed, any net litigation recovery would be substantially greater than the sum he is recovering through these settlements given the assets of the Estate would most certainly be significantly depleted by further litigation on the Claims.  Moreover, even if successful in whole or in part, litigation against the Settling Defendants has the potential to delay recovery and distributions for years.

####        vi.        Finality

39.        The Stipulations resolve the Claims in the Adversary Proceeding among the Trustee and the Settling Defendants and fully and finally resolve all claims among the Trustee, Lee, the Mintz Defendants and the Perevoski Defendants in the Adversary Proceeding.

####        vii.        Experienced Counsel and Arms-Length Negotiations

40.        The Settlement Parties are each represented by sophisticated and experienced counsel.  The Stipulations are the product of arm's-length and good faith negotiations between the Trustee and the Settling Defendants, which included months of negotiations.

41.        Based upon the foregoing, the Trustee respectfully submits that the terms of the Stipulations are fair, reasonable and equitable, in the best interests of the Debtor's Estate, and are well above the lowest point in the range of reasonable potential litigation outcomes.

## <u>CONCLUSION</u>

42.        For the reasons set forth above, the Trustee respectfully submits that the Stipulations are fair, reasonable and equitable, in the best interests of the Debtor's Estate, and lie well above the lowest point in the range of reasonable potential litigation outcomes.  Consequently, the Trustee respectfully submits that the Stipulations each satisfy Bankruptcy Rule 9019 and respectfully requests that they be approved by the Court.

## <u>NOTICE</u>

43.        Pursuant to Local Bankruptcy Rule 9074-1(b), notice of the Application has been given to:  (i) Settling Defendants, by their respective attorneys; (ii) the United States Trustee;  (iii) all of the other parties in the Adversary Proceeding;

(iv) any party in interest which has filed a Notice of Appearance in the Chapter 7 Case; and (v) all of the Debtor's known creditors.

## NO PRIOR REQUEST

44.    No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit "A,"** approving the Stipulations, and grant such other and further relief as is just and proper.

Dated: New York, New York
       June 6, 2023

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER
JARED C. BORRIELLO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

In re:                                                                  :

                                 :   Chapter 7

KOSSOFF PLLC,                                                           :

                  Debtor.        :   Case No. 21-10699 (DSJ)

                                 :

---------------------------------------------------------------------- x

                                 :

ALBERT TOGUT, Not Individually but Solely in                            :

His Capacity as Chapter 7 Trustee of the Estate of    :   Adv. Pro. No. 22-01141 (DSJ)

Kossoff PLLC,                                                           :

              Plaintiff,     :

                  v.           :

ERNEST PEREVOSKI, TERRI ABBEY, HUI-FONG                                 :

LEE, JOHN BOSWELL, EQUITY TRUST                                         :

COMPANY, PETER XENOPOULOS, P.                                           :

XENOPOULOS REALTY, LLC, PAMELA                                          :

KOSSOFF, in her capacity as Executor of the                             :

Estate of Phyllis Kossoff, RONNY MINTZ and                              :

CHALRON ENTERPRISES LTD.,                                               :

             Defendants.   :

---------------------------------------------------------------------- x

**ORDER APPROVING**
**STIPULATIONS SETTLING ADVERSARY CLAIMS**
(Mintz, Chalron, Lee, Perevoski)

      Upon the application (the "Application")[1] of Albert Togut, not

individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of the estate

(the "Estate") of the above-captioned debtor, by his attorneys, Togut, Segal & Segal LLP

(the "Togut Firm"), for entry of an order (this "Order") approving (a) the *Stipulation and*

*Order Settling Adversary Proceeding Against the Perevoski Defendants,* annexed hereto as

---

[1]   Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
     Application except where otherwise indicated.

Exhibit **"1"** (the "Perevoski Stipulation") by and between the Trustee and defendants

Ernest Perevoski ("Perevoski") and Terri Abbey ("Abbey," and collectively with

Perevoski, the "Perevoski Defendants"), (b) the *Stipulation and Order Settling Adversary*

*Proceeding Against the Mintz Defendants*, annexed hereto as Exhibit **"2"** (the "Mintz

Stipulation") by and among the Trustee, and defendants Ronny Mintz ("Mintz") and

Chalron Enterprises Ltd. ("Chalron," and collectively with Mintz, the "Mintz

Defendants"), and (c) the *Stipulation and Order Settling Adversary Proceeding Against Hui-*

*Fong Lee*, annexed hereto as Exhibit **"3"** (the "Lee Stipulation," and the Lee Stipulation

collectively with the Perevoski Stipulation and the Mintz Stipulation, the

"Stipulations") by and between the Trustee and defendant Hui-Fong Lee ("Lee," and

Lee collectively with the Perevoski Defendants and the Mintz Defendants, the "Settling

Defendants," and the Settling Defendants together with the Trustee, the "Settlement

Parties"), pursuant to section 105(a) of title 11 of the United States Code and Rule 9019

of the Federal Rules of Bankruptcy Procedure;  and upon the Declaration of Neil Berger

in support of the Application;  and it appearing that the Court has jurisdiction to

consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.), and consideration of the Application and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409;  and it appearing that the relief

requested in the Application is in the best interests of the Estate;  and this Court having

reviewed the Application and the Stipulations;  and good and sufficient notice of the

Application having been given to all parties entitled thereto;  and a hearing to consider

the Application having been held before the Court (the "Hearing");  and upon the

record made during the Hearing;  and after due deliberation and sufficient cause

appearing therefor, and upon all prior pleadings and proceedings had herein;

**IT IS HEREBY ORDERED**:

1.      The Application is GRANTED and the Stipulations, the terms of

which are incorporated herein, are approved.

2.      All objections, if any, to the Application and the relief requested

therein that have not been withdrawn, waived, or settled, and all reservations of rights

included in such objections, are hereby overruled on the merits with prejudice.

3.      The failure specifically to include any particular provision of the

Stipulations in this Order shall not diminish or impair the effectiveness of such

provision, it being the intent of this Court that the Stipulations be authorized and

approved in their entirety.

4.      The Trustee, the Togut Firm and the Settling Defendants are

authorized to take all necessary actions and sign such documents as may be reasonably

necessary to carry out this Order.

5.      Claim No. 35 is disallowed and expunged.

6.      The Stipulations and any related agreements, documents, or other

instruments may be further modified, amended, or supplemented by the applicable

Settlement Parties, in a writing signed by the applicable Settlement Parties without

further order of this Court, provided that any such modification, amendment or

supplement is consistent with this Order and does not have a material adverse effect on

the Estate.

7.      The Court shall retain exclusive jurisdiction to enforce and

implement this Order, the terms and provisions of the Stipulations, all amendments

thereto, any waivers and consents thereunder, and of each of the agreements executed

in connection therewith, in all respects including, but not limited to, retaining

jurisdiction to (a) compel compliance with this Order and the Stipulations, (b) resolve

any dispute, controversy or claim arising under or related to the Stipulations or the

breach thereof and (c) interpret, implement, and enforce the provisions of this Order

and resolve any disputes related thereto.

8.    Entry of this Order shall in no way impair the ability of the Court,

United States Trustee, or Trustee to implement or enforce other orders of the Court

entered in the Debtor's case, and all such orders shall continue in full force and effect.

Dated:   New York, New York
         _____, 2023

         _____
         HONORABLE DAVID S. JONES
         UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**Perevoski Stipulation**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello

*Attorneys for the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>KOSSOFF PLLC,<br><br>             Debtor. | Chapter 7<br><br>Case No.: 21-10699 (DSJ) |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC,<br><br>             Plaintiff,<br><br>    -against-<br><br>BURTON KOSSOFF TESTAMENTARY TRUST, ERNEST PEREVOSKI, TERRI ABBEY, HUI-FONG LEE, JOHN BOSWELL, EQUITY TRUST COMPANY, PETER XENOPOULOS, P. XENOPOULOS REALTY, LLC, PAMELA KOSSOFF, in her capacity as Executor of the Estate of Phyllis Kossoff, RONNY MINTZ and CHALRON ENTERPRISES LTD.,<br><br>             Defendants. | Adv. Pro. No. 22-01141 (DSJ) |

**STIPULATION AND ORDER SETTLING**
**ADVERSARY PROCEEDING AGAINST THE PEREVOSKI DEFENDANTS**

       This stipulation (the "Stipulation") is made by and between (i) Albert

Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or

Trustee") of Kossoff PLLC, the above-captioned debtor (the "Debtor") and (ii) Ernest

Perevoski ("Perevoski") and Terri Abbey ("Abbey", together with Perevoski,

the "Perevoski Defendants").  The Plaintiff and the Perevoski Defendants shall be

referred to herein individually as a "Party," and collectively, as the "Parties."

## RECITALS

   **WHEREAS**, on April 13, 2021 (the "Petition Date"), creditors of the Debtor

commenced the Chapter 7 Case by filing an involuntary petition for relief under Chapter

7 (the "Chapter 7 Case") of title 11 of the United States Code (the "Bankruptcy Code") in

the United States Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court" or the "Court");  and

   **WHEREAS**, on May 11, 2021, this Court entered an order for relief under

Chapter 7 of the Bankruptcy Code [Docket No. 14];  and

   **WHEREAS**, on May 12, 2021, Albert Togut was appointed as Chapter 7

Interim Trustee of the Debtor and its estate (the "Estate");  he duly qualified and is acting

as Trustee of the Debtor;  and

   **WHEREAS**, on June 15, 2021, the Bankruptcy Court entered an order

authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel

(the "Togut Firm") [Docket No. 72];  and

   **WHEREAS**, on February 3, 2022, Perevoski filed Proof of Claim No. 35 in

the Chapter 7 Case and asserted a claim of $1,092,178.28 for amounts Perevoski asserts he

loaned to the Debtor ("Claim No. 35"); and

   **WHEREAS**, on August 26, 2022, the Trustee commenced the above-

captioned adversary proceeding (the "Adversary Proceeding") against, among others,

the Perevoski Defendants;  and

**WHEREAS**, in the Adversary Proceeding, the Trustee asserts claims against the Perevoski Defendants for avoidance and recovery of alleged constructively fraudulent transfers pursuant to sections 544, 548, and 550 of the Bankruptcy Code, as more fully set forth in the Complaint (the "<u>Complaint</u>") filed in the Adversary Proceeding (collectively, the "<u>Perevoski Claims</u>");  and

**WHEREAS**, the Perevoski Defendants deny the Perevoski Claims and asserts that they have no liability in connection with any of the allegations in the Complaint;  and

**WHEREAS**, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## <u>SETTLEMENT</u>

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, intending to be legally bound, as follows:

1. The recitals set forth above are incorporated herein by reference.

**A.** **<u>The Approval Order</u>**

2. Promptly following his receipt of a signed copy of the Stipulation, the Trustee will file an application (the "<u>Application</u>") requesting that the Bankruptcy Court enter an order approving this Stipulation (the "<u>Approval Order</u>").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered.  The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3.     The deadlines, including any discovery deadline, regarding the Plaintiff's claims against the Perevoski Defendants and the Perevoski Defendants' rights and defenses in respect of the same are suspended indefinitely pending the Bankruptcy Court's determination of the Application.

4.     If the Bankruptcy Court does not approve the Application, the Trustee and the Perevoski Defendants shall meet and confer in good faith, and negotiate a new schedule with respect to the Perevoski Claims.

**B.     Settlement of Perevoski Claims and Payment of Settlement Amount**

5.     The Perevoski Defendants shall pay a total of eight-hundred fifteen thousand dollars ($815,000) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of any and all claims asserted against the Perevoski Defendants by the Trustee and the Estate.  The Settlement Amount shall be wired, or delivered by Official Bank, Certified or Cashier's check, at the sole option of the Perevoski Defendants, to the Trustee using written instructions to be provided by the Togut Firm, in accordance with paragraph 6.

6.     The Settlement Amount shall be paid by the Perevoski Defendants to the Trustee no later than fourteen (14) days after the later of the date that (a) the Bankruptcy Court enters the Approval Order (the "Effective Date") and (b) the Perevoski Defendants receive a copy of the Approval Order, a fully executed W-9 for the Debtor's estate, and wire instructions for payment.

7.     In the event that the Perevoski Defendants fail to timely pay the Settlement Amount, counsel for the Trustee will send a written default notice by electronic and first-class mail to the Perevoski Defendants' undersigned counsel.  If the Perevoski Defendants fail to cure such default within five (5) business days after the notice is sent to the Perevoski Defendants' undersigned counsel by electronic mail, the

Trustee may elect to either (i) nullify and void this Stipulation and continue to pursue the
Perevoski Claims, or (ii) seek entry of a judgment from the Bankruptcy Court with a
declaration stating that the Perevoski Defendants have failed to timely cure the payment
default and requesting that a judgment be entered against the Perevoski Defendants in
the Adversary Proceeding in the full Settlement Amount, plus costs, and interest.  The
default notice, if any, shall be deemed given two (2) days after the Trustee has sent said
notice by first class mail.

**C.    Dismissal of Complaint as the Against the Perevoski Defendants**

8.    Within three (3) business days after the Trustee's receipt of the
Settlement Amount (the "Payment Date"), the Trustee shall file a notice of dismissal of
the Adversary Proceeding against the Perevoski Defendants with prejudice.

9.    The Parties shall undertake any actions as may be reasonably
necessary to cause the Adversary Proceeding to be dismissed with prejudice as to the
Perevoski Defendants, with each of the Parties bearing its own costs and expenses.

**D.    Releases**

10.    As of the Payment Date, the Trustee, on behalf of himself as Trustee,
the Debtor, the Estate, and any and all claimants whose claims are derivative of any of
the Trustee's and/or Debtor's claims in the Chapter 7 Case and the Adversary
Proceeding, and any and all of their respective successors and assigns, as well as any of
their attorneys, retained professionals, shareholders, and agents, hereby releases, waives,
acquits, and forever discharges the Perevoski Defendants and any and all of their
respective successors and assigns, as well as their past, present and future
representatives, attorneys, retained professionals, insurers, of and from any and all
claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations,
attorneys' fees, and/or any other forms of liabilities or demands of any kind and nature

5

arising from or relating to the Perevoski Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Payment Date; provided, however, that the foregoing release in this paragraph 10 shall not apply to and shall not be deemed to release or discharge (a) any obligations arising under and pursuant to this Stipulation of the Perevoski Defendants, or (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation

       11.     As of the Effective Date, the Perevoski Defendants hereby: (a) releases, waives, acquits, and forever discharges the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date, and (b) waives any right to file a claim against the Debtor or the Estate relating to the Settlement Amount pursuant to Bankruptcy Code section 502(h), and any claim filed by or on behalf of any of the Perevoski Defendants against the Debtor or the Estate pursuant to Bankruptcy Code section 502(h) related to the Settlement Amount shall be deemed immediately expunged without any further order of the Bankruptcy Court; provided, however, that the foregoing release in this paragraph 11 shall not apply to and shall not be deemed to release or discharge (i) any obligations arising under and pursuant to this Stipulation of the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, or (ii) any claims

relating to any breach of the obligations arising under and pursuant to this Stipulation. For the avoidance of doubt, the foregoing release shall include the release of Claim No. 35 and all rights and claims related thereto.

**E.    No Admission of Liability**

12.    This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

**F.    Representations**

13.    Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of the Perevoski Defendants' rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

14.    The Parties represent and acknowledge that, in executing this Stipulation, they do not rely, and have not relied, upon any representation or statement made by or on behalf of any Party, with regard to the subject matter, basis, or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation. Accordingly, this Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, written or oral, if any, pertaining to

the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.

15.     The Parties each further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interests, and the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Stipulation.

16.     All of the Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

**G.     <u>Amendment</u>**

17.     This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all of the Parties hereto and, if necessary, approved by the Bankruptcy Court.  No course of dealing between or among any persons having any interest in this Stipulation shall be deemed effective to modify, amend, or discharge any part of this Stipulation or any rights or obligations of any person under or by reason of this Stipulation.  No waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

**H.**    **Governing Law and Forum Selection**

18.    This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

19.    The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

**I.**    **Miscellaneous**

20.    This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

21.    Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

22.    This Stipulation constitutes the entire agreement between the Parties with respect to its subject matter and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter. The terms of this Stipulation are contractual and not merely recitals.

23.    This Stipulation and any signed agreement or instrument entered into in connection with this Stipulation, and any amendments hereto and thereto, may be

executed in separate identical counterparts, each of which shall constitute an original, and all of which shall constitute a single agreement.

Dated: May 11, 2023

TOGUT, SEGAL & SEGAL LLP

By: _/s/ Jared C. Borriello_
    NEIL BERGER
    JARED C. BORRIELLO

One Penn Plaza, Suite 3335
New York, New York 10119
neilberger@teamtogut.com
jborriello@teamtogut.com

*Attorneys for Albert Togut,*
*Not Individually but Solely in*
*His Capacity as Chapter 7 Trustee*

LAX & NEVILLE LLP

By: _/s/ Barry R Lax_
    BARRY R. LAX
    ROBERT J. GRAND

350 Fifth Avenue, Suite 4640
New York, New York 10118
blax@laxneville.com
rgrand@laxneville.com

*Attorneys for Defendants Ernest Perevoski*
*and Terri Abbey*

## EXHIBIT 2

**Mintz Stipulation**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello

*Attorneys for the Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>KOSSOFF PLLC,<br><br>       Debtor. | Chapter 7<br><br>Case No.: 21-10699 (DSJ) |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC,<br><br>       Plaintiff,<br><br>  -against-<br><br>BURTON KOSSOFF TESTAMENTARY TRUST, ERNEST PEREVOSKI, TERRI ABBEY, HUI-FONG LEE, JOHN BOSWELL, EQUITY TRUST COMPANY, PETER XENOPOULOS, P. XENOPOULOS REALTY, LLC, PAMELA KOSSOFF, in her capacity as Executor of the Estate of Phyllis Kossoff, RONNY MINTZ and CHALRON ENTERPRISES LTD.,<br><br>       Defendants. | Adv. Pro. No. 22-01141 (DSJ) |

## STIPULATION AND ORDER SETTLING
## ADVERSARY PROCEEDING AGAINST THE MINTZ DEFENDANTS

This stipulation (the "Stipulation") is made by and among (a) Albert Togut,

not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or

Trustee") of Kossoff PLLC, the above-captioned debtor (the "Debtor"), (b) Ronny Mintz

("Mintz"), and (c) Chalron Enterprises Ltd. ("Chalron", and together with Mintz,

the "Mintz Defendants").  The Plaintiff and the Mintz Defendants shall be referred to

herein individually as a "Party," and collectively, as the "Parties."

## RECITALS

WHEREAS, on April 13, 2021 (the "Petition Date"), creditors of the Debtor

commenced the Chapter 7 Case by filing an involuntary petition for relief under Chapter

7 (the "Chapter 7 Case") of title 11 of the United States Code (the "Bankruptcy Code") in

the United States Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court" or the "Court");  and

WHEREAS, on May 11, 2021, this Court entered an order for relief under

Chapter 7 of the Bankruptcy Code [Docket No. 14];  and

WHEREAS, on May 12, 2021, Albert Togut was appointed as Chapter 7

Interim Trustee of the Debtor and its estate (the "Estate");  he duly qualified and is acting

as Trustee of the Debtor;  and

WHEREAS, on June 15, 2021, the Bankruptcy Court entered an order

authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel

(the "Togut Firm") [Docket No. 72];  and

WHEREAS, on August 26, 2022, the Trustee commenced the above-

captioned adversary proceeding (the "Adversary Proceeding") against, among others,

the Mintz Defendants;  and

WHEREAS, in the Adversary Proceeding, the Trustee asserts claims against

the Mintz Defendants for avoidance and recovery of alleged constructively fraudulent

transfers pursuant to sections 544, 548, and 550 of the Bankruptcy Code, as more fully set

forth in the Complaint (the "<u>Complaint</u>") filed in the Adversary Proceeding (collectively, the "<u>Mintz Claims</u>");  and

WHEREAS, the Mintz Defendants deny the Mintz Claims and asserted that they have no liability in connection with any of the allegations in the Complaint;  and

WHEREAS, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, intending to be legally bound, as follows:

1. The recitals set forth above are incorporated herein by reference.

## A. The Approval Order

2. Promptly following his receipt of a signed copy of the Stipulation, the Trustee will file an application (the "<u>Application</u>") requesting that the Bankruptcy Court enter an order approving this Stipulation (the "<u>Approval Order</u>").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered.  The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3. The deadlines, including any discovery deadline, regarding the Plaintiff's claims against the Mintz Defendants and the Mintz Defendants' rights and defenses in respect of the same are suspended indefinitely pending the Bankruptcy Court's determination of the Application.

4.      If the Bankruptcy Court does not approve the Application, the Trustee and the Mintz Defendants shall meet and confer in good faith, and negotiate a new schedule with respect to the Mintz Claims.

**B.**      **Settlement of Mintz Claims and Payment of Settlement Amount**

5.      The Mintz Defendants shall pay a total of Eighty Thousand Dollars ($80,000) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of any and all claims asserted against the Mintz Defendants by the Trustee and the Estate.  For the avoidance of doubt:  (i) Seventy Thousand Dollars ($70,000) of the Settlement Amount constitutes the recovery from Chalron, and (ii) Ten Thousand Dollars ($10,000) of the Settlement Amount constitutes the recovery from Mintz.  The Settlement Amount shall be wired, or delivered by Official Bank, Certified or Cashier's check, at the sole option of the Mintz Defendants, to the Trustee using written instructions to be provided by the Togut Firm, in accordance with paragraph 6.

6.      The Settlement Amount shall be paid by the Mintz Defendants to the Trustee no later than fourteen (14) days after the later of the date that (a) the Bankruptcy Court enters the Approval Order (the "Effective Date") and (b) the Mintz Defendants receive a copy of the Approval Order, a fully executed W-9 for the Debtor's estate, and instructions for payment by wire and delivery of Official Bank, Certified or Cashier's Check.

7.      In the event that the Mintz Defendants fail to timely pay the Settlement Amount, counsel for the Trustee will send a written default notice by electronic and first-class mail to the Mintz Defendants' undersigned counsel.  If the Mintz Defendants fail to cure such default within five (5) business days after the notice is sent to the Mintz Defendants' undersigned counsel by electronic mail, the Trustee may elect to either (i) nullify and void this Stipulation and continue to pursue the Mintz Claims, or

(ii) seek entry of a judgment from the Bankruptcy Court with a declaration stating that Mintz Defendants have failed to timely cure the payment default and requesting that a judgment be entered against Mintz Defendants in the Adversary Proceeding in the full Settlement Amount, plus costs, and interest.  The default notice, if any, shall be deemed given two (2) days after the Trustee has sent said notice by first class mail.

**C.**    **Dismissal of Complaint as Against the Mintz Defendants**

8.    Within three (3) business days after the Trustee's receipt of the Settlement Amount (the "Payment Date"), the Trustee shall file a notice of dismissal of the Adversary Proceeding against the Mintz Defendants with prejudice.

9.    The Parties shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to the Mintz Defendants, with each of the Parties bearing its own costs and expenses.

**D.**    **Releases**

10.    As of the Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all claimants whose claims are derivative of any of the Trustee's and/or Debtor's claims in the Chapter 7 Case and the Adversary Proceeding, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges the Mintz Defendants and each of their respective past, present and future officers, directors, agents, servants, employees, independent contractors, assigns, heirs, partners, managers, members, principals, representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, and any person, firm, trust, corporation, officer, director or other individual or entity that may have a controlling interest in any of the Mintz Defendants, as well as any and all of foregoing's respective past, present and future direct and indirect subsidiaries, divisions,

parents, affiliates, successors and predecessors, of and from any and all claims, damages,

judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees,

and/or any other form of liabilities or demands of any kind and nature arising, directly

or indirectly or derivatively, from or relating to the Mintz Claims, the Adversary

Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether

known or unknown, that have accrued from the beginning of time through and including

the Payment Date; provided, however, that the foregoing release in this paragraph 10

shall not apply to and shall not be deemed to release or discharge (a) any obligations

arising under and pursuant to this Stipulation of the Mintz Defendants, or (b) any claims

relating to any breach of the obligations arising under and pursuant to this Stipulation.

      11.    As of the Effective Date, each of the Mintz Defendants hereby:

(a) release, waive, acquit, and forever discharge the Trustee, the Debtor, the Estate, and

any and all of their respective successors and assigns, as well as their past, present and

future representatives, attorneys, retained professionals, shareholders, insurers, re-

insurers, and excess insurers, of and from any and all claims, damages, judgments,

actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other

form of liabilities or demands of any kind and nature arising, directly or indirectly, from

or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary

Proceeding, whether in law or equity, whether known or unknown, that have accrued

from the beginning of time through and including the Effective Date, and (b) waive any

right to file a claim against the Debtor or the Estate relating to the Settlement Amount

pursuant to Bankruptcy Code section 502(h), and any claim filed by or on behalf of the

Mintz Defendants against the Debtor or the Estate pursuant to Bankruptcy Code section

502(h) related to the Settlement Amount shall be deemed immediately expunged without

any further order of the Bankruptcy Court; provided, however, that the foregoing

6

release in this paragraph 11 shall not apply to and shall not be deemed to release or discharge (i) any obligations arising under and pursuant to this Stipulation of the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, or (ii) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation.

**E.**     **No Admission of Liability**

12.     This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

**F.**     **Representations**

13.     Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of the Mintz Defendants' rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

14.     The Parties represent and acknowledge that, in executing this Stipulation, they do not rely, and have not relied, upon any representation or statement made by or on behalf of any Party, with regard to the subject matter, basis, or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation. Accordingly, this Stipulation constitutes the entire agreement among the Parties and

supersedes all prior agreements and understandings, written or oral, if any, pertaining to the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.

15.     The Parties each further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interests, and the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Stipulation.

16.     All of the Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

**G.    Amendment**

17.     This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be binding upon the Parties only if such amendment or waiver is set forth in a writing executed by all of the Parties hereto and, if necessary, approved by the Bankruptcy Court.  No course of dealing between or among any persons having any interest in this Stipulation shall be deemed effective to modify, amend, or discharge any part of this Stipulation or any rights or obligations of any person under or by reason of this Stipulation.  No waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.

**H.**     **Governing Law and Forum Selection**

18.     This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

19.     The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

**I.**     **Miscellaneous**

20.     This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

21.     Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person other than the Parties hereto and their respective permitted successors and assigns any rights or remedies under or by reason of this Stipulation.

22.     This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter.  The terms of this Stipulation are contractual and not merely recitals.

23.     This Stipulation and any signed agreement or instrument entered into in connection with this Stipulation, and any amendments hereto and thereto, may be

executed in separate identical counterparts, each of which shall constitute an original,

and all of which shall constitute a single agreement.


Dated: April 24, 2023


TOGUT, SEGAL & SEGAL LLP

By: /s/ Neil Berger
    NEIL BERGER, ESQ.
    JARED C. BORRIELLO, ESQ.

One Penn Plaza, Suite 3335
New York, New York  10119
neilberger@teamtogut.com
jborriello@teamtogut.com

*Attorneys for Albert Togut,*
*Not Individually but Solely in*
*His Capacity as Chapter 7 Trustee*

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: /s/ Sean C. Southard
    SEAN C. SOUTHARD, ESQ.

200 West 41st Street
New York, New York 10036
SSouthard@Klestadt.com

*Attorneys for Defendants Ronny Mintz*
*and Chalron Enterprises Ltd.*

## EXHIBIT 3

**Lee Stipulation**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Brian F. Shaughnessy
Jared C. Borriello

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                   :

|  |  |  |
|---|---|---|
| In the Matter | : | Chapter 7 |
| -of- | : | Case. No. 21-10699 (DSJ) |
| KOSSOFF PLLC, | : | |
| Debtor. | : | |

-------------------------------------------------------------X
              :

ALBERT TOGUT, Not Individually but Solely : 
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC, :

                    :     Adv. Pro. No. 22-01141 (DSJ)

          Plaintiff, :

            v. :

BURTON KOSSOFF TESTAMENTARY TRUST,:
ERNEST PEREVOSKI, :
TERRI ABBEY, :
HUI-FONG LEE, :
JOHN BOSWELL, :
EQUITY TRUST COMPANY, :
PETER XENOPOULOS, :
P. XENOPOULOS REALTY, LLC, :
PHYLLIS KOSSOFF, :
RONNY MINTZ, and :
CHALRON ENTERPRISES LTD., :

         Defendants. :
------------------------------------------------------------- X

## STIPULATION AND ORDER SETTLING
## ADVERSARY PROCEEDING AGAINST HUI-FONG LEE

This stipulation (the "Stipulation") is made by and between Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or "Trustee") of Kossoff PLLC, the above-captioned debtor (the "Debtor") and Hui-Fong Lee ("Lee", and together with the Trustee, the "Parties").

### RECITALS

**WHEREAS**, on April 13, 2021 (the "Petition Date"), creditors of the Debtor commenced the Chapter 7 Case by filing an involuntary petition for relief under Chapter 7 (the "Chapter 7 Case") of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");  and

**WHEREAS**, on May 11, 2021, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Docket No. 14];  and

**WHEREAS**, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "Estate");  he duly qualified and is acting as Trustee of the Debtor;  and

**WHEREAS**, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Docket No. 72];  and

**WHEREAS**, on March 17, 2022, Lee filed Proof of Claim No. 41 in the Chapter 7 Case, and asserted a claim of $280,344,30 for amounts Lee asserts were transferred to Debtor's IOLA account ("Claim No. 41");  and

**WHEREAS**, on August 26, 2022, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against, among others, Lee;  and

**WHEREAS**, in the Adversary Proceeding, the Trustee asserts claims against Lee for avoidance and recovery of a constructively fraudulent transfer pursuant to 11 U.S.C. §§ 544, 548, and 550, as reflected in Plaintiff's complaint (collectively, the "Lee Claims");  and

**WHEREAS**, Lee denies that she has liability in connection with the Lee Claims in the Adversary Proceeding;  and

**WHEREAS**, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## SETTLEMENT

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties:

1.     The recitals set forth above are incorporated herein by reference.

**A.     The Approval Order**

2.     Promptly following his receipt of a copy of the Stipulation signed by Lee, the Trustee will file an application requesting that the Bankruptcy Court approve and "So Order" this Stipulation (the "Approval Order").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

**B.**    **Settlement of Lee Claims and Payment of Settlement Amount**

3.    Lee shall pay $2,000.00 (the "Settlement Amount") to the Trustee in full settlement of the Lee Claims no later than fourteen (14) days after the later of the date on which (a) the Approval Order becomes final (the "Effective Date") and (b) the Trustee provides Lee with a fully executed W-9 for the Debtor's estate and wire instructions.

4.    In the event that Lee fails to timely pay the Settlement Amount, counsel for the Trustee will send a written default notice by electronic and first-class mail to Lee's undersigned counsel.  If Lee fails to cure such default within five (5) business days after the notice is received by Lee's undersigned counsel by electronic mail, counsel for the Trustee may elect to either (i) nullify and void this Stipulation and continue to pursue the Lee Claims, or (ii) seek entry of a judgment from the Bankruptcy Court with a declaration stating that Lee has failed to timely cure the payment default and requesting that a judgment be entered against Lee in the Adversary Proceeding in the full amount of the Lee Claims, plus attorneys' fees, costs, and interest.  Lee may oppose the Trustee's request for entry of a judgment.

**C.**    **Releases**

5.    As of the Effective Date, Lee hereby:  (i) releases, acquits and discharges the Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising from or relating to the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued as of the Effective Date;  and (ii) waives any right to file a claim against the Debtor or the Estate relating to the Settlement Amount pursuant to

4

Bankruptcy Code section 502(h), and any claim filed by or on behalf of Lee against the Debtor or the Estate pursuant to Bankruptcy Code section 502(h) related to the Settlement Amount shall be deemed immediately expunged without any further order of the Bankruptcy Court;  provided, however, nothing in this Stipulation shall in any way be construed or deemed to effect in any way Claim No. 41 and any claims, rights, remedies or defenses that the Parties may have with respect thereto are preserved.

6.     Upon receipt of payment in full of the Settlement Amount, the Trustee hereby releases, acquits and discharges Lee, and any and all of her respective successors and assigns, as well as her past, present and future representatives, attorneys, retained professionals, insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising from or relating solely to the Lee Claims in the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued as of the Effective Date (the "Trustee Release").  For the avoidance of doubt, the Trustee Release shall not in any way be construed as or deemed to be evidence of or reflect a release or waiver by the Trustee of any claim, cause of action, right or remedy the Trustee may have against Lee, unless such claim, right or remedy seeks to recover the value of the transfer covered by the Lee Claim.

**D.     Dismissal of Complaint as Against Lee**

7.     Upon the later of the Trustee's receipt of the Settlement Payment or the Effective Date, the Adversary Proceeding is hereby deemed dismissed with prejudice.

8.     The Parties shall undertake any actions necessary to cause the Adversary Proceeding to be dismissed with prejudice as to Lee, with each of the Parties bearing its own costs and expenses.

E.      **No Admission of Liability**

9.      This Stipulation is made in compromise of disputed claims and

solely to avoid the expense and inconvenience of litigation and is not, nor shall it be,

construed as a finding or admission of liability on account of the Lee Claims.

F.      **Representations**

10.      Each person signing this Stipulation represents and warrants that he

or she is authorized to execute and deliver this Stipulation on behalf of such Party, to

bind his or her respective client or clients to the terms and conditions of this Stipulation

and to act with respect to the rights and claims that are being altered or otherwise

affected by this Stipulation.

11.      The Parties represent and acknowledge that, in executing this

Stipulation, they do not rely, and have not relied, upon any representation or statement

made by or on behalf of any Party, with regard to the subject matter, basis, or effect of

this Stipulation or otherwise, other than as specifically stated in this Stipulation.

Accordingly, this Stipulation constitutes the entire agreement among the Parties and

supersedes all prior agreements and understandings, written or oral, if any, pertaining to

the subject matter hereof, and any representations not set forth in this Stipulation are of

no force and effect.

12.      The Parties each further declare that, in making this Stipulation, they

rely entirely upon their own judgment, beliefs and interests, and the advice of their

counsel (for whose expense each shall be solely responsible), and that they have had a

reasonable period of time to consider this Stipulation.

13.      All of the Parties represent that they (i) have carefully read this

Stipulation and know the contents thereof, (ii) have had the option of consulting with

counsel of their choice regarding the meaning of the terms herein, and (iii) are executing

this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

**G.**    **Amendment**

14.    This Stipulation shall not be amended, modified, or waived in any way without the written consent of all the Parties.  No failure or delay by any Party to assert any right hereunder shall constitute a waiver of such right or any other right. Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties.

**H.**    **Governing Law and Forum Selection**

15.    This Stipulation shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy Code, the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions that would cause the application of the laws of any jurisdiction other than the State of New York.

16.    The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Stipulation.

**I.**    **Miscellaneous**

17.    This Stipulation shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators, and assigns.

18.     This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

19.     The headings used herein are used for convenience only and are not to be considered in construing or interpreting this Stipulation.

*[Concludes on Following Page]*

DATED:   New York, New York
    October 19, 2022

         ALBERT TOGUT, not individually but
         solely in his capacity as Chapter 7 Trustee,
         By his Attorneys,
         TOGUT, SEGAL & SEGAL LLP,
         By:

         */s/ Neil Berger*
         ALBERT TOGUT
         NEIL BERGER
         BRIAN F. SHAUGHNESSY
         JARED C. BORRIELLO
         One Penn Plaza, Suite 3335
         New York, New York 10119
         Tel: (212) 594-5000

DATED:   New York, New York
    October 19, 2022

         RUBIN LLC
         By:

         */s/ Hanh V. Huynh*
         HANH V. HUYNH
         345 Seventh Avenue, 21st Floor
         New York, New York 10001
         Tel: (212) 390-8272

         *Attorneys for Defendant Hui-Fong Lee*


**IT IS SO ORDERED**
on this __day of _____, 2022
New York, New York


_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Declaration of Neil Berger**

Togut, Segal & Segal LLP
*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

In re:                                                    :
                                                          :     Chapter 7
KOSSOFF PLLC,                                             :
                                      Debtor.             :     Case No. 21-10699 (DSJ)
                                                          :
-------------------------------------------------------------------- x
                                                          :
                                                          :
ALBERT TOGUT, Not Individually but Solely in             :
His Capacity as Chapter 7 Trustee of the Estate of       :     Adv. Pro. No. 22-01141 (DSJ)
Kossoff PLLC,                                             :
                                                          :
                                      Plaintiff,          :
                                                          :
                v.                                        :
                                                          :
ERNEST PEREVOSKI, TERRI ABBEY, HUI-FONG                   :
LEE, JOHN BOSWELL, EQUITY TRUST                           :
COMPANY, PETER XENOPOULOS, P.                             :
XENOPOULOS REALTY, LLC, PAMELA                            :
KOSSOFF, in her capacity as Executor of the              :
Estate of Phyllis Kossoff, RONNY MINTZ and               :
CHALRON ENTERPRISES LTD.,                                 :
                                                          :
                                      Defendants.         :
-------------------------------------------------------------------- x

## DECLARATION OF NEIL BERGER IN SUPPORT OF
## CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER
## <u>APPROVING STIPULATIONS SETTLING ADVERSARY CLAIMS</u>
### (Mintz, Chalron, Lee, Perevoski)

Pursuant to 28 U.S.C. § 1746, I, Neil Berger, declare:

1.      I am a member of Togut, Segal & Segal LLP and counsel to Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "<u>Plaintiff</u>" or "<u>Trustee</u>") of the estate of the above captioned debtor (the "<u>Debtor</u>").

2.      I submit this declaration (the "<u>Declaration</u>") in support of the Trustee's application (the "<u>Application</u>") for entry of an order, substantially in the form attached to the Application as **Exhibit "A"** (the "<u>Proposed Order</u>"), approving: (a) the *Stipulation and Order Settling Adversary Proceeding Against the Perevoski Defendants*, annexed to the Proposed Order as **Exhibit "1"** (the "<u>Perevoski Stipulation</u>") by and between the Trustee and defendants Ernest Perevoski ("<u>Perevoski</u>") and Terri Abbey ("<u>Abbey</u>," and collectively with Perevoski, the "<u>Perevoski Defendants</u>"); (b) the *Stipulation and Order Settling Adversary Proceeding Against the Mintz Defendants*, annexed to the Proposed Order as **Exhibit "2"** (the "<u>Mintz Stipulation</u>") by and among the Trustee, and defendants Ronny Mintz ("<u>Mintz</u>") and Chalron Enterprises Ltd. ("<u>Chalron</u>," and collectively with Mintz, the "<u>Mintz Defendants</u>"); and (c) the *Stipulation and Order Settling Adversary Proceeding Against Hui-Fong Lee*, annexed to the Proposed Order as **Exhibit "3"** (the "<u>Lee Stipulation</u>," and the Lee Stipulation collectively with the Perevoski Stipulation and the Mintz Stipulation, the "<u>Stipulations</u>") by and between the Trustee and defendant Hui-Fong Lee ("<u>Lee</u>," and Lee collectively with the Perevoski Defendants and the Mintz Defendants, the "<u>Settling Defendants</u>," and the Settling Defendants together with the Trustee, the "<u>Settlement Parties</u>"), pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

3.      Except as otherwise set forth herein, all statements in this

Declaration are based on my personal knowledge, familiarity with the Debtor's affairs,

my privileged communications with the Trustee and/or my review of relevant

documents.  If I were called upon to testify, I could and would testify competently to

the facts set forth herein.

## BACKGROUND

### The Stipulations and Claims Settlement

4.      I have reviewed the factual recitations contained in the Application

concerning the Adversary Proceeding[1] and believe they are accurate. Those recitations

are incorporated herein.

**1.      The Perevoski Stipulation**

5.      After confidential settlement negotiations over the course of

months, the Trustee and the Perevoski Defendants have executed the Perevoski

Stipulation, annexed to the Proposed Order as **Exhibit "1,"** which, subject to approval

by this Court, provides for the full resolution of the Perevoski Claims.  The material

terms of the Perevoski Stipulation are summarized in the Application including,

without limitation (i) the recovery of $815,000 and (ii) the elimination of Claim No. 35,

which seeks more than $1 million.

**2.      The Mintz Stipulation**

6.      After confidential settlement negotiations over the course of

months, the Trustee and the Mintz Defendants have executed the Mintz Stipulation,

annexed to the Proposed Order as **Exhibit "2,"** which, subject to approval by this Court,

---

[1]   Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in
      the Application.

provides for the full resolution of the Mintz Claims. The material terms of the Mintz Stipulation are summarized in the Application, including the recovery of $80,000.

**3.      The Lee Stipulation**

7.      After confidential settlement negotiations over the course of months, the Trustee and Lee have executed the Lee Stipulation, annexed to the Proposed Order as **Exhibit "3"** which, subject to approval by this Court, provides for the full resolution of the Lee Claims. The Trustee sought to avoid and recover transfers to Lee totaling $2,250, and he will recover $2,000 from her.

**THE STIPULATIONS ARE FAIR AND EQUITABLE AND
IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE**

8.      The Trustee has considered what was learned through the exchange of confidential position statements, document productions, and settlement conferences with the Settling Defendants and he has reviewed numerous documents concerning the claims and defenses asserted by the Settling Defendants including, without limitation:

- Each Settling Defendant's Rule 408 Position Statement;

- Documents produced by the Settling Defendants in support of their Rule 408 Position Statements; and

- The Debtor's records and documents obtained through Rule 2004 subpoenas issued to the Settling Defendants and other third parties concerning, among other things: (i) Farmview; (ii) the obligations of Farmview to the Settling Defendants; and (iii) Kossoff's use of property of the Debtor and the Debtor's clients to satisfy Farmview's obligations to the Settling Defendants.

9.      After a thorough review of the relevant records and deliberate consideration of the costs, uncertainty, and risks inherent in all litigation, the Trustee, in exercise of his business judgment, has determined that it is appropriate to reach a

4

resolution of the Claims rather than proceed with litigation against the Settling

Defendants and further deplete the funds remaining in the Estate.

10.     In reaching that determination, the Trustee has considered, among

other things:

### i.     Benefit to the Debtor's Estate

11.     The Stipulations further the interests of the Debtor's estate by:

(i) obtaining the recovery of $897,000;  (ii) waiving the Settling Defendants' claims

against the Estate pursuant to Bankruptcy Code section 502(h) on account of the

respective settlement amounts that they have agreed to pay;  and (iii) obtaining the

waiver of Claim No. 35 asserted in the amount of $1,092,178.28.

### ii.     The Defenses Asserted by the Mintz Defendants

12.     The Mintz Defendants each asserted the same set of sixteen (16)

defenses to the Complaint, each of which the Trustee carefully considered.

13.     Among other things, the Mintz Defendants have asserted that

certain of the Mintz Claims are barred by the applicable statute of limitations and that

the transfers to the Mintz Defendants were of converted funds or trust funds that were

never property of the Debtor.  The Mintz Defendants also allege that any transfers

received from the Debtor were taken for value and in good faith.

14.     Additionally, the Mintz Defendants provided the Trustee with

documentary evidence that certain payments received by them satisfied antecedent

obligations of the Debtor rather than Farmview, such that certain fraudulent

conveyance claims to avoid and recover such payments would be barred.  These

defenses are not available to other defendants in the Adversary Proceeding.

15.     The Trustee conducted factual and legal research regarding those

and other defenses asserted by the Mintz Defendants and, without waiving any right,

claim or defense against the Mintz Defendants or other parties in the Adversary

Proceeding, concluded that a trial of those claims and defenses would be costly and not

without risk.  The Trustee's recoveries from the Mintz Defendants equal or exceed 75%

of the Trustee's net claims against them.

### iii.   Avoidance of the Cost, Delay, and Risk of Further Litigation

16.   The Stipulations eliminate the expense and delay of litigation,

which would likely require pre-answer motion practice, extensive and costly fact and

expert discovery concerning events that occurred years ago, and the risk of a prolonged

trial.  The Trustee cannot be certain that he would prevail in such litigation, or that,

even if success were guaranteed, any net litigation recovery would be substantially

greater than the sum he is recovering through these settlements given the assets of the

Estate would most certainly be significantly depleted by further litigation on the

Claims.  Moreover, even if successful in whole or in part, litigation against the Settling

Defendants has the potential to delay recovery and distributions for years.

17.   As noted in the Application, neither Lee nor the Perevoski

Defendants filed an answer to the Complaint.  At $2,000, however, the Lee Settlement

Amount is nearly that of the Lee Claims, which the Trustee has alleged in the aggregate

non-duplicative amount of $2,250.  And at $815,000, the Perevoski Settlement Amount

is approximately 75% of the Perevoski Claims, which the Trustee has alleged in the

aggregate non-duplicative amount of $1,083,291.82.

18.   The Lee Settlement Amount and the Perevoski Settlement Amount

represent small compromises of the Trustee's claims against these Settlement

Defendants, and they are reasonable because the approval of the Lee Stipulation and

the Perevoski Stipulation will obviate the need for the Trustee to incur the time and

expense necessary to obtain respective judgments by default and then collect on those judgments.

### iv.    Finality

19.    The Stipulations resolve the Claims in the Adversary Proceeding among the Trustee and the Settling Defendants, and fully and finally resolve all claims among the Trustee and the Mintz Defendants and the Perevoski Defendants.

### v.    Experienced Counsel and Arms-Length Negotiations

20.    The Settlement Parties are each represented by sophisticated and experienced counsel.  The Stipulations are the product of arm's-length and good faith negotiations between the Trustee and the Settling Defendants, which included many months of negotiations.

21.    Based upon the foregoing, the Trustee respectfully submits that the terms of the Stipulations are fair, reasonable and equitable, in the best interests of the Debtor's Estate, and are well above the lowest point in the range of reasonable potential litigation outcomes.  Consequently, the Trustee respectfully submits that the Stipulations each satisfy Bankruptcy Rule 9019 and respectfully requests that it be approved by the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          June 6, 2023

                         /s/ Neil Berger
                         NEIL BERGER
                         TOGUT, SEGAL & SEGAL LLP
                         One Penn Plaza, Suite 3335
                         New York, New York 10119
                         (212) 594-5000