April 30, 2024

TO:  Hon. David S. Jones
     cc:  Neil Berger, Esq.
          J.D. Barnea, Esq.

FROM:  Mitchell Kossoff

RE:  Kossoff PLLC, Case# 21-10699, IRS
     Motion and Various Other Issues



Dear Judge Jones:

I have been able to review at this juncture both the Transcript
of the Hearing which took place on 4/17/24, as well your annexed
Order, dated 4/19/24, resulting therefrom.

First I would like to thank you for the efforts the Court has
expended in order to insure that I am always included as part
of these proceedings and I apologize that for reasons beyond
my control (which I still don't quite understand) that I was
unable to attend via telephone the 4/17/24 Hearing.  I am
hoping that by our next Hearing Date (5/15/24) these issues will
have been ironed out with Groveland.  By virtue of my status as
an Incarcerated Individual unfortunately I will not be able to
be of any assistance in this regard.

Turning now to the 4/19/24 Amended Scheduling Order and the
accompanying transcript, I do have some issues in connection
with the same, as well as one or two unrelated matters, that
I would like to be addressed at some point during our upcoming
5/15/24 Hearing.  They are as follows:

1.  That the Order itself seems to recite in detail most aspects
and submissions in connection with the Trustee's IRS Motion,
but yet it fails to mention that I have already submitted my
substantive objections thereto in a correspondence, dated 3/6/24,
which was served and filed in a proper and timely manner;

2.  that the Order provides for the remainder of the litigating
parties to file their Objections to the Trustee's IRS Motion
on or before June 25, 2024 and I would ask that this aspect of
the Order be further amended to direct such parties to serve
their objections upon me by mail on or before such date as well,
inasmuch as I have no access to the Internet;

3.  that the Order further provides that the Trustee and the
IRS file their replys to the IRS Motion by no later than 7/12/24
and I would like this aspect of the Order to be similarly amended
to include service upon me via mail on or before 7/12/24 since
as previously noted I have no internet access.

April 30, 2024

Hon. David S. Jones
Re:  IRS Motion/Scheduling Order
- page two -

4.  supplementing the foregoing, I was not aware that the IRS
actually filed any pleadings in connection with the Trustee's
IRS Motion thereby enabling the Agency the right of a Reply
(if in fact such a prior submission was filed by the IRS I
would like the Court to direct that a copy of the same be mailed
to me immediately );

5.  that the Order sets forth a Hearing Date of 7/24/24 for
the Trustee's IRS Motion and I asked that the date be moved to
the next scheduled KOSSOFF PLLC Hearing date on or after
7/24/24 for the following reasons:  (a)  if the Trustee's Reply
is mailed to me on 7/12/24 in all likelihood I will not receive
it until 7/19/24 at the earliest which does not give me enough
time to adequately prepare for the Hearing;  (b) that by 7/12/24 the
Trustee will have had well over three months to respond to the
arguments raised in my objections, dated 3/6/24, and it hardly
seems fair to allow me less than a week to research and digest
the Trustee's further arguments;  and (c)  I have indicated
repeatedly at Hearings and in my papers that I be given the
right to file a Sur-Reply in this threshhold and very important
matter should I deem it necessary and the existing Amended
Scheduling Order makes this virtually impossible (in this regard
I do note that the Court previously allowed the Trustee to be
the moving party in connection with the IRS' eligibility to
be a predicate creditor despite the fact that I actually intro-
duced this issue by motions filed months and months ago and
as a moving party I would have ordinarily been given two bites
of the litigation apple - to serve moving and reply papers-
and it only seems fair within the context of the Trustee's
Motion on the exact same issues that for the sake of making
the record as complete as possible that I now be afforded this
procedural right by allowing me to file a Sur-Reply should I
deem it warranted);

6.  that I have heard that the Court has already ruled on
some preliminary objections filed by Columbus Properties within
the confines of the Trustee's IRS Motion and yet to date I have
not been provided with a copy of that ruling and would thus
request that the same be immediately be forwarded to me along
with a copy of your Honor's forthcoming Decision in connection
with Roc Le Triomphe's motion to dismiss which I understand
based on the 4/17/24 Transcript will be issued imminently;

7.  lastly and as I am sure the Court is aware, on 4/9/24
I filed another somewhat global permissive intervention motion
seeking to be included in a number of other pending adversarial
proceedings to assert two additional defenses which have nothing

April 30, 2024

Hon. David S. Jones
Re:  IRS Motion/Scheduling Order
- page three - _____

to do with whether or not the IRS is a property predicate cre-
ditor ( a copy of the letter to the Clerk of the Court asking
that this Motion be docketed is also annexed hereto) and in
this regard I asked previously that at the 5/15/24 Hearing a
briefing and Hearing schedule be established for this motion
and I am hoping that this request can also be entertained
on 5/15/24 as well.

Again I thank the Court for its patience and diligence in
protecting my litigation rights and I hope that I have not
trespassed the lines of any procedural parameters in setting forth
here in detail the issues which I would like to be addressed
and resolved at our 5/15/24  Hearing.

Respectfully Submitted,


Mitchell Kossoff



ALBERT TOGUT, Not Individually but Solely in
His Capacity as Chapter 7 Trustee of the Estate of
Kossoff PLLC,

                         Plaintiff,

              v.

ELITE ENTERPRISES OF NY, INC.,

                         Defendant.

Adv. Pro. No. 23-01115 (DSJ)

---

ALBERT TOGUT, Not Individually but Solely in
His Capacity as Chapter 7 Trustee of the Estate of
Kossoff PLLC,

                         Plaintiff,

              v.

BLOOMINGDALES, INC.; and PAMELA
KOSSOFF,

                         Defendants.

Adv. Pro. No. 23-01094 (DSJ)

---

ALBERT TOGUT, Not Individually but Solely in
His Capacity as Chapter 7 Trustee of the Estate of
Kossoff PLLC,

                         Plaintiff,

              v.

CITIBANK, N.A., and PAMELA KOSSOFF,

                         Defendants.

Adv. Pro. No. 23-01096 (DSJ)

---

## AMENDED ORDER REGARDING
## DISCOVERY AND BRIEFING SCHEDULE FOR IRS MOTION

On February 5, 2024, Albert Togut, in his capacity as trustee (the "Trustee") of

the Chapter 7 estate of Kossoff PLLC (the "Debtor"), by his attorneys (the "Togut Firm") filed

7



the *Trustee's Application for an Order (I) Determining the Debtor's Prepetition Tax Liability to the IRS; (II) Determining the Priority Status of the Debtor's Prepetition Tax Liability to the IRS; and (III) Allowing the Amended IRS Proof of Claim* [Main Case ECF No. 703] (the "IRS Motion");[1]

AND, Mitchell H. Kossoff ("Kossoff") filed the letter dated February 14, 2024 styled *Request for Modified Briefing Schedule with respect to the Trustee's IRS Motion and various other relief, In re Kossoff PLLC* [Main Case ECF No. 707] (the "Kossoff Letter"), which, among other things, requested additional time to file a response to the IRS Motion;

AND, on February 21, 2024, the Court entered the *Memorandum Endorsed Order* [Main Case ECF No. 708] concerning the Kossoff Letter (the "Endorsed Order"), which, among other things, invited any party wishing to object to the IRS Motion to file "either an extension request or at least a preliminary objection" by 4:00 p.m. (Eastern Time) on that day;[2]

AND, pursuant to the Endorsed Order, a request for an extension of time to respond to the IRS Motion was filed by Peter Xenopoulos and P. Xenopoulos Realty, LLC [AP No. 22-01141, ECF No. 122], Bloomingdale's Inc. [AP No. 23-01094, ECF No. 36], and Citibank, N.A. [AP No. 23-01096, ECF No. 34], and a preliminary objection to the IRS Motion was filed by Columbus Properties, Inc. and Colonnade Management, Corp. [AP No. 23-01095, ECF No. 19] (collectively, with the Kossoff Letter, the "IRS Motion Responses");

AND, on February 28, 2024, the Court held a status conference (the "February 28th Conference") where, among other things, the Trustee and parties-in-interest, including but not limited to the parties that filed the IRS Motion Responses, discussed pre-hearing discovery procedures concerning the IRS Motion;

---

[1]    The Trustee filed the IRS Motion in each of the above-captioned adversary proceedings.
[2]    The initial objection deadline for the IRS Motion was February 21, 2024 at 4:00 p.m. (Eastern Time).

8

000689        2110600069 0041



**AND,** on March 8, 2024, the Court entered the *Order Regarding Discovery and Briefing Schedule* (the "Scheduling Order");

**AND,** pursuant to the Scheduling Order, the parties that filed the IRS Motion Responses (the "Litigating Parties") having served their respective discovery requests upon the Trustee and/or the Internal Revenue Service (the "IRS" collectively with the Trustee and the Litigating Parties, the "Parties");

**AND,** on March 20, 2024, the Court held a status conference (the "March 20th Conference") that continued the February 28th Conference;

**AND,** upon the record of the February 28th Conference and the March 20th Conference (together, the "Record"), which is incorporated herein by reference, and for good cause shown by the Trustee, and upon all prior pleadings and proceedings had herein, and pursuant to and consistent with this Court's discretion and authority to manage cases before it;

**AND,** the Trustee and the IRS having served upon the Litigating Parties responses and objections to their respective discovery requests, and the Parties having held a meet and confer regarding the same;

**AND,** the Parties seeking to modify and extend the deadlines in the Scheduling Order to provide adequate time for the completion of discovery;

**IT IS HEREBY ORDERED:**

1.      Absent a further order of the Court, all discovery concerning the IRS Motion shall be completed by May 31, 2024.

2.      The Litigating Parties must file their objections to the IRS Motion, if any, on or before June 25, 2024.

9



3.    The Trustee and the IRS may file their replies, if any, to any objections to the IRS Motion no later than July 12, 2024.

4.    The hearing on the IRS Motion shall take place on July 24, 2024, at 10:00 a.m.

5.    The Litigating Parties' rights to serve supplemental document requests or subpoenas relating to the IRS Motion is preserved.  The Parties shall meet and confer in good faith regarding any such supplemental discovery, including the timing of responses thereto.

6.    The Trustee and the Togut Firm are authorized to take all actions as may be necessary to carry out this Order.

7.    Absent agreement among the Parties by written agreement, any party may seek an order extending the dates and deadlines set forth in this Order for cause shown upon written request to the Court on notice to the Trustee, the IRS, and all other parties in connection with the IRS Motion.

8.    The Court shall retain exclusive jurisdiction to enforce and implement this Order in all respects, including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order, (b) resolve any dispute, controversy, or claim arising under or related to this Order, (c) interpret, implement, and enforce the provisions of this Order.

10



9.    Entry of this Order shall in no way impair the ability of the Court, the United States Trustee, or the Trustee to implement or enforce other orders of the Court entered in the Debtor's case and related adversary proceedings, and all such orders shall continue in full force and effect.


Dated:    New York, New York
         April 19, 2024

                            _____s/ David S. Jones_____
                            HONORABLE DAVID S. JONES
                            UNITED STATES BANKRUPTCY JUDGE


11

DATE: APRIL 9, 2024

TO: Clerk's Office - Room 614
United States Bankruptcy Court
Southern District

FROM: Mitchell Kossoff

RE:
Togut v. Fordham, 23-01155
Togut v. Besen, Adv. Proc. #23-01004
Togut v. Colgate, Adv. Proc. #23-01023
Togut v. Bloomingdales, Adv. Proc. #23-01094
Togut v. Citibank, Adv. Proc. 23-01096
Togut v. Haverford, Adv. Proc. 23-01105
Togut v. Unger, Adv. Proc. #23-01127

MOTION FOR PERMISSIVE INTERVENTION **

Dear Sir/Madam:

Inasmuch as I am an incarcerated individual and do not have
access to the internet, I would appreciate it if you would
file the within letter motion on the dockets of the above-
referenced adversarial proceedings. **

They are all proceedings under the umbrella case of
IN RE KOSSOFF PLLC 21-10699 (DSJ).

Thank you so much for your efforts in this regard.

Respectfully,

Mitchell Kossoff, Pro Se

** This is a corrected motion which simply adds to its caption
the adversarial proceeding known as Togut v. Fordham, 23-01155
which was inadvertently left off the identical and prior motion
for permissive intervention, dated 4/8/24.