**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:                                                    :

                                                          :        Chapter 7

     **KOSSOFF PLLC,**

                                                          :        Case No. 21-10699 (DSJ)

           Debtor.        :

---------------------------------------------------------------x

**ALBERT TOGUT**, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,                         :

          Plaintiff,        :

          v.        :        Adv. Pro. No. 23-01004 (DSJ)

**MICHAEL BESEN**, **34447 EQUITIES, INC**,   :
and **ALEC KOSSOFF**,

                                                          :
         Defendants.

---------------------------------------------------------------x

**ALBERT TOGUT**, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,                         :

          Plaintiff,        :

          v.        :        Adv. Pro. No. 23-01023 (DSJ)

**COLGATE UNIVERSITY,** and                     :
**JEREMY KOSSOFF**,

                                                          :
         Defendants.

---------------------------------------------------------------x

**ALBERT TOGUT**, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,                         :

          Plaintiff,        :

          v.        :        Adv. Pro. No. 23-01094 (DSJ)

1

**BLOOMINGDALE'S, INC.**, and                    :
**PAMELA KOSSOFF**,

                                                                     :

                           Defendants.                    :
------------------------------------------------------------x
**ALBERT TOGUT**, Not Individually but Solely        :
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,                           :

                           Plaintiff,                    :

                       v.                    :        Adv. Pro. No. 23-01096 (DSJ)

**CITIBANK, N.A.**, and **PAMELA KOSSOFF**,        :

                           Defendants.                    :
------------------------------------------------------------x
**ALBERT TOGUT**, Not Individually but Solely        :
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,                           :

                           Plaintiff,                    :

                       v.                    :        Adv. Pro. No. 23-01155 (DSJ)

**FORDHAM UNIVERSITY SCHOOL OF**        :
**LAW**, **FORDHAM UNIVERSITY**, and
**JEREMY KOSSOFF**,                               :

                           Defendants.                    :
------------------------------------------------------------x


# OPINION AND ORDER DENYING MOTIONS FOR PERMISSIVE INTERVENTION FILED BY MITCHELL KOSSOFF


*A P P E A R A N C E S :*


**TOGUT, SEGAL & SEGAL**
*Counsel for the Trustee Albert Togut, not individually but in his capacity as Chapter 7 Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
By:    Neil Berger,
        Jared Boriello,
        John Gallego,
        Minta Nester,

Jonathan Samper,
Alexandra Stolp

**BOND, SCHOENECK & KING, PLLC**
*Counsel for Colgate University*
225 Old Country Road
Melville, NY 11747
By:     Justin S. Krell
          Sara Temes

**LEMERY GREISLER, LLC**
*Counsel for Bloomingdale's, Inc., and Citibank N.A.*
677 Broadway, 8th Floor
Albany, NY 12866
By:     Paul Levine

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
*Attorneys for Michael Besen*
200 West 41st Street
New York, NY 10036
By:     Sean Southard,
          Brendan Scott.

**MITCHELL KOSSOFF,** *pro se*

**ALSO PRESENT:**
          Kenneth Levine

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the *Motion for Permissive Intervention* filed by non-party Mitchell Kossoff ("**Mr. Kossoff**") seeking to intervene in five adversary proceedings[1] before this Court. Mot. for Permissive Intervention, ECF No. 721[2] (the "**Motion**" or "**Mot.**"). Mr. Kossoff asserts that he should be permitted to intervene to assert and develop two defenses that, if proven at trial, may impact his potential future liability and the liability of all the Named Defendants[3] in the Adversary Proceedings. Mot. ¶ 15. Defendants Bloomingdale's Inc. ("**Bloomingdale's**") and Citibank, N.A. ("**Citibank**") filed identical responses in support of the Motion in their respective Adversary Proceedings. Resp. In Support of Mot., Case No. 23-01094, ECF No. 55 (the "**Supporting Responses**" or "**Resp.**"). Albert Togut, not individually but solely in his capacity as chapter 7 trustee of the estate of Kossoff PLLC (the "**Trustee**") filed an identical Objection to the Motion in each of the five Adversary Proceedings, asserting that the Motion is untimely; that intervention would cause the estate of Kossoff PLLC (the "**Debtor**") material cost, delay, and prejudice; and that Mr. Kossoff's two asserted defenses fail as a matter of law. Obj. to Mot., ECF No. 743 (the "**Objection**" or "**Obj.**") at 2–3.

---

[1] Mr. Kossoff seeks to intervene in the following five adversary proceedings: (1) *Togut v. Besen, et al.*, Case No. 23-01004; (2) *Togut v. Colgate University, et. al.*, Case No. 23-01023; (3) *Togut v. Bloomingdale's, Inc., et al.*, Case No. 23-01094; (4) *Togut v. Citibank N.A. et al.*, Case No. 23-01096; and (5) *Togut v. Fordham University Law School, et al.*, Case No. 23-01155 (the "**Adversary Proceedings**"). Mr. Kossoff filed identical motions in each of the Adversary Proceedings. Mr. Kossoff also filed his Motion in the following two cases, but has since withdrawn his Motion in both, as memorialized on the record at the August 14, 2024 Hearing: *Togut v. Haverford College*, Case No. 23-01105; *Togut v. Unger, et al.*, Case No. 23-01127.

[2] Unless otherwise specified, all electronic case filing numbers used in this Decision refer to filings on the docket of the main case, *Kossoff PLLC*, Case No. 21-10699 (the "**Main Case**").

[3] The named defendants (the "**Named Defendants**") include: Michael Besen, 34447 Equities, Inc., and Alec Kossoff, named as defendants in *Togut v. Besen, et al.*, Case No. 23-01004; Colgate University and Jeremy Kossoff named as defendants in *Togut v. Colgate University, et. al.*, Case No. 23-01023; Bloomingdale's Inc. and Pamela Kossoff named as defendants in *Togut v. Bloomingdale's, Inc., et al.*, Case No. 23-01094; Citibank, N.A. and Pamela Kossoff, named as defendants in *Togut v. Citibank N.A. et al.*, Case No. 23-01096; and Fordham University School of Law, Fordham University, and Jeremy Kossoff named as defendants in *Togut v. Fordham University Law School, et al.*, Case No. 23-01155.

The Court heard oral argument on the Motion on July 24, 2024 (the "**July Hearing**") and at that time continued the hearing to August 14, 2024 (the "**August Hearing**"). During the August Hearing, the Court asked additional questions following up on the arguments presented at the July Hearing, and reserved decision in anticipation of issuing this written decision ("**Decision**"). For the reasons discussed below, the Motion is **DENIED**.

*FACTS*

**A. Overview of Bankruptcy Case, Mr. Kossoff's Conviction, and the Trustee's Efforts to Recover Misappropriated Funds**

As this Court has explained in prior Kossoff-related decisions, Mr. Kossoff was the principal of the Debtor, Kossoff PLLC, a now-closed law firm specializing in real estate matters. Creditors of Kossoff PLLC commenced the main bankruptcy case on April 13, 2021 (the "**Petition Date**") by filing an involuntary chapter 7 petition after discovering that Mr. Kossoff may have misappropriated client funds held in the firm's trust account.

At the inception of the bankruptcy case, Mr. Kossoff was under criminal investigation in connection with the reportedly missing funds, and on December 13, 2021, pled guilty to criminal charges alleging that he had misappropriated at least $14.5 million in client funds. He is now an inmate in New York's state prison system. Mr. Kossoff was disbarred in March 2022 and has been participating *pro se* in aspects of the Main Case and related adversary proceedings.

Early in the Main Case, the Court appointed Albert Togut as chapter 7 Trustee. Order Appointing Trustee, ECF No. 15. The Trustee has devoted intensive effort to identifying and tracing funds to which the bankruptcy estate may be entitled. He has brought numerous actions attempting to recover such funds, often under the fraudulent transfer provisions of 11 U.S.C. § 548

as well as under other provisions of the United States Bankruptcy Code (the "**Bankruptcy Code**") and various state-law theories.

### B. Mr. Kossoff's Intervention in *Togut v. Perevoski, et al.*, Case No. 22-01141

On October 17, 2023, the Court granted Mr. Kossoff's Motion to Intervene in the adversary proceeding titled *Togut v. Perevoski, et al. See* Decision and Order Granting Permissive Intervention Mot., Case No. 22-01141, ECF No. 90. Mr. Kossoff first presented that motion in early July 2023, emphasizing that the issue he sought to raise was a narrow, discrete question that would affect a large number of the Trustee's adversary proceedings with minimal disruption to the cases' conduct while potentially resolving an issue that would also significantly impact Mr. Kossoff's personal interests. *See* Permissive Intervention Mot., Case No. 22-01141, ECF No. 60.

The *Perevoski* complaint alleges that Mr. Kossoff incorporated Farmview Estates, LLC as a vehicle to facilitate a real estate investment project which was financed through a combination of equity investments and loans that Mr. Kossoff personally guaranteed from the defendants in the adversary proceeding, many of whom are Mr. Kossoff's family members and friends. Compl., Case No. 22-01141, ECF No. 1 ¶¶ 2–3. The venture failed, Farmview dissolved, and Mr. Kossoff then founded the Debtor. *See id.* ¶¶ 4–5. From December 2013 to March 2021, the *Perevoski* complaint alleges that Mr. Kossoff used funds from the Debtor's bank accounts to repay more than $5.2 million of his personal debts to the defendants. *See id.* ¶ 5.

The *Perevoski* complaint asserts various causes of action for the avoidance of fraudulent and preferential transfers and seeks to use the Internal Revenue Service (the "**IRS**") as a predicate creditor within the meaning of section 544(b) of the Bankruptcy Code to extend the reach-back period that the Trustee may utilize to target such transfers. *See id.* ¶¶ 65–72. The *Perevoski* complaint asserts that as of the Petition Date, the Debtor owed unpaid prepetition tax obligations

to the IRS for the 2015 tax year. *See id.* ¶ 66. Mr. Kossoff sought to intervene in *Perevoski* to attack the Trustee's ability to use the IRS as a predicate creditor, asserting that because the IRS filed a "certificate of release of tax lien" for 2015, the Debtor has no remaining liability to the IRS for that tax year, which undermines the Trustee's reliance on the IRS as a predicate creditor. *See* Permissive Intervention Mot., Case No. 22-01141, ECF No. 60 at 3.

The Court granted Mr. Kossoff's motion to intervene in *Perevoski* for the limited purpose of litigating the issue of whether the IRS may serve as a predicate creditor. In doing so, the Court rejected objections that Mr. Kossoff unreasonably delayed seeking to intervene, and observed that allowing Mr. Kossoff to intervene would serve judicial economy and facilitate the resolution of the Trustee's many pending avoidance actions because Mr. Kossoff raised issues that the Trustee did not plan to pursue, and because resolution of the validity of the IRS claim would help parties in many of the adversary proceedings evaluate the strength or weakness of their respective positions and may promote the earlier, less expensive resolution of numerous cases. *See* Decision and Order Granting Permissive Intervention Mot., Case No. 22-01141, ECF No. 90 at 15–17. The Court noted Mr. Kossoff's reassurance that he raised the issue in a limited, targeted, and non-disruptive way, and emphasized that its prejudice analysis assumed that the issue raised by Mr. Kossoff would be "promptly briefed and resolved." *See id.* at 18.

After several extensions of the briefing schedule to allow other parties to conduct related discovery, argument on the predicate creditor issue has been scheduled for September 18, 2024. *See* Scheduling Order, Case No. 22-01141, ECF No. 143 ¶ 4. That date is just a month shy of a year after the Court's decision on Mr. Kossoff's permissive intervention motion in *Perevoski*.

**C.  The Adversary Proceedings in Which Mr. Kossoff Now Seeks to Intervene**

7

Mr. Kossoff seeks to intervene in the following Adversary Proceedings: (1) *Togut v. Besen, et al.*, Case No. 23-01004; (2) *Togut v. Colgate University, et. al.*, Case No. 23-01023; (3) *Togut v. Bloomingdale's, Inc., et al.*, Case No. 23-01094; (4) *Togut v. Citibank N.A. et al.*, Case No. 23-01096; and (5) *Togut v. Fordham University Law School, et al.*, Case No. 23-01155. Each of the Adversary Proceedings was commenced by the Trustee to recover alleged actual and constructive fraudulent transfers made by the Debtor to satisfy Mr. Kossoff's personal obligations. *See* Obj. ¶ 20. The Trustee represented on the record at the August Hearing that shortly after each of the Adversary Proceedings were filed, the Trustee engaged in informal settlement discussions, exchanged position statements, and undertook various methods of trying to reach an early settlement with the Named Defendants. These efforts, in some cases, were halted by the introduction of and redirection of attention to the IRS predicate creditor issue raised by Mr. Kossoff.

### D. The Motion, Supportive Response, and Objection

The Motion asserts that Mr. Kossoff should be permitted to intervene in the Adversary Proceedings to present two defenses[4] that he contends, if proven at trial, would impact his potential future liability and the liability of all of the Named Defendants. *See* Mot. ¶ 15. First, the Motion raises a statute of limitations defense, asserting that under section 508 of New York's Limited Liability Law, distributions to a member, even if wrongful, are subject to a three-year limitations period, which overrides any longer period for voiding allegedly fraudulent transactions based upon provisions of the Bankruptcy Code and/or New York's Debtor and Creditor Law. *See* Mot. ¶¶ 6–7. Mr. Kossoff asserts that this defense could significantly limit the period available to the Trustee

---

[4] This Decision does not assess the merits of Mr. Kossoff's asserted defenses and should not be construed to resolve these defenses nor to bar any defense asserted by any Named Defendant.

to seek recovery of proceeds of fraudulent transactions in each of the Adversary Proceedings and would significantly limit the liability of Mr. Kossoff and the Named Defendants. *See* Mot. ¶ 8. Second, Mr. Kossoff asserts that the transfers at issue in the Adversary Proceedings are subject to the additional defense that the Debtor received reasonably equivalent value in exchange for the targeted transfers as contemplated by Section 548(a)(1)(B)(i) of the Bankruptcy Code and well and fair consideration in exchange for the targeted transfers as contemplated by Sections 273–275 of New York's Debtor and Creditor Law. *See* Mot. ¶ 9.

The Supportive Responses assert that Mr. Kossoff should be permitted to intervene in the Bloomingdale's and Citibank Proceedings on the theory that he is uniquely situated to present the defenses he raises in the Motion. *See* Resp. ¶ 8. The Supportive Responses state that no other party has the ability or information to assert the purported defenses because "Mr. Kossoff is the one who allegedly made the decision to compensate himself by paying for his family's expenses." Supportive *See* Resp. ¶ 8. The Supportive Responses also raise concerns that denying the Motion could result in inconsistent judgments in various adversary proceedings that may deal with the same issues that have been raised by Mr. Kossoff. *See* Resp. ¶ 6.

The Objection asserts that Mr. Kossoff should not be permitted to intervene in the Adversary Proceedings because his intervention request is untimely; his participation in the Adversary Proceedings would unduly delay and prejudice the adjudication of the existing parties' rights; and his purported interests in the Adversary Proceedings are adequately protected by the Named Defendants. *See* Obj. ¶¶ 44, 54, 67. The Objection states that Mr. Kossoff was aware of his purported interest in the Adversary Proceedings at least ten months prior to making his Motion, and as such failed to promptly file the Motion. *See* Obj. ¶ 51. Further, the Trustee argues that the Adversary Proceedings are advanced enough that intervention now would cause disruption. *See*

Obj. ¶ 54. Specifically, the Trustee notes that answers have been filed, informal discovery conducted, and in some cases, advanced settlement negotiations are underway. *See* Obj. ¶¶ 54–55. Finally, the Trustee argues that Mr. Kossoff has the same ultimate objective as the Named Defendants, which is to limit the scope of the transfers available within the Trustee's reach, such that Mr. Kossoff's interests are adequately represented.[5] *See* Obj. ¶¶ 66–67.

## DISCUSSION

### A. Governing Standards

Federal Rule of Bankruptcy Procedure 7024 appears in Part VII of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and applies Federal Rule of Civil Procedure 24 ("**Rule 24**") to adversary proceedings. *See* Fed. R. Bankr. P. 7024. Rule 24(b) governs permissive intervention and states, in relevant part,

> [o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24 (b).

Rule 24 further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "In seeking intervention under [Rule 24], the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citing *Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 509 (W.D.N.Y. 2001)). "[C]ourts applying Rule 24 'must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases.'" *See*

---

[5] The Objection also assesses the merits of Mr. Kossoff's asserted defenses, which this Decision does not weigh. *See* Obj. ¶¶ 37–42.

*Kamdem-Ouaffo* 314 F.R.D. at 134 (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009)).

"To be granted intervention as of right or by permission, 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (quoting *"R" Best Produce, Inc. v. Shulman–Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006)). An application for intervention may be denied upon the failure to satisfy any one of these four requirements. *See id.* However, the "principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (quoting Fed. R. Civ. P. 24(b)(2)). Application of the factors is "flexible and discretionary." *See Grewal v. Cuneo*, No. 13-CV-6836, 2014 WL 2095166, at *3 (S.D.N.Y. May 20, 2014) (citing *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002)).

In weighing the above factors, additional relevant considerations include "the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *See Grewal*, 2014 WL 2095166, at *3 (citing *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir.1986)).

## B.  Application

Applying these standards, the Court denies Mr. Kossoff's Motion primarily because, as detailed below, the Motion is untimely and would interfere with the efficient resolution of the

Adversary Proceedings, and because Mr. Kossoff has failed to demonstrate that his purported interest in the Adversary Proceedings is not adequately protected by the Named Defendants, who share his asserted interest in resisting the Trustee's claims by asserting defenses including those now emphasized by Mr. Kossoff.

### 1. Timeliness

Mr. Kossoff filed his Motion between eight and fourteen months after the Adversary Proceedings were commenced and nine months after he filed his prior, more limited intervention motion in *Perevoski*. The Court concludes that the Motion now before it is untimely.

In evaluating a motion for permissive intervention, "the threshold inquiry is whether the application for intervention is timely." *See Kamdem-Ouaffo*, 314 F.R.D. at 134. "The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *See Floyd*, 770 F.3d at 1058 (citing *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir.1986)). To determine whether a permissive intervention motion is timely, courts consider: "(a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *See Floyd*, 770 F.3d at 1058 (citing *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir.2006)). "While courts use these four factors as a guide, the determination of whether a motion to intervene is timely must be 'evaluated against the totality of the circumstances before the court.'" *Kamdem-Ouaffo*, 314 F.R.D. at 134 (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001).

### (i) Length of Time Mr. Kossoff Knew or Should Have Known of his Interest in the Adversary Proceedings

12

Mr. Kossoff was put on notice of his purported interest in the Adversary Proceedings at least eleven months prior to his filing of the Motion, and as such failed to promptly intervene. The length of time that a purported intervenor knew or should have known of its interest in an action before making its motion is "'among the most important factors' to be considered in determining timeliness." *See Kamdem-Ouaffo*, 314 F.R.D. at 134 (citing *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996)). Case law in this District makes clear that a proposed intervenor should promptly move to intervene once it becomes aware that its interests may not be protected in a suit; there is no need to wait until it is without a doubt that its interests might be affected. *See Floyd v. City of New York*, 302 F.R.D. 69, 87 (S.D.N.Y. 2014) (citing *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001) ("Rule 24 does not require that an applicant's interest be 'crystallize[d]' or that an applicant wait until there is 'no doubt' that his or her interests will be impacted. Instead, Rule 24 encourages applicants to move when it becomes apparent that their interests *might* not be protected.")).

At the July Hearing, Mr. Kossoff stated that because he is incarcerated, he faced difficulty in gaining access to the complaints in the Adversary Proceedings. *See* July Hr'g Tr., ECF No. 778, 59:15–25; 60:1–8. Mr. Kossoff asserted that he had asked for copies of the relevant complaints in December 2023, which the Trustee refused to provide. *See id.* Mr. Kossoff stated that he spent several additional months trying to obtain the complaints through a different avenue, and once he was satisfied that he had enough information he made his Motion. *See id.*

The Trustee persuasively asserts that Mr. Kossoff was put on notice of his purported interest in the Adversary Proceedings at least eleven months prior to making his Motion when Mr. Kossoff filed an answer in another, similar adversary proceeding, *Togut v. Roc Le Triomphe Associates LLC et al.*, Case No. 22-01158, and arguably two years ago when the Trustee commenced the adversary

13

proceeding *Togut v. VNB New York LLC et al.*, Case No. 22-01113, which revealed to Mr. Kossoff that the Trustee was attempting efforts to avoid transfers of Debtor funds made to satisfy Mr. Kossoff's personal obligations. *See Floyd*, 302 F.R.D. at 90 ("[a proposed intervenor] may also obtain notice based on the commencement of related litigation.") (citing *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988)); *see also Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 704 F. Supp. 2d 269, 282 (W.D.N.Y. 2010) (prior filing of two related lawsuits against similar parties based on similar claims with similar proposed remedies served as notice).

In addition, Mr. Kossoff's Motion comes well after the earliest date on which the Adversary Proceedings directly at issue in the Motion were discussed on the record at a hearing attended by Mr. Kossoff. In the cases of *Togut v. Colgate University, et al.*, and *Togut v. Bloomingdale's, Inc., et al.*, that date is May 23, 2023. May 2023 Hr'g Tr., Case No. 23-01023, ECF No. 12. In the cases of *Togut v. Besen, et al.*; *Togut v. Citibank N.A. et al.*; and *Togut v. Fordham University Law School, et al.*, that date is September 26, 2023. *See* September 2023 Hr'g Tr., Case No. 23-01096, ECF No. 21. Mr. Kossoff nevertheless did not file his Motion until April 2024, at least six and in some instances even ten months after he was (virtually) present for conferences in each case in which he now seeks to intervene.

Further, *Togut v. Roc Le Triomphe Associates LLC et al.* ("***Roc***") was commenced by the Trustee to recover fraudulent transfers made by the Debtor corporation in satisfaction of Mr. Kossoff's personal residential rent obligations. *See* Compl., Case No. 22-01158, ECF No. 1. Mr. Kossoff's answer to the *Roc* complaint is dated May 2, 2023. *See* Answer, Case No. 22-01158, ECF No. 47 at 17. *Roc* is similar to the Adversary Proceedings in that the allegations in the complaint stem from certain payments that the Trustee asserts were made by the Debtor either to

Mr. Kossoff, his immediate family members, or his personal creditors, assertedly for Mr. Kossoff's personal benefit rather than to benefit the Debtor. As such, the *Roc* case put Mr. Kossoff on notice that the Trustee was pursuing adversary proceedings like those subject to the Motion – seeking to recover payments of Debtor funds for Mr. Kossoff's personal benefit.

Given all of these much earlier signs that the Adversary Proceedings existed or were likely and presented the sorts of issues on which Mr. Kossoff now seeks to be heard, the Court concludes that Mr. Kossoff failed to timely bring this Motion. *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000) (denying a motion to intervene where filed eight months after proposed intervenor was put on notice of their purported interest); *compare, e.g.*, eleven-month gap between Mr. Kossoff's May 2, 2023 Answer in *Roc* and his April 12, 2024 filing of the Motion.

### (ii)    Prejudice to the Existing Parties Resulting from Delay

Mr. Kossoff's intervention in the Adversary Proceedings is likely to cause delay, added litigation complexity and expense, all of which would unfairly prejudice the Trustee, and possibly other parties.

Considering whether the existing parties to an action would be prejudiced by delay caused by the proposed intervention "encompasses the basic fairness notion that intervention should not work a last minute disruption of painstaking work by the parties and the court." *See Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 592 (S.D.N.Y. 2018) (citation omitted). The Trustee has undertaken a large-scale effort to attempt to claw back a multitude of transfers made by the Debtor that it alleges were fraudulent or preferential in nature. The Trustee filed the Adversary Proceedings more than a year ago and is attempting to pursue these and numerous other actions in a coordinated, cost-effective, and efficient manner.

15

Though formal discovery in the Adversary Proceedings has either not yet been initiated or has not yet closed, the parties have engaged in lengthy informal discovery and settlement discussions[6] in many, if not all, of the Adversary Proceedings, and all parties have been at liberty to prioritize their fact-gathering however they chose in support of settlement talks or formal litigation. That process reportedly has focused on the IRS predicate creditor issue that Mr. Kossoff brought into focus when he successfully sought permissive intervention in *Perevoski*, a motion that was granted ten months ago. If resolving the IRS claim issue does not result in settlements (which the Trustee anticipates it will), at least some of the Adversary Proceedings may feature an additional period of discovery touching on other issues, but the parties' prioritization of the IRS issue reflects party litigant choices based on their view of what seemed to be the most important issue in these Proceedings. At least the Trustee contends that the Adversary Proceedings will be ripe for settlement or limited and targeted further discovery once the IRS predicate creditor issue is resolved.

Yet Mr. Kossoff now seeks not just to intervene on two additional issues, but to actively present additional evidence. To allow Mr. Kossoff to intervene in this manner and at this stage would severely disrupt the Trustee's carefully designed approach and investment of significant resources to resolve these Adversary Proceedings. Further, while some Named Defendants including Citibank and Bloomingdale's now say they would welcome Mr. Kossoff's proposed raising and litigation of additional defenses, these defenses can be raised by any Named Defendant, can be informed by non-party discovery of Mr. Kossoff to the extent necessary, and would not be difficult to identify or pursue, such that denying the Motion cannot be said to prejudice any Named

---

[6] The Trustee and Colgate University reached a settlement that was approved by this Court on August 26, 2024. *See* Order Approving Stipulations, ECF No. 786.

Defendant. Thus, the party-prejudice factor weighs in favor of the Trustee, and against granting the Motion.

### (iii)    Prejudice to Mr. Kossoff If Intervention Is Not Permitted

Mr. Kossoff would not suffer great prejudice if his Motion were denied. Mr. Kossoff says he seeks to intervene to avoid or reduce his own potential liability in connection with subsequent claims that may be asserted against him by the Named Defendants should the Trustee recover in the Adversary Proceedings. The Trustee asserts that it is speculative whether Mr. Kossoff will face any subsequent claims, and that any such claims could be adjudicated in other courts and would be irrelevant to the estate.

The Court agrees with the Trustee that it is speculative whether Mr. Kossoff will face future claims even if the Trustee prevails in the Adversary Proceedings, which is not assured. If the Trustee does not prevail it is highly questionable whether the Named Defendants would have occasion to assert claims against Mr. Kossoff. Additionally, even if the Trustee recovers funds from the Named Defendants, they may have no economic incentive to sue Mr. Kossoff, who has been convicted of a multi-million-dollar fraud and who may be so insolvent as to be judgment proof. Finally, Mr. Kossoff may be able to assert merits defenses in any subsequent lawsuits and/or claims against him. Thus, Mr. Kossoff's interests will not meaningfully be prejudiced by denying the Motion, and any slight risk he faces is more than outweighed by the risk of prejudice to the Trustee if the Motion is granted.

### 2.    Mr. Kossoff's Purported Interest in the Adversary Proceedings

In granting Mr. Kossoff's prior permissive intervention motion in *Perevoski*, the Court primarily focused on other factors, but concluded that Mr. Kossoff demonstrated at least some cognizable interest in *Perevoski* and more generally in the disposition of the IRS predicate creditor

issue that arises in many of the Trustee's pending adversary proceedings. Case law in this Circuit instructs a proposed intervenor to demonstrate "an interest relating to the property or transaction which is the subject of the action" that is direct, substantial, and "significantly protectable." *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inc. Sec. LLC*, 550 B.R. 241, 249–50 (Bankr. S.D.N.Y. 2016) (quoting *Brennan v. New York City Bd. of Educ.*, 260 F.3d 123, 130 (2d. Cir 2001)) (citation omitted). "[S]uch an interest must be direct, as opposed to remote or contingent." *Restor-A-Dent Dental Lab'ys, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984). "A claim based only on an indirect economic effect of some action is rarely considered . . . a protectable right or interest sufficient to justify intervention." *See Madoff*, 550 B.R. at 250 (citation omitted).

Despite the Court's conclusion in *Perevoski*, the Court is not satisfied that Mr. Kossoff has demonstrated a comparably direct and substantial interest on the issues he seeks to litigate here. The IRS predicate creditor issue arises generally based on historic events and is material to the outcome of multiple cases, in some of which Mr. Kossoff himself is a party (as in *Roc*). Yet there appeared to be a substantial chance that the Trustee's case management decisions might cause the issue to be first litigated in cases in which Mr. Kossoff was not a party. Here, by contrast, the Adversary Proceedings turn on specific transfers, and it is unclear whether the results would bind or directly prejudice Mr. Kossoff. Meanwhile, as discussed, Mr. Kossoff's expressed concern that defendants from whom the Trustee recovers might later sue him is speculative both because it may be that no judgment is entered, and because in any event an economically rational party might well conclude that suing Mr. Kossoff would be a waste of resources given his apparent lack of assets or future earnings prospects. *See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) ("An interest that is . . . contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule.") (citation omitted);

18

*see also Eddystone Rail Co., LLC*, 289 F. Supp. 3d at 593 (quoting *Tymoshenko v. Firtash*, No. 11 Civ. 2794 (RJS), 2011 WL 5059180, at *2 (S.D.N.Y. Oct. 19, 2011) ("[t]hat the Proposed Intervenors' interest turns on another court's prospective ruling underscores the contingent nature of the Proposed Intervenors' interest. Thus, because their 'claim is dependent upon a court ruling on an ancillary legal issue,' it is 'too attenuated to warrant intervention.'")); *see also Restor-A-Dent*, 725 F.2d at 875 (finding the proposed intervenor's interest contingent and remote because it depends both on a finding for the plaintiff in the action and resolution of a second action to determine the proposed intervenor's potential obligation to indemnify). Thus, Mr. Kossoff does not have a direct interest in the Adversary Proceedings in which he seeks to intervene because his interest is contingent on the occurrence of uncertain future events.

### 3. Whether Mr. Kossoff's Purported Interest in the Adversary Proceedings May Be Impaired by Their Disposition

The Court assumes for purposes of this Decision that Mr. Kossoff's purported interest in the Adversary Proceedings may be impaired by those cases' disposition. It may be that Mr. Kossoff may be better able to present his defenses than the Named Defendants. However, this possibility is not strong, because the defenses he raises have now been forcefully called to the Named Defendants' attention through Mr. Kossoff's own Motion, and they will be able to pursue those defenses to the extent they conclude they have potential merit. Further, the Named Defendants can take non-party discovery of Mr. Kossoff to obtain any relevant information he may uniquely possess. Moreover, Mr. Kossoff is not himself a defendant in the Adversary Proceedings or with respect to the transfers at issue. Overall, the Court concludes that Mr. Kossoff's interest in the issues he raises in the context of the Adversary Proceedings is remote and contingent, as is the potential impact on Mr. Kossoff of the outcome of these Adversary Proceedings if he is not permitted to intervene.

### 4. Mr. Kossoff's Interest in the Adversary Proceedings Is Adequately Protected by the Named Defendants

Mr. Kossoff's interest in the Adversary Proceedings is adequately protected by the Named Defendants. "[A] proposed intervenor's interests cannot be 'identical' to those of other parties and cannot be adequately represented by another party." *E.g., Del. Tr. Co. v. Wilmington Tr. N.A.*, 534 B.R. 500, 509 (S.D.N.Y. 2015) (citation omitted). The burden of showing that a party's representation may be inadequate has often been described as "minimal," but courts in this Circuit have "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *See In re Ambac Fin. Grp., Inc., Derivative Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009) (citation omitted). "'[W]hen there is an identi[t]y of interest between a putative intervenor and an existing party to the action,' a 'presumption of adequate representation' attaches in the absence of 'evidence of collusion, adversity of interest, nonfeasance, or incompetence.'" *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, No. 05-MD-1720 (MKB), 2021 WL 2646349, at *10 (E.D.N.Y. June 28, 2021) (citation omitted).

Mr. Kossoff has the same objective as that of the Named Defendants: to avoid or minimize liability for the transfers targeted by the Trustee. The Named Defendants have every incentive to argue against the Trustee's ability to claw back transfers, including by raising the defenses Mr. Kossoff has identified. In fact, they may have greater economic incentive because they presumably are not judgment proof, as Mr. Kossoff may well be. That the Named Defendants' incentive is to reduce their own potential liability rather than Mr. Kossoff's does not make their incentive or ability to present complete defenses identical to those he identifies inadequate. *See Washington Elec. Co-op., Inc.*, 922 F.2d at 98 ("a putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action." . . . "Where there is an identity of interest between a putative intervenor and a party, adequate representation is

assured.") (citations omitted). Thus, Mr. Kossoff has failed to demonstrate that his purported interest in the Adversary Proceedings is not adequately represented by the Named Defendants.

In sum and applying the governing standards as discussed above, the Court concludes that Mr. Kossoff has not made a showing sufficient to justify permissive intervention.

### *CONCLUSION*

For the reasons stated above, the Court DENIES Mr. Kossoff's Motion for Permissive Intervention.

**It is so ordered.**


Dated: New York, New York
       August 28, 2024

                                        *s/ David S. Jones*
                                       _____
                                       Honorable David S. Jones
                                       United States Bankruptcy Judge