UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                 :

In re:                                                     :        Chapter 7

KOSSOFF PLLC,                              :        Case No. 21-10699 (DSJ)

                Debtor.                   :

------------------------------------------------------------ X

## FIFTH AMENDED TOLLING AGREEMENT BETWEEN
## THE CHAPTER 7 TRUSTEE AND NOAH KOSSOFF

This Fifth Amended Tolling Agreement (the "Agreement") is entered into by and between Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee ("Trustee") of the Estate of Kossoff PLLC ("Debtor"), by and through his attorneys, Togut, Segal & Segal, LLP, on the one hand, and Noah Kossoff ("Noah," together with the Trustee, the "Parties"), on the other hand.

## RECITALS[1]

**WHEREAS**, on April 13, 2021, creditors of the Debtor commenced the above-captioned case by filing an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in this Court [Docket No. 1]; and

**WHEREAS**, on May 11, 2021, this Court entered an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor [Docket No. 14]; and

**WHEREAS**, on May 12, 2021, the Trustee was appointed as the Chapter 7 Interim Trustee of the Debtor [Docket No. 15], and he is acting as the Trustee of the Debtor's estate; and

---

[1] Capitalized terms used but not defined in the Recitals shall have the meanings ascribed to such terms below.

**WHEREAS**, on April 26, 2023, the Court entered the *Stipulated Tolling Agreement Between The Chapter 7 Trustee and Noah Kossoff* [Docket No. 602] extending the Limitation Deadline to November 30, 2023; and

**WHEREAS**, on November 27, 2023, the Court entered the *First Amended Tolling Agreement Between The Chapter 7 Trustee and Noah Kossoff* [Docket No. 674] extending the Limitation Deadline to January 31, 2024; and

**WHEREAS**, on January 30, 2024, the Court entered the *Second Amended Tolling Agreement Between The Chapter 7 Trustee and Noah Kossoff* [Docket No. 698] extending the Limitation Deadline to April 30, 2024; and

**WHEREAS**, on April 26, 2024, the Court entered the *Third Amended Tolling Agreement Between The Chapter 7 Trustee and Noah Kossoff* [Docket No. 729] extending the Limitation Deadline to July 31, 2024; and

**WHEREAS**, on July 25, 2024, the Court entered the *Fourth Amended Tolling Agreement Between The Chapter 7 Trustee and Noah Kossoff* [Docket No. 761] extending the Limitation Deadline to November 30, 2024; and

**WHEREAS**, the Parties are continuing to engage in good faith discussions regarding the resolution of claims the Trustee has or may have against Noah, including, without limitation, the claims against Noah under (i) sections 544, 547, 548, and 550 of the Bankruptcy Code (the "Avoidance Claims") and (ii) non-bankruptcy law, including, without limitation, claims for unjust enrichment (the "Non-Bankruptcy Law Claims," and, together with the Avoidance Claims, the "Claims"), and wish to toll and extend any statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action, or the assertion of any right, claim or defense related thereto,

2

by or on behalf of the Trustee or the estate against Noah applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, that had not yet expired as of the Effective Date, and thereby to preserve the Claims under any legal theory or applicable law, whether asserted by claim, counterclaim, cross-claim, or otherwise.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, the sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1. **Tolling Period**. Any statute of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline for the commencement or filing of any matter, proceeding or other action with respect to Claims against Noah, including, without limitation, sections 108 and 546 of the Bankruptcy Code (collectively, the "Limitation Deadline"), are hereby tolled and extended from the date hereof (the "Effective Date") until March 31, 2025 (the "Termination Date," and the period from and after the Effective Date through the Termination Date, the "Tolling Period"). This Agreement is intended to extend, not to limit, the period in which the Trustee may commence or file a matter, proceeding or other action against Noah with respect to any of the Claims. Therefore, if the Limitation Deadline for any Claim would, under applicable law, fall after the Termination Date (each such Claim, a "Post-Termination Date Claim"), the period in which the Trustee may commence or file a matter, proceeding, or other action against Noah with respect to such Post-Termination Date Claim shall expire on the Limitation Deadline applicable to such Post-Termination Date Claim and not on the Termination Date.

2. **End of Tolling Period**. The running of any statute of limitations or limitation period applicable to any claim, suit, action or proceeding brought by the Trustee

3

against Noah shall commence again after the end of the Tolling Period, unless there is an extension of the Tolling Period executed in writing on behalf of the Parties hereto.

      3.    **Limitation of Tolling Period**.  This Agreement will not be read to apply to any claims asserted by any other individual or entity that is not a Party to this Agreement.

      4.    **No Admission of Liability**.  Nothing in this Agreement shall constitute admission by any Party of any claim or cause of action, any fact, conclusion or liability.

      5.    **Reservation of Rights**.  Except as otherwise expressly provided herein, each Party reserves all rights, defenses and claims it may have against any other Party.

      6.    **Entirety of Agreement**.  This Agreement comprises the entire agreement of the Parties with respect to the tolling of any defense, legal or equitable, based upon the lapse of time including, but not limited to, the statute of limitations, laches, or estoppel.

      7.    **Amendments**.  This Agreement may not be modified or amended except by a written agreement signed by the Parties.

      8.    **Notices**.  Any notice hereunder shall be made in writing by overnight courier, personal delivery, or email; *provided that* any notice made by overnight courier shall also be confirmed with an email to the recipient, in each case to:

*If to Trustee*:

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, NY 10019
Attention:  Neil Berger, Esq. and Jared C. Borriello, Esq.

Email:    neilberger@teamtogut.com;  jborriello@teamtogut.com

*If to Noah:*

c/o David Bolton, Esq.

Email:    dbolton@dboltonlaw.com

4

9. **Severability.** If any provision of this Agreement is held to be invalid, illegal or unenforceable in whole or in part, the remaining provisions shall not be affected and shall continue to be valid, legal and enforceable as though the invalid, illegal or unenforceable part had not been included in this Agreement.

10. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together, shall constitute one and the same document.

Dated: November 11, 2024

TOGUT, SEGAL & SEGAL LLP

By:

*/s/ Neil Berger*
ALBERT TOGUT
NEIL BERGER
JARED C. BORRIELLO
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000

*Attorneys for Albert Togut,
Not Individually but Solely in
His Capacity as Chapter 7 Trustee*

By:

*/s/ Noah Kossoff*
Noah Kossoff

**IT IS SO ORDERED**

this 27th day of November, 2024
in New York, New York

*s/ David S. Jones*
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

5