**Hearing Date: May 14, 2025 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 7, 2025 at 4:00 p.m. (Prevailing Eastern Time)**

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello
John C. Gallego

*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT`
# SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| KOSSOFF PLLC, | : | Case No. 21-10699 (DSJ) |
| | : | |
| Debtor. | : | |
| | : | |

--------------------------------------------------------------- X

| | : | |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : : : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 23-01094 (DSJ) |
| | : | |
| v. | : | |
| | : | |
| BLOOMINGDALE'S INC.;  and PAMELA KOSSOFF, | : : | |
| | : | |
| Defendants. | : | |

--------------------------------------------------------------- X

| | : | |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : : : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 23-01096 (DSJ) |
| | : | |
| v. | : | |
| | : | |
| CITIBANK, N.A.;  and PAMELA KOSSOFF, | : : | |
| | : | |
| Defendants. | : | |

--------------------------------------------------------------- X

<u>NOTICE OF HEARING TO CONSIDER TRUSTEE'S
OMNIBUS APPLICATION FOR AN ORDER APPROVING STIPULATIONS
SETTLING CLAIMS AGAINST BLOOMINGDALE'S INC. AND CITIBANK, N.A.</u>

**PLEASE TAKE NOTICE** that a hearing will be held on **<u>May 14, 2025 at</u>**

**<u>10:00 a.m. (Prevailing Eastern Time)</u>** (the "<u>Hearing</u>") or as soon thereafter as counsel

can be heard, to consider the attached *Trustee's Omnibus Application for an Order*

*Approving Stipulations Settling Claims Against Bloomingdale's Inc. and Citibank, N.A.*

(the "<u>Application</u>") and objections thereto, if any.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held before

the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District

of New York, One Bowling Green, Room 701, New York, New York 10004.  The

Hearing shall take place via Zoom for Government.  Those wishing to appear before the

Court at the Hearing must register for appearance utilizing the Electronic Appearance

portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-

bin/nysbAppearances.pl.  Appearances must be entered no later than May 13, 2025, at

4:00 p.m. (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the

Application must be made in writing, stating in detail the reasons therefor, and must be

filed with the Clerk of the Bankruptcy Court, with paper copies delivered to Chambers,

and served upon:  (i) Togut, Segal & Segal LLP, attorneys for Albert Togut, Chapter 7

Trustee, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Neil Berger, Esq., and

Jared C. Borriello, Esq. (neilberger@teamtogut.com, jborriello@teamtogut.com);  (ii) the

Office of the United States Trustee for the Southern District of New York (Region 2),

One Bowling Green, Room 534, New York, NY 10004-1408, Attn:  Andrew D. Velez-

Rivera, Esq. (Andy.Velez-Rivera@usdoj.gov);  (iii) Lemery Greisler LLC, 677 Broadway,

8th Floor, Albany, New York 122077, Attn: Paul A. Levine, Esq.

2

(plevine@lemerygreisler.com); and (iv) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so that they are actually received by the aforementioned parties not later than **4:00 p.m. (Prevailing Eastern Time) on May 7, 2025 at 4:00 p.m.**  Objections not timely served and filed may not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time, without further written notice to any party.

Dated:   New York, New York
       April 22, 2025

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 7 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

**Hearing Date: May 14, 2025 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 7, 2025 at 4:00 p.m. (Prevailing Eastern Time)**

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello
John C. Gallego

*Attorneys for Albert Togut,*
*Not Individually, But Solely in His Capacity*
*as the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                 :

In re:                               :             Chapter 7
                                 :

KOSSOFF PLLC,                  :             Case No. 21-10699 (DSJ)
                                 :

               Debtor.         :
------------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the   :
Estate of Kossoff PLLC,              :
                                 :             Adv. Pro. No. 23-01094 (DSJ)
             Plaintiff,       :
                                 :
              v.                :
                                 :
BLOOMINGDALE'S INC.; and          :
PAMELA KOSSOFF,             :
                                 :
             Defendants.   :
------------------------------------------------------------- X
ALBERT TOGUT, Not Individually but Solely   :
in His Capacity as Chapter 7 Trustee of the   :
Estate of Kossoff PLLC,              :
                                 :             Adv. Pro. No. 23-01096 (DSJ)
             Plaintiff,       :
                                 :
             v.                :
                                 :
CITIBANK, N.A.; and               :
PAMELA KOSSOFF,             :
                                 :
             Defendants.   :
------------------------------------------------------------- X

**TRUSTEE'S OMNIBUS APPLICATION FOR
AN ORDER APPROVING STIPULATIONS SETTLING
CLAIMS AGAINST BLOOMINGDALE'S INC. AND CITIBANK, N.A.**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of the estate of Kossoff PLLC (the "Estate"), the debtor in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), hereby makes this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the (i) *Stipulation Settling Claims Against Bloomingdale's Inc.*, annexed to the Proposed Order as **Exhibit 1** (the "Bloomingdale's Stipulation"), by and between the Trustee and defendant Bloomingdale's Inc. ("Bloomingdale's"), and (ii) *Stipulation Settling Claims Against Citibank, N.A.*, annexed to the Proposed Order as **Exhibit 2** (the "Citibank Stipulation," together with the Bloomingdale's Stipulation, the "Stipulations"), by and between the Trustee and Citibank, N.A. ("Citibank," together with Bloomingdale's, the "Settling Defendants," and collectively with the Trustee, the "Settling Parties") in the above-captioned adversary proceedings.

In support of this Application, the Trustee respectfully submits the Declaration of Neil Berger, Esq., a member of the Togut Firm, annexed hereto as **Exhibit B** and incorporated herein by reference.  In further support of this Application, the Trustee respectfully states:

## PRELIMINARY STATEMENT

1.     Approval of the Stipulations will resolve the Trustee's fraudulent conveyance claims against the Settling Defendants, and will enable the Trustee to recover $186,000 without the need for further litigation.[1]

2.     The Trustee has concluded, in his business judgment, that the Stipulations are fair and equitable, and entry into the Stipulations is in the best interests of the Estate.  In reaching that conclusion, the Trustee has considered, among other things, the defenses that have been asserted by the Settling Defendants and the costs, expenses, and delays associated with litigating disputed issues, the results of which are uncertain.  The amount to be paid to the Estate pursuant to the Stipulations represents a recovery of nearly 80% of the amounts sought to be recovered from each of the Settling Defendants.

3.     Based upon the foregoing and what is explained below, the Trustee respectfully requests that the Stipulations be approved by this Court.

## RELIEF REQUESTED

4.     The Trustee respectfully requests entry of the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, approving the Stipulations pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## JURISDICTION AND VENUE

5.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Application and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  Consideration of this

---

[1]     The Trustee will recover $79,016 from Bloomingdale's and $106,984 from Citibank.

Application is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

### I.      The Chapter 7 Case

7.      On April 13, 2021 (the "Petition Date"), creditors of the Debtor filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor in the above-captioned case [Case No. 21-10699 (the "Chapter 7 Case") Docket No. 1].  On May 11, 2021, the Court entered the order for relief [Chapter 7 Case Docket No. 14].

8.      On May 12, 2021, Mr. Togut was appointed as the Chapter 7 Interim Trustee of the Debtor's Estate;  he accepted his appointment, duly qualified and is acting as Trustee herein.

### II.     The Adversary Proceedings

#### A.     The Bloomindale's Adversary Proceeding

9.      On April 7, 2023, the Trustee commenced adversary proceeding number 23-01094 (DSJ) (the "Bloomingdale's Adversary Proceeding") against Bloomingdale's and Pamela Kossoff ("Pamela"), Mitchell H. Kossoff's ("Kossoff") wife, to avoid and recover prepetition transfers that were made by the Debtor to Bloomingdale's (the "Bloomingdale's Claims")[2] to satisfy credit card obligations owed by Pamela to Bloomingdale's.  Bloomingdale's Adv. Pro. Docket No. 1.  The Debtor's transfers to Bloomingdale's totaled $100,302 (the "Bloomingdale's Transfers").

---

[2]     For the avoidance of doubt, the Bloomingdale's Claims do not include the claims asserted by the Trustee against Pamela in the Bloomingdale's Adversary Proceeding.

10.      Bloomingdale's filed an answer in the Bloomingdale's Adversary Proceeding [Bloomingdale's Adv. Pro. Docket No. 15], and it denied that it had any liability on account of the Bloomingdale's Claims.  Bloomingdale's also challenged the Trustee's ability to use the Debtor's liability to the Internal Revenue Service (the "IRS") as a basis to avoid and recover certain of the Bloomingdale's Transfers.

11.      The Trustee disputed Bloomingdale's defenses, and the parties engaged in discovery.  Moreover, Bloomingdale's actively participated in the proceedings and the trial concerning the allowance of the proof of claim (the "IRS Claim") filed by the IRS in the Chapter 7 Case (the "IRS Proceedings").[3]

**B.      The Citibank Adversary Proceeding**

12.      On April 7, 2023, the Trustee commenced adversary proceeding number 23-01096 (DSJ) (the "Citibank Adversary Proceeding" and together with the Bloomingdale's Adversary Proceeding, the "Adversary Proceedings") against Citibank and Pamela to avoid and recover prepetition transfers made by the Debtor to Citibank (the "Citibank Claims")[4] to satisfy Pamela's obligations on account of credit cards issued to her by Citibank.  The Debtor's transfers to Citibank totaled $135,802.94 (the "Citibank Transfers").

13.      Citibank filed an answer in the Citibank Adversary Proceeding [Citibank Adv. Pro. Docket No. 7], and it denied that it has any liability in connection with the Citibank Claims.  Citibank also challenged the Trustee's ability to use the IRS Claim as a basis to avoid certain of the Citibank Transfers.

---

[3]      *See* Adv. Pro. No. 22-01141, *et seq.* (DSJ)

[4]      For the avoidance of doubt, the Citibank Claims do not include the claims asserted by the Trustee against Pamela in the Citibank Adversary Proceeding.

14.     The Trustee disputed Citibank's defenses, and the parties engaged in discovery.  Citibank also actively participated in the IRS Proceedings.

**C.     The Trustee's Application to Allow IRS Claim**

15.     On February 8, 2024, the Trustee filed an application (the "IRS Claim Motion") [Chapter 7 Docket No. 703] to determine the Debtor's tax liability to the IRS for the 2015 tax year, and allow the IRS Claim, as amended.  The Trustee filed the IRS Claim Motion in support of his claims pursuant to section 544(b) of the Bankruptcy Code in the Adversary Proceedings and other adversary proceedings that he has commenced to avoid and recover prepetition transfers.

16.     The Settling Defendants each filed an objection to the IRS Claim Motion.  *See* Chapter 7 Case Docket Nos. 749, 750.

17.     The Trustee, the Settling Defendants, and other parties, participated in extensive discovery in connection with the IRS Claim Motion, and the Court conducted a full-day trial concerning the IRS Motion on September 18, 2024. The Settling Parties each filed a post-trial brief, and the Settling Defendants disputed the allowance of the IRS Claim.  *See* Chapter 7 Case Docket Nos. 810-812.

18.     On February 14, 2025, the Court issued a written decision (the "IRS Decision") granting the IRS Claim Motion and overruling the objections filed by the Settling Defendants and others.  *See* Chapter 7 Case Docket No. 840.

19.     Following the IRS Decision, the Settling Parties engaged in settlement discussions that culminated in the execution of the Stipulations.

**III.    The Stipulations**

20.     The Trustee has taken considerable efforts to negotiate the Stipulations with the Settling Defendants, which are summarized below.[5]

---

[5]    The summary of the Stipulations set forth herein is provided for the convenience of the Court and parties in interest.  In the event of any inconsistency between the summary in this Application and

21.     Absent a settlement, the resolution of those factual and legal disputes in the Adversary Proceedings would require extensive fact and expert discovery concerning, among other things, the extent and nature of the Settling Defendants' relationship with Pamela, Kossoff and the Debtor, the Settling Defendants' ability to satisfy their burdens for the defenses they have asserted, and the Debtor's insolvency on the dates that each of the Bloomingdale's Transfers and the Citibank Transfers were made.  That additional discovery, motion practice and a potential trial would be time-consuming and expensive, and without certainty of outcome.

22.     The Stipulations, which are annexed to the Proposed Order as **Exhibit 1** and **Exhibit 2**, provide for the full resolution of the Bloomingdale's Claims and Citibank Claims and defenses.  The material terms of the Stipulations are:

- **Bloomingdale's**:  Bloomingdale's will pay Seventy-Nine Thousand and Sixteen Dollars ($79,016) (the "Bloomingdale's Settlement Amount") to the Trustee in full settlement of the Bloomingdale's Claims;

- **Citibank**:  Citibank will pay One Hundred Six Thousand, Nine Hundred Eighty-Four Dollars ($106,984) (the "Citibank Settlement Amount" and together with the Bloomingdale's Settlement Amount, the "Settlement Amounts"); and

- Upon payment of the Settlement Amounts, the Trustee and Settling Defendants will release each other from claims that they may have in the Chapter 7 Case;  provided, however, that the Settling Defendants may each file a proof of claim pursuant to Bankruptcy Code section 502(h) not later than thirty (30) days after the Effective Date of each Stipulation and which, if timely filed, will be allowed as a general unsecured claim against the Estate entitled to be treated *pari passu* with all other allowed unsecured claims;  and the Trustee and the Settling Defendants will undertake any actions as may be reasonably necessary to cause the Adversary Proceedings to be dismissed with prejudice as to the Settling Defendants.  For the avoidance of doubt, nothing in the Stipulations will impact the Trustee's claims against Pamela, or the Settling Defendant's rights to assert claims against Pamela, which will survive the Approval Order.

---

the terms of the Stipulations, the terms of the Stipulations shall govern.  Capitalized terms used but not defined in this summary shall have the meaning ascribed such term in the Stipulations.

## BASIS FOR RELIEF

I.    **The Stipulations Are Fair and Equitable**
      **and in the Best Interests of the Debtor's Estate**

23.    The Stipulations:  (i) consensually resolve numerous disputed legal and factual issues asserted in the Adversary Proceedings as between the Settling Parties;  (ii) avoid the costs, expenses, and risks associated with continued litigation; and (iii) provide for the recovery of $186,000.

24.    Bankruptcy Rule 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

25.    Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105(a).

26.    The settlement of disputes is encouraged and generally favored in bankruptcy cases.  *See In re 2070 Rest. Grp., LLC*, Case No. 18-12323 (JLG) (Bankr. S.D.N.Y. November 4, 2004) (Memorandum Decision approving Trustee's Rule 9019 Motion);  *see also Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994);  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements").

27.    Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is both (i) fair and equitable, and (ii) in the best interests of a debtor's estate.  *See Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007) (applying the "fair and equitable" standard to settlements pursuant to Bankruptcy Rule 9019);  *In re Enron Corp.*, Case No. 02-Civ-8489 (AKH), 2003 WL 230838, at *2 (S.D.N.Y. Jan. 31, 2003)

("A bankruptcy court may approve a settlement where the proposed settlement is both fair and equitable and in the best interests of the estate.") (internal quotation marks and citations omitted).

28.    To evaluate whether a settlement is fair and equitable, courts in the Second Circuit consider factors including the following:  (a) the balance between the possibility of success in any litigation and the settlement's future benefits;  (b) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay;  (c) the paramount interests of creditors, including the relative benefits, and the degree to which creditors either do not object to or affirmatively support the proposed settlement;  (d) whether other parties in interest support the settlement;  (e) the competency and experience of counsel supporting the settlement;  and (f) the extent to which the settlement is the product of arm's-length bargaining.  *See Iridium*, 478 F.3d at 462.  Not all of these factors are relevant to all cases. *See Plaza Equities LLC v. Pauker (In re Copperfield Invs., LLC)*, 401 B.R. 87, 96 (Bankr. E.D.N.Y. 2009).

29.    Although a court should evaluate all factors "relevant to a fair and full assessment of the wisdom of the proposed compromise," (*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)), a court need not conduct a "mini-trial" of the merits of the claims being settled (*see In re Purofied Down Prod. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993)), or conduct a full independent investigation.  *See In re Drexel Burnham Lambert Grp., Inc.,* 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).  The court is not required to decide every question of law or fact raised by litigation, but rather should canvass the issues to determine whether the settlement "falls below the lowest point in the range of reasonableness."  *See In re 2070 Rest. Grp., LLC*, Case No. 18-12323 (JLG) (Bankr. S.D.N.Y. November 4, 2004)*;  see also W.T. Grant Co. v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983);  *In re*

9

*Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y.), *adhered to on reconsideration*, 327 B.R. 175 (Bankr. S.D.N.Y. 2005).

30.     The Trustee respectfully submits that the Stipulations satisfy the standards for approval under Bankruptcy Rule 9019.

31.     The Trustee has considered what was learned through the formal and informal document productions, and settlement discussions with the Settling Defendants.  The IRS Decision also impacted negotiations with the Settling Defendants.

32.     After a thorough review of the relevant records and deliberate consideration of the costs, uncertainty, and risks inherent in all litigation, the Trustee, in exercise of his business judgment, has determined that it is appropriate to reach a resolution of the Bloomingdale's Claims and the Citibank Claims pursuant to the Stipulations rather than proceed with litigation against the Settling Defendants, which would be expensive.

33.     In reaching that determination, the Trustee has considered, among other things:  the benefits to the Debtor's Estate;  the defenses asserted by the Settling Defendants;  the cost, delay and risk of further litigation;  finality;  and the Settling Parties' arms-length settlement negotiations.  Each of which are addressed below.

A.      **Benefit to the Debtor's Estate**

34.     The Stipulations further the interests of the Debtor's Estate by obtaining the recovery of $186,000 and avoiding the costs of protracted and uncertain litigation with the Settling Defendants.

35.     As a result of extensive negotiations, the Trustee's recovery from the Settling Defendants represents nearly 80% of the demonstrated net Bloomingdale's Claims and Citibank Claims.

**B.**     **The Defenses Asserted by the Settling Defendants**

36.     The Settling Defendants asserted various defenses to the
Bloomingdale's Claims and Citibank Claims, as described above, each of which the
Trustee carefully considered.  The Trustee conducted factual and legal research
regarding those defenses and, without waiving any right, claim or defense against the
Settling Defendants or Pamela, concluded that further discovery, motion practice
and/or trial would be costly and not without risk.

**C.**     **Avoidance of the Cost, Delay, and Risk of Further Litigation**

37.     The Stipulations eliminate the expense and delay of litigation,
which would likely require additional motion practice, extensive and costly fact and
expert discovery concerning events that occurred years ago, and the risk of trial.

38.     The Trustee cannot be certain that he would prevail on all counts in
the Adversary Proceedings, or that, even if success were guaranteed, any net litigation
recovery would be materially greater than the sums he is recovering through the
Stipulations given the assets of the Estate would most likely be materially depleted by
further litigation with the Settling Defendants.  Even if successful in whole or in part,
ongoing litigation with the Settling Defendants has the potential to significantly delay
recovery and distributions.

**D.**     **Finality**

39.     The Stipulations fully resolve the Bloomingdale's Claims and
Citibank Claims asserted by the Trustee against the Settling Defendants and includes
mutual releases among the Settling Parties.

**E.**     **Experienced Counsel and Arm's-Length Negotiations**

40.     The Settling Parties are each represented by sophisticated and
experienced counsel.  The Stipulations are the product of arm's-length and good faith

negotiations over the course of many months between counsel for the Trustee and counsel for the Settling Defendants.

41.    Based upon the foregoing, the Trustee respectfully submits that the terms of the Stipulations are fair, reasonable and equitable, in the best interests of the Debtor's Estate, and that the Stipulation is well above the lowest point in the range of reasonable potential litigation outcomes.

## **NOTICE**

42.    Pursuant to Local Bankruptcy Rule 9074-1(b), notice of the Application has been given to:  (i) Settling Defendants, by their respective attorneys; (ii) the United States Trustee;  (iii) Kossoff;  (iv) Pamela, by her counsel; (v) any party in interest which has filed a Notice of Appearance in the Chapter 7 Case;  and (vi) all of the Debtor's known creditors.

## **NO PRIOR REQUEST**

43.    No prior application for the relief requested herein has been made to this or any other Court.

## <u>CONCLUSION</u>

**WHEREFORE**, the Trustee respectfully requests that the Court enter the

Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, approving the

Stipulation, and grant such other and further relief as is just and proper.

Dated:  New York, New York
         April 22, 2025

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 7 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
JARED C. BORRIELLO
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

**Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X

In re:

KOSSOFF PLLC,

              Debtor.

------------------------------------------------------------ X

ALBERT TOGUT, Not Individually but Solely
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,

              Plaintiff,

              v.

BLOOMINGDALE'S INC.;  and
PAMELA KOSSOFF,

              Defendants.

------------------------------------------------------------ X

ALBERT TOGUT, Not Individually but Solely
in His Capacity as Chapter 7 Trustee of the
Estate of Kossoff PLLC,

              Plaintiff,

              v.

CITIBANK, N.A.;  and
PAMELA KOSSOFF,

              Defendants.

------------------------------------------------------------ X

Chapter 7

Case No. 21-10699 (DSJ)

Adv. Pro. No. 23-01094 (DSJ)

Adv. Pro. No. 23-01096 (DSJ)

## ORDER APPROVING STIPULATIONS SETTLING CLAIMS
## AGAINST BLOOMINGDALE'S INC. AND CITIBANK, N.A.

Upon the application (the "Application")[1] of Albert Togut, not

individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of the estate

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the
Application except where otherwise indicated.

(the "Estate") of Kossoff PLLC, by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), for entry of an order (this "Order") approving the (i) *Stipulation Settling Claims Against Bloomingdale's Inc.*, annexed hereto as **Exhibit 1** (the "Bloomingdale's Stipulation"), by and between the Trustee and defendant Bloomingdale's, and (ii) *Stipulation Settling Claims Against Citibank, N.A.*, annexed hereto as **Exhibit 2** (the "Citibank Stipulation" and together with the Bloomingdale's Stipulation, the "Stipulations"), by and between the Trustee and defendant Citibank (together with Bloomingdale's, the "Settling Defendants," and collectively with the Trustee, the "Settling Parties"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019; and upon the Declaration of Neil Berger (the "Declaration") in support of the Application; and it appearing that the Court has jurisdiction to consider the Application and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.), and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Estate; and this Court having reviewed the Application, the Declaration and the Stipulations; and good and sufficient notice of the Application having been given to all parties entitled thereto; and a hearing to consider the Application having been held before the Court (the "Hearing"); and upon the record made during the Hearing; and after due deliberation and sufficient cause appearing therefor, and upon all prior pleadings and proceedings had herein;

**IT IS HEREBY ORDERED**:

1.    The Application is GRANTED and the Stipulations, the terms of which are incorporated herein, are approved.

2

2.      For the reasons set forth on the record of the Hearing, all objections, if any, to the Application and the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3.      The failure specifically to include any particular provision of the Stipulations in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Stipulations be authorized and approved in their entirety.

4.      The Trustee, the Togut Firm and the Settling Defendants are authorized to take all necessary actions and sign such documents as may be reasonably necessary to carry out the provisions of this Order.

5.      The Stipulations and any related agreements, documents, or other instruments may be further modified, amended, or supplemented by the applicable Settlement Parties, in a writing signed by the applicable Settlement Parties without further order of this Court, provided that any such modification, amendment or supplement is consistent with this Order and does not have a material adverse effect on the Debtor's Estate.

6.      The Court shall retain exclusive jurisdiction to enforce and implement this Order, the terms and provisions of the Stipulations, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, in all respects including, but not limited to, retaining exclusive jurisdiction to (a) compel compliance with this Order and the Stipulations, (b) resolve any dispute, controversy or claim arising under or related to the Stipulations or the breach thereof, and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

3

7.      Entry of this Order shall in no way impair the ability of the Court,

United States Trustee, or Trustee to implement or enforce other orders of the Court

entered in the Debtor's case, and all such orders shall continue in full force and effect.


Dated:   New York, New York
         May ___, 2025
                                    _____
                                    HONORABLE DAVID S. JONES
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

Bloomingdale's Stipulation

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Jared C. Borriello
John C. Gallego

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
In re:                                                       :         Chapter 7
                                                             :
KOSSOFF PLLC,                                                :         Case No. 21-10699 (DSJ)
                                                             :
                              Debtor.                        :
------------------------------------------------------------ X
ALBERT TOGUT, Not Individually but Solely                    :
in His Capacity as Chapter 7 Trustee of the                  :
Estate of Kossoff PLLC,                                      :
                                                             :         Adv. Pro. No. 23-01094 (DSJ)
                              Plaintiff,                     :
                                                             :
                    v.                                       :
                                                             :
BLOOMINGDALE'S INC.;  and                                    :
PAMELA KOSSOFF,                                              :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X

## STIPULATION SETTLING CLAIMS AGAINST BLOOMINGDALE'S INC.

This stipulation (the "Stipulation") is made by and between Albert Togut,

not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or

"Trustee") of the above-captioned debtor (the "Debtor"), and Bloomingdale's Inc., the

defendant in the above-captioned adversary proceeding (the "Settling Defendant," and

together with the Trustee, the "Parties"), on the other:

## RECITALS

WHEREAS, on April 13, 2021 (the "Petition Date"), creditors of the Debtor commenced the above-captioned chapter 7 case (the "Chapter 7 Case") by filing an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

WHEREAS, on May 11, 2021, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code in the Chapter 7 Case [Ch. 7 Case Docket No. 14]; and

WHEREAS, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "Estate"); he duly qualified and is acting as Trustee of the Debtor; and

WHEREAS, on June 15, 2021, the Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Ch. 7 Case Docket No. 72]; and

WHEREAS, on April 7, 2023, Plaintiff commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Court by filing the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint"); and

WHEREAS, in the Complaint, the Trustee asserts claims against the Settling Defendant (the "Trustee Claims")[1] for: (i) avoidance and recovery of actual and constructively fraudulent transfers pursuant to sections 544, 548, and 550 of the Bankruptcy Code, and (ii) unjust enrichment, as set forth in more detail in the Complaint.

---

[1]    For the avoidance of doubt, the Trustee Claims do not include the claims asserted by the Trustee against defendant Pamela Kossoff in this Adversary Proceeding.

2

**WHEREAS**, on July 20, 2023, Settling Defendant filed its *Answer with Affirmative Defenses* in the Adversary Proceeding [Adv. Pro. Docket No. 15];  and

**WHEREAS**, Defendant Pamela Kossoff has not filed an answer in the Adversary Proceeding;  and

**WHEREAS**, the Settling Defendant denies the Trustee Claims and asserts that it has no liability in connection with any of the allegations in the Complaint;  and

**WHEREAS**, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## SETTLEMENT

**NOW, THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, intending to be legally bound, as follows:

1.      The recitals set forth above are incorporated herein by reference.

**A.      The Approval Order**

2.      Promptly following his receipt of a fully signed copy of the Stipulation, the Trustee will file an application (the "Application") requesting that the Court enter an order approving this Stipulation (the "Approval Order").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered.  The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3

3.      The deadlines, including any discovery deadline, regarding the Trustee Claims and the Settling Defendant's rights and defenses in respect of the same are suspended indefinitely pending the Court's consideration of the Application.

4.      If the Court does not approve the Application, the Trustee and the Settling Defendant shall meet and confer in good faith, and negotiate a new schedule regarding the Trustee Claims.

5.      The date on which the Approval Order becomes a final non-appealable order and not subject to any stay shall be the "Effective Date."

**B.      Settlement of Trustee Claims and Payment of Settlement Amount**

6.      The Settling Defendant shall pay a total of Seventy-Nine Thousand and Sixteen Dollars ($79,016) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of any and all of the Trustee Claims asserted against the Settling Defendant by the Trustee and the Estate.  The Settlement Amount shall be delivered by the Settling Defendant either by a check made payable to the Trustee and delivered to the Togut Firm in accordance with paragraph 7 below, or a wire transfer in accordance with instructions that will be provided to the Settling Defendant by the Togut Firm.

7.      The Settlement Amount shall be paid by the Settling Defendant to the Trustee no later than thirty (30) days after the later of the date that (a) is the Effective Date and (b) the Settling Defendant receives a copy of the Approval Order and a W-9 for the Debtor's estate (the "Payment Date").

8.      In the event that the Settling Defendant fails to pay the Settlement Amount on or before the Payment Date, counsel for the Trustee will send a written default notice (the "Default Notice") by electronic and first-class mail to the Settling Defendant's undersigned counsel.

9.      If the Settling Defendant fails to cure such default within ten (10) business days after receipt of the Default Notice, the Trustee may then seek, on notice to Settling Defendant's counsel, entry of a default judgment against the Settling Defendant for the full amount sought in the Complaint, plus interest and costs.

**C.      Dismissal of Complaint as Against the**
**Settling Defendant and Satisfaction of Judgment**

10.      After the Payment Date, the Parties shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to the Settling Defendant, with each of the Parties bearing its own costs and expenses.  For the avoidance of doubt, nothing contained herein shall impact the Trustee's claims, or Settling Defendant's rights to assert claims, against defendant Pamela Kossoff which will survive the entry of the Approval Order.

**D.      Releases**

11.      Except as set forth herein, as of the Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges the Settling Defendant and any and all of its respective successors and assigns, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Trustee Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Payment Date;  provided, however, that the foregoing release in this paragraph 11 shall not apply to and shall not be deemed to release or

discharge (a) any obligations of the Settling Defendant arising under and pursuant to this Stipulation, (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation, or (c) the Trustee's claims against defendant Pamela Kossoff.

            12.     Except as set forth herein, as of the Effective Date, the Settling Defendant hereby releases, waives, acquits, and forever discharges the Trustee, the Debtor and the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; provided, however, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, (ii) any claims relating to any breach of the obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, or (iii) the Settling Defendant's claims against defendant Pamela Kossoff.  For the avoidance of doubt, the releases set forth in this Stipulation do not release any and all claims that the Settling Defendant may have against defendant Pamela Kossoff, including any and all claims to seek payment from Pamela Kossoff resulting from any and all amounts paid by the Settling Defendant under the terms of this Stipulation.

13.     Notwithstanding the foregoing, the Settling Defendant does not waive any right to file a claim under section 502(h) of the Bankruptcy Code in the Chapter 7 Case;  provided, however, that the Settling Defendant must file any such claim no later than thirty (30) days after the Effective Date of the Approval Order (the "Claim Deadline").  Any such claim filed after the Claim Deadline shall be disallowed and expunged without further order of this Court.

E.     **No Admission of Liability**

14.     This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

F.     **Representations**

15.     **Rule 408 Communication**.  No statement made or action taken in connection with the negotiation of this Stipulation shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulation or any dispute hereunder.  All of the paper and digital documents that were exchanged by the Parties during their negotiations concerning the Adversary Proceeding (the "Settlement Materials") are subject to Federal Rule of Evidence 408, and they shall be destroyed promptly after the Payment Date except to the extent that a Party is required by applicable law to maintain the Settlement Materials until the Chapter 7 Case is closed and in such event, the Settlement Materials shall be destroyed promptly after the Chapter 7 Case is closed.

16.     Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to

bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of the Settling Defendant's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

17.    The Parties represent and acknowledge that, in executing this Stipulation, they do not rely, and have not relied, upon any representation or statement made by or on behalf of any Party, with regard to the subject matter, basis, or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

18.    The Parties each further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interests, and the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Stipulation.

19.    All of the Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

**G.    <u>Amendment</u>**

20.    This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be

8

binding upon the Parties only if such amendment or waiver is set forth in a writing

executed by all of the Parties hereto and, if necessary, approved by the Court.  No

course of dealing between or among any persons having any interest in this Stipulation

shall be deemed effective to modify, amend, or discharge any part of this Stipulation or

any rights or obligations of any person under or by reason of this Stipulation.  No

waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a

waiver of any other provisions, whether or not similar, nor shall any waiver constitute a

continuing waiver.

**H.    <u>Governing Law and Forum Selection</u>**

21.    This Stipulation shall be construed and enforced in accordance with

the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy

Code, the laws of the State of New York, without giving effect to any choice of law or

conflict of law rules or provisions that would cause the application of the laws of any

jurisdiction other than the State of New York.

22.    The Parties acknowledge and agree that the Court shall have

exclusive jurisdiction to hear and determine any claims or disputes between the Parties

with respect to this Stipulation.

**I.    <u>Miscellaneous</u>**

23.    This Stipulation shall be binding upon and inure to the benefit of

the Parties, their respective heirs, executors, successors, administrators, and assigns.

24.    Nothing herein expressed or implied is intended or shall be

construed to confer upon or give to any person other than the Parties hereto and their

respective permitted successors and assigns any rights or remedies under or by reason

of this Stipulation.

25.     This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter.  The terms of this Stipulation are contractual and not merely recitals.

26.     This Stipulation and any signed agreement or instrument entered into in connection with this Stipulation, and any amendments hereto and thereto, may be executed in separate identical counterparts, each of which shall constitute an original, and all of which shall constitute a single agreement.  Facsimile signatures, signatures in portable document format (.pdf), or other electronic means are deemed originals for purposes of this Stipulation.

Dated:   April 22, 2025

TOGUT, SEGAL & SEGAL LLP

By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
JARED C. BORRIELLO
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
Tel:  (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

LEMERY GREISLER LLC

By:

*/s/ Paul A. Levine, Esq.*
PAUL A. LEVINE
677 Broadway, 8th Floor
Albany, NY 12207
Tel: (518) 433-8800

*Attorneys for Defendant Bloomingdale's Inc.*

**Exhibit 2**

Citibank Stipulation

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Minta J. Nester
Jared C. Borriello
John C. Gallego

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                                                 :

In re:                                  :        Chapter 7

                                     :

KOSSOFF PLLC,                  :        Case No. 21-10699 (DSJ)

                                     :

                  Debtor.      :

---------------------------------------------------------- X

ALBERT TOGUT, Not Individually but Solely  :
in His Capacity as Chapter 7 Trustee of the  :
Estate of Kossoff PLLC,             :

                                   :        Adv. Pro. No. 23-01096 (DSJ)

                  Plaintiff,    :

                                     :

                v.            :

                                     :

CITIBANK, N.A.;  and           :
PAMELA KOSSOFF,         :

                                   :

                Defendants.   :

---------------------------------------------------------- X

## STIPULATION SETTLING CLAIMS AGAINST CITIBANK, N.A.

        This stipulation (the "Stipulation") is made by and between Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Plaintiff" or "Trustee") of the above-captioned debtor (the "Debtor"), and Citibank, N.A., the defendant in the above-captioned adversary proceeding (the "Settling Defendant," and together with the Trustee, the "Parties"), on the other:

21-10699-dsj   Doc 870   Filed 04/22/25   Entered 04/22/25 14:06:55   Main Document
Pg 35 of 47

## RECITALS

WHEREAS, on April 13, 2021 (the "Petition Date"), creditors of the Debtor commenced the above-captioned chapter 7 case (the "Chapter 7 Case") by filing an involuntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");  and

WHEREAS, on May 11, 2021, the Court entered an order for relief under Chapter 7 of the Bankruptcy Code in the Chapter 7 Case [Ch. 7 Case Docket No. 14]; and

WHEREAS, on May 12, 2021, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor and its estate (the "Estate");  he duly qualified and is acting as Trustee of the Debtor;  and

WHEREAS, on June 15, 2021, the Bankruptcy Court entered an order authorizing the Trustee to retain Togut, Segal & Segal LLP as his bankruptcy counsel (the "Togut Firm") [Ch. 7 Case Docket No. 72];  and

WHEREAS, on April 7, 2023, Plaintiff commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court by filing the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint");  and

WHEREAS, in the Complaint, the Trustee asserts claims against the Settling Defendant (the "Trustee Claims")[1] for:  (i) avoidance and recovery of actual and constructively fraudulent transfers pursuant to sections 544, 548, and 550 of the

---

[1]    For the avoidance of doubt, the Trustee Claims do not include the claims asserted by the Trustee against defendant Pamela Kossoff in this Adversary Proceeding.

2

Bankruptcy Code, and (ii) unjust enrichment, as set forth in more detail in the

Complaint.

WHEREAS, on July 20, 2023, Settling Defendant filed its *Answer with Affirmative Defenses* in the Adversary Proceeding [Adv. Pro. Docket No. 7];  and

WHEREAS, Defendant Pamela Kossoff has not filed an answer in the Adversary Proceeding;  and

WHEREAS, the Settling Defendant denies the Trustee Claims and asserts that it has no liability in connection with any of the allegations in the Complaint;  and

WHEREAS, as a result of settlement negotiations, and to avoid the costs and risks of further litigation, the Parties have determined to resolve their disputes pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

## SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, intending to be legally bound, as follows:

1.      The recitals set forth above are incorporated herein by reference.

## A.      The Approval Order

2.      Promptly following his receipt of a fully signed copy of the Stipulation, the Trustee will file an application (the "Application") requesting that the Court enter an order approving this Stipulation (the "Approval Order").  The Stipulation shall be binding on the Parties upon execution, and each of the Parties shall support entry of the Approval Order.  If not approved by the Court, this Stipulation shall be null and void, with no force or effect, and the Parties will be returned to the *status quo ante* as if the Stipulation had never been entered.  The terms and conditions of this Stipulation shall not be stayed pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

3.      The deadlines, including any discovery deadline, regarding the Trustee Claims and the Settling Defendant's rights and defenses in respect of the same are suspended indefinitely pending the Court's consideration of the Application.

4.      If the Court does not approve the Application, the Trustee and the Settling Defendant shall meet and confer in good faith, and negotiate a new schedule regarding the Trustee Claims.

5.      The date on which the Approval Order becomes a final non-appealable order and not subject to any stay shall be the "Effective Date."

**B.      Settlement of Trustee Claims and Payment of Settlement Amount**

6.      The Settling Defendant shall pay a total of One Hundred Six Thousand, Nine Hundred Eighty-Four Dollars ($106,984) (the "Settlement Amount") to the Trustee as consideration for and in full and final settlement of any and all of the Trustee Claims asserted against the Settling Defendant by the Trustee and the Estate. The Settlement Amount shall be delivered by the Settling Defendant either by a check made payable to the Trustee and delivered to the Togut Firm in accordance with paragraph 7 below, or a wire transfer in accordance with instructions that will be provided to the Settling Defendant by the Togut Firm.

7.      The Settlement Amount  shall be paid by the Settling Defendant to the Trustee no later than thirty  (30) days after the later of the date that (a) is the Effective Date and (b) the Settling Defendant receives a copy of the Approval Order and a W-9 for the Debtor's estate (the "Payment Date").

8.      In the event that the Settling Defendant fails to pay the Settlement Amount on or before the Payment Date, counsel for the Trustee will send a written default notice (the "Default Notice") by electronic and first-class mail to the Settling Defendant's undersigned counsel.

9.      If the Settling Defendant fails to cure such default within ten (10) business days after receipt of the Default Notice, the Trustee may then seek, on notice to Settling Defendant's counsel, entry of a default judgment against the Settling Defendant for the full amount sought in the Complaint, plus interest and costs.

**C.      Dismissal of Complaint as Against the
       Settling Defendant and Satisfaction of Judgment**

10.      After the Payment Date, the Parties shall undertake any actions as may be reasonably necessary to cause the Adversary Proceeding to be dismissed with prejudice as to the Settling Defendant, with each of the Parties bearing its own costs and expenses.  For the avoidance of doubt, nothing contained herein shall impact the Trustee's claims, or Settling Defendant's rights to assert claims, against defendant Pamela Kossoff which will survive the entry of the Approval Order.

**D.      Releases**

11.      Except as set forth herein, as of the Payment Date, the Trustee, on behalf of himself as Trustee, the Debtor, the Estate, and any and all of their respective successors and assigns, as well as any of their attorneys, retained professionals, shareholders, and agents, hereby releases, waives, acquits, and forever discharges the Settling Defendant and any and all of its respective successors and assigns, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly or derivatively, from or relating to the Trustee Claims, the Adversary Proceeding, the Estate, and/or the Chapter 7 Case, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Payment Date;  provided, however, that the foregoing release in this paragraph 11 shall not apply to and shall not be deemed to release or

discharge (a) any obligations of the Settling Defendant arising under and pursuant to this Stipulation, (b) any claims relating to any breach of the obligations arising under and pursuant to this Stipulation, or (c) the Trustee's claims against defendant Pamela Kossoff.

12.    Except as set forth herein, as of the Effective Date, the Settling Defendant hereby releases, waives, acquits, and forever discharges the Trustee, the Debtor and the Estate, and any and all of their respective successors and assigns, as well as their past, present and future representatives, attorneys, retained professionals, shareholders, insurers, re-insurers, and excess insurers, of and from any and all claims, damages, judgments, actions, suits, causes of action, rights, liens, obligations, attorneys' fees, and/or any other form of liabilities or demands of any kind and nature arising, directly or indirectly, from or relating to the Debtor, the Estate, the Chapter 7 Case, and/or the Adversary Proceeding, whether in law or equity, whether known or unknown, that have accrued from the beginning of time through and including the Effective Date; _provided_, _however_, that the foregoing release in this paragraph 12 shall not apply to and shall not be deemed to release or discharge (i) any obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, (ii) any claims relating to any breach of the obligations of the Trustee, on behalf of himself as Trustee, the Debtor, or the Estate arising under and pursuant to this Stipulation, or (iii) the Settling Defendant's claims against defendant Pamela Kossoff.  For the avoidance of doubt, the releases set forth in this Stipulation do not release any and all claims that the Settling Defendant may have against defendant Pamela Kossoff, including any and all claims to seek payment from Pamela Kossoff resulting from any and all amounts paid by the Settling Defendant under the terms of this Stipulation.

13.     Notwithstanding the foregoing, the Settling Defendant does not waive any right to file a claim under section 502(h) of the Bankruptcy Code in the Chapter 7 Case;  provided, however, that the Settling Defendant must file any such claim no later than thirty (30) days after the Effective Date of the Approval Order (the "Claim Deadline").  Any such claim filed after the Claim Deadline shall be disallowed and expunged without further order of this Court.

**E.     No Admission of Liability**

14.     This Stipulation is made in compromise of disputed claims and solely to avoid the expense and inconvenience of litigation and is not, nor shall it be, construed as a finding or admission of liability, fault, wrongdoing, obligation, or illegal, immoral, or unethical conduct on the part of any of the Parties.

**F.     Representations**

15.     **Rule 408 Communication**.  No statement made or action taken in connection with the negotiation of this Stipulation shall be offered or received in evidence or in any way referred to in any legal action among or between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulation or any dispute hereunder.  All of the paper and digital documents that were exchanged by the Parties during their negotiations concerning the Adversary Proceeding (the "Settlement Materials") are subject to Federal Rule of Evidence 408, and they shall be destroyed promptly after the Payment Date except to the extent that a Party is required by applicable law to maintain the Settlement Materials until the Chapter 7 Case is closed and in such event, the Settlement Materials shall be destroyed promptly after the Chapter 7 Case is closed.

16.     Each person signing this Stipulation represents and warrants that they are authorized to execute and deliver this Stipulation on behalf of such Party, to

bind their respective client or clients to the terms and conditions of this Stipulation and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.  Notwithstanding anything to the contrary herein, nothing contained in this Stipulation shall constitute a waiver of the Trustee's fiduciary duties to the Debtor and the Estate in this or any other case, or his right to take such steps that he, in his sole discretion, determines to be necessary or appropriate to preserve and protect such duties, nor a waiver of the Settling Defendant's rights and remedies if the Trustee seeks to act in violation of the terms set forth in this Stipulation.

17.     The Parties represent and acknowledge that, in executing this Stipulation, they do not rely, and have not relied, upon any representation or statement made by or on behalf of any Party, with regard to the subject matter, basis, or effect of this Stipulation or otherwise, other than as specifically stated in this Stipulation.

18.     The Parties each further declare that, in making this Stipulation, they rely entirely upon their own judgment, beliefs and interests, and the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Stipulation.

19.     All of the Parties represent that they (i) have carefully read this Stipulation and know the contents thereof, (ii) have had the option of consulting with counsel of their choice regarding the meaning of the terms herein, and (iii) are executing this Stipulation freely and voluntarily.  The Parties participated jointly in the drafting and preparation of this Stipulation, and it shall not be construed more strictly against any of the Parties.

**G.     Amendment**

20.     This Stipulation may be amended, and any provision of this Stipulation may be waived; provided that any such amendment or waiver will be

8

binding upon the Parties only if such amendment or waiver is set forth in a writing

executed by all of the Parties hereto and, if necessary, approved by the Court.  No

course of dealing between or among any persons having any interest in this Stipulation

shall be deemed effective to modify, amend, or discharge any part of this Stipulation or

any rights or obligations of any person under or by reason of this Stipulation.  No

waiver of any of the provisions of this Stipulation shall be deemed or shall constitute a

waiver of any other provisions, whether or not similar, nor shall any waiver constitute a

continuing waiver.

**H.**   **Governing Law and Forum Selection**

21.    This Stipulation shall be construed and enforced in accordance with

the provisions of the Bankruptcy Code and, where not inconsistent with the Bankruptcy

Code, the laws of the State of New York, without giving effect to any choice of law or

conflict of law rules or provisions that would cause the application of the laws of any

jurisdiction other than the State of New York.

22.    The Parties acknowledge and agree that the Court shall have

exclusive jurisdiction to hear and determine any claims or disputes between the Parties

with respect to this Stipulation.

**I.**   **Miscellaneous**

23.    This Stipulation shall be binding upon and inure to the benefit of

the Parties, their respective heirs, executors, successors, administrators, and assigns.

24.    Nothing herein expressed or implied is intended or shall be

construed to confer upon or give to any person other than the Parties hereto and their

respective permitted successors and assigns any rights or remedies under or by reason

of this Stipulation.

25.     This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof, and any representations not set forth in this Stipulation are of no force and effect.  There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter.  The terms of this Stipulation are contractual and not merely recitals.

26.     This Stipulation and any signed agreement or instrument entered into in connection with this Stipulation, and any amendments hereto and thereto, may be executed in separate identical counterparts, each of which shall constitute an original, and all of which shall constitute a single agreement.  Facsimile signatures, signatures in portable document format (.pdf), or other electronic means are deemed originals for purposes of this Stipulation.

Dated:   April 22, 2025

TOGUT, SEGAL & SEGAL LLP

By:

*/s/ Neil Berger*
NEIL BERGER
MINTA J. NESTER
JARED C. BORRIELLO
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
Tel:  (212) 594-5000

*Attorneys for the Chapter 7 Trustee*

LEMERY GREISLER LLC

By:

*/s/ Paul A. Levine, Esq.*
PAUL A. LEVINE
677 Broadway, 8th Floor
Albany, NY 12207
Tel: (518) 433-8800

*Attorneys for Defendant Citibank, N.A.*

10

**Exhibit B**

Berger Declaration

Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Jared C. Borriello
John C. Gallego

*Attorneys for Albert Togut,*
*Not Individually, But Solely in His Capacity*
*as the Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT`
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
                      :

In re:                            :        Chapter 7
                      :

KOSSOFF PLLC,             :        Case No. 21-10699 (DSJ)
                      :

             Debtor.     :

---------------------------------------------------------- X

ALBERT TOGUT, Not Individually but Solely :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,        :
                      :
             Plaintiff,   :    Adv. Pro. No. 23-01094 (DSJ)
                      :

                  v.      :

BLOOMINGDALE'S INC.;  and     :
PAMELA KOSSOFF,          :
                      :
            Defendants. :

---------------------------------------------------------- X

ALBERT TOGUT, Not Individually but Solely :
in His Capacity as Chapter 7 Trustee of the :
Estate of Kossoff PLLC,        :
                      :
             Plaintiff,   :    Adv. Pro. No. 23-01096 (DSJ)
                      :

                  v.      :

CITIBANK, N.A.;  and         :
PAMELA KOSSOFF,          :
                      :
            Defendants. :

---------------------------------------------------------- X

## DECLARATION OF NEIL BERGER IN SUPPORT OF TRUSTEE'S APPLICATION FOR AN ORDER APPROVING STIPULATIONS SETTLING CLAIMS AGAINST BLOOMINGDALE'S INC. AND CITIBANK, N.A.

Pursuant to 28 U.S.C. § 1746, I, Neil Berger, declare:

1.      I am a member of Togut, Segal & Segal LLP and counsel to Albert Togut, not individually but solely in his capacity as Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor (the "Debtor").

2.      I submit this declaration (the "Declaration") in support of the Trustee's application (the "Application")[1] for entry of an order, substantially in the form of the Proposed Order attached to the Application as **Exhibit A**, approving the Stipulations with the Settling Defendants, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

3.      Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtor's affairs, my privileged communications with the Trustee and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4.      I have reviewed the factual recitations contained in the Application concerning the Adversary Proceedings and believe they are accurate.  Those recitations are incorporated herein.

5.      The Trustee has concluded that the Stipulations are in the best interests of the Debtor's Estate because the Stipulations:  (i) consensually resolve numerous disputed legal and factual issues asserted in the Adversary Proceedings;

---

[1]      Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Application.

(ii) avoid the costs, expenses, and risks associated with continued litigation;

and (iii) provide for the recovery of $186,000.

6.      The Trustee carefully considered and researched the various

defenses to the Bloomingdale's Claims and the Citibank Claims asserted by the Settling

Defendants.

7.      The Stipulations are the product of arm's-length and good faith

negotiations over the course of months between counsel for the Trustee and counsel for

the Settling Defendants.

8.      The Stipulations avoid the cost and delay associated with ongoing

fact discovery, soon to begin expert discovery and potential trials.

9.      Based on the foregoing, the Trustee, in his considered business

judgment, concluded that the Stipulations are fair, reasonable and equitable, is in the

best interests of the Debtor's Estate, and are well above the lowest point in the range of

reasonable potential litigation outcomes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:    New York, New York
          April 22, 2025

                                    /s/ Neil Berger
                                    NEIL BERGER
                                    TOGUT, SEGAL & SEGAL LLP
                                    One Penn Plaza, Suite 3335
                                    New York, New York 10119
                                    (212) 594-5000